| | |
|---|---|
| 1 | XAVIER BECERRA<br>Attorney General of California |
| 2 | ANTHONY R. HAKL<br>Acting Supervising Deputy Attorney General |
| 3 | NOREEN P. SKELLY<br>Deputy Attorney General |
| 4 | State Bar No. 186135<br>EMMANUELLE S. SOICHET |
| 5 | Deputy Attorney General<br>State Bar No. 290754 |
| 6 | 1300 I Street, Suite 125<br>P.O. Box 944255 |
| 7 | Sacramento, CA 94244-2550<br>Telephone: (916) 210-6057 |
| 8 | Fax: (916) 324-8835<br>E-mail: Noreen.Skelly@doj.ca.gov |
| 9 | *Attorneys for Defendants Edmund G. Brown, Jr.,* |
| 10 | *Governor of California and Xavier Becerra,*<br>*California Attorney General* |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **MICHAEL ZELENY, an individual,**<br><br>                                              Plaintiff,<br><br>v.<br><br>**EDMUND G. BROWN, JR., an individual, in his official capacity; XAVIER BECERRA, an individual, in his official capacity; CITY OF MENLO PARK, a municipal corporation; and DAVE BERTINI, in his official capacity,**<br><br>                                              Defendants. | CV 17-7357 JS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FILED BY DEFENDANTS EDMUND G. BROWN JR., GOVERNOR OF CALIFORNIA AND XAVIER BECERRA, CALIFORNIA ATTORNEY GENERAL**<br><br>Date:         April 12, 2018<br>Time:        1:30 p.m.<br>Dept:         3-17th Floor<br>Judge:       The Hon. Richard G. Seeborg<br>Trial Date: TBD<br>Action Filed: December 28, 2017 |

**TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................................... 1
SUMMARY OF THE FACTUAL ALLEGATIONS ................................................................... 1
    I.    Michael Zeleny's Allegations Regarding Min Zhu ................................................ 1
    II.    Michael Zeleny Begins His Protests Against Min Zhu in 2005 ............................. 2
    III.    California Adopts Limitations on Openly Carrying Unloaded Firearms ................ 2
    IV.    Michael Zeleny's Protests After California's Enactment of Limitations on Openly Carrying Unloaded Firearms ...................................................................... 3
    V.    Zeleny Applies to the City of Menlo Park for a Special Event Permit .................. 3
    VI.    Michael Zeleny's Civil Action ................................................................................ 3
STANDARD .................................................................................................................................... 5
    I.    Federal Rules of Civil Procedure, Rule 12(b)(1) .................................................... 5
ARGUMENT ................................................................................................................................... 5
    I.    No Case or Controversy Exists Between Zeleny and Governor Brown or Attorney General Becerra ........................................................................................ 5
    II.    The Eleventh Amendment Bars This Suit .............................................................. 7
    III.    The Eleventh Amendment Bars Zeleny's Claim Based on the California Constitution ............................................................................................................. 8
CONCLUSION ................................................................................................................................ 9

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Agua Caliente Band of Cahuilla Indians v. Hardin*
   223 F.3d 1041 (9th Cir. 2000) ............................................................................................... 7

*Almond Hill Sch. v. U.S. Dept. of Agric.*
   768 F.2d 1030 (9th Cir. 1985) ............................................................................................... 7

*Atascadero State Hosp. v. Scanlon*
   473 U.S. 234 (1985) ............................................................................................................... 7

*Blair v. Shanahan*
   38 F.3d 1514 (9th Cir. 1994) ................................................................................................. 5

*Kokkonen v. Guardian Life Ins. Co. of Am.*
   511 U.S. 375 (1994) ............................................................................................................... 5

*L.A. Branch NAACP v. L.A. Unified Sch. Dist.*
   714 F.2d 946 (9th Cir. 1983) ................................................................................................. 8

*L.A. County Bar Ass'n v. Eu*
   979 F.2d 697 (9th Cir. 1992) ................................................................................................. 8

*Long v. Van de Kamp*
   961 F.2d 151 (9th Cir. 1992) ............................................................................................ 6, 8

*Lujan v. Defenders of Wildlife*
   504 U.S. 555 (1992) ............................................................................................................... 6

*Papasan v. Allain*
   478 U.S. 265 (1986) ............................................................................................................... 7

*Pennhurst State Sch. & Hosp. v. Halderman*
   465 U.S. 89 (1984) ........................................................................................................ 7, 8, 9

*Pritikin v. Dept. of Energy*
   254 F.3d 791 (9th Cir. 2001) ................................................................................................. 6

*Quern v. Jordan*
   440 U.S. 332 (1979) ............................................................................................................... 7

*Simon v. Eastern Kentucky Welfare Rights Org.*
   426 U.S. 26 (1976) ............................................................................................................ 5, 6

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Snoeck v. Brussa*
    153 F.3d 984 (9th Cir. 1998)......................................................................................7

*Southern Pac. Transp. Co. v. Redden*
    651 F.2d 613 (9th Cir. 1980)......................................................................................6

*Wilbur v. Locke*
    423 F.3d 1101 (9th Cir. 2005)....................................................................................7

*Ex parte Young*
    209 U.S. 123 (1908)........................................................................................1, 4, 7, 8

**STATUTES**

United States Code
    Title 42, § 1983 .....................................................................................................3, 4, 7

California Penal Code
    § 25510 ........................................................................................................................3, 4
    § 26350 ........................................................................................................................2, 8
    § 26361 ...........................................................................................................................2
    § 26363 ...........................................................................................................................2
    § 26364 ...........................................................................................................................2
    § 26365 ...........................................................................................................................3
    § 26366 ...........................................................................................................................2
    § 26373 ...........................................................................................................................3
    § 26375 ........................................................................................................................3, 4
    § 26400 ...........................................................................................................................2
    § 26405 ....................................................................................................................2, 3, 4

**CONSTITUTIONAL PROVISIONS**

United States Constitution
    Amendment XI...............................................................................................................7
    Article III....................................................................................................................5, 6

**COURT RULES**

Federal Rules of Civil Procedure
    Rule 12(b)(1)..................................................................................................................5

# INTRODUCTION

Plaintiff Michael Zeleny initiated this civil action as a result of a dispute with the City of Menlo Park regarding the issuance of a municipal special event permit. Defendants Edmund G. Brown Jr., Governor of California, and Xavier Becerra, California Attorney General, move this Court for an order dismissing the complaint.

There are several reasons why dismissal of the complaint is appropriate. First, the Court lacks subject matter jurisdiction over Zeleny's claims. Governor Brown and Attorney General Becerra have no connection with Menlo Park's decision to deny Zeleny a special event permit. There is, thus, no case or controversy between Zeleny and Governor Brown or Attorney General Becerra. Moreover, Governor Brown and Attorney General Becerra are entitled to Eleventh Amendment immunity from suit, and Zeleny fails to allege any facts that would bring his equal protection claim within the limited exception to such immunity under *Ex parte Young*. For these reasons, the motion to dismiss the complaint should be granted.

# SUMMARY OF THE FACTUAL ALLEGATIONS

## I.  MICHAEL ZELENY'S ALLEGATIONS REGARDING MIN ZHU

Min Zhu was the founder, President, and Chief Technology Officer of WebEx, a publicly traded company located in California's Silicon Valley. Compl. ¶ 23. Zeleny alleges that in 1988, Mr. Zhu raped his then fourteen-year-old daughter, Erin Zhu. Compl. ¶ 25. In 2005, Mr. Zhu relocated to China, where he works in the high-tech industry. Compl. ¶ 24. He continues to collaborate with entities and individuals from Silicon Valley, including NEA, a venture capital firm. Compl. ¶¶ 24, 31-32, 36, 38. NEA provided venture capital to WebEx through and beyond its initial public offering in 2000. Compl. ¶ 31.

From the early 1990s until 2000, Zeleny and Erin Zhu maintained a personal and business relationship. Compl. ¶ 27. Ms. Zhu asked Zeleny to assist her in pursuing claims against her father for childhood sexual abuse. Compl. ¶ 30. In 2000, Mr. Zhu paid his daughter a sum of money in settlement of her claims. *Id.*

1

## II.   MICHAEL ZELENY BEGINS HIS PROTESTS AGAINST MIN ZHU IN 2005

Between 2005 and 2012, Zeleny conducted a series of public protests.  Compl. ¶¶ 32-33, 40-44, 56-57.  Initially, they were directed at Mr. Zhu, but later Zeleny broadened them to include officers, directors, and investors of WebEx.  *Id*.  The protests were intended to expose Mr. Zhu's conduct and the alleged moral bankruptcy of those who did business with him.  *Id*.

Zeleny's protests included in-person demonstrations, musical performances, and multi-media videos uploaded to YouTube and posted on his blog.  Compl. ¶¶ 41, 43.  The protests were intended to be provocative.  Compl. ¶ 42.  They included flyers and posters containing graphic images illustrating Mr. Zhu's conduct.  *Id*.  They also included flyers and posters directed towards WebEx's Chief Executive Officer, Subrah Iyar, and NEA's Scott Sandell and Dick Kramlich for their connection with Mr. Zhu.  *Id*.  To draw attention to his message, Zeleny's protests included music played on accordions, trumpets, and bagpipes.  *Id*.  He also offered free food to sex workers, registered sex offenders, and adult industry performers.  *Id*.  To draw further attention to his protests, Zeleny began openly carrying unloaded firearms.  Compl. ¶ 44.

## III.   CALIFORNIA ADOPTS LIMITATIONS ON OPENLY CARRYING UNLOADED FIREARMS

California law conditions how and where unloaded firearms may be publicly carried.  It is generally illegal for any person to openly carry an unloaded firearm in a public place or public street in an incorporated city or city and county or a public place or public street in a prohibited area of an unincorporated city or city and county.  Cal. Penal Code §§ 26350, 26400.

Certain persons are exempted from the general limitations on openly carrying unloaded firearms based on their occupations, such as peace officers, military personnel, and those engaged in the business of manufacturing, importing, wholesaling, repairing or dealing in firearms.  Cal. Penal Code §§ 26361, 26364, 26363, 26405.

Likewise, persons engaging in specified activities are also exempted from the general limitations on openly carrying unloaded firearms.  For example, it is lawful to openly carry an unloaded firearm in public for hunting, in places where hunting is permitted.  Cal. Penal Code §§ 26366, 26405.  It is also lawful to openly carry an unloaded firearm for the purpose of

practicing shooting at targets at a target range or incident to loaning, selling or transferring a firearm. Cal. Penal Code §§ 26365, 26373, 26405.

As is relevant to the facts alleged in the complaint, it is lawful to openly carry an unloaded firearm as part of a movie, television or video production. Cal. Penal Code §§ 26375, 26405. Specifically, it is lawful for an "authorized participant" in the production or an "authorized employee or agent of a supplier of firearms" for such productions to openly carry an unloaded firearm. Cal. Penal Code §§ 26375, 26405.

### IV. MICHAEL ZELENY'S PROTESTS AFTER CALIFORNIA'S ENACTMENT OF LIMITATIONS ON OPENLY CARRYING UNLOADED FIREARMS

Since California's enactment of Penal Code sections 26375 and 26405, Zeleny has continued to conduct protests including openly carrying unloaded firearms, as part of video productions.[1] Compl. ¶¶ 70, 79. He distributes the videos online. Compl. ¶ 70.

### V. ZELENY APPLIES TO THE CITY OF MENLO PARK FOR A SPECIAL EVENT PERMIT

Shortly after Penal Code section 26405 was enacted, the City of Menlo Park adopted a municipal policy "which purportedly requires a Special Event Permit for Zeleny's protests." Compl. ¶ 81. The policy permits Menlo Park's Special Event Permit Committee/Community Services Director "broad discretionary authority to approve or deny permits for video productions involving firearms." *Id*.

Between 2015 and the present, Zeleny has applied to Menlo Park for entertainment permits "accommodating his videotaped, armed protests." Compl. ¶ 83. His applications have been denied. *Id*.

### VI. MICHAEL ZELENY'S CIVIL ACTION

Zeleny initiated this action under 42 U.S.C. § 1983 by filing a complaint on December 28, 2017. There are four named defendants. Edmund G. Brown Jr. is the Governor of the State of

---

[1] Zeleny alleges that between June 2015 and the present, he has "attempted to exercise his rights under sections 25510, 26375, and 26405 by engaging in videotaped protests while carrying unloaded firearms, including handguns and rifles." Compl. ¶ 79. California Penal Code section 25510 provides an exception to the general limitation on carrying *concealed* weapons for motion picture, television or video productions. That exception is not at issue here because Zeleny has failed to allege any facts regarding his use of concealed firearms as part of his protests.

3

California.  Compl. ¶ 18.  Xavier Becerra is the Attorney General of California.  Compl. ¶ 19.  The City of Menlo Park is a municipal corporation duly organized and existing under the laws of the State of California.  Compl. ¶ 20.  Dave Bertini was, at all relevant times, the Commander of the Menlo Park Police Department.  Compl. ¶ 21.  According to Zeleny, with respect to all of their actions, each defendant was acting under color of state law, and are being sued in their official capacities pursuant to *Ex parte Young*, 209 U.S. 123 (1908).  Compl. ¶ 22.

The complaint for declaratory and injunctive relief includes five causes of action.  The first is a First Amendment claim asserted against Menlo Park and Chief Bertini.  Compl. ¶¶ 98-103.  It reads, in relevant part, that Menlo Park and Chief Bertini have "under threat of criminal prosecution, prohibited Zeleny from engaging in his lawful protests based on the content of his speech, claiming that they will prosecute [him] for obscenity as to minors."  Compl. ¶ 100.

The second is a First Amendment claim asserted against Menlo Park and Chief Bertini.  Compl. ¶¶ 104-110.  It reads, in relevant part, that Menlo Park "has improperly interpreted the exceptions to California's firearms carry bans, California Penal Code §§ 25510, 26375, and 26405, as applicable to authorized participants in a motion picture, television or video production, or entertainment event, to require the City's approval of the production or event itself, and the use of firearms and 'authorized participants' in that production or event."  Compl. ¶ 106.

The third is a First and Second Amendment claim asserted against Menlo Park and Chief Bertini.  Compl. ¶¶ 111-121.  It reads, in relevant part, that Menlo Park's "Special Event Permit and Film Permit policies violate the First and Second Amendments to the United States Constitution, either facially, or as applied to Zeleny's peaceful protests."  Compl. ¶ 113.

The fourth is an alleged violation of 42 U.S.C. § 1983, asserted against Menlo Park and Chief Bertini.  Compl. ¶¶ 122-128.  It reads, in relevant part, that Menlo Park, through Chief Bertini and others "has imposed unlawful prior restraints on Zeleny's protected speech activity by requiring him to unnecessarily seek permits to engage in constitutionally protected activity."  Compl. ¶ 124.

The fifth is a claim brought pursuant to the Equal Protection Clause of the United States Constitution, and is asserted against Governor Brown and Attorney General Becerra.  Compl. ¶¶

129-133.  Zeleny contends that as a result of "Defendants' procedures and policies"[2] regarding application of the movie, television or video production exemptions to the limitations on openly carrying unloaded firearms, Zeleny has been denied equal protection of the laws.  Compl. ¶¶ 131-133.

## STANDARD

### I.    FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(B)(1)

A motion to dismiss is proper where there is a lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  The burden of establishing the contrary lies with the plaintiff because it is presumed that a claim lies outside the federal district court's limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## ARGUMENT

Zeleny asserts a single cause of action against Governor Brown and Attorney General Becerra.  As explained below, the Court should dismiss that claim.

### I.    NO CASE OR CONTROVERSY EXISTS BETWEEN ZELENY AND GOVERNOR BROWN OR ATTORNEY GENERAL BECERRA

Governor Brown and Attorney General Becerra have no connection to the decision by the City of Menlo Park to deny Zeleny a special event permit for his protests, and have no other identifiable duties to Zeleny, and for that reason they must be dismissed from the action.  Article III of the United States Constitution requires Zeleny to show a live case or controversy and that he has suffered injuries at the hands of Governor Brown or Attorney General Becerra that would be redressed by a favorable decision against one or the other.  *Blair v. Shanahan*, 38 F.3d 1514, 1518 (9th Cir. 1994).  The case-or-controversy limitation requires that the federal court act only to redress an injury that can be fairly traced to the challenged action of the defendant.  *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976).

Accordingly, before a federal court may proceed to the merits of a case, plaintiffs must first demonstrate that there is a "substantial likelihood that victory in [the] suit would result in

---

[2] Neither Governor Brown nor Attorney General Becerra have promulgated "procedures and policies" regarding the application of the movie, television or video production exemptions to the limitations on openly carrying unloaded firearms.

[plaintiffs] receiving the [remedy] they desire." *Simon*, 426 U.S. at 45-46.  In other words, to establish "redressability," a plaintiff must show that a favorable decision "will produce tangible, meaningful results in the real world." *Pritikin v. Dept. of Energy*, 254 F.3d 791, 799 (9th Cir. 2001) (dismissing plaintiff's claim because plaintiff failed to show that enjoining the Department of Energy would provide the relief sought).  Where a plaintiff cannot show redressability as to a state officer, the plaintiff's claims must be dismissed. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 568-69 (1992) (holding that because it was an open question whether enjoining defendant Secretary of the Interior would provide respondent with the relief they sought, they failed to demonstrate redressability as required by Article III).

Under Article III, and binding precedent interpreting Article III's redressability requirement, where a state officer's connection with the challenged action is so attenuated that relief as to that officer would not redress the plaintiff's injuries, the state officer must be dismissed.  *See* e.g., *Southern Pac. Transp. Co. v. Redden*, 651 F.2d 613, 614-15 (9th Cir. 1980) (Attorney General dismissed where plaintiff failed to show that the Attorney General's connection to enforcement of a challenged statute was sufficient for Article III purposes); *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992) (Attorney General dismissed where plaintiff failed to show that the Attorney General's connection to enforcement of a challenged statute was sufficient for Article III purposes).

Here, Zeleny alleges that Menlo Park has denied him a special event permit to continue his protests, which include openly carrying an unloaded firearm.  Governor Brown and Attorney General Becerra have no connection to the actions that lead to the denial of the permit.  Therefore, there is no relief this Court could grant against the Governor or Attorney General that would remedy Zeleny's alleged harm.  He cannot, therefore, meet the redressability requirement; the motion to dismiss should be granted.

## II. THE ELEVENTH AMENDMENT BARS THIS SUIT

The Eleventh Amendment[3] bars suit against a state or its instrumentalities for legal or equitable relief in the absence of consent by the state or an abrogation of that immunity by Congress. *Papasan v. Allain*, 478 U.S. 265, 276-77 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 did not abrogate a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). And the State of California has not waived that immunity with respect to claims brought under § 1983 in federal court. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985).

"The Eleventh Amendment [also] bars a suit against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst*, 465 U.S. at 101 (citations omitted); see *Almond Hill Sch. v. U.S. Dept. of Agric.*, 768 F.2d 1030, 1033 (9th Cir. 1985). The "general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Pennhurst*, 465 U.S. at 101 (citation omitted). "[A]s when the State itself is named as the defendant, a suit against state officials that is in fact a suit against the State is barred regardless of whether it seeks damages or injunctive relief." *Id.*, at 101-02 (citation omitted).

*Ex parte Young*, 209 U.S. 123 (1908) created a limited exception to Eleventh Amendment immunity for "suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law." *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005) (quoting *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000)). However, this exception applies only where "it is plain that such officer [has] some connection with the enforcement of the act, or else it is merely making him a party as a representative of the State, and thereby attempting to make the State a party." *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998) (quoting *Ex parte Young*, 209 U.S. at 157). "This connection must be fairly direct; a generalized duty to enforce state law or general

---

[3] The Eleventh Amendment states in its entirety: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *L.A. County Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (citing *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992); *L.A. Branch NAACP v. L.A. Unified Sch. Dist.*, 714 F.2d 946, 953 (9th Cir. 1983)).  In order for the *Ex parte Young* exception to apply, a plaintiff must allege facts sufficient to demonstrate a connection between the state actor and the acts complained of.  Where a plaintiff fails to demonstrate such a connection, the action is barred by the Eleventh Amendment.

Zeleny has failed to allege any facts that would bring Governor Brown or Attorney General Becerra within the limited *Ex parte Young* exception to Eleventh Amendment immunity from suit.  As mentioned, Zeleny complains that Menlo Park has denied him a special event permit to continue his protests, which include openly carrying an unloaded firearm.  Governor Brown and Attorney General Becerra have no connection to the actions that lead to the denial of the permit.  Moreover, they have not taken or threatened to take any enforcement action against Zeleny for openly carrying an unloaded firearm during his protests.  For that simple reason, under Eleventh Amendment jurisprudence cited above, Governor Brown and Attorney General Becerra are immune from suit.  Accordingly, the motion to dismiss should be granted.

### III. THE ELEVENTH AMENDMENT BARS ZELENY'S CLAIM BASED ON THE CALIFORNIA CONSTITUTION

Zeleny's complaint does not explicitly include a claim brought under the California Constitution.  However, he asserts that Penal Code sections 26350 and 26400, which generally prohibit individuals from openly carrying unloaded firearms, violates "[his] right to free speech under the United States and California Constitution." Compl ¶ 132.  Any such claim brought pursuant to the California Constitution would be squarely barred because a federal court may not grant relief against a state official on the basis of state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 106.  Indeed, *Pennhurst* states that "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Id*.  Plainly, then, even if the Court were to interpret the complaint to include a claim brought pursuant to the California Constitution, such a claim would

8

be barred.  Moreover, *Pennhurst's* "constitutional bar applie[s] to pendent claims as well." 465 U.S. at 119.  Thus, the Court should not maintain jurisdiction over any such claim on state-law-claim pendency grounds either.

## CONCLUSION

For all of the foregoing reasons, the Court should grant the motion to dismiss.

Dated:  February 22, 2018

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Acting Supervising Deputy Attorney General
EMMANUELLE S. SOICHET
Deputy Attorney General

*/s/ Noreen P. Skelly*
NOREEN P. SKELLY
Deputy Attorney General
*Attorneys for Defendants Edmund G. Brown, Jr., Governor of California and Xavier Becerra, California Attorney General*

SA2018100198
12972029.docx

# CERTIFICATE OF SERVICE

Case Name: **Zeleny, Michael v. Edmund G. Brown, et al.**   No. **CV 17-7357 JCS**

I hereby certify that on February 22, 2018, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FILED BY DEFENDANTS EDMUND G. BROWN JR., GOVERNOR OF CALIFORNIA AND XAVIER BECERRA, CALIFORNIA ATTORNEY GENERAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 22, 2018, at Sacramento, California.

| Eileen A. Ennis | *s/ Eileen A. Ennis* |
|---|---|
| Declarant | Signature |

SA2018100198
12972130.docx