1 | XAVIER BECERRA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
NOREEN P. SKELLY
Deputy Attorney General
State Bar No. 186135
EMMANUELLE S. SOICHET
Deputy Attorney General
State Bar No. 290754
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3861
 Fax:  (415) 703-1234
 E-mail:  Emmanuelle.Soichet@doj.ca.gov
*Attorneys for Defendants Governor Edmund G. Brown Jr. and Attorney General Xavier Becerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **MICHAEL ZELENY, an individual,** | CV 17-7357 RS |
| Plaintiff, | **REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FILED BY DEFENDANTS EDMUND G. BROWN JR., GOVERNOR OF CALIFORNIA, AND XAVIER BECERRA, CALIFORNIA ATTORNEY GENERAL** |
| v. | |
| **EDMUND G. BROWN, JR., an individual, in his official capacity; XAVIER BECERRA, an individual, in his official capacity; CITY OF MENLO PARK, a municipal corporation; and DAVE BERTINI, in his official capacity,** | Date:         April 12, 2018<br>Time:         1:30 p.m.<br>Courtroom:  3-17th floor<br>Judge:         The Hon. Richard G. Seeborg<br>Trial Date:    TBD |
| Defendants. | Action Filed:  December 28, 2017 |

1

Defs.' Reply Brief ISO Mot. to Dismiss  (CV 17-7357 RS)

1    Plaintiff Michael Zeleny's single claim against Defendants Governor Edmund G. Brown Jr.
2    and Attorney General Xavier Becerra is somewhat difficult to decipher.  Read as a whole, the
3    actual allegations of the complaint indicate that the gravamen of the claim stems from discontent
4    over being denied a special event permit by the City of Menlo Park.  As such, Defendants Brown
5    and Becerra moved to dismiss the claim (Count Five) on the basis that they are the wrong
6    defendants to address Zeleny's concerns—that is, Zeleny failed to show a redressable injury at the
7    hands of Defendants, and their involvement in the matter is too attenuated to overcome their
8    Eleventh Amendment sovereign immunity.  See Memorandum of Points and Authorities in
9    Support of Motion to Dismiss Filed by Defendants Edmund G. Brown Jr., Governor of
10   California, and Xavier Becerra, California Attorney General ("Motion") at 5-8.  Defendants
11   maintain this position with respect to Count Five.  And Zeleny having failed to counter the
12   argument in his opposition, the Court should grant the motion to dismiss as to the Governor and
13   the Attorney General.

14   In his opposition, Zeleny states that he does not oppose dismissing Governor Brown as a
15   defendant.  (Plaintiff Michael Zeleny's Opposition to Defendants Edmund G. Brown Jr. and
16   Xavier Becerra's Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Opposition Brief")
17   at p. 1, n.1.)  Thus, there is no question that the Court should dismiss the Governor from suit
18   entirely at this time.

19   As to the Attorney General, Zeleny belatedly asserts in his opposition that his real intention
20   is to challenge the constitutionality of the state's restrictions on the open carrying of firearms in
21   public.  But the legal theories upon which Zeleny proposes to proceed as to the Attorney General
22   (or any state defendant) are not at all clear.  Thus, if the Court is inclined to read the complaint as
23   broadly as Zeleny characterizes it in his latest brief, the Court should at least dismiss Count Five
24   under Federal Rule of Civil Procedure Rule 8 because it is ambiguous, confusing, and improperly
25   pleaded.

26   Federal Rule of Civil Procedure 8(d)(1) requires that "each averment of a pleading shall be
27   simple, concise, and direct."  The purpose of this requirement is to "give the defendant fair notice of
28   what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

2

Defs.' Reply Brief ISO Mot. to Dismiss  (CV 17-7357 RS)

555 (2007).  A complaint violates Rule 8 if a defendant would have difficulty responding to the complaint.  *Cafasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1059 (9th Cir. 2011).  Even if the factual elements of a cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper.  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  Similarly, dismissal is "well within [the court's] discretion" when the pleadings are "confusing, distracting, ambiguous, and unintelligible."  *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980).

To the extent that Count Five of the complaint can be read to allege some sort of challenge to California's open carry laws, it is impossible to decipher the grounds for this claim.  The subheading for Count Five states the claim is for a "[v]iolation of the Fourteenth Amendment to the United States Constitution."  Complaint for Declaratory and Injunctive Relief ("Complaint") at 22.  But the actual allegations following the subheading confusingly blend Fourteenth Amendment equal protection principles with assertions of specific First Amendment *and* Second Amendment rights.  *Id.* at ¶¶ 130-132 (discussing the law's alleged impact on Californians' "fundamental rights," namely the "right to publicly bear arms" and the "right to free speech"); see *id.* ¶ 133 (referring ambiguously to "Defendants' procedures and policies," though Defendants Brown and Becerra are not alleged to have implemented any policies or procedures).  The prayer for relief does not offer any clarity and, instead, calls for a vague declaration, "binding on all Defendants, that Zeleny's peaceful carrying of unloaded firearms in the course of his speech . . . is constitutionally protected."  *Id.* at 23; see also *id.* at ¶ 72 (general factual allegation that "Zeleny's protests are protected activity under both the First and Second Amendment.").[1]  Zeleny's blurry references to scattered constitutional provisions and vague request for relief make it effectively impossible to respond to the complaint.

Because the Governor and Attorney General have no connection with Menlo Park's decision to deny Zeleny a special event permit, there is no case or controversy between Zeleny and the state Defendants, who are also immune from suit under the Eleventh Amendment.  The

---

[1] The opposition brief similarly blurs the basis of any intended claim, repeatedly asserting the chilling effect of the law's enforcement on Zeleny's First Amendment activities and case law on standing requirements specific to the First Amendment cases.  See Opposition Brief at 10-14.

3

Defs.' Reply Brief ISO Mot. to Dismiss  (CV 17-7357 RS)

1  Court therefore should grant their motion and dismiss them from this case.  To the extent the

2  Court is inclined to read the complaint as an attempted challenge to any state law regulating

3  firearms, it should at least dismiss the complaint without prejudice to Zeleny attempting to re-

4  plead a cognizable claim against an appropriate state defendant.

6  Dated:  March 15, 2018                                         Respectfully submitted,

   XAVIER BECERRA
   Attorney General of California
   THOMAS S. PATTERSON
   Senior Assistant Attorney General
   NOREEN P. SKELLY
   Deputy Attorney General

   /s/ Emmanuelle S. Soichet

   EMMANUELLE S. SOICHET
   Deputy Attorney General
   *Attorneys for Defendants*

14  SA2018100198

4

Defs.' Reply Brief ISO Mot. to Dismiss  (CV 17-7357 RS)