UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ZELENY,

    Plaintiff,

v.

EDMUND G. BROWN, et al.,

    Defendants.

Case No. 17-cv-07357-RS

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

# I. INTRODUCTION

Plaintiff Michael Zeleny brings this action against California Governor Edmund G. Brown, Attorney General Xavier Becerra, the City of Menlo Park, and Commander of the Menlo Park Police Department Dave Bertini, alleging a number of constitutional claims in connection with municipal efforts to prevent him from engaging in protest-related activities involving an unloaded firearm. Governor Brown and Attorney General Becerra move to dismiss for lack of subject matter jurisdiction. For the reasons explained below, the motion is granted with respect to Governor Brown and denied as to Attorney General Becerra.

# II. BACKGROUND[1]

---

[1] The factual background is based on the averments in the complaint, which must be taken as true for purposes of this motion.

Between 2005 and 2012, Zeleny conducted a series of public protests in Menlo Park against WebEx Communications, Inc. and members of its senior management. In an effort to draw attention to his protests, Zeleny began openly carrying and displaying unloaded weapons. This type of display was lawful until the 2012 enactment of California Penal Code section 26350, which made openly carrying an unloaded handgun in public a misdemeanor. In 2013, California adopted similar restrictions on firearms other than handguns, codified as Penal Code section 26400. Penal Code sections 25510, 26375, and 26405 make exceptions, however, for authorized participants in certain scenarios, including entertainment events.

Based on these statutes, the City of Menlo Park adopted a municipal policy requiring a permit for video productions involving firearms. From 2015, Zeleny has repeatedly applied to the city for entertainment permits in connection with his armed protests, but the applications have all been denied without explanation. In addition, the city informed Zeleny that if he engages in his protests without a permit, he will be prosecuted for violations of the above-mentioned statutes. Zeleny seeks, among other things, a judgment declaring sections 26350 and 26400 unconstitutional and an injunction prohibiting the enforcement of these sections against him.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)[2] challenges the court's subject matter jurisdiction over the asserted claims. A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). A district court accepts all

---

[2] In their Reply brief, defendants assert for the first time that Claim 5 of the complaint should be dismissed for failure to state a claim under Federal Rule of Procedure 8 because it is "ambiguous, confusing, and improperly pleaded." Reply at 2. Defendants attempt to justify the belated inclusion of 12(b)(6) objections by claiming they were not on notice that Zeleny intended to challenge the constitutionality of California's open carry law until the filing of his opposition. This explanation is unpersuasive, as it is clear from the first sentence of Zeleny's complaint that he seeks to raise such a challenge. Because Zeleny lacked the opportunity to respond, a ruling on defendants' newly raised 12(b)(6) motion will not issue at this time. In any event, although Claim 5 is far from artfully pled, it appears to outline sufficiently the constitutional grounds upon which Zeleny seeks invalidation of California's open carry law.

allegations of fact in the complaint as true and construes them in the light most favorable to the plaintiff. *Id.* at 1140.

## IV. DISCUSSION

As an initial matter, Zeleny does not oppose dismissal of Governor Brown from this action. Accordingly, the motion to dismiss is granted with respect to Governor Brown.

Attorney General Becerra moves to dismiss the single claim asserted against him on the grounds that the injury Zeleny complains of is not fairly traceable to Becerra. Even if Zeleny could demonstrate standing, Becerra argues, the Eleventh Amendment grants him immunity from suit.

### A. Standing

To satisfy constitutional standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 180-81 (2000). As the party seeking to invoke a court's jurisdiction, plaintiffs bear the burden of establishing constitutional standing by alleging, among other things "a causal connection between [their] injury and the conduct complained of." *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Here, Becerra challenges Zeleny's standing based on a purported failure to show causation and redressability. More specifically, Becerra contends that the Attorney General has "no connection" to Zeleny's potential prosecution by a local prosecutor. To the contrary, where a state Attorney General may assume the role of a district attorney, the Attorney General has a sufficient connection to the enforcement of the state's criminal laws to be a proper defendant in suits challenging their constitutionality. *Planned Parenthood of Idaho v. Wasden*, 376 F.3d 908, 919–20 (9th Cir. 2004). In California, the Attorney General "has charge, as attorney, of all legal matters in which the state is interested" and may "take full charge of any investigation or prosecution of violations of law," with "*all the powers of a district attorney*." Cal. Gov't Code §§ 12511 & 12550

(emphasis added); *see also Pitts v. County of Kern*, 17 Cal. 4th 340, 357 (1998) (noting that article V, section 13, of the California Constitution gives the Attorney General supervisory authority over all district attorneys, including the power to enforce or assist with the enforcement of California law at his or her discretion). That is, Becerra may in effect be deputized to stand in the role of a county prosecutor, and in that role exercise the same power to enforce state statutes as the county prosecutor would. *See Wasden*, 376 F.3d at 920. That power demonstrates the requisite causal connection for standing purposes. *Id.*; *see also Nichols v. Brown*, 945 F. Supp. 2d 1079, 1106 (C.D. Cal. 2013). Thus, an injunction against the Attorney General could redress Zeleny's alleged injuries, just as an injunction against the county prosecutor could. *See Wasden*, 376 F.3d at 920. Therefore, Zeleny has established sufficient causation and redressability for standing to bring the claim against the Attorney General.

**B. Eleventh Amendment Immunity**

The Eleventh Amendment bars actions brought in federal court against an unconsenting state by her own citizens as well as by citizens of another state. *Hans v. Louisiana*, 134 U.S. 1, 9-21 (1890). The Eleventh Amendment also "bars suits which seek damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (internal quotation marks omitted). An exception under *Ex Parte Young*, 209 U.S. 123 (1908), however, allows suits against state officers in their official capacities "for prospective declaratory or injunctive relief . . . for their alleged violations of federal law." *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012). The state official must have *some connection* with the enforcement of the law. *Id.* That connection "must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Id.* (quoting *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir.1992)).

Here, Becerra argues unpersuasively that his connection to the statutes challenged by Zeleny is insufficient for the *Ex Parte Young* exception to apply. As explained above, the California Attorney General not only has "direct supervision over every district attorney," but also

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
CASE NO. 17-cv-07357-RS

has the duty "to prosecute any violations of law . . . [and] shall have all the powers of a district attorney," whenever he believes that the law is not being adequately enforced. Cal. Const. art. V, § 13. Because Becerra has the authority to prosecute Zeleny directly for violations of California law, Zeleny has established a sufficient connection between the Attorney General's enforcement power and the penal statutes at issue in this case to invoke *Ex Parte Young*. *See Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943–44 (9th Cir. 2013) (finding the Eleventh Amendment did not bar suit against the California Attorney General to enjoin the enforcement of the state's ban on foie gras). If Becerra had affirmatively declared he will not enforce the statutes in question, he could have challenged Zeleny's standing based on "an unripe controversy." *Id.* The Attorney General, however, makes no such challenge. Accordingly, Becerra is not entitled to Eleventh Amendment immunity.[3]

## V. CONCLUSION

For the foregoing reasons, the motion to dismiss is granted with respect to Governor Brown and denied as to Attorney General Becerra.

**IT IS SO ORDERED**.

Dated: April 17, 2018

_____
RICHARD SEEBORG
United States District Judge

---

[3] As required for an exception to Eleventh Amendment immunity under *Ex Parte Young*, Zeleny seeks only declaratory and injunctive relief on his claim against Becerra. Zeleny's prayer for attorney's fees and costs is ancillary relief and therefore, allowed under *Ex Parte Young*. *See Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016).