TODD H. MASTER [SBN. 185881]
tmaster@hrmrlaw.com
HOWARD ROME MARTIN & RIDLEY LLP
1900 O'Farrell Street, Suite 280
San Mateo, CA  94403
Telephone:    (650) 365-7715
Facsimile:     (650) 364-5297

Attorneys for Defendants
CITY OF MENLO PARK and
DAVE BERTINI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| MICHAEL ZELENY, an individual<br><br>Plaintiff,<br><br>vs.<br><br>EDMUND G. BROWN, JR., an individual, in his official capacity, et al.<br><br>Defendants. | Case No. 17-cv-07357-RS<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>**Date:**   June 14, 2018<br>**Time:**   10:00 a.m.<br>**Judge:**  Hon. Richard Seeborg |

The parties in the above-entitled action jointly submit this Case Management Statement and request that the Court adopt it as its Case Management Order in this case.

**1.    Jurisdiction and Service:** Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343.  All parties have been served.

///

---

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER; Case No. 17-cv-07357-RS

1

2. **Facts:**

**Plaintiff's Facts:**

Since at least 2005, Plaintiff Michael Zeleny ("Zeleny") has been actively attempting to protest the years-long cover up by prominent venture capital fund New Enterprise Associates ("NEA") of serious, substantiated allegations of child molestation by a prominent partner of that firm, Min Zhu. NEA has enlisted the help of local authorities, including the City of Menlo Park (the "City"), its police chief David Bertini ("Bertini"), and the San Mateo County prosecutor's office in its efforts to silence Zeleny's protests. As part of this effort, in 2012, Zeleny was falsely arrested and prosecuted for violation of California's "concealed carry" statutes for his peaceful, lawful protests against NEA, which involved the open carrying of an unloaded firearm.

Zeleny vindicated himself by obtaining a complete acquittal in that case, and has sought to resume his lawful protests. In the interim, California adopted two criminal statutes, Penal Code, sections 26350 and 26400, which prohibit the carrying of unloaded handguns and rifles in any public place in a city or incorporated city and county in California, subject to certain exceptions. Among the exceptions are for authorized participants in film productions and entertainment events.

The City has now seized on these "open carry" bans on unloaded firearms to prevent Zeleny from protesting. The City has adopted a municipal policy that a special events permit is required for all qualifying film productions and entertainment events, and has taken the position that the City must authorize both the production itself, and the use of firearms in that production. While Zeleny contends that this is a gross misinterpretation of the statutes, the City has made clear to Zeleny that if he continues his peaceful, but armed, protests without permits issued by the City, he will be arrested.

Zeleny has been attempting to obtain these permits since 2015 to no avail. The City has failed and refused to articulate a clear standard by which it will issue permits. It denied Zeleny's permit applications repeatedly on a host of different grounds, but refused to tell Zeleny the requirements that Zeleny must meet for the permits to be issued. At best, the City has given vague

and inconsistent statements about the permitting requirements. In effect, the City has demanded that Zeleny submit permit applications, refused to tell him what needs to be included for the applications to be approved, and so has denied his applications for his alleged failure to include the required information.

Meanwhile, as the City's recitation of facts below makes clear, the City has offered circular and ultimately untenable explanations for its refusal to give Zeleny the necessary permits. It asserts at the same time that the permits are unnecessary for the protests, that permits are necessary if Zeleny wants to carry firearms as part of the protests, and that permits are ultimately unavailable for protests in public – *i.e.*, using a public right-of-way – because "'special events', *as defined by the City*, do not necessitate the use of the public right-of-way." It is unclear what other type of permit Zeleny could obtain to conduct his protests without being arrested. According to the City, Zeleny does not need the permits, but cannot obtain them in any event, and the City will not tell him any other mechanism by which he can carry on his protests without fear of arrest. In other words, the City has given Zeleny the run-around for going on three years.

The City has also revealed in public hearings on Zeleny's permit applications, on the record, the real reasons for its denial of his permits: the City finds Zeleny's message offensive. Bertini reiterated this in conversations with Zeleny in which he threatened to arrest Zeleny for obscenity as to minors if Zeleny displayed a cartoon graphic as part of this protests that Bertini apparently found offensive. The City's Kafkaesque permitting process is a subterfuge being used to justify and enforce a content-based restriction on Zeleny's protected speech and his exercise of his First and Second Amendment rights.

**Menlo Park Defendants' Facts:**

The City of Menlo Park ("City") and Interim Police Chief Dave Bertini ("Chief Bertini") (collectively, "Menlo Park Defendants") have not violated plaintiff's First or Second Amendment Rights. In point of fact, and as the evidence will show, the Menlo Park Defendants have specifically told plaintiff that he may exercise his First Amendment Right to protest and said

defendants have acted in conformance with the current California law regulating the "open carry" of unloaded firearms. Plaintiff's Complaint mischaracterizes and misrepresents the permitting procedures that have, to date, not actually been completed by plaintiff. In sum, the City continues to encourage plaintiff to express his First Amendment rights and has done nothing to unlawfully restrict those rights. Plaintiff's complaint boils down to his personal disagreement with the City's permit requirements for special events and filming within the public right-of-way, neither of which is restricted by the content of the underlying speech, and the California law that regulates his desire to openly carry unloaded firearms in public. The facts will show the following:

In or about 2015, plaintiff applied to the City for a Special Event Permit ("SEP") to produce a one-man multimedia presentation in opposition to an individual and a private company, complete with "fully operational, exposed and unloaded military grade firearms and loaded ammunition feeding devices", on the center median strip of Sand Hill Road, directly across from NEA headquarters – e.g., within the City's right-of-way. The City Attorney advised plaintiff that his application for the SEP had been denied because it was incomplete and did not meet criteria of a "special event" – e.g., "special events", as defined by the City, do not necessitate the use of the public right-of-way. As such, on its face, the application plaintiff was seeking was unnecessary to conduct his protests. Regardless, the application was missing significant information, such as a detailed description of his proposed use of sound and lighting equipment on the center median, the precise location of the presentation on the center median, a description of how the presentation would be set up so that the City could evaluate whether traffic control would be needed, the date range (beginning and end) of the "special event", and more. Without this information, the City expressed some concern that the center median might be too narrow to accommodate plaintiff's proposed presentation, which also could potentially violate the California Vehicle Code by causing a visual impairment to oncoming traffic. The City told plaintiff that he could appeal the denial.

In 2016, plaintiff "appealed" the denial of his SEP application, but in so doing provided some additional information. His appeal was thus treated as a new SEP application. Despite

providing some additional information about his proposed presentation on the Sand Hill Road center median, plaintiff again failed to provide some of the basic information that was required for the City to fully evaluate the application and, as such, his revised application was denied. The City Attorney advised plaintiff that the City needed more information about what he wanted to do on the center median and then specifically told plaintiff that protests do not require a SEP. The City Attorney told plaintiff that he could appeal the denial of his application to the Community Services Director, which plaintiff did.

The Community Services Department also denied plaintiff's incomplete application for a SEP, advising that his application was denied for several independent reasons, which included, without limitation, the "exhibition of loaded or unloaded firearms" (which were prohibited by California law unless plaintiff was an "authorized participant" in an entertainment, motion picture of television production), driving onto the center median was a violation of Vehicle Code §21651, illuminated displays that impair a driver's vision were prohibited by Vehicle Code §21466.5, and he had failed to identify the term or duration of the permit – e.g., the date range for the event (the City did not know how long this "special event" would go on). Plaintiff was advised that he could appeal to the City Manager. He was again told that the denial of his SEP application did not prevent him from protesting.

Plaintiff appealed the denial of his SEP application to the City Manager, who denied the appeal for the same reasons espoused above, but again specifically told plaintiff that he did not need a SEP to protest.

Plaintiff eventually appealed the denial of his SEP application to the City Council, which, on August 29, 2017, upheld the denial of the SEP application for the reasons espoused *infra* and advised plaintiff that any challenge to the decision must be made within 90 days pursuant to California Code of Civil Procedure §1094.6, unless a shorter time is required by State or Federal law. The City Council also advised plaintiff that if he believed the Council's decision involved speech or expressive conduct entitled to protection by First Amendment, any petition must be

served on City no later than 21 calendar days following the August 29, 2017 decision pursuant to California Code of Civil Procedure §1094.8.

Plaintiff did not challenge the City Council's decision, but instead asked the City to reconsider his application for a SEP as constituting an application to the City for a film permit, which the City requires of *any* person who wishes to film within the public right-of-way (as plaintiff told the City he intended to film his one-person presentation while openly carrying unloaded firearms). The City responded by sending plaintiff the form for a film permit application. Unfortunately, as with his SEP application, plaintiff neglected to provide the City with all of the information required in the application, such as identifying the times for each day to set up and tear down equipment, a decibel reading for equipment to ensure it does not exceed the City's noise ordinance, a draft written notice letter which he plans to mail to surrounding residents'/businesses, a proposed parking location for equipment and vehicles, a list of all equipment and where plans to place it, and a traffic control plan, to name but a few of the omissions.

In advising plaintiff that he needed to produce a completed application, the City represented to him that if and when he obtained the film permit, the City would allow him to openly carry firearms during his filming pursuant to the exemptions provided for in the California Penal Code. To date, and despite numerous requests from the City for additional information, plaintiff has not completed his application for a film permit. The City remains open to receiving this information from plaintiff and responding to the completed permit application upon receipt of same.

**Defendant Attorney General Xavier Becerra's Facts**

Attorney General Becerra has no connection with plaintiff's applications to Menlo Park for municipal permits related to his alleged protests. Accordingly, there is no case or controversy between plaintiff and Attorney General Becerra. Moreover, Attorney General Becerra is entitled to Eleventh Amendment immunity from suit, and plaintiff has failed to allege any facts that would bring his equal protection claim within the limited exception to such immunity under *Ex parte Young*, 209 U.S. 123 (1908).

3.  **Legal Issues**

(1) Whether California Penal Code §§26400 and 26350 violate the First and/or Second Amendment to the United States Constitution. Whether the "authorized participant" exception to the bans on open carry of unloaded firearms is unconstitutionally vague in providing a wholly discretionary standard for interpretation and enforcement. Whether the statutes facially or as-applied discriminate against different types of protected First Amendment activity, including in a content-based manner.

(2) Who is an "authorized participant" as referenced in California Penal Code §§ 25510, 26375 and 26405?

(3) Whether the City has misinterpreted the "authorized participant" exception in a way that renders it unconstitutional.

(4) Whether the Menlo Park Defendants prohibited plaintiff from lawfully engaging in protests based on the content of said protests in violation of plaintiff's First Amendment Rights.

(5) Whether the Menlo Park Defendants' restrictions on Zeleny's protests violate Zeleny's First and/or Second Amendment rights, even if they are not content based.

(6) Whether Zeleny's speech is "obscene as to minors" in violation of the California Penal Code.

(7) Whether the Menlo Park Defendants violated plaintiff's First Amendment Rights by requiring plaintiff to apply for a film permit before commencing a film production within the City's right-of-way.

(8) Whether the City's permitting requirement is unconstitutional on is face or as applied to Zeleny's protests under either the First or Second Amendment.

(9) Whether the Menlo Park Defendants violated plaintiff's Second Amendment rights by requiring plaintiff to apply for a film permit before commencing a film production within the

public right-of-way.

(10) Whether the City's Special Event Permit and Film Permit policies violate plaintiff's First and/or Second Amendment rights.

(11) Whether plaintiff exhausted his administrative remedies before filing suit against the Menlo Park Defendants.

(12) Whether any exhaustion requirement has been waived, including on the basis of futility or lack of jurisdiction.

(13) Whether plaintiff's claims against the Menlo Park Defendants are premature.

(14) Whether plaintiff's claims against the Menlo Park Defendants are barred pursuant to California Code of Civil Procedure §§1094.6 and 1094.8.

(15) Whether the individually named defendants are liable for violation of plaintiff's Constitutional Rights.

(16) Whether the individually named defendants are entitled to qualified immunity.

(17) Whether a case or controversy exists between plaintiff and Defendant Attorney General Becerra.

(18) Whether Defendant Attorney General Xavier Becerra is entitled to Eleventh Amendment immunity from suit.

(19) Whether defendants are entitled to costs and attorneys' fees pursuant to 42 U.S.C. section 1988, and California Code of Civil Procedure §§ 1021.7 and 1038.

(20) Whether plaintiff is entitled to attorney's fees and/or costs pursuant to 42 U.S.C. § 1988 and/or California Code of Civil Procedure § 1021.5.

4. **Motions**: Menlo Park Defendants anticipate filing a Motion for Summary Judgment or, alternatively, Summary Adjudication, at the conclusion of discovery. Defendant Attorney General

Becerra intends to file a motion for summary judgment at the conclusion of discovery.

5.      **Amendment of Pleadings:**   None anticipated at this time.  To the extent that Zeleny develops evidence of concerted action between the Menlo Park Defendants and private actors, Zeleny may seek to name those private actors as defendants, including on a theory of conspiracy.

6.      **Evidence Preservation:**  Menlo Park Defendants have preserved their relevant records.  Defendant Attorney General Becerra has preserved relevant records.  Zeleny has preserved his relevant records and is in the process of obtaining public records that may be relevant.

7.      **Disclosures:**  In order to preserve resources and expedite a potential resolution, the parties have agreed to postpone the service of their initial disclosures to 21 days after the completion of the follow-up teleconference scheduled with Magistrate Judge Cousins on July 11, 2018.

8.      **Discovery:**  Attorney General Becerra and the Menlo Park Defendants have not yet commenced discovery and wish to discuss a schedule and limitations for same at the initial case management conference.  In sum, Defendants respectfully request that all discovery be postponed until after the completion of the July 11, 2018 follow-up teleconference with Magistrate Judge Cousins..  Defendants have objected to plaintiff's premature and unnecessary desire to serve deposition subpoenas on third-parties – to wit, four supposed employees/agents of NEA, as not being relevant to the case before the Court and being a clear attempt to use this litigation as a way of developing evidence against NEA.

Plaintiff requests that the discovery be permitted immediately after the Initial Scheduling Conference.  The parties originally agreed not to take discovery among the parties until after the Initial Scheduling Conference, but Zeleny carved out from this agreement the ability to take necessary third-party discovery, and advised Defendants repeatedly of his intention to do so.  Thereafter, when Zeleny attempted to take this discovery, Defendants objected.  Defendants now request a further delay of discovery for another month, until July 11.  There is no basis for continuing to delay discovery, particularly beyond the parties' initial agreement.

Zeleny anticipates serving initial written discovery on the Menlo Park Defendants shortly after the Initial Settlement Conference, and following up with depositions after an initial production of documents and formal responses. Zeleny also plans to take the third party discovery he previously attempted. If the matter does not resolve at the early settlement conference, the Menlo Park Defendants anticipate serving some initial written discovery on plaintiff to be followed up with any necessary subpoenas and deposition testimony of plaintiff and potential witnesses, if necessary. Defendant Attorney General Becerra anticipates: (1) propounding written discovery; (2) serving subpoenas; (3) noticing depositions.

9. **Class Actions:** N/A

10. **Related Cases:** None

11. **Relief:**

Zeleny's Statement: Zeleny seeks declaratory relief (a) that California Penal Code §§ 26400 and 26350 are unconstitutional facially or as applied, (b) that the City has misinterpreted the "authorized participant" exception, which must be interpreted in a manner as to avoid a constitutional question, (c) that Zeleny's protests constitute constitutionally protected activity and are not obscene or "obscene as to minors," (d) that the City's permitting requirements are unconstitutional on their face or as applied, and (e) interpreting the "authorized participant" exception. Zeleny seeks injunctive relief prohibiting enforcement of the above-referenced Penal Code sections against his peaceful protests. Zeleny also seeks attorney's fees pursuant to 42 U.S.C. § 1988, California Code of Civil Procedure § 1021.5, and costs as provided by law.

Menlo Park Defendants' Statement:

Defendants seek reasonable attorneys' fees pursuant to Title 42 U.S.C. section 1988 and California Code of Civil Procedure sections 1021.7 and 1038.

Defendant Attorney General Xavier Becerra's Statement:

Defendant Attorney General Becerra will seek judgment in his favor.

12. **Settlement and ADR:** The Court has been referred case to Magistrate Judge Nathanael

Cousins for an early settlement conference, which occurred on May 17, 2018. The parties are scheduled to speak with Magistrate Cousins via teleconference on July 11, 2018 as a follow-up to the settlement conference.

**13.  Consent to Magistrate Judge for All Purposes**: The Menlo Park Defendants do not consent to an assignment of this case to a United States Magistrate Judge for trial. Likewise, Defendant Attorney General Becerra does not consent to an assignment of this case to a United States Magistrate Judge for trial.

**14.  Other References:**  N/A

**15.  Narrowing of Issues**: None anticipated at this time.

**16.  Expedited Schedule:** N/A

**17.  Scheduling:** The parties propose the following litigation plan:

The parties propose the following litigation plan:

| | |
|---|---|
| Close of Non-Expert Discovery: | March 1, 2019 |
| Expert Designations: | April 19, 2019 |
| Rebuttal Expert Designations: | May 17, 2019 |
| Close of Expert Discovery: | June 28, 2019 |
| Last Day to Hear Dispositive Motions: | September 12, 2019 |
| Pretrial Conference: | November 7, 2019 |
| Trial: | November 18, 2019 |

**18.  Trial**: The parties request a jury trial. The parties expect the trial will take 5 court days.

**19.  Disclosure of Non-party Interested Entities or Person**: N/A

**20.  Professional Conduct**: The undersigned have reviewed the Guidelines for Professional Conduct for the Northern District.

/ / /

/ / /

/ / /

21. **Other Matters**: N/A

                                    HOWARD ROME MARTIN & RIDLEY LLP

Date:  June 5, 2018                By: /s/ Todd H. Master
                                    Todd H. Master
                                    Attorneys for Defendants
                                    CITY OF MENLO PARK and
                                    DAVE BERTINI


                                    AFFELD GRIVAKES LLP

Date:  June 6, 2018                By: /s/ Damion Robinson
                                    David W. Affeld
                                    Damion Robinson
                                    Attorneys for Plaintiff
                                    MICHAEL ZELENY

Date: June 5. 2018                By: /s/ Noreen P. Skelly
                                    Noreen P. Skelly
                                    Attorneys for Defendant
                                    XAVIER BECERRA

## CASE MANAGEMENT ORDER

        The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.  In addition the Court orders:

Dated: June ___, 2018

                                      Hon. Richard Seeborg
                                      United States District Court Judge