David W. Affeld, State Bar No. 123922
Damion Robinson, State Bar No. 262573
Affeld Grivakes LLP
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone:   (310) 979-8700

Attorneys for Plaintiff
Michael Zeleny

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZELENY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>EDMUND G. BROWN, Jr., *et al.*,<br><br>　　　　Defendants. | Case No. CV 17-7357 JCS<br><br><u>Assigned to:</u><br>The Honorable Richard G. Seeborg<br><br>**DECLARATION OF DAVID AFFELD IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION OF NEW ENTERPRISE ASSOCIATES TO QUASH SUBPOENA**<br><br>Date: March 7, 2019<br>Time: 1:30 p.m.<br>Courtroom: 3 (17th Floor)<br><br>[Filed Concurrently:<br>1. Opposition<br>2. Declaration of Michael Zeleny;<br>3. Declaration of Larry Berliner]<br><br>Action Filed: December 28, 2017<br>Trial Date:    November 18, 2019 |

I, David Affeld, Declare

1. I and my law firm are counsel of record to plaintiff Michael Zeleny ("Zeleny") in this action. I have personal knowledge of the facts herein. I could and would testify competently thereto if called upon to do so.

### A. Zeleny's Interactions with NEA and the City.

2. I have previously represented Zeleny in a number of cases brought against him by New Enterprise Associates ("NEA") and its executives, including a case NEA filed against Zeleny in late 2010, the matter of *New Enterprise Associates, Inc. v. Zeleny*, San Mateo Superior Court case no. CIV 499465.

3. Although it filed the 2010 litigation, NEA vigorously resisted discovery in that action. Ultimately, in response to Requests for Production covering the time period of 2009-2011, NEA produced a grand total of 134 pages concerning its dealings with Mr. Zeleny, consisting primarily of emails.

4. I also represented Zeleny in a criminal proceeding against him instigated at the behest of NEA. The matter was *People v. Zeleny*, San Mateo County Superior Court case no. SM382036. Mr. Zeleny was accused of carrying a "concealed" weapon in violation of Penal Code section 25400(A)(2). At the time, Mr. Zeleny was protesting what he believed to be NEA's immoral business ethics. Mr. Zeleny drew attention to his protests by carrying unloaded firearms, including an unloaded handgun carried in a locked holster on his hip. The supposedly concealed (unloaded) firearm was in a holster shaped like the firearm it housed. I tried the case on behalf of Mr. Zeleny. He was acquitted in a bench trial in 2014.

5. I observed multiple representatives of NEA attending every session of the *People v. Zeleny* trial that I attended. I also observed the Deputy District Attorney conferring with NEA representatives during breaks in the proceedings throughout the trial.

6. The contact between NEA and the Deputy District Attorney became so pronounced that Mr. Zeleny actually took photographs of one of their many meetings in public in the courthouse hallway. I witnessed Mr. Zeleny take the pictures. They accurately

1 depict what was going on.

7. In a conversation between the Deputy District Attorney, my co-counsel Ryan King, and me during the trial of *People v. Zeleny*, the Deputy District Attorney referred to NEA as "the client" and "my client." She referred to multiple meetings with her "client", and stated that any agreements would have to be approved by the "client", meaning NEA.

8. Since the 2014 acquittal, I have assisted Mr. Zeleny in seeking to resume his protests against NEA, including during the permitting process with the City of Menlo Park (the "City").

9. As part of this process, Mr. Zeleny sought a permit to video-record his protests. We did not believe he needed such a permit, but in an abundance of caution he attempted to obtain one. The City denied his application and refused to provide clear parameters so that he could overcome arbitrary and shifting standards.

10. On August 11, 2016, I attended an appeal of the denial of Mr. Zeleny's permit application. Menlo Park police chief Dave Bertini was present and spoke on behalf of the City.

11. During this meeting, Chief Bertini stated that he and the community found Zeleny's protests to be offensive. He took particular issue with a cartoon animation that Zeleny used in the protests depicting sexual activity. Chief Bertini stated that if Zeleny continued to display the animation, the City contemplated arresting him for obscenity as to minors.

**B. The Subpoena to NEA**

12. We initially sought to take NEA's deposition in this action in May of 2018, but counsel for the City insisted that the deposition not go forward at that time. I understand that at the Case Management Conference in this action, the Court ordered that discovery not take place until after our early settlement conference.

13. Following the early settlement conference, over a period of several months we requested dates from opposing counsel for the defendants in this case for depositions of NEA

- 3 -

and affiliated witnesses. They would not provide dates.

14. Since we could not arrange dates or gain cooperation from opposing counsel, we caused a subpoena to be issued to NEA in connection with this case.

15. The purpose of the subpoena was twofold.

16. *First*, it was intended to get information from NEA regarding its use of the legal and political process to stop Zeleny from protesting. This evidence will tend to show that NEA has effectively used its political influence in the City to stop the protests, demonstrating that the City's refusal to allow Zeleny to protest is content-based.

17. *Second*, the subpoena is directed at evidence that will show that Zeleny's protests against NEA are well-grounded and legitimate. This evidence is necessary to establish the serious literary, artistic, scientific, or political value of Zeleny's speech, demonstrating that it is not obscene.

18. On January 8, 2019, counsel for NEA, Roger Lane, emailed my colleague Damion Robinson objecting to the timing of the deposition. Mr. Lane requested to meet and confer. We agreed to move the deposition to a mutually convenient date and to meet and confer on January 11, 2019.

19. Mr. Robinson and I took part in the meet-and-confer session on that date.

20. At no point did either of us state or imply that Zeleny is seeking evidence from NEA to "publicize that NEA was aware of Plaintiff's allegations against Min Zhu," or was seeking discovery to "morally condemn NEA." I am uncertain of where these representations in NEA's papers came from. Instead, Mr. Robinson and I explained the same positions outlined above.

21. Mr. Lane, on behalf of NEA, took the position that the subpoena in its entirety was improper. Mr. Lane stated that he would "consider" responding to Request for Production No. 24 and Topic No. 20, both of which go to this lawsuit itself as well as NEA's communications regarding this lawsuit. Otherwise, he stated that NEA would not respond to any of the requests for production or deposition topics.

22. During the call, I specifically offered to discuss each of the requests for

1  production and deposition topics, one-by-one, to see whether we could reach any compromise
2  that would allow some production of documents and a limited deposition. Mr. Lane
3  repeatedly declined. He reiterated that NEA would not respond to the subpoena. Mr. Lane
4  ended the call by stating that NEA "has known about [Mr. Zeleny" for a long time.

5    23.    A true and correct copy of an email exchange with Mr. Lane and his colleagues
6  summarizing our meet-and-confer effort is attached hereto as **Exhibit 1**.

7    24.    The kind of information we would seek would be comprised of approximately
8  the same volume as NEA produced in the 2010-2011 litigation it filed against Mr. Zeleny, i.e.,
9  134 pages. That production would suffice for the timeframe of the litigation. About the same
10 volume would suffice for 2011-2014, the end of the unfounded criminal prosecution NEA
11 persuaded the DA's office to pursue. About the same volume would suffice for the period
12 from 2007 to 2009. A total of fewer than 1,000 pages of email would be expected. NEA's
13 claim that it would incur $100,000 in costs responding to this subpoena is outlandish even by
14 the standards of outlandish litigation exaggerations.

15     I declare under penalty of perjury under the laws of the United States that the
16 foregoing is true and correct. Executed this 8th day of February, 2019 at Los Angeles,
17 California.

*[signature]*
David W. Affeld

**Exhibit 1**

# Damion Robinson

| | |
|---|---|
| **From:** | RLane@foley.com |
| **Sent:** | Friday, January 11, 2019 4:51 PM |
| **To:** | David Affeld; Damion Robinson |
| **Cc:** | CWorcester@foley.com; tmaster@mrmrlaw.com; Noreen.Skelly@doj.ca.gov |
| **Subject:** | Re: Zeleny v. Brown, et al., C.A. No. 17-7357 (N.D.Cal.) -- subpoena |

Please just let me know when the self-serving recitations have ended.

Damion's statement of the agreed-upon briefing schedule is accurate. That I can confirm.

_____
From: David Affeld <Dwa@agzlaw.com>
Sent: Friday, January 11, 2019 6:57 PM
To: Damion Robinson; Lane, Roger A.
Cc: Worcester, Courtney; tmaster@mrmrlaw.com; Noreen.Skelly@doj.ca.gov
Subject: RE: Zeleny v. Brown, et al., C.A. No. 17-7357 (N.D.Cal.) -- subpoena

*** Externally sourced email message ***

In addition to Damion's notes below, I write to confirm that I specifically offered to discuss each topic and each category of document request individually, one by one, to see whether there was any room for compromise. I explained that we were willing to narrow the scope of them. Roger declined my offer. Instead, he reiterated his view that the subpoena in its entirety is overly burdensome, inappropriate, and calls for irrelevant information, with the possible exception of topic no. 20 and RFP no. 24.

NEA requested the meet and confer conference. We were prepared to meet and confer on the specifics of each topic and each document request. We set aside all the time necessary to do so. NEA refused to engage.

Roger also said that NEA has known about our client for a long time.

Finally, Roger expressed the view that Mr. Zeleny must exhaust party discovery with the state and the city before taking third-party discovery from NEA. Our response is that (1) we are entitled to conduct discovery in any order; (2) we are entitled to explore a topic with more than one side to the topic, for example NEA's relationship with the D.A.'s office in causing Mr. Zeleny to be improperly prosecuted for a crime of which he was acquitted in 2014; and (3) Mr. Zeleny seeks to establish the socially redeeming nature of the content of his protests, which is to expose dubious business ethics of high-profile companies. In the case of NEA, Mr. Zeleny seeks to establish that NEA knew of allegations of incestuous child rape against Min Zhu in 2005 yet continued to do business with Min Zhu for years afterward. NEA is the single-best party from whom to take testimony to establish these facts.

\* \* \*

This E-mail, along with any attachments, is confidential and may be privileged. If you have received it in error, please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person.

\* \* \*

David W. Affeld

Affeld Grivakes LLP
2049 Century Park East, Suite 2460
Los Angeles CA 90067
Tel.: (310) 979-8700
Fax: (310) 979-8701


From: Damion Robinson <DR@agzlaw.com>
Sent: Friday, January 11, 2019 3:34 PM
To: RLane@foley.com
Cc: David Affeld <Dwa@agzlaw.com>; CWorcester@foley.com; tmaster@mrmrlaw.com; Noreen.Skelly@doj.ca.gov
Subject: RE: Zeleny v. Brown, et al., C.A. No. 17-7357 (N.D.Cal.) -- subpoena


Roger –


Thank you for talking with David and me earlier.  I wanted to confirm the high points of our discussion.


We discussed at some length the parties' respective positions on the subpoena in general.  We understand and disagree with NEA's position that the topics and requests are irrelevant or unduly burdensome, or that the subpoena is improper.  We have agreed to disagree on these points.


We also attempted to see if a compromise was workable and were unable to reach one.  We understand that NEA's position is that it will not produce a witness for any of the topics, with the possible exception of Topic 20, communications regarding this lawsuit in particular, which you indicated you might consider.  We also understand that NEA will not produce any documents, with the possible exception of Request 24, communications regarding this lawsuit, which you said you might consider.  We ultimately reached the conclusion that NEA's position is that the subpoena is improper in its entirety, and NEA will not produce documents or a witness.

We also agreed to a briefing schedule of January 25 for NEA's contemplated motion to quash, Feb. 8 for a response, and Feb. 15 for a reply.   This is agreeable to us, and I am going to run it by other counsel.

Please let me know as soon as possible if any of the above is not consistent with your recollection of our call.

Regards,

Damion

From: RLane@foley.com<mailto:RLane@foley.com> [mailto:RLane@foley.com]
Sent: Thursday, January 10, 2019 1:32 PM
To: Damion Robinson <DR@agzlaw.com<mailto:DR@agzlaw.com>>
Cc: David Affeld <Dwa@agzlaw.com<mailto:Dwa@agzlaw.com>>; CWorcester@foley.com<mailto:CWorcester@foley.com>; tmaster@mrmrlaw.com<mailto:tmaster@mrmrlaw.com>; Noreen.Skelly@doj.ca.gov<mailto:Noreen.Skelly@doj.ca.gov>
Subject: RE: Zeleny v. Brown, et al., C.A. No. 17-7357 (N.D.Cal.) -- subpoena

Dear Damion,

Per my email below, attached please find NEA's objections to the subpoena, to preserve NEA's rights pending our meet and confer.

Thank you,

Roger

Roger A. Lane

Foley & Lardner LLP

111 Huntington Avenue

Boston, MA 02199

Tel:  617-342-4098

Fax:  617-342-4001

rlane@foley.com<mailto:rlane@foley.com>

From: Lane, Roger A. <RLane@foley.com<mailto:RLane@foley.com>>
Sent: Wednesday, January 9, 2019 6:44 PM
To: Damion Robinson <DR@agzlaw.com<mailto:DR@agzlaw.com>>
Cc: David Affeld <Dwa@agzlaw.com<mailto:Dwa@agzlaw.com>>; Worcester, Courtney <CWorcester@foley.com<mailto:CWorcester@foley.com>>
Subject: RE: Zeleny v. Brown, et al., C.A. No. 17-7357 (N.D.Cal.) -- subpoena

Damion,

Yes.  I will send a dial in for it, thank you.

To preserve NEA's rights and objections, we will circulate a formal objection letter tomorrow, without prejudice to our meet and confer -- as a formal matter, it is something we are required to do.

Thank you,

Roger

Sent from Workspace ONE Boxer

On Jan 9, 2019 6:36 PM, Damion Robinson <DR@agzlaw.com<mailto:DR@agzlaw.com>> wrote:

*** Externally sourced email message ***

1:00 PT on Friday works if that is still available.

4

-----Original Message-----
From: RLane@foley.com<mailto:RLane@foley.com> [mailto:RLane@foley.com]
Sent: Wednesday, January 9, 2019 3:34 PM
To: Damion Robinson <DR@agzlaw.com<mailto:DR@agzlaw.com>>
Cc: David Affeld <Dwa@agzlaw.com<mailto:Dwa@agzlaw.com>>; CWorcester@foley.com<mailto:CWorcester@foley.com>
Subject: RE: Zeleny v. Brown, et al., C.A. No. 17-7357 (N.D.Cal.) -- subpoena

Damion, I'm just checking in with you on this, as my calendar is likely to fill up pretty quickly at this time of year.  Thank you, Roger

Sent from Workspace ONE Boxer

On Jan 9, 2019 10:49 AM, "Lane, Roger A." <RLane@foley.com<mailto:RLane@foley.com>> wrote:
Thank you, Damion.

My next two days are booked, but I could do a call on Friday morning (relative to Pacific time) up to about 1:00 pm PT, when I have a hard stop.

I could also do a call early next week, with broad flexibility then (relative to Eastern time).

If you would, please just let me know what works best for you, and I can circulate a dial-in.

-- Roger

Roger A. Lane
Foley & Lardner LLP
111 Huntington Avenue
Boston, MA 02199
Tel:  617-342-4098
Fax:  617-342-4001
rlane@foley.com<mailto:rlane@foley.com>



-----Original Message-----
From: Damion Robinson <DR@agzlaw.com<mailto:DR@agzlaw.com>>
Sent: Tuesday, January 8, 2019 8:29 PM
To: Lane, Roger A. <RLane@foley.com<mailto:RLane@foley.com>>
Cc: Worcester, Courtney <CWorcester@foley.com<mailto:CWorcester@foley.com>>; David Affeld <Dwa@agzlaw.com<mailto:Dwa@agzlaw.com>>
Subject: RE: Zeleny v. Brown, et al., C.A. No. 17-7357 (N.D.Cal.) -- subpoena

*** Externally sourced email message ***

Mr. Lane -

We are happy to meet and confer in advance of your filing a motion.  We would strongly prefer to have the deposition.  When are you available to do that?  I am flexible for the rest of the week aside from Thursday morning.

Regards,

5

**PROOF OF SERVICE**

I hereby certify that on February 8, 2019, I electronically filed the foregoing document using the Court's CM/ECF system. I am informed and believe that the CM/ECF system will send a notice of electronic filing to the interested parties.

s/ Damion Robinson
Damion Robinson
