# EXHIBIT B

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| Michael Zeleny, an individual | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 17-7357 |
| Edmund G. Brown, Jr., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: C. Richard Kramlich

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Veritext<br>101 Montgomery Street, Suite 450<br>San Francisco, CA 94104 | Date and Time:<br>02/25/2019 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenography; audio and video recording

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attachment 2

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/06/2019

CLERK OF COURT

OR _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Michael Zeleny
_____, who issues or requests this subpoena, are:
Damion Robinson, 2049 Century Pk. E, Ste 2460, Los Angeles, CA 90067; dr@agzlaw.com; (310) 979-8700

## Notice to the person who issues or requests this subpoena:
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ATTACHMENT "2"
## Requests for Production

Pursuant to Federal Rules of Civil Procedure 30(b)(2), 34, and 45, you are required to produce the following documents, to the extent the same are in your possession, custody or control, at or before the time of your deposition, as set forth in the attached subpoena.

## I.   INSTRUCTIONS & DEFINITIONS

1.   You are required to produce the requested documents either (a) in the manner that they are maintained in the ordinary course of your business, or (b) categorized such that the requests to which each document corresponds can be readily determined. Emails should be produced in either native format or as individual TIFF or PDF documents with load files containing all metadata that would be available if produced in native format. All other documents should be produced in native format unless the parties agree otherwise.

2.   If you contend that any document responsive to these requests is privileged or protected by the work-product doctrine, in whole or in part, in order to assist the parties and the Court in assessing the validity of any assertion of privilege or work-product protection, you must produce a "privilege log" identifying the following:

   a.   The author, sender, and all recipients of the document;
   b.   The date of the document;
   c.   The title (if available and non-privileged) and general subject matter of the document;
   d.   All person(s) who have been given access to the document; and
   e.   The privilege asserted and grounds for such assertion.

If you contend that a document is privileged or subject to work-product protection in part, you must produce the remainder of the document with only the privileged or protected portion redacted, designating the privilege or protection asserted.

3.   You are required to produce all responsive, non-privileged documents in your possession, custody, or control, that you are able to locate after a reasonable search and diligent inquiry. Documents are deemed to be in your possession, custody, or control if they are maintained by you or on your behalf, if they are available to you upon request, or if you have the legal right to demand them. A reasonable search and diligent inquiry means an effort, reasonable under the circumstances, to locate, gather, and collect responsive materials, including a search of those locations and sources where responsive materials are reasonably likely to be found.

4.   The term "documents" is intended to be construed as broadly as the Federal Rules of Civil Procedure and Federal Rules of Evidence permit. The term shall be synonymous with, and equal in scope to, the usage of the phrase "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a), and shall include, without limitation, all forms of written or recorded material, stored in any form or medium whatsoever, which are or may be reducible to a reasonably usable form. "Documents" include, but are not limited to, hard copy or

KRAMLICH

digital writings, drawings, photographs, graphs, charts, sound recordings, images, data, data compilations, emails, correspondence, memoranda, online or social media materials (including, but not limited to, posts, comments, "likes," "reactions," and hyperlinks), instant messages, journal entries, calendar entries, contacts, or otherwise. A request for "documents" includes a request for each and every version of the document that differs in any way from the final version, including drafts, or documents reflecting revisions, comments, feedback, or modifications. "Documents" containing revisions, comments, feedback, modifications, or the like, shall be produced in a format that allows ready identification of the same, the date and time, and the author (if available).

5. The term "communications" means any form of transmission of data or information from one person or machine to one or more persons or machines. "Communications" also include documents referring to, embodying, recording, commenting upon, summarizing, translating, modifying, evidencing, or otherwise reflecting or concerning a communication.

6. "NEA" means and refers to New Enterprise Associates, its parents, subsidiaries, and affiliates, each of their respective predecessors, successors, and assigns.

7. The "NEA Parties" means and refers to NEA and any of its current and former officers, directors, managing directors, managers, managing agents, partners, managing partners, general partners, executives, advisors, or associates.

8. "Regarding" means concerning, relating to, referring to, describing, discussing, stating, evidencing, constituting, containing, considering, mentioning, embodying, reflecting, identifying, pertaining to, or having a connection with, directly or indirectly, the subject matter identified.

9. "WebEx" means and refers to WebEx Communications, Inc., its parents, subsidiaries, and affiliates, and each of their respective predecessors, successors, and assigns.

10. The "WebEx Parties" means and refers to WebEx and any of its current and former officers, directors, managing agents, partners, executives, advisors, or associates.

11. "Zeleny" means and refers to Michael Zeleny.

12. Interpretation: "Including" means "including, but not limited to." The terms "and," "or," and "and/or" shall be interpreted inclusively, and either disjunctively or conjunctively as necessary to give the broadest interpretation. The terms "all," "any," "each," and "every" shall be interpreted to mean any, all, each and every. The use of either gender shall include every other gender. The use of a verb in any tense shall be interpreted to include every other tense as necessary to bring within the scope of the response all responses that otherwise might be excluded.

13. Unless otherwise stated, these requests seek documents from the years: 1999, and 2004 through the present.

## II. REQUESTS

### Request No. 1
All documents Regarding Zeleny.

### Request No. 2
All documents Regarding Zeleny's protests, Including protests of the NEA Parties, the WebEx Parties, Min Zhu, or any of them.

### Request No. 3
All communications with local, city, county, and/or state authorities (Including district attorney's offices, police departments, law enforcement, or permitting authorities) regarding Zeleny or his allegations and/or protests concerning Min Zhu, NEA, and/or WebEx.

### Request No. 4
All communications with public relations firms, news organizations, or members of the press Regarding Min Zhu and/or the relationship of NEA or WebEx and Min Zhu.

### Request No. 5
All communications with public relations firms, news organizations, or members of the press Regarding the venture capital fund referred to as Northern Light.

### Request No. 6
All documents Regarding allegations of rape, child abuse, sexual abuse, molestation, or other abuse allegedly perpetrated by Min Zhu on Erin Zhu.

### Request No. 7
All documents Regarding any and all responses by WebEx and/or NEA to allegations of rape, child abuse, sexual abuse, molestation, or other abuse allegedly perpetrated by Min Zhu on Erin Zhu.

### Request No. 8
All communications between the NEA Parties and/or the WebEx Parties on the one hand, and on the other hand anyone acting on behalf of the City of Menlo Park and/or San Mateo County, Regarding restrictions on the public carrying of unloaded firearms from January 1, 2005 through the present.

### Request No. 9
All documents Regarding lobbying efforts by you, the NEA Parties, the WebEx Parties, or any of them, or communications by you or them or on your or their behalf with lawmakers, regarding the ban on open carry of unloaded firearms from January 1, 2005 through the present.

### Request No. 10
All documents Regarding any efforts by you, the WebEx Parties, or the NEA Parties, to have Zeleny arrested or investigated.

KRAMLICH

#### Request No. 11
All documents Regarding any investigation or surveillance of Zeleny at any time, Including the surveillance referenced in the case captioned *NEA v. Zeleny*, San Mateo Superior Court Case No. CIV499465.

#### Request No. 12
All documents Regarding civil or administrative proceedings initiated by or on behalf of you and/or the WebEx Parties, the NEA Parties, or any of them, against Zeleny, in connection with his online or public speech or protests, Including the civil actions captioned (1) *Zeleny v. Zhu and WebEx*, Santa Clara Superior Court case number CV809286; (2) *Zelyony v. Zhu*, Santa Clara Superior Court case number CV-810705; (3) *Affeld v. Zhu*, Santa Clara Superior Court case number CV-817300; (4) *Zeleny v. WebEx*, Santa Clara County Superior Court case no. CV062767; (5) *NEA v. Zeleny*, San Mateo Superior Court Case No. CIV499465; (6) *WebEx v. Zeleny*, Santa Clara County Superior Court Case No. CV024062, Los Angeles County Superior Court Case No. BC324927; (7) the application for a restraining order filed by Zeleny against Min Zhu; and (8) the application for a restraining order filed by Scott Sandell against Zeleny.

#### Request No. 13
All documents Regarding the criminal action captioned *People v. Zeleny*, San Mateo County Superior Court Case No. SM382036, Including your or the NEA Parties' involvement in that action, communications with the prosecuting authorities, and or actions taken to cause that action to be initiated or pursued, from 2012 through 2015.

#### Request No. 14
All documents Regarding efforts by Zeleny to secure authorization to engage in protests in Menlo Park, California from 2008 to the present, Including discussions with local authorities Regarding those efforts and/or their response, and local authorities' response to Zeleny's efforts to secure authorization.

#### Request No. 15
All documents Regarding efforts by Zeleny to secure authorization to display firearms in connection with protests in Menlo Park, California from 2008 to the present, Including discussions with local authorities Regarding those efforts and/or their response, and local authorities' response to Zeleny's efforts to secure authorization.

#### Request No. 16
All documents Regarding Min Zhu's resignation or termination from WebEx in or around May 2005, his relocation to China at that time, and his resignation or termination from NEA, from 2005 to 2007.

#### Request No. 17
Documents sufficient to show the relationship between NEA and Min Zhu from 1995 to the present.

KRAMLICH

#### Request No. 18
Documents sufficient to show the relationship between NEA and venture capital fund Northern Light from May 2005 to the present.

#### Request No. 19
Documents sufficient to show Scott Sandell's involvement in Northern Light from 2005 to the present.

#### Request No. 20
Documents sufficient to show your business relationship with Min Zhu, and your relocation to China to engage in business activities with Min Zhu from 2007 through the present.

#### Request No. 21
All documents Regarding your role in the management or corporate governance of WebEx, Including participation on the Board of Directors of WebEx or as a board observer.

#### Request No. 22
All documents Regarding your participation or involvement in discussions or efforts to address allegations of industrial espionage on behalf of the Peoples' Republic of China by WebEx and/or Min Zhu.

#### Request No. 23
All documents Regarding your participation or involvement in discussions or efforts to address any and all investigations by federal law enforcement authorities of allegations of industrial espionage on behalf of the Peoples' Republic of China by WebEx and/or Min Zhu.

#### Request No. 24
All non-privileged documents Regarding this lawsuit.

###

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 17-7357

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).