# EXHIBIT E

**ORIGINAL**

1  HOGAN LOVELLS US LLP
   Robert B. Hawk (Cal. Bar No. 118054)
2  Kristi K. Elder (Cal. Bar No. 231996)
   Nimrod H. Aviad (Cal. Bar No. 259705)
3  525 University Avenue, 4th Floor
   Palo Alto, California 94301
4  Telephone: (650) 463-4000          HLII / RBH
   Facsimile: (650) 463-4199
5  robert.hawk@hoganlovells.com
   kris.elder@hoganlovells.com
6  nimi.aviad@hoganlovells.com

7  Attorneys for Plaintiff
   NEW ENTERPRISE ASSOCIATES, INC.

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN MATEO

10

11 New Enterprise Associates, Inc., a Delaware      Case No.  CIV 4 9 9 4 6 5
   Corporation
12                                                   **COMPLAINT FOR TRESPASS**
             Plaintiff,
13
          v.
14
15 Michael Zeleny and DOES 1-25,

16           Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

---

**FILED**
SAN MATEO COUNTY

OCT - 5 2010

Clerk of the Superior Court

By _____
        DEPUTY CLERK

---

COMPLAINT

1          **PARTIES**

2     Plaintiff New Enterprise Associates, Inc. ("NEA" or "Plaintiff") hereby alleges as follows:

3          1.          NEA is a Delaware corporation with its principal place of business in Menlo

4     Park, California.  NEA was previously incorporated in Delaware under the name NEA

5     Development Corporation.

6          2.          Plaintiff is informed and believes that Defendant Michael Zeleny ("Zeleny") is an

7     individual residing in Los Angeles, California.

8          3.          Plaintiff is ignorant of the true names and capacities of the Defendants sued

9     herein as Does 1 through 25, inclusive, and therefore sues said parties by such fictitious names.

10    Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of

11    said parties when the same may be ascertained.  Plaintiff is informed and believes, and on that

12    basis alleges, that each of said Doe defendants is in some manner liable for the conduct, acts and

13    injuries set forth herein by acting in concert with the named defendant, by assisting the named

14    defendant or otherwise, and that Plaintiff's damages as alleged herein were proximately caused

15    by said fictitiously-named defendants.

16          **FACTUAL ALLEGATIONS**

17    **A. 2009 Trespass**

18          4.          At all times relevant to this Complaint, including on October 27, 2009, NEA has

19    been the lawful tenant pursuant to a written lease, and has been in possession and control of

20    certain real property situated at 2855 Sand Hill Road, Menlo Park, San Mateo County,

21    California, within the confines of a private office park owned by The Board of Trustees of the

22    Leland Stanford Junior University ("Stanford").  In addition, NEA had and has possessory

23    interests in the walkways leading to its business offices located in 2855 Sand Hill Road, the

24    common tenant grounds of the office park in which 2855 Sand Hill Road is located, including

25    the internal street and entryways surrounding the building, and the parking lots serving

26    employees, clients and prospective clients, all as pictured and defined in Exhibit A  The private

27    property office park pictured in Exhibit A in which NEA's building at 2855 Sand Hill Road and

28    the other property described above are located, including the buildings leased to other tenants by

1

1   Stanford, the internal street, walkways, entryways and parking lots described, are referred to in

2   this Complaint as the "Property."

3        5.     On October 27, 2009, and for a period of approximately one year before that date,

4   NEA was using the Property as business offices for its venture capital and growth equity firm.

5   NEA's offices located in the Property are used to transact the business of NEA and its affiliated

6   entities, including, among other things, for meetings with current and prospective business

7   partners, investors, portfolio company founders and executives.

8        6.     On or about October 27, 2009, Defendant Zeleny and at least one associate,

9   without the consent or authority of, and against the will of, NEA and Stanford, entered onto the

10   Property. Defendant Zeleny and his associates placed several large posters on the landing

11   immediately outside the front door of NEA's business offices, and confronted, videotaped, and

12   questioned individuals who walked down the entryway to or from the front entrance to NEA's

13   offices. Zeleny and his associates remained on the premises for approximately four hours.

14        7.     Zeleny's unlawful trespass on October 27, 2009, damaged NEA in an amount to

15   be determined.

16   **B. 2010 Trespass**

17        8.     On or about September 27, 2010, Zeleny and three associates again entered the

18   Property without any right or authority to do so, and without NEA's or Stanford's consent. In

19   entering the Property, Zeleny disregarded explicit, posted signs stating: "PRIVATE

20   PROPERTY–NO TRESPASSING, NO LOITERING–AUTHORIZED BUSINESS USE

21   ONLY–ALL OTHERS WILL BE CITED AND/OR TOWED." Although Zeleny was aware

22   that he was on private property and that he was unwelcome, he nonetheless remained there

23   several hours.

24        9.     On or about September 28, 2010, Zeleny and several associates again entered the

25   Property, bringing with them a large motor-home. While on the Property, Zeleny and his

26   associates began engaging and videotaping persons passing by, comprising individuals with

27   business at NEA or elsewhere in the office park, including specifically those attempting to enter

28   or exit NEA's offices. One of Zeleny's associates was videotaping these interactions, while

1   another was playing the bagpipes.  As with his previous entries to the Property, Zeleny and his

2   associates had no permission or authority to enter the Property, and stayed on the Property in

3   disregard of signs prohibiting their presence

4       10.     On or about September 29, 2010, Zeleny and several associates again entered the

5   Property, resuming their previous activities on the Property.  They did so without the consent or

6   authority and against the will of NEA and Stanford.  On September 29, 2010, NEA advised

7   Zeleny and his associates that they had no authority from either NEA or Stanford to be on the

8   Property.  NEA further demanded, on behalf of NEA and Stanford, that Zeleny and his

9   associates leave the Property immediately and not return.  Zeleny and his associates refused

10  NEA and Stanford's demand.

11      11.     Zeleny and several associates entered NEA's Property twice more – on

12  September 30, 2010 and on October 1, 2010, resuming their activities on the Property, and

13  staying most of the business day on each occasion.  On September 30, Zeleny's associates were

14  playing a saxophone, two accordions, and the bagpipes.  As before, Zeleny and his associates

15  were present on the Property without the consent or authority and against the will of NEA and

16  Stanford.  Again on September 30, NEA advised Zeleny and his associates that they had no

17  authority to be on the Property, and demanded, on behalf of NEA and its landlord, that Zeleny

18  and his associates leave the Property immediately and not return  Zeleny refused to comply.

19      12.     Zeleny threatens and asserts that he and his associates will continue to trespass on

20  the Property, and thereby continue to deprive NEA of its right to possession and use of the

21  Property.  NEA is informed and believes, and on the basis of that information and belief alleges,

22  that unless restrained by this court, Defendants will continue to trespass on the Property.  Such

23  conduct by Defendants has injured NEA and will further injure NEA, including causing

24  irreparable harm to NEA.  NEA has been and will be deprived of full enjoyment and use of its

25  Property by virtue of Defendants` continuing trespass.  The damages proximately resulting from

26  Defendants' continued trespass are extremely difficult, or impossible, to assess accurately.

27                          **CAUSE OF ACTION FOR TRESPASS**

28      13.     NEA hereby repeats and alleges paragraphs 1 through 12, inclusive, and

---

3

1 | incorporates those paragraphs as though set forth in full herein.

2 |      14.    NEA began occupying the Property in November 2008.  NEA continues to do so

3 | presently, and will continue to do so for the foreseeable future.

4 |      15.    On multiple occasions, Defendant Zeleny intentionally entered the Property,

5 | without permission and against the will of NEA and its landlord, and he caused others likewise

6 | to enter the Property.

7 |      16.    NEA, as well as NEA's landlord, did not give Defendants permission to enter the

8 | Property, and demanded that Defendants leave.

9 |      17.    As a result of Defendants' conduct, NEA has been deprived of full use and

10 | enjoyment of its Property and has suffered actual damages in an amount to be proven at trial.

11 |      18.    Defendants' conduct was a substantial factor in causing the damage and injury to

12 | NEA.

13 |      19.    Defendants' wrongful acts as described herein were intentional, malicious, and

14 | oppressive, and were committed with the intent to injure NEA, in willful and conscious

15 | disregard of NEA's rights, such that NEA is entitled to recover punitive and exemplary damages

16 | against Defendants in an amount which is sufficient and appropriate to punish Defendants and

17 | deter them from committing similar such acts in the future

18 | **PRAYER FOR RELIEF**

19 | WHEREFORE, NEA prays for judgment against Defendants, and each of them, as

20 | follows:

21 | A.    That Defendants be enjoined during the pendency of this action, and permanently

22 | thereafter, from entering the Property.

23 | B.    For compensatory and consequential damages in an amount to be proven at trial.

24 | C.    For punitive and exemplary damages in an amount sufficient and appropriate to

25 | punish Defendants and deter them from committing similar acts in the future.

26 | D.    For such other and further relief as the court may deem fair, just, equitable and

27 | proper.

28 |

4

1   Date: October 5, 2010

2

HOGAN LOVELLS US LLP

3   By: _____
       Robert B. Hawk

4

5   HOGAN LOVELLS US LLP
    525 University Avenue, 4th Floor
6   Palo Alto, California  994301
    Telephone:  (650) 463-4000
7   Facsimile·  (650) 463-4199

8   Attorneys for Plaintiff
    NEW ENTERPRISE ASSOCIATES, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



EXHIBIT





EXHIBIT

