UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

# DISCOVERY STANDING ORDER FOR
# MAGISTRATE JUDGE THOMAS S. HIXSON

This Standing Order informs all parties of the discovery procedures for cases assigned to Magistrate Judge Thomas S. Hixson or referred for purposes of discovery. It addresses all case-related discovery, including that which involves non-parties, and therefore applies whether or not an individual or entity is named in the complaint. Failure to abide by this Standing Order may result in the imposition of sanctions pursuant to Federal Rule of Civil Procedure 16(f) and Civil Local Rule 37-4.

All questions should be directed to Judge Hixson's Courtroom Deputy, Rose Maher, at tshcrd@cand.uscourts.gov or (415) 522-4708.

Upon referral from a District Judge or upon the development of an impasse with respect to discovery in a pending case assigned to Judge Hixson, <u>no motions to compel shall be considered</u>. Instead, the parties must first meet and confer. That is, counsel for each party shall meet and confer in person, or, if counsel are located outside the Bay Area, by telephone, to attempt to resolve their dispute informally. A mere exchange of letters, e-mails, telephone calls or facsimile transmissions does not satisfy the meet and confer requirement.

**MEET AND CONFER REQUIREMENTS**

If the parties are unable to resolve their dispute informally after a good faith effort, including meet and confer efforts conducted by lead counsel, the parties have two options:

1) If the dispute is straightforward, or the parties believe some initial informal guidance from the Court may help the parties resolve their dispute without the need for briefing, the parties may contact Judge Hixson's Courtroom Deputy, Rose Maher, to arrange a telephonic conference with Judge Hixson.

2) For more complex disputes, the parties shall prepare a joint statement of not more than five pages (12-point or greater font) that contains the following:

    a)     A cover page (excluded from the five-page limit) with the case caption, an attestation that the parties met and conferred in person (or by telephone if outside the Bay Area) in good faith to resolve their dispute(s) prior to filing the letter, and the signature of both parties or counsel;
    b)     Each party's position, including pertinent factual background, requested relief, and citations to relevant legal authority; and
    c)     Each party's final proposed compromise

    The joint letter shall not be accompanied by exhibits or affidavits other than relevant excerpts of discovery requests and responses, privilege logs, deposition testimony, and meet and confer correspondence.

*Revised September 5, 2018*

The joint statement shall be e-filed (unless the case is exempt from e-filing requirements) under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief."

Upon review of the parties' submission[s], the Court will advise the parties of how the Court intends to proceed. The Court may issue a ruling or schedule a telephone conference or in person conference with the parties, and at such conference may issue rulings, order more formal briefing, or set further hearing dates. The Court may also order the parties to come to the courthouse to meet and confer in good faith.

**CHAMBERS COPIES**

The parties do not need to submit chambers copies for cases subject to electronic filing, except for documents that exceed 10 pages when combined. For these documents only, the submitting party shall comply with Civil Local Rule 5-1(e)(7). All chambers copies should be double-sided (when possible) and include: (1) the ECF running header (case number, docket number, date, and ECF page number) at the top of each page; and (2) if the filing includes exhibits, they must be clearly delineated with tabbed dividers. These printed copies shall be marked "Chambers Copy" and submitted to the Clerk's Office (not chambers), in an envelope marked with "Magistrate Judge Hixson," the case number, and "Chambers Copy."

**PROTECTIVE ORDERS**

If parties believe a protective order is necessary, they shall, where practicable, use one of the model stipulated protective orders (available at http://cand.uscourts.gov/stipprotectorder). If the parties' proposed protective offer differs materially from the model protective order, the parties shall file a statement explaining each modification to the model order, along with a redline version comparing the proposed protective order with the model order.

**SANCTIONS**

No motion for sanctions may be filed until after the moving party has complied with the requirements above. Motions for sanctions shall be filed separately, pursuant to Federal Rule 37 and Civil Local Rules 7 and 37-4.

**IT IS SO ORDERED.**

THOMAS S. HIXSON
United States Magistrate Judge

*Revised September 5, 2018*