1  David W. Affeld, State Bar No. 123922
   Damion Robinson, State Bar No. 262573
2  Affeld Grivakes LLP
   2049 Century Park East, Ste. 2460
3  Los Angeles, CA 90067
   Telephone:   (310) 979-8700
4
5  Attorneys for Plaintiff
   Michael Zeleny
6
7
8
                    **UNITED STATES DISTRICT COURT**
9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10
11 | MICHAEL ZELENY,              | Case No. CV 17-7357 JCS
12 |     Plaintiff,               | Assigned to:
13 |        vs.                   | The Honorable Richard G. Seeborg
14 | EDMUND G. BROWN, Jr., *et al.*, | **PLAINTIFF'S NOTICE OF APPLICATION AND APPLICATION FOR LEAVE TO FILE A SUR-REPLY TO ADDRESS NEW MATTER RAISED IN REPLY ON NEW ENTERPRISE ASSOCIATES' MOTION TO QUASH**
15 |     Defendants.              |
16
17                                  Date: March 7, 2019
                                    Time: 1:30 p.m.
18                                  Courtroom: 3 (17th Floor)
19                                  [Filed Concurrently:
                                    1.     Proposed Surreply]
20
                                    Action Filed: December 28, 2017
21                                  Trial Date:   November 18, 2019
22
23
24
25
26
27
28

- 1 -

PLAINTIFF'S APP. FOR LEAVE TO FILE SUR-REPLY IN OPP. TO MOT. TO QUASH

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that plaintiff Michael Zeleny ("Zeleny") hereby applies for leave to file a short, four-page sur-reply to address an issue of first impression raised by New Enterprise Associate ("NEA") in its Reply in Support of Its Motion to Quash.

This application is made on the grounds that (a) NEA raised new matter in Reply brief, which Zeleny did not have the chance to address fully in his Opposition, and (b) NEA's Reply inaccurately states the law bearing on a First Amendment issue of apparent first impression.

*First*, NEA's argument that the truth of speech is wholly irrelevant to its First Amendment Value is new matter raised in reply. NEA paid short shrift in its opening brief to the First Amendment issues supporting Zeleny's subpoena. It did not develop this First Amendment argument, instead wrongly asserting that Zeleny seeks discovery to "morally condemn" NEA or "publicize" its conduct. (*See* Opp. at 8; Affeld Decl. ¶ 20). NEA waited until its Reply to flesh out its position on the First Amendment issues, depriving Zeleny of a chance to address its actual argument.

*Second*, and relatedly, NEA's argument on the First Amendment raises an issue of first impression on which NEA is simply wrong. NEA asks this Court to hold, without precedent, that the truth of First Amendment speech is irrelevant to whether it has "serious value" under the *Miller* test for obscenity. No court has ever so held. Instead, NEA's argument is based on a fundamental misreading of Supreme Court authority that gave rise to the *Miller* test. Its late coming argument invites error on a novel constitutional question.

Accordingly, Zeleny asks the Court to consider his short sur-reply on this important and unsettled issue.

Dated:  February 21, 2019                    Respectfully submitted,

                                                    s/ Damion Robinson
                                                    David W. Affeld
                                                    Damion D. D. Robinson
                                                    Affeld Grivakes LLP
                                                    Attorneys for Plaintiff Michael Zeleny

PLAINTIFF'S APP. FOR LEAVE TO FILE SUR-REPLY IN OPP. TO MOT. TO QUASH

**PROOF OF SERVICE**

I hereby certify that on February 21, 2019, I electronically filed the foregoing document using the Court's CM/ECF system. I am informed and believe that the CM/ECF system will send a notice of electronic filing to the interested parties.

s/ Damion Robinson
Damion Robinson

- 3 -

PLAINTIFF'S APP. FOR LEAVE TO FILE SUR-REPLY IN OPP. TO MOT. TO QUASH