David W. Affeld, State Bar No. 123922
Damion Robinson, State Bar No. 262573
Affeld Grivakes LLP
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone:   (310) 979-8700

Attorneys for Plaintiff
Michael Zeleny

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZELENY,<br><br>    Plaintiff,<br><br>    vs.<br><br>EDMUND G. BROWN, Jr., *et al.*,<br><br>    Defendants. | Case No. CV 17-7357 JCS<br><br>Assigned to:<br>The Honorable Richard G. Seeborg<br><br>Discovery Matters:<br>The Honorable Thomas S. Hixson<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>**[Fed. R. Civ. P. 72 and Local Rule 72-2]**<br><br>Date: TBD<br>Time: TBD<br><br>[Filed Concurrently:<br>1.    Proposed Order]<br><br>Action Filed: December 28, 2017<br>Trial Date:    November 18, 2019 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Michael Zeleny ("Zeleny") hereby moves pursuant to Local Rule 72-2 and Federal Rule of Civil Procedure 72 for relief from the March 7, 2019 Order Granting in Part and Denying in Part Motion to Quash (the "Order").

This motion is based on (a) this Notice of Motion and Motion; (b) the Subpoena to Testify at a Deposition in a Civil Action attached as Exhibit A (the "Subpoena"); (c) the records and files herein, including the Complaint (Dkt. No. 1), the Motion to Quash (the "Motion") of New Enterprise Associates ("NEA") and associated briefing (Dkts. Nos. 48, 53, 55, 56, 61, and 62), the recording of the hearing on the Motion (Dkt. No. 63), and the Order (Dkt. No. 65); and (d) such other matters as the Court may consider.

I. **OBJECTIONS TO ORDER.**

Zeleny objects to that portion of the Order that granted the Motion and quashed the following topics of testimony and document requests in the Subpoena:

**Topic No. 13**
The allegations that Min Zhu raped, molested, sexually assaulted, or otherwise abused Erin Zhu, Including the allegations included in 1991 Usenet postings by Erin Zhu CV810705 and subsequently conveyed to NEA and publicized by Zeleny; the allegations included in legal filings and/or Internet postings by Zeleny since December of 1999, and/or publicized and/or relayed by Zeleny since December of 1999; the allegations included in the January 18, 2000 draft complaint by Erin Zhu, filed as an exhibit in Opposition to the Defendants' Motion to Strike in *Zeleny v. Zhu & WebEx*, Santa Clara Superior Court Case Number CV-809286; he statements in the November 10, 2003 deposition by Erin Zhu in *Zelyony v. Zhu*, Santa Clara Superior Court Case No. CV810705 and subsequently conveyed to NEA and publicized by Zeleny: and the responses of the NEA Parties to those allegations, if any.

**Topic No. 16**
The relationship between NEA and Min Zhu from 1995 through the present.

**Topic No. 17**
The relationship between NEA and any current or former business ventures by Min Zhu, Including venture capital fund Northern Light, from 2001 through the present.

# # #

**Request No. 6**
All documents Regarding allegations of rape, child abuse, sexual abuse, molestation, or other abuse allegedly perpetrated by Min Zhu on Erin Zhu.

**Request No. 7**
All documents Regarding any and all responses by WebEx and/or NEA to allegations of rape, child abuse, sexual abuse, molestation, or other abuse allegedly perpetrated by Min Zhu on Erin Zhu.

**Request No. 17**
Documents sufficient to show the relationship between NEA and Min Zhu from 1995 to the present.

**Request No. 18**
Documents sufficient to show the relationship between NEA and venture capital fund Northern Light [Min Zhu's venture capital firm] from May 2015 to the present.

Zeleny objects specifically to that portion of the Order, which holds that the truth of the allegations underlying Zeleny's protests is irrelevant to whether his protests are obscene. *See* Order, Dkt. No. 65 at 5:7-16.

## II.  GROUNDS FOR OBJECTION

### A.  Introduction

The Court should modify the Order to allow Zeleny to take limited discovery on the truth of the content of his protests. This issue is directly relevant to whether the protests are "obscene as to minors" as claimed by the City of Menlo Park (the "City").

The Order addresses a constitutional issue of first impression – *i.e.*, whether the truth of speech is relevant to its "serious literary, artistic, political, or scientific value" under the "*Miller* test" for obscenity. *See Miller v. California*, 413 U.S. 15, 24 (1973). Although no case has directly addressed whether factually false speech can satisfy the "serious value" prong of the *Miller* test, the Supreme Court has long recognized factually false speech has no constitutional value. The *Miller* test incorporates this principle in the "serious value" prong.

Despite thoughtful consideration, the Order errs in holding that the truth of Zeleny's claims is irrelevant to whether his protests are obscene. Because false speech has no constitutional value, it does not meet the "serious value" prong of *Miller*. In order to satisfy that prong, Zeleny needs the ability to show the factual merit of his protests. Without discovery into the truth of the content of his protests, he has no ability to do so.

### B.  Background

#### 1.  Pertinent Facts

This case challenges an ongoing, concerted effort by the City of Menlo Park (the "City") and NEA to stifle Zeleny's protests against NEA. Discovery has shown that the City and NEA met repeatedly to develop a "firm solution to ending his protest," including by falsely prosecuting Zeleny and deeming his protests "obscene as to minors" under California Penal

Code § 313.1.

NEA bills itself as the largest venture capital fund in the world. For years, it has backed technology executive Min Zhu. Min Zhu's daughter has credibly and publicly alleged that Min Zhu heinously raped her when she was 14 years old. Despite knowledge of these allegations (and that Min Zhu has never publicly denied them), NEA has continued to financially back him.

Zeleny has protested NEA's backing of Min Zhu since 2009. He has carried unloaded firearms during these protests. The City concedes that he did so lawfully and that he was exceedingly cooperative with police at all times. Nonetheless, the City has engaged in a years-long effort, with NEA's help, to stifle the protests. Most recently, the City insists that Zeleny needs permits to carry out his demonstrations without being arrested, but refuses to issue them, and won't even define criteria for the issuance of such permits.

Among other things, the City has asserted that Zeleny is not entitled to permits because the materials used in his protests are "obscene as to minors." Zeleny seeks a declaration that his protests are not obscene and have "serious value" under the *Miller* test for obscenity.

**2.      Discovery at Issue and the March 7 Order.**

Zeleny served the subpoena on NEA seeking, among other things, documents and testimony on (a) NEA's contacts with the City regarding Zeleny's protests, and (b) evidence going to NEA's knowledge of the allegations against Min Zhu, its response to those allegations, and its continuing financial support of Min Zhu. NEA moved to quash. After briefing, the Court ordered NEA to produce documents and a witness as to the first category, *i.e.*, contacts with the City, but not as to the second, *i.e.*, Zeleny's allegations against Min Zhu and NEA. In doing so, the Order concludes that the truth of the content of Zeleny's protests is not relevant to whether that content is obscene.

**C.      Argument**

The Order is erroneous in so holding. The Supreme Court has long held that the truth of speech is directly relevant to its constitutional value. The *Miller* test,[1] including the

---

[1] Under the *Miller* test, speech is obscene if it (a) appeals to the "prurient interest," (b) depicts sexual conduct in a "patently offensive way," and (c) "lacks serious literary, artistic, political,

MOTION FOR RELIEF FROM MARCH 7, 2019 ORDER

"serious value" prong, derives from a long series of Supreme Court cases holding that false speech has no constitutional value.  In crafting this test, the Supreme Court cited *Roth v. United States*, 354 U.S. 476, 481-82 (1957), a prior obscenity case.  *Miller*, 413 U.S. at 20-21, 35.  *Roth* relied extensively on *Chaplinsky v. New Hampshire*, 315 U.S. 568, 572 (1942), which held that speech "of [ ] slight social value as a step to truth" is constitutionally valueless and may be prohibited. *Roth*, 354 U.S. at 486 (quoting *Chaplinksy*).  In short, the *Miller* test traces its roots to *Chaplinsky*, which stands for the proposition that speech may be prohibited if it lacks value "as a step to truth."

*Chaplinsky* is the leading Supreme Court case for the proposition that factually false speech has no constitutionally redeeming value.  315 U.S. at 571-72.  The Court has consistently so held, and has cited *Chaplinksy* at least a dozen times for this proposition. *E.g.*, *R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 383 (1992); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339-40 (1974); *Garrison v. State of La.*, 379 U.S. 64, 75 (1964); *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 495 (1975); *McDonald v. Smith*, 472 U.S. 479, 487 (1985) (Brennan, J., concurring); *Texas v. Johnson*, 491 U.S. 397, 430 (1989) (Rehnquist, J., dissenting).  It has repeatedly reiterated, for many decades, that false speech lacks constitutional value.  *Gertz*, 418 U.S. at 340 ("there is no constitutional value in false statements"); *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 52 (1988) ("[f]alse statements of fact are . . . valueless"); *Herbert v. Lando*, 441 U.S. 153, 171 ("false information . . . carries no First Amendment credentials").

These cases read like a Who's Who of First Amendment jurisprudence for good reason.  The proposition that false statements have no First Amendment value is embedded in the motivating principle of the First Amendment – *i.e.*, to create a free market for ideas. *Hustler Magazine*, 485 U.S. at 52 (false assertions "interfere with the truth-seeking function of the marketplace of ideas"); *Red Lion Broad. v. F.C.C.*, 395 U.S. 367, 390 (1969).

The Court has applied this reasoning to both obscenity and defamation.  *Chaplinsky*, 315 U.S. at 571-72 (referring to "the lewd and obscene, the profane, [and] the libelous");

or scientific value." *Miller*, 413 U.S. at 24.

*RAV*, 509 U.S. at 382-83 (discussing both); *Roth*, 354 U.S. at 486 (obscenity case). The principle that false speech has no redeeming value has carried through every iteration of the Court's test for obscenity. *See Miller*, 413 U.S. at 20-21 (quoting *Chaplinksy* for the proposition that speech may be prohibited if it "lacks value as a step to truth"); *Roth*, 354 U.S. at 486. By quoting this passage of *Chaplinsky*, and citing extensively to *Roth*, the Court in *Miller* gave every indication that it was incorporating this established standard of constitutional value – *i.e.*, speech with value towards finding the truth. There is no basis to treat obscenity differently when the Court's test for obscenity derives from the very cases that establish this principle.

The truth of Zeleny's speech is also relevant to its redeeming "serious value" as a practical matter. His protests are no doubt provocative, and intentionally so. However, to the extent that he has exposed a large-scale coverup of child rape, there is ample redeeming value to the protests that would overcome a claim of obscenity. The City has made clear that it intends to defend this case by casting Zeleny's allegations as wild and unsubstantiated conspiracy theories. According to the City, it has never seen fit to investigate Zeleny's claims—but, apparently, helped NEA shut him up—because his allegations amount to mere "rumors" and speculation not warranting an investigation. If the City intends to argue that Zeleny's protests lack factual merit, Zeleny needs the evidence to prove otherwise.

### D. Conclusion

Because the truth of Zeleny's protests is directly relevant to his First Amendment claim, he should be allowed to take limited discovery from NEA necessary to prove the truth of the claims that form the basis for his protests.

Dated: March 21, 2019          Respectfully submitted,

                                       s/ Damion Robinson
                                       David W. Affeld
                                       Damion D. D. Robinson
                                       Affeld Grivakes LLP
                                       Attorneys for Plaintiff Michael Zeleny

**PROOF OF SERVICE**

I hereby certify that on March 21, 2019, I electronically filed the foregoing document using the Court's CM/ECF system. I am informed and believe that the CM/ECF system will send a notice of electronic filing to the interested parties.

s/ Damion Robinson<br>Damion Robinson

MOTION FOR RELIEF FROM MARCH 7, 2019 ORDER