David W. Affeld, State Bar No. 123922
Damion Robinson, State Bar No. 262573
Affeld Grivakes LLP
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone:     (310) 979-8700

Attorneys for Plaintiff
Michael Zeleny

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL ZELENY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GAVIN NEWSOM,[1] an individual in his official capacity; XAVIER BECERRA, an individual in his official capacity; CITY OF MENLO PARK, a municipal corporation; and DAVE BERTINI, an individual, in his official capacity<br><br>　　　　Defendants. | Case No. CV 17-7357 JCS<br><br>Assigned to:<br>The Honorable Richard G. Seeborg<br><br>Discovery Matters:<br>The Honorable Thomas S. Hixson<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:  April 4, 2019<br>Time: 10:00 a.m.<br>Courtroom:  17 |

---

[1] Although the Governor is no longer a party to this case, the parties have updated the caption to replace former Governor Edmond G. Brown, Jr. with current governor Gavin Newsom per Federal Rule of Civil Procedure 25(d)(1).

- 1 -

CASE MANAGEMENT CONFERENCE STATEMENT

1    The parties in the above-entitled action jointly submit this further Case Management

2  Statement.

3  **1.    Jurisdiction and Service:**

4    Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343.  All current parties

5  have been served.

6  **2.    Facts:**

7  **Plaintiff's Facts:**

8    Since at least 2005, Plaintiff Michael Zeleny ("Zeleny") has been actively attempting to

9  protest the years-long cover up by prominent venture capital fund New Enterprise Associates

10 ("NEA") of serious, substantiated allegations of child molestation by a prominent member of that

11 firm, Min Zhu.

12    NEA has enlisted the help of local authorities, including the City of Menlo Park (the "City'),

13 its police chief David Bertini ("Bertini"), and the San Mateo County prosecutor's office in its

14 efforts to silence Zeleny's protests.  In March, Zeleny verified through discovery of the City that the

15 City has long been acting at the behest and in concert with NEA to develop a "combined response"

16 to Zeleny's protests, and a "firm solution" to stop him from protesting NEA.

17    As part of this effort, in 2012, Zeleny was falsely prosecuted for violation of California's

18 "concealed carry" statutes for his peaceful, lawful protests against NEA, which involved the open

19 carrying of an unloaded firearm.  NEA participated in this false prosecution, lending assistance to

20 the City and the San Mateo County District Attorney in pursuing the charges.  Zeleny vindicated

21 himself by obtaining a complete acquittal in that case, and has sought to resume his lawful protests.

22    In the interim, California adopted two criminal statutes, Penal Code, sections 26350 and

23 26400, which prohibit the carrying of unloaded handguns and rifles in any public place in a city or

24 incorporated city and county in California.  Discovery has revealed that the City was instrumental

25 in having the "open carry" ban on rifles enacted, and specifically sought to have it enacted to target

26 Zeleny.  Among other things, the City submitted images of Zeleny's protests to a legislative

27 committee as support for prohibiting the open carrying of handguns.

28    The City has now seized on these "open carry" bans on unloaded firearms to prevent Zeleny

CASE MANAGEMENT CONFERENCE STATEMENT

from protesting.  It has made clear that if Zeleny resumes his protests as before, including carrying lawful, unloaded firearms, he will be arrested and prosecuted for violating the "open carry" ban.  In addition, the City has asserted that if Zeleny resumes his protests he may be prosecuted for obscenity as to minors under California Penal Code § 313.1.

The "open carry" ban is subject to certain exceptions.  Among the exceptions are authorized participants in film productions and entertainment events.  The City has adopted a municipal policy that a special event permit or film permit is required for all qualifying film productions and entertainment events, and has taken the position that the City must authorize both the production itself, the use of firearms, and the participants in that production.  While Zeleny contends that this is a gross misinterpretation of the statutes, the City has made clear to Zeleny that if he continues his peaceful, but armed, protests without permits issued by the City, he will be arrested.

Zeleny has been attempting to obtain these permits since 2015 to no avail.  The City has no discernable standard for granting or denying the permits.  It has refused to articulate the criteria for granting or denying Zeleny's applications, or the time, place, and manner restrictions Zeleny must satisfy to qualify for a permit.  Discovery has shown that the City has no such criteria or restrictions.  Permitting is left in the sole discretion City staff, including the police department.

In addition to having no discernable standards, the City manipulated its own Kafkaesque permitting process to give Zeleny the run-around.  The City referred Zeleny's "special events" permit application to Bertini—the individual responsible for the false prosecution of Zeleny—although Bertini is not ordinarily involved in the permitting process.  Bertini decided to deny Zeleny's permit application within days of receiving it on the grounds that the proposed event does not qualify as a special event—under an entirely subjective definition that the City cannot articulate.  He has since admitted that the even qualifies under at least three of the City's published standards for what constitutes a special event.  Bertini reported to NEA that he intended to deny Zeleny's application shortly after the City received it and engaged NEA to develop a "combined response" to the protests.

Despite having decided to deny the application, however, the City repeatedly requested additional information from Zeleny, which it does not request from other applications, and did not

require since it had already decided to deny the application.  After Zeleny provided this additional information, the City then used it as a pretext to deny the application.  In addition, the City referred Zeleny to a non-existent "Special Events Committee," to process his application.  The Special Events Committee has not existed since 2013.

After two years of processing the application, the City ultimately denied it on pretextual grounds.  Among other things, the City claimed that Zeleny's event does not qualified as a "Special Event" under the City's subjective definition.  In addition, the City claimed that Zeleny did not need a permit to protest despite the City Attorney determining that a permit was required in order for Zeleny to avoid arrest and prosecution.  Finally, the City purported to deny the application on grounds that it does not apply to other applications.

After the City's denial, Zeleny then applied for a film permit, which the City again refused to process in the ordinary course.  Bertini once again hijacked Zeleny's permit application although he is not ordinarily involved in the film permit process either.  The City again refused to provide Zeleny with any discernable criteria for granting the permit, and repeatedly demanded more information that it does not require of other applicants.  The City also refused to tell Zeleny what the standards are for granting film permits so that he can adjust his application to meet them.  Once again, the City gave Zeleny the run around, while having preordained not to give him a permit.

**Menlo Park Defendants' Facts:**

The City of Menlo Park ("City") and Police Chief Dave Bertini ("Chief Bertini") (collectively, "Menlo Park Defendants") have not violated plaintiff's First or Second Amendment Rights.  In point of fact, and as the evidence will show, the Menlo Park Defendants have specifically told plaintiff that he may exercise his First Amendment Right to protest and said defendants have acted in conformance with the current California law regulating the "open carry" of unloaded firearms.  Plaintiff's Complaint mischaracterizes and misrepresents the permitting procedures that have, to date, not actually been completed by plaintiff.  In sum, the City continues to encourage plaintiff to express his First Amendment rights and has done nothing to unlawfully restrict those rights.  Plaintiff's complaint boils down to his personal disagreement with the City's permit requirements for special events and filming within the public right-of-way, neither of which

CASE MANAGEMENT CONFERENCE STATEMENT

is restricted by the content of the underlying speech, and the California law that regulates his desire to openly carry unloaded firearms in public.  The facts will show the following:

In or about 2015, plaintiff applied to the City for a Special Event Permit ("SEP") to produce a one-man multimedia presentation in opposition to an individual and a private company, complete with "fully operational, exposed and unloaded military grade firearms and loaded ammunition feeding devices", on the center median strip of Sand Hill Road, directly across from NEA headquarters – e.g., within the City's right-of-way.  The City Attorney advised plaintiff that his application for the SEP had been denied because it was incomplete and did not meet criteria of a "special event" – e.g., "special events", as defined by the City, do not necessitate the use of the public right-of-way.  As such, on its face, the application plaintiff was seeking was unnecessary to conduct his protests.   Regardless, the application was missing significant information, such as a detailed description of his proposed use of sound and lighting equipment on the center median, the precise location of the presentation on the center median, a description of how the presentation would be set up so that the City could evaluate whether traffic control would be needed, the date range (beginning and end) of the "special event", and more.  Without this information, the City expressed some concern that the center median might be too narrow to accommodate plaintiff's proposed presentation, which also could potentially violate the California Vehicle Code by causing a visual impairment to oncoming traffic.  The City told plaintiff that he could appeal the denial.

In 2016, plaintiff "appealed" the denial of his SEP application, but in so doing provided some additional information.  His appeal was thus treated as a new SEP application.  Despite providing some additional information about his proposed presentation on the Sand Hill Road center median, plaintiff again failed to provide some of the basic information that was required for the City to fully evaluate the application and, as such, his revised application was denied.  The City Attorney advised plaintiff that the City needed more information about what he wanted to do on the center median and then specifically told plaintiff that protests do not require a SEP.  The City Attorney told plaintiff that he could appeal the denial of his application to the Community Services Director, which plaintiff did.

CASE MANAGEMENT CONFERENCE STATEMENT

The Community Services Department also denied plaintiff's incomplete application for a SEP, advising that his application was denied for several independent reasons, which included, without limitation, the "exhibition of loaded or unloaded firearms" (which were prohibited by California law unless plaintiff was an "authorized participant" in an entertainment, motion picture of television production), driving onto the center median was a violation of Vehicle Code §21651, illuminated displays that impair a driver's vision were prohibited by Vehicle Code §21466.5, and he had failed to identify the term or duration of the permit – e.g., the date range for the event (the City did not know how long this "special event" would go on). Plaintiff was advised that he could appeal to the City Manager. He was again told that the denial of his SEP application did not prevent him from protesting.

Plaintiff appealed the denial of his SEP application to the City Manager, who denied the appeal for the same reasons espoused above, but again specifically told plaintiff that he did not need a SEP to protest.

Plaintiff eventually appealed the denial of his SEP application to the City Council, which, on August 29, 2017, upheld the denial of the SEP application for the reasons espoused *infra* and advised plaintiff that any challenge to the decision must be made within 90 days pursuant to California Code of Civil Procedure §1094.6, unless a shorter time is required by State or Federal law. The City Council also advised plaintiff that if he believed the Council's decision involved speech or expressive conduct entitled to protection by First Amendment, any petition must be served on City no later than 21 calendar days following the August 29, 2017 decision pursuant to California Code of Civil Procedure §1094.8.

Plaintiff did not challenge the City Council's decision, but instead asked the City to reconsider his application for a SEP as constituting an application to the City for a film permit, which the City requires of *any* person who wishes to film within the public right-of-way (as plaintiff told the City he intended to film his one-person presentation while openly carrying unloaded firearms). The City responded by sending plaintiff the form for a film permit application. Unfortunately, as with his SEP application, plaintiff neglected to provide the City with all of the information required in the application, such as identifying the times for each day to set up and tear

down equipment, a decibel reading for equipment to ensure it does not exceed the City's noise ordinance, a draft written notice letter which he plans to mail to surrounding residents'/businesses, a proposed parking location for equipment and vehicles, a list of all equipment and where plans to place it, and a traffic control plan, to name but a few of the omissions.

In advising plaintiff that he needed to produce a completed application, the City represented to him that if and when he obtained the film permit, the City would allow him to openly carry firearms during his filming pursuant to the exemptions provided for in the California Penal Code. To date, and despite numerous requests from the City for additional information, plaintiff has not completed his application for a film permit. The City remains open to receiving this information from plaintiff and responding to the completed permit application upon receipt of same.

**Defendant Attorney General Xavier Becerra's Facts**

Attorney General Becerra has no connection to Plaintiff Zeleny's applications to the City of Menlo Park for municipal permits related to his alleged protests.  Accordingly, there is no case or controversy between Plaintiff and Attorney General Becerra.  Moreover, Attorney General Becerra is entitled to Eleventh Amendment from suit, and Plaintiff has failed to allege any facts that would bring his equal protection claim within the limited exception to such immunity under Ex parte Young, 209 U.S. 123 (1908).

**3.**     **Legal Issues**

(1)     Whether California Penal Code §§26400 and 26350 violate the First and/or Second Amendment to the United States Constitution.  Whether the "authorized participant" exception to the bans on open carry of unloaded firearms is unconstitutionally vague in providing a wholly discretionary standard for interpretation and enforcement.  Whether the statutes facially or as-applied discriminate against different types of protected First Amendment activity, including in a content-based manner.

(2)     Who is an "authorized participant" as referenced in California Penal Code §§ 25510, 26375 and 26405?

(3)     Whether the City has misinterpreted the "authorized participant" exception in a way that renders it unconstitutional.

(4)     Whether the Menlo Park Defendants prohibited plaintiff from lawfully engaging in protests based on the content of said protests in violation of plaintiff's First Amendment Rights.

(5)     Whether the Menlo Park Defendants' restrictions on Zeleny's protests violate Zeleny's First and/or Second Amendment rights, even if they are not content based.

(6)     Whether Zeleny's speech is "obscene as to minors" in violation of the California Penal Code.

(7)     Whether the Menlo Park Defendants violated plaintiff's First Amendment Rights by requiring plaintiff to apply for a film permit before commencing a film production within the City's right-of-way.

(8)     Whether the City's permitting requirement is unconstitutional on is face or as applied to Zeleny's protests under either the First or Second Amendment.

(9)     Whether the Menlo Park Defendants violated plaintiff's Second Amendment rights by requiring plaintiff to apply for a film permit before commencing a film production within the public right-of-way.

(10)    Whether the City's Special Event Permit and Film Permit policies violate plaintiff's First and/or Second Amendment rights.

(11)    Whether plaintiff exhausted his administrative remedies before filing suit against the Menlo Park Defendants.

(12)    Whether any exhaustion requirement has been waived, including on the basis of futility or lack of jurisdiction.

(13)    Whether plaintiff's claims against the Menlo Park Defendants are premature.

(14)    Whether plaintiff's claims against the Menlo Park Defendants are barred pursuant to California Code of Civil Procedure §§1094.6 and 1094.8.

(15)    Whether the individually named defendants are liable for violation of plaintiff's Constitutional Rights.

(16)    Whether the individually named defendants are entitled to qualified immunity.

(17)    Whether a case or controversy exists between plaintiff and Defendant Attorney General Becerra.

(18)    Whether Defendant Attorney General Xavier Becerra is entitled to Eleventh Amendment immunity from suit.

(19)    Whether New Enterprise Associates conspired with the City to stop Zeleny's protests and/or to prevent him from exercising his Second Amendment right to bear arms.

(20)    Whether defendants are entitled to costs and attorneys' fees pursuant to 42 U.S.C. section 1988, and California Code of Civil Procedure §§ 1021.7 and 1038.

(21)    Whether plaintiff is entitled to attorney's fees and/or costs pursuant to 42 U.S.C. § 1988 and/or California Code of Civil Procedure § 1021.5.

**4.    Motions:**  Menlo Park Defendants anticipate filing a Motion for Summary Judgment or, alternatively, Summary Adjudication, at the conclusion of discovery.  Defendant Attorney General Becerra intends to file a motion for summary judgment at the conclusion of discovery.  Zeleny intends to file motions for summary judgment.

**5.    Amendment of Pleadings:**  Zeleny contends that he has developed evidence implicating NEA in a conspiracy to violate his First and Second Amendment rights.  The parties have stipulated to allow Zeleny to file a First Amended Complaint naming NEA.  The parties' stipulation and the First Amended Complaint are being filed concurrently.

**6.    Evidence Preservation:**  Menlo Park Defendants have preserved their relevant records. Defendant Attorney General Becerra has preserved relevant records.  Zeleny has preserved his relevant records and is in the process of obtaining public records that may be relevant.

**7.    Disclosures:**  The parties have exchanged Initial Disclosures.

**8.    Discovery:**

**Plaintiff's Discovery**

Zeleny has served all of his written discovery.  He is currently in the process of meeting and conferring with counsel for the City regarding its responses.  Zeleny and the State of California have agreed to extend the State's deadline to respond to written discovery to early April.

Zeleny has taken a first session of the combined deposition of the City of Menlo Park and Chief Bertini.  The parties have agreed to a second session at a mutually convenient time.  Zeleny is in the process of meeting and conferring with the City of Menlo Park on its failure to properly prepare

Chief Bertini as a Rule 30(b)(6) witness and on other obstructive conduct that disrupted the first session of the deposition.  The City disputes the contention that Chief Bertini was not properly prepared for his deposition and the allegation that his deposition was disrupted by any obstructive conduct of counsel.  The City does not believe that either issue referenced by Zeleny's counsel warrants the time of the Court.

In addition, Zeleny subpoenaed NEA and two of its executives.  NEA moved to quash.  Judge Hixson denied the Motion to Quash in part, and Zeleny is in the process of scheduling those depositions.  Finally, Zeleny has notified defendants of some additional depositions that he anticipates scheduling during early and mid-April per the parties' agreed discovery schedule.

The parties have discussed that the discovery schedule may change based on the addition of NEA as a party.

**Defendants' Discovery**

The City has served written discovery to Zeleny and has initiated the process of meeting and conferring with counsel regarding Zeleny's responses to the City's written discovery. The City is hopeful that court intervention will not be warranted.  The City has taken plaintiff's deposition.

**9.**     **Class Actions:**  N/A

**10.**    **Related Cases:**  None

**11.**    **Relief:**

Zeleny's Statement:  Zeleny seeks declaratory relief (a) that California Penal Code §§ 26400 and 26350 are unconstitutional facially or as applied, (b) that the City has misinterpreted the "authorized participant" exception, which must be interpreted in a manner as to avoid a constitutional question, (c) that Zeleny's protests constitute constitutionally protected activity and are not obscene or "obscene as to minors," (d) that the City's permitting requirements are unconstitutional on their face or as applied, and (e) interpreting the "authorized participant" exception.  Zeleny seeks injunctive relief prohibiting enforcement of the above-referenced Penal Code sections against his peaceful protests.  Zeleny also seeks attorney's fees pursuant to 42 U.S.C. § 1988, California Code of Civil Procedure § 1021.5, and costs as provided by law.

Menlo Park Defendants' Statement:

Defendants seek reasonable attorneys' fees pursuant to Title 42 U.S.C. section 1988 and California Code of Civil Procedure sections 1021.7 and 1038.

<u>Defendant Attorney General Xavier Becerra's Statement</u>:

Defendant Attorney General Becerra will seek judgment in his favor.

**12.    Settlement and ADR:**  The parties have engaged in a Settlement Conference with Judge Cousins.  No settlement was reached.  The City remains amenable to a further Settlement Conference as does Zeleny.

**13.    Consent to Magistrate Judge for All Purposes:**  The Menlo Park Defendants do not consent to an assignment of this case to a United States Magistrate Judge for trial.  Likewise, Defendant Attorney General Becerra does not consent to an assignment of this case to a United States Magistrate Judge for trial.

**14.    Other References:**  N/A

**15.    Narrowing of Issues**:  None anticipated at this time.

**16.    Expedited Schedule:**  N/A

**17.    Scheduling:**  The parties have agreed to the following schedule, which the Court adopted by order of February 19, 2019:

| | |
|---|---|
| Close of Non-Expert Discovery: | April 19, 2019 |
| Expert Designations: | May 17, 2019 |
| Rebuttal Expert Designations: | June 7, 2019 |
| Close of Expert Discovery: | June 12, 2019 |
| Last Day to Hear Dispositive Motions: | September 12, 2019 |
| Pretrial Conference: | November 7, 2019 |
| Trial: | November 18, 2019 |

The parties anticipate that NEA will seek to modify the current schedule once added as a party and served.

**18.    Trial**:  The parties request a jury trial.  In light of the discovery taken to date, Plaintiff anticipates that trial will take 7 Court days.

**19.    Disclosure of Non-party Interested Entities or Person**:  N/A

1    **20.    Professional Conduct:**  The undersigned have reviewed the Guidelines for Professional

2    Conduct for the Northern District.

3    **21.    Other Matters:**

4         As noted above, Plaintiff seeks to name NEA as a defendant.  Plaintiff has provided a draft

5    First Amended Complaint to Defendants and requested a stipulation for leave to amend given that

6    the amendment does not add any new claims for relief against the existing Defendants.  Leave is

7    appropriate in that Plaintiff learned of the basis for amendment only through the City's production

8    of documents and the deposition of its Rule 30(b)(6) designee on March 19.  Amendment of the

9    Complaint to add NEA may impact the remainder of the schedule for this case, particularly the

10   deposition of NEA and associated witnesses.

11

12   Dated:  March 29, 2019                    Respectfully submitted,

13                                             By:  s/ Damion Robinson
                                               Damion D. D. Robinson
14                                             Affeld Grivakes LLP
                                               Attorneys for Plaintiff Michael Zeleny
15
                                               By:  s/ Todd H. Master
16                                             Todd H. Master
                                               Howard Rome Martin & Ridley, LLP
17
                                               Attorneys for Defendants City of Menlo Park and
18                                             Dave Bertini

19                                             By:  s/ Noreen P. Skelly
                                               Noreen P. Skelly, Deputy Attorney General
20                                             Office of the Attorney General

21                                             Attorneys for Defendant Xavier Becerra

22

23

24

25

26

27

28

CASE MANAGEMENT CONFERENCE STATEMENT

1

## **PROOF OF SERVICE**

2

3        I hereby certify that on March 29, 2019, I electronically filed the foregoing document
using the Court's CM/ECF system.  I am informed and believe that the CM/ECF system will send
4   a notice of electronic filing to the interested parties.

5

6                                                              s/ Damion Robinson
                                                         _____

7                                                        Damion Robinson

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -

CASE MANAGEMENT CONFERENCE STATEMENT