THOMAS S. BROWN, CA Bar No. 178620
  tsbrown@foley.com
NICHOLAS P. HONKAMP, CA Bar No. 261299
  nhonkamp@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET
SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE: 415.434.4484
FACSIMILE:  415.434.4507

ROGER A. LANE (admitted *pro hac vice*)
  rlane@foley.com
COURTNEY WORCESTER (admitted *pro hac vice*)
  cworcester@foley.com
**FOLEY & LARDNER LLP**
111 HUNTINGTON AVENUE
BOSTON, MA 02199
TELEPHONE: 617.342.4000
FACSIMILE:  617.342.4001

Attorneys for New Enterprise Associates

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Michael Zeleny,<br><br>                    Plaintiff,<br><br>        vs.<br><br>Edmund G. Brown, Jr., et al.,<br><br>                    Defendants. | Case No. 17-cv-07357-RS<br><br>**NEA'S OBJECTION TO PLAINTIFF'S MOTION FOR RELIEF**<br><br>Date:    May 2, 2019<br>Time:    1:30 p.m.<br>Courtroom: 3, 17th Floor |

**TABLE OF CONTENTS**

I.  ARGUMENT ................................................................................................................................ 2

    A.  Standard of Review ........................................................................................................ 2

    B.  Magistrate Hixson's Order Correctly Held That Plaintiff is Seeking Irrelevant Materials ......................................................................................................................... 2

CONCLUSION ................................................................................................................................ 5

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alaimalo v. United States*,
   645 F.3d 1042 (9th Cir. 2011) ...................................................................................2, 5

*Brown v. Hartlage*,
   456 U.S. 45 (1982) ..............................................................................................................4

*Doubt v. NCR Corp.*,
   No. C 09–5917 SBA, 2011 WL 5914284 (N.D. Cal. Nov. 28, 2011) ..................................2

*In re eBay Seller Antitrust Litig.*,
   No. C 07-1882 JF (RS), 2009 WL 3613511 (N.D. Cal. Oct. 28, 2009) ................................2

*Garrison v. Louisiana*,
   379 U.S. 64 (1964) ..............................................................................................................4

*Herbert v. Lando*,
   441 U.S. 153 (1979) ............................................................................................................4

*Hustler Magazine, Inc. v. Falwell*,
   485 U.S. 46 (1988) ..............................................................................................................4

*Miller v. California*,
   413 U.S. 15 (1973) ..............................................................................................................5

*Pope v. Illinois*,
   481 U.S. 497 (1987) ............................................................................................................5

*R.A.V. v. City of St. Paul, Minn.*,
   505 U.S. 377 (1992) ............................................................................................................5

*U.S. v. Alvarez*,
   567 U.S. 709 (2012) ....................................................................................................3, 4, 5

*U.S. v. Real Prop. & Improvements Located at 2366 San Pablo Ave., Berkeley, Cal.*,
   No-CV-02027-JST, 2014 WL 325151 (N.D. Cal. Jan. 29, 2014) ........................................2

**Federal Statutes**

Stolen Valor Act of 2005, 18 U.S.C. § 704 ................................................................................3

28 U.S.C. § 636 ...........................................................................................................................2

**Other Authorities**

U.S. Const., First Amendment ................................................................................................ 3, 4, 5

Fed. R. Civ. P. 30 ............................................................................................................................. 2

Fed. R. Civ P. 72 .............................................................................................................................. 2

Plaintiff's Motion for Relief from Magistrate Judge Hixson's Non-Dispositive Order (the "Order") should be denied.  The Motion merely rehashes arguments that the Magistrate considered and properly rejected, and it fails to meet the high bar required to justify modification of the Order.  By his Motion, Plaintiff seeks to modify the Order to require New Enterprise Associates ("NEA") to produce documents and have a corporate representative testify about events that span a period of some twenty-eight years, including what NEA may have known over that course of time about Min Zhu allegedly assaulting his daughter Erin, and the extent to which NEA has or has not had a relationship with Min Zhu over the past twenty-four years.  The sole justification offered for these overly broad requests is Plaintiff's view, unsupported by law, that he needs to demonstrate that the allegations underlying his protests are "true" in order to prevent a potential prosecution for obscenity. [1]  The Magistrate's Order, however, correctly ruled that the evidence Plaintiff seeks is irrelevant both to Plaintiff's underlying suit, as well as to defending against a hypothetical obscenity charge.  Consequently, the Magistrate's Order should be affirmed.

---

[1] Plaintiff's Motion is ambiguous as to what specific allegations Plaintiff is actually seeking to establish as "true".  Based upon the following passage, it appears that Plaintiff is seeking discovery regarding whether his allegations against Min Zhu are true:

> The City has made clear that it intends to defend this case by casting Zeleny's allegations as wild and unsubstantiated conspiracy theories.  According to the City, it has never seen fit to investigate Zeleny's claims…because his allegations amount to mere 'rumors' and speculation not warranting an investigation.  If the City intends to argue that Zeleny's protests lack factual merit, Zeleny needs the evidence to prove otherwise.

(Motion at 6; *see also* at 2 (seeking to modify the Order to allow Topic No. 13 and Request No. 6 seeking discovery and testimony regarding the allegations that Min Zhu assaulted his daughter).)

Plaintiff, however, represented the opposite to Magistrate Hixson when questioned whether NEA or the City would know whether the allegations against Min Zhu were true or false:

> [W]e're not asking to establish that Min Zhu did what he is accused of doing, we're asking, we're trying to establish that NEA was aware of the allegations.  And if they did nothing about it, if they displayed a casual indifference to the truth or falsity of those allegations, that itself is morally contemptable, is Mr. Zeleny's view.  So, what he is trying to establish is, to get NEA to acknowledge that they received word of these allegations and then what did they do about it.

(Docket Entry No. 63, 12:13-12:43.)  Having so represented to the Magistrate, Plaintiff should not now be permitted to reverse his position on review of the Magistrate's Order and seek to obtain discovery from NEA regarding the truth of his allegations regarding Min Zhu's conduct.

NEA's Objection to Plaintiff's Motion for Relief
Case No. 17-cv-07357-RS

## I.  ARGUMENT

### A.  Standard of Review

Notably absent from Plaintiff's Motion is any discussion of the standard of review that this Court is to employ when reviewing a non-dispositive order like the one issued by Magistrate Hixson here. (Motion at 4 (asserting only that the "Order is erroneous").) What Plaintiff's Motion fails to acknowledge is that Magistrate Hixson's Order must be sustained unless Plaintiff meets his burden of demonstrating that the findings are "clearly erroneous or [] contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's resolution of a discovery dispute is "entitled to great deference." *Doubt v. NCR Corp.,* No. C 09–5917 SBA, 2011 WL 5914284, at *2 (N.D. Cal. Nov. 28, 2011). A finding of fact is "clearly erroneous" only "if the court is left with the definite and firm conviction that a mistake has been committed." *U.S. v. Real Prop. & Improvements Located at 2366 San Pablo Ave., Berkeley, Cal.*, No-CV-02027-JST, 2014 WL 325151, at *1 (N.D. Cal. Jan. 29, 2014) (quotations and citation omitted). In addition, a decision is contrary to law only "if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Id.*; *Alaimalo v. United States*, 645 F.3d 1042, 1060 (9th Cir. 2011) (Korman, J., dissenting) (for an order to be clearly erroneous, it must be "dead wrong" and appear so on first impression). "This standard of review is extremely deferential and the [m]agistrate's rulings should be considered the final decisions of the [d]istrict [c]ourt." *In re eBay Seller Antitrust Litig.*, No C 07-1882 JF (RS), 2009 WL 3613511, at *1 (N.D. Cal. Oct. 28, 2009). As Plaintiff's Motion falls woefully short of meeting this high standard, his Motion should be denied.

### B.  Magistrate Hixson's Order Correctly Held That Plaintiff is Seeking Irrelevant Materials

Magistrate Hixon's Order carefully assessed the twenty-one topics of testimony and twenty-four requests for production propounded by Plaintiff and found that the vast majority – in essence all but one topic and corollary document request – were irrelevant.[2] (Order at 6-7.) Magistrate Hixson correctly

---

[2] Magistrate Hixson ordered NEA to produce documents within 30 days of his order (April 8) and to provide a Rule 30(b)(6) representative by April 19, 2019, when discovery is to close. NEA is in the process of complying with the Order.

determined that what NEA knew about Min Zhu and his daughter is only relevant to the extent that it was shared with the City of Menlo Park. (Order at 4 ("In other words, even if it's true that NEA is sitting on a huge pile of damning evidence about Zhu and NEA's own complicity in dealing with him, so what?... Zhu and NEA's conduct is relevant, if at all, only to the extent the City knew about it and the information potentially influenced the City's approach to Zeleny's protests.").) Magistrate Hixson also considered the same argument Plaintiff raises here; namely, that broader discovery is allegedly necessary to enable Plaintiff to show that his protests have literary, political or artistic value, and consequently the cartoon depictions he planned on displaying should not be deemed obscene. (Order at 5.) In sensibly rejecting this proposition, Magistrate Hixson correctly reasoned that:

> [w]hether the cartoons have literary, political or artistic value and therefore are not obscene…does not turn on whether Zhu actually did rape his daughter or whether NEA is morally bankrupt in continuing to deal with him. The truth of those accusations is irrelevant because obscenity and defamation are simply different categories of proscribable speech…So, whatever documents or information NEA may have about the merits of Zeleny's protests, unless they were communicated to the City, would be irrelevant to both the obscenity inquiry and why the City took the actions it did.

(Order at 5.)

Plaintiff's Motion does not challenge any factual findings that Magistrate Hixson made. Nor does Plaintiff articulate any legal standard that the Magistrate incorrectly applied. Instead, Plaintiff seeks a modification of the Order because, he claims, it presents an issue of first impression; namely, that "truth" is relevant to an obscenity determination. (Motion at 3.) This assertion, however, is simply wrong. In particular, Plaintiff's Motion rests on the faulty premise that "factually false speech has no constitutionally redeeming value," and hence if Plaintiff is to defeat a hypothetical charge of obscenity, he must demonstrate the "truth" of his protests to bring them within the protections of the First Amendment. (Motion at 5.) The United States Supreme Court, however, has already squarely rejected this premise.

In *U.S. v. Alvarez*, 567 U.S. 709 (2012), the Supreme Court considered the constitutionality of the Stolen Valor Act of 2005, which provided for an enhanced penalty if an individual lied about receiving the Congressional Medal of Honor. *Id*. at 713, 716; 18 U.S.C. § 704. An individual indicted under the

Act challenged the statute as content-based suppression of pure speech. *Id.* at 716. The government, in defending the constitutionality of the statute, argued that "false statements 'have no First Amendment value in themselves,' and thus 'are protected only to the extent needed to avoid chilling fully protected speech.'" *Id.* at 716. In so doing, the government, like Plaintiff here, relied upon isolated statements from prior First Amendment decisions:

> [The Government] cites language from some of this Court's precedents to support its contention that false statements have no value and hence no First Amendment protection.... ***These isolated statements in some earlier decisions do not support the Government's submission that false statements, as a general rule, are beyond constitutional protection. That conclusion would take the quoted language far from its proper context.*** For instance, the Court has stated '[f]alse statements of fact are particularly valueless [because] they interfere with the truth-seeking function of the marketplace of ideas,' *Hustler Magazine, Inc. v. Falwell,* 485 U.S. 46, 52, 108 S.Ct. 876, 99 L.Ed.2d 41 (1988), and that false statements 'are not protected by the First Amendment in the same manner as truthful statements,' *Brown v. Hartlage,* 456 U.S. 45, 60–61, 102 S.Ct. 1523, 71 L.Ed.2d 732 (1982). *See also*, *e.g., Virginia Bd. of Pharmacy, supra,* at 771, 96 S.Ct. 1817 ('Untruthful speech, commercial or otherwise, has never been protected for its own sake'); *Herbert v. Lando,* 441 U.S. 153, 171, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979) ('Spreading false information in and of itself carries no First Amendment credentials'); *Gertz, supra,* at 340, 94 S.Ct. 2997 ('[T]here is no constitutional value in false statements of fact'); *Garrison v. Louisiana,* 379 U.S. 64, 75, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964) ('[T]he knowingly false statement and the false statement made with reckless disregard of the truth, do not enjoy constitutional protection').

*Id.* at 718-19 (emphasis added).

The Supreme Court, however, observed that the specific context in which these isolated statements had been made was critical, and that when viewed in context, they did not support the Government's position:

> These quotations all derive from cases discussing defamation, fraud, or some other legally cognizable harm associated with a false statement, such as an invasion of privacy or the costs of vexatious litigation…. In those decisions the falsity of the speech at issue was not irrelevant to our analysis, but neither was it determinative. ***The Court has never endorsed the categorical rule the Government advances: that false statements receive no First Amendment protection.***

*Id*. at 719 (emphasis added), 722 ("The Government has not demonstrated that false statements generally should constitute a new category of unprotected speech…."); *see also R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 383 (1992) (statements by Supreme Court that certain categories of speech "are not within the area of constitutionally protected speech" "must be taken in context…and are no more literally true than is the occasionally repeated shorthand characterizing obscenity as not being speech at all").

Thus, Magistrate Hixson's Order, far from being "dead wrong," *Alaimalo*, 645 F.3d at 1060, is entirely consistent with established First Amendment law. False statements are *not* without constitutional protection, and whether Plaintiff's cartoons or other aspects of his protest should be deemed obscene under *Miller v. California*, 413 U.S. 15, 24 (1973), does not turn on their "truth," as this is not a case involving claims of "defamation, fraud, or some other legally cognizable harm associated with a false statement, such as an invasion of privacy or the costs of vexatious litigation." *Alvarez*, 567 U.S. at 719.

Rather, under *Miller v. California* and its progeny, it is well-established that the relevant inquiry is (1) whether the content of the challenged speech, as judged by "the *average person*, applying contemporary community standards," (a) "taken as a whole, appeals to the prurient interest," and (b) "depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law;" and (2) whether a *reasonable person* would view the work, taken as a whole, as "lack[ing] serious literary, artistic, political, or scientific value." *Miller v. California*, 413 U.S. at 24; *Pope v. Illinois*, 481 U.S. 497, 500-501 (1987). In short, the test for obscenity is an *objective* test that is applied to the content of the challenged speech "taken as a whole," and unlike claims of fraud or defamation, it does not turn on, or even implicate, the "truth" of any matter that is asserted or portrayed. The discovery sought by Plaintiff to establish the "truth" of his protests against NEA is simply irrelevant to any determination of obscenity, and the Magistrate Judge did not err in so ruling. (Order at 5.)

## CONCLUSION

Magistrate Hixson correctly ruled that Plaintiff's Subpoena sought a host of irrelevant information. Nothing in Plaintiff's Motion comes close to demonstrating that the Order is contrary to law. This Court should deny Plaintiff's Motion for Relief and sustain Magistrate Hixson's Order.

**FOLEY & LARDNER LLP**

April 3, 2019

/s Roger A. Lane
Roger A. Lane
Attorney for New Enterprise Associates

## PROOF OF SERVICE

I hereby certify that on April 3, 2019, I electronically filed the foregoing document using the Court's CM/ECF system. I am informed and believe that the CM/ECF system will send a notice of electronic filing to the interested parties.

/s/ Roger A. Lane
Roger A. Lane