**TODD H. MASTER [SBN. 185881]**
tmaster@hrmrlaw.com
**HOWARD ROME MARTIN & RIDLEY LLP**
1900 O'Farrell Street, Suite 280
San Mateo, CA  94403
Telephone:     (650) 365-7715
Facsimile:     (650) 364-5297

Attorneys for Defendants
CITY OF MENLO PARK and
DAVE BERTINI

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA  94403
TELEPHONE (650) 365-7715

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| MICHAEL ZELENY, an individual | Case No. 17-cv-07357-RS |
| Plaintiff, | |
| vs. | **ANSWER OF DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI TO CORRECTED FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [Doc. 80]** |
| EDMUND G. BROWN, JR., an individual, in his official capacity, et al. | |
| Defendants. | |

COME NOW Defendants CITY OF MENLO PARK and DAVE BERTINI (collectively, "Answering Defendants" or "Menlo Park Defendants") and in answer to Plaintiff's Corrected First Amended Complaint on file herein ("Complaint") admit, deny and allege as follows:

**INTRODUCTION**

1.     Answering Defendants deny the allegations contained in Paragraph 1 of the Complaint.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

1    2.    Answering the allegations contained in Paragraphs 2, 3 and 4 of the Complaint,

2    Answering Defendants allege that they are without sufficient information or belief to enable them

3    to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the

4    allegations therein.

5    3.    Answering the allegations contained in Paragraph 5 of the Complaint, Answering

6    Defendants deny that they were enlisted by anyone to suppress plaintiff's speech or that they have

7    acted unlawfully against plaintiff.  Answering Defendants allege that they are without sufficient

8    information or belief to enable them to answer the remaining allegations of this Paragraph and,

9    basing their denial on that ground, deny the remaining allegations therein.

10    4.    Answering the allegations contained in Paragraph 6 of the Complaint, Answering

11    Defendants admit that the CITY OF MENLO PARK requires any and all persons wishing to film a

12    motion picture, television program, other video production, or entertainment event within the

13    public right-of-way to apply for and obtain a film permit from the CITY OF MENLO PARK.

14    Answering Defendants deny the remaining allegations in this Paragraph.

15    5.    Answering the allegations contained in Paragraph 7 of the Complaint, Answering

16    Defendants deny that they have violated or threatened to violate plaintiff's rights under the First,

17    Second, and Fourteenth Amendments to the United States Constitution and provisions of the

18    California State Constitution.  Answering Defendants deny any allegation that Answering

19    Defendants have unconstitutionally applied California statutes against plaintiff.  Answering

20    Defendants allege that they are without sufficient information or belief to enable them to answer

21    the remaining allegations of this Paragraph and, basing their denial on that ground, deny the

22    remaining allegations therein.

23    6.    Answering the allegations contained in Paragraph 8 of the Complaint, Answering

24    Defendants deny any allegation that they have unlawfully interpreted the California Penal Code as

25    applied to plaintiff.  Answering Defendants deny that the CITY OF MENLO PARK's adoption and

26    enforcement of municipal policy is a content-based restriction on plaintiff's protected speech.

_____
ANSWER OF DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI TO CORRECTED FIRST
AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; Case No. 17-cv-07357-RS    2

**HOWARD ROME MARTIN & RIDLEY LLP**
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

1   Answering Defendants allege that they are without sufficient information or belief to enable them

2   to answer the remaining allegations of this Paragraph and, basing their denial on that ground, deny

3   the remaining allegations therein.

4   **JURISDICTION AND VENUE**

5   7.   Answering the allegations contained in Paragraph 9 of the Complaint, Answering

6   Defendants allege that they are without sufficient information or belief to enable them to answer

7   the allegations of this Paragraph and, basing their denial on that ground, deny the allegations

8   therein.

9   8.   Answering Defendants admit the allegations contained in Paragraph 10 of the

10  Complaint.

11  9.   Answering the allegations contained in Paragraphs 11 and 12 of the Complaint,

12  Answering Defendants admit the content of the referenced code sections, but deny that plaintiff is

13  entitled to the declaratory and injunctive relief he seeks herein as against Answering Defendants.

14  10.   Answering the allegations contained in Paragraph 13 of the Complaint, Answering

15  Defendants admit the content of the referenced code section.

16  11.   Answering the allegations contained in Paragraph 14 of the Complaint, Answering

17  Defendants admit the content of the referenced code sections.

18  12.   Answering the allegations contained in Paragraph 15 of the Complaint, Answering

19  Defendants deny that they committed any unlawful acts.  Answering Defendants admit that their

20  lawful actions occurred in the State of California and within the Northern District of California.

21  Answering Defendants allege that they are without sufficient information or belief to enable them

22  to answer the remaining allegations of this Paragraph and, basing their denial on that ground, deny

23  the remaining allegations therein.

24  13.   Answering Defendants admit the allegations in Paragraph 16 of the Complaint.

25  / / /

26  / / /

---

ANSWER OF DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI TO CORRECTED FIRST
AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; Case No. 17-cv-07357-RS     3

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

## THE PARTIES

14.      Answering the allegations contained in Paragraph 17 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of this Paragraph and, basing their denial on that ground, deny the allegations therein.

15.      Answering the allegations contained in Paragraph 18 of the Complaint, Answering Defendants admit that Defendant Xavier Becerra is the Attorney General of the State of California. Answering Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of this Paragraph and, basing their denial on that ground, deny the allegations therein.

16.      Answering Defendants admit the allegations contained in Paragraph 19 of the Complaint.

17.      Answering the allegations contained in Paragraph 20 of the Complaint, Answering Defendants admit that Dave Bertini is the current Police Chief for the City of Menlo Park and that he acted in his official capacity as a member of the Menlo Park Police Department during the general time periods referenced in the Complaint.  Answering Defendants admit that Dave Bertini is a citizen and resident of the State of California and the Northern District of California. Answering Defendants deny the remaining allegations of this Paragraph.

18.      Answering the allegations contained in Paragraph 21 of the Complaint, Answering Defendants deny the unlawful acts and omissions alleged in the Complaint, but admit that Answering Defendants acted lawfully under color of state law. Answering Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of this Paragraph and, basing their denial on that ground, deny the remaining allegations therein.

19.      Answering the allegations contained in Paragraph 22 of the Complaint, Answering Defendants admit that New Enterprise Associates, Inc. has an office in the City of Menlo Park. Answering Defendants allege that they are without sufficient information or belief to enable them

1   to answer the remaining allegations of this Paragraph and, basing their denial on that ground, deny

2   the allegations therein.

3       20.     Answering the allegations contained in Paragraph 23 of the Complaint, Answering

4   Defendants deny that they violated Zeleny's constitutional rights or that they engaged in a

5   conspiracy with NEA for the purpose of violating same.

6                                          **FACTS**

7   **Min Zhu's Heinous Conduct**

8       21.     Answering the allegations contained in Paragraphs 24 through 27 of the Complaint,

9   Answering Defendants allege that they are without sufficient information or belief to enable them

10  to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the

11  allegations therein.

12  **Zeleny Becomes Aware of Min Zhu's Conduct**

13      22.     Answering the allegations contained in Paragraphs 28 through 31 of the Complaint,

14  Answering Defendants allege that they are without sufficient information or belief to enable them

15  to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the

16  allegations therein.

17  **NEA's Support of Min Zhu Despite Knowledge of the Allegations of His Conduct**

18      23.     Answering the allegations contained in Paragraphs 32 through 39 of the Complaint,

19  Answering Defendants allege that they are without sufficient information or belief to enable them

20  to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the

21  allegations therein.

22  **Zeleny's Protests Against Min Zhu and His Enablers**

23      24.     Answering the allegations contained in Paragraphs 40 through 45 of the Complaint,

24  Answering Defendants admit that plaintiff has performed demonstrations and protests within the

25  City of Menlo Park.  Answering Defendants allege that they are without sufficient information or

26

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

belief to enable them to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the allegations therein.

25.     Answering the allegations contained in Paragraph 46 of the Complaint, Answering Defendants admit that on some occasions plaintiff notified the City of Menlo Park's Police Department in advance of demonstrations and that, when asked, plaintiff complied with inspections of his weapons to confirm they were not loaded.  Answering Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of this Paragraph and, basing their denial on that ground, deny the remaining allegations therein.

26.     Answering the allegations contained in Paragraph 47 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of this Paragraph and, basing their denial on that ground, deny the allegations therein.

**The Attempts to Stifle Zeleny's Protests**

27.     Answering the allegations contained in Paragraphs 48 through 57 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the allegations therein.

**Participation of Law Enforcement in the Attempts to Stifle Zeleny's Protests**

28.     Answering Defendants admit the allegations contained in Paragraph 58 of the Complaint.

29.     Answering the allegations contained in Paragraph 59 of the Complaint, Answering Defendants admit that plaintiff was restricted from entering onto, or blocking access, to private property without the approval of the private property owner and that the City of Menlo Park Police Department lawfully enforced California law.   Answering Defendants deny the remaining allegations in this Paragraph.

HOWARD ROME MARTIN & RIDLEY LLP
1990 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

30.     Answering the allegations contained in Paragraph 60 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of this Paragraph and, basing their denial on that ground, deny the allegations therein.

31.     Answering the allegations contained in Paragraphs 61 and 62 of the Complaint, Answering Defendants admit that the District Attorney for the County of San Mateo filed charges against plaintiff.  Answering Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of these Paragraphs and, basing their denial on that ground, deny the allegations therein.

32.     Answering the allegations contained in Paragraphs 63 and 64 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the allegations therein.

**California Adopts "Open Carry" Restrictions for handguns and Non-handgun Firearms**

33.     Answering the allegations contained in Paragraph 65 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of this Paragraph and, basing their denial on that ground, deny the allegations therein.

34.     Answering the allegations contained in Paragraph 66 of the Complaint, Answering Defendants admit that California Penal Code section 26350 prohibits persons from openly carrying an unloaded handgun outside of a vehicle in a public place or public street in an unincorporated city or city and county.

35.     Answering the allegations contained in Paragraph 67 of the Complaint, Answering Defendants admit that California Penal Code section 26375 provides that California Penal Code section 26350 "does not apply to, or affect, the open carrying of an unloaded handgun by an authorized participant in, or an authorized employee or agent of a supplier of firearms for, a motion

picture, television or video production, or entertainment event, when the participant lawfully uses the handgun as part of that production or event, as part of rehearsing or practicing for participation in that production or event, or while the participant or authorized employee or agent is at that production or event, or rehearsal or practice for that production or event."

36.    Answering the allegations contained in Paragraph 68 of the Complaint, Answering Defendants admit that California Penal Code section 26400 provides that a "person is guilty of carrying an unloaded firearm that is not a handgun when that person carries upon his or her person an unloaded firearm that is not a handgun outside a vehicle" while in an "incorporated city or city and county, or in a public place or a public street in a prohibited area of an unincorporated area of a county." Answering Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of this paragraph and, basing their denial on that ground, deny the remaining allegations therein.

37.    Answering the allegations contained in Paragraph 69 of the Complaint, Answering Defendants admit that California Penal Code section 26405(r) provides that California Penal Code section 26400 does not apply to, or affect, the carrying of an unloaded firearm that is not a handgun "by an authorized participant in … a motion picture, television, or video production or entertainment event, when the participant lawfully uses that firearm as part of that production or event, as part of rehearsing or practicing for participation in that production or event, or while the participant or authorized employee or agent is at that production or event, or rehearsal or practice for that production or event."

38.    Answering the allegations contained in Paragraph 70 of the Complaint, Answering Defendants admit that California Penal Code section 25510 provides that California Penal Code section 25400 does not apply to the "possession of a firearm by an authorized participant in a motion picture, television, or video production, or an entertainment event, when the participant lawfully uses the firearm as part of that production or event, or while going directly to, or coming directly from, that production of event."

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**Zeleny's Efforts to Engage in Protected First and Second Amendment Activity**

39.    Answering the allegations contained in Paragraphs 71 through 77 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the allegations therein.

40.    Answering Defendants deny the allegations contained in Paragraph 78 of the Complaint.

**The City Threatens Further Prosecution in an Effort to Chill Zeleny's Protected Speech**

41.    Answering Defendants deny the allegations contained in Paragraphs 79 and 80 of the Complaint.

42.    Answering the allegations contained in Paragraph 81 of the Complaint, Answering Defendants admit that the City of Menlo Park requires any and all persons, including plaintiff, wishing to film a motion picture, television program, or other video production within the public right-of-way to apply for and obtain a film permit from the City of Menlo Park.  Answering Defendants deny the remaining allegations of this Paragraph.

43.    Answering Defendants deny the allegations contained in Paragraphs 82 and 83 of the Complaint.

44.    Answering the allegations contained in Paragraph 84 of the Complaint, Answering Defendants admit that plaintiff applied for a single Special Event permit, which was denied for multiple and identified reasons.  Answering Defendants deny the remaining allegations of this Paragraph.

45.    Answering Defendants deny the allegations contained in Paragraphs 85 through 87 of the Complaint.

46.    Answering the allegations contained in Paragraph 88 of the Complaint, Answering Defendants admit that Menlo Park City Manager Alex McIntyre and then Police Commander

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

1    David Bertini met with Plaintiff.  Answering Defendants deny the remaining allegations in this

2    Paragraph.

3         47.      Answering Defendants deny the allegations contained in Paragraphs 89 and 90 of

4    the Complaint.

5         48.      Answering the allegations contained in Paragraph 91 of the Complaint, Answering

6    Defendants deny that the City made unreasonable or unlawful demands upon plaintiff or that

7    plaintiff is a victim of content-based discrimination. Answering Defendants allege that they are

8    without sufficient information or belief to enable them to answer the remaining allegations of this

9    Paragraph and, basing their denial on that ground, deny the remaining allegations therein.

10                   **DECLARATORY RELIEF**

11         49.      Answering Defendants deny the allegations contained in Paragraphs 92 through 98

12    of the Complaint.

13                    **FIRST COUNT**

14    **(Violation of the First Amendment to the United States Constitution)**

15      **(Against Defendants the City of Menlo Park and Bertini)**

16         50.      Answering the allegations contained in Paragraph 99 of the Complaint, Answering

17    Defendants re-allege and incorporate by reference, as though fully set forth herein, their responses

18    to the allegations set forth in Paragraphs 1 through 98 of the Complaint.

19         51.      Answering the allegations contained in Paragraph 100 of the Complaint, Answering

20    Defendants admit that the First Amendment is applicable to the States and local governments.

21         52.      Answering Defendants deny the allegations contained in Paragraphs 101 through

22    104 of the Complaint.

23    / / /

24    / / /

25    / / /

26    / / /

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**SECOND COUNT**

**(Violation of the First and Fourteenth Amendments to the United States Constitution)**

**(Against Defendants the City of Menlo Park and Bertini)**

53.     Answering the allegations contained in Paragraph 105 of the Complaint, Answering Defendants re-allege and incorporate by reference, as though fully set forth herein, their responses to the allegations set forth in Paragraphs 1 through 104 of the Complaint.

54.     Answering the allegations contained in Paragraph 106 of the Complaint, Answering Defendants admit that the First Amendment is applicable to the States and local governments.

55.     Answering Defendants deny the allegations contained in Paragraphs 107 through 111 of the Complaint.

**THIRD COUNT**

**(Violation of the First and Second Amendments to the United States Constitution)**

**(Against Defendants the City of Menlo Park and Bertini)**

56.     Answering the allegations contained in Paragraph 112 of the Complaint, Answering Defendants re-allege and incorporate by reference, as though fully set forth herein, their responses to the allegations set forth in Paragraphs 1 through 111 of the Complaint.

57.     Answering the allegations contained in Paragraph 113 of the Complaint, Answering Defendants admit that the First and Second Amendments are applicable to the States and local governments.

58.     Answering Defendants deny the allegations contained in Paragraphs 114 through 122 of the Complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

## FOURTH COUNT

### (Violation of 42 U.S.C. §983)

### (Against Defendants the City of Menlo Park and Bertini)

59.     Answering the allegations contained in Paragraph 123 of the Complaint, Answering Defendants re-allege and incorporate by reference, as though fully set forth herein, their responses to the allegations set forth in Paragraphs 1 through 122 of the Complaint.

60.     Answering Defendants deny the allegations contained in Paragraphs 124 through 129 of the Complaint.

## FIFTH COUNT

### (Violation of the Fourteenth Amendment to the United States Constitution)

### (Against Defendants Becerra)

61.     Answering the allegations contained in Paragraph 130 of the Complaint, Answering Defendants re-allege and incorporate by reference, as though fully set forth herein, their responses to the allegations set forth in Paragraphs 1 through 129 of the Complaint.

62.     Answering Defendants deny the allegations contained in Paragraphs 131 through 134 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of these paragraphs, which are being alleged against other defendants and, basing their denial on that ground, deny the allegations therein.

## SIXTH COUNT

### (Conspiracy to Violate Civil Rights under 42 U.S.C. §1983)

### (Against Defendant NEA)

63.     Answering the allegations contained in Paragraph 135 of the Complaint, Answering Defendants re-allege and incorporate by reference, as though fully set forth herein, their responses to the allegations set forth in Paragraphs 1 through 134 of the Complaint.

64.     Answering Defendants deny the allegations contained in Paragraphs 136 through 141 of the Complaint.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA  94403
TELEPHONE (650) 365-7715

### SEVENTH COUNT

**(Conspiracy to Violate Civil Rights under 42 U.S.C. §1985)**

**(Against Defendant NEA)**

65.     Answering the allegations contained in Paragraph 142 of the Complaint, Answering Defendants re-allege and incorporate by reference, as though fully set forth herein, their responses to the allegations set forth in Paragraphs 1 through 141 of the Complaint.

66.     Answering Defendants deny the allegations contained in Paragraphs 143 through 146 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

These Answering Defendants allege that the Complaint fails to state a cause of action against these Answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

These Answering Defendants deny any wrongdoing, negligence or liability on their part but, should it be determined that these Answering Defendants are liable to Plaintiff, then these Answering Defendants allege that Plaintiff was also legally at fault, and possibly others as well, and thus any recovery that might otherwise be rendered against these Answering Defendants must be reduced by that percentage which reflects the comparative fault of others.

### THIRD AFFIRMATIVE DEFENSE

These Answering Defendants allege that Plaintiff acted with full knowledge of all the facts and circumstances surrounding his injuries and that said matters of which Plaintiff assumed the risk proximately contributed to and proximately caused his injuries, if any.

### FOURTH AFFIRMATIVE DEFENSE

These Answering Defendants allege their acts were necessary and privileged.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**FIFTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that, at all times relevant herein, Answering Defendants acted reasonably and without malice.

**SIXTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that each of the acts alleged to have been committed by them were committed in good faith and in the exercise of a good faith belief that said acts were proper and lawful and within their legal responsibility and discretion.

**SEVENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that the acts complained of occurred within the scope of their official duties and said Answering Defendants had no knowledge that said acts were illegal and/or unconstitutional, nor were said acts clearly violative of the Plaintiff's rights at the time they were committed.

**EIGHTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that Plaintiff was guilty of willful and gross carelessness, misconduct and negligence in and about the matters set forth in the Complaint, and that said willful and gross behavior proximately caused and contributed to the happening of the incident and to the injuries, loss and damages complained of, and Plaintiff's willful and gross behavior either bars or reduces any potential recovery.

**NINTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that Plaintiff, by his own conduct, induced and intentionally caused and brought about the conduct of which Plaintiff complains, and the injuries, loss and damages complained of, and Plaintiff's intentional conduct either bars or reduces any potential recovery.

**TENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that Plaintiff consented to the acts complained of in the Complaint and that said consent was both express and implied.

1

**ELEVENTH AFFIRMATIVE DEFENSE**

2          These Answering Defendants allege that each and every cause of action against individual

3     defendants alleged in the Complaint is barred by qualified immunity.

4

**TWELFTH AFFIRMATIVE DEFENSE**

5          These Answering Defendants allege that this Complaint is barred by the relevant portions

6     of the California Government Code, including, but not limited to, §§ 815, 815.2, 815.6, 818, 818.2,

7     818.4, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 820.9, 821, 821.2, 821.6, 821.8, 822.2, 844.6, and

8     845.

9

**THIRTEENTH AFFIRMATIVE DEFENSE**

10          These Answering Defendants contend that Plaintiff's cause of action is barred by virtue of

11     the doctrine of unclean hands.

12

**FOURTEENTH AFFIRMATIVE DEFENSE**

13          These Answering Defendants allege that Plaintiff has failed to mitigate the alleged

14     damages, if any, which he claims to have sustained, and his recovery, if any, should be barred or

15     diminished accordingly.

16

**FIFTEENTH AFFIRMATIVE DEFENSE**

17          These Answering Defendants contend that Plaintiff's action is frivolous, unreasonable and

18     without foundation and Answering Defendants are therefore entitled to attorneys' fees and costs

19     pursuant to 42 U.S.C. § 1988 and Code of Civil Procedure §§ 1021.7 and 1038.

20

**SIXTEENTH AFFIRMATIVE DEFENSE**

21          These Answering Defendants allege that they are entitled to absolute immunity.

22

**SEVENTEENTH AFFIRMATIVE DEFENSE**

23          These Answering Defendants allege that Plaintiff's cause of action is premature.

24

**EIGHTEENTH AFFIRMATIVE DEFENSE**

25          These Answering Defendants allege that Plaintiff has failed to exhaust his administrative

26     remedies before bringing his cause of action against Answering Defendants.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**NINETEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that Plaintiff's Complaint is barred, in whole or in part, because Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Answering Defendants or to avoid harm otherwise.

**TWENTIETH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that Plaintiff's claim for injunctive or other equitable relief is barred because Plaintiff has an adequate and complete remedy at law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

These Answering Defendants allege that each and every cause of action is barred by virtue of Plaintiff's failure to comply with the requirements of California Code of Civil Procedure §§ 335, et seq., including, but not limited to §§ 335.1, 340, 342 and 343.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

These Answering Defendants allege that each and every cause of action is barred by virtue of Plaintiff's failure to comply with the requirements of California Code of Civil Procedure §§ 312, 335, et seq., including, but not limited to §§ 335.1, 338, 340, 342 and 343.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

These Answering Defendants allege that each and every cause of action is barred by the applicable Statute of Limitation, including specifically the limitations period set forth in California Code of Civil Procedure §1094.6 which required plaintiff to challenge any City of Menlo Park decision in the appropriate court of competent jurisdiction within ninety (90) days, unless a shorter time is required by State or Federal law; and that if plaintiff believed any City of Menlo Park decision to have involved speech or expressive conduct entitled to protection by the First Amendment, any petition must have been served on the City of Menlo Park no later than twenty-one (21) calendar days following the challenged decision pursuant to California Code of Civil Procedure Section 1094.8.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

1    WHEREFORE, these Answering Defendants pray that Plaintiff take nothing by her

2 Complaint, for costs of suit herein, and for such other and further relief as to the Court may seem

3 reasonable and proper.

4 Date:  April 15, 2019                          HOWARD ROME MARTIN & RIDLEY LLP

5

6                                                By:  /s/ Todd H. Master_____
                                                      Todd H. Master
7                                                     Attorneys for Defendants
                                                      CITY OF MENLO PARK and
8                                                     DAVE BERTINI

9                        **<u>NOTICE OF INTENT TO SEEK ATTORNEYS' FEES</u>**

10 TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:

11    PLEASE TAKE NOTICE that Answering Defendants contend that Plaintiff's Complaint

12 was not filed nor maintained in good faith or with reasonable cause and that these Answering

13 Defendants are entitled to and intend to seek reasonable attorneys' fees from the Plaintiff and from

14 Plaintiff's attorneys of record, pursuant to Title 42 U.S.C. §1988 and Code of Civil Procedure

15 §§ 1021.7 and 1038.

16 Date:  April 15, 2019                          HOWARD ROME MARTIN & RIDLEY LLP

17

18                                               By:  /s/ Todd H. Master_____
                                                      Todd H. Master
19                                                    Attorneys for Defendants
                                                      CITY OF MENLO PARK and
20                                                    DAVE BERTINI

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

_____
ANSWER OF DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI TO CORRECTED FIRST
AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; Case No. 17-cv-07357-RS          17

1

## **<u>JURY DEMAND</u>**

2

These Answering Defendants hereby demand a trial by jury in this action.

3

Date:  April 15, 2019                              HOWARD ROME MARTIN & RIDLEY LLP

4

5

By:  /s/ Todd H. Master _____

6                              Todd H. Master
                             Attorneys for Defendants
7                              CITY OF MENLO PARK and
                             DAVE BERTINI

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE: (650) 365-7715

_____
ANSWER OF DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI TO CORRECTED FIRST
AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; Case No. 17-cv-07357-RS        18