1  THOMAS S. BROWN, CA Bar No. 178620
     tsbrown@foley.com
2  NICHOLAS P. HONKAMP, CA Bar No. 261299
     nhonkamp@foley.com
3  **FOLEY & LARDNER LLP**
4  555 CALIFORNIA STREET
   SUITE 1700
5  SAN FRANCISCO, CA 94104-1520
   TELEPHONE:  415.434.4484
6  FACSIMILE:   415.434.4507

7  ROGER A. LANE (admitted *pro hac vice*)
     rlane@foley.com
8  COURTNEY WORCESTER (admitted *pro hac vice*)
     cworcester@foley.com
9
   **FOLEY & LARDNER LLP**
10 111 HUNTINGTON AVENUE
   BOSTON, MA 02199
11 TELEPHONE:  617.342.4000
   FACSIMILE:   617.342.4001
12

13 Attorneys for New Enterprise Associates, Inc.

14

15

16

17              **UNITED STATES DISTRICT COURT**

18             **NORTHERN DISTRICT OF CALIFORNIA**

19

20 Michael Zeleny,                        Case No. 17-cv-07357-RS

21                         Plaintiff,     **DECLARATION OF ROGER A. LANE IN
                                          SUPPORT OF NEA'S MOTION TO DISMISS
22          vs.                           PLAINTIFF'S CORRECTED FIRST
                                          AMENDED COMPLAINT**
23 Edmund G. Brown, Jr., et al.,
                                          Date:      June 13, 2019
24                         Defendants.    Time:      1:30 p.m.
                                          Courtroom: 3, 17th Floor
25

26

27

28
                                          DECLARATION OF ROGER A. LANE ISO NEA'S MOTION TO DISMISS
                                                                       Case No. 17-cv-07357-RS

4825-5196-4310.1

I, Roger A. Lane, declare and state as follows:

1. I am an attorney licensed to practice in Massachusetts, and a partner with Foley & Lardner LLP, counsel for New Enterprise Associates, Inc. ("NEA").  I make this declaration based on my own personal knowledge, except as to these matters stated on information and belief, which I believe to be true.  If called as a witness, I could competently testify to the matters stated herein.

1. Attached as **Exhibit A** is a true and correct copy of Form Interrogatories – General, served by Michael Zeleny in *New Enterprise Associates, Inc. v. Zeleny*, Case No. CIV 499465 (California Superior Court, County of San Mateo).

2. Attached as **Exhibit B** is a true and correct copy of New Enterprise Associates, Inc.'s Objections and Second Supplemental Responses to Defendant's Form Interrogatories, served on September 14, 2011, in *New Enterprise Associates, Inc. v. Zeleny*, Case No. CIV 499465 (California Superior Court, County of San Mateo).

3. Attached as **Exhibit C** is a true and correct copy of a Subpoena to Testify at a Deposition in a Civil Action dated December 13, 2018, that was issued by the Plaintiff in this action, Michael Zeleny, to NEA.

4. Attached as **Exhibit D** is a true and correct copy of Notice of Entry of Judgment and Permanent Injunction, dated September 22, 2011, entered in *New Enterprise Associates, Inc. v. Zeleny*, Case No. Civ. 499465 (California Superior Court, County of San Mateo).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 8th day of May, 2019 at Boston, Massachusetts.

May 8, 2019

By _____
Roger A. Lane

DECLARATION OF ROGER A. LANE ISO NEA'S MOTION TO DISMISS
Case No. 17-cv-07357-RS

2

4825-5196-4310.1

1

**PROOF OF SERVICE**

2

I hereby certify that on May 9, 2019, I electronically filed the foregoing document using the Court's CM/ECF system.  I am informed and believe that the CM/ECF system will send a notice of

3

electronic filing to the interested parties.

4

5

/s/ Roger A. Lane
Roger A. Lane

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ROGER A. LANE ISO NEA'S MOTION TO DISMISS
Case No. 17-cv-07357-RS

4825-5196-4310.1

# EXHIBIT A

FI-120

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
David W. Affeld, SBN 123922
Affeld Grivakes Zucker LLP
12400 Wilshire Boulevard, Suite 1180, Los Angeles, CA 90025
TELEPHONE NO.:   (310) 979-8700
FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:   Defendant Michael Zeleny

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Mateo

SHORT TITLE OF CASE:   New Enterprise Associates, Inc. v. Zeleny

| FORM INTERROGATORIES—GENERAL | CASE NUMBER: |
|---|---|
| Asking Party:  Defendant Michael Zeleny<br>Answering Party:  Plaintiff New Enterprise Associates, Inc.<br>Set No.:  One | 499465 |

## Sec. 1. Instructions to All Parties

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil actions.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

## Sec. 2. Instructions to the Asking Party

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form *Interrogatories—Economic Litigation* (form FI-129), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of INCIDENT in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions–Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

## Sec. 3. Instructions to the Answering Party

(a)  An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____        _____
         *(DATE)*                          *(SIGNATURE)*

## Sec. 4. Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

☐  (1)  **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Form Approved for Optional Use
Judicial Council of California
FI-120 [Rev. January 1, 2008]

**FORM INTERROGATORIES—GENERAL**

Code of Civil Procedure,
§§ 2030.010-2030.410, 2033.710
www.courtinfo.ca.gov

FI-120

☑ **(2)   INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

The alleged trespasses by Michael Zeleny at 2855 Sand Hill Road, Menlo Park CA, on or about October 27, 2009; September 28-30, 2010; and October 1, 4, 6, and 7, 2010.

**(b) YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

**(c) PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**(d) DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

**(e) HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

**(f) ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**
The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form FI-128]*
101.0 Economic Litigation *[See separate form FI-129]*
200.0 Employment Law *[See separate form FI-130]*
Family Law *[See separate form 1292.10]*

**1.0 Identity of Persons Answering These Interrogatories**

☑ 1.1 State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. *(Do not identify anyone who simply typed or reproduced the responses.)*

**2.0 General Background Information—Individual**

☐ 2.1 State:
(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

☐ 2.2 State the date and place of your birth.

☐ 2.3 At the time of the INCIDENT, did you have a driver's license? If so state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☐ 2.4 At the time of the INCIDENT, did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☐ 2.5 State:
(a) your present residence ADDRESS;
(b) your residence ADDRESSES for the past five years; and
(c) the dates you lived at each ADDRESS.

☐ 2.6 State:
(a) the name, ADDRESS, and telephone number of your present employer or place of self-employment; and
(b) the name, ADDRESS, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the INCIDENT until today.

☐ 2.7 State:
(a) the name and ADDRESS of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

☐ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

☐ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☐ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

Page 2 of 8

**FORM INTERROGATORIES—GENERAL**

FI-120

☐ 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON**? If so, state:
(a) the name, **ADDRESS**, and telephone number of that **PERSON**; and
(b) a description of your duties.

☐ 2.12 At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT**? If so, for each person state:
(a) the name, **ADDRESS**, and telephone number;
(b) the nature of the disability or condition; and
(c) the manner in which the disability or condition contributed to the occurrence of the **INCIDENT**.

☐ 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a) the name, **ADDRESS**, and telephone number;
(b) the nature or description of each substance;
(c) the quantity of each substance used or taken;
(d) the date and time of day when each substance was used or taken;
(e) the **ADDRESS** where each substance was used or taken;
(f) the name, **ADDRESS**, and telephone number of each person who was present when each substance was used or taken; and
(g) the name, **ADDRESS**, and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

## 3.0 General Background Information—Business Entity

☑ 3.1 Are you a corporation? If so, state:
(a) the name stated in the current articles of incorporation;
(b) all other names used by the corporation during the past 10 years and the dates each was used;
(c) the date and place of incorporation;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

☑ 3.2 Are you a partnership? If so, state:
(a) the current partnership name;
(b) all other names used by the partnership during the past 10 years and the dates each was used;
(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d) the name and **ADDRESS** of each general partner; and
(e) the **ADDRESS** of the principal place of business.

☑ 3.3 Are you a limited liability company? If so, state:
(a) the name stated in the current articles of organization;
(b) all other names used by the company during the past 10 years and the date each was used;
(c) the date and place of filing of the articles of organization;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

☑ 3.4 Are you a joint venture? If so, state:
(a) the current joint venture name;
(b) all other names used by the joint venture during the past 10 years and the dates each was used;
(c) the name and **ADDRESS** of each joint venturer; and
(d) the **ADDRESS** of the principal place of business.

☑ 3.5 Are you an unincorporated association?
If so, state:
(a) the current unincorporated association name;
(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c) the **ADDRESS** of the principal place of business.

☑ 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a) the name;
(b) the dates each was used;
(c) the state and county of each fictitious name filing; and
(d) the **ADDRESS** of the principal place of business.

☑ 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a) identify the license or registration;
(b) state the name of the public entity; and
(c) state the dates of issuance and expiration.

## 4.0 Insurance

☑ 4.1 At the time of the **INCIDENT**, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT**? If so, for each policy state:
(a) the kind of coverage;
(b) the name and **ADDRESS** of the insurance company;
(c) the name, **ADDRESS**, and telephone number of each named insured;
(d) the policy number;
(e) the limits of coverage for each type of coverage contained in the policy;
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g) the name, **ADDRESS**, and telephone number of the custodian of the policy.

☑ 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT**? If so, specify the statute.

## 5.0 *[Reserved]*

## 6.0 Physical, Mental, or Emotional Injuries

☐ 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT**? *(If your answer is "no," do not answer interrogatories 6.2 through 6.7).*

☐ 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

Page 3 of 8

FI-120

**6.3** Do you still have any complaints that you attribute to the **INCIDENT**? If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

**6.4** Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT**? If so, for each **HEALTH CARE PROVIDER** state:
(a) the name, **ADDRESS**, and telephone number;
(b) the type of consultation, examination, or treatment provided;
(c) the dates you received consultation, examination, or treatment; and
(d) the charges to date.

**6.5** Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT**? If so, for each medication state:
(a) the name;
(b) the **PERSON** who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

**6.6** Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, **ADDRESS**, and telephone number of each provider.

**6.7** Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT**? If so, for each injury state:
(a) the name and **ADDRESS** of each **HEALTH CARE PROVIDER**;
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

**7.0 Property Damage**

**7.1** Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT**? If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d) if the property was sold, state the name, **ADDRESS**, and telephone number of the seller, the date of sale, and the sale price.

**7.2** Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a) the name, **ADDRESS**, and telephone number of the **PERSON** who prepared it and the date prepared;
(b) the name, **ADDRESS**, and telephone number of each **PERSON** who has a copy of it; and
(c) the amount of damage stated.

**7.3** Has any item of property referred to in your answer to Interrogatory 7.1 been repaired? If so, for each item state:
(a) the date repaired;
(b) a description of the repair;
(c) the repair cost;
(d) the name, **ADDRESS**, and telephone number of the **PERSON** who repaired it;
(e) the name, **ADDRESS**, and telephone number of the **PERSON** who paid for the repair.

**8.0 Loss of Income or Earning Capacity**

**8.1** Do you attribute any loss of income or earning capacity to the **INCIDENT**? (If your answer is "no," do not answer interrogatories 8.2 through 8.8).

**8.2** State:
(a) the nature of your work;
(b) your job title at the time of the **INCIDENT**; and
(c) the date your employment began.

**8.3** State the last date before the **INCIDENT** that you worked for compensation.

**8.4** State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

**8.5** State the date you returned to work at each place of employment following the **INCIDENT**.

**8.6** State the dates you did not work and for which you lost income as a result of the **INCIDENT**.

**8.7** State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

**8.8** Will you lose income in the future as a result of the **INCIDENT**? If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

FI-120 [Rev. January 1, 2008]     **FORM INTERROGATORIES—GENERAL**

FI-120

**9.0  Other Damages**

☑ 9.1  Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state:
(a) the nature;
(b) the date it occurred;
(c) the amount; and
(d) the name, ADDRESS, and telephone number of each PERSON to whom an obligation was incurred.

☑ 9.2  Do any DOCUMENTS support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**10.0  Medical History**

☐ 10.1  At any time before the INCIDENT did you have complaints or injuries that involved the same part of your body claimed to have been injured in the INCIDENT? If so, for each state:

(a) a description of the complaint or injury;
(b) the dates it began and ended; and
(c) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER whom you consulted or who examined or treated you.

☐ 10.2  List all physical, mental, and emotional disabilities you had immediately before the INCIDENT. *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

☐ 10.3  At any time after the INCIDENT, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:

(a) the date and the place it occurred;
(b) the name, ADDRESS, and telephone number of any other PERSON involved;
(c) the nature of any injuries you sustained;
(d) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER who you consulted or who examined or treated you; and
(e) the nature of the treatment and its duration.

**11.0  Other Claims and Previous Claims**

☐ 11.1  Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

(a) the date, time, and place and location (closest street ADDRESS or intersection) of the INCIDENT giving rise to the action, claim, or demand;
(b) the name, ADDRESS, and telephone number of each PERSON against whom the claim or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;
(d) the name, ADDRESS, and telephone number of any attorney representing you;
(e) whether the claim or action has been resolved or is pending; and
(f) a description of the injury.

☐ 11.2  In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:
(a) the date, time, and place of the INCIDENT giving rise to the claim;
(b) the name, ADDRESS, and telephone number of your employer at the time of the injury;
(c) the name, ADDRESS, and telephone number of the workers' compensation insurer and the claim number;
(d) the period of time during which you received workers' compensation benefits;
(e) a description of the injury;
(f) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who provided services; and
(g) the case number at the Workers' Compensation Appeals Board.

**12.0  Investigation—General**

☑ 12.1  State the name, ADDRESS, and telephone number of each individual:
(a) who witnessed the INCIDENT or the events occurring immediately before or after the INCIDENT;
(b) who made any statement at the scene of the INCIDENT;
(c) who heard any statements made about the INCIDENT by any individual at the scene; and
(d) who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the INCIDENT (except for expert witnesses covered by Code of Civil Procedure section 2034).

☑ 12.2  Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the INCIDENT? If so, for each individual state:
(a) the name, ADDRESS, and telephone number of the individual interviewed;
(b) the date of the interview; and
(c) the name, ADDRESS, and telephone number of the PERSON who conducted the interview.

☑ 12.3  Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT? If so, for each statement state:
(a) the name, ADDRESS, and telephone number of the individual from whom the statement was obtained;
(b) the name, ADDRESS, and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained; and
(d) the name, ADDRESS, and telephone number of each PERSON who has the original statement or a copy.

**FORM INTERROGATORIES—GENERAL**

FI-120

☑ 12.4  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;
(b) the places, objects, or persons photographed, filmed, or videotaped;
(c) the date the photographs, films, or videotapes were taken;
(d) the name, **ADDRESS**, and telephone number of the individual taking the photographs, films, or videotapes; and
(e) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

☑ 12.5  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the **INCIDENT**? If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);
(b) the subject matter; and
(c) the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

☑ 12.6  Was a report made by any **PERSON** concerning the **INCIDENT**? If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;
(b) the date and type of report made;
(c) the name, **ADDRESS**, and telephone number of the **PERSON** for whom the report was made; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the report.

☑ 12.7  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT**? If so, for each inspection state:

(a) the name, **ADDRESS**, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and
(b) the date of the inspection.

## 13.0  Investigation—Surveillance

☑ 13.1  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:

(a) the name, **ADDRESS**, and telephone number of the individual or party;
(b) the time, date, and place of the surveillance;
(c) the name, **ADDRESS**, and telephone number of the individual who conducted the surveillance; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

☑ 13.2  Has a written report been prepared on the surveillance? If so, for each written report state:

(a) the title;
(b) the date;
(c) the name, **ADDRESS**, and telephone number of the individual who prepared the report; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy.

## 14.0  Statutory or Regulatory Violations

☑ 14.1  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT**? If so, identify the name, **ADDRESS**, and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

☑ 14.2  Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT**? If so, for each **PERSON** state:

(a) the name, **ADDRESS**, and telephone number of the **PERSON**;
(b) the statute, ordinance, or regulation allegedly violated;
(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and
(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

## 15.0  Denials and Special or Affirmative Defenses

☑ 15.1  Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;
(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

## 16.0  Defendant's Contentions—Personal Injury

☐ 16.1  Do you contend that any **PERSON**, other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON**:

(a) state the name, **ADDRESS**, and telephone number of the **PERSON**;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.2  Do you contend that plaintiff was not injured in the **INCIDENT**? If so:

(a) state all facts upon which you base your contention;
(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

Page 6 of 8

FI-120

16.3   Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the INCIDENT? If so, for each injury:

(a) identify it;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.4  Do you contend that any of the services furnished by any HEALTH CARE PROVIDER claimed by plaintiff in discovery proceedings thus far in this case were not due to the INCIDENT? If so:

(a) identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.5   Do you contend that any of the costs of services furnished by any HEALTH CARE PROVIDER claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a) identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.6  Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the INCIDENT? If so:

(a) identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.7   Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the INCIDENT? If so:

(a) identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.8  Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a) identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.9   Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the INCIDENT by a plaintiff in this case? If so, for each plaintiff state:

(a) the source of each DOCUMENT;
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

16.10  Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a HEALTH CARE PROVIDER not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:

(a) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER;
(b) a description of each DOCUMENT; and
(c) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**17.0 Responses to Request for Admissions**

17.1  Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and
(d) identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

**18.0** *[Reserved]*
**19.0** *[Reserved]*
**20.0 How the Incident Occurred—Motor Vehicle**

20.1  State the date, time, and place of the INCIDENT (closest street ADDRESS or intersection).

20.2   For each vehicle involved in the INCIDENT, state:
(a) the year, make, model, and license number;
(b) the name, ADDRESS, and telephone number of the driver;

Page 7 of 8

FI-120

(c) the name, **ADDRESS**, and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS**, and telephone number of each registered owner;

(e) the name, **ADDRESS**, and telephone number of each lessee;

(f) the name, **ADDRESS**, and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT**, and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT**.

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT**.

☐ 20.6 Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the **INCIDENT**? If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the **INCIDENT**.

☐ 20.8 State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the **INCIDENT**;
(b) at the time of the **INCIDENT**; and (c) just after the **INCIDENT**.

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and
(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.11 State the name, **ADDRESS**, and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT**.

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

☐ 50.1 For each agreement alleged in the pleadings:
(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(b) state each part of the agreement not in writing, the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;
(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(e) state each modification not in writing, the date, and the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;
(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**.

☐ 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☐ 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☐ 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☐ 50.5 Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

☐ 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

1                  <u>PROOF OF SERVICE</u>

2

3    STATE OF CALIFORNIA      )

                                  )   ss.

    COUNTY OF LOS ANGELES   )

4

5             I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, California, and am not a party to the within action; my business address is Affeld Grivakes Zucker LLP, 12400 Wilshire Boulevard, Suite 1180, Los Angeles, California 90025. On July 13, 2011, I served the following document described as **FIRST SET OF FORM INTERROGATORIES PROPOUNDED BY DEFENDANT MICHAEL ZELENY TO PLAINTIFF NEW ENTERPRISE ASSOCIATES, INC. - 1ST SET** on the interested parties in this action as follows:

8

9             Robert B. Hawk

             Kristi K. Elder

             Nimrod H. Aviad

10          525 University Avenue, 4th Floor

             Palo Alto CA 94301

11          robert.hawk@hoganlovells.com

             kris.elder@hoganlovells.com

12          nimi.aviad@hoganlovells.com

13

14    _____    BY MAIL - By placing a true copy thereof enclosed in a sealed envelope addressed as stated in the attached service list. I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

15

16    <u>XXXXX</u>    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

19

20    _____    (BY FACSIMILE) At approximately <u>11:00</u> a.m., I sent the foregoing document by facsimile transmission from Affeld Grivakes Zucker LLP, facsimile machine telephone number (310) 979-8701, to counsel identified above at facsimile machine numbers identified above. The transmissions were reported as complete and without error. Copies of the transmission reports, properly issued by the transmitting facsimile machine, are attached to this proof of service.

23    __X__    By transmitting pdf copies via e-mail to the addresses indicated.

24    <u>XXXXX</u>    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

25

26            Executed on July 13, 2011, at Lake Arrowhead, California.

27    <u>David W. Affeld</u>              _____

    Type or Print Name            Signature

28

-9-

# EXHIBIT B

1  HOGAN LOVELLS US LLP
   Robert B. Hawk (Bar No. 118054)
2  Kristi K. Elder (Bar No. 231996)
   Nimrod Haim Aviad (Bar No. 259705)
3  525 University Avenue, 4th Floor
   Palo Alto, California 94301
4  Telephone:    (650) 463-4000
   Facsimile:    (650) 463-4199
5  robert.hawk@hoganlovells.com
   kris.elder@hoganlovells.com
6  nimi.aviad@hoganlovells.com

7  Attorneys for Plaintiff
   NEW ENTERPRISE ASSOCIATES, INC.

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                     COUNTY OF SAN MATEO

11

12  New Enterprise Associates, Inc.,        Case No.  CIV 499465

13              Plaintiff,                    Complaint filed:  October 5, 2010

14        v.                                  **NEW ENTERPRISE ASSOCIATES, INC.'S
                                              OBJECTIONS AND SECOND
15  Michael Zeleny and DOES 1-25,            SUPPLEMENTAL RESPONSES TO
                                              DEFENDANT'S FORM
16              Defendants.                   INTERROGATORIES**

17

18

19

20  PROPOUNDING PARTY:        Defendant Michael Zeleny

21  RESPONDING PARTY:         Plaintiff New Enterprise Associates, Inc.

22  SET NO.:                  Form Interrogatories, Set One

23

24

25

26

27

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO

NEA'S OBJECTIONS & 2ND SUPP. RESPONSES TO DEFENDANT'S FORM INTERROGATORIES;
CASE NO. 499465

\\034826/000008 - 99901 v1

Pursuant to California Code of Civil Procedure ("C.C.P.") Sections 2030.010 through 2030.410, Plaintiff New Enterprise Associates, Inc. ("NEA") hereby objects and supplements its responses to Defendant Michael Zeleny's ("Zeleny") first set of Form Interrogatories ("Interrogatories") as follows:

## GENERAL OBJECTIONS

NEA asserts the following general objections and incorporates them as part of its objections and supplementary responses to each and every Interrogatory:

1.     NEA objects to the Interrogatories to the extent that they seek to impose obligations beyond those required by the California Code of Civil Procedure, including, without limitation, by calling for information that is not reasonably calculated to lead to the discovery of admissible evidence.

2.     NEA objects to the Interrogatories, and to each of them, to the extent that they or it purport(s) to require NEA to identify facts, documents or persons other than those presently known to it or ascertainable through the exercise of reasonable diligence.  To that extent, the Interrogatories are overly broad, unduly burdensome and oppressive, and purport to impose on NEA discovery obligations beyond what is required by applicable sections of the C.C.P.  NEA objects to the Interrogatories, and each of them, to the extent that they purport to seek information not in the custody or control of NEA.  Similarly, NEA objects to each of the interrogatories to the extent that it seeks information equally available to the propounding party, or made available through public record.

3.     NEA objects to each and every Interrogatory to the extent that such Interrogatory seeks information that is not relevant to the claims or defenses in this action and exceeds the bounds of permissible discovery.  By responding to these Interrogatories, NEA does not concede the relevance or materiality of the information sought by the Interrogatories or of the subject matter to which the Interrogatories refer.  NEA's responses to the Interrogatories are made expressly subject to, and without waiving or intending to waive, any questions or objections as to competence, relevance, materiality, privilege or other questions concerning admissibility in any

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO

NEA'S OBJECTIONS & 2ND SUPP. RESPONSES TO DEFENDANT'S FORM INTERROGATORIES;
CASE NO. 499465

\\034826\000008 - 99901 v1                                                2

1  proceeding.

2      4.    NEA objects to the Interrogatories, and each of them, to the extent that they or it

3  seek(s) privileged or protected information, including, without limitation, information protected

4  from disclosure by the attorney-client privilege, the attorney work-product doctrine or any other

5  applicable privilege, protection, doctrine or immunity.  NEA further objects to each Interrogatory

6  to the extent that it would result in  the disclosure of information in violation of privacy rights

7  protected under Article 1, Section 1 of the California Constitution, or any other constitutional,

8  statutory, or common law right of privacy.  To the extent that any Interrogatory seeks such

9  privileged or protected information, NEA will not knowingly provide it.  Moreover, to the extent

10  NEA inadvertently provides information protected from disclosure, NEA does not waive its right,

11  pursuant to the C.C.P. and other applicable provisions of law, to assert those privileges,

12  protections and/or objections to disclosure and to seek prompt return of any such information.

13      5.    NEA objects to the Interrogatories, and each of them, to the extent that they or it

14  seek(s) disclosure of sensitive, confidential or proprietary business information and/or trade secret

15  information pursuant to California Civil Code Section 3426 *et seq.*, and /or applicable state and

16  federal common law absent the entry of a suitable confidentiality protective order.

17      6.    NEA objects to the definition of **"YOU OR ANYONE ACTING ON YOUR**

18  **BEHALF"** and to each and every Interrogatory incorporating the term, as vague and ambiguous.

19  As the term is defined, it is impossible to know all the people and entities that might be

20  encompassed within its definition.  NEA further objects to the definition to the extent that it

21  purports to require the production of information protected from disclosure by the attorney-client

22  privilege, the work-product doctrine, the constitutional right of personal privacy or other

23  applicable privilege or protection.

24      7.    In preparing these responses, NEA has reviewed all the information reasonably

25  available to it and drawn on all of its pretrial investigation completed to date.  Discovery will

26  continue as long as permitted by court order, statute or stipulation of the parties, and the

27  investigation of NEA, its attorneys, and its agents will continue to and throughout the time of

28  trial.  NEA specifically reserves the right, at time of trial, to introduce any evidence from any

NEA'S OBJECTIONS & 2ND SUPP. RESPONSES TO DEFENDANT'S FORM INTERROGATORIES;
CASE NO. 499465

\\\034826\000008 - 99901 v1

3

1  source which may be discovered after these responses are served.

2  <u>OBJECTIONS AND RESPONSES TO INTERROGATORIES</u>

3  Subject to the General Objections, which are incorporated into each of the following

4  responses to individual Interrogatory, NEA further responds to the individual Interrogatories as

5  follows:

6  <u>ORIGINAL RESPONSE TO FORM INTERROGATORY NO. 9.1:</u>

7  NEA incurred damages relating to the private security services NEA retained as a direct

8  result of Mr. Zeleny's trespass, while he was carrying weapons and ammunition, on NEA's

9  property in September and October 20 10. The damages relating to additional security measures

10  include fees and expenses of Platinum Protection Group, LLC, 801 8 E. Santa Ana Canyon Road,

11  Suite 100-162, Anaheim Hills, CA 92808, (800) 824-1 097, and its employee, Robert Chandler.

12  In addition, NEA incurred additional expense relating to its obligation to reimburse the office

13  complex's property management company for the services of Command Security Corporation,

14  P.O. Box 340, 1133 Route 55, Lagrangeville, New York 12540 (877) 305-8254, which provided

15  additional security for the office complex where NEA's offices at 2855 Sand Hill Road, Menlo

16  Park, California are located. The total amount of damages relating to additional security

17  measures is approximately $16,000.

18  In addition, NEA retained a professional videographer from Barna Private Investigations

19  & Security, Inc., P.O. Box 883, Saratoga, California 95071 (408) 446-9500, to monitor Mr.

20  Zeleny while he was on NEA's property in September and October 2010. NEA incurred

21  approximately $6000 in expense for those services.

22  NEA also was damaged as a result of the disruption caused by Mr. Zeleny's protest in

23  September and October 2010. Included as items of damage in this regard, are the time and

24  associated expenses of NEA administrative personnel being diverted from their normal job

25  responsibilities to deal with issues relating to Mr. Zeleny's trespass. Such damages total

26  approximately $33,000.

27

28

**FIRST SUPPLEMENTAL RESPONSE TO FORM INTERROGATORY NO. 9.1:**

NEA incorporates in full its General Objections.  Subject to and without waiving those objections, NEA responds:

The following NEA administrative personnel worked additional time and/or lost productive time due to Mr. Zeleny's trespass: Tammy Gravelle, Vivien Faries, Trina Lundstrom, Amanda Roche, and Annie Metheany-Pyle.  All may be reached through NEA's counsel of record.

Individual security guards who provided services to NEA because of Zeleny's trespass include: Bob Chandler, Tommy Winston, Fred Kennerley, Dwight Hall, and Jesse Dixon. All may be reached through Platinum Protection Group, LLC, 8018 E. Santa Ana Canyon Road, Suite 100-162, Anaheim Hills, CA 92808, (800) 824-1097.

**SECOND SUPPLEMENTAL RESPONSE TO FORM INTERROGATORY NO. 9.1:**

The following individuals provided videography services on behalf of Barna Private Investigations & Security, Inc.: John Luna and Archie Labine.  Both may be reached through Barna Private Investigations & Security, Inc., P.O. Box 883, Saratoga, California 95071 (408) 446-9500.

**ORIGINAL RESPONSE TO FORM INTERROGATORY NO. 12.1:**

NEA incorporates in full its General Objections.  NEA further objects to defendant's broad use of a form interrogatory developed and more appropriate for a different context and type of lawsuit than the one here involving a single trespass claim.

Subject to and without waiving those objections, NEA responds: Individuals who witnessed Mr. Zeleny's trespass on NEA Property, include, but are not limited to, Tammy Gravelle, Robert Chandler, Annie Metheany-Pyle, and Jake Nunn, all of who may be reached through NEA's counsel. In addition, various members of the Menlo Park Police Department, including, but not limited to, Sergeant Prickett, Officer Bracket and Commander Kaufman. Michael Casey and Bill Lemos of the Rosewood Hotel also witnessed Mr. Zeleny's trespass on NEA's Property.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
PALO ALTO

NEA'S OBJECTIONS & 2ND SUPP. RESPONSES TO DEFENDANT'S FORM INTERROGATORIES;
CASE NO. 499465

\\\03482\6\000008 - 99901 v1

5

1  <u>FIRST SUPPLEMENTAL RESPONSE TO FORM INTERROGATORY NO. 12.1:</u>

2       NEA incorporates in full its General Objections.  NEA further objects to defendant's

3  broad use of a form interrogatory developed and more appropriate for a different context and type

4  of lawsuit than the one here involving a single trespass claim.  NEA further objects to this

5  interrogatory on the grounds that responding to it is unduly burdensome and impractical under the

6  circumstances: Mr. Zeleny trespassed over a number of days for hours each day and himself has

7  testified that he observed two to three dozen persons each day.   Subject to and without waiving

8  those objections, NEA responds:

9       In addition to those individuals listed in NEA's previous response to Form Interrogatory

10  12.1, individuals who witnessed Mr. Zeleny's trespass on NEA Property, include, but are not

11  limited to: Ajay Vashee, Amanda Roche, Annie Metheany-Pyle, Bob Dickinson, Cheryl

12  Boffinger, Edison Zhang, Elmer Pong, Forest Baskett, Frank Torti, Greg Papadopoulos, Jake

13  Nunn, Kittu Kolluri, Kristen Ostro, Linda Quasney, Louis Citron, Mark Perry, Mike Ramsay, Mo

14  Makhzoumi, Patrick Chung, Paul Hsiao, Pete Sonsini, Ravi Viswanathan, Rick Yang, Robert

15  Taylor, Rohini, Chakravarthy, Sandi Lhowe, Suewen Chin, Tammy Gravelle, Trina Lundstrom,

16  and Vivien Faries (All of the foregoing individuals may be reached through NEA's counsel of

17  record); Les Crudele, 7470 SW Bridgeport Road, Durham, OR 97224, (503) 783-0747; Kevin

18  Surace, 1250 Elko Drive Sunnyvale, CA  94089, (408) 541-8001; Tommy Winston, Fred

19  Kennerley, Dwight Hall, and Jesse Dixon, who may be reached through Platinum Protection

20  Group, LLC, 8018 E. Santa Ana Canyon Road, Suite 100-162, Anaheim Hills, CA 92808, (800)

21  824-1097.

22  <u>SECOND SUPPLEMENTAL RESPONSE TO FORM INTERROGATORY NO. 12.1:</u>

23       In addition to those individuals listed in NEA's previous response to Form Interrogatory

24  12.1, individuals who witnessed Mr. Zeleny's trespass on NEA Property, include, but are not

25  limited to: John Luna and Archie Labine; both may be reached through Barna Private

26  Investigations & Security, Inc., P.O. Box 883, Saratoga, California 95071 (408) 446-9500.

27  Deborah McKenzie and Amanda Joe; both may be reached through NEA's counsel of record.

28  <u>ORIGINAL RESPONSE TO FORM INTERROGATORY NO. 13.1:</u>

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO

NEA'S OBJECTIONS & 2ND SUPP. RESPONSES TO DEFENDANT'S FORM INTERROGATORIES;
CASE NO. 499465

\\034826/000008 - 99901 v1

1   NEA incorporates in full its General Objections.  NEA objects to the extent that this

2   Interrogatory seeks information protected from disclosure by the attorney-client privilege, the

3   attorney work product doctrine, and other applicable protections, privileges, doctrines and

4   immunities. NEA will not provide privileged or protected information. NEA also objects that the

5   Interrogatory seeks information that is neither relevant to the subject matter of the litigation nor

6   reasonably calculated to lead to the discovery of admissible evidence.

7   <u>FIRST SUPPLEMENTARY RESPONSE TO FORM INTERROGATORY NO. 13.1:</u>

8   NEA incorporates in full its General Objections.  NEA objects to the extent that this

9   Interrogatory seeks information protected from disclosure by the attorney-client privilege, the

10   attorney work product doctrine, and other applicable protections, privileges, doctrines and

11   immunities.  NEA will not provide privileged or protected information.  NEA also objects that the

12   Interrogatory seeks information that is neither relevant to the subject matter of the litigation nor

13   reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

14   waiving those objections, NEA responds:

15   (a)   Michael Zeleny

16   (b)   2855 Sand Hill Road, Menlo Park, California and its surroundings; at various

17   times between September 28, 2010 and October 7, 2010.  7576 Willow Glen Road,

18   Los Angeles, California and its surroundings; during October 2010, November

19   2010, January 2011, and February 2011.

20   (c)   Platinum Protection Group, LLC, 8018 E. Santa Ana Canyon Road, Suite 100-162,

21   Anaheim Hills, CA 92808, (800) 824-1097; Applied Facts, 700 Wilshire Blvd.

22   Suite 520, Los Angeles, California, (213) 892-8700.

23   (d)   N/A.

24   <u>SECOND SUPPLEMENTARY RESPONSE TO FORM INTERROGATORY NO. 13.1:</u>

25   (b)   2855 Sand Hill Road, Menlo Park, California and its surroundings; at various

26   times between September 28, 2010 and October 7, 2010.  7576 Willow Glen Road,

27   Los Angeles, California and its surroundings; October 12-14, 15-21, 28-31, 2010,

28   November 1-10, 18-30, 2010, December 1-3, 23-31, 2010, January 4-20, 2011,

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO

NEA'S OBJECTIONS & 2ND SUPP. RESPONSES TO DEFENDANT'S FORM INTERROGATORIES;
CASE NO. 499465

\\\034826/000008 - 99901 v1

7

1    April 12-14, 2011 (no surveillance during February 2011).

2    (c)    Tommy Winston, Fred Kennerley, Dwight Hall, and Jesse Dixon, who may be

3          reached through Platinum Protection Group, LLC, 8018 E. Santa Ana Canyon

4          Road, Suite 100-162, Anaheim Hills, CA 92808, (800) 824-1097; John Luna and

5          Archie Labine, who may be reached through Barna Private Investigations &

6          Security, Inc., P.O. Box 883, Saratoga, California 95071, (408) 446-9500; Kroll,

7          555 S. Flower St. 6th Floor, Los Angeles, California 90017, (213) 443-6090. Mark

8          Shriver; Mark Barruetta, who may be reached at Applied Facts, 700 Wilshire Blvd.

9          Suite 520, Los Angeles, California, (213) 892-8700.

10   (d)    Counsel of record for NEA; NEA; Menlo Park Police have photographs and/or

11         video recordings related to surveillance done when Mr. Zeleny was present at 2855

12         Sand Hill Road, Menlo Park, California and its surroundings.    NEA, after

13         investigation, is aware of no other photographs or video recordings taken during

14         any surveillance.

15   <u>SECOND SUPPLEMENTARY RESPONSE TO FORM INTERROGATORY NO. 13.2:</u>

16   (a)-(d) NEA, after investigation is unaware of the existence of any written reports

17         prepared on the referenced surveillance.

18

19

20   DATED: September 14, 2011                    HOGAN LOVELLS US LLP

21

22                                              By: _____

23                                                 Robert B. Hawk

24                                              Attorneys for Plaintiff
                                                NEW ENTERPRISE ASSOCIATES, INC.

25

26

27

28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO

NEA'S OBJECTIONS & 2ND SUPP. RESPONSES TO DEFENDANT'S FORM INTERROGATORIES;
CASE NO. 499465

W034826/000008 - 99901 v1                                   8

**VERIFICATION**

I, Tammy Gravelle, declare:

1.     I am an executive assistant at and employee of Plaintiff New Enterprise Associates, Inc. ("NEA") and have been duly authorized by NEA to verify NEA's objections and second supplemental responses to Defendant's Form Interrogatories.

2.     I have read the document titled NEA's Objections and Second Supplemental Responses to Defendant's Form Interrogatories and know the contents of the Second Supplemental Responses.  To the best of my knowledge, information, and belief, the factual material included in the Second Supplemental Responses is true and correct.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Dated:  September 14, 2011

Tammy Gravelle

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
PALO ALTO

**PROOF OF SERVICE**

I, Evelyn Perry, declare:

I am employed in the City of Palo Alto, County of Santa Clara, State of California. I am over the age of eighteen years and am not a party to the within action. My business address is Hogan Lovells US LLP, 525 University Avenue, 4th Floor, Palo Alto, California, 94301.

On September 14, 2011, I served the documents listed below on the interested parties in this action by *electronic mail* as follows:

> David W. Affeld
> Affeld Grivakes Zucker LLP
> 12400 Wilshire Blvd., Suite 1180
> Los Angeles, CA 90025
> Tel:    (310) 979-8700
> Fax:    (310) 979-8701
> Email:  dwa@agzlaw.com
> *Counsel for Defendant Michael Zeleny*

**DOCUMENTS SERVED:**

1.    **NEW ENTERPRISE ASSOCIATES, INC.'S OBJECTIONS AND SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S FORM INTERROGATORIES**

[ X ]    BY ELECTRONIC SERVICE: Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above. I did not receive within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 14, 2011, at Palo Alto, California.

Evelyn Perry

Evelyn Perry

PROOF OF SERVICE
CASE NO. 499465

1

## Perry, Evelyn M.

| | |
|---|---|
| **From:** | Perry, Evelyn M. |
| **Sent:** | Wednesday, September 14, 2011 5:41 PM |
| **To:** | 'dwa@agzlaw.com' |
| **Cc:** | Hawk, Robert B. |
| **Subject:** | NEA v. Zeleny |
| **Attachments:** | NEA's Objections and Supplemental Responses to Defendant's Form Interrogatories.pdf |

Dear Mr. Affeld,

Please find attached **Plaintiff New Enterprise Associates, Inc.'s Objections and Second Supplemental Responses to Defendant's Form Interrogatories.**

Thank you.

**Evelyn Perry**
Assistant

**Hogan Lovells US LLP**
525 University Avenue
4th Floor
Palo Alto, CA  94301

| | |
|---|---|
| Tel: | +1 650 463 4000 |
| Direct: | +1 650 463 4018 |
| Fax: | +1 650 463 4199 |
| Email: | evelyn.perry@hoganlovells.com |
| | www.hoganlovells.com |

*Please consider the environment before printing this e-mail.*

9/14/2011

# EXHIBIT C

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| Michael Zeleny, an individual | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.    17-7357 |
| Edmúnd G. Brown, Jr., et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                         New Enterprise Associates

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attachment 1.

| Place: Veritext | Date and Time: |
|---|---|
| 101 Montgomery Street, Suite 450 | |
| San Francisco, CA 94104 | 01/11/2019 10:00 am |

The deposition will be recorded by this method:    Stenography; audio and video recording

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attachment1, Attachment 2

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/13/2018

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Michael Zeleny
, who issues or requests this subpoena, are:

Damion Robinson, 2049 Century Pk. E, Ste 2460, Los Angeles, CA 90067; dr@agzlaw.com; (310) 979-8700

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ATTACHMENT "1"
### Topics of Testimony

Pursuant to Federal Rules of Civil Procedure 30(b)(6) and 45, you are required to produce one or more officers, directors, or managing agents, or to designate other persons who consent, to testify on your behalf about the following matters.

## I.    INSTRUCTIONS & DEFINITIONS

1.      You are requested to identify those person(s) designated to testify on your behalf at least five (5) business days before the date of the deposition. If any such person(s) require a translator, you are requested to advise the subpoenaing party at that time so that a translator can be obtained.

2.      "NEA" means New Enterprise Associates, its current and former parents, subsidiaries, and affiliates, and each of their respective predecessors, successors, and assigns.

3.      The "NEA Parties" means NEA and any of its current and former officers, directors, managing directors, managers, managing agents, partners, managing partners, general partners, executives, advisors, or associates.

4.      The "Protests" means those protests occurring in San Diego, California in 2004; in San Francisco, California in May 2005; in Santa Clara, California in November 2005; in Milpitas, California in October 2009; in Menlo Park, California, in October 2009 and September 2010; and those commencing in June 2012 in Menlo Park, California.

5.      "WebEx" means WebEx Communications, Inc., its current and former parents, subsidiaries, and affiliates, and each of their respective predecessors, successors, and assigns.

6.      The "WebEx Parties" means WebEx, and any of its current and former officers, directors, managing agents, partners, executives, advisors, or associates.

7.      "Zeleny" means Michael Zeleny.

8.      Interpretation: "Including" means "including, but not limited to." The terms "and," "or," and "and/or" shall be interpreted inclusively, and either disjunctively or conjunctively as necessary to give the broadest interpretation. The terms "all," "any," "each," and "every" shall be interpreted to mean any, all, each and every. The use of either gender shall include every other gender. The use of a verb in any tense shall be interpreted to include every other tense as necessary to bring within the scope of the response all responses that otherwise might be excluded.

*(Continued on following page)*

- 1 -

## II.    TOPICS OF TESTIMONY

**Topic No. 1**
The allegations and/or protests by Zeleny regarding NEA, Min Zhu, and/or WebEx, Including the Protests.

**Topic No. 2**
Communications and corporate records involving the NEA Parties and/or the WebEx Parties, and local, city, county, and/or state authorities (Including district attorney's offices, police departments, law enforcement, or permitting authorities) regarding Zeleny or his allegations and/or protests concerning Min Zhu, NEA and/or WebEx, from 2001 through the present.

**Topic No. 3**
Communications between the NEA Parties, the management of the Rosewood Sand Hill complex, and/or their affiliates, on the one hand, and the authorities acting for the City of Menlo Park and/or San Mateo County, on the other hand, regarding public access to the Rosewood Sand Hill complex, from 2004 through present.

**Topic No. 4**
Communications between the NEA Parties, the management of the Rosewood Sand Hill complex, and/or their affiliates, on the one hand, and the authorities acting for the City of Menlo Park and/or San Mateo County, on the other hand, regarding restrictions on the public carrying of firearms, from 2004 through present.

**Topic No. 5**
Communications between the NEA Parties, the management of the Rosewood Sand Hill complex, and/or their affiliates, on the one hand, and the authorities acting for the City of Menlo Park and/or San Mateo County, on the other hand, regarding protesting activity in the area around the Rosewood Sand Hill complex from 2004 through present.

**Topic No. 6**
Any lobbying activities or communications with lawmakers by or on behalf of the NEA Parties or the WebEx Parties, or any of them, regarding the ban on open carrying of unloaded firearms.

**Topic No. 7**
Any efforts by any of the NEA Parties or the WebEx Parties to have Zeleny arrested, investigated, and/or prosecuted.

**Topic No. 8**
Any surveillance or investigation of Zeleny by or on behalf any of the NEA Parties, Including any surveillance referenced in the action captioned *NEA v. Zeleny*, San Mateo Superior Court Case No. CIV499465.

**Topic No. 9**
Civil or administrative proceedings initiated by or on behalf of any of the NEA Parties, or in

which any of the NEA Parties participated, against Zeleny in connection with his online or public speech or protests, Including the civil actions captioned (1) *Zeleny v. Zhu and WebEx*, Santa Clara Superior Court case number CV809286; (2) *Zelyony v. Zhu*, Santa Clara Superior Court case number CV-810705; (3) *Affeld v. Zhu*, Santa Clara Superior Court case number CV-817300; (4) *Zeleny v. WebEx*, Santa Clara County Superior Court Case No. CIV499465; (5) *NEA v. Zeleny*, San Mateo Superior Court Case No. CIV499465; (6) *WebEx v. Zeleny*, Santa Clara County Superior Court Case No. CV024062, Los Angeles County Superior Court Case No. BC324927; (7) the application for a restraining order filed by Zeleny against Min Zhu; and (8) the application for a restraining order filed by Scott Sandell against Zeleny.

### Topic No. 10
The criminal action captioned *People v. Zeleny*, San Mateo County Superior Court Case No. SM382036, Including NEA's involvement in that action, communications with the prosecuting authorities, and/or actions taken to cause that action to be initiated or pursued.

### Topic No. 11
Efforts by Zeleny to secure authorization to engage in protests in Menlo Park, California from 2004 through the present, discussions with current or former local authorities regarding those efforts, and/or current or former local authorities' response to Zeleny's efforts to secure authorization.

### Topic No. 12
Efforts by Zeleny to secure authorization to display of firearms in the course of or in connection with protests in Menlo Park, California from 2004 through the present, discussions with current or former local authorities regarding those efforts, and/or current or former local authorities' response to Zeleny's efforts to secure authorization.

### Topic No. 13
The allegations that Min Zhu raped, molested, sexually assaulted, or otherwise abused Erin Zhu, Including the allegations included in 1991 Usenet postings by Erin Zhu CV810705 and subsequently conveyed to NEA and publicized by Zeleny; the allegations included in legal filings and/or Internet postings by Zeleny since December of 1999, and/or publicized and/or relayed by Zeleny since December of 1999; the allegations included in the January 18, 2000 draft complaint by Erin Zhu, filed as an exhibit in Opposition to the Defendants' Motion to Strike in *Zeleny v. Zhu & WebEx*, Santa Clara Superior Court Case Number CV-809286; the statements in the November 10, 2003 deposition by Erin Zhu in *Zelyony v. Zhu*, Santa Clara Superior Court Case No. CV810705 and subsequently conveyed to NEA and publicized by Zeleny: and the responses of the NEA Parties to those allegations, if any.

### Topic No. 14
Min Zhu's resignation or termination from WebEx in or around May 2005, his relocation to China at that time, and his resignation or termination from NEA.

### Topic No. 15
NEA's role in the management or corporate governance of WebEx, Including (a) the participation of NEA or individuals affiliated with NEA on the Board of Directors of WebEx or

as board observers, (b) the response, if any, of NEA and/or such individuals to the allegations
and evidence of childhood sexual abuse by Min Zhu, (c) any involvement in or discussion about
those allegations or evidence, and (d) any involvement in or discussion about the alleged
industrial espionage by WebEx and/or Min Zhu on behalf of the Peoples' Republic of China, or
the investigation by federal law enforcement authorities regarding the same.

**Topic No. 16**
The relationship between NEA and Min Zhu from 1995 through the present.

**Topic No. 17**
The relationship between NEA and any current or former business ventures by Min Zhu,
Including venture capital fund Northern Light, from 2001 through the present.

**Topic No. 18**
The founding of Northern Light by Min Zhu and Scott Sandell in or around 2005, and Mr.
Sandell's business relationship with Min Zhu.

**Topic No. 19**
C. Richard "Dick" Kramlich's business relationship with Min Zhu, and his relocation to China to
engage in business activities with Min Zhu.

**Topic No. 20**
This lawsuit and any communications relating to this lawsuit.

**Topic No. 21**
Documents produced pursuant to Attachment 2 to this subpoena, or by current or former
affiliates, partners, officers, directors, and/or executives of NEA pursuant to subpoenas issued to
them.

# # #

ATTACHMENT "2"
Requests for Production

Pursuant to Federal Rules of Civil Procedure 30(b)(2), 34, and 45, you are required to produce the following documents, to the extent the same are in your possession, custody or control, at or before the time of your deposition, as set forth in the attached subpoena.

## I.    INSTRUCTIONS & DEFINITIONS

1.    You are required to produce the requested documents either (a) in the manner that they are maintained in the ordinary course of your business, or (b) categorized such that the requests to which each document corresponds can be readily determined. Emails should be produced in either native format or as individual TIFF or PDF documents with load files containing all metadata that would be available if produced in native format. All other documents should be produced in native format unless the parties agree otherwise.

2.    If you contend that any document responsive to these requests is privileged or protected by the work-product doctrine, in whole or in part, in order to assist the parties and the Court in assessing the validity of any assertion of privilege or work-product protection, you must produce a "privilege log" identifying the following:

a.    The author, sender, and all recipients of the document;
b.    The date of the document;
c.    The title (if available and non-privileged) and general subject matter of the document;
d.    All person(s) who have been given access to the document; and
e.    The privilege asserted and grounds for such assertion.

If you contend that a document is privileged or subject to work-product protection in part, you must produce the remainder of the document with only the privileged or protected portion redacted, designating the privilege or protection asserted.

3.    You are required to produce all responsive, non-privileged documents in your possession, custody, or control, that you are able to locate after a reasonable search and diligent inquiry. Documents are deemed to be in your possession, custody, or control if they are maintained by you or on your behalf, if they are available to you upon request, or if you have the legal right to demand them. A reasonable search and diligent inquiry means an effort, reasonable under the circumstances, to locate, gather, and collect responsive materials, including a search of those locations and sources where responsive materials are reasonably likely to be found.

4.    The term "documents" is intended to be construed as broadly as the Federal Rules of Civil Procedure and Federal Rules of Evidence permit. The term shall be synonymous with, and equal in scope to, the usage of the phrase "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a), and shall include, without limitation, all forms of written or recorded material, stored in any form or medium whatsoever, which are or may be reducible to a reasonably usable form. "Documents" include, but are not limited to, hard copy or

digital writings, drawings, photographs, graphs, charts, sound recordings, images, data, data compilations, emails, correspondence, memoranda, online or social media materials (including, but not limited to, posts, comments, "likes," "reactions," and hyperlinks), instant messages, journal entries, calendar entries, contacts, or otherwise. A request for "documents" includes a request for each and every version of the document that differs in any way from the final version, including drafts, or documents reflecting revisions, comments, feedback, or modifications. "Documents" containing revisions, comments, feedback, modifications, or the like, shall be produced in a format that allows ready identification of the same, the date and time, and the author (if available).

5.     The term "communications" means any form of transmission of data or information from one person or machine to one or more persons or machines. "Communications" also include documents referring to, embodying, recording, commenting upon, summarizing, translating, modifying, evidencing, or otherwise reflecting or concerning a communication.

6.     "NEA" means and refers to New Enterprise Associates, its parents, subsidiaries, and affiliates, each of their respective predecessors, successors, and assigns.

7.     The "NEA Parties" means and refers to NEA and any of its current and former officers, directors, managing directors, managers, managing agents, partners, managing partners, general partners, executives, advisors, or associates.

8.     "Regarding" means concerning, relating to, referring to, describing, discussing, stating, evidencing, constituting, containing, considering, mentioning, embodying, reflecting, identifying, pertaining to, or having a connection with, directly or indirectly, the subject matter identified.

9     "WebEx" means and refers to WebEx Communications, Inc., its parents, subsidiaries, and affiliates, and each of their respective predecessors, successors, and assigns.

10.     The "WebEx Parties" means and refers to WebEx and any of its current and former officers, directors, managing agents, partners, executives, advisors, or associates.

11.     "Zeleny" means and refers to Michael Zeleny.

12.     Interpretation: "Including" means "including, but not limited to." The terms "and," "or," and "and/or" shall be interpreted inclusively, and either disjunctively or conjunctively as necessary to give the broadest interpretation. The terms "all," "any," "each," and "every" shall be interpreted to mean any, all, each and every. The use of either gender shall include every other gender. The use of a verb in any tense shall be interpreted to include every other tense as necessary to bring within the scope of the response all responses that otherwise might be excluded.

13.     Unless otherwise stated, these requests seek documents from the years: 1999, and 2004 through the present.

## II.   REQUESTS

Request No. 1
All documents Regarding Zeleny.

Request No. 2
All documents Regarding Zeleny's protests, Including protests of the NEA Parties, the WebEx Parties, Min Zhu, or any of them.

Request No. 3
All communications with local, city, county, and/or state authorities (Including district attorney's offices, police departments, law enforcement, or permitting authorities) regarding Zeleny or his allegations and/or protests concerning Min Zhu, NEA, and/or WebEx.

Request No. 4
All communications with public relations firms, news organizations, or members of the press Regarding Min Zhu and/or the relationship of NEA or WebEx and Min Zhu.

Request No. 5
All communications with public relations firms, news organizations, or members of the press Regarding the venture capital fund referred to as Northern Light.

Request No. 6
All documents Regarding allegations of rape, child abuse, sexual abuse, molestation, or other abuse allegedly perpetrated by Min Zhu on Erin Zhu.

Request No. 7
All documents Regarding any and all responses by WebEx and/or NEA to allegations of rape, child abuse, sexual abuse, molestation, or other abuse allegedly perpetrated by Min Zhu on Erin Zhu.

Request No. 8
All communications between the NEA Parties and/or the WebEx Parties on the one hand, and on the other hand anyone acting on behalf of the City of Menlo Park and/or San Mateo County, Regarding restrictions on the public carrying of unloaded firearms from January 1, 2005 through the present.

Request No. 9
All documents Regarding lobbying efforts by the NEA Parties, the WebEx Parties, or any of them, or communications by them or on their behalf with lawmakers, regarding the ban on open carry of unloaded firearms from January 1, 2005 through the present.

Request No. 10
All documents Regarding any efforts by the WebEx Parties or the NEA Parties to have Zeleny arrested or investigated.

**Request No. 11**
All documents Regarding any investigation or surveillance of Zeleny at any time, Including the surveillance referenced in the case captioned *NEA v. Zeleny*, San Mateo Superior Court Case No. CIV499465.

**Request No. 12**
All documents Regarding civil or administrative proceedings initiated by or on behalf of the WebEx Parties, the NEA Parties, or any of them, against Michael Zeleny, in connection with his online or public speech or protests, Including the civil actions captioned (1) *Zeleny v. Zhu and WebEx*, Santa Clara Superior Court case number CV809286; (2) *Zelyony v. Zhu*, Santa Clara Superior Court case number CV-810705; (3) *Affeld v. Zhu*, Santa Clara Superior Court case number CV-817300; (4) *Zeleny v. WebEx*, Santa Clara County Superior Court case no. CV062767; (5) *NEA v. Zeleny*, San Mateo Superior Court Case No. CIV499465; (6) *WebEx v. Zeleny*, Santa Clara County Superior Court Case No. CV024062, Los Angeles County Superior Court Case No. BC324927; (7) the application for a restraining order filed by Zeleny against Min Zhu; and (8) the application for a restraining order filed by Scott Sandell against Zeleny.

**Request No. 13**
All documents Regarding the criminal action captioned *People v. Zeleny*, San Mateo County Superior Court Case No. SM382036, Including the NEA Parties' involvement in that action, communications with the prosecuting authorities, and or actions taken to cause that action to be initiated or pursued, from 2012 through 2015.

**Request No. 14**
All documents Regarding efforts by Zeleny to secure authorization to engage in protests in Menlo Park, California from 2008 to the present, Including discussions with local authorities Regarding those efforts and/or their response, and local authorities' response to Zeleny's efforts to secure authorization.

**Request No. 15**
All documents Regarding efforts by Zeleny to secure authorization to display firearms in connection with protests in Menlo Park, California from 2008 to the present, Including discussions with local authorities Regarding those efforts and/or their response, and local authorities' response to Zeleny's efforts to secure authorization.

**Request No. 16**
All documents Regarding Min Zhu's resignation or termination from WebEx in or around May 2005, his relocation to China at that time, and his resignation or termination from NEA, from 2005 to 2007.

**Request No. 17**
Documents sufficient to show the relationship between NEA and Min Zhu from 1995 to the present.

**Request No. 18**
Documents sufficient to show the relationship between NEA and venture capital fund Northern Light from May 2005 to the present.

**Request No. 19**
Documents sufficient to show Scott Sandell's involvement in Northern Light from 2005 to present.

**Request No. 20**
Documents sufficient to show C. Richard "Dick" Kramlich's business relationship with Min Zhu, and his relocation to China to engage in business activities with Min Zhu from 2007 through the present.

**Request No. 21**
All documents Regarding NEA's role in the management or corporate governance of WebEx, Including the participation of NEA or individuals affiliated with NEA on the Board of Directors of WebEx or as board observers.

**Request No. 22**
All documents Regarding the involvement of NEA or any individuals affiliated with NEA in discussions or efforts to address allegations of industrial espionage on behalf of the Peoples' Republic of China by WebEx and/or Min Zhu.

**Request No. 23**
All documents Regarding your participation or involvement in discussions or efforts to address any and all investigations by federal law enforcement authorities of allegations of industrial espionage on behalf of the Peoples' Republic of China by WebEx and/or Min Zhu.

**Request No. 24**
All non-privileged documents Regarding this lawsuit.

### #

AO 88A  (Rev  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  17-7357

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Registered Agent for NEA
on *(date)*  01/03/19.  Angela Graves

☐ I served the subpoena by delivering a copy to the named individual as follows: NEA –
New Enterprise Associates Registered
Agent Angela Graves  on *(date)* 01/04/19 ; or

☐ I returned the subpoena unexecuted because:
_____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date:  01/04/19

_____
Server's signature  East Bay Signal 88

Barhin Bhatt   Security
Printed name and title

35411 Monterra Circle
Union City, CA 94587
Server's address

Additional information regarding attempted service, etc.:

# EXHIBIT D



1   HOGAN LOVELLS US LLP
    Robert B. Hawk (Cal. Bar No. 118054)
2   Kristi K. Elder (Cal. Bar No. 231996)
    Nimrod H. Aviad (Cal. Bar No. 259705)
3   525 University Avenue, 4th Floor
    Palo Alto, California  94301
4   Telephone:  (650) 463-4000
    Facsimile:  (650) 463-4199
5   robert.hawk@hoganlovells.com
    kris.elder@hoganlovells.com
6   nimi.aviad@hoganlovells.com

7   Attorneys for Plaintiff
    NEW ENTERPRISE ASSOCIATES, INC.

**ENDORSED FILED**
**SAN MATEO COUNTY**

SEP 2 2 2011

Clerk of the Superior Court
By _____ S. Peyrot
         DEPUTY CLERK

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN MATEO

10

11  New Enterprise Associates, Inc., a Delaware        Case No.  CIV 499465
    Corporation,
12                                                     **JUDGMENT AND PERMANENT**
                    Plaintiff,                         **INJUNCTION IN FAVOR OF**
13                                                     **PLAINTIFF NEW ENTERPRISE**
          v.                                           **ASSOCIATES, INC.**
14

15  Michael Zeleny, and DOES 1-25,

16                  Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

JUDGMENT & PERMANENT INJUNCTION IN FAVOR OF PLAINTIFF NEA

\WGS4826/000008 - 100219 v1

1    Pursuant to California Code of Civil Procedure Section 998, on September 19, 2011,

2  Plaintiff New Enterprise Associates, Inc. ("NEA") submitted a settlement offer to Defendant

3  Michael Zeleny ("Zeleny").  Zeleny and his counsel accepted such offer on September 19, 2011

4  and September 20, 2011, respectively.

5    The Court being fully advised and in accordance with California Code of Civil Procedure

6  Section 998 hereby:

7    ORDERS, ADJUDGES AND DECREES THAT:

8    1.    Judgment is entered against Defendant Michael Zeleny in favor of Plaintiff NEA

9  in the amount of twenty-five thousand dollars ($25,000) (the "Damages");

10    2.    Defendant Michael Zeleny is permanently enjoined from entering onto, or

11  inducing other individuals to enter onto, any portion of the real property situated at 2855 Sand

12  Hill Road, Menlo Park, California, the walkways leading to NEA's business offices located in

13  2855 Sand Hill Road, the common tenant grounds of the office park in which 2855 Sand Hill

14  Road is located, including the internal street and entryways surrounding the buildings, and the

15  parking lots serving employees and invited guests of tenants of the office complex, as depicted in

16  the photograph (within the red line) attached as Exhibit A (the "Permanent Injunction");

17    3.    The Damages and the Permanent Injunction are in satisfaction of all claims in this

18  action, including without limitation, claims for injunctive relief, damages, costs and expenses,

19  attorney fees and interest.

20    **IT IS SO ORDERED.**

21

22  Dated: September 22, 2011                    V. Raymond Swope

23    _____

       Judge of the Superior Court

24

25

26

27

28

---

1

JUDGMENT & PERMANENT INJUNCTION IN FAVOR OF PLAINTIFF NEA

W024-0026/000000 - 100219 v1



1
**PROOF OF SERVICE**

2
  I, Michael Ewers, declare:

3
  I am employed in the City of San Francisco, County of San Francisco, State of California.

4
I am over the age of eighteen years and am not a party to the within action.  My business address

5
is Hogan Lovells US LLP, 4 Embarcadero Center, 22nd Floor, San Francisco, California, 94111.

6
  On September 23, 2011, I served the documents listed below on the interested parties in

7
this action by placing a true and correct copy thereof, in a sealed envelope addressed as follows:

8
  David W. Affeld
  Affeld Grivakes Zucker LLP
9
  12400 Wilshire Blvd., Suite 1180
  Los Angeles, CA 90025
10
  Phone: (310) 979-8700
  Fax: (310) 979-8701
11
  Email: dwa@agzlaw.com
  Counsel for Defendant Michael Zeleny
12

13
**DOCUMENTS SERVED:**

  1.  **NOTICE OF ENTRY OF JUDGMENT AND PERMANENT INJUNTION**
14

15
[X]  **BY MAIL:**  I am readily familiar with the business' practice for collection and processing
  correspondence for mailing with the United States Postal Service.  I know that the
16
  correspondence was deposited with the United States Postal Service on the same day this
  declaration was executed in the ordinary course of business and that the envelopes were
17
  sealed, with postage thereon fully prepaid, placed for collection and mailing on this date,
  following ordinary business practices at Palo Alto, California.

18
[X]  **BY ELECTRONIC SERVICE:**  Based on a court order or an agreement of the parties to
  accept service by electronic transmission, I caused the documents to be sent to the persons
19
  at the electronic notification addresses listed below.  I did not receive within a reasonable
  time after transmission, any electronic message or other indication that the transmission
20
  was unsuccessful.

21
  I declare under penalty of perjury under the laws of the State of California that the
22
foregoing is true and correct and that this declaration was executed on September 23, 2011, at San
23
Francisco, California.
24

25

26
_____
  Michael Ewers
27

28

1

PROOF OF SERVICE
\\034826/000008 - 100449 v1