# EXHIBIT A

SPECIAL MEETING PUBLIC HEARING
Police



STAFF REPORT

**City Council**
**Meeting Date:** 8/29/2017
**Staff Report Number:** 17-202-CC

**Public Hearing:** Consideration of an appeal of administrative decision to deny a Special Events Permit sought by applicant Michael Zeleny

### Recommendation

Staff recommends that the City Council deny the appeal and therefore uphold the City Manager's decision to uphold staff's denial of the Special Events Permit.

### Policy Issues

The City Council is the final arbiter of a denial of a Special Events Permit. The council should consider whether to uphold or overturn the denial of the permit.

### Background

Applicant Michael Zeleny applied for a Special Events Permit ("SEP") July 10, 2015. Under "Event Description" the application described the event, activities, timeline and sequence of events as follows:

*Starting in October 2015, we shall maintain a portable multimedia presentation illustrating ongoing corporate support of New Enterprise Associates (NEA) for incestuous child rapist Min Zhu. I shall be present on-site around the clock, equipped with fully operational, exposed and unloaded firearms and loaded ammunition feeding devices therefor, in full compliance with all applicable laws. All media accepts of this event will be subject to content-neutral regulation negotiated with Menlo Park authorities.*

The application sought to conduct a special event on the median strip of Sand Hill Road near the entrances and exits of Interstate 280.

On July 21, 2015, City Attorney William L. McClure responded to Mr. Zeleny by letter indicating that the City was denying the application on the basis that it was incomplete and did not meet the criteria of a special event. Specifically, the application did not include an attachment indicating the location of the event and did not included requested additional information regarding the use of sound and lighting equipment. Without this information the City was unable to determine if traffic control would be necessary or what other conditions might be necessary as part of the approval of the application. The letter also indicated the City's concerns that the location of the SEP somewhere on the median strip would be a violation of the Vehicle Code as it would likely causes a visual impairment or visual distraction to oncoming traffic and vehicles traveling on Sand Hill Road due to the brightness of the visual display, lights, and the

MP005200

open display and carrying of a firearm(s), which is prohibited by state law.

On April 15, 2016, Mr. Zeleny responded by email indicating that he was lodging an appeal of the City's denial of the SEP application. Mr. Zeleny provided a revised application with a map indicating the proposed location of the SEP on the western edge of the median strip, and proposed that the staff work with him to reach mutual agreement on the time, place and manner parameters for the use of sound and lighting equipment. This was treated as a new application by the City.

On May 4, 2016, City Attorney William L. McClure responded by letter indicating that the revised SEP application was denied on the basis that it was incomplete and did not meet the criteria of a special event. The letter indicated that the application failed to describe the setup of the proposed event in order to allow the City to analyze traffic control and other necessary conditions for the approval of the application, nor did the application specify the hours/length of the event. The letter confirmed a special event permit would not be necessary if Mr. Zeleny's intent was to stage a protest.

On May 27, 2016, Mr. Zeleny responded by email lodging an appeal of the denial of his revised application. The appeal was directed to the Community Services Department. By letter dated June 16, 2016, Matt Milde, recreation coordinator, informed Mr. Zeleny that the SEP application and appeal were denied. On June 17, 2016, Mr. Zeleny responded by email clarifying the application and appealing the denial to the community service director; and on June 24, 2016, Community Service Director Cherise Brandell, by letter, informed Mr. Zeleny that she had reviewed his appeal and would not be overruling the denial of the application. Ms. Brandell indicated that no SEP was necessary for Mr. Zeleny to conduct a protest in the same location as he had done in the past as long as it was conducted within the confines of the law and local ordinance.

On July 12, 2016, Mr. Zeleny indicated his desire to appeal the denial of his application for SEP to the City Manager. A hearing was held before City Manager Alex D. McIntyre. Present at the hearing was outside counsel Greg Rubens, Esq., who was retained to assist the City Manager with respect to the appeal. Commander Dave Bertini presented for staff. Michael Zeleny and his counsel David W. Affeld, Esq., were present. The appeal was conducted as a de novo hearing.

By letter dated September 12, 2016, City Manager Alex D. McIntyre indicated his final determination of the City's denial of the appeal of the decision to deny the SEP application. In the letter, it was indicated that Mr. Zeleny was free to conduct a protest in compliance with the law; however, the proposed Special Event was not appropriate on the median strip of Sand Hill Road near Interstate 280. The letter indicated that the City may impose reasonable time, place and manner restrictions on First Amendment rights in a content-neutral manner, by a narrowly tailored regulation to serve a significant public interest. A copy of the September 12, 2016, letter, as well as Exhibits A through K to the letter are attached to this staff report.

Mr. Zeleny appealed the City Manager's decision on September 16, 2016, and an appeal hearing before the City Council was scheduled for October 25, 2016. At the request of Mr. Zeleny's counsel, the hearing was continued, and after extensive back and forth the City Clerk scheduled the hearing for August 29, 2017, at 4 p.m., as the date and time the appeal would be considered.

MP005201

Staff Report #: 17-282-CC

## Analysis

Staff is in agreement with the points outlined in the City Manager's letter of September 12, 2016. As set forth in that letter, the proposed protest described in the SEP application and subsequent documents implicate a number of laws. These laws include, but are not limited to:

### Display of Firearms

1. Display of unloaded firearms could be considered a violation of the Penal Code. State law prohibits display of unloaded firearms with the exception of using firearms loaned to the permittee as props as defined in Penal Code 29500-29530.
2. Brandishing and display of unloaded firearms is illegal, except as provided in Penal Code Section 29500 et seq.
3. Under Penal Code Section 25850, having possession of a loaded firearm is also illegal. Under this section possession of a loaded firearm even with a film entertainment permit is illegal.
4. Under Penal Code Section 28500(b), persons who display unloaded firearms are subject to the additional requirement that allows peace officers to examine any firearm. Failure to allow examination is a violation of the law.

### Public rights of way

Public use of rights of way and medians are subject to the California Vehicle Code and the Menlo Park Municipal Code. These legitimate and content-neutral regulations serve a significant government interest and include parking and time limits, obstruction of sidewalks and obscenity laws. State law grants cities clear authority over their rights of way.

1. Vehicle Code Section 22507 provides broad discretion to cities over parking on public rights of way (in this case, there is no parking allowed on Sand Hill Road in the proposed area of the protest).
2. The proposed monitor and related equipment cannot impair a driver's vision or block the sidewalk under Vehicle Code Section 21466.5. The proposed lights and video display also have the potential to impair a driver's vision.
3. Driving upon or parking a vehicle on the median violates Vehicle Code Section 21651.

### From a practical aspect and for public safety concerns:

1. The lighting at night would be highly distracting to motorists, cyclists and pedestrians.
2. City medians are not traditional public forum areas and are inappropriate and unsafe.
3. The proposed location encourages the public to cross a busy arterial on to a median area that is without sidewalks and are encouraged to cross traffic and view the proposed monitor and view hand-outs with high speed and high volume traffic justifies this prohibition from a public safety standpoint.
4. The median proposed is adjacent to the entrances and exits of Interstate 280, making the location unsafe and dangerous to pedestrians, cyclists and vehicles. Such a display or protest in the median could also block vehicular sight lines and impair public safety for pedestrians, cyclists and automobiles under Municipal Code section 11.44.030.

## Impact on City Resources

If the appeal is denied, there will be no impact on city resources. If the appeal is overturned and a special

MP005202

Staff Report #: 17-202-CC

events permit is granted, the impact on city resources would depend on the amount of city staff that would need to be present during the proposed special event for traffic and crowd control.

**Environmental Review**

This appeal is not subject to environmental review

**Public Notice**

Public notification was achieved by posting the agenda, with the agenda items being listed, at least 72 hours prior to the meeting.

**Attachments**

A.  Appeal denial letter dated September 12, 2016, and Exhibits A through K
B.  Correspondence and Notice of Public Hearing

Report prepared by:
Dave Bertini, Police Commander
Nicolas A. Flegel, Esq., City Attorney's Office

City of Menlo Park   701 Laurel St., Menlo Park. CA 94025  tel 650-330-6600  www.menlopark.org

PAGE 8

MP005203