1  David W. Affeld, State Bar No. 123922
   Damion Robinson, State Bar No. 262573
2  Affeld Grivakes LLP
   2049 Century Park East, Ste. 2460
3  Los Angeles, CA 90067
   Telephone:    (310) 979-8700
4
   Attorneys for Plaintiff
5  Michael Zeleny

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | MICHAEL ZELENY, | Case No. CV 17-7357 RS |
12 | Plaintiff, | Assigned to: |
13 | vs. | The Honorable Richard G. Seeborg |
14 | GAVIN NEWSOM, *et al.*, | **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CONTINUE TRIAL AND PRE-TRIAL DATES; MEMORANDUM OF POINTS AND AUTHORITIES** |
15 | Defendants. | |
16 | | Date: August 8, 2018 |
17 | | Time: 1:30 p.m. |
   | | Courtroom: 3, 17th Floor |
18
19 | | Action Filed: December 28, 2017 |
   | | Trial Date:   November 18, 2019 |

- 1 -

MOTION TO CONTINUE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on August 8, 2019 at 1:30 p.m., Plaintiff Michael Zeleny ("Zeleny") will and hereby does move for an order pursuant to Fed. R. Civ. P. 16, and the Court's inherent discretion, continuing the discovery deadlines in this case by approximately 120 days, and continuing the dispositive motion, final pretrial conference, and trial dates. In the alternative, Zeleny respectfully requests that the Court vacate the current discovery schedule and set a Scheduling Conference at the Court's earliest convenience to set dates.

Zeleny and defendants Xavier Becerra ("Becerra") and New Enterprise Associates, Inc. ("NEA") have agreed to the requested continuance and the following schedule, subject to the Court's approval and convenience:

| | |
|---|---|
| Discovery Cut-Off: | November 15, 2019 |
| Expert Disclosures: | November 29, 2019 |
| Rebuttal Experts: | December 20, 2019 |
| Expert Discovery Cut-Off: | January 10, 2020 |
| Dispositive Motions: | February 6, 2020 |
| Pre-trial Conference: | May 20, 2020 |
| Start of Trial: | June 6, 2020 |

Counsel for defendants City of Menlo Park and Dave Bertini is currently out of town and unreachable until July 8.

The parties have not requested or received any prior trial continuances. The foregoing schedule is necessary to allow the parties to complete discovery in time to prepare for expert disclosures, dispositive motions, and trial. In addition, counsel is engaged in other trials in August, September, November, and December 2019, and March 2020, which impacts their availability.

This motion is made on the grounds that a continuance is necessary due to the uncertain status of defendant NEA. The current discovery cutoff is July 19, 2019. NEA was made a party in April and moved to dismiss. That motion was heard on June 13 and remains under submission. Zeleny has requested leave to amend if it is granted. Without certainty as to NEA's participation in this case, the parties are unable to complete discovery because NEA has a right to participate and the

claims against it will dictate the scope of discovery needed.  The inability to complete discovery has a domino effect on the remaining dates, which were set based on the anticipated close of discovery.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of Damion Robinson, the records and files herein, and such other matters as the Court may consider.

Dated:  June 28, 2019                          Respectfully submitted,

s/ Damion Robinson
David W. Affeld
Damion D. D. Robinson
Affeld Grivakes LLP

Attorneys for plaintiff Michael Zeleny

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

An order continuing trial and pretrial dates is necessary because the pleadings are not yet settled and the parties cannot complete discovery due to the uncertain status of defendant New Enterprise Associates, Inc. ("NEA").  NEA has a motion to dismiss under submission, and Zeleny has requested leave to amend to the extent the Court grants that motion.  The inclusion of NEA will dictate NEA's participation in discovery and the scope of issues.

To the extent NEA remains a defendant, it will have a right to participate in discovery. Discovery will have to be coordinated with NEA and its counsel, and any discovery taken now would be subject to being retaken with NEA's participation. The inclusion of NEA will also impact the scope of discovery.  While NEA's status remains unclear, the scope and needs of discovery, and the parties who are entitled to participate, is in limbo.  This has a ripple effect on the other case management deadlines, which all correspond to the close of discovery.

All of the parties other than the City of Menlo Park and Dave Bertini (collectively, the "City") have agreed to the continuance.  Although the City's counsel has been cooperative in scheduling discovery and case management, he is currently unreachable, necessitating this motion.

### II. BACKGROUND

This case involves Zeleny's efforts to protest NEA.  Zeleny took discovery regarding NEA's involvement in efforts to stifle Zeleny's protests earlier this year.  As a result of this discovery, Zeleny obtained leave to name NEA as a party in early April.  Robinson Decl. ¶¶ 2-4.

The parties appeared at a Status Conference on April 4 and addressed the need to modify the schedule.  All parties agreed that it would not be prudent to continue taking discovery until NEA had a chance to appear in the case and participate in scheduling and conducting discovery.  The Court indicated that it was inclined to continue discovery, but not to move the trial date until it was clear whether NEA would remain in the case.  *Id.* ¶ 5.

Following this conference, the parties stipulated to the following schedule, which the Court approved:

| | | |
|---|---|---|
| 1 | Discovery Cut-Off: | July 19, 2019 |
| 2 | Expert Disclosures: | August 1, 2019 |
| 3 | Rebuttal Experts: | August 22, 2019 |
| 4 | Expert Discovery Cut-Off: | September 12, 2019. |

*Id.* ¶ 6 & Ex. 1. At that time, the parties budgeted 90 days to resolve any pleading challenges from NEA and to complete the remaining discovery. *Id.*

NEA moved to dismiss on May 9, 2019 based on two affirmative defenses. The Court heard argument on June 13 and the motion remains under submission. *Id.* ¶ 7. Zeleny has requested that, to the extent the Court grants NEA's motion, it allow leave to amend so that Zeleny can plead facts showing that the affirmative defenses are inapplicable. *Id.*

Zeleny's counsel contacted all parties to address scheduling and discovery issues starting on June 24. Counsel received an "out-of-office" email indicating that the City's counsel, Todd Master, is unavailable through July 8. Zeleny's counsel followed up with Mr. Master's secretary as directed in the email but has not received any response. *Id.* ¶ 8.

All other parties have reached agreement on the following proposed schedule:

| | | |
|---|---|---|
| | Discovery Cut-Off: | November 15, 2019 |
| | Expert Disclosures: | November 29, 2019 |
| | Rebuttal Experts: | December 20, 2019 |
| | Expert Discovery Cut-Off: | January 10, 2020 |
| | Dispositive Motions: | February 6, 2020 |
| | Pre-trial Conference: | May 20, 2020 |
| | Start of Trial: | June 6, 2020 |

*Id.* ¶¶ 9-10. A continuance of the discovery dates by approximately 120 days is necessary to settle the pleadings and allow NEA to participate. The parties request a slightly longer continuance of trial and dispositive motions due to trials pending in other matters in late 2019 and early 2020. *Id.*

### III. ARGUMENT

A case schedule may be modified "for good cause." Fed. R. Civ. P. 16(b)(4). The court may

modify the schedule "if it cannot reasonably be met despite the diligence of the party seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee notes (1983 amend.)). Diligence generally means that a party "assist[ed] the court in creating a workable" schedule; made diligent efforts to comply, but could not comply due to unforeseen matters; and moved promptly once it was clear that the schedule could not be met. *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008).

### A.  Good Cause Exists for a Continuance.

The parties cannot complete discovery on the current timetable despite their diligence. Before the addition of NEA, the parties were prepared to complete the bulk of discovery in April and May. Because NEA has a right to participate in discovery if it remains a party, all of the current parties agreed that discovery could not go forward until NEA appeared and had a chance to participate. After Zeleny named NEA, they agreed to a schedule they reasonably believed would allow them to address any pleading issues and coordinate discovery with NEA.

Through no fault of the parties, they cannot complete discovery as currently scheduled due to the uncertainty surrounding NEA. NEA's motion to dismiss remains pending. To the extent the Court grants it, Zeleny has requested leave to amend to address the affirmative defenses. "It is black-letter law that a district court must give plaintiffs at least one change to amend a deficient complaint, absent a clear showing that an amendment would be futile." *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015) (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). It is possible that NEA's involvement will not be resolved for some time.

Due to this uncertainty, the parties cannot complete discovery. It remains unclear whether NEA will have a right to participate in discovery. The other parties cannot complete their discovery until this is resolved. Otherwise, they risk the need to duplicate all of the discovery once NEA becomes involved. Further, the claims against NEA will impact the scope of discovery. If NEA remains involved, Zeleny will take more robust discovery than is currently authorized under his subpoena to NEA and the Court's order limiting that subpoena.

The unsettled state of the pleadings as to NEA has ripple effects on the other case

management dates. The parties planned the expert disclosure and dispositive motion practice based on their anticipated completion of discovery. Because they cannot complete discovery as contemplated, the deadlines for expert discovery and summary judgment cannot be reasonably met. In addition, the parties cannot prepare dispositive motions until they know the status of the pleadings. Finally, the parties have a settlement conference set for July 11, 2019, and it would not be prudent to attempt to rush through discovery prior to that conference.

Zeleny has been diligent in seeking to resolve this issue. He contacted all counsel 11 days after the hearing on NEA's motion to flag the issue and request their input. NEA and Becerra agreed to the requested continuance. Due to counsel's vacation, however, Zeleny has been unable to obtain the City's position.

**B.     The Requested Continuance Is Reasonable and Necessary.**

The requested continuance represents the minimum amount of time needed to resolve pleading issues as to NEA and to complete discovery in an orderly fashion. Depending on the Court's ruling on NEA's motion to dismiss, Zeleny anticipates that the pleadings will be resolved within a few weeks. The proposed discovery schedule gives about 90 days thereafter to complete the remaining discovery and any discovery that NEA would like to conduct.

The parties also request a slightly longer continuance of trial and dispositive motions due to counsel's trial schedule. Counsel for Zeleny is engaged in other trials in December 2019 and March 2020. In addition, Becerra's counsel is scheduled for a month-long trial in March 2020. As a result, the parties have agreed to request a continuance of slightly longer for trial, pretrial conference, and dispositive motions.

**C.     In the Alternative, an Order Vacating the Existing Discovery Dates and Setting a Further Scheduling Conference Is Warranted.**

Due to the inability to reach the City's counsel until July 8—11 days before the current discovery cut-off—the parties have been unable to finalize a global agreement as to the schedule of this case. An order vacating only the current discovery dates would alleviate the most urgent issues, and allow all parties to address the remainder of the schedule once they have more clarity regarding the status of NEA.

To the extent the Court is not inclined to move the remaining dates, Zeleny respectfully requests that it vacate the current discovery dates and set a further Scheduling Conference within 60 days, or as soon as is convenient to the Court, to address the remainder of the schedule.

## IV. CONCLUSION

For the foregoing reasons, Zeleny respectfully requests that the Court continue the trial and pretrial dates or, alternatively, vacate the current discovery dates and set a Further Scheduling Conference.

Dated: June 28, 2019

Respectfully submitted,

s/ Damion Robinson
David W. Affeld
Damion D. D. Robinson
Affeld Grivakes LLP

Attorneys for Plaintiff Michael Zeleny

**PROOF OF SERVICE**

    I hereby certify that on June 28, 2019, I electronically filed the foregoing document using the Court's CM/ECF system.  I am informed and believe that the CM/ECF system will send a notice of electronic filing to the interested parties.

                                            s/ Damion Robinson
                                            Damion Robinson