**TODD H. MASTER [SBN. 185881]**
<u>tmaster@hrmrlaw.com</u>
**HOWARD ROME MARTIN & RIDLEY LLP**
1900 O'Farrell Street, Suite 280
San Mateo, CA  94403
Telephone:    (650) 365-7715
Facsimile:    (650) 364-5297

Attorneys for Defendants
CITY OF MENLO PARK and
DAVE BERTINI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| MICHAEL ZELENY, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> EDMUND G. BROWN, JR., an individual, in his official capacity, et al. <br><br> Defendants. | Case No. 17-cv-07357-RS <br><br> **ANSWER OF DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI TO SECOND AMENDED COMPLAINT [Doc. 99]** |

COME NOW Defendants CITY OF MENLO PARK and DAVE BERTINI (collectively, "Answering Defendants" or "Menlo Park Defendants") and in answer to Plaintiff's Second Amended Complaint on file herein ("Complaint") admit, deny and allege as follows:

**<u>INTRODUCTION</u>**

1.     Answering Defendants deny the allegations contained in Paragraph 1 of the Complaint.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

2.      Answering the allegations contained in Paragraphs 2, 3 and 4 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the allegations therein.

3.      Answering Defendants deny the allegations contained in Paragraph 5 of the Complaint.

4.      Answering the allegations contained in Paragraph 6 of the Complaint, Answering Defendants admit that the CITY OF MENLO PARK requires any and all persons wishing to film a motion picture, television program, other video production, or entertainment event within the public right-of-way to apply for and obtain a film permit from the CITY OF MENLO PARK. Answering Defendants deny the remaining allegations in this Paragraph.

5.      Answering the allegations contained in Paragraph 7 of the Complaint, Answering Defendants deny that they have violated or threatened to violate plaintiff's rights under the First, Second, and Fourteenth Amendments to the United States Constitution and provisions of the California State Constitution.  Answering Defendants deny any allegations that Answering Defendants have unconstitutionally applied California statutes against plaintiff.  Answering Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of this Paragraph and, basing their denial on that ground, deny the remaining allegations therein.

6.      Answering the allegations contained in Paragraph 8 of the Complaint, Answering Defendants deny any allegation that they have unlawfully interpreted the California Penal Code as applied to plaintiff.  Answering Defendants deny that the CITY OF MENLO PARK's adoption and enforcement of municipal policy is a content-based restriction on plaintiff's protected speech. Answering Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of this Paragraph and, basing their denial on that ground, deny the remaining allegations therein.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA  94403
TELEPHONE (650) 365-7715

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**JURISDICTION AND VENUE**

7.      Answering the allegations contained in Paragraph 9 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of this Paragraph and, basing their denial on that ground, deny the allegations therein.

8.      Answering Defendants admit the allegations contained in Paragraph 10 of the Complaint.

9.      Answering the allegations contained in Paragraphs 11 and 12 of the Complaint, Answering Defendants admit the content of the referenced code sections, but deny that plaintiff is entitled to the declaratory and injunctive relief he seeks herein as against Answering Defendants.

10.      Answering the allegations contained in Paragraph 13 of the Complaint, Answering Defendants admit the content of the referenced code section.

11.      Answering the allegations contained in Paragraph 14 of the Complaint, Answering Defendants admit the content of the referenced code sections.

12.      Answering the allegations contained in Paragraph 15 of the Complaint, Answering Defendants deny that they committed any unlawful acts.  Answering Defendants admit that their lawful actions occurred in the State of California and within the Northern District of California. Answering Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of this Paragraph and, basing their denial on that ground, deny the remaining allegations therein.

13.      Answering Defendants admit the allegations in Paragraph 16 of the Complaint.

**THE PARTIES**

14.      Answering the allegations contained in Paragraph 17 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of this Paragraph and, basing their denial on that ground, deny the allegations therein.

ANSWER OF DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI TO SECOND AMENDED COMPLAINT; Case No. 17-cv-07357-RS          3

15.     Answering the allegations contained in Paragraph 18 of the Complaint, Answering Defendants admit that Defendant Xavier Becerra is the Attorney General of the State of California. Answering Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of this Paragraph and, basing their denial on that ground, deny the allegations therein.

16.     Answering Defendants admit the allegations contained in Paragraph 19 of the Complaint.

17.     Answering the allegations contained in Paragraph 20 of the Complaint, Answering Defendants admit that Dave Bertini is the current Police Chief for the City of Menlo Park and that he acted in his official capacity as a member of the Menlo Park Police Department during the some of the time periods referenced in the Complaint.  Answering Defendants admit that Dave Bertini is a citizen and resident of the State of California and the Northern District of California.  Answering Defendants deny the remaining allegations of this Paragraph.

18.     Answering the allegations contained in Paragraph 21 of the Complaint, Answering Defendants deny the unlawful acts and omissions alleged in the Complaint, but admit that Answering Defendants acted lawfully under color of state law. Answering Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of this Paragraph and, basing their denial on that ground, deny the remaining allegations therein.

19.     Answering the allegations contained in Paragraph 22 of the Complaint, Answering Defendants admit that New Enterprise Associates, Inc. has an office in the City of Menlo Park. Answering Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of this Paragraph and, basing their denial on that ground, deny the allegations therein.

20.     Answering Defendants deny the allegations contained in Paragraph 23 of the Complaint.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**FACTS**

21.     Answering the allegations contained in Paragraphs 24 through 27 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the allegations therein.

22.     Answering the allegations contained in Paragraphs 28 through 31 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the allegations therein.

23.     Answering the allegations contained in Paragraphs 32 through 40 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the allegations therein.

24.     Answering the allegations contained in Paragraphs 41 through 46 of the Complaint, Answering Defendants admit that plaintiff has performed demonstrations and protests within the City of Menlo Park.  Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the allegations therein.

25.     Answering the allegations contained in Paragraph 47 of the Complaint, Answering Defendants admit that on some occasions plaintiff notified the City of Menlo Park's Police Department in advance of demonstrations and that, when asked, plaintiff complied with inspections of his weapons to confirm they were not loaded.  Answering Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of this Paragraph and, basing their denial on that ground, deny the remaining allegations therein.

26.     Answering the allegations contained in Paragraph 48 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

the allegations of this Paragraph and, basing their denial on that ground, deny the allegations therein.

27.     Answering the allegations contained in Paragraphs 49 through 56 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the allegations therein.

28.     Answering Defendants deny the allegations contained in Paragraphs 57 through 62 of the Complaint.

29.     Answering the allegations contained in Paragraphs 63 through 67 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the allegations therein.

30.     Answering Defendants deny the allegations contained in Paragraphs 68 through 70 of the Complaint.

31.     Answering the allegations contained in Paragraphs 71 through 74 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of these Paragraphs and, basing their denial on that ground, deny the allegations therein.

32.     Answering Defendants deny the allegations contained in Paragraphs 75 through 77 of the Complaint.

33.     Answering Defendants deny the allegations contained in Paragraphs 78 through 92 of the Complaint.

34.     Answering Defendants deny the allegations contained in Paragraphs 93 through 102 of the Complaint.

35.     Answering the allegations contained in Paragraph 103 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

the allegations of this Paragraph and, basing their denial on that ground, deny the allegations therein.

36.      Answering the allegations contained in Paragraph 104 of the Complaint, Answering Defendants admit that California Penal Code section 26350 prohibits persons from openly carrying an unloaded handgun outside of a vehicle in a public place or public street in an unincorporated city or city and county.

37.      Answering the allegations contained in Paragraph 105 of the Complaint, Answering Defendants admit that California Penal Code section 26375 provides that California Penal Code section 26350 "does not apply to, or affect, the open carrying of an unloaded handgun by an authorized participant in, or an authorized employee or agent of a supplier of firearms for, a motion picture, television or video production, or entertainment event, when the participant lawfully uses the handgun as part of that production or event, as part of rehearsing or practicing for participation in that production or event, or while the participant or authorized employee or agent is at that production or event, or rehearsal or practice for that production or event."

38.      Answering the allegations contained in Paragraph 106 of the Complaint, Answering Defendants admit that California Penal Code section 26400 provides that a "person is guilty of carrying an unloaded firearm that is not a handgun when that person carries upon his or her person an unloaded firearm that is not a handgun outside a vehicle" while in an "incorporated city or city and county, or in a public place or a public street in a prohibited area of an unincorporated area of a county." Answering Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of this paragraph and, basing their denial on that ground, deny the remaining allegations therein.

39.      Answering the allegations contained in Paragraph 107 of the Complaint, Answering Defendants admit that California Penal Code section 26405(r) provides that California Penal Code section 26400 does not apply to, or affect, the carrying of an unloaded firearm that is not a handgun "by an authorized participant in … a motion picture, television, or video production or

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

1  entertainment event, when the participant lawfully uses that firearm as part of that production or

2  event, as part of rehearsing or practicing for participation in that production or event, or while the

3  participant or authorized employee or agent is at that production or event, or rehearsal or practice

4  for that production or event."

5     40.     Answering the allegations contained in Paragraph 108 of the Complaint, Answering

6  Defendants admit that California Penal Code section 25510 provides that California Penal Code

7  section 25400 does not apply to the "possession of a firearm by an authorized participant in a

8  motion picture, television, or video production, or an entertainment event, when the participant

9  lawfully uses the firearm as part of that production or event, or while going directly to, or coming

10 directly from, that production of event."

11    41.     Answering the allegations contained in Paragraphs 109 through 115 of the

12 Complaint, Answering Defendants allege that they are without sufficient information or belief to

13 enable them to answer the allegations of these Paragraphs and, basing their denial on that ground,

14 deny the allegations therein.

15    42.     Answering Defendants deny the allegations contained in Paragraph 116 of the

16 Complaint.

17    43.     Answering Defendants deny the allegations contained in Paragraph 117 of the

18 Complaint.

19    44.     Answering the allegations contained in Paragraph 118 of the Complaint, Answering

20 Defendants allege that they are without sufficient information or belief to enable them to answer

21 the allegations of this Paragraph and, basing their denial on that ground, deny the allegations

22 therein.

23    45.     Answering Defendants deny the allegations contained in Paragraph 119 of the

24 Complaint.

25    46.     Answering the allegations contained in Paragraph 120 of the Complaint, Answering

26 Defendants allege that they are without sufficient information or belief to enable them to answer

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

the allegations of this Paragraph and, basing their denial on that ground, deny the allegations therein.

47.     Answering the allegations contained in Paragraph 121 of the Complaint, Answering Defendants admit that the City of Menlo Park requires any and all persons, including plaintiff, wishing to film a motion picture, television program, or other video production within the public right-of-way to apply for and obtain a film permit from the City of Menlo Park.  Answering Defendants deny the remaining allegations of this Paragraph.

48.     Answering Defendants deny the allegations contained in Paragraphs 122 and 123 of the Complaint.

49.     Answering the allegations contained in Paragraph 124 of the Complaint, Answering Defendants admit that plaintiff applied for a single Special Event permit, which was denied for multiple and identified non content-based reasons.  Answering Defendants deny the remaining allegations of this Paragraph.

50.     Answering Defendants deny the allegations contained in Paragraphs 125 through 128 of the Complaint.

51.     Answering the allegations contained in Paragraph 129 of the Complaint, Answering Defendants admit that Menlo Park City Manager Alex McIntyre and then Police Commander David Bertini met with Plaintiff.  Answering Defendants deny the remaining allegations in this Paragraph.

52.     Answering Defendants deny the allegations contained in Paragraphs 130 and 131 of the Complaint.

53.     Answering the allegations contained in Paragraph 132 of the Complaint, Answering Defendants deny that the City made unreasonable or unlawful demands upon plaintiff or that plaintiff is a victim of content-based discrimination. Answering Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of this Paragraph and, basing their denial on that ground, deny the remaining allegations therein.

54.     Answering Defendants deny the allegations contained in Paragraph 133 of the Complaint.

55.     Answering the allegations contained in Paragraph 134 of the Complaint, Answering Defendants admit that the CITY OF MENLO PARK's webpage includes information and requirements for obtaining a special event permit.

56.     Answering the allegations contained in Paragraph 135 of the Complaint, Answering Defendants admit that the CITY OF MENLO PARK's webpage includes information and requirements for obtaining a special event permit, which includes a flow-chart outlining the general process for staff's handling of the application.  Answering Defendants deny the remaining allegations in this Paragraph.

57.     Answering the allegations contained in Paragraph 136 of the Complaint, Answering Defendants admit that the CITY OF MENLO PARK's webpage includes information and requirements for obtaining a special event permit, which includes a flow-chart outlining the general process for staff's handling of the application.  Answering Defendants deny the remaining allegations in this Paragraph.

58.     Answering the allegations contained in Paragraph 137 of the Complaint, Answering Defendants admit that the CITY OF MENLO PARK maintains an application for film permits and information for any applicant that includes the requirements for obtaining a film permit. Answering Defendants deny the remaining allegations in this Paragraph.

59.     Answering the allegations contained in Paragraph 138 of the Complaint, Answering Defendants admit that plaintiff applied to the City for a special event permit for an event that he called "Child Rape Tools".  Answering defendants deny the remainder of the allegations contained in this Paragraph.

60.     Answering Defendants deny the allegations contained in Paragraphs 139 through 142 of the Complaint.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

61.   Answering Defendants deny the allegations contained in Paragraphs 143 through 148 of the Complaint.

62.   Answering Defendants deny the allegations contained in Paragraphs 149 through 152 of the Complaint.

63.   Answering Defendants deny the allegations contained in Paragraphs 153 through 157 of the Complaint.

64.   Answering the allegations contained in Paragraph 158 of the Complaint, Answering Defendants admit that, subject to limited exceptions under California law, the "open carry" of firearms is unlawful in California.  Answering defendants deny the remainder of the allegations contained in this Paragraph.

65.   Answering the allegations contained in Paragraph 159 of the Complaint, Answering Defendants admit that, subject to limited exceptions under California law, the "open carry" of firearms is unlawful in California.  Answering defendants deny the remainder of the allegations contained in this Paragraph.

66.   Answering Defendants deny the allegations contained in Paragraph 160 of the Complaint.

67.   Answering Defendants deny the allegations contained in Paragraph 161 of the Complaint.

68.   Answering Defendants admit the allegations contained in Paragraph 162 of the Complaint.

69.   Answering the allegations contained in Paragraph 163 of the Complaint, Answering Defendants admit that the City denied plaintiff's appeal of the denial of his special event permit application in June 2016.  Answering defendants deny the remainder of the allegations contained in this Paragraph.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

70.     Answering the allegations contained in Paragraph 164 of the Complaint, Answering Defendants admit that plaintiff requested a hearing with the City Manager. Answering defendants deny the remainder of the allegations contained in this Paragraph.

71.     Answering the allegations contained in Paragraph 165 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of this Paragraph and, basing their denial on that ground, deny the allegations therein.

72.     Answering the allegations contained in Paragraph 166 of the Complaint, Answering Defendants admit that the City Manager upheld the decision to deny plaintiff's special event permit application.  Answering defendants deny the remainder of the allegations contained in this Paragraph.

73.     Answering Defendants deny the allegations contained in Paragraph 167 of the Complaint.

74.     Answering the allegations contained in Paragraphs 168 through 170 of the Complaint, Answering Defendants admit that plaintiff appealed the denial of his special event permit application to the City Council.  Answering Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of these Paragraphs and, basing their denial on that ground, deny the allegations therein.

75.     Answering Defendants deny the allegations contained in Paragraphs 171 and 172 of the Complaint.

76.     Answering Defendants deny the allegations contained in Paragraph 173 of the Complaint.

77.     Answering the allegations contained in Paragraph 174 of the Complaint, Answering Defendants admit that Dave Bertini appeared before the City Council at the hearing on plaintiff's appeal to present the City staff's recommendations for same. Answering Defendants allege that

1  they are without sufficient information or belief to enable them to answer the remaining allegations

2  of these Paragraphs and, basing their denial on that ground, deny the allegations therein.

3         78.    Answering the allegations contained in Paragraph 175 of the Complaint, Answering

4  Defendants admit the City Council upheld the denial of plaintiff's special event permit application.

5  Answering Defendants deny the remaining allegations contained therein.

6         79.    Answering the allegations contained in Paragraph 176 of the Complaint, Answering

7  Defendants admit that on September 7, 2017, plaintiff asked that the City reconsider his special

8  event permit application as requesting a film permit.  Answering Defendants deny the remaining

9  allegations contained therein.

10        80.    Answering Defendants deny the allegations contained in Paragraph 177 of the

11  Complaint.

12        81.    Answering the allegations contained in Paragraph 178 of the Complaint, Answering

13  Defendants admit the City Attorney wrote plaintiff requesting more information about the proposed

14  filming. Answering Defendants deny the remaining allegations contained therein.

15        82.    Answering Defendants deny the allegations contained in Paragraphs 179 through

16  184 of the Complaint.

17        83.    Answering the allegations contained in Paragraph 185 of the Complaint, Answering

18  Defendants admit plaintiff's application for a film permit is incomplete and remains pending,

19  awaiting further information from plaintiff.  Answering Defendants deny the remaining allegations

20  contained therein.

21        84.    Answering Defendants deny the allegations contained in Paragraph 186 of the

22  Complaint.

23                              **DECLARATORY RELIEF**

24        85.    Answering Defendants deny the allegations contained in Paragraphs 187 through

25  193 of the Complaint.

26  / / /

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## FIRST COUNT

**(Violation of the First Amendment to the United States Constitution)**
**(Against Defendants the City of Menlo Park and Bertini)**

86.    Answering the allegations contained in Paragraph 194 of the Complaint, Answering Defendants re-allege and incorporate by reference, as though fully set forth herein, their responses to the allegations set forth in Paragraphs 1 through 193 of the Complaint.

87.    Answering the allegations contained in Paragraph 195 of the Complaint, Answering Defendants admit that the First Amendment is applicable to the States and local governments.

88.    Answering Defendants deny the allegations contained in Paragraphs 196 through 199 of the Complaint.

## SECOND COUNT

**(Violation of the First and Fourteenth Amendments to the United States Constitution)**
**(Against Defendants the City of Menlo Park and Bertini)**

89.    Answering the allegations contained in Paragraph 200 of the Complaint, Answering Defendants re-allege and incorporate by reference, as though fully set forth herein, their responses to the allegations set forth in Paragraphs 1 through 199 of the Complaint.

90.    Answering the allegations contained in Paragraph 201 of the Complaint, Answering Defendants admit that the First Amendment is applicable to the States and local governments.

91.    Answering Defendants deny the allegations contained in Paragraphs 202 through 206 of the Complaint.

## THIRD COUNT

**(Violation of the First and Second Amendments to the United States Constitution)**
**(Against Defendants the City of Menlo Park and Bertini)**

92.    Answering the allegations contained in Paragraph 207 of the Complaint, Answering Defendants re-allege and incorporate by reference, as though fully set forth herein, their responses to the allegations set forth in Paragraphs 1 through 206 of the Complaint.

93.     Answering the allegations contained in Paragraph 208 of the Complaint, Answering Defendants admit that the First and Second Amendments are applicable to the States and local governments.

94.     Answering Defendants deny the allegations contained in Paragraphs 209 through 217 of the Complaint.

## FOURTH COUNT

### (Violation of 42 U.S.C. §983)
### (Against Defendants the City of Menlo Park and Bertini)

95.     Answering the allegations contained in Paragraph 218 of the Complaint, Answering Defendants re-allege and incorporate by reference, as though fully set forth herein, their responses to the allegations set forth in Paragraphs 1 through 217 of the Complaint.

96.     Answering Defendants deny the allegations contained in Paragraphs 219 through 224 of the Complaint.

## FIFTH COUNT

### (Violation of the Fourteenth Amendment to the United States Constitution)
### (Against Defendants Becerra)

97.     Answering the allegations contained in Paragraph 225 of the Complaint, Answering Defendants re-allege and incorporate by reference, as though fully set forth herein, their responses to the allegations set forth in Paragraphs 1 through 224 of the Complaint.

98.     Answering Defendants deny the allegations contained in Paragraphs 226 through 229 of the Complaint, Answering Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of these paragraphs, which are being alleged against other defendants and, basing their denial on that ground, deny the allegations therein.

/ / /

/ / /

/ / /

### SIXTH COUNT

**(Conspiracy to Violate Civil Rights under 42 U.S.C. §1983)**
**(Against Defendant NEA)**

99.     Answering the allegations contained in Paragraph 230 of the Complaint, Answering Defendants re-allege and incorporate by reference, as though fully set forth herein, their responses to the allegations set forth in Paragraphs 1 through 229 of the Complaint.

100.     Answering Defendants deny the allegations contained in Paragraphs 231 through 235 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

These Answering Defendants allege that the Complaint fails to state a cause of action against these Answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

These Answering Defendants deny any wrongdoing, negligence or liability on their part but, should it be determined that these Answering Defendants are liable to Plaintiff, then these Answering Defendants allege that Plaintiff was also legally at fault, and possibly others as well, and thus any recovery that might otherwise be rendered against these Answering Defendants must be reduced by that percentage which reflects the comparative fault of others.

### THIRD AFFIRMATIVE DEFENSE

These Answering Defendants allege that Plaintiff acted with full knowledge of all the facts and circumstances surrounding his injuries and that said matters of which Plaintiff assumed the risk proximately contributed to and proximately caused his injuries, if any.

### FOURTH AFFIRMATIVE DEFENSE

These Answering Defendants allege their acts were necessary and privileged.

/ / /

/ / /

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

### FIFTH AFFIRMATIVE DEFENSE

These Answering Defendants allege that, at all times relevant herein, Answering Defendants acted reasonably and without malice.

### SIXTH AFFIRMATIVE DEFENSE

These Answering Defendants allege that each of the acts alleged to have been committed by them were committed in good faith and in the exercise of a good faith belief that said acts were proper and lawful and within their legal responsibility and discretion.

### SEVENTH AFFIRMATIVE DEFENSE

These Answering Defendants allege that the acts complained of occurred within the scope of their official duties and said Answering Defendants had no knowledge that said acts were illegal and/or unconstitutional, nor were said acts clearly violative of the Plaintiff's rights at the time they were committed.

### EIGHTH AFFIRMATIVE DEFENSE

These Answering Defendants allege that Plaintiff was guilty of willful and gross carelessness, misconduct and negligence in and about the matters set forth in the Complaint, and that said willful and gross behavior proximately caused and contributed to the happening of the incident and to the injuries, loss and damages complained of, and Plaintiff's willful and gross behavior either bars or reduces any potential recovery.

### NINTH AFFIRMATIVE DEFENSE

These Answering Defendants allege that Plaintiff, by his own conduct, induced and intentionally caused and brought about the conduct of which Plaintiff complains, and the injuries, loss and damages complained of, and Plaintiff's intentional conduct either bars or reduces any potential recovery.

### TENTH AFFIRMATIVE DEFENSE

These Answering Defendants allege that Plaintiff consented to the acts complained of in the Complaint and that said consent was both express and implied.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**ELEVENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that each and every cause of action against individual defendants alleged in the Complaint is barred by qualified immunity.

**TWELFTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that this Complaint is barred by the relevant portions of the California Government Code, including, but not limited to, §§ 815, 815.2, 815.6, 818, 818.2, 818.4, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 820.9, 821, 821.2, 821.6, 821.8, 822.2, 844.6, and 845.

**THIRTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants contend that Plaintiff's cause of action is barred by virtue of the doctrine of unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that Plaintiff has failed to mitigate the alleged damages, if any, which he claims to have sustained, and his recovery, if any, should be barred or diminished accordingly.

**FIFTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants contend that Plaintiff's action is frivolous, unreasonable and without foundation and Answering Defendants are therefore entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Code of Civil Procedure §§ 1021.7 and 1038.

**SIXTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that they are entitled to absolute immunity.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that Plaintiff's cause of action is premature.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants allege that Plaintiff has failed to exhaust his administrative remedies before bringing his cause of action against Answering Defendants.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

### NINETEENTH AFFIRMATIVE DEFENSE

These Answering Defendants allege that Plaintiff's Complaint is barred, in whole or in part, because Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Answering Defendants or to avoid harm otherwise.

### TWENTIETH AFFIRMATIVE DEFENSE

These Answering Defendants allege that Plaintiff's claim for injunctive or other equitable relief is barred because Plaintiff has an adequate and complete remedy at law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

These Answering Defendants allege that each and every cause of action is barred by virtue of Plaintiff's failure to comply with the requirements of California Code of Civil Procedure §§ 335, et seq., including, but not limited to §§ 335.1, 340, 342 and 343.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

These Answering Defendants allege that each and every cause of action is barred by virtue of Plaintiff's failure to comply with the requirements of California Code of Civil Procedure §§ 312, 335, et seq., including, but not limited to §§ 335.1, 338, 340, 342 and 343.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

These Answering Defendants allege that each and every cause of action is barred by the applicable Statute of Limitation, including specifically the limitations period set forth in California Code of Civil Procedure §1094.6 which required plaintiff to challenge any City of Menlo Park decision in the appropriate court of competent jurisdiction within ninety (90) days, unless a shorter time is required by State or Federal law; and that if plaintiff believed any City of Menlo Park decision to have involved speech or expressive conduct entitled to protection by the First Amendment, any petition must have been served on the City of Menlo Park no later than twenty-one (21) calendar days following the challenged decision pursuant to California Code of Civil Procedure Section 1094.8.

1    WHEREFORE, these Answering Defendants pray that Plaintiff take nothing by her

2    Complaint, for costs of suit herein, and for such other and further relief as to the Court may seem

3    reasonable and proper.

4    Date:  September 25, 2019                    HOWARD ROME MARTIN & RIDLEY LLP

5

6                                                By:  /s/ Todd H. Master
                                                     Todd H. Master
7                                                    Attorneys for Defendants
                                                     CITY OF MENLO PARK and
8                                                    DAVE BERTINI

9                        **<u>NOTICE OF INTENT TO SEEK ATTORNEYS' FEES</u>**

10   TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:

11            PLEASE TAKE NOTICE that Answering Defendants contend that Plaintiff's Complaint

12   was not filed nor maintained in good faith or with reasonable cause and that these Answering

13   Defendants are entitled to and intend to seek reasonable attorneys' fees from the Plaintiff and from

14   Plaintiff's attorneys of record, pursuant to Title 42 U.S.C. §1988 and Code of Civil Procedure

15   §§ 1021.7 and 1038.

16   Date:  September 25, 2019                    HOWARD ROME MARTIN & RIDLEY LLP

17

18                                               By:  /s/ Todd H. Master
                                                     Todd H. Master
19                                                   Attorneys for Defendants
                                                     CITY OF MENLO PARK and
20                                                   DAVE BERTINI

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

1

## JURY DEMAND

2          These Answering Defendants hereby demand a trial by jury in this action.

3     Date:  September 25, 2019                    HOWARD ROME MARTIN & RIDLEY LLP

4

5                                                  By:  /s/ Todd H. Master
                                                        Todd H. Master
6                                                       Attorneys for Defendants
                                                        CITY OF MENLO PARK and
7                                                       DAVE BERTINI

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

HOWARD ROME MARTIN & RIDLEY LLP
1900 O' FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715