```
 1  THOMAS S. BROWN, CA Bar No. 178620
       tsbrown@foley.com
 2  NICHOLAS P. HONKAMP, CA Bar No. 261299
       nhonkamp@foley.com
 3  FOLEY & LARDNER LLP
    555 CALIFORNIA STREET
 4  SUITE 1700
    SAN FRANCISCO, CA 94104-1520
 5  TELEPHONE: 415.434.4484
    FACSIMILE:  415.434.4507
 6
 7  ROGER A. LANE (admitted pro hac vice)
       rlane@foley.com
 8  COURTNEY WORCESTER (admitted pro hac vice)
       cworcester@foley.com
 9  FOLEY & LARDNER LLP
    111 HUNTINGTON AVENUE
10  BOSTON, MA 02199
    TELEPHONE: 617.342.4000
11  FACSIMILE:  617.342.4001
12
13  Attorneys for New Enterprise Associates, Inc.
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Zeleny,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Edmund G. Brown, Jr., et al.,<br><br>　　　　　　Defendants. | Case No. 17-cv-07357-RS<br><br>**NEA'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NEA'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date:　　　November 7, 2019<br>Time:　　　1:30 p.m.<br>Courtroom: 3, 17th Floor |

Pursuant to Federal Rule of Evidence 201, Defendant New Enterprise Associates, Inc. ("NEA"),

requests that the Court take judicial notice of pleadings and court records in support of its motion to dismiss filed on September 25, 2019.

Federal Rule of Evidence 201 provides that, upon request, a court shall take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Examples of matters whose accuracy cannot reasonably be questioned are public records such as pleadings, orders and other papers on file in another action pending in court, or the legislative history of laws, rules or ordinances. *See Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by *Astoria Federal Sav. And Loan Ass'n Solimino*, 501 U.S. 104 (1991); *Rupert v. Bond*, 68 F.Supp.3d 1142 (N.D. 2014) (in connection with motion to dismiss, granting request for judicial notice of, *inter alia*, pleadings, declarations, and orders issued in other courts).

In ruling on a motion to dismiss for failure to state a claim, the court may judicially notice public records. *MGIC Idem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (holding that a court may take judicial notice of official records and reports without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment); *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 2005).

For the foregoing reasons, Defendant NEA requests that the Court take judicial notice of the following document offered in support of its Motion to Dismiss Plaintiff's Section 1983 claim against NEA on the grounds, *inter alia*, that the *Noerr-Pennington* doctrine provides immunity for NEA's actions. A true and correct copies of this document is attached to the declaration of Roger A. Lane filed concurrently herewith:

1. **Exhibit A** – Notice of Entry of Judgment and Permanent Injunction entered in *New Enterprise Associates, Inc. v. Zeleny*, Case No. Civ. 499465 (California Superior Court, County of San Mateo) for the proposition that a Permanent Injunction issued against Plaintiff on September 22, 2011 and that he agreed to pay NEA $25,000.

FOLEY & LARDNER LLP

September 25, 2019

/s Roger A. Lane
Roger A. Lane
Courtney Worcester

Attorneys for New Enterprise Associates, Inc.

**PROOF OF SERVICE**

I hereby certify that on September 25, 2019, I electronically filed the foregoing document using the Court's CM/ECF system. I am informed and believe that the CM/ECF system will send a notice of electronic filing to the interested parties.

/s/ Roger A. Lane
Roger A. Lane

NEA's REQUEST FOR JUDICIAL NOTICE
Case No. 17-cv-07357-RS

3

4845-3370-3591.1