David W. Affeld, State Bar No. 123922
Damion Robinson, State Bar No. 262573
Affeld Grivakes LLP
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone: (310) 979-8700

Attorneys for Plaintiff Michael Zeleny

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MICHAEL ZELENY,

Plaintiff,

vs.

GAVIN NEWSOM, *et al.*,

Defendants.

Case No. CV 17-7357 JCS

Assigned to:
The Honorable Richard G. Seeborg

Discovery Matters:
The Honorable Thomas S. Hixson

**DECLARATION OF DAMION ROBINSON IN SUPPORT OF LETTER BRIEF**

Action Filed: December 28, 2017
Trial Date: June 8, 2020

**DECLARATION**

I, Damion Robinson, declare:

1. I and my law firm are counsel of record to plaintiff Michael Zeleny ("Zeleny") in this case. I have personal knowledge of the facts below. I could testify competently to these facts if called upon to do so.

2. Attached as **Exhibit 1** is a true copy of Zeleny's First Set of Requests for Production to the City of Menlo Park.

3. Attached hereto as **Exhibit 2** is a true copy of Zeleny's First Set of Requests to Production to Dave Bertini.

4. Attached hereto as **Exhibit 3** is a true copy of the City of Menlo Park's responses to Zeleny's requests.

5. Attached hereto as **Exhibit 4** is a true copy of Dave Bertini's responses to Zeleny's requests.

6. Attached hereto as **Exhibit 5** is a true copy of a Declaration of Dave Bertini.

7. Attached hereto as **Exhibit 6** is a meet-and-confer letter to defendant's counsel dated March 12, 2019. At that time, counsel and I conferred in good faith by phone. After discussion, we determined that the City of Menlo Park would require a determination of its claims or privilege before producing the documents at issue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 13th day of February, 2020 at Los Angeles, California.

s/ Damion Robinson
Damion Robinson

# Exhibit 1

David W. Affeld, State Bar No. 123922
Damion D. D. Robinson, State Bar No. 262573
Affeld Grivakes LLP
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Tel. (310) 979-8700
Fax (310) 979-8701

Attorneys for Plaintiff
Michael Zeleny

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| MICHAEL ZELENY, an individual<br><br>Plaintiff,<br><br>vs.<br><br>EDMUND G. BROWN, JR., an individual, in his official capacity, et al.<br><br>Defendants. | Case No. 17-cv-07357-RS<br><br>**PLAINTIFF MICHAEL ZELENY'S FIRST SET OF INTERROGATORIES TO CITY OF MENLO PARK** |

PROPOUNDING PARTY: Plaintiff Michael Zeleny

RESPONDING PARTY: Defendant City of Menlo Park

SET NUMBER: One

Plaintiff Michael Zeleny ("Plaintiff" or "Zeleny") hereby requests that the City of Menlo Park ("Defendant" or "Responding Party") respond to the following interrogatories pursuant to Federal Rule of Civil Procedure 33. Responses shall be made to Affeld Grivakes, LLP, 2049 Century Park East, Suite 2460, Los Angeles, California 90067, within

thirty days of the date of service of these requests.

**Interrogatory No. 1.** For each denial and affirmative defense in your Answer in this action, state all facts upon which such denial or affirmative defense is based.

**Interrogatory No. 2.** For each denial and affirmative defense in your Answer in this action, IDENTIFY all persons with knowledge of any facts supporting such denial or affirmative defense is based.

[For purposes of these Interrogatories, "IDENTIFY" means:

(a) With respect to a person or entity, to state his, her, or its name, title, capacity, and last known contact information, including address, telephone number, and email address (if known);

(b) With respect to a document, to state the nature of the document (e.g., memorandum, letter, e-mail), title or subject line of the document, its general substance or subject matter, the author, sender, and all recipients (including persons "copied," or "blind copied"), and the date of its creation;

(c) With respect to a law, policy, procedure, rule, regulation, ordinance, guideline, or guidance, to state the specific policy, procedure, rule, regulation, ordinance, guideline, or guidance, and the source of the same]

**Interrogatory No. 3.** For each denial and affirmative defense in your Answer in this action, IDENTIFY all documents that support such denial or defense.

**Interrogatory No. 4.** IDENTIFY any law, rule, regulation, ordinance, or policy of the City of Menlo Park or the State of California that Zeleny would violate by engaging in the protests he has proposed to the City of Menlo Park (including the carrying of unloaded firearms).

**Interrogatory No. 5.** Do you contend that a permit is required for the protests that Zeleny has proposed to conduct in the City of Menlo Park?

**Interrogatory No. 6.** State all facts that support your response to the preceding Interrogatory.

**Interrogatory No. 7.** IDENTIFY all policies, procedures, guidelines, rules,

regulations, ordinances, laws, or guidelines that support your response to the preceding two Interrogatories.

**Interrogatory No. 8.** IDENTIFY each policy, procedure, rule, regulation, ordinance, guideline, or guidance of the City of Menlo Park governing applications for permits of the types that Zeleny has sought from the City of Menlo Park.

**Interrogatory No. 9.** IDENTIFY each and every criteria used by the City of Menlo Park in acting upon applications or requests for permits of the type that Zeleny has sought from the City of Menlo Park.

**Interrogatory No. 10.** IDENTIFY each document that has reflected, embodied, contained, or described the criteria for issuance of the types of permits that Zeleny has sought from the City of Menlo Park.

**Interrogatory No. 11.** IDENTIFY each policy, procedure, rule, regulation, ordinance, guideline, or guidance of the City of Menlo Park relating to the issuance of permits for film productions involving firearms.

**Interrogatory No. 12.** IDENTIFY each policy, procedure, rule, regulation, ordinance, guideline, or guidance of the City of Menlo Park relating to the issuance of permits for entertainment events involving firearms.

**Interrogatory No. 13.** State all the reasons that Zeleny's applications for permits to the City of Menlo Park have not been approved.

**Interrogatory No. 14.** State all requirements for Zeleny's applications for permits from the City of Menlo Park to be approved.

**Interrogatory No. 15.** Describe in detail all gifts, donations, political contributions, or other benefits given by New Enterprise Associates and/or Cisco Webex, or their respective affiliates, officers, or agents, to the City of Menlo Park or any of its departments, decisions, agencies, or officials, in each year for the past five years.

**Interrogatory No. 16.** State the total revenue of the City of Menlo Park received from New Enterprise Associates in the past five years.

**Interrogatory No. 17.** Describe in detail each complaint received by the City of

Menlo Park involving Zeleny's protests in the past five years.

Dated: January 11, 2019

AFFELD GRIVAKES LLP

By: ______________________
David W. Affeld
Damion D. D. Robinson

Attorneys for Plaintiff Michael Zeleny

- 4 -

ZELENY'S INTEROGATORIES TO CITY OF MENLO PARK, SET ONE

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2049 Century Park East, Suite 2460 Los Angeles, CA 90067.

On January 11, 2019, I served the foregoing document(s) described as:

**PLAINTIFF MICHAEL ZELENY'S FIRST SET OF INTERROGATORIES TO CITY OF MENLO PARK**

on interested parties in this action by placing ☐ the original ☒true copy(ies) thereof enclosed in sealed envelopes as stated below.

Todd Master
1900 O'Farrell Street, Suite 280
San Mateo, CA 94403

Noreen Skelly
Office of the Attorney General
1300 I Street, Suite 125
PO Box 944255
Sacramento, CA 95814

☐ **(BY MAIL)** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY ELECTRONIC MAIL)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I served the documents via a pdf attachment electronically from e-mail address gb@agzlaw.com to the persons at the e-mail addresses indicated on the attached Service List.

☒ **(BY OVERNIGHT MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing with an overnight courier service. Under that practice it would be deposited with said overnight courier service on that same day with delivery charges thereon billed to sender's account, at Los Angeles, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 11, 2019, at Los Angeles, California.

Kristen Meiser
[Print Name Of Person Executing Proof]

[Signature]

# Exhibit 2

David W. Affeld, State Bar No. 123922
Damion D. D. Robinson, State Bar No. 262573
Affeld Grivakes LLP
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Tel. (310) 979-8700
Fax (310) 979-8701

Attorneys for Plaintiff
Michael Zeleny

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| MICHAEL ZELENY, an individual<br><br>Plaintiff,<br><br>vs.<br><br>EDMUND G. BROWN, JR., an individual, in his official capacity, et al.<br><br>Defendants. | Case No. 17-cv-07357-RS<br><br>**PLAINTIFF MICHAEL ZELENY'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT DAVE BERTINI** |

PROPOUNDING PARTY: Plaintiff Michael Zeleny
RESPONDING PARTY: Defendant Dave Bertini
SET NUMBER: One

Plaintiff Michael Zeleny ("Plaintiff" or "Zeleny") hereby requests that Dave Bertini ("Defendant" or "Responding Party") produce the documents set forth herein pursuant to Federal Rule of Civil Procedure 34. Responses shall be made to Affeld Grivakes, LLP, 2049 Century Park East, Suite 2460, Los Angeles, California 90067, within thirty days of the date

of service of these requests.

## I. INSTRUCTIONS

These requests require production of documents, electronically stored information, and tangible things in the possession, custody, or control of Responding Party, including, but not limited to, materials that are available to Responding Party upon request, and materials Responding Party may legally demand.

Documents shall be produced in the manner and order in which the Responding Party ordinarily maintains them or categorized according to the requests to which they respond.

Responding Party shall produce all electronic documents and electronically stored information in native format with all metadata intact, unless otherwise specified. Such metadata shall include, but is not limited to, the dates and times of creation, modification, and access, all authors, senders, recipients (including those "copied" or "blind copied"), and persons accessing the file, the program or process used to create the file, all version lists and version information, all comments, insertions, deletions, and modifications, and all other customary data associated with electronic files of the type produced. Documents shall be produced in such a manner that all comments and changes, as well as the author of such comments or changes, is visible and readily apparent.

Documents containing formulae, calculations, macros, or other processes shall be produced with the same intact, and any documents referencing links, data, databases, data compilations, or other documents, shall be produced with such links, data, databases, data compilations, or other documents, such that the document produced functions as intended.

To the extent that Responding Party withholds any documents or materials on the grounds of any privilege or legal protection from disclosure, Responding Party shall provide the following information to assist the other parties and the Court in determining the validity of the assertion of privilege or protection:

1. The title (if applicable), general description, and general subject matter of the information withheld;
2. All persons participating in the drafting of the material and having had access

to the material; and with respect to Communications (defined below) the sender and all recipients of the material, including persons "copied," "blind copied" or to whom the material was relayed;

3. The date the material was generated, sent, and received;

4. The nature of the privilege asserted and grounds.

To the extent that documents are privileged or protected in part, the documents shall otherwise be produced with the privileged or protected material redacted.

Each request below shall be construed as requesting the final version of each item, as well as each and every draft, prior version, alternate version, or copy that differs in any way from the final version. Such prior or alternate versions include, but are not limited to, any versions or copies of the document that contain changes, redlines or blacklines, comments, notes, interlineations, additions, deletions, erasures, or additional metadata.

For purposes of these requests, the relevant time period is 2010 through the present unless otherwise specified.

## II. DEFINITIONS

For purposes of these requests, the following Capitalized terms shall have the meanings set forth below:

"Document" and "Documents" are intended to be interpreted as broadly as possible to include any and all writings, documents, data, or information that is in or can be reduced to a human-readable or machine-readable format, including, but not limited to, documents in hard copy or electronic format, letters, notes, journals, diaries, calendars and calendar entries, statements, spreadsheets, charts, memoranda, text messages, instant messages, emails, social media messages and postings, meeting or appointment invitations, contracts, graphics, drawings, photographs, schematics, plans, audio/video recordings, computer code, databases, data sets, data compilations, and data.

"Communications" means any transmission of information from one person or machine to one or more other persons or machines, in any manner whatsoever, as well as any Documents embodying, referring to, commenting upon, summarizing, forwarding, attaching,

evidencing, concerning, documenting, or reflecting such transmission or the contents. Communications include, but are not limited to, letters, memoranda, notes, emails, text messages, instant messages, and social media messages or postings.

"Relating to" means relating to, reflecting, evidencing, evincing, embodying, concerning, discussing, describing, commenting upon, summarizing, translating, bearing upon, documenting, or otherwise pertaining to.

"You," "Your," "Yours" and similar terms refer to Responding Party

"Responding Party" refers to the Responding Party identified above, any of his agents or representatives, and any person acting for Responding Party or on his behalf.

"Plaintiff" and "Zeleny" refer to Michael Zeleny and anyone representing him or acting on his behalf.

The "Protests" refers to any protests, demonstrations, public speeches, performances, rallies, strikes, or other public expressive activity by Zeleny in the City of Menlo Park from 2010 through the present.

"NEA" refers to New Enterprise Associates and its parents, subsidiaries, affiliates, divisions, partners, shareholders, officers, directors, managers, members, employees, agents, attorneys, insurers, and other representatives, and anyone acting for it or on its behalf, including, but not limited to Min Zhu, Scott Sandell, Subrah Iyar, David Farrington, C. Richard Kramlich. "NEA" also includes, without limitation, counsel acting or purporting to act on behalf of NEA, including, but not limited to, Louis Citron, Robert B. Hawk, Jonathan Fink, Buchalter PC (Jonathan Fink and William M. Miller), and Hogan Lovells US LLP.

"WebEx" refers to the company formally known as WebEx Communications Inc., now known as Cisco Webex, and its parents, subsidiaries, affiliates, divisions, partners, shareholders, officers, directors, managers, members, employees, agents, attorneys, insurers, and other representatives, and anyone acting for it or on its behalf, including, but not limited to, Min Zhu, Bill Heil, David Farrington, Anthony Muller, Casimir Skrzypczak, Michael Flynn, and Alfred Berkeley III.

## III. REQUESTS

**Request for Production No. 1.** All Documents Relating to Zeleny and/or his Protests.

**Request for Production No. 2.** All Documents Relating to any Communications with Zeleny.

**Request for Production No. 3.** All Documents Relating to any Communications regarding Zeleny and/or his Protests.

**Request for Production No. 4.** All Documents Relating to any Communications with NEA and/or WebEx regarding the subject matter of this action.

**Request for Production No. 5.** All Documents relating to any investigation of allegations of child molestation, child endangerment, rape, or similar conduct by Min Zhu.

**Request for Production No. 6.** All Documents reflecting any training that You have received regarding California law relating to public carrying of loaded and/or unloaded firearms, public protests or demonstrations, Second Amendment rights, obscenity, obscenity as to minors, and/or free speech rights.

**Request for Production No. 7.** All Documents referred to or bearing upon Responding Party's responses to Zeleny's First Set of Interrogatories served concurrently herewith.

**Request for Production No. 8.** All Documents that You may rely upon to support any denials or defenses in this action.

Dated: January 11, 2019

AFFELD GRIVAKES LLP

By: ______________________
David W. Affeld
Damion D. D. Robinson

Attorneys for Plaintiff Michael Zeleny

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2049 Century Park East, Suite 2460 Los Angeles, CA 90067.

On January 11, 2019, I served the foregoing document(s) described as:

**PLAINTIFF MICHAEL ZELENY'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT DAVE BERTINI**

on interested parties in this action by placing ☐ the original ☒true copy(ies) thereof enclosed in sealed envelopes as stated below.

Todd Master
1900 O'Farrell Street, Suite 280
San Mateo, CA 94403

Noreen Skelly
Office of the Attorney General
1300 I Street, Suite 125
PO Box 944255
Sacramento, CA 95814

☐ **(BY MAIL)** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY ELECTRONIC MAIL)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I served the documents via a pdf attachment electronically from e-mail address gb@agzlaw.com to the persons at the e-mail addresses indicated on the attached Service List.

☒ **(BY OVERNIGHT MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing with an overnight courier service. Under that practice it would be deposited with said overnight courier service on that same day with delivery charges thereon billed to sender's account, at Los Angeles, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 11, 2019, at Los Angeles, California.

Kristen Meiser
[Print Name Of Person Executing Proof]

[Signature]

# Exhibit 3

**TODD H. MASTER [SBN. 185881]**
**tmaster@hrmrlaw.com**
**HOWARD ROME MARTIN & RIDLEY LLP**
1900 O'Farrell Street, Suite 280
San Mateo, CA 94403
Telephone: (650) 365-7715
Facsimile: (650) 364-5297

Attorneys for Defendant
CITY OF MENLO PARK and
DAVE BERTINI

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| MICHAEL ZELENY, an individual<br>Plaintiff,<br>vs.<br>EDMUND G. BROWN, JR., an individual, in his official capacity, et al.<br>Defendants. | Case No. 17-cv-07357-RS<br>**DEFENDANT CITY OF MENLO PARK'S RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION** |

PROPOUNDING PARTY: Plaintiff MICHAEL ZELENY

RESPONDING PARTY: Defendant CITY OF MENLO PARK

SET NUMBER: Two (2)

Pursuant to F.R.C.P., Rule 34, defendant CITY OF MENLO PARK ("CITY") hereby responds to Plaintiff's Request for Production of Documents as follows:

///

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**GENERAL OBJECTIONS AND RESERVATIONS**

The CITY has not yet completed its investigation of the facts pertaining to this action, its discovery or its preparation for trial. Insofar as any Demand properly seeks documents, the CITY has made a reasonable effort to locate such documents. However, all the responses contained herein are based only upon such information and documents as are presently available to and specifically known to this responding party. The CITY reserves its right to rely on any facts, documents or other evidence which may develop or come to the CITY's attention at a later time. The CITY's responses and objections as set forth herein are made without prejudice to the CITY's right to assert any additional or supplemental responses, objections or reservations should the CITY discover additional grounds for such responses, objections or reservations.

By making these responses, the CITY does not concede that its responses are properly discoverable or admissible and reserves its rights to object to further discovery into the subject matter and to the introduction of these responses into evidence.

The CITY objects to each and every demand to the extent it seeks information or documents privileged as communications between attorney and client and/or privileged as attorney work-product. The CITY reserves the right to object before the Court at any time before or at trial to the introduction into evidence of any information or documents that are privileged under law or that have been revealed or produced inadvertently.

Without waiving the above objections and reservations set forth above, and in response to each particular item requested, defendant will produce the documents at a time that is mutually convenient to all parties.

///

///

///

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**REQUEST FOR PRODUCTION NO. 31:**

All Documents Relating to policies, procedures, training materials, guidelines, and/or guidance of the City of Menlo Park (including, but not limited to the City of Meno Park Police Department) regarding the interpretation and/or enforcement of laws relating to obscenity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly burdensome. The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving these objections, despite a diligent search and reasonable inquiry to locate responsive documents, the City is unable to comply because it is not aware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents Relating to policies, procedures, training materials, guidelines, and/or guidance of the City of Menlo Park (including, but not limited to the City of Menlo Park Police Department) regarding the interpretation and/or enforcement of laws relating to obscenity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly burdensome. The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving these objections, despite having conducted a diligent search and reasonable inquiry to locate responsive documents, the City is unable to comply because it is not aware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents Relating to policies, procedures, training materials, guidelines, and/or guidance of the City of Menlo Park regarding public protests or demonstrations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly burdensome. The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving these objections, to the extent it could arguably contain responsive or documents relevant to this request in some fashion, the City respectfully refers plaintiff to the Menlo Park Police Department Manual, which is available to the general public at: https://www.menlopark.org/950/Department-policies

**REQUEST FOR PRODUCTION NO. 34:**

All Documents reflecting the areas within the City of Menlo Park where protests, "special events," and/or demonstrations are allowed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly burdensome. The request is also compound.

Without waiving these objections, the City allows protests, special events and/or demonstrations on its property, subject to lawful time, place and manner restrictions.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents reflecting any limitations or restrictions on protests and/or demonstrations within the City of Menlo Park.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly burdensome as it is unlimited in time and scope and seeks documents that are responsive to an incomplete hypothetical. The request is also compound.

Without waiving these objections, despite having conducted a diligent search and reasonable inquiry to locate responsive documents, the City is unable to comply because it is not aware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents Relating to any policies, procedures, training materials, guidelines and/or guidance of the City of Menlo Park relating to the City of Menlo Park's response to protests and/or demonstrations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly burdensome. The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

/ / /

/ / /

/ / /

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

Without waiving these objections, to the extent it could arguably contain responsive or documents relevant to this request in some fashion, the City respectfully refers plaintiff to the Menlo Park Police Department Manual, which is available to the general public at: https://www.menlopark.org/950/Department-policies

Date: February 25, 2019

HOWARD ROME MARTIN & RIDLEY LLP

By: [signature]
Todd H. Master
Attorneys for Defendants
CITY OF MENLO PARK and
DAVE BERTINI

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

*Michael Zeleny v. Edmund G. Brown, Jr., et al.*
United States District Court; Case No. 17-cv-07357-RS

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN MATEO:**

I am a citizen of the United States and employed in the county aforesaid; I am over the age of eighteen years, and not a party to the within action; my business address is 1900 O'Farrell Street, Suite 280, San Mateo, CA 94403. On the date set forth below I served the **DEFENDANT CITY OF MENLO PARK'S RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET TWO** on the following person(s) in this action:

| | |
|---|---|
| David W. Affeld, Esq.<br>Affeld Grivalkes LLP<br>2049 Century Park East, Suite 2460<br>Los Angeles, CA 90067<br>Telephone: (310) 979-8700<br>Facsimile: (310) 979-8701<br>Email: dwa@agzlaw.com | **ATTORNEYS FOR PLAINTIFF MICHAEL ZELENY** |
| Xavier Becerra<br>Attorney General of California<br>Anthony R. Hakl<br>Supervising Deputy Attorney General<br>Emmanuelle S. Soichet<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004<br>Telephone: (415) 510-3861<br>Facsimile: (415) 703-1234<br>Email: Emmanuelle.Soichet@doj.ca.gov | **ATTORNEYS FOR DEFENDANTS ATTORNEY GENERAL XAVIER BECERRA** |
| Noreen P. Skelly<br>Deputy Attorney General<br>1300 I Street, Suite 125<br>P. O. Box 944255<br>Sacramento, CA 94244-2550<br>Telephone: (916) 210-6057<br>Facsimile: (916) 324-8835<br>Email: Noreen.Skelly@doj.ca.gov | **ATTORNEYS FOR DEFENDANT ATTORNEY GENERAL XAVIER BECERRA** |

☒ **(VIA MAIL -- CCP §§ 1013(a), 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the U.S. Postal Service and correspondence placed for collection and mailing would be deposited in the U.S. Postal Service at Redwood City, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

☐ **(VIA PERSONAL DELIVERY -- CCP §§ 1011, 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand delivered on that day by , in the ordinary course of my firm's business practice.

☐ **(VIA FACSIMILE -- CCP §§ 1013(e), 2015.5, CRC 2008)** By arranging for facsimile transmission from facsimile number 650/364-5297 to the above-listed facsimile number(s) prior to 5:00 p.m. I am readily familiar with my firm's business practice of collection and processing of correspondence via facsimile transmission(s) and any such correspondence would be transmitted in the ordinary course of business. The facsimile transmission(s) was reported as complete and without error, and a copy of the transmission report is attached.

☐ **(VIA OVERNIGHT MAIL/COURIER -- CCP §§ 1013(c), 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service or overnight courier service. I am familiar with my firm's business practice of collection and processing of correspondence for overnight mail or overnight courier service, and my correspondence placed for collection for overnight delivery would, in the ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on **March 1, 2019**, at San Mateo, California.

Faith Kelly

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

# Exhibit 4

**TODD H. MASTER [SBN. 185881]**
**tmaster@hrmrlaw.com**
**HOWARD ROME MARTIN & RIDLEY LLP**
1900 O'Farrell Street, Suite 280
San Mateo, CA 94403
Telephone: (650) 365-7715
Facsimile: (650) 364-5297

Attorneys for Defendant
CITY OF MENLO PARK and
DAVE BERTINI

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

MICHAEL ZELENY, an individual

Plaintiff,

vs.

EDMUND G. BROWN, JR., an individual, in his official capacity, et al.

Defendants.

Case No. 17-cv-07357-RS

**DEFENDANT CITY OF MENLO PARK'S RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION**

PROPOUNDING PARTY: Plaintiff MICHAEL ZELENY

RESPONDING PARTY: Defendant CITY OF MENLO PARK

SET NUMBER: One (1)

Pursuant to F.R.C.P., Rule 34, defendant CITY OF MENLO PARK ("CITY") hereby responds to Plaintiff's Request for Production of Documents as follows:

///

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**GENERAL OBJECTIONS AND RESERVATIONS**

The CITY has not yet completed its investigation of the facts pertaining to this action, its discovery or its preparation for trial. Insofar as any Demand properly seeks documents, the CITY has made a reasonable effort to locate such documents. However, all the responses contained herein are based only upon such information and documents as are presently available to and specifically known to this responding party. The CITY reserves its right to rely on any facts, documents or other evidence which may develop or come to the CITY's attention at a later time. The CITY's responses and objections as set forth herein are made without prejudice to the CITY's right to assert any additional or supplemental responses, objections or reservations should the CITY discover additional grounds for such responses, objections or reservations.

By making these responses, the CITY does not concede that its responses are properly discoverable or admissible and reserves its rights to object to further discovery into the subject matter and to the introduction of these responses into evidence.

The CITY objects to each and every demand to the extent it seeks information or documents privileged as communications between attorney and client and/or privileged as attorney work-product. The CITY reserves the right to object before the Court at any time before or at trial to the introduction into evidence of any information or documents that are privileged under law or that have been revealed or produced inadvertently.

Without waiving the above objections and reservations set forth above, and in response to each particular item requested, defendant will produce the documents at a time that is mutually convenient to all parties.

**REQUEST FOR PRODUCTION NO. 1:**

All documents Relating to the Protests.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. It is also confusing, unintelligible and unduly burdensome. The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine. The City further objects to the extent this request seeks documents that that are privileged and confidential pursuant to the official information privilege as recognized by both federal common law and California Evidence Code §1040. The City also objects to this request to the extent it seeks information that is privileged and confidential pursuant to California Government Code §6254(f). The City also objects to the extent this request seeks documents that are protected by the law enforcement investigatory privilege.

Without waiving these objections, to the extent it understands this request, the City will comply with this request.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents Relating to Zeleny's applications for and/or efforts to obtain permits of any kind from the City of Menlo Park in connection with the Protests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly burdensome. The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving these objections, the City will comply with this request.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents Relating to whether permits are required for Zeleny to carry out the protests as described by Zeleny to Responding Party.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly burdensome. The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving these objections, to the extent it understands this request, the City will comply with this request.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents Relating to Responding Party's response to Zeleny's requests for permits in connection with the Protests and the reasons for such response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly burdensome. The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving these objections, to the extent it understands this request, the City will comply with this request.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Relating to any policies, procedures, guidelines, rules, criteria, ordinances, regulations, and/or guidance of or issued by Responding Party Relating to permits of the type sought by Zeleny.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The

request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly burdensome. The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving these objections, to the extent it understands this vague request, the City will comply with this request.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents Relating to any policies, procedures, guidelines, rules, criteria, ordinances, regulations, and/or guidance of or issued by Responding Party Relating to the procedures for applying for an issuing or denying permits of the type sought by Zeleny.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly burdensome. The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving these objections, to the extent it understands this request, the City will comply with this request.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Relating to any policies, procedures, guidelines, rules, criteria, ordinances, regulations, and/or guidance of or issued by Responding Party Relating to the issuance or denial of permits of the type sought by Zeleny.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

burdensome. The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving these objections, to the extent it understands this request, the City will comply with this request.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show each permit of the types requested by Zeleny that was issued to any person other than Zeleny in the past five years and the type of event or film production involved. (Such documents should include, at minimum, the permits themselves).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly burdensome. The City also objects to the extent that responsive documents may contain private and confidential information about third parties.

Without waiving these objections, the City will comply with this request.

**REQUEST FOR PRODUCTION NO. 9:**

For each permit produced in response to the preceding request, the permit application and all other supporting materials provided by the applicant to Responding Party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly burdensome. The City also objects to the extent that responsive documents may contain private and confidential information about third parties.

Without waiving these objections, the City will comply with this request.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Relating to any Communications between Zeleny and Responding Party regarding the Protests and/or Zeleny's requests for Permits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly burdensome. The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving these objections, to the extent it understands this request, the City will comply with this request.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Relating to Zeleny.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly burdensome. Further, the request seeks information that is not relevant to plaintiff's claims and proportional to the needs of the case. The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine. The City further objects to the extent this request seeks documents that that are privileged and confidential pursuant to the official information privilege as recognized by both federal common law and California Evidence Code §1040. The City also objects to this request to the extent it seeks information that is privileged and confidential pursuant to California Government Code §6254(f). The City also objects to the extent this request seeks documents that are protected by the law enforcement investigatory privilege.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

Without waiving these objections, to the extent it understands this request, the City will comply.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Relating to any actual or contemplated arrest or criminal prosecution of Zeleny.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly burdensome. Further, the request seeks information that is not relevant to plaintiff's claims and proportional to the needs of the case. The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine. The City further objects to the extent this request seeks documents that that are privileged and confidential pursuant to the official information privilege as recognized by both federal common law and California Evidence Code §1040. The City also objects to this request to the extent it seeks information that is privileged and confidential pursuant to California Government Code §6254(f). The City also objects to the extent this request seeks documents that are protected by the law enforcement investigatory privilege.

Without waiving these objections, the City will produce any Police Reports it has prepared concerning plaintiff. The City respectfully refers plaintiff to other agencies or entities for any other potentially responsive materials.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents relating to any policies, procedures, rules, regulations, ordinances, guidelines, or other guidance regarding the carrying of unloaded firearms (whether handguns, rifles, or otherwise) within the City of Menlo Park.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly burdensome.

Without waiving these objections, aside from any potentially applicable State law, which is equally available to plaintiff and his counsel, the City will comply with this request.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents Relating to Responding Party's interpretation of the California statutes governing the carrying of loaded and/or unloaded firearms (whether handguns, rifles, or otherwise) in public in the City of Menlo Park, including, but not limited to, the use of such firearms in connection with public protests, special events, and/or film productions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly burdensome. The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine. The City also objects to this request to the extent it seeks a legal conclusion from an entity that did not create the statutes.

Without waiving these objections, the City respectfully refers plaintiff to California Penal Code §§ 26350, 26375, 26400 and 26405, and those documents and correspondence identified by the City in its Initial Disclosures and those documents which are being produced herewith. Discovery is continuing.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**REQUEST FOR PRODUCTION NO. 15:**

All Documents Relating to any contemplated, proposed, or enacted policies, rules, regulations, or ordinances, concerning the carrying of loaded and/or unloaded firearms within the City of Menlo Park.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly burdensome. The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving these objections, the City respectfully refers plaintiff to California Penal Code §§ 26350, 26375, 26400 and 26405, and those documents and correspondence identified by the City in its Initial Disclosures and those documents which are being produced herewith. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 16:**

Minutes and recordings (if available) of any public hearings or meetings with Responding Party in which Zeleny participated, or which involved discussion of Zeleny, his Protests, his requests for permits, and/or his carrying of loaded and/or unloaded firearms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly burdensome.

Without waiving these objections, the City will comply with this request.

///

///

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**REQUEST FOR PRODUCTION NO. 17:**

Minutes or recordings of any meetings between or involving Zeleny and Dave Bertini.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly burdensome.

Without waiving these objections, the City will comply with this request.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to show the job title, role, and responsibilities of Dave Bertini from 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. The City further objects to the extent this request seeks reports that that is privileged and confidential pursuant to the official information privilege as recognized by both federal common law and California Evidence Code §1040; California Penal Code §§ 832.5 and 832.7; Article I, Section 1 of the California Constitution; and the rights to privacy guaranteed to Dave Bertini by the First, Second, Third, Fourth, Fifth and Ninth Amendments to the United States Constitution. The City objects to this request to the extent it seeks information that is privileged and confidential pursuant to California Government Code §6254(f).

Without waiving these objections, the City will comply with this request.

**REQUEST FOR PRODUCTION NO. 19:**

An organizational chart or other documents sufficient to show the persons or bodies at the City of Menlo Park responsible for adopting, implementing, and carrying out policies relating to

public protests or demonstrations, permits of the type sought by Zeleny, and the carrying of unloaded or loaded firearms within the City of Menlo Park, at all times from 2010 through present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. The request is also compound, confusing and unintelligible.

Without waiving these objections, to the extent it can, the City will comply with this request.

**REQUEST FOR PRODUCTION NO. 20:**

The complete administrative record of Zeleny's requests for permits and any action taken by Responding Party with respect thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly burdensome. The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving these objections, to the extent it understands this request, the City will comply with this request.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents Relating to any Communications with NEA Relating to Zeleny, his Protests, his requests for permits, his carrying of loaded and/or unloaded firearms, and/or any actual, proposed, or contemplated arrest or criminal prosecution of Zeleny.

/ / /

/ / /

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also compound, confusing, unintelligible and unduly burdensome. The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving these objections, the City will comply with this request.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents Relating to Communications with NEA Relating to any of Responding Party's policies, procedures, practices, guidelines, ordinances, rules, or regulations pertaining to public protest, Zeleny, and/or the carrying of loaded and/or unloaded firearms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also compound, confusing, unintelligible and unduly burdensome. The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving these objections, the City will comply with this request.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents Relating to any Communications with property owners or property managers in the vicinity of 2855 Sand Hill Road regarding Zeleny, his Protests, his carrying of firearms, his requests for permits, and/or any actual, proposed, or contemplated arrest or criminal prosecution of Zeleny.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection.  The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced.  The request is vague, ambiguous, and overbroad.  It is also compound, confusing, unintelligible and unduly burdensome.  The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving these objections, the City will comply with this request.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents Relating to any Communications with representatives of the Rosewood Sand Hill Hotel regarding Zeleny, his Protests, his carrying of firearms, his requests for permits, and/or any actual, proposed, or contemplated arrest or criminal prosecution of Zeleny.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection.  The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced.  The request is vague, ambiguous, and overbroad.  It is also compound, confusing, unintelligible and unduly burdensome.  The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving these objections, the City will comply with this request.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents Relating to any Communications with the San Mateo District Attorney's Office at any time, or any representative of that office, regarding Zeleny, his Protests, his carrying of firearms, his request for permits, and/or any actual, proposed, or contemplated arrest or criminal prosecution of Zeleny.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also compound, confusing, unintelligible and unduly burdensome. The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving these objections, the City will comply with this request.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents Relating to any Communications with Jenna Johansson regarding Zeleny, his Protests, his carrying of firearms, his request for permits, and/or any actual, proposed, or contemplated arrest or criminal prosecution of Zeleny.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also compound, confusing, unintelligible and unduly burdensome. The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving these objections, to the extent the City has responsive documents, it will comply with this request.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents Relating to any investigation of allegations of child molestation, rape, endangerment of a minor, or similar conduct on the part of Min Zhu.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. This request also seeks documents that are not relevant to plaintiff's claims against the City and Chief Bertini.

Without waiving these objections, the City has no responsive documents.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents Relating to his arrest or criminal prosecution of Zeleny, including, but not limited to, his arrest in 2005 and/or his prosecution in 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also compound, confusing, unintelligible and unduly burdensome. The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving these objections, to the extent the City has responsive documents, it will comply with this request.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents referred to or bearing upon Responding Party's responses to Zeleny's First Set of Interrogatories served concurrently herewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection. The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced. The request is vague, ambiguous, and overbroad. It is also confusing, unintelligible and unduly

burdensome.  The City also objects to the extent this request potentially seeks the production of documents protected by the attorney-client privilege and/or attorney work product doctrine.

Without waiving these objections, the City will produce any documents that support its response to plaintiff's special interrogatories to the City.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents that You may rely upon to support any denials or defenses in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Objection.  The City objects to this request pursuant to Rule 34(b)(1) of the F.R.C.P. insofar as it does not specifically describe or reasonably particularize the document(s) to be produced.  The request is vague, ambiguous, and overbroad.  This request is also compound.  In addition, the City objects to this request to the extent it seeks the premature disclosure of expert opinion testimony in violation of the attorney work product doctrine.

The City further objects to the extent this request is premature as, to date, the City has not completed necessary discovery in the litigation and plaintiff has refused to appear for his noticed deposition. As such, this request seeks to impose an unfair and unreasonable burden on the City. The Federal Rules of Civil Procedure and relevant case law require a defendant to assert all applicable or potentially applicable affirmative defenses at the outset of the litigation, and prior to discovery, or risk waiver of those affirmative defenses.  As discovery progresses, the City will seek to develop the factual basis for each of its affirmative defenses.  The City will withdraw those affirmative defenses for which factual bases are not developed during discovery.

/ / /

/ / /

/ / /

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

Without waiving the foregoing objections, the City will produce the documents identified in its Initial Disclosures. Discovery is continuing.

Date: February 25, 2019

HOWARD ROME MARTIN & RIDLEY LLP

By: [signature]
Todd H. Master
Attorneys for Defendants
CITY OF MENLO PARK and
DAVE BERTINI

*Michael Zeleny v. Edmund G. Brown, Jr., et al.*
United States District Court; Case No. 17-cv-07357-RS

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN MATEO:**

I am a citizen of the United States and employed in the county aforesaid; I am over the age of eighteen years, and not a party to the within action; my business address is 1900 O'Farrell Street, Suite 280, San Mateo, CA 94403. On the date set forth below I served the **DEFENDANT CITY OF MENLO PARK'S RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE** on the following person(s) in this action:

| | |
|---|---|
| David W. Affeld, Esq.<br>Affeld Grivalkes LLP<br>2049 Century Park East, Suite 2460<br>Los Angeles, CA 90067<br>Telephone:  (310) 979-8700<br>Facsimile:  (310) 979-8701<br>Email:  dwa@agzlaw.com | **ATTORNEYS FOR PLAINTIFF MICHAEL ZELENY** |
| Xavier Becerra<br>Attorney General of California<br>Anthony R. Hakl<br>Supervising Deputy Attorney General<br>Emmanuelle S. Soichet<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004<br>Telephone:  (415) 510-3861<br>Facsimile:  (415) 703-1234<br>Email:  Emmanuelle.Soichet@doj.ca.gov | **ATTORNEYS FOR DEFENDANTS ATTORNEY GENERAL XAVIER BECERRA** |
| Noreen P. Skelly<br>Deputy Attorney General<br>1300 I Street, Suite 125<br>P. O. Box 944255<br>Sacramento, CA 94244-2550<br>Telephone:  (916) 210-6057<br>Facsimile:  (916) 324-8835<br>Email:  Noreen.Skelly@doj.ca.gov | **ATTORNEYS FOR DEFENDANT ATTORNEY GENERAL XAVIER BECERRA** |

☒ **(VIA MAIL -- CCP §§ 1013(a), 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the U.S. Postal Service and correspondence placed for collection and mailing would be deposited in the U.S. Postal Service at Redwood City, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

☐ **(VIA PERSONAL DELIVERY -- CCP §§ 1011, 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand delivered on that day by , in the ordinary course of my firm's business practice.

☐ **(VIA FACSIMILE -- CCP §§ 1013(e), 2015.5, CRC 2008)** By arranging for facsimile transmission from facsimile number 650/364-5297 to the above-listed facsimile number(s) prior to 5:00 p.m. I am readily familiar with my firm's business practice of collection and processing of correspondence via facsimile transmission(s) and any such correspondence would be transmitted in the ordinary course of business. The facsimile transmission(s) was reported as complete and without error, and a copy of the transmission report is attached.

☐ **(VIA OVERNIGHT MAIL/COURIER -- CCP §§ 1013(c), 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service or overnight courier service. I am familiar with my firm's business practice of collection and processing of correspondence for overnight mail or overnight courier service, and my correspondence placed for collection for overnight delivery would, in the ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on **March 1, 2019**, at San Mateo, California.

Faith Kelly

Faith Kelly

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

# Exhibit 5

**TODD H. MASTER [SBN. 185881]**
**tmaster@hrmrlaw.com**
**HOWARD ROME MARTIN & RIDLEY LLP**
1900 O'Farrell Street, Suite 280
San Mateo, CA 94403
Telephone: (650) 365-7715
Facsimile: (650) 364-5297

Attorneys for Defendant
CITY OF MENLO PARK and
DAVE BERTINI

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

MICHAEL ZELENY, an individual

Plaintiff,

vs.

EDMUND G. BROWN, JR., an individual, in his official capacity, et al.

Defendants.

Case No. 17-cv-07357-RS

**DECLARATION OF DEFENDANT DAVE BERTINI IN SUPPORT OF OFFICIAL INFORMATION OBJECTIONS TO PLAINTIFF'S SPECIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

I, DAVE BERTINI, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called as a witness, could and would competently testify thereto.

2. I am the Chief of the Menlo Park Police Department and a named defendant in this litigation.

3. The Menlo Park Police Department, both on its own and in conjunction with other local, state and federal investigatory agencies, regularly conducts, exchanges, and maintains confidential criminal and/or public safety investigations. I understand that the information obtained as a result of those investigations is considered to be official information, as defined by California Evidence Code §1040 and under federal common law. While this confidential investigatory information may be exchanged with other local, state and federal investigatory agencies, either in advancement of an ongoing criminal investigation or for the purpose of educating agencies for officer and public safety, the Menlo Park Police Department maintains this information in confidence and does not make it available to the general public.

4. To disclose this official information to the general public, or even in the instant litigation pursuant to a protective order, would irreparably harm the ability of the Menlo Park Police Department and other law enforcement agencies (local, state and federal) to conduct criminal and/or public safety investigations. It is in the interest of justice to maintain the confidentiality of this material because its production would necessarily disclose how the Menlo Park Police Department and other law enforcement agencies obtain information and conduct their investigations and thus complicate their ability to conduct future investigations and irreparably damage any ongoing investigations. The production of this confidential official information would also disclose private and confidential information about third persons.

///

///

///

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365 7715

4. Based on my review of plaintiff's written discovery in this litigation (both directed to me and the City), it is readily apparent that, whether purposeful or not, plaintiff's discovery requests call for the production of official information. For the reasons espoused above, the Menlo Park Police Department cannot and does not produce such information to the general public.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed on this 26 day of February, 2019, at Menlo Park, California.

Chief Dave Bertini

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

*Michael Zeleny v. Edmund G. Brown, Jr., et al.*
United States District Court; Case No. 17-cv-07357-RS

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN MATEO:**

I am a citizen of the United States and employed in the county aforesaid; I am over the age of eighteen years, and not a party to the within action; my business address is 1900 O'Farrell Street, Suite 280, San Mateo, CA 94403. On the date set forth below I served the **(SIGNED) DECLARATION OF DEFENDANT DAVE BERTINI IN SUPPORT OF OFFICIAL INFORMATION OBJECTIONS TO PLAINTIFF'S SPECIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** on the following person(s) in this action:

| | |
|---|---|
| David W. Affeld, Esq.<br>Affeld Grivalkes LLP<br>2049 Century Park East, Suite 2460<br>Los Angeles, CA 90067<br>Telephone: (310) 979-8700<br>Facsimile: (310) 979-8701<br>Email: dwa@agzlaw.com | **ATTORNEYS FOR PLAINTIFF MICHAEL ZELENY** |
| Xavier Becerra<br>Attorney General of California<br>Anthony R. Hakl<br>Supervising Deputy Attorney General<br>Emmanuelle S. Soichet<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004<br>Telephone: (415) 510-3861<br>Facsimile: (415) 703-1234<br>Email: Emmanuelle.Soichet@doj.ca.gov | **ATTORNEYS FOR DEFENDANTS ATTORNEY GENERAL XAVIER BECERRA** |
| Noreen P. Skelly<br>Deputy Attorney General<br>1300 I Street, Suite 125<br>P. O. Box 944255<br>Sacramento, CA 94244-2550<br>Telephone: (916) 210-6057<br>Facsimile: (916) 324-8835<br>Email: Noreen.Skelly@doj.ca.gov | **ATTORNEYS FOR DEFENDANT ATTORNEY GENERAL XAVIER BECERRA** |

☒ **(VIA MAIL -- CCP §§ 1013(a), 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the U.S. Postal Service and correspondence placed for collection and mailing would be deposited in the U.S. Postal Service at Redwood City, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

☐ **(VIA PERSONAL DELIVERY -- CCP §§ 1011, 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand delivered on that day by , in the ordinary course of my firm's business practice.

☐ **(VIA FACSIMILE -- CCP §§ 1013(e), 2015.5, CRC 2008)** By arranging for facsimile transmission from facsimile number 650/364-5297 to the above-listed facsimile number(s) prior to 5:00 p.m. I am readily familiar with my firm's business practice of collection and processing of correspondence via facsimile transmission(s) and any such correspondence would be transmitted in the ordinary course of business. The facsimile transmission(s) was reported as complete and without error, and a copy of the transmission report is attached.

☐ **(VIA OVERNIGHT MAIL/COURIER -- CCP §§ 1013(c), 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service or overnight courier service. I am familiar with my firm's business practice of collection and processing of correspondence for overnight mail or overnight courier service, and my correspondence placed for collection for overnight delivery would, in the ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on **March 1, 2019**, at San Mateo, California.

Faith Kelly

# Exhibit 6

**AFFELD GRIVAKES LLP**

2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Tel: (310) 979-8700
Fax: (310) 979-8701

Sender's email:
dr@agzlaw.com

March 12, 2019

Todd H. Master, Esq.
Howard Rome Martin & Ridley, LLP.
1900 O'Farrell Street, Suite 280
San Mateo, California 94403

***Via Email***

Re: ***Zeleny v. Brown, et al.***
**Meet and Confer Re: City of Menlo Park Discovery Responses**

Dear Todd:

I am writing to initiate the meet-and-confer process required by Local Rule 37-1 regarding the discovery responses of defendant the City of Menlo Park (the "City") and Dave Bertini ("Bertini"; collectively, "Defendants"). I am hopeful that we will be able to promptly resolve these issues, given the upcoming depositions scheduled next week. Please provide a time to discuss the matters in this letter this week.

**A. City's Responses to Interrogatories, Sets One and Two.**

Nearly all of the City's responses to the interrogatories are evasive non-answers, or directives that the answer may be found somewhere in the City's 5,500-plus page document production. These answers are not sufficient under Rule 33.

Improper Refusal to Answer Contention Interrogatories (Interrogatories Nos. 1, 2 and 3).

These interrogatories are proper contention interrogatories. *See* Fed. R. Civ. P. 33(a)(2) ("[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact"). "A contention interrogatory . . . may ask another party to indicate what it contends, to state all facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts." *Black Hills Molding, Inc. v. Brandom Holdings, LLC*, 295 F.R.D. 403, 413 (D.S.D. 2013) (citations omitted). Courts have repeatedly recognized that contention interrogatories are "permissible and acceptable" under Rule 33. *O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 280-81 (C.D. Cal. 1999).

The objection that these interrogatories are "premature" is not well taken. As you know—and have pointed out repeatedly—the written discovery period is closed. There is no

further opportunity to serve interrogatories. Defendants cannot simply wait out the discovery period in order to avoid disclosing their basic contentions.

Improper Wholesale Reference to Defendants' Production (Interrogatories Nos. 1, 2, 3, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 23).

Rule 33(d) permits a party to respond to an interrogatory only if (a) "the answer . . . may be determined by examining, auditing, compiling, abstracting, or summarizing . . . business records," and (b) "the burden of deriving or ascertaining the answer will be substantially the same for either party." Neither of these conditions is satisfied, particularly as to interrogatories asking for the City's contentions, policies and procedures, the criteria it uses to determine whether to issue permits, etc.

Determining the City's contentions does not require an examination or audit of documents. Nor is Zeleny in an equal position to intuit what the City's contentions might be based on a review of its records. *See Govas v. Chalmers*, 965 F.2d 298, 302-03 (7th Cir. 1992) (affirming dismissal of lawsuit for improper interrogatory responses, noting that "a party that knows . . . an interrogatory answer may not use Rule 33(c) to avoid furnishing" it if the answer is "not apparent from the face of the documents"). It is the City's job, not Zeleny's, to specify its contentions in this lawsuit, and to articulate its relevant policies and procedures.

Moreover, even if the City's reference to documents was appropriate under Rule 33(d)—and it isn't—the responding party must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d). "[A]nswering interrogatories simply by directing the proponent to rummage through other discovery materials falls short of the obligations imposed." *Mulero-Abreu v. Puerto Rico Police Dep.*, 675 F.3d 88, 93 (1st Cir. 2012) (citations omitted). Telling Zeleny to comb through the entire production to discern what the City's answers and contentions might be is insufficient.

> Rule 33(d) is not satisfied by the wholesale dumping of documents. Rather, under Rule 33(d), the responding party chooses to produce business records in answer to the interrogatories—not to avoid answering them. To answer an interrogatory, "a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived." Thus, when voluminous documents are produced under Rule 33(d), they must be accompanied by indices designed to guide the searcher to the documents responsive to the interrogatories.

*O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 277-78 (C.D. Cal. 1999) (quoting *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada Investment Corp.*, 711 F.2d 902, 906 (9th Cir.1983)). Simply stating "see my documents" is not an appropriate identification. *Rainbow Pioneer*, 711 F.2d at 906.

As a more egregious example, the City has referred to its entire production in response to interrogatories asking it to *identify documents* supporting its contentions or reflecting its written criteria for granting permits. The entire production certainly – *e.g.*, police reports, Zeleny's police file – plainly does not specify written permitting criteria. Zeleny is not required to go through the entire production in hopes of figuring out where specific documents are located. Moreover, in certain cases – *e.g.*, the revenue received from NEA – the documents referenced do not answer the interrogatory.

We need substantive responses to these interrogatories before we will be able to take a meaningful deposition of the City's 30(b)(6) witness.

Evasive Answers (Interrogatories Nos. 4, 5, 6, 7, 20).

A party must respond to interrogatories "fully." Fed. R. Civ. P. 33(b)(3). "[A]n evasive or incomplete . . . answer . . . must be treated as a failure to . . . answer or respond." Fed. R. Civ. P. 37(a)(4); *Schudel v. Searchguy.com, Inc.*, No. 07-695, 2008 WL 11337244, at *2 (S.D. Cal. Aug. 21, 2008).

The City has given evasive, nonsensical answers to core questions in this case, including its own contentions. We have asked you and the City, repeatedly, to simply state whether Zeleny is allowed to protest, including the carrying of unloaded firearms, without a permit. The City has asserted in filings with the Court that no permit is required. During our email exchange of January 4, you again implied that no permit was required, but when I asked you for a direct answer on behalf of the City, you stopped responding. To be clear, we think the City's position on this issue is false, and that if Zeleny resumed his protests without a permit he would be arrested as threatened. Either way, however, we are entitled to a clear position. The refusal to answer on questions going directly to the City's asserted position in this lawsuit is improper and sanctionable.

The assertion that the City does not know what Zeleny's protests entail is frivolous. Zeleny has filed multiple applications for permits for his protests. This has generated an administrative record spanning multiple hearings and more than 100 pages of documents. You and the City well know what the protests entail. The refusal to answer and the evasive non-answers are unacceptable.

Answers Improperly Incorporating Other Answers (Interrogatories Nos. 6, 7, and 22).

Each interrogatory must be answered separately on a stand-alone basis. Fed. R. Civ. P. 33(b)(3). Responses incorporating other answers are not proper.

Improper Reference to California Penal Code (Interrogatory No. 21 and 22)

Interrogatory No. 21 asks the City's interpretation of Penal Code §§ 26375 and 26405(r). The City's interpretation of these statutes is a central issue in this case because the City has enforced the statutes in a way that is unconstitutional. Simply referring us back to the statutes themselves does not answer the interrogatory. The statutes refer to "authorization," but do not specify whose authorization is required. If the City believes it must authorize the productions, it is required to tell us this.

**B. Bertini Responses to Interrogatories, Set One**

Bertini has refused to substantively answer Interrogatories Nos. 1, 2, and 3, which are basic contention interrogatories, and has referred to Defendants' entire production. This is improper for reasons addressed above.

Bertini's refusal to take a position on whether any of Zeleny's materials are obscene as to minors, in response to Interrogatories Nos. 4 and 5, is unacceptable at this stage of the case. As you know, having reviewed the administrative hearings, Bertini claimed that Zeleny could be prosecuted for obscenity as to minors. If he was serious about this, we are entitled to know what articles he considers obscene and why. If he no longer believes this, we are entitled to know that as well as it goes directly to Zeleny's claim for declaratory relief. The evasive answer that Bertini "has not arrived at any conclusion" is improper.

### C. Requests for Production of Documents

#### 1. Government Code § 6254(f) and Evidence Code § 1040 Objections.

These objections are not viable. Please confirm that Defendants are not withholding any documents based on these objections.

Government Code § 6254 does not apply in discovery. *See* Cal. Gov't Code § 6260 ("[t]he provisions of this chapter shall not be deemed in any manner . . . to effect the rights of litigants . . . under the laws of discovery"). Moreover, even if it did apply to discovery generally, it does not apply in federal court. *Doubleday v. Ruh*, 149 F.R.D. 601, 611 (E.D. Cal. 1993). Finally, even if it did apply in federal court, Defendants have not made the required showing to

Defendants have also failed to satisfy their burden to show that the official information privilege in Evidence Code § 1040 or its common-law counterpart applies here. As an initial matter, Defendants have not submitted a privilege log as required to assert the privilege. Further, Bertini's overbroad, generic declaration does not satisfy the federal test for invoking the privilege. *See Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995). As stated in *Soto*, the official must provide an affidavit as follows:

> The affidavit must include: "(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made." A strong affidavit would also describe how the plaintiff could acquire information of equivalent value from other sources without undue economic burden.

*Id.* (citing *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987). Bertini's declaration misses the mark. It does not satisfy *any* of these requirements, much less with the required specificity.

Finally, Zeleny's legitimate need for the information far outweighs the City's alleged interest in withholding the information. Zeleny intends to prove a consistent pattern and practice of singling him out for investigation, arrest, and prosecution at the behest of NEA, due to the content of his message. He has requested information relating only to the City's actions relating to him and his protests. This information is not available from any other source. It is directly relevant to proving that content-based nature of the restrictions on his protests. We would also gladly stipulate to treat the information as Attorneys' Eyes Only, and to redact the names of any confidential informants.

**2. City Response to Requests for Production, Sets One and Two.**

- Request No. 12. The City states that it will produce Police Reports concerning Zeleny. It is unclear whether this encompasses all records in the City's possession, custody, or control on the topic. Please confirm that all such records have been produced.

- Requests No. 14 and 15. The City's responses are unclear as to whether the City has produced all responsive documents. The request seeks documents relating to the City's "*interpretation* of the California" open and closed-carry statutes, and its policies concerning firearms. This is directly relevant, non-privileged information. Please confirm that all documents in the City's possession, custody, and control have been produced.

- Request No. 30. There is no basis for the City's refusal to produce the documents on which it intends to rely at trial. This is specifically required by Rule 26(a)(1)(A)(ii). If the City intends to rely on documents other than those identified in its Initial Disclosures, it needs to produce them immediately.

- Requests Nos. 33 and 36. The responses are ambiguous and evasive by referring to a website. It is unclear whether all responsive documents are contained in the referenced website. It is also not proper to generally reference a City website, and to direct Zeleny to search that website for bits of relevant information. Please produce all responsive documents, whether contained on the website or not, as soon as possible.

- Request No. 34. Despite apparently acknowledging that the request seeks relevant, discoverable information, the City has not produced any documents or committed to do so. To the extent the City has maps, public postings, or other documents identifying areas where protests, special events, or demonstrations are allowed, those documents are relevant and discoverable. Please confirm that the City will produce them as soon as possible.

**3. Bertini Responses to Requests for Production, Set One**

- Request No. 5. The response to this request is evasive and incomplete. We have named Bertini in his official capacity as the Chief of Police of the City of Menlo Park. To the extent the Menlo Park Police Department has conducted any investigation of the allegations, we are entitled to this information. Further, the reference to Zeleny's allegations in his Complaint is confusing and ambiguous.

- Request No. 6. The response is incomplete. To the extent that Bertini received specific training relating to the subject-matter of the request, we are entitled to the training materials. This bears directly on Zeleny's claim under section 1983. Simply producing Bertini's "POST profile" is not a complete or sufficient response.

- Request No. 8. As with the City, there is no basis for Bertini's refusal to produce the documents on which he intends to rely at trial.

Todd H. Master, Esq.
March 2, 2019
Page 6 of 6

    We look forward to working with you to resolve these issues without Court intervention. Please let me know when you are available for a call.

Sincerely,

Damion Robins on

**CERTIFICATE OF SERVICE**

I, Damion Robinson, hereby certify that I electronically filed the foregoing document using the Court's CM/ECF system on February 19, 2020. I am informed and believe that electronic filing using the CM/ECF results in electronic service on all interested parties.

Dated: February 19, 2020

______________________________
Damion Robinson