# AFFELD GRIVAKES LLP

2049 Century Park East, Suite 2460
Los Angeles, California 90067
Tel: (310) 979-8700
Fax: (310) 979-8701

February 14, 2020

The Honorable Thomas S. Hixson                           *Via CM/ECF*
United States Magistrate Judge
San Francisco Courthouse, Courtroom G
450 Golden Gate Avenue,
San Francisco, CA 94102

    Re:     ***Michael Zeleny v. Gavin Newsom, et al.***
                **Case No. CV 17-7357 JCS**
                **Joint Letter Brief Regarding 30(b)(6) Deposition of State of California**

Dear Judge Hixson:

    Plaintiff Michael Zeleny ("Zeleny") and defendant Xavier Becerra ("Becerra") respectfully submit this letter brief pursuant to your Discovery Standing Order ¶ 2.

    Zeleny and Becerra have reached an impasse regarding whether the State of California is required to make available a Rule 30(b)(6) witness qualified to answer questions on the state "open carry" laws, or in the alternative, to make Becerra available as a party deponent. Counsel for Zeleny and Becerra have met and conferred in good faith by phone regarding the subject of this joint statement.

    The parties' respective positions are set forth in this letter brief. A declaration of counsel is submitted concurrently, attaching the Rule 30(b)(6) deposition notice, deposition excerpts, relevant correspondence among counsel, and several other pertinent exhibits.

[*Continued on Next Page*]

Hon. Thomas S. Hixson<br>
June 4, 2020<br>
Page 2 of 7

## **Plaintiff's Position**

### A. Introduction

This case involves, in part, a challenge to California's "open carry ban," which prohibits ordinary Californians from carrying a firearm almost anywhere in California. The State of California (the "State") refuses to produce any witness who can take an official position on the meaning of the "open carry ban," including the exceptions thereto.

The State's refusal to do so is untenable. The State, through its Attorney General, Becerra, cannot proceed to trial and defend the "open carry ban" while refusing to produce a witness who can testify about what it is or how the State interprets it.

### B. Background

#### 1. Zeleny's Challenge to the Open Carry Ban.

Zeleny challenges California's "open carry ban," which prohibits openly carrying unloaded handguns or long guns in any city or incorporated city and county. There are exceptions to the open carry ban. One, permits open carry by an "authorized participant in . . . a motion picture, television or video production, or entertainment event[.]" Cal. Pen. Code §§ 26375, 26405(r). The definition of an "authorized participant" and who does the authorizing is not in the statute. There are no regulations and no official opinions on the subject.

This exception ties together Zeleny's Second Amendment claim against the State and his claims against the City of Menlo Park (the "City"). The City claims that an "authorized participant" must have a City film or event permit. Zeleny disputes this interpretation.

#### 2. Attorney General Becerra Provides Evasive Interrogatory Answers, Sidestepping the Question of what "Authorized Participant" Means.

On January 25, 2019, Zeleny propounded interrogatories to Becerra, asking whether "authorized participant" refers to a person authorized by a government agency. Becerra suggested that it might refer to someone with a state-issued Entertainment Firearm's Permit but refused to identify the agency(ies) that can give such an authorization. Ex. 1.

On February 12, 2020, Zeleny propounded further interrogatories asking whether an individual with an "entertainment firearms permit" issued pursuant to Penal Code § 29500 is an "authorized participant." Ex. 2, p. 3. Becerra gave an evasive response to the effect "that it is possible to infer" this definition but refused to give an official position. *Id.* at p. 4.

#### 3. The State Fails to Designate a Witness to Testify About What "Authorized Participant" Means or Why the "Open Carry Ban" was Adopted.

Zeleny noticed a 30(b)(6) deposition of the State regarding the "open carry" ban and the "authorized participant exception." The State agreed to produce a witness. Three days before the deposition, counsel emailed stating that the witness "cannot testify" or was "not authorized" to testify in an "official manner" as to 12 of the 20 deposition topics, and as to another four, that Becerra had not taken an "official position." Throughout the deposition, counsel for Becerra continued to object that its witness, Mr. Graham, was "not authorized" or "not competent" to interpret the statute. Ex. 6, Dep. at 116:3-12; *id.* at 116:22-117:13 ("there's no relevance to the deponent's understanding . . . any interpretation . . . will be done by the Court").

Mr. Graham stated that he did not "focus" on the "authorized participant" definition. He could not give substantive testimony about what the phrase means, how it is interpreted by the DOJ, who authorizes participants (or whether individual participants are required to be authorized), or what the process is for securing authorization. He could not answer core questions—which the state must have anticipated—including (a) whether an Entertainment

Firearms Permit qualifies someone as an "authorized participant"; or (b) whether a City permit is required. *See* Dep. at 136:6-18 ("I don't think I have the knowledge to answer that question").

**C.     Argument**

**1.     The State Is Required to Produce a Qualified and Prepared Witness**

Rule 30(b)(6) requires that an organization's designated individual be able to testify in a binding manner as to all "information known or reasonably available to the organization." *See Bon Air Hotel, Inc. v. Time, Inc.* 376 F.2d 118, 121 (5th Cir. 1967). The organization "has a duty to educate its witnesses, so they are prepared to fully answer the questions posed at the deposition." *La. Pac. Corp. v. Money Market 1*, 285 F.R.D. 481, 486 (N.D. Cal. 2012) (citations omitted). Organizations "have a duty to . . . prepare [witnesses] to fully and unevasively answer questions about the designated subject matter." *Bd. of Trustees v. Tyco Int'l*, 253 F.R.D. 524, 526 (C.D. Cal. 2008). If an organization has a "knowledge or a position" on an issue, it must designate a witness "who[] must present the position, give reasons for the position, and, more importantly, stand subject to cross-examination." *La. Pac.*, *supra*.

**2.     The Attorney General's Office Is Responsible for Having a Position on the Meaning of the Phrase "Authorized Participant."**

The meaning of the phrase "authorized participant," and, specifically, who may legally bestow such an "authorization," is central to this case. It is a part of Becerra's denials (Ex. 3 at 19:23-20:10) and, presumably, defenses. Zeleny is entitled to know how Becerra interprets that phrase for purposes of motion practice and trial, in the interests of disclosure and avoidance of surprise.

More fundamentally, interpreting that phrase is the Attorney General's *stated* job:

> The California Constitution establishes the Attorney General as the state's chief law officer, responsible for ensuring that the laws of the state are uniformly and adequately enforced. The Attorney General is vested with broad powers and carries out these important responsibilities through the California Department of Justice.

Ex. 4. The state's chief law enforcement officer is required to know whether a crime is being committed or an exception applies. *See* Cal. Const., Art. V § 13 ("It shall be the duty of the Attorney General to see that the laws of the State are uniformly and adequately enforced").

Of course, Becerra does not personally enforce the laws. The office has at its disposal the entire Department of Justice. As discussed below, Becerra should be required to take an official position through a deposition. If he refuses, he must designate someone who can.

**3.     Whether the Attorney General's Interpretation is Final or Subject to Judicial Review is Irrelevant to the Issue at Hand.**

The State claims that statutory interpretation is a judicial function and, thus, the State cannot be asked to interpret the meaning of "authorized participant." Ex. 5. That position is untenable. If the State intends to defend the constitutionality of the "open carry" statutes, it must know what those statutes mean, and must disclose that information in discovery.

If the State truly cannot produce anyone before trial who can interpret the phrase at issue, it should be precluded from offering an interpretation at trial or in motion practice. Any other outcome would be prejudicial to Zeleny's ability to prepare to meet the State's arguments at trial.

**4.     The State's "Not a Party" Argument Is a Red Herring.**

The State suggests that Zeleny should have subpoenaed it, rather than issuing a deposition notice. First, that argument was waived when the State *produced a witness*. Fed. R. Civ. P. 32(d)(1). Second, Zeleny sued Becerra *in his official capacity*, under *Ex Parte Young*. Such a suit is not "against the official but . . . against [his] office," and is "no different from a

suit against the State itself." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Wilvox v. Batiste*, 360 F. Supp. 3d 1112, 1119 (E.D. Wash. 2018).  The State is a party.

      **5.**      **The State Should Make Becerra Available for a Deposition.**

In its objections and correspondence, the State made clear that only Becerra can give "competent" testimony on the topics at issue here.  That claim, as confirmed under oath by the State's 30(b)(6) witness, defeats the State's objection to providing an "apex deposition" of Becerra.  If only Becerra can take an "official" position on the matters at issue in this case, he should appear and do so at deposition.

## Defendant California Attorney General Xavier Becerra's Position

### I. INTRODUCTION

Plaintiff Michael Zeleny alleges a conspiracy among the City of Menlo Park and its officials to deny him certain constitutional rights.  Zeleny does not allege that California Attorney General Xavier Becerra has participated in this conspiracy, applied the law to Zeleny in any way, or done anything else wrong.  The Attorney General is a defendant only because Zeleny asserts a facial challenge to the constitutionality of certain sections of the California Penal Code that prohibit the open carry of weapons.  *See* Second Am. Compl., ¶¶ 104-09, 187-193, 225-29.

Through written discovery and a deposition of a 30(b)(6) representative, Zeleny has sought the Attorney General's "official interpretation" of California Penal Code sections 26375 and 26405(r), which permit open carry by "authorized participant[s] in . . . a motion picture, television or video production, or entertainment event[.]"

The Attorney General has declined to provide the requested legal conclusion about a pure issue of law.  As the Attorney General demonstrates below, discovery may be sought about facts, or about the application of law to facts, but not about pure questions of law.  In this facial constitutional challenge, the meaning of the California Penal Code will involve statutory interpretation divorced from the facts of the case.  Zeleny and the Attorney General will have equal access to relevant legislative history and other legal resources, and the Court will determine whether Zeleny is entitled to the judgment that he seeks.  Discovery about the Attorney General's legal theories is not permitted and will improperly infringe on the Attorney General's mental impression work product.

### II. IN THIS FACIAL CONSTITUTIONAL CHALLENGE, DISCOVERY ABOUT THE ATTORNEY GENERAL'S LEGAL THEORIES SHOULD NOT BE ALLOWED

Zeleny alleges that whether he is allowed to openly carry firearms in his protests under the current statutory framework, and whether the City of Menlo Park has any discretion to prohibit him from doing so, depends on the phrase 'authorized participant' in Penal Code §§ 26375 and 26405(r).  As part of his facial challenge against the Attorney General, he seeks discovery about the Attorney General's legal opinion (which he calls an "official interpretation") of the statutory phrase "authorized participant."  Because there is no allegation that the Attorney General has had anything to do with the alleged conspiracy described in the complaint, as to the Attorney General, Zeleny seeks only a pure legal interpretation untethered from the facts of the case.

Such a pure legal interpretation is not the proper subject of written or oral discovery.

"Rule 33 does not permit interrogatories directed to issues of 'pure law'—i.e., abstract legal issues not dependent on the facts of the case."  Phillips & Stevenson, Rutter Group Practice Guide: Fed. Civ. Pro. Before Trial ¶ 11:1680 (The Rutter Group April 2020 Update); *see United States ex rel. Englund v. L.A. Cnty.*, 235 F.R.D. 675, 683 (E.D. Cal. 2006) (barring interrogatory seeking legal interpretation of statutory term); *Everest Nat'l Ins. Co. v. Santa Cruz Cnty. Bank*,

No. 15CV02085BLFHRL, 2016 WL 6311876, at *4 (N.D. Cal. Oct. 28, 2016) (barring interrogatories seeking information about "abstract legal definitions or discussions entirely divorced from the factual context of this case"); *cf. Disability Rights Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.D.C. 2006) (prohibiting requests for admission about statutory terms).

Here, Zeleny's dispute with the Attorney General involves issues of "pure law"—the facial constitutionality of certain sections of the California Penal Code. It is not dependent on the facts of the case, because Zeleny does not allege that the Attorney General has applied the Penal Code against him, or has taken any action against him at all. Therefore, seeking the Attorney General's legal interpretation of the Penal Code in discovery is not permitted.

Nor can a legal interpretation be sought from a 30(b)(6) representative witness in a live deposition, as Zeleny has sought to do. *See Lenz v. Universal Music Corp.*, No. C 07-03783 JF PVT, 2010 WL 1610074, at *3 (N.D. Cal. Apr. 20, 2010) (legal conclusions "an improper topic for a Rule 30(b)(6) deposition"); *3M Co. v. Kanbar*, No. C06-01225 JW HRL, 2007 WL 1794936, at *2 (N.D. Cal., June 19, 2007) (similar language).

This limitation is particularly justified in the context of a facial challenge, because a facial challenge is limited to "the text of the [law] itself, not what others have said the statute means." *Calvary Chapel Bible Fellowship v. County of Riverside*, 948 F.3d 1172, 1177 (9th Cir. 2020); *see Snapp v. United Transp. Union*, 889 F.3d 1088, 1103–1104 (9th Cir. 2018), *cert. denied sub nom. Snapp v. Burlington Northern Santa Fe Ry. Co.* (2019) 139 S.Ct. 817 ("a Rule 30(b)(6) deponent's own interpretation of the facts or legal conclusions do not bind the entity") (internal citation omitted). Even if a Department of Justice representative were able to provide a legal opinion in a live deposition, that opinion would be irrelevant to the facial validity of the relevant Penal Code sections because a facial challenge is limited to "the text of the [law] itself." *Calvary Chapel*, 948 F.3d at 1177. Indeed, the necessary and only result of preparing a lay witness to testify about the Attorney General's legal interpretation would be to divulge the Attorney General Office's mental impression work product. That is not a permissible use of a 30(b)(6) deposition. *See, e.g.*, *Leeds LP v. United States*, No. 08CV100-BTM (BLM)) 2009 WL 10672061, at *6–7 (S.D. Cal., Aug. 5, 2009) (rejecting attempt to discover "Defendant's attorneys' weighing of and opinions on the evidence" through representative deposition).

### III.  A DEPOSITION OF ATTORNEY GENERAL BECERRA SHOULD NOT BE ALLOWED

Zeleny's alternative request to depose Attorney General Becerra himself should also be denied. "Heads of government agencies are not normally subject to deposition." *Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979); *Coleman v. Schwarzenegger*, No. CIV S-90-0520, 2008 WL 4300437, at *2 (E.D. Cal. Sep. 15, 2008); *see also Apple Inc. v. Samsung Electronics Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (apex depositions create "a tremendous potential for abuse or harassment"). Attorney General Becerra is a high-ranking official for purposes of the apex-deposition rule. *See Coleman*, 2008 WL 4300437, at *4 (Governor of California, a similarly situated constitutional officer, is a "high-ranking official"); *Westly v. Superior Court*, 125 Cal. App. 4th 907, 910-11 (2004) (California Attorney General is a "high-ranking official"); *Stagman v. Ryan*, 176 F.3d 986, 994-95 (7th Cir. 1999) (Illinois Attorney General is a "high-ranking official").

In "extraordinary circumstances," a deposition of a high-ranking official may be permitted. *Coleman*, 2008 WL 4300437, at *2. "The extraordinary circumstances test may be met when high-ranking officials have direct personal factual information pertaining to material issues in the action, and the information to be gained is not available through any other sources." *Id.* (internal citations and quotations omitted); *see K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806, 2014 WL 3434257, at *2 (C.D. Cal. July 11, 2014) (considering "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods") (quoting *Apple*).

Hon. Thomas S. Hixson<br>
June 4, 2020<br>
Page 6 of 7

Starting with the first prong, Attorney General Becerra does not have "direct personal factual information" about the allegations in Zeleny's complaint. *Coleman*, 2008 WL 4300437, at *2; *see also K.C.R.*, 2014 WL 3434257, at *2 (examining "whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case"). Zeleny has named Attorney General Becerra solely for purpose of asserting a facial challenge regarding the constitutionality of several sections of the California Penal Code. But a pure legal issue does not involve "personal *factual* information" or "unique . . . knowledge of the *facts* at issue in the case" that would justify deposing the Attorney General. *Coleman*, 2008 WL 4300437, at *2 (emphasis added); *K.C.R.*, 2014 WL 3434257, at *2 (emphasis added). Zeleny does not allege that Attorney General Becerra has any unique factual knowledge about Zeleny's case.

Turning to the second prong, Zeleny cannot demonstrate that the "information to be gained [from the deposition] is not available through any other source." *Coleman*, 2008 WL 4300437, at *2. The complaint does not contain allegations about any specific event or fact that only Attorney General Becerra would have knowledge of, as a percipient witness. Rather, the complaint alleges claims for declaratory relief concerning the interpretation of sections of the Penal Code.

Respectfully submitted,

s/ Damion Robinson
Damion Robinson
Affeld Grivakes LLP

Attorneys for Plaintiff Michael Zeleny

s/John W. Killeen
John W. Killeen
Deputy Attorney General

Attorneys for California Attorney General Xavier Becerra

Attestation per Local Rule 5-1:
I attest that each person whose electronic signature appears above has concurred in the electronic filing of this joint document and has authorized the use of their electronic signatures. Records supporting this concurrence are maintained by the filer and are available for inspection if needed.

Dated: June 4, 2020                              s/ David Markevitch
                                                 David Markevitch

## **CERTIFICATE OF SERVICE**

      I, David Markevitch, hereby certify that I electronically filed the foregoing document using the Court's CM/ECF system on June 4, 2020.  I am informed and believe that electronic filing using the CM/ECF results in electronic service on all interested parties.

Dated:  June 4, 2020                                         s/ David Markevitch  
                                                                      David Markevitch