

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (916) 210-6057
Facsimile: (916) 324-8835
E-Mail: Noreen.Skelly@doj.ca.gov

February 24, 2020

*Via Email*

Mr. Damion Robinson
Affeld Grivakes, LLP
2049 Century Park East, Suite 2460
Los Angeles, CA 90067

RE: *Zeleny, Michael v. Gavin Newsom, et al.*
    USDC, Northern District of California, Case No. 3:17-cv-07357 RS—
    Apex Deposition of Attorney General Becerra

Dear Damion:

I am writing in response to your request that Attorney General Becerra be made available for deposition in this matter. You indicated that Mr. Zeleny would like to ask the Attorney General about his "official" position regarding the interpretation of Penal Code sections 26375 and 26405(r).

For example, you state that, "[w]hether Zeleny is allowed to openly carry firearms in his protests under the current statutory framework, and whether the City of Menlo Park has any discretion to prohibit him from doing so, depends on the official interpretation of the phrase 'authorized participant' in Penal Code §§ 26375 and 26405(r)." As you know, in enacting those statutes, the Legislature did not define the phrase "authorized participant." While the parties will likely rely on legislative history to support legal arguments regarding what the Legislature intended by that phrase, the Attorney General cannot speak for the Legislature regarding what it meant by "authorized participant." Instead, the interpretation of that phrase is a question of *statutory* interpretation, which the Court will undertake in determining whether Mr. Zeleny is entitled to the declaratory judgment he seeks. (See Second Amended Complaint, Prayer for Relief, Section G.)

Accordingly, under the circumstances of this case, an apex deposition of the Attorney General is not appropriate:

Damion Robinson
February 24, 2020
Page 2

### I. HIGH-RANKING OFFICIALS LIKE ATTORNEY GENERAL BECERRA ARE GENERALLY NOT SUBJECT TO DEPOSITION

"Heads of government agencies are not normally subject to deposition." *Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). Two policy rationales underlie this general rule: "The first is to protect the officials from discovery that will burden the performance of their duties, particularly given the frequency with which such officials are likely to be named in lawsuits. The second is to protect the officials from unwarranted inquiries into their decision-making process." *Coleman v. Schwarzenegger*, No. CIV S-90-0520, 2008 WL 4300437, at *2 (E.D. Cal. Sep. 15, 2008) (internal citations omitted); *see also Apple Inc. v. Samsung Electronics Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (apex depositions create "a tremendous potential for abuse or harassment").

The prohibition against apex depositions applies here. Attorney General Becerra is a high-ranking official for purposes of the apex-deposition rule. *See Coleman*, 2008 WL 4300437, at *4 (Governor of California, a similarly situated constitutional officer, is a "high-ranking official"); *Westly v. Superior Court*, 125 Cal. App. 4th 907, 910-11 (2004) (California Attorney General is a "high-ranking official"); *Stagman v. Ryan*, 176 F.3d 986, 994-95 (7th Cir. 1999) (Illinois Attorney General is a "high-ranking official"). He oversees a department of over a thousand attorneys who, at any given moment, are handling thousands of cases. If every litigant, in every case, could depose the Attorney General to seek his official interpretation of the statute(s) or constitutional provision(s) at issue in a case, such depositions would quickly absorb all of his time. Moreover, such depositions would be inappropriate because statutory interpretation is a judicial undertaking.

### II. THE SOLE EXCEPTION TO THE GENERAL RULE DOES NOT APPLY HERE

In "extraordinary circumstances," a deposition of a high-ranking official may be permitted. *Coleman*, 2008 WL 4300437, at *2. "The extraordinary circumstances test may be met when high-ranking officials have direct personal factual information pertaining to material issues in the action, and the information to be gained is not available through any other sources." *Id.* (internal citations and quotations omitted); *see K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806, 2014 WL 3434257, at *2 (C.D. Cal. July 11, 2014) (considering "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods.") (quoting *Apple*).

#### A. The Complaint Does Not Involve Any Specific Fact or Incident About Which Only Attorney General Becerra Would Have Knowledge

First, Attorney General Becerra does not have "direct personal factual information" about the allegations in Mr. Zeleny's complaint. *Coleman*, 2008 WL 4300437, at *2; *see also K.C.R.*, 2014 WL 3434257, at *2 (examining "whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case").

Damion Robinson
February 24, 2020
Page 3

The operative complaint alleges that, in various ways, Defendants City of Menlo Park and Chief Bertini violated Mr. Zeleny's constitutional rights. It does not, however, include any factual allegations that would support a claim against Attorney General Becerra.

As the complaint makes clear, the Attorney General does not possess information about Mr. Zeleny's factual allegations, let alone "unique, first-hand, non-repetitive" knowledge about the alleged claims that he asserts. *K.C.R.*, 2014 WL 3434257, at *2. Without such a plausible allegation of personal, unique knowledge about relevant facts, there is no justifiable basis for deposing the Attorney General.

Indeed, Mr. Zeleny has named Attorney General Becerra solely for purpose of asserting a facial challenge regarding the constitutionality of several sections of the California Penal Code. But a pure legal issue does not involve "personal *factual* information" or "unique . . . knowledge of the *facts* at issue in the case" that would justify deposing the Attorney General. *Coleman*, 2008 WL 4300437, at *2 (emphasis added); *K.C.R.*, 2014 WL 3434257, at *2 (emphasis added). The parties may dispute the constitutionality of the Penal Code sections at issue here, but that dispute is a legal one, not a factual one.

### B. Mr. Zeleny Cannot Demonstrate That the Information to Be Gained From the Deposition Is Not Available Through Any Other Source

Second, your client cannot demonstrate that the "information to be gained [from the deposition] is not available through any other source." *Coleman*, 2008 WL 4300437, at *2. The complaint does not contain allegations about any specific event or fact that only Attorney General Becerra would have knowledge of, as a percipient witness. Rather, the complaint alleges claims for declaratory relief concerning the interpretation of sections of the Penal Code.

An apex deposition of the Attorney General would be inappropriate in this case. If Mr. Zeleny notices the deposition of the Attorney General, we will have to file a motion for a protective order, and we will seek the costs incurred in doing so.

Sincerely,

NOREEN P. SKELLY
Deputy Attorney General

For   XAVIER BECERRA
      Attorney General

NPS:EE