United States District Court
Northern District of California

1

2

3

4                          UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    MICHAEL ZELENY,                          Case No.  17-cv-07357-RS   (TSH)

8              Plaintiff,

9         v.                                  **DISCOVERY ORDER**

10   GAVIN NEWSOM, et al.,                     Re: Dkt. No. 127

11             Defendants.

12

13        Plaintiff Michael Zeleny wants to carry unloaded firearms during his public protests.

14   California generally bans "open carry," but there is an exception for an "authorized participant in .

15   . . a motion picture, television or video production, or entertainment event[.]"  Cal. Penal Code §

16   26375; *see also id*. § 26405(r).  Unhelpfully, there is no statutory definition of an "authorized

17   participant," nor a provision stating who does the authorizing.  There are no governing regulations

18   either.  The City of Menlo Park takes the position that an "authorized participant" must have a

19   City film or event permit.  Zeleny disagrees.  So, what we have here is a disagreement about a

20   matter of statutory interpretation.

21        But there is an additional layer, because if the Court rejects Zeleny's interpretation of this

22   statutory exception (which he seeks in paragraph B of his prayer for relief, *see* ECF No. 99

23   (Second Amended Complaint)), he wants the open carry laws struck down (which he seeks in

24   paragraph A of the prayer for relief, *see id*.)  The California Attorney General ("AG") has been

25   named as a defendant in this case, and he seeks to defend the state's open carry laws.  In his

26   answer the AG also specifically denies that Zeleny is entitled to a declaration adopting his

27   preferred interpretation of the "authorized participant" exception.  ECF No. 100, prayer for relief

28   B.

United States District Court
Northern District of California

1   Zeleny has been trying to take discovery into the AG's interpretation of the "authorized

2   participant" exception.  In interrogatory ("rog") 10 he asked the AG if "authorized participant"

3   means someone authorized by a governmental body or agency.  The AG's response did not answer

4   the question.  In rog 22 he asked if someone who has a valid entertainment firearms permit under

5   Penal Code section 29500 is an "authorized participant."  The AG's response did not cleanly

6   answer that question either, although it came closer.

7   Zeleny then served a Rule 30(b)(6) deposition notice on the AG concerning 20 topics

8   about the meaning of the state's open and concealed carry laws and their exceptions, including the

9   "authorized participant" exception.  The AG put Blake Graham up as the deponent.  When

10   Zeleny's counsel asked the witness about the meaning of the "authorized participant" exception,

11   the AG objected that the witness wasn't authorized to interpret a statute, and the witness refused to

12   give a substantive answer.  We are now here on Zeleny's motion to compel.  ECF No. 127.  He

13   seeks an order compelling the state to produce a Rule 30(b)(6) witness who will answer his

14   questions about the meaning of the open carry laws, or in the alternative, to produce AG Xavier

15   Becerra himself for a deposition.

16   Although the gist of Zeleny's motion is clear enough, as an analytical matter it lacks

17   precision because he doesn't identify which 30(b)(6) topics he is moving on.  He doesn't seem to

18   be moving on topics 1-5, which concern California's *concealed* carry laws.  Likewise, his motion

19   doesn't seem to cover topics 18-20, which deal with discovery responses and documents

20   produced.  He is definitely moving on topic 13 ("The interpretation of the Open Carry Statutes").

21   The Court supposes he is moving on topics 6-12 only to the extent that the AG thinks those issues

22   bear on the interpretation of the open carry laws, and the same is probably true of topics 14-17.

23   Accordingly, the Court construes this motion as being directed to topic 13, including whatever

24   tools of statutory interpretation (such as legislative history, post-enactment enforcement,

25   constitutional avoidance, and so on) the AG believes are relevant to topic 13.

26   The AG opposes the motion, arguing that while discovery into facts or the application of

27   law to fact is allowed, Zeleny is trying to take discovery into pure issues of law.  The AG also

28   asserts that deposing Becerra personally is unwarranted under the apex doctrine.

2

1        There are essentially three problems with this motion as it relates to the 30(b)(6) notice.

2   The first is that "the interpretation of the open carry statutes" is too sweeping a topic for a witness

3   to testify to.  The ban on openly carrying an unloaded handgun itself has numerous subparts, *see*

4   Cal. Penal Code § 26350, and could easily generate many law review articles interpreting it.  And

5   then there are 33 exceptions to the ban.  Cal. Penal Code §§ 26361-26392.  Zeleny's motion seems

6   to demand a 30(b)(6) witness who can testify about the entirety of that statute and all of its

7   exceptions.  ECF No. 127 at 2 (criticizing the state for "refus[ing] to produce any witness who can

8   take an official position on the meaning of the 'open carry ban,' including the exceptions

9   thereto.").  However, Rule 30(b)(6) requires a deposition notice to an entity to "describe with

10   reasonable particularity the matters for examination," and topic 13 fails that requirement.

11        Second, the vast majority of what is covered by "the interpretation of the open carry

12   statutes" is irrelevant to this case.  There is no suggestion in the Second Amended Complaint that

13   Zeleny wants to carry an unloaded handgun in a target range (Cal. Penal Code § 26377) or in an

14   official parade (*id*. § 26368) or in a pawn shop (*id*. § 26374) or to train a dog to hunt (*id*. §

15   26366.5).  In his motion, Zeleny emphasizes the importance to this lawsuit of the "authorized

16   participant" exception.  However, none of the 20 topics in the deposition notice are limited to the

17   "authorized participant" exception, and certainly none are limited to or even cover whether Zeleny

18   is an authorized participant, and if not, what authorization he needs.  Indeed, once you put aside

19   topics 9, 10 and 18-20, none of the topics have anything to do with the facts of this case.  The

20   topics seem to contemplate a witness who will give answers in the form of long, abstract essays

21   about the meaning and interpretation of every provision of the open carry laws.  There is too big of

22   a disconnect between the relevant question of what Zeleny needs to do to become an "authorized

23   participant," if he is not one already, and the topics in this deposition notice.  Indeed, the case-

24   specific subject of how the "authorized participant" exception *applies to Zeleny* is not even

25   embraced in the notice.

26        But let's suppose the Court fixes the first two problems, such as by narrowing topic 13 to

27   the meaning of the "authorized participant" exception, or by completely rewriting the deposition

28   notice and turning this into a deposition about how the "authorized participant" exception applies

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1   to Zeleny.  We then run into the third problem, which is that a 30(b)(6) deposition is not an

2   appropriate vehicle for taking discovery into legal contentions.  *See Lenz v. Universal Music*

3   *Corp.*, 2010 WL 1610074, at \*3 (N.D. Cal. April 20, 2010) (questions about legal contentions are

4   "an improper topic for a Rule 30(b)(6) deposition"); *3M Co. v. Kanbar*, 2007 WL 1794936, at \*2

5   (N.D. Cal. June 19, 2007) (topics "seeking legal conclusions . . . should not form the basis for

6   30(b)(6) deposition topics").  Rule 30(b)(6) has many great uses.  It's helpful for a litigant who

7   knows what he wants to depose an entity about but hasn't the faintest idea who possesses the right

8   knowledge.  It's helpful to force an entity to aggregate information known to multiple people, so

9   the deposing party can learn the information in one deposition rather than ten.  But Zeleny isn't

10  using this deposition to obtain factual information, and oral testimony in which the witness has to

11  answer questions on the spot about a party's legal contentions is an improper use of a deposition.

12  The purpose of contention discovery is to bind your opponent to a position, but "'a Rule 30(b)(6)

13  deponent's . . . legal conclusions do not bind the entity.'"  *Snapp v. United Transp. Union*, 889

14  F.3d 1088, 1104 (9th Cir. 2018) (quoting 7 James Wm. Moore, et al., Moore's Federal Practice §

15  30.25[3] (3d ed. 2016)), *cert. denied sub nom. Snapp v. Burlington Northern Santa Fe Ry. Co.*,

16  139 S. Ct. 817 (2019).  Rather, Rules 33 and 36 expressly contemplate that rogs and RFAs will be

17  used to take contention discovery.  *See* Fed. R. Civ. Proc. 33(a)(2) ("An interrogatory is not

18  objectionable merely because it asks for an opinion or contention that relates to fact or the

19  application of law to fact"); Fed. R. Civ. P. 36(a)(1)(A) (requests for admission may relate to

20  "facts, the application of law to fact, or opinions about either").

21          Accordingly, the Court denies Zeleny's motion to compel the AG to produce a Rule

22  30(b)(6) deponent on the interpretation of the open carry laws.  The Court also denies Zeleny's

23  alternative request to depose Becerra.  "Heads of government agencies are not normally subject to

24  deposition," *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979).  "In determining

25  whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-

26  hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking

27  the deposition has exhausted other less intrusive discovery methods."  *Apple Inc. v. Samsung*

28  *Electronics, Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012).  As for the first prong, if Becerra knows

1  anything about the facts of this case, it would only be because an aide briefed him; he is named as

2  a defendant only because, under *Ex parte Young*, 209 U.S. 123 (1908), that is the procedure for

3  challenging the constitutionality of a state law that is enforced by the AG.  As for the second

4  prong, any relevant factual discovery would come from the City of Menlo Park.  There is no basis

5  to depose Becerra here.

6      **IT IS SO ORDERED.**

7

8  Dated: June 9, 2020

9   

                    THOMAS S. HIXSON

10                     United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California