# AFFELD GRIVAKES LLP

2049 Century Park East, Suite 2460
Los Angeles, California 90067
Tel: (310) 979-8700
Fax: (310) 979-8701

August 26, 2020

The Honorable Thomas S. Hixson                                                        *Via CM/ECF*
United States Magistrate Judge
San Francisco Courthouse, Courtroom G
450 Golden Gate Avenue,
San Francisco, CA 94102

    Re:     ***Michael Zeleny v. Gavin Newsom, et al.***
              **Case No. CV 17-7357 JCS**
              **Joint Letter Brief Regarding Attorney General Xavier Becerra's Responses to Interrogatories**

Dear Judge Hixson:

      Plaintiff Michael Zeleny ("Zeleny") and Defendant Xavier Becerra ("Becerra") respectfully submit this Letter Brief pursuant to your Discovery Standing Order ¶ 2.

      Zeleny and Becerra have reached an impasse regarding whether Becerra is obligated to answer Zeleny's Interrogatories Nos. 10-16 and 22-25, which ask Becerra to provide his and the State's interpretation of the meaning of the term "authorized participant" as used in California Penal Code §§ 26375 and 26405(r), including any process for becoming or qualifying as one.

      The parties' respective positions are set forth in this Letter Brief. A Declaration of Counsel is submitted concurrently, attaching pertinent excerpts of the Interrogatories and responses, relevant correspondence among counsel, and several other pertinent exhibits.

[*Continued on Next Page*]

**Plaintiff's Position**

A.   **Introduction**

This case involves, in part, a challenge to California's "open carry ban," which prohibits ordinary Californians from carrying a firearm almost anywhere in California. The State of California (the "State") refused to produce a witness who could take an official position on the meaning of the "open carry ban," including the exceptions thereto. The parties submitted that dispute to the Court for resolution. ECF No. 127.

On June 9, 2020, the Court ruled that "… a 30(b)(6) deposition is not an appropriate vehicle for taking discovery into legal contentions." Ex. 1 (ECF No. 132), 4:1-16. The Court instructed that such "contention discovery" *should rather* be taken through interrogatories ("rogs") and requests for admission. *Id.* at 4:16-20.

The Court identified and discussed such rogs propounded by Zeleny and found that Becerra's responses were incomplete. *Id.* at 2:1-12 ("In interrogatory . . . 10 [Zeleny] asked the AG if 'authorized participant' means someone authorized by a governmental body or agency. The AG's response did not answer the question"; noting that the AG "did not cleanly answer" whether a person with an Entertainment Firearm's permit" is an "authorized participant".) Zeleny immediately asked Becerra to answer the rogs. Ex. 2. Becerra refused. Ex. 3.

As the Court has observed, "[i]n his answer [Becerra] specifically denies that Zeleny is entitled to a declaration adopting his preferred interpretation of the 'authorized participant' exception." Ex. 1 at 1:25-28. The State cannot reject Zeleny's interpretation of the statute while also refusing to take a position on what the statute means.

B.   **Background**

   1.   **Zeleny's Challenge to the Open Carry Ban.**

Zeleny challenges California's "open carry ban," which prohibits openly carrying unloaded handguns or long guns in any city or incorporated city and county. There are exceptions to the open carry ban. One, permits open carry by an "authorized participant in . . . a motion picture, television or video production, or entertainment event[.]" Cal. Pen. Code §§ 26375, 26405(r). The definition of an "authorized participant" and who does the authorizing is not in the statute. Ex. 1 at 1. There are no regulations and no official opinions on the subject.

This exception ties together Zeleny's Second Amendment claim against the State and his claims against the City of Menlo Park (the "City"). The City claims that an "authorized participant" must have a City film or event permit. Zeleny disputes this interpretation and further challenges the Constitutionality of the ban. Ex. 1 at 1:21-24, *citing* the Second Amended Complaint.

   2.   **The Parties' Respective Roles**.

Zeleny sued Becerra *in his official capacity*, under *Ex Parte Young*. In denying Becerra's Motion to Dismiss, the Court found that Zeleny had properly stated a constitutional challenge under *Ex Parte Young*. Ex. 6 (ECF No. 37) at 4:25-5:11. Thus, this suit is not "against [Becerra] but . . . against [his] office," and is "no different from a suit against the State itself." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Wilvox v. Batiste*, 360 F. Supp. 3d 1112, 1119 (E.D. Wash. 2018). The State is a party here.

Becerra's interpretation of the Penal Code sections at hand–*in his role as a State Attorney General*–is both factually relevant and causally related to the injury that Zeleny seeks to redress through this lawsuit. An interpretation by Becerra that is contrary to Zeleny's will likely lead to Zeleny's arrest if he resumes his protests. Thus, a claim for injunctive relief precluding such an interpretation is grounded in fact and properly directed at Becerra. *See* Ex. 6 at 3:19-4:11.

### 3. Attorney General Becerra Provides Evasive Interrogatory Answers, Sidestepping the Question of what "Authorized Participant" Means.

On January 25, 2019, Zeleny propounded interrogatories to Becerra directed at understanding the meaning and application to Zeleny of the term "authorized participant." *See* Ex. 4, rogs nos. 10-16.

In his responses, Becerra suggested that the phrase might refer to someone with a state-issued Entertainment Firearm's Permit but refused to give further information. *See* Ex. 4 at 24:14-25:15. Becerra gave similarly evasive responses to rogs nos. 12-16, which similarly sought information about how one can become an "authorized participant."

On February 12, 2020, Zeleny propounded further interrogatories asking whether an individual with an "entertainment firearms permit" issued pursuant to Penal Code § 29500 is an "authorized participant." Ex. 5, p. 3. Becerra gave an evasive response to the effect "that it is possible to infer" this definition, but refused to clearly answer. *Id.* at p. 4-5.

### C. Argument

The meaning of the phrase "authorized participant," and, specifically, who may legally bestow such an "authorization," is central to this case. There is no reasonable argument to the contrary.

The responsibility to interpret the term "authorized participant" falls on Becerra as the state's chief law enforcement officer, who is required to know whether a crime is being committed or an exception applies. *See* Cal. Const., Art. V § 13 ("It shall be the duty of the Attorney General to see that the laws of the State are uniformly and adequately enforced").

While the parties may dispute what the statute means as a legal matter, Becerra's understanding as the chief law enforcement officer of the State is a fact. And Zeleny is entitled to learn that fact in discovery so he can proceed accordingly in this case and with his protests.

#### 1. The Interrogatories Are Directly Relevant

There is no dispute that the interrogatories seek relevant information in this case. They seek the interpretation of the proper State official as to the meaning of state criminal statutes applied to Zeleny. As the Court recognized in its prior discovery order, contention interrogatories are the proper method of getting this information. *See* Ex. 1 at 4.

#### 2. Becerra's Claim that Interrogatories Seek Pure Legal Conclusions Is Unsupported.

Becerra claims that "the interrogatories … do not seek to determine 'how the authorized participant exception applies to Zeleny[]' … because there is no allegation in the complaint that the Attorney General has applied the law to Zeleny in any way, or is involved in his dispute with the other defendants." Ex. 3 at p. 1.

This is the same argument that the Court considered and rejected at the motion to dismiss stage. *See* Ex. 6 at 3:9-4:11. The "other defendants" in this case enforce the criminal laws, including the "open carry" ban, pursuant to a delegation from the State. *See* Cal. Const., Art. 5, § 13 ("The Attorney General shall have direct supervision over … such other law enforcement officers as may be designated by law, in all matters pertaining to the duties of their respective offices"); *see also* Cal. Gov. Code § 12550. Accordingly, Courts have repeatedly rejected the argument by the AG's office that the AG has "no connection" to the prosecution of the individual plaintiff. *Nichols v. Brown*, 945 F. Supp. 2d 1079, 1106-07 (C.D. Cal. 2013); *see also Duncan v. Becerra*, 265 F. Supp. 3d. 1216 (noting that Becerra "has not indicated that [firearms statutes] will not be enforced").

### b.  Becerra Relies on Inapposite Legal Authority.

In refusing to answer the rogs, Becerra now relies on cases generally precluding a party from requiring another to provide a purely legal opinion or interpretation, "entirely divorced from the factual context." Ex. 3 at p. 1-2.  Those cases are inapplicable here.

As an initial matter, Becerra did not object to Interrogatories Nos. 10-16 on this basis. That objection has been waived.  *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity.  Any ground ***not stated in a timely objection*** is waived unless the court, for good causes, excuses the failure.").

Moreover, the decisions Becerra cites are off base.  None involved rogs to a government official whose duty is to interpret statutes, seeking his interpretation of a state statute directly applicable to the plaintiff.  Becerra's interpretation—whether right or wrong—is a directly relevant fact.  If he interprets the statutes in the same manner as Zeleny, this interpretation itself will support Zeleny's claims against the City, and preclude the City from enforcing the statutes against Zeleny.

Finally, courts distinguish "contention interrogatories" of the type at issue here from interrogatories asking for analysis of "pure law."  *See Salazar v. Continental Constr. Co.*, 2012 WL 1438892, at *1 (D. Mt. Apr. 25, 2012) (compelling response to interrogatory asking plaintiff to "identify what OSHA regulations he claims were violated").  These types of interrogatories properly serve to narrow and frame the issues.  *See Black Mountain Equities, Inc. v. Players Network, Inc.*, 2020 WL 2097600 (S.D. Cal. May 1, 2020) (compelling answer to interrogatory asking for "all statutes, rules or regulations" that prevented SEC registration).

### D.  Conclusion

Based on the foregoing, Zeleny respectfully askes the Court to require Becerra to serve complete answers to rogs nos. 10-16 and 22-25.

## Defendant California Attorney General Xavier Becerra's Position

### I.  INTRODUCTION

Plaintiff Michael Zeleny alleges a conspiracy among the City of Menlo Park and its officials to deny him certain constitutional rights.  Zeleny does not allege that California Attorney General Xavier Becerra has participated in this conspiracy, applied the law to Zeleny in any way, or done anything else wrong.  The Attorney General is a defendant only because Zeleny asserts a facial challenge to the constitutionality of certain sections of the California Penal Code that prohibit the open carry of weapons.  *See* Second Am. Compl., ¶¶ 104-09, 187-193, 225-29.

Through written discovery, Zeleny has sought the Attorney General's "official interpretation" of California Penal Code sections 26375 and 26405(r), which contain an exception to the general prohibition on open carrying of weapons for "authorized participant[s] in . . . a motion picture, television or video production, or entertainment event[.]"

The Court already denied Zeleny's request to obtain the same legal interpretation from the Attorney General in the context of a live deposition.  *See* Dkt. 132.  The same reasoning applies to Zeleny's request for a legal interpretation via written discovery.  Discovery may be sought about facts, or about the application of law to facts, but not about pure questions of law.  In this facial constitutional challenge, the meaning of the California Penal Code will involve statutory interpretation divorced from the facts of the case.  Zeleny and the Attorney General will have equal access to relevant legislative history and other legal resources, and the Court will determine whether Zeleny is entitled to the judgment that he seeks.  Discovery about the Attorney General's legal theories is not permitted and will improperly infringe on the Attorney General's mental impression work product.

## II. IN THIS FACIAL CONSTITUTIONAL CHALLENGE, DISCOVERY ABOUT THE ATTORNEY GENERAL'S LEGAL THEORIES SHOULD NOT BE ALLOWED

Zeleny alleges that whether he is allowed to openly carry firearms in his protests under the current statutory framework, and whether the City of Menlo Park has any discretion to prohibit him from doing so, depends on the phrase 'authorized participant' in Penal Code §§ 26375 and 26405(r). As part of his facial challenge against the Attorney General, he seeks discovery about the Attorney General's legal opinion (which he calls an "official interpretation") of the statutory phrase "authorized participant." Because there is no allegation that the Attorney General has had anything to do with the alleged conspiracy described in the complaint, as to the Attorney General, Zeleny seeks only a pure legal interpretation untethered from the facts of the case.

Such a pure legal interpretation is not the proper subject of written discovery.

Interrogatories that seek pure legal conclusions untethered from the facts of the case are improper. "Rule 33 does not permit interrogatories directed to issues of 'pure law'—i.e., abstract legal issues not dependent on the facts of the case." Phillips & Stevenson, Rutter Group Practice Guide: Fed. Civ. Pro. Before Trial ¶ 11:1680 (The Rutter Group April 2020 Update); see *United States ex rel. Englund v. L.A. Cnty.*, 235 F.R.D. 675, 683 (E.D. Cal. 2006) (barring interrogatory seeking legal interpretation of statutory term); *Everest Nat'l Ins. Co. v. Santa Cruz Cnty. Bank*, No. 15CV02085BLFHRL, 2016 WL 6311876, at *4 (N.D. Cal. Oct. 28, 2016) (barring interrogatories seeking information about "abstract legal definitions or discussions entirely divorced from the factual context of this case"); cf. *Disability Rights Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.D.C. 2006) (prohibiting requests for admission about specific terms in federal law).

In the Court's order denying a further 30(b)(6) deposition of the Department of Justice and a personal deposition of Attorney General Becerra, the Court referred to the role of contention interrogatories in determining how a party applies the law to a specific set of facts, e.g., "how the authorized participant exception applies to Zeleny." See June 9 Order at 4. A contention interrogatory is permissible, while an interrogatory seeking a legal conclusion is not.

Here, the relevant interrogatories do not seek to determine "how the authorized participant exception applies to Zeleny." They seek a legal opinion about the term "authorized participant." *See* Interrogatories 10-16, 22-25. There is no allegation in the complaint that the Attorney General has applied the law to Zeleny in any way, or is involved in his dispute with the other defendants. The Attorney General is named as a defendant only because the complaint asserts a facial challenge to certain provisions of the California Penal Code. Because Zeleny does not allege that the Attorney General has applied any of these statutes against him, Zeleny's facial claims against the Attorney General will involve pure issues of law. It will not involve any issues of fact, or issues of law applied to fact.

Because Zeleny's dispute with the Attorney General involves only issues of "pure law"—the facial constitutionality of sections in the Penal Code—the Attorney General is not required to give Zeleny an advance copy of his attorney work product, which is effectively what these interrogatories seek.

## III. ZELENY'S ARGUMENTS TO THE CONTRARY ARE UNPERSUASIVE

Zeleny argues that, despite the general rule prohibiting discovery of legal interpretations, the Attorney General can be compelled to provide his legal interpretation of a statute because the Attorney General is the State's "chief law enforcement officer." But Zeleny cites no authority for this purported exception to the general rule that litigants cannot be compelled to provide legal interpretations in discovery. Like any other civil litigant, the Attorney General is entitled to be protected against having to disclose his mental impression work production in discovery. Indeed, that concern is heightened here, where it is undisputed that the Attorney General has not

applied the statute against Zeleny, or relied on the meaning of "authorized participant" in any way that would harm Zeleny. As to the Attorney General, this is a quintessential purely legal challenge to the facial constitutionality of a state statute.

Similarly, Zeleny suggests that such discovery against the Attorney General is proper because the Attorney General allegedly has some degree of authority over the City of Menlo Park, which Zeleny alleges "enforce the criminal laws . . . pursuant to a delegation from the State." Zeleny also relies to the Court's earlier ruling on a motion to dismiss. But the Court's determination that the Attorney General is a proper defendant to defend a facial constitutional challenge to a state criminal statute does not mean that every action of every city in California can be imputed to the Attorney General, such that the Attorney General can be deemed to have "applied" the law to every individual who alleges that they have been harmed by a local government in California. Zeleny does not allege that the Attorney General, or anyone in the State, has taken any action against him, either directly or in concert with the City of Menlo Park. To the extent that the Attorney General has some degree of authority over local law enforcement activities, that does not equate to direct responsibility over—or knowledge of—the decisions of local agencies to allow or disallow First Amendment activities in each of California's hundreds of cities.

Nor is there any truth to Zeleny's suggestion that "[a]n interpretation by Becerra that is contrary to Zeleny's will likely lead to Zeleny's arrest if he resumes his protests." The Court, not the Attorney General, will determine whether Zeleny is an "authorized participant" that must be allowed to carry weapons as part of his protests in Menlo Park. Zeleny, Menlo Park, and the Attorney General will present their legal arguments to the Court, which will make a decision that will govern Zeleny's and Menlo Park's future conduct.

Finally, Zeleny cites other authorities in support of his argument that the relevant interrogatories are actually contention interrogatories, not requests for a legal interpretation. But in both *Salazar* and *Black Mountain Equities*, the interrogatories simply asked the party to identify what regulations might apply. They did not ask the parties what those authorities meant, or how they should be interpreted. By contrast, here Zeleny seeks a legal interpretation of the term "authorized participant." Such a request is not permissible. *See United States ex rel. Englund v. L.A. Cnty.*, 235 F.R.D. 675, 683 (E.D. Cal. 2006) (barring interrogatory seeking legal interpretation of statutory term).

Respectfully submitted,

s/ David Markevitch
David Markevitch
Affeld Grivakes LLP

Attorneys for Plaintiff Michael Zeleny

s/ John W. Killeen
John W. Killeen
Deputy Attorney General

Attorneys for California Attorney General Xavier Becerra

Hon. Thomas S. Hixson  
August 26, 2020  
Page 7 of 8

<u>Attestation per Local Rule 5-1</u>:

I attest that each person whose electronic signature appears above has concurred in the electronic filing of this joint document and has authorized the use of their electronic signatures. Records supporting this concurrence are maintained by the filer and are available for inspection if needed.

Dated: August 26, 2020                     <u>s/ David Markevitch          </u>
                                            David Markevitch

Case 3:17-cv-07357-RS   Document 135   Filed 08/26/20   Page 7 of 8

## **CERTIFICATE OF SERVICE**

      I, David Markevitch, hereby certify that I electronically filed the foregoing document using the Court's CM/ECF system on August 26, 2020.  I am informed and believe that electronic filing using the CM/ECF results in electronic service on all interested parties.

Dated:  August 26, 2020                                               s/ David Markevitch  
                                                                                 David Markevitch