# AFFELD GRIVAKES LLP

2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Tel:  (310) 979-8700
Fax: (310) 979-8701

Sender's email:
dr@agzlaw.com

June 10, 2020

John W. Killeen, Deputy Attorney General  *Via Email*
Government Law Section
California Department of Justice, Office of
the Attorney General
1300 I Street, Suite 125
P.O. Box. 944255
Sacramento, CA 94244-2550

Re:   *Zeleny v. Newsom, et al.*, N.D. Cal. Case No. 17-7357
      Responses to Interrogatories

Dear John:

In light of the Court's ruling this afternoon, we would ask that Attorney General Becerra revisit and revise his responses to our interrogatories seeking an interpretation of the "authorized participant" exception.  As Judge Hixson explained, interrogatories are a proper tool to determine a party's legal contentions. Order at p. 4.  He also determined that the Attorney General has not properly answered contention interrogatories going to the exception:

> Zeleny has been trying to take discovery into the AG's interpretation of the "authorized participant" exception. In interrogatory ("rog") 10 he asked the AG if "authorized participant" means someone authorized by a governmental body or agency. The AG's response did not answer the question. In rog 22 he asked if someone who has a valid entertainment firearms permit under Penal Code section 29500 is an "authorized participant." The AG's response did not cleanly answer that question either, although it came closer.  (Order at p. 2)

The Order is clear that these interrogatories are appropriate and that the answers given are not.

Based on the Order, substantive answers are required to the following interrogatories:

**Interrogatory No. 10**: Does the phrase 'authorized participant' as used in California Penal Code §§ 26375 and 26405(r) refer to a participant authorized by a governmental body or agency?

Noreen Skelly, Esq.<br>
February 12, 2020<br>
Page 2 of 2

**Interrogatory No. 11**: If Your answer to Interrogatory No. 10 is in the affirmative, identify the governmental bodies or agencies from which authorization is required?

**Interrogatory No. 12**: If Your answer to Interrogatory No. 10 is in the affirmative, state all bases for your contention that the phrase 'authorized participant,' as used in California Penal Code §§ 26375 and 26405(r), refers to a participant authorized by a governmental body or agency.

**Interrogatory No. 13**: If your answer to Interrogatory No. 10 is in the negative, state the persons or entities [*i.e.*, other than governmental agencies] whose authorization is required in order for California Penal Code §§ 26375 and 26405(r) to exempt the carrying of firearms from California Penal Code §§ 26350 and 26405.

**Interrogatory No. 14**: Do California Penal Codes §§ 26375 and 26405(r) require that the "motion picture, television or video production" or "entertainment event" itself be authorized in order to exempt participants from California Penal Code §§ 26350 and 26405?

**Interrogatory No. 15**: If your response to Interrogatory No. 14 is in the affirmative, identify all persons or entities whose authorization of the "motion picture, television or video production" or "entertainment event" is required in order to exempt participants from California Penal Code §§ 26350 and 26405.

**Interrogatory No. 16**: State all of the bases for Your response to Interrogatory No. 14.

**Interrogatory No. 21**: Identify the types of events that qualify as "entertainment events" under California Penal Code §§ 26375, 26405(r), and 25510.

**Interrogatory No. 22**: Is an individual who has a valid "entertainment firearms permit" issued pursuant to Penal Code § 29500 an "authorized participant" within the meaning of penal Code §§ 26375 and 26405(r)?

**Interrogatory No. 23**: State all facts supporting your response to the preceding interrogatory.

**Interrogatory No. 24**: State all facts supporting your contention that the definition of "authorized participant" under Penal Code §§ 26375 and 26405(r) refers to a person with an "entertainment firearms permit" issued pursuant to Penal Code § 29500.

**Interrogatory No. 25**: Identify all documents supporting your contention that the definition of "authorized participant" under Penal Code §§ 26375 and 26405(r) refers to a person with an "entertainment firearms permit" issued pursuant to Penal Code § 29500.

All of these interrogatories are of the type that Judge Hixson mentioned in his Order. The Attorney General's answers are either "N/A" or are in the form that the Court found insufficient.

    We simply need to know the Attorney General's interpretation of the statute before summary judgment briefing and trial – *i.e.*, how the Attorney General interprets "authorized participant" and why. Please let us know if you are willing to revise the responses consistent with the Court's Order today without further motion practice. If you would like to discuss this further, please feel free to call or email.

Sincerely,<br>
s/ Damion Robinson<br>
Damion Robinson

cc:    Todd H. Master, Esq.