**XAVIER BECERRA**
*Attorney General*

**State of California**
**DEPARTMENT OF JUSTICE**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (916) 210-6045
Facsimile: (916) 324-8835
E-Mail: John.Killeen@doj.ca.gov

June 26, 2020

*Via Email*

Mr. Damion Robinson
Mr. David Markevitch
Affeld Grivakes, LLP
2049 Century Park East, Suite 2460
Los Angeles, CA 90067

RE: Zeleny, Michael v. Gavin Newsom, et al.
    USDC, Northern District of California, Case No. 3:17-cv-07357 RS

Dear Damion and David:

I am writing in response to your June 10 letter about Interrogatories 10 through 16 and 21 through 25. You seek additional or different answers to these interrogatories on the basis that they are "of the type that Judge Hixon mentioned in his Order."

In his order denying a further 30(b)(6) deposition of the Department of Justice and a personal deposition of Attorney General Becerra, Judge Hixson referred to the role of contention interrogatories in determining how a party applies the law to a specific set of facts, e.g., "how the authorized participant exception applies to Zeleny." *See* June 9 Order at 4.

But the interrogatories you identify do not seek to determine "how the authorized participant exception applies to Zeleny." The reason they do not is because there is no allegation in the complaint that the Attorney General has applied the law to Zeleny in any way, or is involved in his dispute with the other defendants. The Attorney General is named as a defendant only because the complaint asserts a facial challenge to certain provisions of the California Penal Code. Because Zeleny does not allege that the Attorney General has applied any of these statutes against him, Zeleny's facial claims against the Attorney General will involve pure issues of law. It will not involve any issues of fact, or issues of law applied to fact.

Interrogatories that seek pure legal conclusions untethered from the facts of the case are improper. "Rule 33 does not permit interrogatories directed to issues of 'pure law'—i.e., abstract legal issues not dependent on the facts of the case." Phillips & Stevenson, Rutter Group Practice Guide: Fed. Civ. Pro. Before Trial ¶ 11:1680 (The Rutter Group April 2020 Update); *see United States ex rel. Englund v. L.A. Cnty.*, 235 F.R.D. 675, 683 (E.D. Cal. 2006) (barring interrogatory seeking legal interpretation of statutory term); *Everest Nat'l Ins. Co. v. Santa Cruz Cnty. Bank*,

Damion Robinson
June 26, 2020
Page 2


No. 15CV02085BLFHRL, 2016 WL 6311876, at *4 (N.D. Cal. Oct. 28, 2016) (barring interrogatories seeking information about "abstract legal definitions or discussions entirely divorced from the factual context of this case"); *cf. Disability Rights Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.D.C. 2006) (prohibiting requests for admission about specific terms in federal law).

Because Zeleny's dispute with the Attorney General involves only issues of "pure law"—the facial constitutionality of sections in the Penal Code—the Attorney General is not required to give Zeleny an advance copy of his attorney work product, which is effectively what these interrogatories seek.

Please let me know if you would like to discuss this issue further.

        Sincerely,

        JOHN W. KILLEEN
        Deputy Attorney General

    For    XAVIER BECERRA
        Attorney General

JWK:EE

SA2018100198
34191320.docx