1   XAVIER BECERRA
    Attorney General of California
2   ANTHONY R. HAKL
    Supervising Deputy Attorney General
3   NOREEN P. SKELLY
    Deputy Attorney General
4   State Bar No. 186135
     1300 I Street, Suite 125
5    P.O. Box 944255
     Sacramento, CA 94244-2550
6    Telephone: (916) 210-6057
     Fax: (916) 324-8835
7    E-mail: Noreen.Skelly@doj.ca.gov
    *Attorneys for Defendant Attorney General Xavier*
8   *Becerra*

9                   IN THE UNITED STATES DISTRICT COURT

10                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                         SAN FRANCISCO DIVISION

12

13

14  MICHAEL ZELENY, an individual,            3:17-cv-07357 RS (NC)

15                          Plaintiff,        **DEFENDANT ATTORNEY GENERAL
                                              XAVIER BECERRA'S RESPONSES TO
16           v.                               PLAINTIFF MICHAEL ZELENY'S
                                              FIRST SET OF INTERROGATORIES[2]**
17
    GAVIN NEWSOM[1], an individual, in his
18  official capacity; XAVIER BECERRA, an
    individual, in his official capacity; CITY OF
19  MENLO PARK, a municipal corporation;
    and DAVE BERTINI, in his official
20  capacity,

21                          Defendants.

22

23      PROPOUNDING PARTY:        Plaintiff Michael Zeleny

24      ANSWERING PARTY:          Defendant Attorney General Xavier Becerra

25      SET NUMBER:               One

26      [1] Although Edmund G. Brown, Jr., sued in his official capacity as the Governor of
    California, has been dismissed from this matter, Defendant Becerra updates the caption to
27  substitute Governor Gavin Newsom for former Governor Edmund G. Brown, Jr., pursuant to Rule
    25(d)(1) of the Federal Rules of Civil Procedure.
28      [2] Verification to follow.

                                          1

## PRELIMINARY STATEMENT

1

2    For purposes of these interrogatories, Plaintiff Zeleny has used the terms "YOU" and

3    "YOUR" to, "refer to Xavier Becerra as the Attorney General of the State of California.  These

4    interrogatories seek the official position of the State of California." (Plaintiff Zeleny's

5    Interrogatories, p. 2, lines 22-24.)  Defendant Becerra objects to Plaintiff Zeleny's definition of

6    "YOU" and "YOUR" as encompassing the official position of the State of California.  The phrase

7    "the official position of the State of California" is vague and overbroad.  The State of California

8    is made up of the Executive, Legislative, and Judicial branches of government, which are separate

9    and co-equal.  California's Executive branch includes a number of elected officials including, but

10    not limited to the Attorney General of California.  Moreover, the State of California is not a

11    defendant in this action—nor would it be an appropriate defendant in this action.  As a general

12    matter, the proper respondent or defendant in a challenge to a state law or policy is the officer or

13    agency charged with implementing it.  See *Serrano v. Priest*, 18 Cal.3d 728, 752 (1976); *State v.*

14    *Superior Court, 12 Cal.3d 237, 255* (1974).

15    Defendant Becerra objects to each interrogatory to the extent that it purports to impose any

16    obligation or requirement greater than or different to the obligations or requirements set forth in

17    the Federal Rules of Civil Procedure and/or the applicable rules and orders of this Court.

18    Defendant Becerra objects to each interrogatory to the extent that it calls for the disclosure

19    of information protected from disclosure by the attorney work-product doctrine, the attorney-

20    client privilege, the deliberative process privilege and/or any other applicable privilege or

21    protection.  Should Defendant Becerra disclose any privileged or otherwise protected information

22    in these responses, the disclosure is inadvertent and does not constitute a waiver of the privilege

23    or protection.

24    Defendant Becerra has not completed the investigation of the facts and issues relating to

25    Plaintiff Zeleny's claims and has not completed discovery in this action.  All of the answers

26    contained herein are based solely upon information and documents which are presently available

27    to, and specifically known by, Defendant Becerra, and the answers disclose only those

28    contentions which presently occur to Defendant Becerra.  Further discovery, independent

2

1   investigation, legal research and analysis may supply additional facts and may lead to additions,

2   changes, and variations from the answers herein.

3       The following answers are given without prejudice to the right to produce evidence and/or

4   witnesses or rely on facts which Defendant Becerra may later discover.  Defendant Becerra

5   accordingly reserves the right to change any and all answers herein as additional facts are

6   ascertained, witnesses identified and legal research is completed.  The answers contained herein

7   are made in good faith in an attempt to supply as much factual information and as much

8   specification of legal contention as is presently known, and in no way prejudices Defendant

9   Becerra in relation to further discovery and proceedings.

10       Defendant Becerra incorporates by reference every general objection set forth above into

11   each specific answer set forth below.  A specific response may repeat a general objection for

12   emphasis or some other reason.  The failure to include a general objection in any specific answer

13   does not waive any general objection to that interrogatory.

14       **INTERROGATORY NO. 1**:  State all facts on which You base Your contention, if any,

15   that California Penal Code § 26350 is constitutional under the Second Amendment, including any

16   legitimate goals or public interests intended to be served by that statute.

17       [As used in these interrogatories,

18       (a) "You" and "Your" refer to Xavier Becerra as the Attorney General of the State of

19   California.  These interrogatories seek the official position of the State of California;

20       (b) "Second Amendment" means the Second Amendment to the United States

21   Constitution].

22       **RESPONSE TO INTERROGATORY NO. 1**:

23       Defendant Becerra incorporates by reference the above-stated general objections as though

24   fully set forth herein.  Defendant Becerra objects to this interrogatory on the grounds that it is

25   vague and overbroad, and unduly burdensome.  Moreover, it seeks information irrelevant to

26   Plaintiff Zeleny's claims, and not reasonably calculated to lead to the discovery of information

27   that is relevant to Plaintiff's claims.  Defendant Becerra also objects to this interrogatory on the

28   grounds that it seeks Defendant Becerra's contentions regarding the constitutionality of California

1  Legislature considered including other forms of "speech or expressive conduct" in enacting Penal

2  Code §§ 26375 and 26405, subdivision (r).  Thus, Defendant Becerra is unable to respond to this

3  interrogatory.

4      **INTERROGATORY NO. 9**:  Identify all documents bearing upon, supporting, or

5  reflecting the reasons set forth in Your response to the preceding interrogatory.

6      **RESPONSE TO INTERROGATORY NO. 9**:

7      Defendant Becerra incorporates by reference the above-stated general objections as though

8  fully set forth herein.  Defendant Becerra objects to this interrogatory on the grounds that it is

9  vague and overbroad, and unduly burdensome.  Moreover, it seeks information irrelevant to

10  Plaintiff Zeleny's claims, and not reasonably calculated to lead to the discovery of information

11  that is relevant to Plaintiff's claims.

12      Subject to, and without waiving the foregoing objections, Defendant Becerra responds as

13  follows: N/A.

14      **INTERROGATORY NO. 10**:  Does the phrase "authorized participant" as used in

15  California Penal Code §§ 26375 and 26405(r) refer to a participant authorized by a governmental

16  body or agency?

17      **RESPONSE TO INTERROGATORY NO. 10**:

18      Defendant Becerra incorporates by reference the above-stated general objections as though

19  fully set forth herein.  Defendant Becerra objects to this interrogatory on the grounds that it is

20  vague and overbroad.  Moreover, it seeks information irrelevant to Plaintiff Zeleny's claims, and

21  not reasonably calculated to lead to the discovery of information that is relevant to Plaintiff's

22  claims.

23      Subject to, and without waiving the foregoing objections, Defendant Becerra responds as

24  follows: Penal Code §§ 26375 and 26405, subdivision (r) do not include definitions of the phrase

25  "authorized participant."

26      However, according to the Legislative history of Penal Code § 26375, that section permits

27  the use of unloaded handguns as an "entertainment props."  (See DOJ 000219)  Additionally, the

28  Entertainment Firearms Permit only authorizes the permit holder "to possess firearms loaned to

24

1   the permitholder for use solely as a prop in a motion picture, television, video, theatrical, or other

2   entertainment production or event."  (Penal Code § 29500.)  Thus, the exceptions set forth in

3   Penal Code §§ 26375 and 26405, subdivision (r) are available only to those using unloaded

4   firearms loaned to them for use as "entertainment props" in a motion picture, television, video,

5   theatrical, or other entertainment production or event.

6   **INTERROGATORY NO. 11:**  If Your answer to Interrogatory No. 10 is in the

7   affirmative, identify the governmental bodies or agencies from which authorization is required?

8   **RESPONSE TO INTERROGATORY NO. 11:**

9       Defendant Becerra incorporates by reference the above-stated general objections as though

10   fully set forth herein.  Defendant Becerra objects to this interrogatory on the grounds that it is

11   vague and overbroad, and unduly burdensome.  Moreover, it seeks information irrelevant to

12   Plaintiff Zeleny's claims, and not reasonably calculated to lead to the discovery of information

13   that is relevant to Plaintiff's claims.

14       Subject to, and without waiving the foregoing objections, Defendant Becerra responds as

15   follows: N/A.

16   **INTERROGATORY NO. 12:**  If Your answer to Interrogatory No. 10 is in the

17   affirmative, state all bases for your contention that the phrase "authorized participant," as used in

18   California Penal Code §§ 26375 and 26405(r), refers to a participant authorized by a

19   governmental body or agency?

20   **RESPONSE TO INTERROGATORY NO. 12:**

21       Defendant Becerra incorporates by reference the above-stated general objections as though

22   fully set forth herein.  Defendant Becerra objects to this interrogatory on the grounds that it is

23   vague and overbroad, and unduly burdensome.  Moreover, it seeks information irrelevant to

24   Plaintiff Zeleny's claims, and not reasonably calculated to lead to the discovery of information

25   that is relevant to Plaintiff's claims.

26       Subject to, and without waiving the foregoing objections, Defendant Becerra responds as

27   follows: N/A.

28

1    **INTERROGATORY NO. 13:** If your answer to Interrogatory No. 10 is in the negative,

2    state the persons or entities whose authorization is required in order for California Penal Code §§

3    26375 and 26405(r) to exempt the carrying of firearms from California Penal Code §§ 26350 and

4    26405.

5    **RESPONSE TO INTERROGATORY NO. 13:**

6    Defendant Becerra incorporates by reference the above-stated general objections as though

7    fully set forth herein.  Defendant Becerra objects to this interrogatory on the grounds that it is

8    vague and overbroad.  Moreover, it seeks information irrelevant to Plaintiff Zeleny's claims, and

9    not reasonably calculated to lead to the discovery of information that is relevant to Plaintiff's

10   claims.

11   Subject to, and without waiving the foregoing objections, Defendant Becerra responds as

12   follows: The Legislature enacted certain exceptions to the general prohibitions on openly carrying

13   firearms.

14   Penal Code § 26375 provides that section 26350 does not apply to, or affect, the open

15   carrying of an unloaded handgun by an authorized participant in, or an authorized employee or

16   agent of a supplier of firearms for, a motion picture, television or video production, or

17   entertainment event, when the participant lawfully uses the handgun as part of that production or

18   event, as part of rehearsing or practicing for participation in that production or event, or while the

19   participant or authorized employee or agent is at that production or event, or rehearsal or practice

20   for that production or event. (Pen. Code, § 26375.)  According to the Legislative history, Penal

21   Code § 26375 permits the use of unloaded handguns as an "entertainment props."  (See DOJ

22   000219)

23   Likewise, Penal Code § 26405, subdivision (r) provides that Penal Code § 26400 does not

24   apply to, or affect, the carrying of an unloaded firearm that is not a handgun by an authorized

25   participant in, or an authorized employee or agent of a supplier of firearms for, a motion picture,

26   television, or video production or entertainment event, when the participant lawfully uses that

27   firearm as part of that production or event, as part of rehearsing or practicing for participation in

28

1  that production or event, or while the participant or authorized employee or agent is at that

2  production or event, or rehearsal or practice for that production or event.

3      And, Penal Code § 29500 provides that, "Any person who is at least 21 years of age may

4  apply for an entertainment firearms permit from the Department of Justice.  An entertainment

5  firearms permit authorizes the permit holder to possess firearms loaned to the permitholder for

6  use solely as a prop in a motion picture, television, video, theatrical, or other entertainment

7  production or event."  (Added by Stats.2010, c. 711 (S.B. 1080).)

8      **INTERROGATORY NO. 14:**  Do California Penal Codes §§ 26375 and 26405(r) require

9  that the "motion picture, television or video production" or "entertainment event" itself be

10  authorized in order to exempt participants from California Penal Code §§ 26350 and 26405?

11      **RESPONSE TO INTERROGATORY NO. 14:**

12      Defendant Becerra incorporates by reference the above-stated general objections as though

13  fully set forth herein.  Defendant Becerra objects to this interrogatory on the grounds that it is

14  vague and overbroad, and unduly burdensome.  Moreover, it seeks information irrelevant to

15  Plaintiff Zeleny's claims, and not reasonably calculated to lead to the discovery of information

16  that is relevant to Plaintiff's claims.

17      Subject to, and without waiving the foregoing objections, Defendant Becerra responds as

18  follows: Penal Code §§ 26375 and 26405(r) do not address whether the "motion picture,

19  television or video production" or "entertainment event" itself be authorized in order to exempt

20  participants from California Penal Code §§ 26350 and 26405.  Accordingly, Defendant Becerra is

21  unable to respond to this interrogatory.

22      **INTERROGATORY NO. 15:**  If your response to Interrogatory No. 14 is in the

23  affirmative, identify all persons or entities whose authorization of the "motion picture, television

24  or video production" or "entertainment event" is required in order to exempt participants from

25  California Penal Code §§ 26350 and 26405.

26      **RESPONSE TO INTERROGATORY NO. 15:**

27      Defendant Becerra incorporates by reference the above-stated general objections as though

28  fully set forth herein.  Defendant Becerra objects to this interrogatory on the grounds that it is

1  vague and overbroad, and unduly burdensome.  Moreover, it seeks information irrelevant to

2  Plaintiff Zeleny's claims, and not reasonably calculated to lead to the discovery of information

3  that is relevant to Plaintiff's claims.

4      Subject to, and without waiving the foregoing objections, Defendant Becerra responds as

5  follows: N/A.

6      **INTERROGATORY NO. 16**:  State all of the bases for Your response to Interrogatory

7  No. 14.

8      **RESPONSE TO INTERROGATORY NO. 16:**

9      Defendant Becerra incorporates by reference the above-stated general objections as though

10  fully set forth herein.  Defendant Becerra objects to this interrogatory on the grounds that it is

11  vague and overbroad, and unduly burdensome.  Moreover, it seeks information irrelevant to

12  Plaintiff Zeleny's claims, and not reasonably calculated to lead to the discovery of information

13  that is relevant to Plaintiff's claims.

14      Subject to, and without waiving the foregoing objections, Defendant Becerra responds as

15  follows: N/A.

16      **INTERROGATORY NO. 17**:  State all facts supporting your interpretation of California

17  Penal Code §§ 26375 and 26405(r).

18      **RESPONSE TO INTERROGATORY NO. 17**:

19      Defendant Becerra incorporates by reference the above-stated general objections as though

20  fully set forth herein.  Defendant Becerra objects to this interrogatory on the grounds that it is

21  vague and overbroad, and unduly burdensome.  Moreover, it seeks information irrelevant to

22  Plaintiff Zeleny's claims, and not reasonably calculated to lead to the discovery of information

23  that is relevant to Plaintiff's claims.

24      Subject to, and without waiving the foregoing objections, Defendant Becerra responds as

25  follows:  Defendant Becerra has not issued an interpretation of California Penal Code §§ 26375

26  and 26405, subdivision (r).  However, the California Department of Justice does possess

27  documents that are related to firearms generally.  See and DOJ 0001282-DOJ 001312.

28

Dated:  April 3, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General


NOREEN P. SKELLY
Deputy Attorney General
*Attorneys for Defendant Attorney General
Xavier Becerra*

31

## DECLARATION OF SERVICE BY OVERNIGHT COURIER

Case Name:   **Zeleny, Michael v. Edmund G. Brown, et al.**

No.:   **3:17-cv-07357 RS (NC)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is: 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550.

On <u>April 3, 2019</u>, I served the attached **DEFENDANT ATTORNEY GENERAL XAVIER BECERRA'S RESPONSES TO PLAINTIFF MICHAEL ZELENY'S FIRSTS SET OF INTERROGATORIES** by placing a true copy thereof enclosed in a sealed envelope with the **Golden State Overnight**, addressed as follows:

David William Affeld
Damion D. D. Robinson
Affeld Grivakes LLP
2049 Century Park East, Suite 2460
Los Angeles, CA  90067
Tel:     (310) 979-8700
Fax:    (310) 979-8701
Email: dwa@agzlaw.com
          dr@agzlaw.com
*Attorneys for Plaintiff*

Todd H. Master
Howard Rome Martin & Ridley LLP
1900 O'Farrell Street, Suite 280
San Mateo, CA  94403
Tel:     (650) 365-7715
Fax:    (650) 364-5297
Email: tmaster@hrmrlaw.com
*Attorneys for Defendants City of Menlo Park and Dave Bertini*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 3, 2019, at Sacramento, California.

_____
Eileen A. Ennis
Declarant

_____
Signature

SA2018100198
13607465.docx13607465.DOCX