XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
NOREEN P. SKELLY
Deputy Attorney General
JOHN W. KILLEEN
Deputy Attorney General
State Bar No. 258395
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6045
 Fax: (916) 324-8835
 E-mail: John.Killeen@doj.ca.gov
*Attorneys for Defendant Attorney General Xavier Becerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL ZELENY, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, an individual, in his official capacity; XAVIER BECERRA, an individual, in his official capacity; CITY OF MENLO PARK, a municipal corporation; and DAVE BERTINI, in his official capacity,<br><br>                              Defendants. | 3:17-cv-07357 RS<br><br>**DEFENDANT ATTORNEY GENERAL XAVIER BECERRA'S RESPONSES TO PLAINTIFF MICHAEL ZELENY'S INTERROGATORIES, SET TWO** |

    PROPOUNDING PARTY:     Plaintiff Michael Zeleny

    ANSWERING PARTY:       Defendant Attorney General Xavier Becerra

    SET NUMBER:            Two

/ / /

/ / /

1

**PRELIMINARY STATEMENT**

Defendant Becerra objects to each interrogatory to the extent that it purports to impose any obligation or requirement greater than or different to the obligations or requirements set forth in the Federal Rules of Civil Procedure and/or the applicable rules and orders of this Court.

Defendant Becerra objects to each interrogatory to the extent that it calls for the disclosure of information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, the deliberative process privilege and/or any other applicable privilege or protection. Should Defendant Becerra disclose any privileged or otherwise protected information in these responses, the disclosure is inadvertent and does not constitute a waiver of the privilege or protection.

Defendant Becerra objects to each interrogatory to the extent that it calls for him to interpret what the Legislature intended when it drafted any of the statutory provisions at issue in this case.

Defendant Becerra has not completed the investigation of the facts and issues relating to Plaintiff Zeleny's claims and has not completed discovery in this action. All of the answers contained herein are based solely upon information and documents which are presently available to, and specifically known by, Defendant Becerra, and the answers disclose only those contentions which presently occur to Defendant Becerra. Further discovery, independent investigation, legal research and analysis may supply additional facts and may lead to additions, changes, and variations from the answers herein.

The following answers are given without prejudice to the right to produce evidence and/or witnesses or rely on facts which Defendant Becerra may later discover. Defendant Becerra accordingly reserves the right to change any and all answers herein as additional facts are ascertained, witnesses identified and legal research is completed. The answers contained herein are made in good faith in an attempt to supply as much factual information and as much specification of legal contention as is presently known, and in no way prejudices Defendant Becerra in relation to further discovery and proceedings.

1  Defendant Becerra incorporates by reference every general objection set forth above into
2  each specific answer set forth below. A specific response may repeat a general objection for
3  emphasis or some other reason. The failure to include a general objection in any specific answer
4  does not waive any general objection to that interrogatory.
5  **INTERROGATORY NO. 22**: Is an individual who has a valid "entertainment firearms
6  permit" issued pursuant to Penal Code § 29500 an "authorized participant" within the meaning of
7  Penal Code §§ 26375 and 26405(r)?
8  **RESPONSE TO INTERROGATORY NO. 22**:
9  Defendant Becerra incorporates by reference the above-stated general objections as though
10 fully set forth herein. Defendant Becerra objects to this interrogatory on the grounds that it poses
11 a question of pure law. Defendant Becerra is not required to respond to interrogatories raising
12 questions of pure law. See *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-cv-03393-YGR (JSC),
13 2014 WL 7188779, at *5 (N.D. Cal. Dec. 16, 2014) ("[I]nterrogatories directed to issues of 'pure
14 law'—i.e., abstract legal issues not dependent on the facts of the case are not permitted") (citation
15 and some internal punctuation omitted). Defendant Becerra also objects to this interrogatory
16 because it calls for him to interpret what the Legislature intended when it drafted any of the
17 statutory provisions at issue in this case.
18 Subject to, and without waiving the foregoing objections, Defendant Becerra responds as
19 follows: Penal Code §§ 26375 and 26405, subdivision (r) do not include definitions of the phrase
20 "authorized participant." Thus, what the Legislature intended by that phrase is a question of
21 statutory interpretation.
22 However, according to the Legislative history of Penal Code § 26375, that section permits
23 the use of unloaded handguns as an "entertainment props." (See DOJ 000219) Additionally, the
24 Entertainment Firearms Permit authorizes the permit holder "to possess firearms loaned to the
25 permitholder for use solely as a prop in a motion picture, television, video, theatrical, or other
26 entertainment production or event." (Penal Code § 29500.) Thus, it is possible to infer that the
27 Legislature intended the exceptions set forth in Penal Code §§ 26375 and 26405, subdivision (r)
28 to be available only to those using unloaded firearms loaned to them for use as "entertainment

1  props" in a motion picture, television, video, theatrical, or other entertainment production or
2  event.

3  **INTERROGATORY NO. 23**: State all facts supporting your response to the preceding
4  interrogatory.

5  **RESPONSE TO INTERROGATORY NO. 23**:

6  Defendant Becerra incorporates by reference the above-stated general objections as though
7  fully set forth herein. Defendant Becerra objects to this interrogatory on the grounds that it poses
8  a question of pure law. Defendant Becerra is not required to respond to interrogatories raising
9  questions of pure law. See *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-cv-03393-YGR (JSC),
10 2014 WL 7188779, at *5 (N.D. Cal. Dec. 16, 2014) ("[I]nterrogatories directed to issues of 'pure
11 law'—i.e., abstract legal issues not dependent on the facts of the case are not permitted") (citation
12 and some internal punctuation omitted). Defendant Becerra also objects to this interrogatory
13 because it calls for him to interpret what the Legislature intended when it drafted any of the
14 statutory provisions at issue in this case.

15 Subject to, and without waiving the foregoing objections, Defendant Becerra responds as
16 follows: Penal Code §§ 26375 and 26405, subdivision (r) do not include definitions of the phrase
17 "authorized participant." Thus, what the Legislature intended by that phrase is a question of
18 statutory interpretation.

19 However, according to the Legislative history of Penal Code § 26375, that section permits
20 the use of unloaded handguns as an "entertainment props." (See DOJ 000219) Additionally, the
21 Entertainment Firearms Permit authorizes the permit holder "to possess firearms loaned to the
22 permitholder for use solely as a prop in a motion picture, television, video, theatrical, or other
23 entertainment production or event." (Penal Code § 29500.) Thus, it is possible to infer that the
24 Legislature intended the exceptions set forth in Penal Code §§ 26375 and 26405, subdivision (r)
25 to be available only to those using unloaded firearms loaned to them for use as "entertainment
26 props" in a motion picture, television, video, theatrical, or other entertainment production or
27 event.
28

1  **INTERROGATORY NO. 24**: State all facts supporting your contention that the definition of "authorized participant" under Penal Code §§ 26375 and 26405(r) refers to a person with an "entertainment firearms permit" issued pursuant to Penal Code § 29500.

**RESPONSE TO INTERROGATORY NO. 24**:

Defendant Becerra incorporates by reference the above-stated general objections as though fully set forth herein. Defendant Becerra objects to this interrogatory on the grounds that it poses a question of pure law. Defendant Becerra is not required to respond to interrogatories raising questions of pure law. See *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-cv-03393-YGR (JSC), 2014 WL 7188779, at *5 (N.D. Cal. Dec. 16, 2014) ("[I]nterrogatories directed to issues of 'pure law'—i.e., abstract legal issues not dependent on the facts of the case are not permitted") (citation and some internal punctuation omitted).

Subject to, and without waiving the foregoing objections, Defendant Becerra responds as follows: Defendant Becerra has not made this contention. What the Legislature intended when it used the phrase "authorized participant" is a question of statutory interpretation.

**INTERROGATORY NO. 25**: Identify all documents bearing upon, supporting, or reflecting the facts set forth in Your response to the preceding interrogatory.

**RESPONSE TO INTERROGATORY NO. 25**:

Defendant Becerra incorporates by reference the above-stated general objections as though fully set forth herein. Defendant Becerra objects to this interrogatory on the grounds that it is vague and overbroad, and unduly burdensome. Moreover, it seeks information irrelevant to Plaintiff Zeleny's claims, and not reasonably calculated to lead to the discovery of information that is relevant to Plaintiff's claims.

Subject to, and without waiving the foregoing objections, Defendant Becerra responds as follows: N/A.

///
///
///
///

Dated: March 13, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General

*/s/ John Killeen*

NOREEN P. SKELLY
Deputy Attorney General
JOHN W. KILLEEN
Deputy Attorney General
*Attorneys for Defendant Attorney General Xavier Becerra*

## DECLARATION OF SERVICE BY OVERNIGHT COURIER

Case Name:   **Zeleny, Michael v. Edmund G. Brown, et al.**

No.:   **3:17-cv-07357 RS (NC)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is: 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550.

On <u>March 13, 2020</u>, I served the attached **DEFENDANT ATTORNEY GENERAL XAVIER BECERRA'S RESPONSES TO PLAINTIFF MICHAEL ZELENY'S INTERROGATORIES, SET TWO** by placing a true copy thereof enclosed in a sealed envelope with the **GOLDEN STATE OVERNIGHT COURIER SERVICE**, addressed as follows:

David William Affeld
Damion D. D. Robinson
Affeld Grivakes LLP
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Tel:   (310) 979-8700
Fax:   (310) 979-8701
Email: dwa@agzlaw.com
          dr@agzlaw.com
*Attorneys for Plaintiff*

Todd H. Master
Howard Rome Martin & Ridley LLP
1900 O'Farrell Street, Suite 280
San Mateo, CA 94403
Tel:   (650) 365-7715
Fax:   (650) 364-5297
Email: tmaster@hrmrlaw.com
*Attorneys for Defendants City of Menlo Park and Dave Bertini*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 13, 2020, at Sacramento, California.

_____
Tracie L. Campbell

Declarant

_____
Signature

SA2018100198
14523392.docx14523392.DOCX