David W. Affeld, State Bar No. 123922
Damion Robinson, State Bar No. 262573
David Markevitch, State Bar No. 256163
Affeld Grivakes LLP
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone:   (310) 979-8700

Attorneys for Plaintiff
Michael Zeleny

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZELENY,<br><br>    Plaintiff,<br><br>    vs.<br><br>GAVIN NEWSOM, *et al.*,<br><br>    Defendants. | Case No. CV 17-7357 RS<br><br><u>Assigned to</u>:<br>The Honorable Richard G. Seeborg<br><br>**NOTICE OF MOTION AND MOTION TO CONTINUE CERTAIN PRE-TRIAL DATES BY 30 DAYS BY AGREEMENT OF ALL PARTIES;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Action Filed:  December 28, 2017<br>Trial Date:      November 18, 2019 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT plaintiff Michael Zeleny ("Plaintiff") will and hereby does move for an order continuing the following pre-trial deadlines:

| | |
|---|---|
| Discovery Cutoff: | from September 3, 2020 to October 2, 2020 |
| Expert Disclosures: | from September 10, 2020 to October 9, 2020 |
| Rebuttal Expert Disclosures: | from October 1, 2020 to October 30, 2020 |
| Expert Discovery Cutoff: | from October 22, 2020 to November 20, 2020 |
| Dispositive Motions: | from December 17, 2020 to February 25, 2021 |

*This modification is agreed upon by all parties.*

Plaintiff submits that good cause exists for granting the requested continuance. The requested continuance will not affect the trial date as one has not been set.

Despite the logistical difficulties imposed by the COVID-19 pandemic, including limited availability of key witnesses due to their responsibilities as local government officials in a crisis, the Parties completed substantially all discovery. However, few necessary discovery matters remain, and their completion requires the short continuances sought here.

*First*, Plaintiff has been unable to serve a subpoena on Mr. Ivan Toews, the final percipient witness previously employed by the City of Menlo Park to be deposed. Plaintiff retained a private investigator to locate Mr. Toews, attempted service at all potential locations including his current place of employment, reached out to Mr. Toews directly at all known telephone numbers, and even spoke to Mr. Toews' relative in hopes of securing Mr. Toews' agreement to appear for a deposition. Unfortunately, all attempts have been unsuccessful to date. Plaintiff, however, reasonably expects that further attempts can and should be made and may result in service of a subpoena. Thus, Plaintiff expects the extension of the fact discovery cut-off to allow him to complete all necessary fact discovery in this case.

*Second*, the deposition of Chief Dave Bertini, individually and as the 30(b)(6) representative of the City of Menlo Park, was postponed several times due to COVID-19. The deposition took place remotely (via Zoom) on August 7, 2020, a date proposed by the City of Menlo Park and Chief Bertini. The transcript of Chief Bertini's deposition is still unavailable.

*Third*, the Parties currently have a discovery motion pending regarding certain interrogatory responses from Attorney General Xavier Becerra.  Consistent with Judge Hixson's practice, the Parties anticipate a ruling promptly on this motion.

*As a result of these outstanding discovery matters*, Plaintiff is not able to provide complete expert disclosure by September 10, 2020.  Among other things, Chief Bertini's testimony is essential to expert analysis.  Similarly, the City of Menlo Park has reservations about its ability to fully assess the need for any rebuttal experts without all fact depositions, including of Mr. Toews, having been completed first.

A corresponding extension of the deadline to hear dispositive motions is necessary for the Parties to be able to make any such motions with all discovery having been completed.  In order to accommodate the City of Menlo Park, Zeleny has agreed to continue this deadline by slightly longer to avoid interfering with holiday plans.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of David Markevitch, the records and files herein, and such other matters as the Court may consider.

Dated:  August 31, 2020                              Respectfully submitted,

s/ David Markevitch
David W. Affeld
Damion D. D. Robinson
David Markevitch
Affeld Grivakes LLP

Attorneys for plaintiff Michael Zeleny

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND BACKGROUND

On June 19, 2020, the Court approved a modified pre-trial schedule due to the COVID-19 pandemic and related shutdowns, which prevented the Parties from completing discovery by the then-current deadline. ECF No. 134. Among other things, the Court set an Expert Disclosure deadline of September 10, 2020. *Id.* Due to subsequent developments, including the resurgence of the pandemic and continued business closures across the state, the scheduled agreed upon in June appears to have been overly optimistic. Markevitch Decl., ¶ 2.

The parties have agreed to a modest, 30-day continuance of dates to allow them to complete fact and expert discovery. This will have no impact on trial as no trial date is set and the parties' next Scheduling Conference is set for October 29, 2020.

The parties have completed substantially all discovery, but because of the resurgence of the pandemic, have been unable to complete a necessary deposition and have a small number of remaining discovery issues, as follows:

*First*, Plaintiff has been unable to serve and depose Mr. Ivan Toews, the final percipient witness previously employed by the City of Menlo Park to be deposed. Plaintiff retained a private investigator to locate Mr. Toews, attempted service at all potential locations including his current place of employment, reached out to Mr. Toews directly at all known telephone numbers, and even spoke to Mr. Toews' relative in hopes of securing Mr. Toews' agreement to appear for a deposition. Unfortunately, all attempts have been unsuccessful to date. Mr. Toews, apparently, is not working from his office, and does not wish to be found and served with a subpoena. Plaintiff, however, reasonably expects that further attempts can and should be made and may result in service of a subpoena. Markevitch Decl., ¶ 3.a.

*Second*, the deposition of Chief Dave Bertini, individually and as the 30(b)(6) representative of the City of Menlo Park, was postponed several times due to COVID-19. The deposition took place remotely (via Zoom) on August 7, 2020, a date proposed by Chief Bertini and the City of Menlo Park. Apparently due to slowdowns caused by the pandemic, the

1  transcript of Chief Bertini's deposition has not yet been completed.  It is anticipated shortly.
Markevitch Decl., ¶ 3.b.

*Third*, the Parties currently have a discovery motion pending regarding certain interrogatory responses from Attorney General Xavier Becerra.  Consistent with Judge Hixson's practice, they anticipate a ruling promptly on this motion.  Markevitch Decl., ¶ 3.c.

*As a result of these outstanding discovery matters*, Plaintiff is not able to provide complete expert disclosure by September 10, 2020.  Among other things, Chief Bertini's testimony is essential to expert analysis.  Similarly, the City of Menlo Park has reservations about its ability to fully assess the need for any rebuttal experts without all fact depositions, including of Mr. Toews, having been completed first.  Markevitch Decl., ¶ 4.

*Finally*, the postponement of expert discovery deadlines necessitates a corresponding postponement of the deadline for hearings on any dispositive motions, as the City of Menlo Park and Attorney Generally Becerra have requested that *all* discovery be completed before such motions can be filed efficiently and meaningfully.  Plaintiff has also agreed to this additional extension to avoid interfering with holiday plans.  Markevitch Decl., ¶ 5.

Although the parties anticipate completing these matters more quickly, they have agreed on an extension of 30 days in an abundance of caution and to avoid having to return to the Court again to request additional time.  Markevitch Decl., ¶ 6.

## II. ARGUMENT

A case schedule may be modified "for good cause." Fed. R. Civ. P. 16(b)(4). The court may modify the schedule "if it cannot reasonably be met despite the diligence of the party seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee notes (1983 amend.)). Diligence generally means that a party "assist[ed] the court in creating a workable" schedule; made diligent efforts to comply, but could not comply due to unforeseen matters; and moved promptly once it was clear that the schedule could not be met. *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008).

- 5 -
MOTION TO CONTINUE CERTAIN PRE-TRIAL DATES

### A. Good Cause Exists for a Continuance.

The parties worked aggressively to complete all discovery by the current deadlines. As it turned out, the deadlines (as fixed at the Parties own request) were just too optimistic and did not fully account for the difficulties imposed by the COVID-19 resurgence and related safety and logistical difficulties. All parties have been diligent. Any uncompleted discovery work remains such only because timely completion was not reasonably possible. Markevitch Decl., ¶ 2-6. The inability to serve Mr. Toews and the delay in procuring the deposition transcript of Chief Bertini were matters beyond the reasonable control of counsel or the parties.

### B. The Requested Continuance Is Reasonable and Necessary.

Completing expert discovery on a reasonable timeline is critical for the resolution of this case on its merits. To achieve that end, the parties need a short extension of time to finalize few fact discovery matters as set forth above.

The requested 30-day continuance is likely more than necessary to complete all tasks at hand. The parties, however, do not wish to burden the Court with further such requests, and therefore ask for sufficient time to create a buffer for any further unforeseen circumstances. Markevitch Decl., ¶ 6.

## III. CONCLUSION

For the foregoing reasons, Zeleny respectfully requests that the Court continue the pre-trial dates as set forth above.

Dated:  August 31, 2020

Respectfully submitted,

s/ David Markevitch
David W. Affeld
Damion D. D. Robinson
David Markevitch
Affeld Grivakes LLP

Attorneys for plaintiff Michael Zeleny

## **PROOF OF SERVICE**

I hereby certify that on August 31, 2020, I electronically filed the foregoing document using the Court's CM/ECF system. I am informed and believe that the CM/ECF system will send a notice of electronic filing to the interested parties.

s/ David Markevitch<br>
David Markevitch