David W. Affeld, State Bar No. 123922
Damion Robinson, State Bar No. 262573
David Markevitch, State Bar No. 256163
Affeld Grivakes LLP
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone: (310) 979-8700

Attorneys for Plaintiff
Michael Zeleny

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MICHAEL ZELENY,

Plaintiff,

vs.

GAVIN NEWSOM, *et al.*,

Defendants.

Case No. CV 17-7357 RS

Assigned to:
The Honorable Richard G. Seeborg

**NOTICE OF MOTION AND MOTION TO SHORTEN TIME ON MOTION TO CONTINUE CERTAIN PRE-TRIAL DATES BY 30 DAYS [Local Rule 6-3]**

Action Filed: December 28, 2017
Trial Date: November 18, 2019

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiff Michael Zeleny ("Zeleny") will and hereby does move for an order pursuant to Local Rule 6-3 advancing the hearing and shortening time on his concurrently-filed Joint Motion to Continue Certain Pre-Trial Dates by 30 Days ("Motion to Continue"). He respectfully requests that the Court hear the Motion to Continue as soon as practicable.

*All parties have agreed to the relief requested in the Motion to Continue.*

Zeleny makes this motion pursuant to Local Rule 6-3. *See Creative Science Systems, Inc. v. Forex Markets, LLC*, 2006 WL 3826703, at *1 (N.D. Cal. Dec. 27, 2016). This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the accompanying Motion to Continue, the Declaration of David Markevitch, the records and files herein, and such other matters as the Court may consider.

Dated: August 31, 2020

Respectfully submitted,

s/ David Markevitch
David W. Affeld
Damion D. D. Robinson
David Markevitch
Affeld Grivakes LLP

Attorneys for plaintiff Michael Zeleny

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

On June 19, 2020, the Parties stipulated to a modified pre-trial schedule due to the COVID-19 pandemic and related busines shutdowns, which prevented them from completing discovery by the then-current deadline. ECF No. 134. Among other things, the Parties set an Expert Disclosure deadline of September 10, 2020. *Id.* Based on subsequent developments, including the resurgence of the pandemic and continued business closures across the state, the scheduled agreed upon in June appears to have been overly optimistic. Markevitch Decl., ¶ 2.

The parties seek a modest, 30-day continuance of discovery deadlines and a corresponding continuance of the deadline for hearing dispositive motions to February 25, 2021. This will have no impact on trial as no trial date is set and the parties' next Scheduling Conference is set for October 29, 2020.

The Parties have completed substantially all discovery, but because of the resurgence of the pandemic, have been unable to complete a necessary deposition and have a small number of remaining discovery issues, as follows:

*First*, Plaintiff has been unable to serve and depose Mr. Ivan Toews, the final percipient witness previously employed by the City of Menlo Park to be deposed. Plaintiff has made significant efforts to locate and serve Mr. Toews, including hiring an investigator, attempting service at every potential address, and even speaking with Mr. Toews' relatives. Although Plaintiff has located Mr. Toews' place of employment, Mr. Toews is not currently going into the office. While these efforts have been unsuccessful to date, Plaintiff believes that further efforts are warranted. Markevitch Decl., ¶ 3.a.

*Second*, the deposition of Chief Dave Bertini, individually and as the 30(b)(6) representative of the City of Menlo Park, was postponed several times due to COVID-19. The deposition took place remotely (via Zoom) on August 7, 2020. The transcript of Chief Bertini's deposition has not yet been completed but is anticipated shortly. Markevitch Decl., ¶ 3.b.

*Third*, the Parties currently have a discovery motion pending regarding certain

interrogatory responses from Attorney General Xavier Becerra. Markevitch Decl., ¶ 3.c.

*As a result of these outstanding discovery matters*, Plaintiff is not able to provide complete expert disclosure by September 10, 2020. Among other things, Chief Bertini's testimony is essential to expert analysis. Similarly, the City of Menlo Park has reservations about its ability to fully assess the need for any rebuttal experts without all fact depositions, including of Mr. Toews, having been completed first. Markevitch Decl., ¶ 4.

*Finally*, the postponement of expert discovery deadlines necessitates a corresponding postponement of the deadline for hearings on any dispositive motions, as the Parties need *all* discovery completed before such motions can be filed. Markevitch Decl., ¶ 5.

The parties have agreed upon a schedule to accommodate these needs, and seek the Court's guidance as soon as is practicable.

## II. EFFORTS TO RESOLVE INFORMALLY

All parties have agreed to the relief requested. Plaintiff submits this application because the requested relief impacts the scheduling order and requires Court approval.

## III. GOOD CAUSE FOR SHORTENING TIME

Good cause exists to shorten time so that the Motion to Continue can be heard in advance of the current discovery cutoff and expert disclosure deadline.

The parties will be prejudiced if they do not have the Court's guidance on the remaining schedule. The discovery cutoff is currently set for September 3, 2020. Initial expert disclosures are due September 10. All remaining pre-trial dates, including dispositive motions and expert discovery, are set based on the anticipated close of discovery.

Without an order shortening time, the Motion to Continue cannot be heard until October 8, 2020 [the closest Civil Law & Motion hearing date satisfying the 35-day motion notice requirement]. This is after the close of discovery and the current expert disclosure deadline. The lack of clarity as to discovery and expert disclosure is substantially prejudicial.

//

//

//

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and shorten time to hear the Motion to Continue.

Dated: August 31, 2020

Respectfully submitted,

s/ David Markevitch
David W. Affeld
Damion D. D. Robinson
David Markevitch
Affeld Grivakes LLP

Attorneys for plaintiff Michael Zeleny

**PROOF OF SERVICE**

I hereby certify that on August 31, 2020, I electronically filed the foregoing document using the Court's CM/ECF system. I am informed and believe that the CM/ECF system will send a notice of electronic filing to the interested parties.

s/ David Markevitch
David Markevitch