1  David W. Affeld, State Bar No. 123922
   Damion Robinson, State Bar No. 262573
2  David Markevitch, State Bar No. 256163
   Affeld Grivakes LLP
3  2049 Century Park East, Ste. 2460
   Los Angeles, CA 90067
4  Telephone:    (310) 979-8700

5  Attorneys for Plaintiff Michael Zeleny

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | MICHAEL ZELENY,              | Case No. CV 17-7357 JCS |
12 |    Plaintiff,                | Assigned to: |
13 |    vs.                       | The Honorable Richard G. Seeborg |
14 | GAVIN NEWSOM, *et al.*,      | Discovery Matters: |
                                  | The Honorable Thomas S. Hixson |
15 |    Defendants.               |
                                  | **DECLARATION OF DAVID MARKEVITCH, ESQ. IN SUPPORT OF MOTIONS TO CONTINUE CERTAIN PRE-TRIAL DATES AND TO ADVANCE HEARING AND SHORTEN TIME** |
16
17
18
19                                | Action Filed: December 28, 2017
                                  | Trial Date:    TBD

- 1 -

DECLARATION OF COUNSEL

I, David Markevitch, declare:

1. I, as counsel at Affeld Grivakes LLP, am counsel of record to plaintiff Michael Zeleny ("Plaintiff") in this matter. I have personal knowledge of the facts below and could testify competently to those facts if called upon to do so. I submit this declaration concurrently with Plaintiff's Motion to Continue Certain Pre-Trial Dates and Motion to Advance Hearing and Shorten Time.

2. On June 19, 2020, the Parties stipulated to a modified pre-trial schedule due to the COVID-19 pandemic and related busines shutdowns, which prevented them from completing discovery by the then-current deadline. Among other things, the Parties agreed to an Expert Disclosure deadline of September 10, 2020. The Court approved that stipulation and schedule. ECF No. 134. Based on subsequent developments, including the resurgence of the pandemic and continued business closures across the state, the schedule agreed upon in June appears to have been overly optimistic.

3. The Parties have completed substantially all discovery, but because of the resurgence of the pandemic, have been unable to complete a necessary deposition and have a small number of remaining discovery issues, as follows:

    a. *First*, our office has been unable to serve with a subpoena and depose Mr. Ivan Toews, the final percipient witness previously employed by the City of Menlo Park to be deposed. Our office retained a private investigator to locate Mr. Toews and attempted service at all potential locations including his current place of employment. I reached out to Mr. Toews directly at all known telephone numbers, spoke to Mr. Toews' sister-in-law in person and left my contact information with her on representation that she would pass it to Mr. Toews' spouse, in hopes of securing Mr. Toews' agreement to appear for a deposition. Unfortunately, all attempts have been unsuccessful to date. We have been advised by Mr. Toews' employer that Mr. Toews is not currently working from the office. Based on Mr. Toews' unwillingness to respond to my attempts to contact him, I understand that he does not wish to be found and served with a subpoena. I, however, reasonably expect that further (and final) attempts can and should be made and may result in service of a subpoena on Mr. Toews.

        b.     *Second*, the deposition of Chief Dave Bertini, individually and as the 30(b)(6) representative of the City of Menlo Park, was postponed several times due to COVID-19. The deposition took place remotely (via Zoom) on August 7, 2020, a date proposed by Chief Bertini and the City of Menlo Park. The transcript of Chief Bertini's deposition has not yet been completed but we anticipate it shortly.

        c.     *Third*, I recently filed a joint discovery motion regarding certain interrogatory responses from Attorney General Xavier Becerra. Consistent with Judge Hixson's practice, I anticipate a prompt ruling on this motion.

4.     As a result of these outstanding discovery matters, our office is not able to provide complete expert disclosure by September 10, 2020. Among other things, Chief Bertini's testimony is essential to expert analysis. Similarly, counsel for the City of Menlo Park has expressed to me his reservations about the City's ability to fully assess the need for any rebuttal experts without all fact depositions, including of Mr. Toews, having been completed first.

5.     Finally, the defendants have requested a corresponding continuance of the deadline for hearings on any dispositive motions, as the parties reasonably need all discovery completed before such motions can be filed efficiently and meaningfully. We agreed to make this a slightly longer extension to avoid interference with holiday plans.

6.     Although our office anticipates completing these matters more quickly, we have agreed to an extension of 30 days in an abundance of caution and to avoid having to return to the Court again to request additional time.

7.     I met and conferred with counsel for defendants regarding the matters set forth in this declaration and the accompanying motions. Our discussions, through correspondence and a telephone conference, included a timetable to accommodate the parties' discovery and dispositive motion needs and obligations. Through these discussions, we agreed to the schedule set out in the accompanying motions, which appears to be the minimum modification necessary to accommodate all parties.

[SIGNATURE ON THE FOLLOWING PAGE]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 31st day of August 2020.

s/ David Markevitch<br>David Markevitch

- 3 -

DECLARATION OF COUNSEL

## **PROOF OF SERVICE**

I hereby certify that on August 31, 2020, I electronically filed the foregoing document using the Court's CM/ECF system. I am informed and believe that the CM/ECF system will send a notice of electronic filing to the interested parties.

Dated: August 31, 2020

s/ David Markevitch
David Markevitch