UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ZELENY,

    Plaintiff,

v.

GAVIN NEWSOM, et al.,

    Defendants.

Case No. 17-cv-07357-RS   (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 135

Depending on the lawsuit, contention discovery can be important. It is specifically authorized by Federal Rule of Civil Procedure 33(a)(2), which provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . ." So, in a breach of contract case, it's not enough to produce the contract and some witnesses who testify about events that happened; if the other side serves an interrogatory asking why you think their conduct breached the contract, you have to tell them. You are not entitled to claim that your legal theories of the case are work product, and then surprise your opponent when you move for summary judgment. Fact discovery includes disclosing your contentions.

    Plaintiff Michael Zeleny wants to carry unloaded firearms during his public protests. California generally bans "open carry," but there is an exception for an "authorized participant in . . . a motion picture, television or video production, or entertainment event[.]" Cal. Penal Code § 26375; *see also id*. § 26405(r). Unhelpfully, there is no statutory definition of an "authorized participant," nor a provision stating who does the authorizing. There are no governing regulations either. In this case Zeleny seeks a declaration "that California Penal Code §§ 25510, 26375, and 26405 do not require municipal approval of 'authorized participants' in an entertainment event or

film or video production, and that Zeleny is legally permitted to carry unloaded firearms in connection with his entertainment events and/or his film or video productions, without the need for City approval, subject to compliance with other applicable laws . . ." ECF No. 99 (Second Amended Complaint), prayer for relief B.  The California Attorney General ("AG") denies that Zeleny is entitled to this declaration.  ECF No. 100, prayer for relief B.

Zeleny has been trying to take discovery into why the AG contends that Zeleny is not entitled to carry unloaded firearms in connection with his protests, but the AG won't tell him. Zeleny is smart enough to understand that the answer is probably not specific to him, or to people whose last name begins with "Z," or to events that happen in Menlo Park as opposed to elsewhere is California.  So, he has phrased his questions at the level of generality at which the answer presumably is.  Still, that does not mean that his interrogatories 10-16 and 22-25 are asking pure questions of law because they are asking about *his* situation.  Interrogatory 10 asks whether an "authorized participant" means someone authorized by a governmental body or agency because Zeleny lacks that type of authorization.  (It's an interesting question, by the way.  You could read the statute to mean that the person has to be authorized merely by the organizer of the event.) Interrogatories 11 and 12 ask what those government bodies or agencies are, and why the AG thinks that.  Interrogatory 13 asks the AG, if Zeleny doesn't need governmental approval, then whose approval does he need – because he doesn't have anyone's approval other than his own. Interrogatories 14, 15 and 16 ask for the AG's contentions with respect to whether the entertainment event (as opposed to the participant) needs to be authorized – because Zeleny's aren't.  And interrogatories 22-25 ask questions about whether someone who has an "entertainment firearms permit" under Penal Code § 29500 is an authorized participant because Zeleny doesn't have one of those permits any more.

All of these interrogatories are just asking variants of the same question:  *Why do you contend that I am not an authorized participant?*  In each rog, he points to something about his factual situation (no governmental approval, no approval by anyone else, no approval for the event, no entertainment firearms permit) and asks *is this the reason?*  He is not asking pure questions of law because each interrogatory asks the AG to apply the law to the facts of this case.

Zeleny is entitled to learn the answers to his questions sooner than when he reads the AG's summary judgment motion. The Court overrules the AG's objections and orders him to respond fully to interrogatories 10-16 and 22-25 within 21 days.

**IT IS SO ORDERED.**

Dated: September 4, 2020

THOMAS S. HIXSON
United States Magistrate Judge