1  XAVIER BECERRA
   Attorney General of California
2  ANTHONY R. HAKL
   Supervising Deputy Attorney General
3  NOREEN P. SKELLY
   Deputy Attorney General
4  JOHN W. KILLEEN
   Deputy Attorney General
5  State Bar No. 258395
    1300 I Street, Suite 125
6   P.O. Box 944255
    Sacramento, CA 94244-2550
7   Telephone:  (916) 210-6045
    Fax: (916) 324-8835
8   E-mail:  John.Killeen@doj.ca.gov
   *Attorneys for Defendant California Attorney*
9  *General Xavier Becerra*

10

11                IN THE UNITED STATES DISTRICT COURT

12              FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14

15  **MICHAEL ZELENY, an individual,**          Case No. 3:17-cv-07357-RS (TSH)

16                                  Plaintiff,

17                  v.                          **MOTION FOR RELIEF FROM
                                                NONDISPOSITIVE PRETRIAL ORDER**
18                                              **OF MAGISTRATE JUDGE  [L.R. 72-2]**
   **GAVIN NEWSOM, an individual, in his**
19 **official capacity; XAVIER BECERRA, an**    Dept:        Courtroom 3, 17th Floor
   **individual, in his official capacity; CITY OF**  Judge:   The Honorable Richard G.
20 **MENLO PARK, a municipal corporation;**                  Seeborg
   **and DAVE BERTINI, in his official**        Trial Date:  None set
21 **capacity,**                                Action Filed: 12/28/2017

22                                 Defendants.

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

**Page**

Relevant Factual Background ........................................................................................................... 1

Argument ......................................................................................................................................... 3

Conclusion ....................................................................................................................................... 5

i

1

# TABLE OF AUTHORITIES

2

**Page**

3

### CASES

4

*Disability Rights Council v. Wash. Metro. Area*
    234 F.R.D. 1 (D.D.C. 2006) .................................................................................................3

5

6

*Everest Nat'l Ins. Co. v. Santa Cruz Cnty. Bank*
    No. 15CV02085BLFHRL, 2016 WL 6311876 (N.D. Cal. Oct. 28, 2016) ...........................3, 4

7

8

*Frieri v. Sysco Corp.*
    No. 316CV01432JLSNLS, 2017 WL 3387713 (S.D. Cal. Aug. 4, 2017) ...............................5

9

*Larson v. Trans Union, LLC*
    No. 3:12-CV-05726-WHO, 2017 WL 1540710 (N.D. Cal. Apr. 28, 2017) ........................3, 5

10

11

*United States ex rel. Englund v. L.A. Cnty.*
    235 F.R.D. 675 (E.D. Cal. 2006) .........................................................................................3

12

13

### STATUTES

14

California Penal Code
    § 25510 .................................................................................................................................1
    § 26350 .................................................................................................................................2
    § 26375 .................................................................................................................................1
    § 26405 ..............................................................................................................................1, 2
    § 26405(r) .............................................................................................................................1

15

16

17

### COURT RULES

18

19

Federal Rules of Court, Rule 33 ...............................................................................................3

### OTHER AUTHORITIES

20

21

Phillips & Stevenson, Rutter Group Practice Guide: Fed. Civ. Pro. Before Trial ¶
    11:1680 (The Rutter Group April 2020 Update) ...................................................................3

22

23

24

25

26

27

28

ii

1         Defendant California Attorney General Xavier Becerra seeks an order vacating a September

2   4, 2020 discovery order entered by the Honorable Thomas S. Hixson (ECF 140):

3                       **RELEVANT FACTUAL BACKGROUND**

4         Plaintiff Michael Zeleny is in a long-running dispute with the City of Menlo Park about

5   Zeleny's desire to demonstrate with an unloaded firearm, ammunition, and a large screen with

6   potentially graphic images that are visible to passing drivers on Sand Hill Road.  *See* ECF 99

7   (Second Am. Compl.), ¶¶ 24-186.[1]  Attorney General Becerra was not involved in the dispute, but

8   was sued because Zeleny also seeks a declaration that California's prohibition on the open carry

9   of weapons is facially unconstitutional.  *Id.* ¶¶ 104-09, 187-193, 225-29.

10         California law contains numerous exceptions to the general prohibition against openly

11   carrying firearms.  One exception is for open carry "by an authorized participant in . . . a motion

12   picture, television or video production, or entertainment event."  Cal. Penal Code §§ 26375

13   (handguns), 26405(r) (other guns).  Zeleny alleges that his activities fall within this exception

14   because he filmed himself, and therefore was an "authorized participant" in a video production.

15   *See* ECF 99, ¶¶ 107-109, 113.  The City of Menlo Park denies that Zeleny was an "authorized

16   participant" in a bona fide television or entertainment event.  *Id.* ¶ 121.  The Attorney General is

17   analyzing the precise relationship between Zeleny's assertion of the "authorized participant"

18   exception and the Complaint's facial constitutional challenges, but at the pleadings stage, the

19   Attorney General denied that "California Penal Code §§ 25510, 26375, and 26405 do not require

20   municipal approval of 'authorized participants' in an entertainment event or film or video

21   production . . . ."  *See* ECF 100 Prayer for Relief B.

22         Though the Attorney General has not applied the "authorized participant" exception to

23   Zeleny, in discovery, Zeleny served interrogatories that sought the Attorney General's

24   interpretation of the term "authorized participant" in California Penal Code sections 26375 and

25   26405(r).  *See* ECF 135-5 (Interrogatories 10-16), ECF 135-6 (Interrogatories 22-25).

26   Specifically, Zeleny asked:

27

28       [1] For the Court's convenience, all the docket items referred to in this motion are attached
to the declaration of John W. Killeen being filed concurrently.

INTERROGATORY NO. 10:  Does the phrase "authorized participant" as used in California Penal Code §§ 26375 and 26405(r) refer to a participant authorized by a governmental body or agency?

INTERROGATORY NO. 11:  If Your answer to Interrogatory No. 10 is in the affirmative, identify the governmental bodies or agencies from which authorization is required?

INTERROGATORY NO. 12:  If Your answer to Interrogatory No. 10 is in the affirmative, state all bases for your contention that the phrase "authorized participant," as used in California Penal Code §§ 26375 and 26405(r), refers to a participant authorized by a governmental body or agency?

INTERROGATORY NO. 13:  If your answer to Interrogatory No. 10 is in the negative, state the persons or entities whose authorization is required in order for California Penal Code §§ 26375 and 26405(r) to exempt the carrying of firearms from California Penal Code §§ 26350 and 26405.

INTERROGATORY NO. 14:  Do California Penal Codes §§ 26375 and 26405(r) require that the "motion picture, television or video production" or "entertainment event" itself be authorized in order to exempt participants from California Penal Code §§ 26350 and 26405?

INTERROGATORY NO. 15:  If your response to Interrogatory No. 14 is in the affirmative, identify all persons or entities whose authorization of the "motion picture, television or video production" or "entertainment event" is required in order to exempt participants from California Penal Code §§ 26350 and 26405.

INTERROGATORY NO. 16:  State all of the bases for Your response to Interrogatory No. 14.

INTERROGATORY NO. 22:  Is an individual who has a valid "entertainment firearms permit" issued pursuant to Penal Code § 29500 an "authorized participant" within the meaning of Penal Code §§ 26375 and 26405(r)?

INTERROGATORY NO. 23:  State all facts supporting your response to the preceding interrogatory.

INTERROGATORY NO. 24:  State all facts supporting your contention that the definition of "authorized participant" under Penal Code §§ 26375 and 26405(r) refers to a person with an "entertainment firearms permit" issued pursuant to Penal Code § 29500.

INTERROGATORY NO. 25:  Identify all documents bearing upon, supporting, or reflecting the facts set forth in Your response to the preceding interrogatory.

*Id.* This dispute arose because Attorney General Becerra asserted that while interrogatories may be used to discover facts, or the application of law to facts, they cannot be used to seek a party's interpretation of pure questions of law. *See* ECF 135 (summarizing the parties' positions).

2

1    On September 4, the magistrate judge directed Attorney General Becerra to answer the

2    identified interrogatories. *See* ECF 140. The magistrate judge viewed the interrogatories as

3    seeking the application of law to fact, rather than pure legal interpretation, because:

> All of these interrogatories are just asking variants of the same question: *Why do you
> contend that I am not an authorized participant?* In each rog, [Zeleny] points to
> something about his factual situation (no governmental approval, no approval by
> anyone else, no approval for the event, no entertainment firearms permit) and asks *is
> this the reason*? He is not asking pure questions of law because each interrogatory
> asks the AG to apply the law to the facts of this case.

8    *Id.* at 2.

9                                   **ARGUMENT**

10   "Rule 33 does not permit interrogatories directed to issues of 'pure law'—i.e., abstract legal

11   issues not dependent on the facts of the case." Phillips & Stevenson, Rutter Group Practice

12   Guide: Fed. Civ. Pro. Before Trial ¶ 11:1680 (The Rutter Group April 2020 Update); *see United

13   States ex rel. Englund v. L.A. Cnty.*, 235 F.R.D. 675, 683 (E.D. Cal. 2006) (barring interrogatory

14   seeking legal interpretation of statutory term); *Everest Nat'l Ins. Co. v. Santa Cruz Cnty. Bank*,

15   No. 15CV02085BLFHRL, 2016 WL 6311876, at *4 (N.D. Cal. Oct. 28, 2016) (barring

16   interrogatories seeking information about "abstract legal definitions or discussions entirely

17   divorced from the factual context of this case"); *cf. Disability Rights Council v. Wash. Metro.

18   Area*, 234 F.R.D. 1, 3 (D.D.C. 2006) (prohibiting requests for admission about specific terms in

19   federal law). Despite the obvious relevance a question of pure law may have to the parties'

20   claims, the purpose of this rule is to protect parties from having to disclose attorney work product

21   before they have fully formed their arguments. *Larson v. Trans Union, LLC*, No. 3:12-CV-

22   05726-WHO, 2017 WL 1540710, at *1 (N.D. Cal. Apr. 28, 2017).

23   Here, the primary interrogatories at issue are:

24   INTERROGATORY NO. 10:  Does the phrase "authorized participant" as used in
     California Penal Code §§ 26375 and 26405(r) refer to a participant authorized by a
25   governmental body or agency?

26   INTERROGATORY NO. 14:  Do California Penal Codes §§ 26375 and 26405(r)
     require that the "motion picture, television or video production" or "entertainment
27   event" itself be authorized in order to exempt participants from California Penal Code
     §§ 26350 and 26405?
28

3

1   INTERROGATORY NO. 22: Is an individual who has a valid "entertainment
2   firearms permit" issued pursuant to Penal Code § 29500 an "authorized participant"
    within the meaning of Penal Code §§ 26375 and 26405(r)?

3       The remaining interrogatories—11 through 13, 15 and 16, 23 through 25—are follow-up

4   questions to these three primary questions.

5       On their face, all three interrogatories seek the legal interpretation of statutory terms,

6   namely, the meaning of an "authorized participant." The interrogatories do not ask the Attorney

7   General "how it applied these terms in the past, or what [the Attorney General] contends the

8   terms mean with respect to the claims at issue here (questions that would call for the application

9   of law to fact)." *Everest National Insurance Company*, 2016 WL 6311876, at *4. For good

10  reason—the Attorney General has not applied the "authorized participant" exception to Zeleny,

11  and Zeleny does not allege that the Attorney General had anything to do with the alleged

12  conspiracy described in the Complaint. As to the Attorney General, Zeleny seeks only a pure

13  legal interpretation untethered from the facts of his case against the Attorney General. Such a

14  pure legal interpretation is not the proper subject of written discovery.

15      Notably absent from the interrogatories is any mention of Zeleny or the facts of this case.

16  The magistrate judge attributed this absence to Zeleny's strategic thinking, because Zeleny "was

17  smart enough to understand that the answer is probably not specific to him." ECF 140 at 2. But

18  that only proves the Attorney General's point—it is fair for Zeleny to seek the Attorney General's

19  understanding of the law as applied to Zeleny, but it is not fair for Zeleny to seek a legal

20  interpretation of an answer that is "not specific to him"; the practical effect of such an

21  interrogatory is to force the Attorney General to prematurely disclose his attorney work product.[2]

22      The magistrate judge also determined that these interrogatories were proper contention

23  interrogatories because they are "variants of the same question: *Why do you contend that I am not*

24  *an authorized participant?*" ECF 140 at 2. The only way to reach this result is to rewrite

25  Zeleny's interrogatories to ask what Zeleny himself did not ask. Zeleny did not ask, "do you

26  ───────────────
        [2] Another concern with compelling the Attorney General to issue a general interpretation
27  of a statute that is untethered from Zeleny's specific case is that it other interested entities may
    assert that the Attorney General is issuing an underground regulation without following standard
28  administrative procedures. Of course, if compelled to respond to these interrogatories, the
    Attorney General would dispute such a claim.

                                            4

1    contend that I am not an authorized participant?  Why or why not?"  or "do you contend that I am

2    not an authorized participant because . . . "  He just asked, "what is the legal meaning of this

3    statute?," which is an improper inquiry.  *See Frieri v. Sysco Corp.*, No. 316CV01432JLSNLS,

4    2017 WL 3387713, at *3 (S.D. Cal. Aug. 4, 2017) ("The Court is not in a position—or under

5    obligation—to rewrite the interrogatories").

6         Finally, the magistrate judge appeared to be persuaded by Zeleny's argument that "[t]he

7    State cannot reject Zeleny's interpretation of the statute while also refusing to take a position on

8    what the statute means."  ECF 135 at 2; *see* ECF 140 at 3.  But the point of the rule against

9    seeking pure legal interpretations is to protect parties from having to disclose attorney work

10   product before they have developed, adopted, or discarded their arguments about how a statute

11   should be interpreted.  The Attorney General, like any other party, "is not required to write his

12   brief on a motion for summary judgment in his responses to interrogatories."  *Larson*, 2017 WL

13   1540710, at *1.  Rather than Zeleny being treated unfairly because he may not see the Attorney

14   General's legal theories before summary judgment, it is the Attorney General who would be

15   prejudiced if forced to prematurely disclose attorney work product.

16        The policy imperative against disclosing work product is especially cogent here, where the

17   Attorney General is largely a bystander to the core dispute between Zeleny and Menlo Park.  The

18   Attorney General did not deny Zeleny a permit on the basis that Zeleny was not an "authorized

19   participant" in a video production.  While the definition of the term "authorized participant" may

20   (or may not) be relevant to Zeleny's facial attack on the constitutionality of the open carry

21   statutes, it is certainly less relevant to those claims than to Zeleny's claims against Menlo Park.

22                                        **CONCLUSION**

23        For these reasons, Attorney General Becerra respectfully respects that the Court vacate the

24   magistrate judge's September 4 order (ECF 140) and enter an order denying Zeleny's request to

25   compel further answers to interrogatories 10 through 16 and 22 through 25.

26   / / /

27   / / /

28   / / /

5

Dated:  September 16, 2020

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General


/s/ *John W. Killeen*
NOREEN P. SKELLY
Deputy Attorney General
JOHN W. KILLEEN
Deputy Attorney General
*Attorneys for Defendant California Attorney*
*General Xavier Becerra*

SA2018100198
34386823_2.docx

6

# CERTIFICATE OF SERVICE

Case Name:   **Zeleny, Michael v. Edmund G.**          No.     **3:17-cv-07357 RS (NC)**
                  **Brown, et al.**

I hereby certify that on September 16, 2020, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE [L.R. 72-2]**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on September 16, 2020, at Sacramento, California.


Tracie L. Campbell                                    /s/ Tracie Campbell
Declarant                                                      Signature

SA2018100198
34413385.docx