David W. Affeld. State Bar No. 123922
Damion Robinson. State Bar No. 262573
David Markevitch. State Bar No. 256163
Affeld Grivakes LLP
2049 Century Park East. Ste. 2460
Los Angeles. CA 90067
Telephone:    (310) 979-8700

Attorneys for Plaintiff
Michael Zeleny

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZELENY, | Case No. CV 17-7357 RS |
| Plaintiff, | Assigned to: The Honorable Richard G. Seeborg |
| vs. | **PLAINTIFF'S REQUEST FOR SPEEDY DENIAL OF MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE [L.R. 72-2]** |
| GAVIN NEWSOM, *et al.*, | |
| Defendants. | Dept.: Courtroom 3, 17th Floor Action Filed:  December 28, 2017 Trial Date:    November 18, 2019 |

PLAINTIFF'S REQUEST FOR SPEEDY DENIAL OF MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE [L.R. 72-2]

**TO THE HONORABLE COURT:**

Plaintiff Michael Zeleny ("Zeleny") requests that the Court promptly deny Defendant Attorney General Xavier Becerra's ("Becerra") Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge [L.R. 72-2] (ECF 142; "Motion for Relief") in the interests of justice and to avoid significant prejudice to Zeleny.

**I.      Background.**

On September 1, 2020, the Court granted Zeleny's unopposed motion to continue pre-trial dates, setting the fact discovery cut-off to October 2, 2020 and expert disclosures to October 9, 2020. ECF 139.  It set a summary judgment hearing deadline of February 21, 2021.  *Id.*  The Court ordered that no further continuances shall be granted.  *Id.*

The further fact discovery contemplated in the September 1, 2020 Court's Order included Becerra's responses to Zeleny's interrogatories, subject to Magistrate Judge Hixson's ruling on a then pending motion.  *Id.*; ECF 136.  On September 4, 2020, Judge Hixson granted Zeleny's motion, ordering Becerra to answer by September 25, 2020, the date requested by Becerra.  ECF 140.  Twelve days later, on September 16, 2020, Becerra filed his Motion for Relief.

Becerra's attempted to challenge Judge Hixson's order should be rejected out of hand under Local Rule 72-2 to avoid further delay and disruption of the pre-trial schedule.

**II.      Argument.**

**A.  Becerra's Motion for Relief Is a Highly Prejudicial Delay Tactic.**

There are critical discovery deadlines approaching in this case.  The discovery cut-off on October 2 and the deadline for expert disclosures on October 9.  ECF 139.  Neither can be met by Zeleny without Becerra's responses to the interrogatories addressed in Judge Hixson's September 4, 2020 Discovery Order (ECF 140).  Zeleny cannot intelligently designate experts, nor can the experts prepare required reports, without first completing fact discovery.  The Motion for Relief has exposed Zeleny to significant prejudice in both respects.

Moreover, Zeleny cannot prepare for summary judgment without answers to the basic contention interrogatories at issue.  As Judge Hixson recognized, Becerra cannot refuse to disclose his contentions and spring them on Zeleny for the first time in summary judgment

briefing.  By seeking to challenge Judge Hixson's order, Becerra has ensured that this is exactly what will happen unless the motion is promptly rejected.

**B.  There Is No Plausible Basis to Challenge Judge Hixson's Ruling.**

Becerra does not even mention, much less try to meet, the applicable standard for challenging a Magistrate Judge's discovery order.  The reason is obvious.  Becerra's Motion for Relief is without merit because the burden that Becerra must meet on this motion is insurmountable under the circumstances.  Becerra cannot meet his burden of demonstrating that Judge Hixson's findings are "clearly erroneous or [] contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

A magistrate judge's resolution of a discovery dispute is "entitled to great deference." *Doubt v. NCR Corp.,* No. C 09–5917 SBA, 2011 WL 5914284, at *2 (N.D. Cal. Nov. 28, 2011). A finding of fact is "clearly erroneous" only "if the court is left with the definite and firm conviction that a mistake has been committed." *U.S. v. Real Prop. & Improvements Located at 2366 San Pablo Ave., Berkeley, Cal.*, No-CV-02027-JST, 2014 WL 325151, at *1 (N.D. Cal. Jan. 29, 2014) (quotations and citation omitted).  "To be clearly erroneous, a decision must strike [the Court] … as wrong with the force of a five-week-old unrefrigerated dead fish." *Hayes v. Woodford*, 301 F.3d 1054, 1067 n.8 (9th Cir. 2002).

A decision is contrary to law only "if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Id.*; *Alaimalo v. United States*, 645 F.3d 1042, 1060 (9th Cir. 2011) (Korman, J., dissenting) (for an order to be clearly erroneous, it must be "dead wrong" and appear so on first impression).  "This standard of review is extremely deferential and the [m]agistrate's rulings should be considered the final decisions of the [d]istrict [c]ourt." *In re eBay Seller Antitrust Litig.*, No C 07-1882 JF (RS), 2009 WL 3613511, at *1 (N.D. Cal. Oct. 28, 2009).

Becerra cannot possibly meet this high standard on his Motion for Relief.[1]  The discovery

---

[1] Zeleny does not submit a substantive response contemplated by L.R. 72-2, but requests an opportunity to do so should the Court be inclined to rule on Becerra's Motion for Relief after full briefing.

order amounts to a purely discretionary decision.  Judge Hixson interpreted Zeleny's interrogatories as proper contention interrogatories—which is exactly what they are—and exercised his discretion to order them answered.  Quibbles over the framing of individual discovery requests is not an issue justifying further intervention by the Court.  With that understanding, it is hard to think of reasons for Becerra filing the Motion for Relief other than as a delay tactic.

**III.    Conclusion.**

For the foregoing reasons, Zeleny respectfully requests that the Court deny the Motion for Relief and order Becerra to comply with Judge Hixson's Discovery Order (ECF 140).

Dated:  September 21, 2020                 Respectfully submitted,

                                                        s/ David Markevitch
                                                        David W. Affeld
                                                        Damion D. D. Robinson
                                                        David Markevitch
                                                        Affeld Grivakes LLP

                                                        Attorneys for plaintiff Michael Zeleny

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I hereby certify that on September 21, 2020, I electronically filed the foregoing document using the Court's CM/ECF system.  I am informed and believe that the CM/ECF system will send a notice of electronic filing to the interested parties.

s/ David Markevitch
David Markevitch

PLAINTIFF'S REQUEST FOR SPEEDY DENIAL OF MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE [L.R. 72-2]