David W. Affeld, State Bar No. 123922
Damion Robinson, State Bar No. 262573
David Markevitch, State Bar No. 256163
Affeld Grivakes LLP
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone:   (310) 979-8700

Attorneys for Plaintiff
Michael Zeleny

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZELENY,<br><br>    Plaintiff,<br><br>vs.<br><br>GAVIN NEWSOM, *et al.*,<br><br>    Defendants. | Case No. CV 17-7357 RS<br><br>Assigned to:<br>The Honorable Richard G. Seeborg<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO MAKE CLARIFYING AMENDMENT TO SECOND AMENDED COMPLAINT**<br><br>Filed Concurrently:<br>1. Declaration of Damion Robinson;<br>2. Notice of Lodging;<br>3. Proposed Order.<br><br>Date:  October 29, 2020<br>Time: 1:30 p.m.<br>Courtroom 3, 17th Floor<br><br>Action Filed:  December 28, 2017<br>Trial Date:     [Not Set] |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 29, 2020 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Richard G. Seeborg in Courtroom 3 of the above-entitled Court, Plaintiff Michael Zeleny ("Plaintiff") will and hereby does move for an order permitting him to file a clarifying amendment to his Second Amended Complaint, pursuant to Federal Rule of Civil Procedure § 15, making clear that he challenges California Penal Code §§ 26375 and 26405(r) as unconstitutionally vague.

Zeleny seeks to amend the Second Amended Complaint to add the following language to Paragraph 228: "Because the 'authorized participant' exception to the ban on publicly carrying a firearm lacks sufficient definiteness to notify ordinary persons what conduct is permitted and prohibited, and to avoid arbitrary or discriminatory enforcement, it is vague and void under the Fourteenth Amendment."

The proposed amendment is already within the scope of Zeleny's existing claim under the Fourteenth Amendment. However, Attorney General Xavier Becerra ("Becerra") disputes that it is covered by that claim. In an abundance of caution, Zeleny seeks leave to amend to remove any doubt about his allegations. To the extent that an amendment is necessary, Zeleny seeks to clarify that his existing Fourteenth Amendment claim includes a challenge on grounds of vagueness to the "authorized participant" exception to California's "open carry" ban.

The need for this clarification arose due to the refusal of Becerra to respond to interrogatories calling for Becerra to articulate how the statute applies—*i.e.*, who is an "authorized participant," who does the authorizing, and how authorization is obtained. The issue is subject to ongoing discovery motion practice, including a motion by Becerra challenging Magistrate Judge Hixson's order of September 4, 2020. *See* Dkt. Nos. 140, 142.

No party will be prejudiced by the clarifying amendment raising a purely legal issue, which is within the scope of Zeleny's existing challenge. The issue arose very recently through the discovery process. No new discovery will be needed nor is any scheduling modification required. Amendment should be granted with "extreme liberality." *Sonoma Cnty. Ass'n of Retired Emplyees. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

This Motion is based on this Notice of Motion and Motion, the accompanying Declaration of Damion Robinson, the records and files herein, and such other matters as the Court may consider. A copy of the proposed complaint, as amended, is lodged herewith.

Dated: September 24, 2020      Respectfully submitted,

s/ Damion Robinson
David W. Affeld
Damion D. D. Robinson
David Markevitch

Affeld Grivakes LLP

Attorneys for Plaintiff Michael Zeleny

MOTION FOR LEAVE TO AMEND

## **MEMORANDUM OF POINTS & AUTHORITIES**

### I. INTRODUCTION

Plaintiff Michael Zeleny ("Zeleny") seeks leave to amend, to the extent an amendment is required, to clarify that his Fourteenth Amendment challenge to the California ban on "open carry" of firearms includes a challenge on the grounds of vagueness. Zeleny believes that this argument is already contained in his existing complaint, but in an abundance of caution, he seeks to remove any doubt about his allegations. The amendment Zeleny seeks to make is to add a single sentence to paragraph 228 of Zeleny's current operative complaint. Leave should be granted because no party will be prejudiced by clarifying a pure legal issue implicated by the existing pleadings.

Among the issues in this case is a Constitutional challenge to California's ban of "open carry" of handguns and rifles, California Penal Code §§ 26350 and 26400. A central issue is the validity and proper interpretation of the "authorized participant" exceptions to that ban, California Penal Code §§ 26375 and 26405(r), which allow "authorized participants" in a film and television productions or entertainment event to carry firearms. Through discovery, Zeleny sought Becerra's position—as the chief law enforcement officer of California—on how the "authorized participant" exception applies. Becerra refuses to tell him. It has become clear that the Attorney General himself does not know what the statute means, establishing Zeleny's point: the statutes are unconstitutionally vague.

Having refused to take a position on ambiguous state statutes, Becerra can hardly be surprised that Zeleny intends to argue that the statutes are vague. Under settled law, Zeleny is allowed to raise this argument without specifically laying it out in his complaint. A plaintiff is not required to recite all of his legal arguments in his pleading.

However, assuming for the sake of argument that an amendment is needed, the very liberal standard for amendment is easily met. Clarifying Zeleny's existing constitutional challenge to make explicit that it includes a vagueness argument will cause no prejudice to any party. The vagueness argument raises a pure legal question going to text of the statute. No new

discovery is needed.  The schedule for this case does not need to be modified.  The parties can simply raise this issue on summary judgment, as they were going to do in any event.

If amendment is required, leave should be granted to avoid any confusion over the scope of Zeleny's allegations, and to allow this case to be resolved on the merits.

## II.   BACKGROUND

### A.   Underlying Facts

Zeleny has been protesting in Menlo Park since 2009.  He protests a prominent Silicon Valley executive who was credibly abused of child rape.  For years, Zeleny lawfully and safely carried unloaded firearms to draw attention to his protests.  *See* Second Am. Compl., Dkt. No. 99, ¶¶ 41-56

In 2012 and 2013, California enacted an "open carry" ban, which prohibits law abiding Californians from carrying firearms almost anywhere in the state.  Cal. Penal Code §§ 26350, 26400.  The "open carry" ban has an exception for "authorized participants" in a film or television production or an entertainment event.  Cal. Penal Code §§ 26375, 26405(r).

Zeleny has specifically challenged the constitutionality of these statutes.  Second Am. Compl., ¶¶ 103-108.  In his Second Amended Complaint, Zeleny challenges these statutes under the First and Fourteenth Amendments.  *See id.*. ¶¶ 225-229.  He sets out the statutory scheme, *see id.* ¶¶ 105, 107, and possible interpretations of the exception, *id.* ¶¶ 202, 206.

### B.   The Attorney General Refuses to Take a Position on the Statute.

In 2019 and early 2020, Zeleny served contention interrogatories on Becerra, seeking his position on the "authorized participant" exception.  He served further interrogatories asking similar questions in early 2020.  *See* Robinson Decl. ¶ 2.

Becerra refused to respond substantively, declining to state his interpretation as to who is an "authorized participant," how a person becomes "authorized," and who is responsible for authorizing a participant.  *Id.*  Exs. 1, 2.

On January 23, 2020, Zeleny took the Rule 30(b)(6) deposition of the State of California.  Counsel for Becerra refused to allow the witness to state an official position on the

interpretation of the statute, including identification of which person does the authorizing of participants, or how authorization is done. Robinson Decl., Ex. 3.

Zeleny moved to compel further answers to the deposition questions. *See* Letter Brief, Dkt. No. 127. Magistrate Judge Hixson denied the motion, holding that the proper means of asking these questions was through contention interrogatories. Dkt. No. 132. Judge Hixson noted that Becerra's answers to Zeleny's contention interrogatories did not clearly answer the questions. *Id.* at 2:1-6.

Zeleny conferred with Becerra, requesting that he answer the interrogatories in accordance with Judge Hixson's order. Robinson Decl. ¶ 5. Becerra refused. *Id.*

Zeleny moved to compel further answers to the interrogatories. Becerra opposed. *See* Letter Brief, Dkt. No. 135. On September 4, 2020, Judge Hixson granted Zeleny's motion and ordered Becerra to answer the questions. Dkt. No. 140. In his order, Judge Hixson noted:

> Plaintiff Michael Zeleny wants to carry unloaded firearms during his public protests. California generally bans "open carry," but there is an exception for an "authorized participant in . . . a motion picture, television or video production, or entertainment event[.]" Cal. Penal Code § 26375; see also id. § 26405(r). Unhelpfully, there is no statutory definition of an "authorized participant," nor a provision stating who does the authorizing. There are no governing regulations either. …
>
> Interrogatory 10 asks whether an "authorized participant" means someone authorized by a governmental body or agency because Zeleny lacks that type of authorization. (It's an interesting question, by the way. You could read the statute to mean that the person has to be authorized merely by the organizer of the event.)

*Id.* at pp. 1-2.

Rather than answer the interrogatories as ordered, last week Becerra filed a motion challenging Judge Hixson's ruling. Dkt. No. 142. That motion remains pending. The relief Becerra seeks is to be able to refuse to take a position as to what the "authorized participant" statutes mean, in a case concerning unconstitutional vagueness of those statutes.

It has become apparent that Becerra either cannot come up with a plausible interpretation of the statutes, or intentionally refuses to provide one.

C.  **Becerra Insists on an Amendment, But Refuses to Stipulate to One.**

Following Becerra's motion challenging the discovery order, Zeleny wrote to all

counsel, noting that he intended to advance a vagueness argument in light of Becerra's refusal to take a position on the "authorized participant" exception. He requested that counsel advise whether they believed an amendment was needed, and if so, whether they would stipulate. Robinson Decl. ¶ 7 & Ex. 4.

Becerra refused to stipulate, and claimed that the current Second Amended Complaint does not include "a claim that the open carry laws are vague on their face." *Id.*

### III. ARGUMENT

#### A. An Amendment Is Unnecessary to Advance a Legal Argument.

Under federal notice pleading, the complaint is required to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). "Notice pleading requires the plaintiff to set forth in his complaint *claims for relief*, not causes of action, statutes, or legal theories." *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008). The complaint is required to state the facts, not to "identify the statutory or constitutional source of the claim raised." *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) (finding argument that plaintiff could not rely on statute because it was not cited in his complaint "entirely meritless"; vacating summary judgment).

"Even citing the wrong statute needn't be a fatal mistake, provided the error is corrected in response to the defendant's motion for summary judgment and the defendant is not harmed by the delay in correction." *Hatmaker v. Memorial Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010) (Posner, J.). In situations where a party or its counsel "initially misconceived the proper legal theory of the claim, summary judgment does not follow if the plaintiff is entitled to relief on some other legal theory and requested as much." *Alvarez*, 518 F.3d at 1158.

It is now settled law that a complaint need not state the plaintiff's legal arguments or statutory or constitutional basis for those arguments. *E.g.*, *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) ("a complaint need not pin plaintiff's claim for relief to a precise legal theory"); *Sagana v. Tenorio*, 384 F.3d 731, 737 (9th Cir. 2004) ("We long ago rejected the argument that a specific statute must be named [in the complaint], describing it as an 'attempt to evoke wholly

out-moded technical pleading rules.'") (quoting *Bowers v. Campbell*, 505 F.2d 1155, 1157 n.2 (9th Cir. 1974); *Kinney v. Holiday Cos.*, 398 F. App'x 282, 284 (9th Cir. 2010) (vacating summary judgment where plaintiff failed to plead a wrongful termination claim but asserted a related claim and referenced termination).

The Attorney General is certainly on notice of Zeleny's claims, even if the precise legal argument—*i.e.*, vagueness—is not expressly stated in the Second Amended Complaint. Zeleny is undeniably making a facial challenge to the "open carry" laws and specifically to the "authorized participant" exception. Second Am. Comp. ¶¶ 227-228. His challenge arises under the Fourteenth Amendment. *Id.* He cites and quotes the specific statutory exceptions. *Id.* ¶¶ 105, 107. He discusses the various conflicting interpretations of those exceptions, and seeks declaratory relief on interpretation. *See id.* ¶¶ 202, 206. The Attorney General rejected Zeleny's interpretation in his answer. Answer (Dkt. No. 78) at p. 21 ¶ A. Becerra is well aware that Zeleny is challenging these statutes on Fourteenth Amendment grounds.

A statute is unconstitutional under the Fourteenth Amendment if it fails to provide "sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary or discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983) (citing cases). A vagueness argument is well within the scope of Zeleny's existing claim under the Fourteenth Amendment. Under the rule stated in *Alvarez*, he was not required to include every specific argument or theory in his complaint.

### B. To the Extent that a Clarifying Amendment Is Required, The Liberal Standard of Rule 15 Is Satisfied.

Despite the settled law regarding Zeleny's pleading, Becerra contends that Zeleny is foreclosed from making a legal argument under the Fourteenth Amendment—*i.e.*, that the statutes are impermissibly vague. Zeleny contends that Becerra is wrong, and that his Second Amended Complaint properly puts the issue before the Court. However, in an abundance of caution, Zeleny now seeks to eliminate any dispute about what he alleges.

"The court shall freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a

proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Forman v. Davis*, 371 U.S. 178, 782 (1962) (reversing denial of motion to vacate judgment to permit amendment, doing "no more than stat[ing] an alternative theory for recovery").

In the Ninth Circuit, leave to amend is granted "with extreme liberality." *Sonoma Cnty. Ass'n of Retired Emplyees v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013). Courts are "guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.3d 977, 979 (9th Cir. 1981)).

Unless a good reason appears to deny leave, it must be granted. *See Foman*, 371 U.S. at 182. Courts have applied several factors, including "bad faith, undue delay, prejudice to the opposing party, and futility." *DCD Programs*, 833 F.2d at 186 (citations omitted). Prejudice is usually dispositive. Without prejudice "or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* … in favor of granting leave." *Id.* (emphasis in original).[1] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The "mere fact that an amendment is offered late in the case is … not enough to bar it." *Webb*, 655 F.2d at 980 (quotation omitted; modification in *Webb*); *Sonoma Cnty.*, 708 F.3d at 1118 (reversing denial of leave to amend "several years" into a case absent prejudice); *see also Union Pac. R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (affirming leave to amend four years into a case to add a new party).."[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *Webb*, 655 F.2d at 980; *see also Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) ("[u]ndue delay by itself … is insufficient to justify denying a motion to amend"); *DCD Programs*, 833 F.2d at 186

Becerra would not be prejudiced by confirming Zeleny's assertion of a vagueness argument. There would be no need for more discovery, nor would the schedule need to change,

---

[1] This Motion may also be treated as a motion to amend according to proof under Fed. R. Civ. P. 12(b)(2), which permits an amendment at any time—even during trial—to conform to the evidence and raise issues that are not included in the pleadings. *See American Family Mut. Ins. Co. v. Hollander*, 705 F.3d 339, 347-48 (9th Cir. 2013).

because the vagueness argument is a pure issue of law.  *See United States v. Woodley*, 9 F.3d 774, 778 (9th Cir. 1993) ("[w]hether a statute or regulation is unconstitutionally vague is a question of law") (citation omitted).   Indeed, the Attorney General has repeatedly argued that Zeleny's challenge to the "open carry" statutes raises legal issues only for decision by the Court.

Zeleny raised this issue in good faith based on Becerra's ongoing refusal to take a position on how the statute applies.  The vagueness issue came up through Zeleny's ongoing efforts to get Becerra to disclose his contentions.  Becerra's refusal to do so is subject to a discovery order of September 4, as well as a pending motion by Becerra.

The fact that the *California Attorney General* can't articulate what these statutes mean even when put to the test in litigation demonstrates that the statutes are unconstitutionally vague.  These circumstances crystalized during the discovery process, including this month after two discovery motions seeking to overcome Becerra's determined avoidance of the question. Zeleny is raising this issue promptly after it arose.

In assessing a vagueness challenge, "a federal court must … consider any limiting construction that a state court or enforcement agency has proffered." *Kolender*, 461 U.S. at 355 (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 494).  Becerra will not tell Zeleny what limiting construction he puts on the statute, or how it applies in Zeleny's situation.  It has become apparent that the he simply does not know—or refuses to tell anyone—what the statute means or how it is intended to apply to Zeleny.

Raising a vagueness challenge in direct response to Becerra's position (or refusal to take a position) is not bad faith.  Zeleny has simply adapted his legal argument to address Becerra's position (or lack thereof) that Zeleny has diligently sought to force him to take for a year now in the discovery process.  This process culminated this week.  Zeleny has acted as quickly as possible.

## IV.  **CONCLUSION.**

At a basic level, state criminal statutes are supposed to tell a party what they are allowed and not allowed to do.  As the chief law enforcement officer of the state, where there is

ambiguity in a statute, the Attorney General is supposed to know how the statute applies to the public. Becerra either doesn't know or intentionally refuses to tell Zeleny.
ambiguity in a statute, the Attorney General is supposed to know how the statute applies to the public. Becerra either doesn't know or intentionally refuses to tell Zeleny.

Having refused to take a position, Becerra cannot be surprised that Zeleny intends to argue that the "authorized participant" exception is vague. Zeleny believes this issue is already in the case. However, to the extent that the Court accepts Becerra's argument that an amendment is required for Zeleny to make this argument, the amendment should be allowed.

Dated: September 24, 2020

Respectfully submitted,

s/ Damion Robinson
David W. Affeld
Damion D. D. Robinson
David Markevitch
Affeld Grivakes LLP

Attorneys for plaintiff Michael Zeleny

MOTION FOR LEAVE TO AMEND

**PROOF OF SERVICE**

I hereby certify that on September 24, 2020, I electronically filed the foregoing document using the Court's CM/ECF system. I am informed and believe that the CM/ECF system will send a notice of electronic filing to the interested parties.

s/ Gabrielle Bruckner
Gabrielle Bruckner

- 12 -
MOTION FOR LEAVE TO AMEND