David W. Affeld, State Bar No. 123922
Damion Robinson, State Bar No. 262573
David Markevitch, State Bar No. 256163
Affeld Grivakes LLP
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone:     (310) 979-8700

Attorneys for Plaintiff
Michael Zeleny

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZELENY,<br><br>    Plaintiff,<br><br>        vs.<br><br>GAVIN NEWSOM, *et al.*,<br><br>    Defendants. | Case No. CV 17-7357 RS<br><br><u>Assigned to:</u><br>The Honorable Richard G. Seeborg<br><br>**DECLARATION OF DAMION ROBINSON IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO MAKE CLARIFYING AMENDMENT TO SECOND AMENDED COMPLAINT**<br><br>Filed Concurrently:<br>1.  Notice of Motion and Motion;<br>2.  Notice of Lodging;<br>3.  Proposed Order.<br><br>Date:  October 29, 2020<br>Time: 1:30 p.m.<br>Courtroom 3, 17th Floor<br><br>Action Filed:  December 28, 2017<br>Trial Date:     [Not Set] |

I, Damion Robinson, declare:

1.      I and my law firm are counsel of record to plaintiff Michael Zeleny ("Zeleny") in this action.  I have personal knowledge of the facts herein or knowledge based on a review of the records and files of our firm maintained in the ordinary course of business. I could testify competently to these facts if called upon to do so.

2.      We served Zeleny's first set of interrogatories on defendant Attorney

General Xavier Becerra ("Becerra") in 2019, and a follow-up set in early 2020.  Both sets of interrogatories sought Becerra's contentions as to the "authorized participant" exception to the California "open carry" ban on firearms.

3.      True copies of excerpts Becerra's responses to the first and second sets of interrogatories are attached hereto as **Exhibits 1** and **2** respectively.

4.      On January 23, 2020, I took the deposition of Blake Graham as the Rule 30(b)(6) designee of the State of California.  A true copy of excerpts of the deposition transcript is attached as **Exhibit 3**.

5.      Following this deposition, we filed a letter brief with Magistrate Judge Hixson seeking further answers to deposition questions, including questions going to the "authorized participant" exception.  After receiving Judge Hixson's ruling, which denied the request and observed that the proper means of seeking the information was through contention interrogatories, I requested that Becerra answer several interrogatories on point.  Becerra, through counsel, declined to answer the questions.

6.      We filed further letter briefing, and on September 4, 2020, Judge Hixson ordered Becerra to answer the interrogatories.  Instead, Becerra filed a motion challenging Judge Hixson's ruling, which remains pending.

7.      I then wrote to counsel for all defendants, including Becerra, and indicated that in light of this ongoing discovery issues, we intended to argue that the statute is void for vagueness.  I also inquired whether counsel believed an amendment was required to raise this argument, and, if so, whether counsel would stipulate to one.  A true copy of my email and counsel's response on behalf of Becerra is attached as **Exhibit 4**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 23rd day of September 2020, at Los Angeles, California.

s/ Damion Robinson
Damion D. D. Robinson

DECLARATION OF DAMION ROBINSON IN SUPPORT OF MOTION FOR LEAVE TO AMEND

**EXHIBIT 1**

1  XAVIER BECERRA
   Attorney General of California
2  ANTHONY R. HAKL
   Supervising Deputy Attorney General
3  NOREEN P. SKELLY
   Deputy Attorney General
4  State Bar No. 186135
    1300 I Street, Suite 125
5   P.O. Box 944255
    Sacramento, CA 94244-2550
6   Telephone: (916) 210-6057
    Fax: (916) 324-8835
7   E-mail:  Noreen.Skelly@doj.ca.gov
   *Attorneys for Defendant Attorney General Xavier*
8  *Becerra*

9

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13

| | |
|---|---|
| 14  **MICHAEL ZELENY, an individual,** | 3:17-cv-07357 RS (NC) |
| 15                              Plaintiff, | **DEFENDANT ATTORNEY GENERAL** |
|  | **XAVIER BECERRA'S RESPONSES TO** |
| 16            v. | **PLAINTIFF MICHAEL ZELENY'S** |
|  | **FIRST SET OF INTERROGATORIES[2]** |
| 17 | |
| 18  **GAVIN NEWSOM[1], an individual, in his** | |
|    **official capacity; XAVIER BECERRA, an** | |
| 19  **individual, in his official capacity; CITY OF** | |
|    **MENLO PARK, a municipal corporation;** | |
|    **and DAVE BERTINI, in his official** | |
| 20  **capacity,** | |
| 21                              Defendants. | |

22

23     PROPOUNDING PARTY:        Plaintiff Michael Zeleny

24     ANSWERING PARTY:          Defendant Attorney General Xavier Becerra

25     SET NUMBER:               One

26          [1] Although Edmund G. Brown, Jr., sued in his official capacity as the Governor of
   California, has been dismissed from this matter, Defendant Becerra updates the caption to
27  substitute Governor Gavin Newsom for former Governor Edmund G. Brown, Jr., pursuant to Rule
   25(d)(1) of the Federal Rules of Civil Procedure.
28          [2] Verification to follow.

                                         1

## PRELIMINARY STATEMENT

For purposes of these interrogatories, Plaintiff Zeleny has used the terms "YOU" and "YOUR" to, "refer to Xavier Becerra as the Attorney General of the State of California. These interrogatories seek the official position of the State of California." (Plaintiff Zeleny's Interrogatories, p. 2, lines 22-24.) Defendant Becerra objects to Plaintiff Zeleny's definition of "YOU" and "YOUR" as encompassing the official position of the State of California. The phrase "the official position of the State of California" is vague and overbroad. The State of California is made up of the Executive, Legislative, and Judicial branches of government, which are separate and co-equal. California's Executive branch includes a number of elected officials including, but not limited to the Attorney General of California. Moreover, the State of California is not a defendant in this action—nor would it be an appropriate defendant in this action. As a general matter, the proper respondent or defendant in a challenge to a state law or policy is the officer or agency charged with implementing it. See *Serrano v. Priest*, 18 Cal.3d 728, 752 (1976); *State v. Superior Court, 12 Cal.3d 237, 255* (1974).

Defendant Becerra objects to each interrogatory to the extent that it purports to impose any obligation or requirement greater than or different to the obligations or requirements set forth in the Federal Rules of Civil Procedure and/or the applicable rules and orders of this Court.

Defendant Becerra objects to each interrogatory to the extent that it calls for the disclosure of information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, the deliberative process privilege and/or any other applicable privilege or protection. Should Defendant Becerra disclose any privileged or otherwise protected information in these responses, the disclosure is inadvertent and does not constitute a waiver of the privilege or protection.

Defendant Becerra has not completed the investigation of the facts and issues relating to Plaintiff Zeleny's claims and has not completed discovery in this action. All of the answers contained herein are based solely upon information and documents which are presently available to, and specifically known by, Defendant Becerra, and the answers disclose only those contentions which presently occur to Defendant Becerra. Further discovery, independent

1  investigation, legal research and analysis may supply additional facts and may lead to additions,

2  changes, and variations from the answers herein.

3       The following answers are given without prejudice to the right to produce evidence and/or

4  witnesses or rely on facts which Defendant Becerra may later discover.  Defendant Becerra

5  accordingly reserves the right to change any and all answers herein as additional facts are

6  ascertained, witnesses identified and legal research is completed.  The answers contained herein

7  are made in good faith in an attempt to supply as much factual information and as much

8  specification of legal contention as is presently known, and in no way prejudices Defendant

9  Becerra in relation to further discovery and proceedings.

10       Defendant Becerra incorporates by reference every general objection set forth above into

11  each specific answer set forth below.  A specific response may repeat a general objection for

12  emphasis or some other reason.  The failure to include a general objection in any specific answer

13  does not waive any general objection to that interrogatory.

14      **INTERROGATORY NO. 1**:  State all facts on which You base Your contention, if any,

15  that California Penal Code § 26350 is constitutional under the Second Amendment, including any

16  legitimate goals or public interests intended to be served by that statute.

17      [As used in these interrogatories,

18      (a) "You" and "Your" refer to Xavier Becerra as the Attorney General of the State of

19  California.  These interrogatories seek the official position of the State of California;

20      (b) "Second Amendment" means the Second Amendment to the United States

21  Constitution].

22      **RESPONSE TO INTERROGATORY NO. 1**:

23      Defendant Becerra incorporates by reference the above-stated general objections as though

24  fully set forth herein.  Defendant Becerra objects to this interrogatory on the grounds that it is

25  vague and overbroad, and unduly burdensome.  Moreover, it seeks information irrelevant to

26  Plaintiff Zeleny's claims, and not reasonably calculated to lead to the discovery of information

27  that is relevant to Plaintiff's claims.  Defendant Becerra also objects to this interrogatory on the

28  grounds that it seeks Defendant Becerra's contentions regarding the constitutionality of California

1  Legislature considered including other forms of "speech or expressive conduct" in enacting Penal

2  Code §§ 26375 and 26405, subdivision (r).  Thus, Defendant Becerra is unable to respond to this

3  interrogatory.

4      **INTERROGATORY NO. 9**:  Identify all documents bearing upon, supporting, or

5  reflecting the reasons set forth in Your response to the preceding interrogatory.

6      **RESPONSE TO INTERROGATORY NO. 9**:

7      Defendant Becerra incorporates by reference the above-stated general objections as though

8  fully set forth herein.  Defendant Becerra objects to this interrogatory on the grounds that it is

9  vague and overbroad, and unduly burdensome.  Moreover, it seeks information irrelevant to

10  Plaintiff Zeleny's claims, and not reasonably calculated to lead to the discovery of information

11  that is relevant to Plaintiff's claims.

12      Subject to, and without waiving the foregoing objections, Defendant Becerra responds as

13  follows: N/A.

14      **INTERROGATORY NO. 10**:  Does the phrase "authorized participant" as used in

15  California Penal Code §§ 26375 and 26405(r) refer to a participant authorized by a governmental

16  body or agency?

17      **RESPONSE TO INTERROGATORY NO. 10**:

18      Defendant Becerra incorporates by reference the above-stated general objections as though

19  fully set forth herein.  Defendant Becerra objects to this interrogatory on the grounds that it is

20  vague and overbroad.  Moreover, it seeks information irrelevant to Plaintiff Zeleny's claims, and

21  not reasonably calculated to lead to the discovery of information that is relevant to Plaintiff's

22  claims.

23      Subject to, and without waiving the foregoing objections, Defendant Becerra responds as

24  follows: Penal Code §§ 26375 and 26405, subdivision (r) do not include definitions of the phrase

25  "authorized participant."

26      However, according to the Legislative history of Penal Code § 26375, that section permits

27  the use of unloaded handguns as an "entertainment props."  (See DOJ 000219)  Additionally, the

28  Entertainment Firearms Permit only authorizes the permit holder "to possess firearms loaned to

1  the permitholder for use solely as a prop in a motion picture, television, video, theatrical, or other

2  entertainment production or event." (Penal Code § 29500.) Thus, the exceptions set forth in

3  Penal Code §§ 26375 and 26405, subdivision (r) are available only to those using unloaded

4  firearms loaned to them for use as "entertainment props" in a motion picture, television, video,

5  theatrical, or other entertainment production or event.

6  **INTERROGATORY NO. 11:** If Your answer to Interrogatory No. 10 is in the

7  affirmative, identify the governmental bodies or agencies from which authorization is required?

8  **RESPONSE TO INTERROGATORY NO. 11:**

9  Defendant Becerra incorporates by reference the above-stated general objections as though

10  fully set forth herein. Defendant Becerra objects to this interrogatory on the grounds that it is

11  vague and overbroad, and unduly burdensome. Moreover, it seeks information irrelevant to

12  Plaintiff Zeleny's claims, and not reasonably calculated to lead to the discovery of information

13  that is relevant to Plaintiff's claims.

14  Subject to, and without waiving the foregoing objections, Defendant Becerra responds as

15  follows: N/A.

16  **INTERROGATORY NO. 12:** If Your answer to Interrogatory No. 10 is in the

17  affirmative, state all bases for your contention that the phrase "authorized participant," as used in

18  California Penal Code §§ 26375 and 26405(r), refers to a participant authorized by a

19  governmental body or agency?

20  **RESPONSE TO INTERROGATORY NO. 12:**

21  Defendant Becerra incorporates by reference the above-stated general objections as though

22  fully set forth herein. Defendant Becerra objects to this interrogatory on the grounds that it is

23  vague and overbroad, and unduly burdensome. Moreover, it seeks information irrelevant to

24  Plaintiff Zeleny's claims, and not reasonably calculated to lead to the discovery of information

25  that is relevant to Plaintiff's claims.

26  Subject to, and without waiving the foregoing objections, Defendant Becerra responds as

27  follows: N/A.

28

1    **INTERROGATORY NO. 13:** If your answer to Interrogatory No. 10 is in the negative,

2    state the persons or entities whose authorization is required in order for California Penal Code §§

3    26375 and 26405(r) to exempt the carrying of firearms from California Penal Code §§ 26350 and

4    26405.

5    **RESPONSE TO INTERROGATORY NO. 13:**

6        Defendant Becerra incorporates by reference the above-stated general objections as though

7    fully set forth herein.  Defendant Becerra objects to this interrogatory on the grounds that it is

8    vague and overbroad.  Moreover, it seeks information irrelevant to Plaintiff Zeleny's claims, and

9    not reasonably calculated to lead to the discovery of information that is relevant to Plaintiff's

10   claims.

11       Subject to, and without waiving the foregoing objections, Defendant Becerra responds as

12   follows: The Legislature enacted certain exceptions to the general prohibitions on openly carrying

13   firearms.

14       Penal Code § 26375 provides that section 26350 does not apply to, or affect, the open

15   carrying of an unloaded handgun by an authorized participant in, or an authorized employee or

16   agent of a supplier of firearms for, a motion picture, television or video production, or

17   entertainment event, when the participant lawfully uses the handgun as part of that production or

18   event, as part of rehearsing or practicing for participation in that production or event, or while the

19   participant or authorized employee or agent is at that production or event, or rehearsal or practice

20   for that production or event. (Pen. Code, § 26375.)  According to the Legislative history, Penal

21   Code § 26375 permits the use of unloaded handguns as an "entertainment props."  (See DOJ

22   000219)

23       Likewise, Penal Code § 26405, subdivision (r) provides that Penal Code § 26400 does not

24   apply to, or affect, the carrying of an unloaded firearm that is not a handgun by an authorized

25   participant in, or an authorized employee or agent of a supplier of firearms for, a motion picture,

26   television, or video production or entertainment event, when the participant lawfully uses that

27   firearm as part of that production or event, as part of rehearsing or practicing for participation in

28

1  that production or event, or while the participant or authorized employee or agent is at that

2  production or event, or rehearsal or practice for that production or event.

3       And, Penal Code § 29500 provides that, "Any person who is at least 21 years of age may

4  apply for an entertainment firearms permit from the Department of Justice.  An entertainment

5  firearms permit authorizes the permit holder to possess firearms loaned to the permitholder for

6  use solely as a prop in a motion picture, television, video, theatrical, or other entertainment

7  production or event."  (Added by Stats.2010, c. 711 (S.B. 1080).)

8       **INTERROGATORY NO. 14:**  Do California Penal Codes §§ 26375 and 26405(r) require

9  that the "motion picture, television or video production" or "entertainment event" itself be

10  authorized in order to exempt participants from California Penal Code §§ 26350 and 26405?

11       **RESPONSE TO INTERROGATORY NO. 14:**

12       Defendant Becerra incorporates by reference the above-stated general objections as though

13  fully set forth herein.  Defendant Becerra objects to this interrogatory on the grounds that it is

14  vague and overbroad, and unduly burdensome.  Moreover, it seeks information irrelevant to

15  Plaintiff Zeleny's claims, and not reasonably calculated to lead to the discovery of information

16  that is relevant to Plaintiff's claims.

17       Subject to, and without waiving the foregoing objections, Defendant Becerra responds as

18  follows: Penal Code §§ 26375 and 26405(r) do not address whether the "motion picture,

19  television or video production" or "entertainment event" itself be authorized in order to exempt

20  participants from California Penal Code §§ 26350 and 26405.  Accordingly, Defendant Becerra is

21  unable to respond to this interrogatory.

22       **INTERROGATORY NO. 15:**  If your response to Interrogatory No. 14 is in the

23  affirmative, identify all persons or entities whose authorization of the "motion picture, television

24  or video production" or "entertainment event" is required in order to exempt participants from

25  California Penal Code §§ 26350 and 26405.

26       **RESPONSE TO INTERROGATORY NO. 15:**

27       Defendant Becerra incorporates by reference the above-stated general objections as though

28  fully set forth herein.  Defendant Becerra objects to this interrogatory on the grounds that it is

1  vague and overbroad, and unduly burdensome.  Moreover, it seeks information irrelevant to

2  Plaintiff Zeleny's claims, and not reasonably calculated to lead to the discovery of information

3  that is relevant to Plaintiff's claims.

4       Subject to, and without waiving the foregoing objections, Defendant Becerra responds as

5  follows: N/A.

6       **INTERROGATORY NO. 16**:  State all of the bases for Your response to Interrogatory

7  No. 14.

8       **RESPONSE TO INTERROGATORY NO. 16**:

9       Defendant Becerra incorporates by reference the above-stated general objections as though

10 fully set forth herein.  Defendant Becerra objects to this interrogatory on the grounds that it is

11 vague and overbroad, and unduly burdensome.  Moreover, it seeks information irrelevant to

12 Plaintiff Zeleny's claims, and not reasonably calculated to lead to the discovery of information

13 that is relevant to Plaintiff's claims.

14      Subject to, and without waiving the foregoing objections, Defendant Becerra responds as

15 follows: N/A.

16      **INTERROGATORY NO. 17**:  State all facts supporting your interpretation of California

17 Penal Code §§ 26375 and 26405(r).

18      **RESPONSE TO INTERROGATORY NO. 17**:

19      Defendant Becerra incorporates by reference the above-stated general objections as though

20 fully set forth herein.  Defendant Becerra objects to this interrogatory on the grounds that it is

21 vague and overbroad, and unduly burdensome.  Moreover, it seeks information irrelevant to

22 Plaintiff Zeleny's claims, and not reasonably calculated to lead to the discovery of information

23 that is relevant to Plaintiff's claims.

24      Subject to, and without waiving the foregoing objections, Defendant Becerra responds as

25 follows:  Defendant Becerra has not issued an interpretation of California Penal Code §§ 26375

26 and 26405, subdivision (r).  However, the California Department of Justice does possess

27 documents that are related to firearms generally.  See and DOJ 0001282-DOJ 001312.

28

Dated:  April 3, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General

NOREEN P. SKELLY
Deputy Attorney General
*Attorneys for Defendant Attorney General
Xavier Becerra*

31

## DECLARATION OF SERVICE BY OVERNIGHT COURIER

Case Name:   **Zeleny, Michael v. Edmund G. Brown, et al.**

No.:   **3:17-cv-07357 RS (NC)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is: 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550.

On <u>April 3, 2019</u>, I served the attached **DEFENDANT ATTORNEY GENERAL XAVIER BECERRA'S RESPONSES TO PLAINTIFF MICHAEL ZELENY'S FIRSTS SET OF INTERROGATORIES** by placing a true copy thereof enclosed in a sealed envelope with the **Golden State Overnight**, addressed as follows:

David William Affeld
Damion D. D. Robinson
Affeld Grivakes LLP
2049 Century Park East, Suite 2460
Los Angeles, CA  90067
Tel:    (310) 979-8700
Fax:    (310) 979-8701
Email:  dwa@agzlaw.com
          dr@agzlaw.com
*Attorneys for Plaintiff*

Todd H. Master
Howard Rome Martin & Ridley LLP
1900 O'Farrell Street, Suite 280
San Mateo, CA  94403
Tel:    (650) 365-7715
Fax:    (650) 364-5297
Email: tmaster@hrmrlaw.com
*Attorneys for Defendants City of Menlo Park and Dave Bertini*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 3, 2019, at Sacramento, California.

Eileen A. Ennis
Declarant

Signature

**EXHIBIT 2**

XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
NOREEN P. SKELLY
Deputy Attorney General
JOHN W. KILLEEN
Deputy Attorney General
State Bar No. 258395
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6045
 Fax: (916) 324-8835
 E-mail:  John.Killeen@doj.ca.gov
*Attorneys for Defendant Attorney General Xavier*
*Becerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **MICHAEL ZELENY, an individual,** | 3:17-cv-07357 RS |
| Plaintiff, | **DEFENDANT ATTORNEY GENERAL XAVIER BECERRA'S RESPONSES TO PLAINTIFF MICHAEL ZELENY'S INTERROGATORIES, SET TWO** |
| v. | |
| **GAVIN NEWSOM, an individual, in his official capacity; XAVIER BECERRA, an individual, in his official capacity; CITY OF MENLO PARK, a municipal corporation; and DAVE BERTINI, in his official capacity,** | |
| Defendants. | |

PROPOUNDING PARTY:      Plaintiff Michael Zeleny

ANSWERING PARTY:      Defendant Attorney General Xavier Becerra

SET NUMBER:      Two

/ / /

/ / /

1

**PRELIMINARY STATEMENT**

Defendant Becerra objects to each interrogatory to the extent that it purports to impose any obligation or requirement greater than or different to the obligations or requirements set forth in the Federal Rules of Civil Procedure and/or the applicable rules and orders of this Court.

Defendant Becerra objects to each interrogatory to the extent that it calls for the disclosure of information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, the deliberative process privilege and/or any other applicable privilege or protection. Should Defendant Becerra disclose any privileged or otherwise protected information in these responses, the disclosure is inadvertent and does not constitute a waiver of the privilege or protection.

Defendant Becerra objects to each interrogatory to the extent that it calls for him to interpret what the Legislature intended when it drafted any of the statutory provisions at issue in this case.

Defendant Becerra has not completed the investigation of the facts and issues relating to Plaintiff Zeleny's claims and has not completed discovery in this action. All of the answers contained herein are based solely upon information and documents which are presently available to, and specifically known by, Defendant Becerra, and the answers disclose only those contentions which presently occur to Defendant Becerra. Further discovery, independent investigation, legal research and analysis may supply additional facts and may lead to additions, changes, and variations from the answers herein.

The following answers are given without prejudice to the right to produce evidence and/or witnesses or rely on facts which Defendant Becerra may later discover. Defendant Becerra accordingly reserves the right to change any and all answers herein as additional facts are ascertained, witnesses identified and legal research is completed. The answers contained herein are made in good faith in an attempt to supply as much factual information and as much specification of legal contention as is presently known, and in no way prejudices Defendant Becerra in relation to further discovery and proceedings.

1    Defendant Becerra incorporates by reference every general objection set forth above into

2    each specific answer set forth below.  A specific response may repeat a general objection for

3    emphasis or some other reason.  The failure to include a general objection in any specific answer

4    does not waive any general objection to that interrogatory.

5        **INTERROGATORY NO. 22**:  Is an individual who has a valid "entertainment firearms

6    permit" issued pursuant to Penal Code § 29500 an "authorized participant" within the meaning of

7    Penal Code §§ 26375 and 26405(r)?

8        **RESPONSE TO INTERROGATORY NO. 22**:

9        Defendant Becerra incorporates by reference the above-stated general objections as though

10   fully set forth herein.  Defendant Becerra objects to this interrogatory on the grounds that it poses

11   a question of pure law.  Defendant Becerra is not required to respond to interrogatories raising

12   questions of pure law.  See *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-cv-03393-YGR (JSC),

13   2014 WL 7188779, at *5 (N.D. Cal. Dec. 16, 2014) ("[I]nterrogatories directed to issues of 'pure

14   law'—i.e., abstract legal issues not dependent on the facts of the case are not permitted") (citation

15   and some internal punctuation omitted).  Defendant Becerra also objects to this interrogatory

16   because it calls for him to interpret what the Legislature intended when it drafted any of the

17   statutory provisions at issue in this case.

18       Subject to, and without waiving the foregoing objections, Defendant Becerra responds as

19   follows: Penal Code §§ 26375 and 26405, subdivision (r) do not include definitions of the phrase

20   "authorized participant."  Thus, what the Legislature intended by that phrase is a question of

21   statutory interpretation.

22       However, according to the Legislative history of Penal Code § 26375, that section permits

23   the use of unloaded handguns as an "entertainment props."  (See DOJ 000219)  Additionally, the

24   Entertainment Firearms Permit authorizes the permit holder "to possess firearms loaned to the

25   permitholder for use solely as a prop in a motion picture, television, video, theatrical, or other

26   entertainment production or event."  (Penal Code § 29500.)  Thus, it is possible to infer that the

27   Legislature intended the exceptions set forth in Penal Code §§ 26375 and 26405, subdivision (r)

28   to be available only to those using unloaded firearms loaned to them for use as "entertainment

3

1    props" in a motion picture, television, video, theatrical, or other entertainment production or

2    event.

3        **INTERROGATORY NO. 23**:   State all facts supporting your response to the preceding

4    interrogatory.

5        **RESPONSE TO INTERROGATORY NO. 23**:

6        Defendant Becerra incorporates by reference the above-stated general objections as though

7    fully set forth herein.   Defendant Becerra objects to this interrogatory on the grounds that it poses

8    a question of pure law.   Defendant Becerra is not required to respond to interrogatories raising

9    questions of pure law.   See *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-cv-03393-YGR (JSC),

10   2014 WL 7188779, at *5 (N.D. Cal. Dec. 16, 2014) ("[I]nterrogatories directed to issues of 'pure

11   law'—i.e., abstract legal issues not dependent on the facts of the case are not permitted") (citation

12   and some internal punctuation omitted).   Defendant Becerra also objects to this interrogatory

13   because it calls for him to interpret what the Legislature intended when it drafted any of the

14   statutory provisions at issue in this case.

15       Subject to, and without waiving the foregoing objections, Defendant Becerra responds as

16   follows: Penal Code §§ 26375 and 26405, subdivision (r) do not include definitions of the phrase

17   "authorized participant."   Thus, what the Legislature intended by that phrase is a question of

18   statutory interpretation.

19       However, according to the Legislative history of Penal Code § 26375, that section permits

20   the use of unloaded handguns as an "entertainment props."   (See DOJ 000219)   Additionally, the

21   Entertainment Firearms Permit authorizes the permit holder "to possess firearms loaned to the

22   permitholder for use solely as a prop in a motion picture, television, video, theatrical, or other

23   entertainment production or event."   (Penal Code § 29500.)   Thus, it is possible to infer that the

24   Legislature intended the exceptions set forth in Penal Code §§ 26375 and 26405, subdivision (r)

25   to be available only to those using unloaded firearms loaned to them for use as "entertainment

26   props" in a motion picture, television, video, theatrical, or other entertainment production or

27   event.

28

1   **INTERROGATORY NO. 24**:  State all facts supporting your contention that the definition of

2   "authorized participant" under Penal Code §§ 26375 and 26405(r) refers to a person with an

3   "entertainment firearms permit" issued pursuant to Penal Code § 29500.

4        **RESPONSE TO INTERROGATORY NO. 24**:

5        Defendant Becerra incorporates by reference the above-stated general objections as though

6   fully set forth herein.  Defendant Becerra objects to this interrogatory on the grounds that it poses

7   a question of pure law.  Defendant Becerra is not required to respond to interrogatories raising

8   questions of pure law.  See *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-cv-03393-YGR (JSC),

9   2014 WL 7188779, at *5 (N.D. Cal. Dec. 16, 2014) ("[I]nterrogatories directed to issues of 'pure

10  law'—i.e., abstract legal issues not dependent on the facts of the case are not permitted") (citation

11  and some internal punctuation omitted).

12       Subject to, and without waiving the foregoing objections, Defendant Becerra responds as

13  follows:  Defendant Becerra has not made this contention.  What the Legislature intended when it

14  used the phrase "authorized participant" is a question of statutory interpretation.

15       **INTERROGATORY NO. 25**:  Identify all documents bearing upon, supporting, or

16  reflecting the facts set forth in Your response to the preceding interrogatory.

17       **RESPONSE TO INTERROGATORY NO. 25**:

18       Defendant Becerra incorporates by reference the above-stated general objections as though

19  fully set forth herein.  Defendant Becerra objects to this interrogatory on the grounds that it is

20  vague and overbroad, and unduly burdensome.  Moreover, it seeks information irrelevant to

21  Plaintiff Zeleny's claims, and not reasonably calculated to lead to the discovery of information

22  that is relevant to Plaintiff's claims.

23       Subject to, and without waiving the foregoing objections, Defendant Becerra responds as

24  follows:  N/A.

25  / / /

26  / / /

27  / / /

28  / / /

5

1

2    Dated:  March 13, 2020                              Respectfully submitted,

3                                                        XAVIER BECERRA
                                                         Attorney General of California
4                                                        ANTHONY R. HAKL
                                                         Supervising Deputy Attorney General
5

6

7                                                        NOREEN P. SKELLY
                                                         Deputy Attorney General
8                                                        JOHN W. KILLEEN
                                                         Deputy Attorney General
9                                                        *Attorneys for Defendant Attorney General
                                                         Xavier Becerra*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

## <u>DECLARATION OF SERVICE BY OVERNIGHT COURIER</u>

Case Name:   **Zeleny, Michael v. Edmund G. Brown, et al.**

No.:   **3:17-cv-07357 RS (NC)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter; my business address is: 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550.

On <u>March 13, 2020,</u> I served the attached **DEFENDANT ATTORNEY GENERAL XAVIER BECERRA'S RESPONSES TO PLAINTIFF MICHAEL ZELENY'S INTERROGATORIES, SET TWO** by placing a true copy thereof enclosed in a sealed envelope with the **GOLDEN STATE OVERNIGHT COURIER SERVICE**, addressed as follows:

David William Affeld
Damion D. D. Robinson
Affeld Grivakes LLP
2049 Century Park East, Suite 2460
Los Angeles, CA  90067
Tel:    (310) 979-8700
Fax:    (310) 979-8701
Email: dwa@agzlaw.com
         dr@agzlaw.com
*Attorneys for Plaintiff*

Todd H. Master
Howard Rome Martin & Ridley LLP
1900 O'Farrell Street, Suite 280
San Mateo, CA  94403
Tel:    (650) 365-7715
Fax:    (650) 364-5297
Email: tmaster@hrmrlaw.com
*Attorneys for Defendants City of Menlo Park and Dave Bertini*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 13, 2020, at Sacramento, California.

Tracie L. Campbell

Declarant

*Tracie Campbell*

Signature

SA2018100198
14523392.docx14523392.DOCX

**EXHIBIT 3**

1          UNITED STATES DISTRICT COURT

2         NORTHERN DISTRICT OF CALIFORNIA

3

4    MICHAEL ZELENY,              ) Case No.
                                  ) CV 17-7357 JCS
5              Plaintiff,         )
                                  )
6     vs.                         )
                                  )
7    EDMUND G. BROWN, Jr.         )
     et al.,                      )
8                                 )
               Defendants.        )
9    _____  )

10

11

12

                DEPOSITION OF BLAKE GRAHAM
13
            Thursday, January 23rd, 2020
14
                   ---oOo---
15

16

17

18

19

20

21

22    Reported by:
      David A. Disbrow
23    CSR No. 7768

24

25

1     okay?

2         **A**    Yeah, I see that.

3         **Q**    What does "Authorized" mean in that clause

4     that I just read?

5             MS. SKELLY:   Objection; the deponent is not

6     authorized to interpret the statute which was written

7     by the Legislature and so he can't answer that

8     question.

9             THE WITNESS:   I'm not aware of this

10    "Authorized participant" being defined by the

11    Legislature.   I don't know that it's defined in DOJ

12    regulations either.

13    BY MR. ROBINSON:

14        **Q**    Has the Attorney General's office issued an

15    opinion about what an "Authorized participant" means if

16    you know?

17        **A**    I don't know that they have issued -- as I

18    said, this entertainment firearms permit area of the

19    law is I guess an infinitesimal part of the overall

20    firearms' scheme in the State and I don't think until

21    now I've even been asked what that phrase meant.

22        **Q**    Do you have an understanding of what it means

23    now?

24            MS. SKELLY:   Objection; there's no relevance

25    to the deponent's understanding of what the statute

1    means.   The statute -- the document speaks for

2    itself.   To the extent that any interpretation is

3    needed it will be done by the Court.

4              MS. RAUCH:   Join.

5    BY MR. ROBINSON:

6         Q    You can answer.

7         A    I would have to do quite a bit of research

8    before I could come up with something on this.   This

9    kind of a definition when it's not defined by the

10   Legislature sometimes can be left to the agency but to

11   my knowledge we've not done regulations which would

12   somehow clarify that and it's not something I can come

13   up with at the spur of the moment today.

14        Q    Do you know if the DOJ has an official

15   position on what "Authorized participant" means?

16             MS. SKELLY:   Objection; asked and answered.

17             THE WITNESS:   Yeah, I think I've probably

18   said that just now in the last question

19   BY MR. ROBINSON:

20        Q    Why don't you just go ahead and answer it

21   again.

22        A    Okay.

23        Q    Does DOJ have an official position on what

24   "Authorized participant" means in the exemptions?

25        A    To my knowledge without -- lacking a

1    regulation coming from DOJ or some official opinion

2    from the Opinion Unit within the Attorney General's

3    office, I'm not aware of one.

4         Q    Do you know who does the authorizing in terms

5    of an authorized participant?

6              MS. SKELLY:   Objection; the deponent is not

7    authorized to interpret the statute which was written

8    by the Legislature.   If you need interpretation it

9    will be done by the Court.

10             MR. ROBINSON:   You can go ahead.

11             MS. SKELLY:   It's also vague.

12             THE WITNESS:   I'm going to speak in general

13   about regulations for example because lacking a

14   definitive answer on what that means from the

15   Legislature, if we were asked by a stakeholder in the

16   industry meaning a prop house or several different

17   prop houses, "Hey, can you guys define that for us,"

18   we might go down the path of involving them over

19   several months and getting feedback from the public

20   and asking how that would get flushed out in a normal

21   period of time.   It could be a a year-and-a-half

22   process to get a series of regulations done.   Often

23   regulations like this would be carved out as part of

24   that process and it would be a back-and-forth process

25   on proposed regulations and then there's public

1    feedback given so that being so industry-specific, it

2    could be taken several different ways potentially by

3    different prop houses.  We would want to get their

4    feedback on what they feel that means within the

5    industry, things like that, how that might -- we'd

6    have to go through the Legislative analysis, all the

7    various bills, and see if that somehow is tied in.

8             Earlier, I read a document that you

9    provided to me that was about an older bill and there

10   was some language in there -- we can go back and look

11   at those things as well.

12   BY MR. ROBINSON:

13       Q    Does the DOJ authorize participants in motion

14   picture, television or video productions or

15   entertainment events?

16             MS. RAUCH:  Vague.

17             THE WITNESS:  We have the firearm

18   entertainment permit process.  That would certainly

19   be a consideration in the overall evaluation of

20   something that I would ask my staff to look at; what

21   does the industry want to be a factor, what is our

22   role in this, and if I was involved in the

23   conversation I would certainly suggest that having a

24   permit be part of that and then maybe some other

25   industry qualifiers that they would suggest but I

1    don't really know what that is at this point.  I've

2    never had that conversation with the industry

3    specific to that definition.

4    BY MR. ROBINSON:

5         **Q**    Aside from the entertainment firearms permit

6    is there any person or group within DOJ that authorizes

7    participants in motion picture, television, video

8    production or entertainment events?

9              MS. SKELLY:  Objection; the question calls

10   for an interpretation of the statute which the

11   deponent can't do because he's not authorized to

12   speak on behalf of the Legislature.

13   BY MR. ROBINSON:

14        **Q**    You can go ahead and answer the question.

15        **A**    Yeah, I really don't have an answer beyond

16   what I've already provided.

17        **Q**    Okay.  I'm just going to ask you to answer it

18   again.

19        **A**    Can you repeat the question?

20        **Q**    Sure.  Other than the or let me ask a

21   foundational question.  Does the entertainment firearms

22   permit qualify someone as an authorized participant in

23   a motion picture, television or video production or

24   entertainment event?

25              MS. SKELLY:  Objection; the deponent is not

1   authorized to speak on behalf of the Legislature or
2   is not authorized to interpret the statute.  Only the
3   Legislature or the Courts can do that but he's not
4   authorized to speak to whether or not the firearms
5   entertainment permit would constitute authorization
6   under Penal Code Section 26375.
7           MR. ROBINSON:  Counsel, are you instructing
8   him not to answer the question?
9           MS. SKELLY:  No, I would have said so.
10          MR. ROBINSON:  Then feel free to object to
11  form or the fact that it's outside the scope of the
12  deposition notice but the continual objections on the
13  basis that the witness is not authorized or permitted
14  to testify about certain topics are inappropriate.
15  They are not proper deposition objections.
16          MS. SKELLY:  In this case, you have noticed
17  the deposition for a 30(b) deponent from DOJ.  You
18  are asking that person questions that require him to
19  interpret the Penal Code Section.  He can't do that
20  because he doesn't know what the Legislature intended
21  so my objection is as to his competence to interpret
22  the statute drafted by the Legislature.
23          MR. ROBINSON:  Counsel, if the witness that
24  you designated for a deposition is not competent to
25  testify as a witness then call the deposition and

1    BY MR. ROBINSON:

2        Q    In order to become an authorized participant?

3              MS. SKELLY:  Objection; exceeds the scope.

4              MS. RAUCH:  Same objections and join.

5              THE WITNESS:  Yeah.  There may be other

6    things but that's all I can give you at this point.

7    BY MR. ROBINSON:

8        Q    Okay.  What if Mr. Zeleny owns his own gun,

9    he doesn't need to get it from a prop house, he doesn't

10   need to borrow it from anybody?

11             MS. RAUCH:  Same objections.

12             MS. SKELLY:  Objection; exceeds the scope.

13             THE WITNESS:  I don't know that I've ever had

14   this question posed to me before.  I'm not sure that

15   I have an answer or as I sit here, enough experience

16   to answer that question.  There are multiple laws in

17   play and I would want to work them out and I can't

18   give you an answer right at this moment.

19   BY MR. ROBINSON:

20       Q    What laws are in play?

21       A    The entertainment firearm permit laws, open

22   carry laws, the dealer laws that deal with transfers of

23   guns meaning the loans of guns potentially.  If it's --

24   in your hypothetical, it's a personally loaned weapon

25   so I would want to make sure that there's no issues

1    legal conclusion.

2              MS. RAUCH:  Join.

3              THE WITNESS:  My question is was there a

4    question?  It sounded like a statement to me.

5    BY MR. ROBINSON:

6         Q    Yeah.  Your question is does he have to get

7    -- in order to not -- in order to fall within 26375 is

8    it the position of the DOJ that Mr. Zeleny is required

9    to get some kind of a permit from the City of Menlo

10   Park?

11             MS. SKELLY:  Objection; exceeds the scope.

12             MS. RAUCH:  Same objections as I've stated

13   previously.

14             THE WITNESS:  I don't think I have the

15   knowledge to answer that question.  I think I would

16   have to elevate something like that above me to

17   potentially get something like that if it was posed

18   to us other than in this fashion here.

19   BY MR. ROBINSON:

20        Q    If Mr. Zeleny has an entertainment firearm

21   permit from the DOJ does that make him an authorized

22   participant within the meaning of 26375?

23             MS. SKELLY:  Objection; exceeds the scope,

24   and asked and answered.

25             THE WITNESS:  I would have the same answer as

 1     I did to the last question.

 2                    THE REPORTER:   Sorry?

 3                    THE WITNESS:   I would have the same answer as

 4     I did to the last question.   I would attempt, if I

 5     became aware of such a question through a normal

 6     course of business, I would attempt to elevate that

 7     through the chain of command because again, it's a

 8     scenario that we or I have not encountered.

 9     BY MR. ROBINSON:

10          Q     The phrase, "Authorized participant," is the

11     authorization in your understanding of the motion

12     picture, television, video production or entertainment

13     event" or is it of the particular participant in the

14     event?

15                    MS. SKELLY:   Objection; exceeds the scope.

16                    THE WITNESS:   This type of definition if it

17     was ever created would ideally flush out the answer

18     to the question you just asked me but at this time we

19     do not have to my knowledge something in regulations

20     or in the Penal Code that gives us guidance to your

21     specific question.

22     BY MR. ROBINSON:

23          Q     Are there particular people within the DOJ

24     that you would talk with about the question?

25          A     Yes.

**EXHIBIT 4**

## Damion Robinson

| | |
|---|---|
| **From:** | John Killeen <John.Killeen@doj.ca.gov> |
| **Sent:** | Tuesday, September 22, 2020 6:19 PM |
| **To:** | Damion Robinson; Todd H. Master |
| **Cc:** | David Affeld; Brian R. England; David Markevitch |
| **Subject:** | RE: ZELENY/Newsom |

Damion,

The case is nearly three years old.  We would not stipulate to the amendment of the complaint, which does not currently assert a claim that the open carry laws are vague on their face.

Thanks,

John

**From:** Damion Robinson <DR@agzlaw.com>
**Sent:** Sunday, September 20, 2020 10:23 PM
**To:** John Killeen <John.Killeen@doj.ca.gov>; Todd H. Master <tmaster@hrmrlaw.com>
**Cc:** David Affeld <dwa@agzlaw.com>; Brian R. England <bre@agzlaw.com>; David Markevitch <dm@agzlaw.com>
**Subject:** ZELENY/Newsom

John and Todd:

In light of the current discovery dispute relating to interpretation of the "authorized participant" exception, we intend to pursue the argument that the statute is void for vagueness.

We believe that this argument is encompassed in our existing challenge to the statute as unconstitutional so that a pleading amendment is not necessary.  *See Skinner v. Switzer*, 562 U.S. 521, 530 (2011) ("a complaint need not pin plaintiff's claim for relief to a precise legal theory"); *see also Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008).

Nonetheless, if you believe that an amendment is needed, we would be willing to make one either by stipulation or by motion, in an abundance of caution.  Please let me know as soon as possible whether you will require an amendment, and if so, whether you will stipulate.

Best,
Damion

Damion Robinson
AFFELD GRIVAKES LLP
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Tel. (310) 979-8700 | Fax (310) 979-8701

* * *

This email is sent from a law firm and may contain confidential and privileged information.  If you are not the intended recipient, please notify the sender immediately by return email and delete this message from your system.  Please do not copy or use this email for any purpose, or disclose its contents to any other person.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

## **PROOF OF SERVICE**

I hereby certify that on September 24, 2020, I electronically filed the foregoing document using the Court's CM/ECF system.  I am informed and believe that the CM/ECF system will send a notice of electronic filing to the interested parties.

s/ Gabrielle Bruckner
Gabrielle Bruckner

DECLARATION OF DAMION ROBINSON IN SUPPORT OF MOTION FOR LEAVE TO AMEND