UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZELENY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EDMUND G. BROWN, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-07357-RS<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

Defendant Attorney General Xavier Becerra filed a Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge contending that the Magistrate Judge erred when he directed Attorney General Becerra to respond to eleven interrogatories. Attorney General Becerra objected to the interrogatories as requiring him to provide a purely legal opinion interpreting the words "authorized participant" in California Penal Code §§ 26375 and 26405(r).

Decisions by a magistrate judge regarding nondispositive pretrial matters are set aside only if they are clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A magistrate judge's ruling is clearly erroneous if the district court is left with a "definite and firm conviction that a mistake has been committed." *Burdick v. C. I. R.*, 979 F.2d 1369, 1370 (9th Cir. 1992). Rulings that apply an incorrect legal standard or otherwise fail to consider an element of the applicable standard are contrary to law. *United States v. Real Prop. and Improvements Located at 2336 San Pablo Ave., Berkeley, Cal.*, 2014 WL 325151, at *1 (N.D. Cal. Jan. 29, 2014). "[T]he magistrate judge's decision in . . . nondispositive matters is entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001).

In his Discovery Order, the Magistrate Judge decided that the interrogatories were so intertwined with Zeleny's overarching factual assertions that they were not requests for purely legal opinions. The Magistrate Judge reasoned that, in context, the interrogatories operate to distill a central question: Why do you [the government] contend that I [Zeleny] am not an "authorized participant" under California Penal Code §§ 26375 and 26405(r)? Each interrogatory essentially probes Attorney General Becerra's decision to apply the law to the facts and identify which aspect of Zeleny's conduct prevents him from being an "authorized participant."

Attorney General Becerra objects to the Magistrate Judge's ruling mainly on two grounds. First, he argues that answering the interrogatories would require him to provide a purely legal opinion. Second, he contends that he should not have to disclose his work product prematurely. In support of his first argument, he relies on two cases in which courts refused to compel responses to interrogatories on the ground that they requested a legal interpretation of a particular word in a statute and insurance policy, respectively. *See U.S. ex rel Englund v. Los Angeles County*, 235 F.R.D. 675, 683 (E.D. Cal. 2006); *Everest Nat'l Ins. Co. v. Santa Cruz Cty. Bank*, 2016 WL 6311876, at *4 (N.D. Cal. Oct. 28, 2016). However, those decisions by Magistrate Judges are inapposite here, where the district court is tasked only with reviewing the Magistrate Judge's decision for clear error. In his Discovery Order, the Magistrate Judge implicitly acknowledged that the interrogatories could be perceived as eliciting legal opinions, but reasoned that Plaintiff Zeleny was not asking pure questions of law because each interrogatory asks Attorney General Becerra to apply law to facts. This interpretation of the interrogatories in the context of the case is reasonable, and therefore not clearly erroneous or contrary to law.

The Magistrate Judge also duly considered and rejected Attorney General Becerra's second ground for objection. By specifically stating that "Zeleny is entitled to learn the answers to his questions sooner than when he reads the AG's summary judgment motion," the Magistrate Judge indicated that he was aware that Attorney General Becerra was concerned with shielding the legal opinions that make up his work product. Because the Magistrate Judge explicitly considered that potentiality and determined that Zeleny's questions properly investigated the central issue of the

1  case, his decision was not clearly erroneous or contrary to law.

2      For the reasons set forth above, the motion is denied.

3  **IT IS SO ORDERED**.

5  Dated: October 5, 2020

                RICHARD SEEBORG
                United States District Judge