XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
JOHN W. KILLEEN
Deputy Attorney General
State Bar No. 258395
　1300 I Street, Suite 125
　P.O. Box 944255
　Sacramento, CA 94244-2550
　Telephone:  (916) 210-6045
　Fax:  (916) 324-8835
　E-mail:  John.Killeen@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **MICHAEL ZELENY, an individual,** | No. 3:17-cv-07357 RS (NC) |
| Plaintiff, | |
| v. | **DEFENDANT XAVIER BECERRA'S OPPOSITION TO PLAINTIFFS' MOTION TO MAKE CLARIFYING AMENDMENT TO SECOND AMENDED COMPLAINT** |
| **EDMUND G. BROWN, JR., an individual, in his official capacity; XAVIER BECERRA, an individual, in his official capacity; CITY OF MENLO PARK, a municipal corporation; and DAVE BERTINI, in his official capacity,** | |
| | Date:　　　　October 29, 2020 |
| | Time:　　　　1:30 p.m. |
| | Dept:　　　　3, 17th Floor |
| | Judge:　　　The Honorable Richard G. Seeborg |
| Defendants. | Trial Date:　　Not Set |
| | Action Filed:　12/28/2017 |

# TABLE OF CONTENTS

**Page**

I. Zeleny's New Cause of Action Is Not Encompassed Within His Existing Complaint ........................................................................................................... 1

II. Leave to Amend the Complaint Should be Denied ................................................. 1

    A. Bad Faith and Undue Delay ........................................................................ 2

    B. Prejudice to the Attorney General ............................................................... 2

III. Conclusion ............................................................................................................. 3

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Bowles v. Reade*
    198 F.3d 752 (9th Cir. 1999).................................................................................................1

*Lockheed Martin Corp. v. Network Solutions, Inc.*
    194 F.3d 980 (9th Cir. 1999)..................................................................................................1

After two years, three complaints, the expiration of the fact discovery cut-off, and looming expert and dispositive-motion cutoffs, Plaintiff Michael Zeleny seeks to amend his complaint to add a claim of facial unconstitutionality that could have been known to Zeleny the day he filed his original complaint. Defendant California Attorney General Xavier Becerra requests that the Court deny the motion.

## I.  ZELENY'S NEW CAUSE OF ACTION IS NOT ENCOMPASSED WITHIN HIS EXISTING COMPLAINT

Zeleny seeks to assert a new cause of action against Attorney General Becerra: a vagueness claim under the Due Process Clause of the Fourteenth Amendment.

Zeleny argues that a vagueness claim is embedded in his existing "Fourteenth Amendment" claim. *See* Mot. at 2. But the current complaint's "Fourteenth Amendment" claim is brought under the Equal Protection Clause, not the Due Process Clause, of the Fourteenth Amendment. *See* Second. Am. Compl., ¶¶ 225-29.

Indeed, elsewhere in the complaint, Zeleny alleges that *Menlo Park's* municipal policies "are void as unconstitutionally vague, in that the prohibitive terms are not clearly defined such that a person or ordinary intelligence can readily identify the applicable standard for inclusion and exclusion." Second Am. Compl., ¶ 214. Zeleny was clearly aware that a vagueness claim against state and local laws might exist. But he elected not to assert such a claim against California's open carry statutes until after discovery closed, and after the Attorney General had an opportunity to prepare a defense to such a claim.

## II.  LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED

The four reasons for denying leave to amend are "(1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). "Undue delay by itself, however, is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

### A. Bad Faith and Undue Delay

As part of his long-running dispute with the City of Menlo Park, Zeleny has been in contact with California's open carry laws, and the exceptions to those laws, for years. *See, e.g.*, Second Am. Compl., ¶¶ 99 ("Zeleny argued that he fell within an exception to the firearms statutes because he was taking part in an entertainment event or video production") 121 ("Contrary to the plain language of the Penal Code, however, the City has interpreted it to require authorization from the City both for the video production itself, and for the carrying of unloaded firearms as part of that production.")  The relevant laws have not been changed since 2012, and the interpretation of the "authorized participant" exception appears to have been a core dispute between Zeleny and the City leading up to this complaint.  If Zeleny was unclear about what California's open carry laws prohibited and what they permitted, he had ample opportunity to plead such a claim before now.

Zeleny attempts to pin the fault for his own delay on the Attorney General declining to provide certain discovery responses (which the Attorney General has now provided).  But the Attorney General does not write California's laws, and the Attorney General never applied the open carry laws in any way to Zeleny.  To the extent that Zeleny forbore from demonstrating because he was uncertain about what California law meant and how the City of Menlo Park would apply it to him, that uncertainty was known to Zeleny when he filed his complaint.  He did not learn any new facts during discovery that might have created uncertainty.

### B. Prejudice to the Attorney General

The motion should also be denied because Defendant Becerra will have no opportunity to test the validity of the new claim against him.  The Court has already ordered that "[n]o further requests to extend case deadlines will be granted." *See* Dkt. No. 139.  By the time the Court considers this motion, the fact discovery cut-off will have passed (October 2), as will the cut-off for expert disclosures (October 9). *Id.* The expert discovery cut-off is November 20, and dispositive motions will need to be filed around the New Year to be heard before the operative cut-off of February 25. *Id.*

2

While a facial constitutional challenge generally involves questions of law, a due process vagueness claim may also depend on facts about what conduct a plaintiff is engaged in, or wants to engage in, to see if plaintiff's conduct is covered by the law.  And even if no facts were needed, it would be prejudicial to all Defendants to conduct research and brief a new legal issue on minimal notice.

### III.  CONCLUSION

For these reasons, Defendant Becerra requests that the motion to amend the complaint should be denied.

Dated:  October 8, 2020

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General

*/s/ John W. Killeen*
JOHN W. KILLEEN
Deputy Attorney General
*Attorneys for Defendants*

SA2018100198
34473642.docx

# CERTIFICATE OF SERVICE

| Case Name: | **Zeleny, Michael v. Edmund G. Brown, et al.** | No. | **3:17-cv-07357 RS (NC)** |
|---|---|---|---|

I hereby certify that on <u>October 8, 2020</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT GAVIN NEWSOM'S OPPOSITION TO PLAINTIFFS' MOTION TO MAKE CLARIFYING AMENDMENT TO SECOND AMENDED COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 8, 2020</u>, at Sacramento, California.

| Tracie L. Campbell | */s/ Tracie Campbell* |
|---|---|
| Declarant | Signature |

SA2018100198
34478148.docx