**TODD H. MASTER [SBN. 185881]**
tmaster@hrmrlaw.com
**ROBERT J. GUNDERT [SBN 104486]**
rgundert@hrmrlaw.com
**HOWARD ROME MARTIN & RIDLEY LLP**
1900 O'Farrell Street, Suite 280
San Mateo, CA  94403
Telephone:     (650) 365-7715
Facsimile:      (650) 364-5297

Attorneys for Defendants
CITY OF MENLO PARK and
DAVE BERTINI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| MICHAEL ZELENY, an individual<br><br>Plaintiff,<br><br>vs.<br><br>EDMUND G. BROWN, JR., an individual, in his official capacity, et al.<br><br>Defendants. | Case No. 17-cv-07357-RS (TSH)<br><br>**DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL CHIEF DAVE BERTINI TO ANSWER DEPOSITION QUESTIONS**<br><br>Date:             November 19, 2020<br>Time:            10:00 a.m.<br>Courtroom:   G, 15th Floor |

**I.**

**<u>INTRODUCTION</u>**

Plaintiff has filed a motion that violates Magistrate Judge Thomas S. Hixson's Discovery Standing Order ("Discovery Order"). Rather than filing opposition to the motion, and thereby

---

DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL; Case No. 17-cv-07357-RS                              1

violating the Discovery Order further, defendants CITY OF MENLO PARK (hereinafter "City") and DAVE BERTINI ("Bertini")(collectively, "defendants") hereby object to plaintiff's motion and request that it be summarily denied. Alternatively, should the Court wish to receive opposition to the motion, defendants will file same.

## II.

### PLAINTIFF'S MOTION VIOLATES MAGISTRATE JUDGE THOMAS S. HIXSON'S DISCOVERY STANDING ORDER

On February 19, 2019 this Court issued an Order of Reference to Magistrate Judge. *See* Order of Reference to Magistrate Judge [Document 57]. That Order of Reference stated that "[p]ursuant to Northern District Local Rule 72-1, the *Court hereby refers* this discovery dispute, raised in Docket No. 48, and *any further discovery disputes*, to a randomly assigned Magistrate Judge for resolution." [Emphasis added] On that same day the Court sent notice to all counsel, referring the case to Magistrate Judge Thomas S. Hixson for Discovery [No Document number was associated with the referral]. Also on that same day, Magistrate Judge Hixson issued a Discovery Order, setting a then-pending motion for oral argument and directing the parties to the Discovery Order for future matters. *See* Discovery Order [Document 59] which includes Magistrate Hixson's Discovery Standing Order (hereinafter, "Discovery Order"). While the Discovery Order has since been revised in minor respects, its directives are the same now as they were then.

The Discovery Standing Order states, in pertinent part:

### DISCOVERY STANDING ORDER FOR MAGISTRATE JUDGE THOMAS S. HIXSON

This Standing Order informs all parties of the discovery procedures for cases assigned to Magistrate Judge Thomas S. Hixson or referred for purposes of discovery. It addresses all case-related discovery, including that which involves non-parties, and therefore applies whether or not an individual or entity is named in the complaint. Failure to abide by this Standing Order may result in the imposition of sanctions pursuant to Federal Rule of Civil Procedure 16(f) and Civil Local Rule 37-4.

All questions should be directed to Judge Hixson's Courtroom Deputy, Rose Maher, at tshcrd@cand.uscourts.gov or (415) 522-4708.

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

Upon referral from a District Judge or upon the development of an impasse with respect to discovery in a pending case assigned to Judge Hixson, <u>no motions to compel or other motions shall be considered</u>. Instead, the parties must first meet and confer. That is, counsel for each party shall meet and confer in person or, if counsel are located outside the Bay Area, by telephone, to attempt to resolve their dispute informally. A mere exchange of letters, e-mails, telephone calls or facsimile transmissions does not satisfy the meet and confer requirement.

**MEET AND CONFER REQUIREMENTS**

If the parties are unable to resolve their dispute informally after a good faith effort, including meet and confer efforts conducted by lead counsel, the parties have two options:

1) If the dispute is straightforward or the parties believe some initial informal guidance from the Court may help them resolve their dispute without the need for briefing, the parties may contact Judge Hixson's Courtroom Deputy, Rose Maher, to arrange a telephonic conference.

2) For more complex disputes, the parties shall prepare a joint statement of not more than five pages (12-point or greater font) that contains the following:

> a) A cover page (excluded from the five-page limit) with the case caption, an attestation that the parties met and conferred in person (or by telephone if outside the Bay Area) in good faith to resolve their dispute(s) prior to filing the letter, and the signature of both parties or counsel;
> b) Each party's position, including pertinent factual background, requested relief, and citations to relevant legal authority; and
> c) Each party's final proposed compromise

The joint letter shall not be accompanied by exhibits or affidavits other than relevant excerpts of discovery requests and responses, privilege logs, deposition testimony, and meet and confer correspondence.

The joint statement shall be e-filed (unless the case is exempt from e-filing requirements) under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief."

Upon review of the parties' submission[s], the Court will advise the parties of how it intends to proceed. The Court may issue a ruling or schedule a telephone or in-person conference with the parties, and at such conference may issue rulings, order more formal briefing, or set further hearing dates. The Court may also order the parties to come to the courthouse to meet and confer in good faith.

. . .

/ / /

**SANCTIONS**

No motion for sanctions may be filed until after the moving party has complied with the requirements above. Motions for sanctions shall be filed separately, pursuant to Federal Rule 37 and Civil Local Rules 7 and 37-4.

**IT IS SO ORDERED.**

Plaintiff's motion clearly violates the "no motions to compel" portion of the Discovery Order and its related provisions. The Discovery Order provides that in lieu of a motion to compel either of two options is to be followed (i.e., required) when there is a discovery dispute: (i) For straightforward disputes or those in which initial informal guidance would help the parties, a telephone conference is to be arranged, and (ii) for more complex disputes a short joint statement, no more than five pages long (not counting allowed attachments), is required.

Rather than follow this mandated procedure, plaintiff instead filed a formal motion to compel, in clear violation of the Standing Order which clearly states that <u>no such motions will be considered</u> by the Court. Plaintiff cannot now rectify this error given the effective discovery cut-off date of October 2, 2020 and the resulting discovery motion cut-off date of October 9, 2020.

In addition, plaintiff's motion to compel requests sanctions, which is also in clear violation of the Discovery Order, as well as Federal Rule of Civil Procedure 37 and Civil Local Rules 7-8 and 37-4. The Discovery Order and those rules require a separate motion for sanctions.

### III.

### PLAINTIFF HAS UNREASONABLY DELAYED IN PRESENTING A PORTION OF THIS DISPUTE TO THE COURT

Setting aside plaintiff's violation of the Discovery Order, plaintiff has nevertheless unreasonably delayed in seeking further testimony from defendant Bertini. A portion of plaintiff's improperly filed motion concerns testimony from the first session of defendant Bertini's deposition, which occurred more than 1 ½ years ago, on March 19, 2019. *See* Document No. 150 at pg. 4, lines 21-23, Document No. 150-1 at pg. 2, lines 10-13 and Exhibits 2 and 3 thereto. It is unclear why plaintiff waited so long to petition the Court for relief for issues he believes arose

from that deposition session.  Plaintiff's motion comes not only 1 ½ years after the first session of defendant Bertini's deposition, but also after fact discovery has closed. Plaintiff has not even attempted to show good cause for such a delay.

On August 31, 2020 plaintiff filed an unopposed motion, supported by counsel's declaration, to continue certain pre-trial dates. *See* Document Nos. 136, 136-1 and 136-2. The motion requested an extension of the discovery cutoff from September 3, 2020 to October 2, 2020 and that the deadline for discovery motions run from the latter date accordingly (i.e. to October 9, 2020 per Civil Local Rule 37-3). In his declaration, counsel for plaintiff stated that the parties had "completed substantially all discovery, but because of the resurgence of the pandemic, have been unable to complete a necessary deposition and have a small number of remaining discovery issues, as follows: . . ."  What followed was a.) an indication that one witness had not yet been deposed since he had not been subpoenaed, b.) a statement that defendant Bertini had been deposed on August 7, 2020 and that the transcript from that session had not yet been received, and c.) reference to a discovery motion involving certain of defendant Attorney General Becerra's interrogatory responses.  Counsel explained the need for extension as follows: "As a result of these outstanding discovery matters, our office is not able to provide complete expert disclosure by September 10, 2020. Among other things, Chief Bertini's testimony is essential to expert analysis. Similarly, counsel for the City of Menlo Park has expressed to me his reservations about the City's ability to fully assess the need for any rebuttal experts without all fact depositions, including of Mr. Toews, having been completed first." *See* Document No. 136-1 from pg. 1, line 14 to pg. 2, line 13.

Notably, what was *not* disclosed in plaintiff's request for a continuance of the fact discovery cut-off and other pretrial dates was that the first session of defendant Bertini's deposition had occurred 1 ½ years earlier and that plaintiff planned on filing a motion to compel further testimony in response to questions asked in that deposition (as plaintiff did not address these issues in the second session of defendant Bertini's deposition on August 7, 2020).

Again, plaintiff has not provided any explanation as to why he did not seek intervention (via the procedures set forth in the Discovery Order) relating to that March 19, 2019 deposition prior to the second session of defendant Bertini's deposition (nearly 17 months later, on August 7, 2020), let alone well before the discovery motion cutoff.

Although plaintiff's motion to compel was filed before the discovery motion deadline, that does not automatically make it timely. Civil Local Rule 37-3 prescribes the deadline for discovery motions. The last sentence of that rule states, "Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown." The intent of the rule is clearly to have all discovery completed in a timely manner, by the established deadline set by the court pursuant to Federal Rule 16. A delay in serving discovery so that the deadline is not met is clearly improper. A delay in seeking the assistance of the Court pursuant to the terms of the Discovery Order or otherwise filing a motion to compel that seeks further testimony beyond the discovery cutoff date is also inappropriate, particularly when the moving party has known of the purported need for the motion for more than 1 ½ years. See *Days Inn Worldwide, Inc. v. Sonia Investments,* 237 F.R.D. 395, 397 (N.D. Tex. 2006) and cases cited therein, which consider not simply the discovery motion deadline but also the amount of time the moving party has known of the purported need for a motion to compel.

Plaintiff's request for sanctions also violates Civil Local Rule 7-8(c) which provides that a motion for sanctions "must comply with any applicable Fed. R. Civ. P. and must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate."

### IV.

### CONCLUSION

For the reasons set forth above, defendants respectfully request that the Court deny plaintiff's motion, since a.) it was filed in clear violation of the Discovery Order, federal and local rules and b.) as to at least a portion of the motion, after an unreasonably long delay.

In the event the Court chooses to proceed with the motion, defendants respectfully request an opportunity to file a separate, substantive opposition thereto.

Date: October 22, 2020             HOWARD ROME MARTIN & RIDLEY LLP

By: /s/ Todd H. Master
　　　Todd H. Master
　　　Attorneys for Defendants
　　　CITY OF MENLO PARK and
　　　DAVE BERTINI