David W. Affeld, State Bar No. 123922
Damion Robinson, State Bar No. 262573
David Markevitch, State Bar No. 256163
Affeld Grivakes LLP
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone:   (310) 979-8700

Attorneys for Plaintiff
Michael Zeleny

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZELENY,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>GAVIN NEWSOM, *et al.*,<br><br>　　Defendants. | Case No. CV 17-7357 RS<br><br><u>Assigned to:</u><br>The Honorable Richard G. Seeborg<br><br><u>Assigned for Discovery Purposes to:</u><br>The Honorable Thomas S. Hixson<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL CHIEF DAVE BERTINI TO ANSWER DEPOSITION QUESTIONS; SUPPLEMENTAL DECLARATION OF DAMION ROBINSON.**<br><br>[Supplemental Declaration of Damion Robinson filed concurrently]<br><br>Date:  November 19, 2020<br>Time: 10:00 a.m.<br>Courtroom G – 15th Floor<br><br>Action Filed:  December 28, 2017<br>Trial Date:    [Not Set] |

I.    **INTRODUCTION**

　　The City and Bertini chose to offer no substantive response to Zeleny's motion. They do not dispute, nor could they, that counsel's multiple instructions not to answer, including on grounds other than privilege, were improper.  This motion should be granted as

- 1 -

effectively unopposed.

Rather than address the merits, Bertini and the City rely on procedural tactics. They ran out the clock by ignoring efforts to confer for almost two weeks—allegedly because counsel sent a meet-and-confer email on a weekend—and failed to provide their position until the day this motion was due.  Joint briefing was impossible due to this delay.  After preventing joint briefing, they now ask the Court to deny this motion without considering the merits. Tellingly, they argue that Zeleny "cannot now rectify" this issue because the discovery motion cutoff has passed.  Opp. at p. 4.

The Federal Rules require matters to be resolved on the merits, not procedural games of "gotcha."  The Court's Standing Order is important and should have been followed. But joint briefing was not possible due to delays by counsel for the City and Bertini.  They offer no basis to ignore the merits of this motion or counsel's plainly-improper instructions not to answer, simply because there was no time left to prepare a joint brief.  If the Court requires joint briefing, Zeleny will gladly submit it, and should be given leave to do so.

The City and Bertini's fallback argument that "*a portion of*" this motion is untimely fares no better.  They concede that Zeleny filed this motion by the deadline set in the Local Rules.  A motion filed by the deadline set by the Scheduling Order and the Local Rules is not untimely.  The City and Bertini offer no basis to hold otherwise.

In short, Defendants' procedural argument have no factual or legal merit.  They chose not to defend counsel's conduct on the substance because they have no valid justification for counsel's instructions.  This motion should be granted.

## II. ARGUMENT

### A. This Motion Should Be Granted Because Defendants Offer No Substantive Argument in Opposition.

Defendants make no substantive argument in their opposition. They have not attempted to justify counsel's repeated instructions not to answer.  None of those instructions were proper for the reasons stated in Zeleny's moving papers.

A party's failure to address an issue in opposition is deemed acquiescence.  *See Hawley v. Berryhill*, No. 16-1049, 2017 WL 2215123, at *1 (D. Nev. May 19, 2017) ("silence on an issue in an opposition brief can be construed as acquiescence") (citing *Newdow v. Congress of the United States of America*, 435 F. Supp. 2d 1066, 1070 n.5 (E.D. Cal. 2006); *Halcomb v. Cty. of Sacramento*, No. 14-2796, 2015 WL 9319495, at *1 (declining to consider arguments not raised in opposition: "silence by counsel is treated as non-opposition") (citation omitted).  Defendants chose not to address the merits, presumably because they do not have a valid position on the merits.  This motion should be granted on the merits.

**B.     If a Joint Brief Is Needed, Zeleny Should be Given Leave to File One.**

At minimum, Zeleny should be given leave to file a joint brief if required.  Zeleny acknowledges that he filed this as a regular motion rather than a joint brief as required by the Court's Standing Order.  Counsel apologizes to the Court for any inconvenience caused by filing in this format.  To the extent that the Court requires a joint submission, Zeleny should be given leave to file one so that the matters can be resolved on the merits.

A joint filing was not feasible due to time constraints caused by Defendants and their counsel.  The final transcript of Bertini's deposition was not available until early September.  Zeleny attempted to confer on September 27—with plenty of time to prepare a joint statement—but Defendants' counsel ignored this effort, later claiming (conveniently) that he did not see the email because it was sent over a weekend.  When counsel finally spoke on October 8, defense counsel was unprepared to address the substance of the issues, claiming that he needed to talk with his client.[1]  He finally provided Bertini and the City's position ***on the day this motion was due***.  *See* Robinson Decl., Ex. 1 at pp. 1-2; Robinson Supp. Decl. ¶¶ 2-3.  After all

---

[1] Counsel initially tried to delay the meet-and-confer discussion until after the motion cut-off.  Without burdening the record with all of counsel's similar conduct, these types of scheduling tactics have occurred repeatedly.  The parties have agreed to scheduling to accommodate counsel, only to have counsel be selectively unavailable as deadlines approach.  In one instance, counsel pretended to be unavailable to address a schedule adjustment agreed upon by all other parties, forced Zeleny to move to modify the schedule and to shorten time, and then opposed the motion to shorten time 45 minutes later—while he was supposedly unavailable.  The Court promptly granted the motion over this objection.  *See* Motion to Continue, Dkt. #92; Motion to Shorten Time, Dkt. #93; Opposition, Dkt. #94; Order Granting Motion, Dkt. #95.

of these delays, there simply was not time to prepare a joint statement, circulate it for Defendants' input, and file it..

Zeleny should not be precluded from raising valid issues based on the format of the motion papers. The policy of the Federal Rules is to resolve disputes on their merits, rather than procedural technicalities. *See* Fed. R. Civ. P. 1. This policy applies to discovery disputes. *See, e.g.*, *Snow v. ADT, LLC*, No. 19-21, 2020 WL 1073964, at *2 (C.D. Cal. Mar. 5, 2020) (refusing to exclude expert testimony due to report being filed a day late: "cases should be resolved on the merits—not on procedural technicalities. The Court … will not entertain any attempt to abuse procedure to gain a strategic advantage"); *Uriarte v. Schwarzenegger*, No. 06-1558, 2011 WL 4507000, at *1 (S.D. Cal. Sept. 29, 2011) (ignoring alleged "procedural irregularities" and focusing on "substantive discovery disputes to insure the case is ultimately resolved on the merits"); *Del Mar Land P'ners, LLC v. Stanley Consultants, Inc.*, No. *, 2012 WL 5392230, at *3 (D. Ariz. Nov. 5, 2012) (refusing to rule based on minor delay in serving responses, noting that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decision on the merits to be avoided on the basis of such mere technicalities") (quoting *Foman v. Davis*, 371 U.S. 178, 181-82 (1962)).

This motion raises serious issues. Among other things, Defendants have used the attorney-client privilege as a sword and a shield by asserting privilege to avoid disclosing the factual basis for their contentions in this case. Bertini refused to testify about why he claims—in sworn interrogatory responses—that the City lacks jurisdiction to issue the permits Zeleny requested, asserting that he only knows what counsel told him. Likewise, he refused to testify to discussions leading up to the City Attorney's permit denial, claiming that communications with the City Attorney are privileged. These issues will surface again when Defendants try to raise the lack of jurisdiction as a defense or to justify the permit denial at trial. The parties need to resolve these issues before they come up again at trial.

**C.     Defendants' Untimeliness Argument Is Wrong.**

Bertini and the City argue that "[a] portion of" Zeleny's motion is untimely, Opp. at 4, even though Zeleny filed this motion by the deadline set in the Local Rules and just a

month after receiving the complete transcript.  Bertini concedes that Zeleny's motion "was filed before the discovery motion deadline."  Opp. at p. 6.

### 1. This Motion Is Timely Under the Local Rules.

"[M]otions to compel discovery filed prior to the discovery deadline have been held timely." *PCS Phosphate Co. v. Norfolk S'ern Corp.*, 238 F.R.D. 555, 558 (E.D.N.C. 2006) (citing cases).  Bertini offers no reason to treat this motion differently.  Nor does he show any prejudice by Zeleny filing the motion shortly after the completion of the deposition.

Bertini also misconstrues Local Rule 37-3, arguing that a motion must be filed early enough so that it can be ruled on and further responses provided before the discovery cut-off.  This is directly contrary to the text of the rule.  Local Rule 37-3 is clear that the deadline to file discovery motions is "7 days *after* the discovery cut-off"—not at some point long before the discovery cut-off.  (Emphasis added).  The portion of the rule that Bertini mis-cites relates to when "[d]iscovery requests" are served – *i.e.*, discovery requests must be served sufficiently in advance so that answers are received by the cut-off.  It has nothing to do with motions to compel after answers are received.

In reality, Bertini and the City believe that Zeleny should have filed two motions, one after the first session of Bertini's deposition and another after the second session.  They cite no authority for this proposition.  Zeleny properly raised all of the issues in one motion, shortly after completing the deposition, rather than wasting the parties' and the Court's time and resources with seriatim motions.  *Moreover, only two of the questions arose in the first session.*

### 2. Bertini Offers No Reason to Deem this Motion Untimely.

The deadlines set by the Court's scheduling orders and the Local Rules mean what they say.  A timely motion will not be deemed untimely absent compelling reasons.  *See*, *e.g.*, *Kendrick v. Heckler*, 778 F.2d 253, 258 (5th Cir. 1985) (finding motion timely where filed eight months after completion of deposition and within the discovery cut-off, noting the absence of prejudice); *see*, *also*, Mills *v. East Gulf Coal Prep. Co. LLC*, 259 F.R.D. 118, 134 (S.D. W. Va. 2009) (excusing compliance with local rule requiring motion within 30 days of responses due to the Court's "primary objective [] to consider the parties' claims and defenses

on the merits"). There is no reason to refuse to hear the merits of this timely motion.

Bertini has failed to show any prejudice. Much of the delay in completing Bertini's deposition and filing this motion was unavoidable, due to the COVID-19 pandemic and Defendants' requests for accommodations. The deposition was rescheduled repeatedly, first due to a series of pleading challenges and amendments, and then due to the pandemic. The parties completed the deposition on a date proposed by Defendants' counsel. The fact that the second session had to be rescheduled—in large part to accommodate Defendants—is not a basis to deem this motion untimely. Robinson Supp. Decl. ¶ 4.

Bertini's argument about the stipulated trial continuance on August 31, 2020 is irrelevant and fails to provide any basis for deeming this motion untimely. Counsel's declaration in support of that agreed motion explained the need for a continuance based on a number of discovery issues that were ongoing at the time, including the recent completion of Bertini's deposition and a pending discovery motion relating to defendant Xavier Becerra. Defendants do not explain why Zeleny should have added additional discovery disputes, over which counsel had not yet conferred, into a *stipulated* motion. Nor do they explain how they are prejudiced by having to defend their improper instructions not to answer.

Finally, Bertini misinterprets the one case he cites, *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 397 (N.D. Tex. 2006). *Days Inn* does not stand for the proposition that a motion filed before the discovery motion deadline may be deemed untimely. The plaintiff in that case missed the deadline.[2] The court declined to exercise its discretion to hear the untimely motion because of the delay in filing.

Here, in contrast, Bertini admits that Zeleny filed his motion by the deadline. Consistent with the cases cited above and common sense, a motion filed by the clear deadline set by the Court is timely.

---

[2] Unlike in this district, the court did not set a separate discovery motion cut-off, so discovery motions were due by the discovery cut-off.

## III. **CONCLUSION.**

Because Bertini and the City have failed to substantively oppose this motion, it should be granted. At minimum, Zeleny should be given leave to submit a joint brief if the Court requires joint briefing.

Dated:  October 30, 2020					Respectfully submitted,

						s/ Damion Robinson
						David W. Affeld
						Damion D. D. Robinson
						David Markevitch
						Affeld Grivakes LLP

						Attorneys for plaintiff Michael Zeleny

**SUPPLEMENTAL DECLARATION**

I, Damion Robinson, declare:

1. I and my law firm are counsel of record to plaintiff Michael Zeleny in this action. I have personal knowledge of the facts below. I submit this declaration to address arguments raised in the opposition brief filed by the City of Menlo Park and Dave Bertini ("Bertini"; collectively, "Defendants").

2. I took the second session of Bertini's deposition on August 7, 2020 by Zoom. The deposition went very long and the resulting transcript is more than 300 pages. The transcript was not completed until September 3, 2020. After receiving and reviewing the transcript, I wrote to Defendant's counsel, Todd Master, on September 27, 2020, to ask to confer about his instructions not to answer. A copy of my email exchange with Mr. Master between that date and October 9, 2020 is attached as Exhibit 1 to my prior declaration. Mr. Master did not respond to my email of September 27. He later claimed that he did not see the email because it was sent on a Sunday.

3. When I followed up on October 7, Mr. Master initially claimed that he could not confer until the following week, after the discovery motion cut-off. I insisted that we confer before the cut-off. We spoke on October 8. The discussion was extremely unproductive and unprofessional with Mr. Master cursing, making ad hominem attacks, and telling me that this is not how counsel "do things up here," in Northern California. This is characteristic of our discussions. In substance, Mr. Master said that he was unprepared to address the issues raised and needed more time to confer with his client, notwithstanding the motion deadline and the fact that I had provided our position in detail on September 27. Mr. Master emailed me on October 9 and provided Defendants' position. Because he ultimately provided a position, I did not believe it necessary to include these details in the moving papers.

4. The second session of Bertini's deposition was delayed by several months due to the COVID-19 pandemic and in order to accommodate requests by Bertini and counsel. The first session of Bertini's deposition took place on March 19, 2019. I wrote to Mr. Master the next day, March 20, 2019, to schedule the second session. We eventually postponed this

REPLY IN SUPPORT OF MOTION TO COMPEL DEPOSITION ANSWERS

deposition and others until after the pleadings were settled because defendant New Enterprise Associates filed two motions to dismiss and it was unclear whether it would remain in the case. It took several months to settle the pleadings. In January of 2020, I again tried to schedule the second session of Bertini's deposition. After significant scheduling issues with Mr. Master, which have occurred throughout this case, we agreed to resume on March 19, 2020. The deposition then had to be continued due to the COVID-19 pandemic. Co-counsel and I repeatedly followed up with Mr. Master over the subsequent months, and ultimately agreed to schedule the deposition on August 7, which was a date proposed by Mr. Master.

       I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 30th day of October, 2020 at Los Angeles, California.

                                         s/ Damion Robinson
                                         Damion D. D. Robinson

**PROOF OF SERVICE**

I hereby certify that on October 30, 2020, I electronically filed the foregoing document using the Court's CM/ECF system. I am informed and believe that the CM/ECF system will send a notice of electronic filing to the interested parties.

s/ Damion Robinson
Damion Robinson

REPLY IN SUPPORT OF MOTION TO COMPEL DEPOSITION ANSWERS