**TODD H. MASTER [SBN. 185881]**
tmaster@hrmrlaw.com
**HOWARD ROME MARTIN & RIDLEY LLP**
1900 O'Farrell Street, Suite 280
San Mateo, CA  94403
Telephone:    (650) 365-7715
Facsimile:     (650) 364-5297

Attorneys for Defendants
CITY OF MENLO PARK and
DAVE BERTINI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| MICHAEL ZELENY, an individual<br><br>Plaintiff,<br><br>vs.<br><br>EDMUND G. BROWN, JR., an individual, in his official capacity, et al.<br><br>Defendants. | Case No. 17-cv-07357-RS (TSH)<br><br>**DECLARATION OF TODD H. MASTER IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL CHIEF DAVE BERTINI TO ANSWER DEPOSITION QUESTIONS**<br><br>Date:         **November 19, 2020**<br>Time:        **10:00 a.m.**<br>Courtroom: **G, 15th Floor** |

I, TODD H. MASTER, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called as a witness, could and would competently testify thereto.

2. I am a partner at the firm of Howard, Rome, Martin & Ridley LLP and am the attorney for Defendants CITY OF MENLO PARK and DAVE BERTINI (collectively, "defendants") in this litigation.

---
DECLARATION OF TODD H. MASTER IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL;
Case No. 17-cv-07357-RS (TSH)                                            1

3. I write and file this declaration in response to the supplemental declaration filed by plaintiff's counsel, Damien Robinson, contained within Document 155 at pages 8 and 9.

4. I choose to ignore the personal attacks contained in Mr. Robinson's declaration, which lack any merit, and focus on the allegation that I or my client are somehow responsible for plaintiff's failure to follow the Discovery Standing Order in this case requiring the parties to file a joint brief on the discovery matters at issue in the instant motion (as opposed to the improperly filed motion).

5. As Mr. Robinson correctly states in his declaration, he sent me an email on Sunday, September 27, 2020, wishing to meet and confer about answers provided at Defendant Chief Dave Bertini's depositions of March 19, 2019 and August 7, 2020. Unfortunately, I did not see Mr. Robinson's September 27, 2020 email until he drew my attention to it in a Wednesday, October 7, 2020 email. *See* Exh. 1 in Document 150-1 for a true and correct copy of my email exchange with Mr. Robinson concerning same.

6. I responded immediately to counsel's October 7, 2020 email, apologizing and advising that I had not seen the September 27, 2020 email and that, due to my current schedule, I would set aside time over the coming weekend to review his concerns. Mr. Robinson responded by advising that he needed to discuss these matters "today or tomorrow" given a motion deadline of October 9, 2020. It is worthy to note that I did not receive any other emails or telephone calls from Mr. Robinson or his office between September 27th and October 7th.

7. I wrote to Mr. Robinson that I had a little time the following day whilst in transit to discuss the matter, and we agreed to talk at 1:15 p.m. on October 8th (I had an opening between 1:15 and 1:45). Unfortunately, Mr. Robinson did not call me during that time period, instead calling me later in the day.

8. Notwithstanding the short notice and my work schedule, I made time on the morning of Friday, October 9th to more fully review plaintiff's stated concerns and sent Mr. Robinson an email with my preliminary response to his complaints at approximately 10:41 a.m. That email is contained within Exh. 1 to Mr. Robinson's declaration.

9.  I did not hear back from Mr. Robinson until 4:17 p.m. on October 9, 2020, when he sent me an email advising that we were at an impasse and that we would "have to let the court decide." See Exh. 1. I assumed that we would be presenting a joint letter to Magistrate Hixson in accordance with the Discovery Standing Order, but Mr. Robinson instead filed the instant motion at or about 5:10 p.m., according to the notice my office received from the CF/ECF system.

10.  At no time during the aforementioned email exchange or my telephone conversation with Mr. Robinson did he ever claim or contend that he did not have time to comply with the Standing Discovery Order. In point of fact, his office had filed prior joint letters with Magistrate Judge Thomas Hixson (see, e.g., Documents 127 and 135). Mr. Robinson also had my email from the morning of October 9th, which could have readily been added to such a joint letter.

11.  While it is our position that plaintiff's failure to comply with the Court's Discovery Standing Order prohibits him from seeking the relief requested herein, should the Court desire, we are prepared to address plaintiff's claims substantive in whatever form the Court desires. We did not provide a substantive response to plaintiff's discovery claims in law and motion form due to Magistrate Judge Hixson's clear order prohibiting such pleadings.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed on this 5th day of November 2020, at San Mateo, California.

_____
Todd H. Master

DECLARATION OF TODD H. MASTER IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL;
Case No. 17-cv-07357-RS (TSH)     3