**TODD H. MASTER [SBN 185881]**
tmaster@hrmrlaw.com
**ROBERT J. GUNDERT [SBN 104486]**
rgundert@hrmrlaw.com
**HOWARD ROME MARTIN & RIDLEY LLP**
1900 O'Farrell Street, Suite 280
San Mateo, CA  94403
Telephone:     (650) 365-7715
Facsimile:     (650) 364-5297

Attorneys for Defendants
CITY OF MENLO PARK and DAVE BERTINI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| MICHAEL ZELENY, an individual<br><br>Plaintiff,<br><br>vs.<br><br>EDMUND G. BROWN, JR., an individual, in his official capacity, et al.<br><br>Defendants. | Case No. 17-cv-07357-RS (TSH)<br><br>**[PROPOSED] ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI**<br><br>Date:   February 25, 2021<br>Time:  1:30 p.m.<br>Dept.:  Courtroom 2<br>Judge: Hon. Richard Seeborg<br><br>**Trial Date: None** |

The motion of defendants City of Menlo Park and Dave Bertini having come regularly before the Court for hearing on February 25, 2021, the following appearances were made:

Todd H. Master, Esq. of Howard Rome Martin & Ridley LLP appeared on behalf of defendants and moving parties City of Menlo Park and Dave Bertini;

David W. Affeld, Esq. and Damion Robinson, Esq. of Affeld Grivakes LP appeared on behalf of plaintiff and opposing party Michael Zeleny.

Having reviewed the papers on each side and permitted the parties to present oral argument,

---

[PROPOSED] ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI; Case No. 17-cv-07357-RS (TSH)     -1-

the court rules as follows:

Defendants City of Menlo Park and Dave Bertini are entitled to judgment on the **First Count** of plaintiff's Second Amended Complaint, which purports to allege a claim of Violation of the First Amendment to the United States Constitution, based on an allegation that defendants unlawfully threatened criminal prosecution if plaintiff were to display an image in the course of his planned protest.

The court finds the evidence does not support the allegation that defendants threatened plaintiff as alleged.

In addition, defendants did not infringe upon plaintiff's rights as alleged with regard to the non-issuance of a special event permit since defendants had no power or authority to issue such a permit.

Additionally, plaintiff did not complete the film permit process, such that his claims in connection therewith are not ripe.

For the reasons set forth above, plaintiff is not entitled to declaratory relief, injunctive relief or attorneys' fees.

Defendants City of Menlo Park and Dave Bertini are entitled to judgment on the **Second Count** of plaintiff's Second Amended Complaint, which purports to allege a claim of Violation of the First and Fourteenth Amendments to the United States Constitution, based on allegations that defendants have improperly interpreted and applied the provisions of Penal Code §§ 25510, 26375 and 26405.

The court finds the evidence shows that defendants did not improperly interpret or apply the provisions of those code sections, since plaintiff was planning to engage in a protest with firearms and live ammunition on the center median of a busy arterial roadway, which he was planning to occupy on a 24/7, with openly carried firearms, in violation of Penal Code §§ 26350 and 26400.

---

[PROPOSED] ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI; Case No. 17-cv-07357-RS (TSH)      -2-

In addition, defendants did not infringe upon plaintiff's rights as alleged with regard to the non-issuance of a special event permit since defendants had no power or authority to issue such a permit.

Additionally, plaintiff did not complete the film permit process, such that his claims in connection therewith are not ripe.

For the reasons set forth above, plaintiff is not entitled to declaratory relief, injunctive relief or attorneys' fees.

Defendants City of Menlo Park and Dave Bertini are entitled to judgment on the **Third Count** of plaintiff's Second Amended Complaint, which purports to allege a claim of Violation of the First and Second Amendments to the United States Constitution, based on allegations that the special event permit and film permit processes of defendant City of Menlo Park are unconstitutionally vague, indefinite and grant an improper amount of discretion to the City and its personnel. Plaintiff also alleges that such policies were improperly applied in his case.

The court finds the evidence shows that the City's special event permit process does not substantially reach or regulate constitutional activity, and that it can be and has in this case been validly applied.

The court also finds the evidence shows that defendants did not improperly interpret or apply the provisions of Penal Code §§ 25510, 26375 or 26405 since plaintiff was planning to engage in a protest with firearms and live ammunition on the center median of a busy arterial roadway, which he was planning to occupy on a 24/7, with openly carried firearms, in violation of Penal Code §§ 26350 and 26400.

In addition, defendants did not infringe upon plaintiff's rights as alleged with regard to the non-issuance of a special event permit since defendants had no power or authority to issue such a permit.

Additionally, defendant City's film permit ordinance and process is content neutral and contains appropriate standards for determining whether or not to issue an encroachment/film permit. Moreover, plaintiff did not complete the film permit process, such that his claims in connection therewith are not ripe.

For the reasons set forth above, plaintiff is not entitled to declaratory relief, injunctive relief or attorneys' fees.

Defendants City of Menlo Park and Dave Bertini are entitled to judgment on the **Fourth Count** of plaintiff's Second Amended Complaint, which purports to allege a claim of Violation of 42 USC § 1983. Defendants are entitled to judgment for the same reasons set forth above with regard to the First, Second and Third Counts of the Second Amended Complaint.

In addition, plaintiff is not entitled to any type of injunctive relief as to defendant Bertini, since he has retired from the City of Menlo Park for reasons unrelated to this matter. In addition, plaintiff is not entitled to any other relief as to defendant Bertini as the Court finds and rules that the evidence shows that his actions were proper.

In view of the foregoing, the motion of defendants City of Menlo Park and Dave Bertini for summary judgment herein is **GRANTED**. Judgment shall henceforth issue.

**IT IS SO ORDERED.**

Dated: _____    _____
Hon. Richard Seeborg
United States District Court Judge