UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ZELENY,

        Plaintiff,

   v.

GAVIN NEWSOM, et al.,

        Defendants.

Case No. CV 17-7357 RS

**ORDER GRANTING MOTION TO AMEND**

## I.  INTRODUCTION

Plaintiff Michael Zeleny seeks to amend his Second Amended Complaint ("SAC"). Zeleny alleges his Fourteenth Amendment challenge to the California ban on "open carry" of firearms encompasses a challenge on vagueness grounds but would like to include such a challenge explicitly. For the reasons set forth below, the motion is granted.

## II.  BACKGROUND

Zeleny alleges California's open carry ban under California Penal Code §§ 26350 and 26400 is unconstitutionally vague. Specifically, Zeleny points to an exception to the open carry ban, which allows "authorized participants" in a film and television production or entertainment events to carry firearms under California Penal Code §§ 26375 and 26405(r). Zeleny challenges these statutes under the First and Fourteenth Amendments.

In an attempt to define "authorized participants," Zeleny sought Defendants' guidance informally and in the form of interrogatories. Perceiving Defendants' response to his discovery requests delayed and substantively lacking, Zeleny made a motion to compel Defendants'

response. A Magistrate Judge considered Zeleny's motion and determined Defendants' answers did not clearly respond to the questions presented. Defendants filed a motion challenging the Magistrate Judge's ruling, which was denied. Zeleny then communicated to Defendants his intention to advance a claim for vagueness and sought approval from them to affirm an amendment as unnecessary. Defendants declined.

## III. LEGAL STANDARD

Under Rule 15(a)(2), a party may amend its pleadings with the opposing party's written consent or by leave of the court. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* This policy is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citation omitted). Four factors are considered when determining whether to permit an amendment: "(1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence*, 316 F.3d at 1052 (emphasis in original).

## IV. DISCUSSION

An amendment is necessary to include the vagueness claim. While the SAC does include a Fourteenth Amendment claim, the claim does not encompass any vagueness issues. Still, whether the motion should be granted rests on the four *Eminence* factors.[1]

Defendants conflate the bad faith and undue delay factors, but the analysis appears to rely mainly on undue delay. Defendants alleges Zeleny had ample opportunity to amend the claim sooner because he was aware of a potential vagueness claim; he lodged one against the City of Menlo Park. Yet it was not wholly evident the statute was unclear until Defendants' responses revealed how uncertain the statute was. He did not, therefore, unduly delay bringing this amendment. Furthermore, the amendment is not prejudicial to Defendants. This amendment does

---

[1] Defendants do not address whether the amendment would be futile.

ORDER GRANTING MOTION TO AMEND
CASE NO. CV 17-7357 RS
2

not necessitate additional fact finding. Even if it did, Defendants do not clarify what other facts might be necessary. There is also only minimal additional legal research to do. Zeleny already pressed Defendants for clarification, both formally an informally, in an attempt to understand the contours of the law. Though Defendants' responses were limited and unclear, the interrogatories provided sufficient notice that Zeleny had doubts regarding the vagueness of the law.

## V. CONCLUSION

For the reasons set forth above, the motion is granted.

**IT IS SO ORDERED**.

Dated: January 22, 2021

RICHARD SEEBORG
United States District Judge