David W. Affeld, State Bar No. 123922
Brian R. England, State Bar No. 211335
Damion Robinson, State Bar No. 262573
Affeld Grivakes LLP
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone:     (310) 979-8700

Attorneys for Plaintiff
Michael Zeleny

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZELENY,<br><br>    Plaintiff,<br><br>    vs.<br><br>GAVIN NEWSOM, Jr., *et al.*,<br><br>    Defendants. | Case No. CV 17-7357 JCS<br><br>Assigned to:<br>The Honorable Richard G. Seeborg<br><br>Discovery Matters:<br>The Honorable Thomas S. Hixson<br><br>**SUPPLEMENTAL DECLARATION OF MICHAEL ZELENY IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF THE CITY OF MENLO PARK AND POLICE CHIEF DAVE BERTINI**<br><br>Date:          March 18, 2021<br>Time:         1:30 p.m.<br>Courtroom: 3, 17th Floor<br><br>Action Filed: December 28, 2017<br>Trial Date:    TBD |

- 1 -

ZELENY SUPP. DECL. IN OPP. TO MOTION FOR SUMM. J.
OF CITY OF MENLO PARK AND DAVE BERTINI

I, Michael Zeleny, declare:

1. I am the Plaintiff in this action. I have personal knowledge of the facts below. I could testify competently to these facts if called upon to do so. I submit this Declaration to supplement the previous Declaration I submitted in support of my Motion for Partial Summary Judgment against the City of Menlo Park (the "City") and Chief Dave Bertini ("Bertini") [Dkt. No. 162-2] (the "Prior Declaration").

2. As described in my Prior Declaration, I intend to put on multimedia and video production protest events near the headquarters of New Enterprise Associates ("NEA") in Menlo Park. These protest events involve staging a conspicuous multimedia presentation of videos (animations) and images relevant to my message—*i.e.*, NEA's corporate sponsorship, to the tune of hundreds of millions of dollars, of child rapist, Min Zhu. I also intend to display placards and signs, to pass out flyers, and to speak with passersby about this topic. As per my practice in the past, my intention is to film their reactions, including their answers to how they feel about NEA's support of a child rapist, for an ongoing documentary that I have been working on since 2009. The protest events will also be livestreamed online. I also intend to lawfully carry firearms pursuant to Penal Code §§ 26375 and 26405(r) in compliance with all other applicable laws and best safety practices. I consider doing so an essential part of my protest events and activities for reasons described in my Prior Declaration.

3. Until 2012, I staged protests outside of NEA's headquarters in Menlo Park more than 20 times while lawfully carrying unloaded firearms, including a rifle and an assortment of others. These protests often took place on the public roadside and sidewalk on Sand Hill Road in full view of the roadway. I was never arrested. I never observed drivers driving erratically upon seeing me. There were no traffic accidents nor any near misses that I observed. No one tried to attack me physically, brandished a weapon at me, or tried to hit me with their car. I was always cooperative with the police who were on site during nearly all of my protests.

4. In 2012, I was prosecuted for carrying a concealed weapon in connection with these protests. The court acquitted me in 2014. I temporarily stopped my protests during this time due to the criminal prosecution and my fear that, if I resumed, I would be charged again.

5. As explained in my Prior Declaration, the prosecutor indicated that I needed to have a City permit in order to fall within Penal Code exemptions for film production and entertainment events. I understand that the City also takes this position.

6. Although I wholeheartedly disagree that the City has any right to approve or authorize my events and productions, after my acquittal, in order to comply with the law and avoid arrest and further criminal prosecution, I applied for permits from the City of Menlo Park.

7. The only reason I have not put on my protest events and video productions in Menlo Park has been the City's refusal to issue me the permits, and my fear that if I stage my protest events and productions without them, I will be subject to arrest and prosecution. I cannot risk being prosecuted again. Defending myself is an exhausting experience, mentally, physically, emotionally, and financially. Given my past experience with the City, I am confident that the City would again have me prosecuted if I staged my protest events without a permit.

8. During the permitting process, I repeatedly offered to accommodate any reasonable time, place, and manner requirements that the City had, if City officials would just tell me what they were. Among other things, on several occasions including at a September 2017 City Council Meeting, I offered to relocate my event to the roadside if necessary. I would still be willing to relocate to the sidewalk or roadside, or another public area in proximity to NEA's headquarters, if doing so would allow me to put on the protest events.

9. During the appeal of my application for a Special Event Permit, City staff suggested that I might be better suited for a film permit because I intend to videorecord my protest events. Taking this suggestion, after the City Council denied my special events application, I applied for a film permit in September 2017.

10. I completed the City's application form to the best of my ability and submitted it to the City. As reflected in my emails with City staff and the City Attorney's Office, the City then posed a number of questions that were not included in the application or written policy, and appeared to go to the content of my production—*e.g.*, the names of my cast and crew, a list of my equipment, who provided my firearms, and why I needed to have ammunition as part of the production. In November and December 2017, based on a sincere belief that those questions are

ZELENY SUPP. DECL. IN OPP. TO MOTION FOR SUMM. J.
OF CITY OF MENLO PARK AND DAVE BERTINI

inappropriate and, as far as I have been able to determine, are not asked of any other film permit applicant, I declined to answer these questions and urged the City to move forward.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 4th day of February, 2021 at Los Angeles, California.

*Michael Zeleny*
_____
Michael Zeleny

ZELENY SUPP. DECL. IN OPP. TO MOTION FOR SUMM. J.
OF CITY OF MENLO PARK AND DAVE BERTINI

**PROOF OF SERVICE**

I hereby certify that on February 4, 2021, I electronically filed the foregoing document using the Court's CM/ECF system.  I am informed and believe that the CM/ECF system will send a notice of electronic filing to the interested parties.

                        s/ Gabrielle Bruckner
                        Gabrielle Bruckner

ZELENY SUPP. DECL. IN OPP. TO MOTION FOR SUMM. J.
OF CITY OF MENLO PARK AND DAVE BERTINI