1  David W. Affeld, State Bar No. 123922
   Brian R. England, State Bar No. 211335
2  Damion Robinson, State Bar No. 262573
   Affeld Grivakes LLP
3  2049 Century Park East, Ste. 2460
   Los Angeles, CA 90067
4  Telephone:    (310) 979-8700

5  Attorneys for Plaintiff Michael Zeleny

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| MICHAEL ZELENY,<br><br>  Plaintiff,<br><br>vs.<br><br>GAVIN NEWSOM, *et al.*,<br><br>  Defendants. | Case No. CV 17-7357 JCS<br><br>Assigned to:<br>The Honorable Richard G. Seeborg<br><br>Discovery Matters:<br>The Honorable Thomas S. Hixson<br><br>**PLAINTIFF MICHAEL ZELENY'S EVIDENTIARY OBJECTIONS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF THE CITY OF MENLO PARK AND POLICE CHIEF DAVE BERTINI**<br><br>Date:    March 18, 2021<br>Time:    1:30 p.m.<br>Courtroom: 3, 17th Floor<br><br>Action Filed:  December 28, 2017<br>Trial Date:    TBD |
|---|---|

Plaintiff Michael Zeleny respectfully submits these evidentiary objections to the declarations submitted in support of Defendants City of Menlo Park and Chief Dave Bertini's Motion for Summary Judgment.

| Evidence | Objection(s) |
|---|---|
| **Declaration of Nicolas Flegel** ||
| <u>Flegel Decl. ¶ 5</u><br>I recently represented Menlo Park in a civil lawsuit filed by plaintiff Alvaro Zamora, arising from an automobile versus bicycle accident that occurred on 1/19/19 at or about the intersection of Sand Hill Road and Sand Hill Circle in Menlo Park. Mr. Zamora sued the State of California, Menlo Park, San Mateo County, and the driver of the automobile in San Mateo County Superior Court Case No. 19-CIV-04046. A true and correct copy of that Complaint is attached as Exhibit "A." I represented Menlo Park in that lawsuit. | Irrelevant.  Fed. R. Evid. 401. |
| <u>Flegel Decl., Ex. A</u>:<br>Complaint in *Alvaro Zamora v. State of California*. | Irrelevant.  Fed. R. Evid. 401.<br>Hearsay.  Fed. R. Evid. 802 |
| <u>Flegel Decl. ¶ 7</u><br>A true and correct copy of Cal trans' initial response to my 9/17 /19 California Public Records Act request is attached as Exhibit "B." I understand that this document was produced to plaintiff in the instant litigation as MP006729 - MP0006730 . | Irrelevant.  Fed. R. Evid. 401.<br>Hearsay.  Fed. R. Evid. 802. |
| <u>Flegel Decl., Ex. B</u>:<br>Caltrans email | Irrelevant.  Fed. R. Evid. 401.<br>Hearsay.  Fed. R. Evid. 802.<br>Lacks foundation and personal knowledge.  Fed. R. Evid. 104, 602.<br>Lack of authentication.  Fed. R. Evid. 901. |
| <u>Flegel Decl. ¶ 8</u><br>Caltrans subsequently produced documents in response to Menlo Park's 9/17/19 California Public Records Act request, which I understand were produced to plaintiffs counsel in the instant litigation as MP006618 - 6682. True and correct copies of these documents are attached as Exhibit "C" hereto. As relevant here, they include various Freeway Maintenance Agreements (and amendments thereto) between the State of California and Menlo Park, Menlo Park resolutions approving/adopting same, and two Caltrans D4 Right of Way Maps (Bates-numbered MP006681 and MP006682). The Agreement dated July 1, 1972, at page 12b, confirms that the State of California is responsible for all encroachment permits within the right of way. | Irrelevant.  Fed. R. Evid. 401.<br>Hearsay.  Fed. R. Evid. 802.<br><br>Lacks foundation and personal knowledge.  Fed. R. Evid. 104, 602; *see also* Fed. R. Civ. P. 56(c)(4) ("[a] declaration used to support or oppose a motion must be made on personal knowledge … and show that the … declarant is competent to testify on the matters stated").<br><br>Lack of authentication.  Fed. R. Evid. 901.<br><br>Improper legal argument and opinion testimony.  Fed. R. Evid. 701, 702.<br><br>Mr. Flegel has no foundation, personal knowledge, or basis to authenticate Caltrans records or to testify as to what they mean.  The City has presented no witness competent to |

| | |
|---|---|
| | authenticate these documents.<br><br>Moreover, Mr. Flegel has not been qualified as an expert in the legal interpretation of contracts or other purported Caltrans records. Even if he were, however, his conclusion the State is "responsible for all encroachments within the right of way" is a (wrong) legal conclusion about what the documents mean, offered without basis or reasoning. *See McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451, 454 (1999) (noting that expert cannot testify as to legal conclusion on contract interpretation) (collecting cases).<br><br>Legal argument belongs in briefs, not declarations. *King Cnty. v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002) (providing that legal arguments are improper in declarations). |
| <u>Flegel Decl., Ex. C</u>:<br>Caltrans documents | Irrelevant. Fed. R. Evid. 401.<br>Hearsay. Fed. R. Evid. 802.<br>Lacks foundation and personal knowledge. Fed. R. Evid. 104, 602; *see also* Fed. R. Civ. P. 56(c)(4) ("[a] declaration used to support or oppose a motion must be made on personal knowledge … and show that the … declarant is competent to testify on the matters stated").<br>Lack of authentication. Fed. R. Evid. 901. |
| <u>Flegel Decl. ¶ 9</u><br>The aforementioned maps and maintenance agreement show the boundaries of Caltrans' rights of way for Interstate 280 within Menlo Park (see blue lines) and confirm the rights and responsibilities of Menlo Park and the State of California with respect to the rights of way. While I used these maps and agreement to secure a dismissal of Menlo Park from the Zamora suit (since the accident occurred within the State's right-of-way), these maps also clearly identify the portion of the Sand Hill Road center median as State property under the jurisdiction and control of Caltrans. It was on that portion of the median that plaintiff Michael Zeleny indicated that he wished to stage a "special event" as per his 7/10/15 application to Menlo Park for a Special Event Permit. | Irrelevant. Fed. R. Evid. 401.<br><br>Hearsay. Fed. R. Evid. 802.<br><br>Lacks foundation and personal knowledge. Fed. R. Evid. 104, 602; *see also* Fed. R. Civ. P. 56(c)(4) ("[a] declaration used to support or oppose a motion must be made on personal knowledge … and show that the … declarant is competent to testify on the matters stated").<br><br>Lack of authentication. Fed. R. Evid. 901.<br><br>Improper legal argument and opinion testimony. Fed. R. Evid. 701, 702.<br><br>Mr. Flegel has no foundation, personal knowledge, or basis to authenticate Caltrans records or to testify as to what they mean. The City has presented no witness competent to authenticate these documents.<br><br>Moreover, this entire passage of Mr. Flegel's declaration amounts to improper legal argument about how the Court should interpret the unauthenticated Caltrans documents. *King* |

| | | |
|---|---|---|
| | | *Cnty. v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002) (providing that legal arguments are improper in declarations). Mr. Flegel has not been qualified as an expert in the interpretation of contracts or other purported Caltrans records. Even if he were, however, his legal conclusions are erroneous and are not a proper subject of opinion testimony. *See McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451, 454 (1999) (noting that expert cannot testify as to legal conclusion on contract interpretation) (collecting cases). |
| | <u>Flegel Decl. ¶ 10</u><br>In sum, based on the information provided by Caltrans, the location proposed by plaintiff Michael Zeleny for his proposed special event, is and was located within Caltrans' right-of-way and would thus require approval from the State of California. Given that the subject center median is within Caltrans' right-of-way, Menlo Park does not have jurisdiction to approve any activity on or within that particular center median. While I understand that Menlo Park did not deny Mr. Zeleny's application for a Special Event Permit for that reason, based on my subsequent discovery through Caltrans, the City had cause to deny Mr. Zeleny's Special Event Permit application on that jurisdictional ground alone as it has no right to grant a permit for the area in which he sought to conduct his proposed event. | Irrelevant. Fed. R. Evid. 401. Hearsay. Fed. R. Evid. 802.<br><br>Lacks foundation and personal knowledge. Fed. R. Evid. 104, 602; *see also* Fed. R. Civ. P. 56(c)(4) ("[a] declaration used to support or oppose a motion must be made on personal knowledge … and show that the … declarant is competent to testify on the matters stated").<br><br>Lack of authentication. Fed. R. Evid. 901.<br><br>Improper legal argument and opinion testimony. Fed. R. Evid. 701, 702.<br><br>Mr. Flegel has no foundation, personal knowledge, or basis to authenticate Caltrans records or to testify as to what they mean. The City has presented no witness competent to authenticate these documents.<br><br>Moreover, this entire passage of Mr. Flegel's declaration amounts to improper legal argument about the effect of the Caltrans documents and whether the City had "cause to deny" Mr. Zeleny's application. Legal argument belongs in briefs, not declarations. *King Cnty. v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002) (providing that legal arguments are improper in declarations). Mr. Flegel has not been qualified as an expert in the interpretation of contracts or other purported Caltrans records. Nor can any witness properly give testimony on pure legal conclusions, such as whether the City has jurisdiction or whether it had "cause" to deny an application. *See McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451, 454 (1999) (noting that expert cannot testify as to legal conclusion on contract interpretation) (collecting cases). |
| | <u>Flegel Decl., Ex. G</u><br>11/6/2017 Email | Hearsay. Fed. R. Evid. 802. Mr. Flegel is offering the email for the truth of the matters asserted. |

- 3 -
EVIDENTIARY OBJECTIONS IN OPP. TO MOT. FOR
SUMM J. BY CITY OF MENLO PARK AND BERTINI

| | |
|---|---|
| | Lacks foundation and personal knowledge. Fed. R. Evid. 104, 601; Fed. R. Civ. P. 56(c)(4).<br><br>Mr. Toews has no basis to state what other City staff did in connection with the application, what they needed in order to process the application, or why. |
| Flegel Decl., Ex. H<br>11/9/2017 Email | Hearsay.  Fed. R. Evid. 802.<br>Lacks foundation and personal knowledge. Fed. R. Evid. 104, 601; Fed. R. Civ. P. 56(c)(4).<br><br>Mr. Toews has no basis to state what other City staff did in connection with the application, what they needed in order to process the application, or why. |
| Flegel Decl. ¶ 17<br>On 11/22/17, I sent an email to Mr. Zeleny in response to his emails of 11/9/17 and 11/13/17, a true and correct copy of which is attached as Exhibit "J." By my email, I advised Mr. Zeleny, as counsel for the City of Menlo Park, that once he obtained a film permit from Menlo Park he would be able to lawfully possess unloaded guns as part of his film production. I further advised that Menlo Park was willing to work with him on agreeable terms for the filming to take place but that City staff needed additional information from him, which I outlined in my email. I advised that we needed to know where he planned on placing his various items since City staff needed this information in order to evaluate his proposed film project for safety and traffic (pedestrian, cyclist and vehicular) control purposes. | Hearsay.  Fed. R. Evid. 802.<br><br>Lacks foundation and personal knowledge. Fed. R. Evid. 104, 602; *see also* Fed. R. Civ. P. 56(c)(4) ("[a] declaration used to support or oppose a motion must be made on personal knowledge … and show that the … declarant is competent to testify on the matters stated").<br><br>Mr. Flegel testified that he was not a decisionmaker in the process and was only forwarding information requests from other departments.  Robinson Supp. Decl., Ex. 4 at 97-98.  He has no basis to opine about what other departments "needed to know … in order to evaluate [Mr. Zeleny's] film project" or why. Best Evidence Rule.  Fed. R. Evid. 1002.  The emails speak for themselves. |
| Flegel Decl., Ex. J<br>11/9/17 Email | Hearsay.  Fed. R. Evid. 802.  Mr. Flegel's email is an out-of-court statement being offered for its truth.<br><br>Lacks foundation and personal knowledge. Fed. R. Evid. 104, 602; *see also* Fed. R. Civ. P. 56(c)(4) ("[a] declaration used to support or oppose a motion must be made on personal knowledge … and show that the … declarant is competent to testify on the matters stated").<br><br>Mr. Flegel has no basis to testify about what other City staff needed or why, or whether other staff was acting "in good faith."<br><br>Improper opinion.  Fed. R. Evid. 701, 702.  Mr. Flegel, an attorney for the City, is not qualified as an expert to testify about permitting or "public safety considerations," nor is any basis |

- 4 -
EVIDENTIARY OBJECTIONS IN OPP. TO MOT. FOR SUMM J. BY CITY OF MENLO PARK AND BERTINI

| | | |
|---|---|---|
| | | offered for the opinions in his email. In addition, Mr. Flegel's legal analysis is an improper legal opinion and cannot be offered for evidentiary purposes. |
| | Flegel Decl. ¶ 18<br>I also requested information from Mr. Zeleny about his planned use of guns and live ammunition as part of his film production. In particular, I asked him for information about the types of guns he would be using, how they were to be used, where he planned to place them and what direction they would face, as he had indicated he would be stationed next to Sand Hill Road, a very busy arterial roadway within the City. I noted that it would not be acceptable to brandish his weapons at motorists, pedestrians or cyclists in order to film their reactions, since it was unclear what he meant when he stated that he intended to film the reactions of those passing by. I also asked for more information about his plans to film the reactions of those passing by. Additionally, I asked him about his ammunition feeding devices and on what basis he would need or wish to use live ammunition in his film project. I solicited legal authority from him in support of his apparent claim that the exemptions to the statutory open carry prohibitions allowed for the use of live ammunition in connection with his film production activities. I concluded by advising Mr. Zeleny that the City was working with him in good faith so that he could proceed with his film production, but that staff needed additional information since his described activities raised a number of public safety issues. | Best Evidence Rule. Fed. R. Evid. 1002. The emails speak for themselves.<br><br>Hearsay. Fed. R. Evid. 802. Mr. Flegel's email is an out-of-court statement being offered for its truth.<br><br>Lacks foundation and personal knowledge. Fed. R. Evid. 104, 602; *see also* Fed. R. Civ. P. 56(c)(4) ("[a] declaration used to support or oppose a motion must be made on personal knowledge … and show that the … declarant is competent to testify on the matters stated").<br><br>Mr. Flegel testified that he was not a decisionmaker in the process and was only forwarding information requests from other departments. Robinson Supp. Decl., Ex. 4 at 97-98. He has no basis to opine about what other departments needed to know or why, nor to testify about whether the City was working with Mr. Zeleny "in good faith."<br>Improper opinion testimony. Fed. R. Evid. 701, 702. Mr. Flegel cannot properly opine, and offers no basis to opine, about whether other City departments were "working with [Mr. Zeleny] in good faith," what they needed, or what "public safety issues" were implicated. |
| | Flegel Decl. ¶ 19<br>On 11/27/17, I received an email response from Mr. Zeleny, a true and correct copy of which is attached as Exhibit "K." Other than stating that he would not brandish weapons at those passing by he declined to answer the questions and request for additional information I had sent to him other than to challenge the City's right to ask such questions or even to require a permit for his film production project on City property. Instead, he made generalized assurances that he would not interfere with traffic and would not commit any crimes. | Best Evidence Rule. Fed. R. Evid. 1002. The emails speak for themselves. Mr. Flegel's characterization is irrelevant. |
| | Flegel Decl. ¶ 20 | Best Evidence Rule. Fed. R. Evid. 1002. The |

- 5 -
EVIDENTIARY OBJECTIONS IN OPP. TO MOT. FOR
SUMM J. BY CITY OF MENLO PARK AND BERTINI

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12 | I responded to Mr. Zeleny's 11/27/17 email on 12/7/17 via email, a true and correct copy of which is attached as Exhibit "L". I again asked Mr. Zeleny to provide the additional information that had been requested in my 11/22/17 email. I pointed out that it was essential that the City understand what he wished to do in order to determine what, if any, impacts would have to be considered for traffic control and public safety purposes. I also explained that the City requests such information so as to be able to put a plan in place. | emails speak for themselves.<br><br>Hearsay. Fed. R. Evid. 802. Mr. Flegel's email is an out-of-court statement being offered for its truth.<br><br>Lacks foundation and personal knowledge. Fed. R. Evid. 104, 602; *see also* Fed. R. Civ. P. 56(c)(4) ("[a] declaration used to support or oppose a motion must be made on personal knowledge … and show that the … declarant is competent to testify on the matters stated"). Improper opinion testimony. Fed. R. Evid. 701, 702.<br><br>Mr. Flegel testified that he was not a decisionmaker and was only forwarding information requests from other departments. Robinson Supp. Decl., Ex. 4 at 97-98. He has no basis to opine about what other departments needed, what was "essential" to the City's decision, or why. |
| 13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22 | <u>Flegel Decl., Ex. L</u><br>12/7/2017 Email | Hearsay. Fed. R. Evid. 802.<br>Improper opinion and legal conclusion testimony. Fed. R. Evid. 701, 702; 701, 702; *McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451, 454 (1999).<br><br>Lacks foundation and personal knowledge. Fed. R. Evid. 104, 602; *see also* Fed. R. Civ. P. 56(c)(4) ("[a] declaration used to support or oppose a motion must be made on personal knowledge … and show that the … declarant is competent to testify on the matters stated"). Mr. Flegel has no basis to opine about what the City did in the SEP process, or whether its decision was content based, since he did not make the decision. Nor does he offer a basis to opine about what other departments needed to understand or why they made decisions. Robinson Supp. Decl., Ex. 4 at 97-98. |
| 23<br>24<br>25<br>26<br>27<br>28 | <u>Flegel Decl. ¶ 21</u><br>On 12/8/17, Mr. Zeleny responded via email to my 12/7/17 email, a true and correct copy of which is attached as Exhibit "M." Rather than responding to the questions and requests sent to him 16 days earlier, Mr. Zeleny argued the law and claimed that it was the City's responsibility to answer those questions and respond to those requests, notwithstanding the fact that he was in charge of the film project and presumably would know how he wished to arrange his equipment, where he would be | Best Evidence Rule. Fed. R. Evid. 1002. The emails speak for themselves. Mr. Flegel's characterization is irrelevant.<br><br>Improper opinion legal conclusion. Fed. R. Evid. 701, 702; *McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451, 454 (1999) (noting that expert cannot testify as to legal conclusion on contract interpretation) (collecting cases). Mr. Flegel's self-serving assessment about Mr. Zeleny being "in charge of the film project," etc., is not proper factual testimony. |

- 6 -
EVIDENTIARY OBJECTIONS IN OPP. TO MOT. FOR
SUMM J. BY CITY OF MENLO PARK AND BERTINI

| | | |
|---|---|---|
| 1, 2 | pointing his guns, why he needed to have live ammunition, etc. | |
| 3–7 | Flegel Decl. ¶ 22<br>Mr. Zeleny sent me a further email on 12/20/17, a true and correct copy of which is attached as Exhibit "N." He continued to decline to respond to the questions and requests I had sent him 29 days earlier while claiming we were stalling. As with previous emails, he presented legal arguments and threats of litigation rather than answers to the questions and requests sent to him. | Best Evidence Rule. Fed. R. Evid. 1002. The emails speak for themselves. Mr. Flegel's characterization is irrelevant. |
| 8–20 | Flegel Decl., Ex. O<br>12/21/2017 Email. | Hearsay. Fed. R. Evid. 802.<br>Improper opinion and legal conclusion testimony. Fed. R. Evid. 701, 702; 701, 702; *McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451, 454 (1999).<br><br>Lacks foundation and personal knowledge. Fed. R. Evid. 104, 602; *see also* Fed. R. Civ. P. 56(c)(4) ("[a] declaration used to support or oppose a motion must be made on personal knowledge … and show that the … declarant is competent to testify on the matters stated").<br><br>Mr. Flegel has no basis to opine about what the City did in the SEP process, or whether its decision was content based, since he did not make the decision. Nor does he offer a basis to opine about what other departments needed to understand or why they made decisions. Robinson Supp. Decl., Ex. 4 at 97-98. His assertion that the City was acting "in good faith" is not a proper subject of opinion testimony, nor are his legal opinions about the status of Mr. Zeleny's application. |
| 21–28 | Flegel Decl. ¶ 24<br>Part of the issue with Mr. Zeleny's film permit application was the lack of specificity in his responses. City staff needed to know where he intended to place the various pieces of equipment, his film crew, display and firearms for traffic control and public safety purposes, as I explained. Furthermore, Mr. Zeleny indicated that he intended to have live ammunition with him on site during his filming, which presented significant safety concerns. These and other questions were asked on multiple occasions, but never directly and specifically answered by Mr. Zeleny. | Improper opinion and legal conclusion testimony. Fed. R. Evid. 701, 702; 701, 702; *McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451, 454 (1999).<br><br>Lacks foundation and personal knowledge. Fed. R. Evid. 104, 602; *see also* Fed. R. Civ. P. 56(c)(4) ("[a] declaration used to support or oppose a motion must be made on personal knowledge … and show that the … declarant is competent to testify on the matters stated").<br><br>Mr. Flegel testified that he was not a decisionmaker with respect to the film permit and merely passed along questions from other departments. Robinson Supp. Decl., Ex. 4 at |

| | | |
|---|---|---|
| | | 97-98. He has no foundation or basis for personal knowledge to testify about what other staff "need to know" or why, the "issues with Mr. Zeleny's … application," safety concerns of other City departments, or the like. |
| | Flegel Decl. ¶ 25<br>Had Mr. Zeleny identified where specifically he intended to place his equipment and where his crew would be filming within the public right-of-way, Menlo Park personnel could have analyzed whether traffic or other controls would be required and, if so, what would be needed in order to comply with the California Vehicle Code, California law and the Menlo Park Municipal Code. | Improper opinion and legal conclusion testimony. Fed. R. Evid. 701, 702; 701, 702; *McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451, 454 (1999).<br><br>Lacks foundation and personal knowledge, and speculation. Fed. R. Evid. 104, 602; *see also* Fed. R. Civ. P. 56(c)(4) ("[a] declaration used to support or oppose a motion must be made on personal knowledge … and show that the … declarant is competent to testify on the matters stated").<br><br>Mr. Flegel has no basis, personal knowledge, or foundation to speculate or opine about what other City departments could or would have done with Mr. Zeleny's application had additional information been provided. |
| | Flegel Decl. ¶ 27<br>On 12/22/17 I wrote once more to Mr. Zeleny by email. A true and correct copy of my email is attached as Exhibit Q. I asked him whether he wished to proceed with his film permit application since he had not provided the information I had requested. In his email of 12/21/17, Mr. Zeleny had made comments about a film permit not being necessary. He also had not provided the specific information requested and needed for the City staffs review. In particular, staff needed to know details about his set up and the location of his equipment, personnel and guns. Although he stated he would be at the same location where he had protested five years previously that was not fully responsive to the question, since it appeared that he would be protesting with more equipment and firearms (including what looked like a machine gun) than he had before. Staff needed to know how he intended to place and stage his various items in order to determine if that would affect vehicular, cyclist and/or pedestrian traffic as well as public safety. | Best Evidence Rule. Fed. R. Evid. 1002. The emails speak for themselves. Mr. Flegel's characterization is irrelevant.<br><br>Improper opinion and legal conclusion testimony. Fed. R. Evid. 701, 702; 701, 702; *McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451, 454 (1999).<br><br>Lacks foundation and personal knowledge. Fed. R. Evid. 104, 602; *see also* Fed. R. Civ. P. 56(c)(4) ("[a] declaration used to support or oppose a motion must be made on personal knowledge … and show that the … declarant is competent to testify on the matters stated"). Mr. Flegel testified that he was not a decisionmaker with respect to the film permit and merely passed along questions from other departments. Robinson Supp. Decl., Ex. 4 at 97-98. He has no foundation or basis for personal knowledge to testify about what other staff "needed to know" or why. |
| | Flegel Decl. ¶ 27<br>12/22/2017 Email | Hearsay. Fed. R. Evid. 802.<br><br>Lacks foundation and personal knowledge. Fed. R. Evid. 104, 602; *see also* Fed. R. Civ. P. 56(c)(4) ("[a] declaration used to support or |

- 8 -
EVIDENTIARY OBJECTIONS IN OPP. TO MOT. FOR
SUMM J. BY CITY OF MENLO PARK AND BERTINI

| | |
|---|---|
| | oppose a motion must be made on personal knowledge … and show that the … declarant is competent to testify on the matters stated"). Improper opinion and legal conclusion testimony. Fed. R. Evid. 701, 702; 701, 702; *McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451, 454 (1999).<br><br>Mr. Flegel's conclusory and self-serving email reflects the City's legal positions and is not evidence. It amounts to a legal argument and improper opinion. Nor does he have any foundation or personal knowledge to testify about what other City staff needed or why. Mr. Flegel testified that he was not the decisionmaker. Robinson Supp. Decl., Ex. 4 at 97-98 |
| Flegel Decl. ¶ 28<br>We also needed to know the answers to the questions I had posed about his guns, what he had meant when he stated that he intended to elicit and focus upon reactions to those traveling by and whether he intended to use live ammunition in his filming. All of this information was necessary in order to evaluate for public safety and traffic control. | Improper opinion and legal conclusion testimony. Fed. R. Evid. 701, 702; 701, 702; *McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451, 454 (1999).<br><br>Lacks foundation and personal knowledge. Fed. R. Evid. 104, 602; *see also* Fed. R. Civ. P. 56(c)(4) ("[a] declaration used to support or oppose a motion must be made on personal knowledge … and show that the … declarant is competent to testify on the matters stated").<br><br>Mr. Flegel testified that he was not a decisionmaker with respect to the film permit and merely passed along questions from other departments. Robinson Supp. Decl., Ex. 4 at 97-98. He has no foundation or basis for personal knowledge to testify about what other staff "needed to know" or why.. |
| Flegel Decl. ¶ 29<br>It is titled "Film Production in Menlo Park" and outlines the information needed by the City in order to process and evaluate film permit applications in terms of compliance with applicable laws, traffic control and public safety. That document references City Ordinances, which includes not only the Noise ordinance found at Chapter 8.06 of the Menlo Park Municipal Code but also the Use of Public Rights-of-Way ordinance found at Chapter 13.18 of the Municipal Code, which governs the process for encroachment permits, including film permits where filming within one or more public rights-of-way is proposed. | Improper opinion and legal conclusion testimony. Fed. R. Evid. 701, 702; 701, 702; *McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451, 454 (1999).<br><br>Lacks foundation and personal knowledge. Fed. R. Evid. 104, 602; *see also* Fed. R. Civ. P. 56(c)(4) ("[a] declaration used to support or oppose a motion must be made on personal knowledge … and show that the … declarant is competent to testify on the matters stated"). Mr. Flegel's testimony about applicable Municipal Code sections is pure legal opinion testimony, which is improper. Moreover, it contradicts Mr. Flegel'<br><br>Sham declaration rule. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). Mr. Flegel testified that he was unaware of any |

| | | |
|---|---|---|
| | | municipal codes applicable to film permits and that the policy was comprised only of the written handout and application itself.  See Flegel Dep. at 76:6-17; 79:11-17. |
| | Flegel Decl., Ex. R<br>Municipal Code | Improper use of evidence not disclosed in discovery. |
| | **Declaration of Todd Master** | |
| | Master Decl., Ex. A<br>Zeleny Dep., Ex. 6<br>(Permit Denial Letter [Sept. 21, 2015]) | To the extent offered to prove the truth of assertions in the denial letter the letter is inadmissible.<br><br>Hearsay.  Fed. R. Evid. 802.<br>Lacks foundation.  Fed. R. Evid. 104.<br>Lacks personal knowledge.  Fed. R. Evid. 602; Fed. R. Civ. P. 56(c).<br>Improper opinion and legal conclusions.  Fed. R. Evid. 701, 702; *McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451, 454 (1999). |
| | Master Decl., Ex. A<br>Zeleny Dep., Ex. 7<br>(Miscellaneous Permitting Documents) | To the extent offered to prove the truth of assertions made by City staff, the materials are inadmissible.<br><br>Hearsay.  Fed. R. Evid. 802.<br>Lacks foundation.  Fed. R. Evid. 104.<br>Lacks personal knowledge.  Fed. R. Evid. 602; Fed. R. Civ. P. 56(c).<br>Improper opinion and legal conclusions.  Fed. R. Evid. 701, 702; *McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451, 454 (1999). |
| | Master Decl., Ex. A<br>Zeleny Dep., Ex. 8<br>(Permit Denial Letter [May 16, 2016]) | To the extent offered to prove the truth of assertions in the denial letter the letter is inadmissible.<br><br>Hearsay.  Fed. R. Evid. 802.<br>Lacks foundation.  Fed. R. Evid. 104.<br>Lacks personal knowledge.  Fed. R. Evid. 602; Fed. R. Civ. P. 56(c).<br>Improper opinion and legal conclusions.  Fed. R. Evid. 701, 702; *McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451, 454 (1999). |
| | Master Decl., Ex. A<br>Zeleny Dep., Ex. 10<br>(Email attaching Permit Denial Letter [June 16, 2016]) | To the extent offered to prove the truth of assertions in the denial letter the letter is inadmissible.<br><br>Hearsay.  Fed. R. Evid. 802.<br>Lacks foundation.  Fed. R. Evid. 104.<br>Lacks personal knowledge.  Fed. R. Evid. 602; Fed. R. Civ. P. 56(c).<br>Improper opinion and legal conclusions.  Fed. R. Evid. 701, 702; *McHugh v. United Serv.* |

| | |
|---|---|
| | *Auto Ass'n*, 164 F.3d 451, 454 (1999). |
| Master Decl., Ex. A<br>Zeleny Dep., Ex. 12<br>(Email attaching Permit Denial Letter [June24, 2016]) | To the extent offered to prove the truth of assertions in the denial letter the letter is inadmissible.<br><br>Hearsay.  Fed. R. Evid. 802.<br>Lacks foundation.  Fed. R. Evid. 104.<br>Lacks personal knowledge.  Fed. R. Evid. 602; Fed. R. Civ. P. 56(c).<br>Improper opinion and legal conclusions.  Fed. R. Evid. 701, 702; *McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451, 454 (1999). |
| Master Decl., Ex. A<br>Zeleny Dep., Ex. 17<br>(Email Attaching Permit Denial Letter and administrative record [Sept.12, 2016]) | To the extent offered to prove the truth of assertions in the denial letter, or assertions made by City staff in connection with the administrative process, the materials are inadmissible.<br><br>Hearsay.  Fed. R. Evid. 802.<br>Lacks foundation.  Fed. R. Evid. 104.<br>Lacks personal knowledge.  Fed. R. Evid. 602; Fed. R. Civ. P. 56(c).<br>Improper opinion and legal conclusions.  Fed. R. Evid. 701, 702; *McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451, 454 (1999). |
| Master Decl., Ex. A<br>Zeleny Dep., Ex. 23<br>(11/6/2017 Email) | Hearsay.  Fed. R. Evid. 802.<br>Lacks foundation and personal knowledge. Fed. R. Evid. 104, 601; Fed. R. Civ. P. 56(c)(4).<br><br>Mr. Toews has no basis to state what other City staff did in connection with the application, what they needed in order to process the application, or why. |
| Master Decl., Ex. A<br>Zeleny Dep., Ex. 24<br>(Email Exchange Incorporating 11/6/2017 Email from Ivan Toews) | Hearsay.  Fed. R. Evid. 802.<br>Lacks foundation and personal knowledge. Fed. R. Evid. 104, 601; Fed. R. Civ. P. 56(c)(4).<br><br>Mr. Toews has no basis to state what other City staff did in connection with the application, what they needed in order to process the application, or why. |
| Master Decl., Ex. B[1] | Lacks foundation.  Fed. R. Evid. § 104. |

---

[1] Because the City Defendants do not designate the deposition excerpts on which they rely, Zeleny addresses those identified in the City Defendants' brief.  A party is obligated to identify the portion of the record that it intends to rely upon.  *See In re Oracle Corp. Securities Litigation, 627 F.3d 376, 386* (9th Cir. 2010) (citing *Downs v. Los Angeles Unified Sch. Dist.*, 228 F.3d 1003, 1007 n. 1 (9th Cir.2000) and *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991)).

| | |
|---|---|
| Bertini Dep. at 30:13-18<br>Are there objective standards that you, as the police department, apply in deciding whether or not to approve a special events permit?<br>MR. MASTER: Objection. Asked and answered. Vague and ambiguous.<br>THE WITNESS: The answer is yes. | Lack of personal knowledge. Fed. R. Evid. 602; Fed. R. Civ. P. 56(c).<br>Improper opinion on a legal issue. Fed. R. Evid. 701, 702. |
| Master Decl., Ex. B:<br>Bertini Dep. at 141:15-20:<br>Q. And in the appeal process. was it considered a factor in deciding whether or not to uphold the denial of the permit application?<br>A. My understanding. that it was not one of the denial points that was made by the city manager's decision. | Best Evidence Rule. Fed. R. Evid. 1002. The City' Manager's decision, Zeleny Decl., Ex. 8 at 9-12, speaks for itself and lists "obscenity laws" as a basis for denial. |
| Master Decl., Ex. B:<br>Bertini Dep. at 455:16-456:1<br>Q. Does the person making the decision on a special event permit application have discretion to determine whether the application has enough of a community participation element to qualify as a special event?<br>A. I would disagree in the way the question is even asked. Discretion in what way? What they're looking for is, is the public invited to this or is it for one single entity that is impacting other public members and they cannot participate. That's the issue. | Lacks foundation. Fed. R. Evid. § 104. Lack of personal knowledge. Fed. R. Evid. 602; Fed. R. Civ. P. 56(c).<br><br>Mr. Bertini offers no basis for personal knowledge of what other people consider or do not consider in deciding applications. |
| Master Decl., Ex. C<br>McIntyer Dep., Ex. 154<br>(Permit Denial Letter) | To the extent offered to prove the truth of assertions in the denial letter the letter is inadmissible.<br><br>Hearsay. Fed. R. Evid. 802.<br>Lacks foundation. Fed. R. Evid. 104.<br>Lacks personal knowledge. Fed. R. Evid. 602; Fed. R. Civ. P. 56(c).<br>Improper opinion and legal conclusions. Fed. R. Evid. 701, 702; *McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451, 454 (1999). |

| | |
|---|---|
| Master Decl., Ex. E<br>Transcript of recording of City Manager Hearing. | To the extent offered to prove the truth of matters asserted by City staff, the transcript is inadmissible.<br><br>Hearsay. Fed. R. Evid. 802.<br>Lacks foundation. Fed. R. Evid. 104.<br>Lacks personal knowledge. Fed. R. Evid. 602; Fed. R. Civ. P. 56(c).<br>Improper opinion and legal conclusions. Fed. R. Evid. 701, 702; *McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451, 454 (1999). |
| Master Decl., Ex. F<br>Transcript of recording of City Council Meeting. | To the extent offered to prove the truth of matters asserted by City staff, the transcript is inadmissible.<br><br>Hearsay. Fed. R. Evid. 802.<br>Lacks foundation. Fed. R. Evid. 104.<br>Lacks personal knowledge. Fed. R. Evid. 602; Fed. R. Civ. P. 56(c).<br>Improper opinion and legal conclusions. Fed. R. Evid. 701, 702; *McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451, 454 (1999). |

Dated: February 4, 2021

Respectfully submitted,

s/ Damion Robinson
David W. Affeld
Brian R. England
Damion D. D. Robinson
Affeld Grivakes LLP

Attorneys for Plaintiff Michael Zeleny

EVIDENTIARY OBJECTIONS IN OPP. TO MOT. FOR
SUMM J. BY CITY OF MENLO PARK AND BERTINI

**PROOF OF SERVICE**

    I hereby certify that on February 4, 2021, I electronically filed the foregoing document using the Court's CM/ECF system. I am informed and believe that the CM/ECF system will send a notice of electronic filing to the interested parties.

s/ Gabrielle Bruckner
Gabrielle Bruckner
