TODD H. MASTER [SBN 185881]
tmaster@hrmrlaw.com
ROBERT J. GUNDERT [SBN 104486]
rgundert@hrmrlaw.com
HOWARD ROME MARTIN & RIDLEY LLP
1900 O'Farrell Street, Suite 280
San Mateo, CA  94403
Telephone:     (650) 365-7715
Facsimile:      (650) 364-5297

Attorneys for Defendants
CITY OF MENLO PARK and DAVE BERTINI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| MICHAEL ZELENY, an individual<br><br>Plaintiff,<br><br>vs.<br><br>EDMUND G. BROWN, JR., an individual, in his official capacity, et al.<br><br>Defendants. | Case No. 17-cv-07357-RS (TSH)<br><br>**SUPPLEMENTAL DECLARATION OF TODD H. MASTER IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**<br><br>Date: March 18, 2021<br>Time: 1:30 p.m.<br>Dept.: Courtroom 3<br>Judge: Hon. Richard Seeborg<br><br>**Trial Date: None** |

I, TODD H. MASTER, declare:

1. I am an attorney at law licensed to practice before this Court, and a principal in the

---

SUPPLEMENTAL DECLARATION OF TODD H. MASTER IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT OF DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI; Case No. 17-cv-07357-RS (TSH)                                                                    1

HOWARD ROME MARTIN & RIDLEY LLP
1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403
TELEPHONE (650) 365-7715

law firm Howard, Rome, Martin & Ridley LLP, counsel of record for defendants City of Menlo Park and Dave Bertini, herein. I am a competent adult, with personal knowledge of the matters set forth in this declaration. If called as a witness, I could and would competently testify to such matters.

    2.    Attached hereto as Exhibit "A" are true and correct copies of excerpts from the transcript for the March 19, 2019 (first session) deposition of defendant Dave Bertini. I attended and was present during the deposition of Chief Bertini.

    4.    Attached hereto as Exhibit "B" are true and correct copies of excerpts from the transcript for the March 3, 2020 deposition transcript of Nicolas Flegel. I attended and was present during the deposition of this witness.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed on this 11th day of February 2021, at San Mateo, California.

_____
Todd H. Master

SUPPLEMENTAL DECLARATION OF TODD H. MASTER IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT OF DEFENDANTS CITY OF MENLO PARK AND DAVE BERTINI; Case No. 17-cv-07357-RS (TSH)     2

Exhibit A

```
 1                UNITED STATES DISTRICT COURT

 2              NORTHERN DISTRICT OF CALIFORNIA

 3

 4   IN RE MATTER OF:              )
                                   )
 5                                 )
                                   )
 6   MICHAEL ZELENY,               )
                                   )
 7            Plaintiff,           )
                                   )
 8        vs.                      )  CASE NO. CV 17-7357 JCS
                                   )
 9   EDMUND G. BROWN, JR., et al., )
                                   )
10            Defendant.           )
                                   )
11

12

13        VIDEOTAPED DEPOSITION OF CHIEF DAVE BERTINI

14                         VOLUME I

15                   Menlo Park, California

16                  Tuesday, March 19, 2019

17

18

19

20

21

22
     Stenographically Reported by:
23
     HEATHER J. BAUTISTA, CSR, CRR, RPR
24

25
```

|       |    |                                                          |
|-------|----|----------------------------------------------------------|
|       | 1  | correct?                                                 |
|       | 2  | A.  Yes.                                                 |
|       | 3  | Q.  This is the special event permit website?            |
|       | 4  | A.  That is correct.                                     |
| 13:28 | 5  | Q.  Does the website accurately describe the             |
|       | 6  | process and qualifications for special events?           |
|       | 7  | A.  Yes.                                                 |
|       | 8  | Q.  If you could turn to the last page, please.          |
|       | 9  | There's a reference at the very bottom -- maybe it's not |
| 13:29 | 10 | the bottom; about a third of the way down the physical   |
|       | 11 | page, there's a reference to "film permits."             |
|       | 12 | Do you see that?                                         |
|       | 13 | A.  Yes.                                                 |
|       | 14 | Q.  To your knowledge, does -- strike that.              |
| 13:29 | 15 | As the person most qualified on behalf of the            |
|       | 16 | City of Menlo Park, does the City have any written       |
|       | 17 | criteria for grant or denial of film permits?            |
|       | 18 | A.  Yes.                                                 |
|       | 19 | Q.  Where are those criteria?                            |
| 13:29 | 20 | A.  They are available from the Department of            |
|       | 21 | Public Works in the form of an FAQ, frequently asked     |
|       | 22 | questions, and also an encroachment permit.              |
|       | 23 | MR. ROBINSON:  Sorry.  Could we go off for 30            |
|       | 24 | seconds.                                                 |
| 13:29 | 25 | THE VIDEOGRAPHER:  We are now going off the              |

```
 1         I, HEATHER J. BAUTISTA, CSR No. 11600, Certified
 2   Shorthand Reporter, certify:
 3         That the foregoing proceedings were taken before
 4   me at the time and place therein set forth, at which
 5   time the witness declared under penalty of perjury; that
 6   the testimony of the witness and all objections made at
 7   the time of the examination were recorded
 8   stenographically by me and were thereafter transcribed
 9   under my direction and supervision;
10         That the foregoing is a full, true, and correct
11   transcript of my shorthand notes so taken and of the
12   testimony so given;
13         ( ) Reading and signing was requested.
14         ( ) Reading and signing was waived.
15         (XX) Reading and signing was not requested.
16         I further certify that I am not financially
17   interested in the action, and I am not a relative or
18   employee of any attorney of the parties, nor of any of
19   the parties.
20         I declare under penalty of perjury under the laws
21   of California that the foregoing is true and correct.
22         Dated:  March 31, 2019
23
24                        _____
                          HEATHER J. BAUTISTA, CSR, CRR, RPR, CLR
25
```

Exhibit B

```
 1                UNITED STATES DISTRICT COURT
 2            FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3
 4    MICHAEL ZELENY, an individual,  )
                                      )
 5              Plaintiff,            )
                                      )
 6    vs.                             )    No. CV 17-7357 JS
                                      )
 7    EDMUND G. BROWN, JR., an        )
      individual, in his official     )
 8    capacity; XAVIER BECERRA, an    )
      individual in his official      )
 9    capacity; CITY OF MENLO PARK,   )
      a municipal corporation; and    )
10    DAVE BERTINI, an individual,    )
      in his official capacity,       )
11                                    )
                Defendants.           )
12                                    )
13
14          VIDEOTAPED DEPOSITION OF NICOLAS FLEGEL
15                    Menlo Park, California
16                    Tuesday, March 3, 2020
17
18
19
20
21
22    Reported by:
23    JANIS JENNINGS
24    CSR No. 3942, CLR, CCRR
25    Job No. 3985721
```

Page 1

```
1    BY MR. MARKEVITCH:                                    11:30
2         Q.   Are you aware of any written factors        11:30
3    or policies that the staff would apply to that        11:30
4    analysis?                                             11:30
5              MR. MASTER:  Objection.  Vague and          11:30
6    ambiguous.                                            11:30
7              THE WITNESS:  Written -- well, I mean,      11:30
8    there's the vehicle code, there's other California   11:30
9    law.                                                  11:30
10   BY MR. MARKEVITCH:                                    11:30
11        Q.   Anything specific?                          11:30
12        A.   And there's municipal code.  I mean, there  11:30
13   is an encroachment permit process for this.  There's  11:30
14   a -- in terms of other specific factors?  No.         11:30
15        Q.   So when you say the "encroachment process," 11:30
16   could you describe specifically what -- you know,     11:30
17   what portion of that process would be applied to      11:30
18   determining whether or not the various placement is   11:30
19   appropriate or not.                                   11:30
20        A.   An encroachment permit is to determine      11:30
21   whether or not the sidewalk needs to be shut down or  11:30
22   not to allow him to do his filming.                   11:30
23        Q.   Assuming -- assuming -- this is a           11:31
24   hypothetical -- the sidewalk does terminate in the    11:31
25   location that I was pointing out to you --            11:31
```

```
 1        A.   Uh-huh.                                      11:31
 2        Q.   -- would anything need to be shut down       11:31
 3   if there was, you know, one or two people standing     11:31
 4   there, a generator, and a display?                     11:31
 5             MR. MASTER:  Vague and ambiguous.  It's an   11:31
 6   incomplete hypothetical.                               11:31
 7             THE WITNESS:  Yeah, I can't answer that.     11:31
 8   BY MR. MARKEVITCH:
 9        Q.   Why not?
10        A.   I don't know.  It's a hypothetical I can't   11:31
11   answer.                                                11:31
12        Q.   Okay.  So, well, I mean, if they're standing 11:31
13   at a point where the sidewalk terminates anyway and    11:31
14   the equipment is standing there, what would need to    11:31
15   be shut down?                                          11:31
16             MR. MASTER:  Well, it's an incomplete        11:31
17   hypothetical.  It's vague, ambiguous, and overbroad.   11:31
18   It lacks foundation and calls for speculation.         11:31
19             THE WITNESS:  So that's not my call of what  11:31
20   would need to be shut down.  That would -- you're      11:31
21   going to have to ask staff on that.                    11:31
22   BY MR. MARKEVITCH:                                     11:31
23        Q.   Okay.  So you don't know?                    11:31
24        A.   I don't know.                                11:31
25        Q.   Okay.  And do you know what -- whether or    11:31
```

| | | |
|---|---|---|
| 1 | not in making that determination the staff would | 11:31 |
| 2 | look at any written material? | 11:31 |
| 3 |     MR. MASTER:  Objection.  Asked and answered. | 11:31 |
| 4 |     THE WITNESS:  I think I answered that. | 11:31 |
| 5 | BY MR. MARKEVITCH: | 11:32 |
| 6 |     Q.   Okay.  You mentioned municipal codes. | 11:32 |
| 7 |     A.   Municipal codes, California law, vehicle | 11:32 |
| 8 | code. | 11:32 |
| 9 |     Q.   Okay.  Any specific sections of those codes | 11:32 |
| 10 | that you're aware of that the staff would be looking | 11:32 |
| 11 | at? | 11:32 |
| 12 |     MR. MASTER:  Lacks foundation.  Calls for | 11:32 |
| 13 | speculation. | 11:32 |
| 14 |     THE WITNESS:  Yeah, me?  No. | 11:32 |
| 15 | BY MR. MARKEVITCH: | 11:32 |
| 16 |     Q.   You don't know? | 11:32 |
| 17 |     A.   I don't know. | 11:32 |
| 18 |     Q.   How many film permits have you worked on for | 11:32 |
| 19 | the City of Menlo Park? | 11:32 |
| 20 |     A.   Very few. | 11:32 |
| 21 |     Q.   Two? | 11:32 |
| 22 |     A.   Maybe two, maybe three. | 11:32 |
| 23 |     Q.   Do you remember the other one or two permits | 11:32 |
| 24 | that you worked on in addition to Mr. Zeleny's? | 11:32 |
| 25 |     A.   Very vaguely.  I remember discussing with | 11:32 |

Page 76

```
 1              THE WITNESS:  Other than it looks as if        12:08
 2   Mr. Toews just replied all to the same email thread.      12:08
 3   BY MR. MARKEVITCH:                                        12:09
 4        Q.   Were you at this time assigned to work on       12:09
 5   Mr. Zeleny's film permit?                                 12:09
 6        A.   I don't know if I was ever assigned to work     12:09
 7   on Mr. Zeleny's film permit.  But, no, at this time,      12:09
 8   no.                                                       12:09
 9        Q.   Do you remember if at the time of this email    12:09
10   you were intending to review the application that        12:09
11   Mr. Zeleny would submit?                                  12:09
12        A.   No.                                             12:09
13        Q.   No, you don't remember; or, no, you were not    12:09
14   intending to review the application?                      12:09
15        A.   I don't remember, and I was not intending to    12:09
16   review anything.                                          12:09
17             MR. MARKEVITCH:  Exhibit 68.                    12:09
18             (Exhibit 68 marked for identification.)         12:09
19   BY MR. MARKEVITCH:                                        12:10
20        Q.   Mr. Flegel, please take a look at this          12:10
21   document and let me know if you recognize it.             12:10
22        A.   I do.                                           12:10
23        Q.   Is this the film permit application             12:10
24   submitted by Mr. Zeleny?                                  12:10
25        A.   This is -- so this is certainly the             12:10
```

Veritext Legal Solutions
866 299-5127

```
 1    encroachment permit application.  I don't know if        12:10
 2    there were additional documents attached to this or      12:10
 3    provided at this specific time.                          12:10
 4         Q.   What is the function of this encroachment      12:10
 5    permit in the context of Mr. Zeleny submitting it?       12:10
 6         A.   Well, this is the film permit.  That's the    12:10
 7    entire function.                                         12:11
 8         Q.   If you go page 3 of this document.             12:11
 9         A.   Uh-huh.                                        12:11
10         Q.   You can see it looks like there's an email    12:11
11    from Mr. Zeleny --                                       12:11
12         A.   Uh-huh.                                        12:11
13         Q.   -- and I'm just going represent that it       12:11
14    looks like this is the email to which he attached       12:11
15    the encroachment application that we were just          12:11
16    looking at.  Does that sound correct, Mr. Flegel?       12:11
17         A.   It looks correct.                              12:11
18         Q.   And in this email there's some additional    12:11
19    information regarding the application of Mr. Zeleny;   12:11
20    correct?                                                 12:11
21         A.   Yes.                                           12:11
22         Q.   Did you review this email at any time prior   12:11
23    to today?                                                12:11
24         A.   Yes.                                           12:11
25         Q.   When did you review it for the first time?    12:11
```

```
 1              I, JANIS JENNINGS, CSR No. 3942, Certified
 2      Shorthand Reporter, certify:
 3              That the foregoing proceedings were taken
 4      before me at the time and place therein set forth, at
 5      which time the witness was duly sworn by me;
 6              That the testimony of the witness, the
 7      questions propounded, and all objections and statements
 8      made at the time of the examination were recorded
 9      stenographically by me and were thereafter transcribed;
10              That the foregoing pages contain a full, true
11      and accurate record of all proceedings and testimony.
12              Pursuant to F.R.C.P. 30(e)(2) before
13      completion of the proceedings, review of the transcript
14      [ ] was [X] was not requested.
15              I further certify that I am not a relative or
16      employee of any attorney of the parties, nor financially
17      interested in the action.
18              I declare under penalty of perjury under the
19      laws of California that the foregoing is true and
20      correct.
                Dated this 12th day of March 2020
21
22
                        [signature]
23              _____
24
                JANIS JENNINGS, CSR NO. 3942
25                      CLR, CCRR
```

Page 222