1  David W. Affeld, State Bar No. 123922
   Brian R. England, State Bar No. 211335
2  Damion Robinson, State Bar No. 262573
   Affeld Grivakes LLP
3  2049 Century Park East, Ste. 2460
   Los Angeles, CA 90067
4  Telephone:    (310) 979-8700

5  Attorneys for Plaintiff Michael Zeleny

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZELENY,<br><br>    Plaintiff,<br><br>vs.<br><br>GAVIN NEWSOM, *et al.*,<br><br>    Defendants. | Case No. CV 17-7357 JCS<br><br>Assigned to:<br>The Honorable Richard G. Seeborg<br><br>Discovery Matters:<br>The Honorable Thomas S. Hixson<br><br>**PLAINTIFF MICHAEL ZELENY'S EVIDENTIARY OBJECTIONS TO IMPROPER REPLY EVIDENCE FILED BY CITY OF MENLO PARK AND DAVE BERTINI [Dkt. Nos. 172-1 and 172-2]**<br><br>Date:        March 18, 2021<br>Time:       1:30 p.m.<br>Courtroom: 3, 17th Floor<br><br>Action Filed:  December 28, 2017<br>Trial Date:     TBD |

Plaintiff Michael Zeleny ("Zeleny") respectfully objects to the reply evidence submitted by Defendants City of Menlo Park and Dave Bertini (collectively, "City Defendants").

### A. Objection to Reply Evidence

Zeleny objects to the improper reply evidence submitted by the City Defendants on the grounds that (a) it is not permissible to submit new materials on reply; and (b) much of the new material consists of inadmissible legal opinion.

Parties are not allowed to submit new evidence on reply, particularly on a dispositive motion. See *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). "It is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too." Gold v. Wolpert, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989); Schwartz v. Upper Deck Co., 183 F.R.D. 672, 682 (S.D. Cal. 1999) ("well accepted that raising of new issues [on reply] is improper"). "It is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in a reply brief." Hon. Virginia A. Phillips, et al., Rutter Group Practice Guide Fed. Civ. Pro. Before Trial Ch. 12-C, ¶ 12:107. The City Defendants should have submitted their evidence with their moving papers, not on reply. *See* Fed. R. Civ. P. 56(c)(1).

Further, much of the purported reply evidence consists of consist of legal argument, rather than factual material. Legal argument belongs in briefs, not in declarations. *King Cnty. v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002); *see also See Silver v. Executive Car Leasing Long-Term Disab. Plan*, 466 F.3d 727, 731 n.2 (9th Cir. 2006) (affirming exclusion of attorney declaration as improper argument). "[D]eclarations must contain only facts … and must avoid conclusions and argument." Local Civil Rule 7-5; *see also* Fed. R. Civ. P. 56(c). An argumentative declaration by an attorney is not evidence and is inadmissible. *See Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1413 (9th Cir. 1996) ("The only affidavit filed was one by the attorney. In it, he repeats what he says in his motion, on information and belief. This was, on its face, a totally insufficient showing") (citation omitted).

B.  **Specific Objections**

| Material Objected to | Objection |
|---|---|
| <u>Supp. Declaration of Nicholas Flegel ¶ 4</u>: In response the California Department of Transportation (Caltrans) produced those documents attached to my earlier filed declaration as Exhibits B and C. Also included within Exhibit C (at 160-2, Pp. 84-85) were two Caltrans District 4 Right of Way Maps (Bates numbered MP006681 and MP006682), which can be found at the Caltrans website at: https://www.arcgis.com/apps/webappviewer/index.html?id=04efb9a9f14c4da2aabd9ce36b7dda48 | Lacks foundation.  Fed. R. Evid. 104.<br><br>Lack of personal knowledge.  Fed. R. Evid. 602; Fed. R. Civ. P. 56(c).<br><br>Lacks authentication.  Fed. R. Evid. 901. |
| <u>Supp. Declaration of Nicholas Flegel ¶ 5</u>: The blue lines on Page 84 of Doc. 160-2 surround the area that is indicated on the Caltrans website as being within the State's right of way, under Caltrans' jurisdiction. | Lacks foundation.  Fed. R. Evid. 104.<br><br>Lack of personal knowledge.  Fed. R. Evid. 602; Fed. R. Civ. P. 56(c).<br><br>Lacks authentication.  Fed. R. Evid. 901.<br><br>Improper opinion testimony.  Fed. R. Evid. 701, 702.  Mr. Flegel has not been qualified as an expert in interpreting Caltrans records. Improper legal conclusion.  *McHugh v. United Serv. Auto Ass'n,* 164 F.3d 451, 454 (1999) (noting that expert cannot testify as to legal conclusion on contract interpretation) (collecting cases). |
| <u>Supp. Declaration of Nicholas Flegel ¶ 6</u>: The map at Page 85 of Doc. 160-2 also shows a portion of the same area, which clearly includes the median in question, which is to the left of the words "Sand Hill Rd" that are clearly seen on the image. There are two "Sand Hill Rd" notations. I am referring to the notation that does not have a blue line running through it, i.e. the notation below the other "Sand Hill Rd" notation. | Lacks foundation.  Fed. R. Evid. 104.<br><br>Lack of personal knowledge.  Fed. R. Evid. 602; Fed. R. Civ. P. 56(c).<br><br>Lacks authentication.  Fed. R. Evid. 901.<br><br>Improper opinion and legal argument / conclusion.  Fed. R. Evid. 701, 702; *McHugh v. United Serv. Auto Ass'n,* 164 F.3d 451, 454 (1999) (noting that expert cannot testify as to legal conclusion on contract interpretation) (collecting cases).  Mr. Flegel has not been qualified as an expert in interpreting Caltrans records. |
| <u>Supp. Declaration of Nicholas Flegel ¶ 7</u>: The area demarcated by the blue lines includes Interstate Highway 280. Referring to the Freeway Maintenance Agreement dated July 1, 1972 (which is found within Exhibit C to | Lacks foundation.  Fed. R. Evid. 104.<br><br>Lack of personal knowledge.  Fed. R. Evid. 602; Fed. R. Civ. P. 56(c). |

| Material Objected to | Objection |
|---|---|
| Doc. 160-2 at pages 59-76), there is a chart at Doc. 160-2, Pg. 72, which refers to the delegation of maintenance responsibilities between the City and State. Under the column for "**280" the chart indicates that Encroachment Permits are solely the responsibility of the "Dept" (i.e. Cal trans) and not the City. In response to my Public Records Act request the State produced no other agreement that indicate otherwise. | Lacks authentication. Fed. R. Evid. 901.<br><br>Improper opinion and legal argument / conclusion. Fed. R. Evid. 701, 702; *McHugh v. United Serv. Auto Ass'n,* 164 F.3d 451, 454 (1999) (noting that expert cannot testify as to legal conclusion on contract interpretation) (collecting cases). Mr. Flegel has not been qualified as an expert in interpreting Caltrans records. |
| <u>Supp Declaration of Nicholas Flegel ¶ 8:</u><br>It was on the basis of a.) my years of legal experience representing the City of Menlo Park as an Assistant City Attorney, b.) my years of legal experience dealing with public right-of-way and jurisdictional issues that have arisen numerous times over the years, and c.) the above-referenced State documents that I expressed the legal opinions that: a. "[B]ased on the information provided by Caltrans, the location proposed by plaintiff Michael Zeleny for his proposed special event, is and was located within Caltrans' right-of-way and would thus require approval from the State of California." b. "Given that the subject center median is within Caltrans' right-of-way, Menlo Park does not have jurisdiction to approve any activity on or within that particular center median." c. "[T]he City had cause to deny Mr. Zeleny's Special Event Permit application on that jurisdictional ground alone as it has no right to grant a permit for the area in which he sought to conduct his proposed event." | Lacks foundation. Fed. R. Evid. 104.<br><br>Lack of personal knowledge. Fed. R. Evid. 602; Fed. R. Civ. P. 56(c).<br><br>Lacks authentication. Fed. R. Evid. 901.<br><br>Improper legal opinion / conclusion testimony and legal argument Fed. R. Evid. 701, 702; *McHugh v. United Serv. Auto Ass'n,* 164 F.3d 451, 454 (1999) (noting that expert cannot testify as to legal conclusion on contract interpretation) (collecting cases). Mr. Flegel has not been qualified as an expert in interpreting Caltrans records. |
| <u>Supp. Declaration of Todd Master, Ex. A: Deposition of Bertini at p. 113:14-22</u><br>To your knowledge, does -- strike that. As the person most qualified on behalf of the City of Menlo Park, does the City have any written criteria for grant or denial of film permits?<br>A. Yes.<br>Q. Where are those criteria?<br>A. They are available from the Department of Public Works in the form of an FAQ, frequently asked questions, and also an encroachment permit. | Lacks foundation. Fed. R. Evid. 104.<br><br>Irrelevant. Fed. R. Evid. 401.<br><br>Lack of personal knowledge. Fed. R Evid. 602; Fed. R. Civ. P. 56(c) (noting that declarations on summary judgment must affirmatively demonstrate personal knowledge and competency).<br><br>Improper opinion testimony. Fed. R. Evid. 701, 720.<br><br>It is undisputed that the City repurposes an encroachment form for use in issuing film permits. The issue on this motion is the rules that govern issuance or denial of a film permit. The form itself does not contain a standard for issuance or denial, nor does it |

- 3 -
EVIDENTIARY OBJECTIONS TO REPLY EVIDENCE
FILED BY MENLO PARK AND BERTINI

| Material Objected to | Objection |
|---|---|
| | mention a standard. Bertini admitted the standard is "completely discretionary." *See* Zeleny Decl. [Dkt. No. 162-2] Ex. 12 (Application Form); Master Decl. [Dkt. No. 160-6] Ex. E at 44; Robinson Decl. [Dkt. 162-1] Ex. F at 495-96.<br><br>For rules to be considered part of the film permitting process for purposes of a First Amendment challenge they must be "made explicit by textual incorporation, binding judicial or administrative construction, or well-established practice." See *Cty. of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 770 (1988); *see also Epona LLC v. Cnty. of Ventura*, No. 16-6372, 2019 WL 7940582, at *3 (C.D. Cal. Dec. 12, 2019) (requiring "well-understood and uniformly applied practice … that has virtually the force of a judicial construction") (quoting *Forsythe Cnty. v. Nationalist Movement*, 505 U.S. 123, 131 (1991)). The permitting form does not even reference the Municipal Code sections the City now claims govern.<br><br>A moving party's evidence is "closely scrutinized" and must clearly and unambiguously establish the fact asserted. *E.g., U.S. for Use and Benefit of Austin v. Western Elec. Co.*, 337 F.2d 568, 575 (9th Cir. 1964) (citation omitted). Vague, offhand references to an "encroachment permit" form do not support the City Defendants' position. |
| <u>Supp. Declaration of Todd Master, Ex. A: Deposition of Flegel at p. 74:2-14</u><br>Q. Are you aware of any written factors or policies that the staff would apply to that analysis?<br>MR. MASTER: Objection. Vague and ambiguous.<br>THE WITNESS: Written -- well, I mean, there's the vehicle code, there's other California law.<br>BY MR. MARKEVITCH:<br>Q. Anything specific?<br>A. And there's municipal code. I mean, there is an encroachment permit process for this. There's a -- in terms of other specific factors? No. | Lacks foundation. Fed. R. Evid. 104.<br><br>Irrelevant. Fed. R. Evid. 401.<br><br>Lack of personal knowledge. Fed. R. Evid. 602; Fed. R. Civ. P. 56(c).<br><br>Improper opinion testimony. Fed. R. Evid. §§ 701, 702.<br><br>This testimony is vague and ambiguous. Immediately following the highlighted excerpt, Mr. Flegel makes clear that an encroachment permit is "to determine whether or not the sidewalk needs to be shut down." Flegel Dep. at 74:20-22. He did not claim that the construction-encroachment sections of the Municipal Code are the governing standard for permits. Instead, he testified that he was not aware of any standards other than the two-page flyer and |

| Material Objected to | Objection |
|---|---|
| | permitting form itself. Robinson Supp. Decl. [Dkt. No. 169-2] at 76, 79, 102.<br><br>The moving party's evidence at summary judgment is "closely scrutinized" and must be clear and unambiguous. *E.g.*, *U.S. for Use and Benefit of Austin v. Western Elec. Co.*, 337 F.2d 568, 575 (9th Cir. 1964) (citation omitted).<br><br>An offhand reference to the "encroachment permit process" fails to establish as a matter of law that specific Municipal Code sections referenced by the City Defendants are the governing standard. Instead, "[f]or rules to be considered part of the film permitting process for purposes of a First Amendment challenge they must be "made explicit by textual incorporation, binding judicial or administrative construction, or well-established practice." See *Cty. of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 770 (1988); *see also Epona LLC v. Cnty. of Ventura*, No. 16-6372, 2019 WL 7940582, at *3 (C.D. Cal. Dec. 12, 2019) (requiring "well-understood and uniformly applied practice … that has virtually the force of a judicial construction") (quoting *Forsythe Cnty. v. Nationalist Movement*, 505 U.S. 123, 131 (1991)). |
| <u>Supp. Declaration of Todd Master, Ex. A: Deposition of Flegel at p. 92:20-93:17</u><br>Q. Mr. Flegel, please take a look at this document and let me know if you recognize it.<br>A. I do.<br>Q. Is this the film permit application submitted by Mr. Zeleny?<br>A. This is -- so this is certainly the encroachment permit application. I don't know if there were additional documents attached to this or provided at this specific time.<br>Q. What is the function of this encroachment permit in the context of Mr. Zeleny submitting it?<br>A. Well, this is the film permit. That's the entire function.<br>Q. If you go page 3 of this document.<br>A. Uh-huh.<br>Q. You can see it looks like there's an email from Mr. Zeleny --<br>A. Uh- huh .<br>Q . -- and I'm just going represent that it looks | Lacks foundation. Fed. R. Evid. 104.<br><br>Irrelevant. Fed. R. Evid. 401.<br><br>Lack of personal knowledge. Fed. R. Evid. 602; Fed. R. Civ. P. 56(c).<br><br>Improper opinion testimony. Fed. R. Evid. §§ 701, 702.<br><br>Lack of authentication. Fed. R. Evid. 901.<br><br>This vague and ambiguous testimony is not sufficient to meet the City Defendants' summary judgment burden, *see U.S. for Use and Benefit of Austin v. Western Elec. Co.*, 337 F.2d 568, 575 (9th Cir. 1964).<br><br>It is undisputed that the City repurposes an encroachment permit form for use with film permits. The mere fact that it uses an encroachment form for this purposed does |

| Material Objected to | Objection |
|---|---|
| like this is the email to which he attached the encroachment application that we were just looking at. Does that sound correct, Mr. Flegel?<br>A. It looks correct. | not establish that the Municipal Code sections referenced by the City govern the film permitting process.  For rules to be considered part of the film permitting process for purposes of a First Amendment challenge they must be "made explicit by textual incorporation, binding judicial or administrative construction, or well-established practice."  See *Cty. of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 770 (1988); *see also Epona LLC v. Cnty. of Ventura*, No. 16-6372, 2019 WL 7940582, at *3 (C.D. Cal. Dec. 12, 2019) (requiring "well-understood and uniformly applied practice … that has virtually the force of a judicial construction") (quoting *Forsythe Cnty. v. Nationalist Movement*, 505 U.S. 123, 131 (1991)). |

Dated:  February 21, 2021

Respectfully submitted,

s/ Damion Robinson
David W. Affeld
Brian R. England
Damion D. D. Robinson
Affeld Grivakes LLP

Attorneys for Plaintiff Michael Zeleny

**PROOF OF SERVICE**

I hereby certify that on February 21, 2021, I electronically filed the foregoing document using the Court's CM/ECF system. I am informed and believe that the CM/ECF system will send a notice of electronic filing to the interested parties.

            s/ Damion Robinson
            Damion Robinson