David W. Affeld, State Bar No. 123922
Brian R. England, State Bar No. 211335
Damion Robinson, State Bar No. 262573
Affeld Grivakes LLP
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone:     (310) 979-8700

Attorneys for Plaintiff Michael Zeleny

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZELENY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ROB BONTA, *et al.*,<br><br>　　　　Defendants. | Case No. CV 17-7357 JCS<br><br>Assigned to:<br>The Honorable Richard G. Seeborg<br><br>Discovery Matters:<br>The Honorable Thomas S. Hixson<br><br>**JOINT STATUS REPORT**<br><br>Action Filed:   December 28, 2017<br>Trial Date:       TBD |

Plaintiff Michael Zeleny ("Zeleny" or "Plaintiff")) and Defendants Rob Bonta (the "State") and City of Menlo Park (the "City"; collectively with the State, "Defendants") respectfully submit this Joint Status Report regarding remaining issues per the Court's Order of July 13, 2021 [ECF 192].

### A.  Scope of the Court's July 13 Order as to Declaratory Relief.

#### 1. Zeleny's Position.

Zeleny believes that the final judgment issued by the Court should render declaratory relief definitively construing the key language of the exemptions under California Penal Code sections 26375 and 26405(r) from the open-carry ban of Penal Code section 26350 and 26400 consistent with the Court's order of July 13, 2021 [ECF 192], at page 9 line 27 to page 10 line 7. The precise wording of such relief might be guided by negotiations between Zeleny and the State, or briefing to be submitted to the Court.

Zeleny believes that declaratory relief is necessary as to whether the content of his protest activity, regarding alleged child rape cover-up by the Zhus and their associates and as depicted in Exhibit A to the Second Amended Complaint [ECF 99], is constitutionally protected and not obscene. See ECF 99 at page 41 lines 20-25.

Zeleny believes further issues remain regarding the scope of declaratory relief to which Zeleny is entitled against the City. Zeleny's Second Amended Complaint [ECF 99] sought a declaration to the effect that the exemptions under California Penal Code sections 26375 and 26405(r) from the open-carry ban of Penal Code section 26350 and 26400 do not require municipal approval of "authorized participants" in an entertainment event or film or video production; hence Zeleny would not need approval from the City to qualify for the exemptions.

Finally, the Court's July 13, 2021 Order struck down the City's Special Events Permit (SEP) and film permitting processes. Accordingly, the City no longer has a permitting process in effect. Unless and until the City adopts a constitutionally adequate process, Zeleny contends that the City cannot require him to obtain a permit before conducting his events, which he plans to resume. The language of a final judgment in this case should include a provision prohibiting the City from circumventing the outcome of this litigation by, for example, adopting new ordinances

and resuming an indefinite process of moving criteria for the issuance of permits. Zeleny believes that a further order may be necessary clarifying the scope of July 13, 2021 ruling and/or providing for injunctive relief, including a directive to the City to issue Zeleny any necessary permits. As there are no factual or legal issues remaining to be tried, Zeleny would propose submitting his request for further relief by motion to the extent necessary.

**2.   The State's Position.**

The Attorney General prevailed completely on his motion for summary judgment on Zeleny's federal constitutional claims, and judgment should be entered in favor of the Attorney General. There is no longer any basis for the Court to issue the additional interpretation of state law that Zeleny appears to be asking for. If Zeleny seeks further declaratory relief about the meaning of California law apart from his federal constitutional claims, he can (and must) seek such clarification in state court.

**3.   The City's Position.**

With regard to Zeleny's Position vis-à-vis the City, it is not clear whether and to what extent plaintiff is seeking to have the Court reconsider aspects of its ruling. Some of Zeleny's Position appears to be in the nature of a request for reconsideration, which should be addressed in a motion to that effect.

Having said that, and since Zeleny has made it clear he wishes to proceed with certain activities, the City is open to meeting and conferring with plaintiff in order to discuss each side's understanding of what is permissible under the Court's ruling and order and what is not. If the Court is willing, perhaps the parties could then obtain input from the Court if there is disagreement in some area about the meaning and/or scope of the Court's order.

The City is contemplating a motion for reconsideration of an issue that was impliedly but not explicitly addressed by the Court's order.

Finally, the City takes issue with the request that it be enjoined from adopting or modifying its municipal ordinances. Plaintiff is presuming that any such effort will be in bad faith, which is certainly not the City's intention. The City has the right and should not be enjoined from making a good faith effort to adopt legally appropriate ordinances and processes.

### C. Attorney's Fee Award

#### 1. Zeleny's Position:

As the prevailing party against the City on his claims under 11 U.S.C. § 1983, Zeleny is entitled to recover his attorney's fees. *See* 11 U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of section[] … 1983 … of this title … the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee as part of the costs"); *see also Borunda v. Richmond*, 885 F.2d 1384, 1392 (9th Cir. 1988) (recognizing that fees must be awarded absent "special circumstances"). Zeleny will file a motion for recovery of his fees in the near future.

As against the State, Zeleny believes he should be determined to be the prevailing party for purposes of an award of costs and legal fees under California Code of Civil Procedure section 1021.5, because he was forced to prosecute this litigation against the State, pursue multiple rounds of discovery and discovery motions against the State, and litigate cross-motions for summary judgment with the State before it finally proffered the standards for Penal Code sections 26375 and 26405(r) that this Court adopted at page 9 line 27 to page 10 line 7 of the Court's order of July 13, 2021. The State did not offer this standard any time prior to the late stages of this litigation, and Zeleny's experts were cited by the Court to confirm the standard. Accordingly, Zeleny should be determined to be the prevailing party, as he substantially achieved his litigation objectives; and by obtaining a construction of governing statutes applicable to activity that could and does occur throughout the State of California, he should be entitled to recover private attorney general fees.

#### 2. The City's Position:

The City has not yet seen plaintiff's request for attorneys' fees and accordingly simply reserves the right to object and oppose plaintiff's motion for fees.

#### 3. The State's Position:

Since the State prevailed completely on its motion for summary judgment, it is the prevailing party. The State argued that the relevant statutes were not void for vagueness because there was an industry standard that could guide Zeleny's conduct. The fact that Zeleny's experts supported the State's argument did not make Zeleny the prevailing party. Notably, Zeleny did not

move to amend his complaint to add a vagueness claim until right before the summary-judgment cut-off, and his motion was not granted until the day *after* the summary-judgment cut-off. Dkt. No. 164. Hence, there is no basis for Zeleny's complaint that the State "finally proffered" a legal interpretation related to a cause of action (vagueness) that was not even formally pleaded when the State filed its motion for summary judgment.

### D.   **Settlement Conference.**

Zeleny and the State have discussed a potential resolution of a potential appeal by Mr. Zeleny, including through the issuance of an Entertainment Firearms Permit to Zeleny. The State is willing to continue these discussions, but does not believe that they furnish a basis for delaying the entry of judgment in favor of the State.

Zeleny's counsel has also contacted the City's counsel in an effort to resolve Zeleny's 42 U.S.C. section 1988 fee application through negotiation. Those discussions are at a preliminary stage.

Zeleny believes that a global settlement conference would be sufficiently likely to be productive that such a conference should be scheduled.

Dated:  August 6, 2021                    Respectfully submitted,

s/ David W. Affeld
David W. Affeld
Brian R. England
Damion D. D. Robinson
Affeld Grivakes LLP

Attorneys for Plaintiff Michael Zeleny

**PROOF OF SERVICE**

    I hereby certify that on August 6, 2021, I electronically filed the foregoing document using the Court's CM/ECF system.  I am informed and believe that the CM/ECF system will send a notice of electronic filing to the interested parties.

                                            s/ Damion Robinson
                                            Damion Robinson