1  David W. Affeld, State Bar No. 123922
Brian R. England, State Bar No. 211335
2  Damion Robinson, State Bar No. 262573
Affeld Grivakes LLP
3  2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
4  Telephone:    (310) 979-8700

5  Attorneys for Plaintiff Michael Zeleny

6

7

8                  **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10

11  MICHAEL ZELENY,                          Case No. CV 17-7357 JCS

12         Plaintiff,                        <u>Assigned to</u>:
                                             The Honorable Richard G. Seeborg
13              vs.
                                             <u>Discovery Matters</u>:
14  GAVIN NEWSOM, *et al.*,                  The Honorable Thomas S. Hixson

15         Defendants.                       **COMPENDIUM OF DECLARATIONS IN
                                             SUPPORT OF PLAINTIFF'S MOTION
16                                           FOR ATTORNEY'S FEES**

17                                           [Filed concurrently:
                                             1.  Notice of Motion and Motion;
18                                           2.  Proposed Order]

19                                           Date:         December 23, 2021
                                             Time:         1:30 p.m.
20                                           Courtroom: 3, 17th Floor

21
                                             Action Filed:  December 28, 2017
22                                           Trial Date:    None Set

23

24

25

26

27

28

- 1 -

Plaintiff Michael Zeleny respectfully submits the following declarations in support of his Motion for Attorney's Fees:

| Tab | Declaration |
|-----|-------------|
| **A** | **Declaration of David W. Affeld** |
| | Exhibit 1:  Billing Summary |
| | Exhibit 2:  Attorney Bio — David W. Affeld |
| | Exhibit 3:  Attorney Bio — Brian R. England |
| | Exhibit 4:  Attorney Bio — Damion Robinson |
| | Exhibit 5:  Attorney Bio — David Markevitch |
| | Exhibit 6:  Fee Awards in other matters |
| | Exhibit 7:  Adjusted Laffey Matrix |
| **B** | **Declaration of Carl E. Douglas** |
| **C** | **Declaration of Lincoln D. Bandlow** |
| **D** | **Declaration of Brian R. England** |

Dated:  November 12, 2021                    Respectfully submitted,

By: s/ Damion Robinson
David W. Affeld
Brian R. England
Damion D. D. Robinson
Affeld Grivakes LLP

Attorneys for Plaintiff Michael Zeleny

# TAB A

David W. Affeld, State Bar No. 123922
Brian R. England, State Bar No. 211335
Damion Robinson, State Bar No. 262573
Affeld Grivakes LLP
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone:     (310) 979-8700

Attorneys for Plaintiff Michael Zeleny

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZELENY,<br><br>      Plaintiff,<br><br>          vs.<br><br>GAVIN NEWSOM, *et al.*,<br><br>      Defendants. | Case No. CV 17-7357 JCS<br><br><u>Assigned to</u>:<br>The Honorable Richard G. Seeborg<br><br><u>Discovery Matters</u>:<br>The Honorable Thomas S. Hixson<br><br>**DECLARATION OF DAVID W. AFFELD IN SUPPORT OF PLAINTIFF MICHAEL ZELENY'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES** |

## DECLARATION

I, David Affeld, declare:

1.      My law firm and I are counsel of record to Plaintiff Michael Zeleny ("Zeleny") in this matter.  I have personal knowledge of the facts below or knowledge based on the records and files of my firm maintained in the ordinary course of business.  I could testify competently to these facts if called upon to do so.

***Background***

2.      I began representing Zeleny on this matter beginning in the administrative process with the City of Menlo Park in 2015.  Since that time, Zeleny sought either a Special Events Permit or film permit to resume protests.  He had conducted protests in Menlo Park for years and had discontinued them in 2012 when he was criminally prosecuted in connection with those protests.

3.      I also represented Zeleny in his criminal prosecution, which ended in late 2014.  During that case, we argued that Zeleny fell within the "entertainment event" exemption to California's "concealed carry" ban.  The District Attorney claimed that Zeleny was required to have a city-issued Special Events Permit ("SEP") in order to fall within the exemption.  After his acquittal in 2014, the City of Menlo Park (the "City") maintained that a City permit was required.

4.      I, along with other attorneys at my firm, advised Zeleny in connection with his permit applications.  I wrote and received email to and from City representatives.  In August of 2016 I appeared at an administrative hearing with Zeleny to appeal the denial of his SEP application.  Zeleny and I repeatedly offered to cooperate with the City to negotiate time, place, and manner requirements for Zeleny's protests.  The City would not engage in these discussions, nor propose any time, place or manner requirements.

5.      After the denial of his SEP application, at the City's suggestion, Zeleny also filed a film permit application.  Once again, he tried to negotiate with the City on time, place, and manner regulations that would allow him to resume his protests, but the City would not engage.  I was involved in this process.  Eventually, the City declined to move forward with his film permit application.

6.      After the denial of Zeleny's SEP application and the *de facto* denial of his film permit

application, my firm and I filed this action in December 2017.

**_Time Records and Litigation Activity in This Case_**

7.      An accurate summary of our firm's hours in this case, organized by attorney, is attached as **Exhibit 1**.  Consistent with our ordinary practice, we have exercised billing judgment by eliminating hours deemed unnecessary or redundant.  We have also not charged for insignificant "soft hours" such as short conferences among attorneys or phone calls that were non-substantive.

8.      This case was actively and heavily litigated for nearly four years, including extensive efforts to develop a factual record to address Zeleny's constitutional challenge to the City's permitting process.  Some of the critical events in the litigation are as follows.

9.      The parties attended two settlement conferences with Magistrate Judge Cousins before the Court's summary judgment ruling and a third after the ruling.  We also engaged in informal discussions with the City and the Attorney General.  The City's position throughout was that it would agree to process a single permit application if Zeleny completed an application that satisfied the City's requirements.  However, the City had only vague, subjective, and shifting criteria.  The City would not address any more permanent relief, other than asking Zeleny to submit a revised film permit application so that the City would process it.  It would not make any monetary offer to cover the fees and costs it forced Zeleny to incur by refusing to process his permit applications in the ordinary course.

10.      Zeleny took extensive discovery from the City to prove that the City's permitting process was unconstitutional both facially and as applied.  He served four sets of Requests for Production on the City and two sets of Chief Dave Bertini ("Bertini"), as well as two sets of Interrogatories to the City.  The need for multiple rounds was brought about in part due to the City's constantly-changing defenses.  Zeleny took eight fact depositions relating to his claims against the City, including: (a) a three-session deposition of Bertini individually and as the 30(b)(6) designee of the City, which was prolonged due to evasive testimony, coaching, and improper instructions not to answer; (b) former City manager Alex McIntyre; (c) former Menlo Park police officer Jeremy Foy; (d) Nicholas Flegel of the City Attorney's office; (e) former City recreation coordinator Matt Milde; (f) David Tresmontan of New Enterprise Associates for two sessions; and (g) Barak Engle a fact

- 3 -

witness relating to Zeleny's protests.  Zeleny also sat for an extensive deposition by the City.  We also made extensive efforts to locate and serve the individual who initially handled Zeleny's film-permit application, Ivan Toews, but were unable to do so.

11.     During the course of this discovery, we obtained from the City a recording of a lengthy private meeting between Menlo Park police officials and representatives of New Enterprise Associates ("NEA").  The recording was produced as part of police files relating to Zeleny.  It appears that the audio was inadvertently recorded on a police recorder.  Although the representatives in the meeting recognized that Zeleny's had not committed a crime and was exercising his First Amendment rights, they nonetheless discussed a variety of ways of ending Zeleny's protests, from seeking restraining orders to spraying Zeleny with water to pointing assault rifles at him.

12.     After taking initial discovery, Zeleny filed detailed First and Second Amended Complaints, based on the document discovery and depositions, specifying the ways in which the City violated its own internal policies in responding to Zeleny's protests and processing his SEP and film permit applications.

13.     Zeleny filed two discovery motions against the City, one to compel the City to produce documents that it withheld on the grounds of official privilege and one to compel further deposition testimony of Bertini due to improper instructions not to answer.  Both motions were granted in material part.

14.     The parties filed four Motions for Summary Judgment—*i.e.*, cross motions between Zeleny and the City / Bertini, and cross-motions between Zeleny and the State.  The parties' briefed these motions extensively as reflected in the record of this case.  The Motions for Summary Judgment culminated in an hour and forty-five-minute Zoom hearing on April 22, 2021.

15.     Much of our time on this case was spent dealing with extremely difficult behavior on the part of the City.  The City engaged in extensive discovery obstruction.  The City refused to produce relevant documents based on frivolous claims of privilege.  The City also engaged in disruptive tactics during depositions, *e.g.*, improper instructions not to answer, coaching, record-making speeches, and hostile comments towards the examining attorney, and attempting to make a record of events that did not occur.  We were forced to file two motions to compel against the City,

as discussed above.  In addition, the City repeatedly refused to cooperate in basic case management, such as routine scheduling matters.

16.    The City repeatedly changed its theories and defenses in this case, and refused to be pinned down to a particular theory, requiring us to engage in extensive discovery, research, and analysis in order to rebut new contentions raised, including at very late stages of the case.  As the Court recognized in granting summary judgment, two of the City's primary arguments—*i.e.*, that it did not own the median strip where Zeleny sought to protest, and that its construction encroachment process governed film permitting—were not raised until very late.  Combatting these ever-evolving theories necessitated further discovery, extensive legal research and analysis, motion practice, and briefing, all of which had to be done on short notice without the benefit of a full record or the ability to take significant discovery on the issues.

17.    Similarly, much of the time spent in the discovery process was required due to the City's refusal to acknowledge or take a clear position on issues that were truly undisputed.  For example, prior to litigation, the City took the position that Zeleny would be subject to arrest if he resumed his protests if they involved him carrying firearms without a permit.  In litigation, the City refused to acknowledge this point and insisted that Zeleny did not need a permit.  It also refused to take a position on whether he would be subject to arrest if he resumed his protests without one.  We were forced to take discovery on this point and to pin the City down through deposition testimony on its position, not subject to reasonable dispute, that Zeleny would be subject to arrest if he protested without a permit.  Likewise, the City insisted both pre-litigation and during litigation that Zeleny's events did not qualify as a "Special Events" under the City's definition, despite the fact that his events clearly qualify under the City's official policies.  This, too, had to be rebutted through written discovery and deposition testimony, which the City resisted.  Even after it was confirmed in a binding fashion, the City continued to insist that Zeleny's events were not "Special Events."  Much of the discovery effort in this case was devoted to confirming points that the City disputed despite having no reasonable basis to do so.

18.    Finally, dealing with counsel for the City was extremely difficult and unnecessarily contentious.  Counsel for the City repeatedly claimed to be unavailable or on vacation for long

DECL. OF AFFELD ISO MOTION FOR ATTORNEY'S FEES

periods, preventing the parties from scheduling depositions or addressing ordinary case management.  Counsel repeatedly claimed that he was unavailable to handle discovery matters during time periods that were set aside for discovery *in order to accommodate his own schedule*. When we tried to coordinate the depositions of City witnesses, counsel for the City refused to cooperate, and insisted on unilaterally scheduling them on specific dates that did not work for other attorneys on the case.  In one instance, the City's counsel purported to be unavailable to address a stipulated extension of deadlines, agreed upon by all other parties, forcing Zeleny to file a motion on shortened notice.  45 minutes after Zeleny filed his motion, the City's purportedly-unavailable counsel opposed.  This type of behavior was extensive and pervaded this case, meaning that issues ordinarily resolved as a matter of basic cooperation and professional courtesy, repeatedly devolved into extensive and hostile exchanges with counsel for the City over the course of multiple days.

19.    All told, our firm incurred in excess of 1,727 hours in pursuing this matter.

***Experience and Qualifications***

20.    I am a founding partner of Affeld Grivakes LLP ("AG") and am lead counsel for Zeleny in this case.  In 1982, I obtained a B.S. in physics from U.C.L.A.  I received a J.D. from Cornell Law School in 1985, where I was an editor of the International Law Review.

21.    I have been practicing law for more than 35 years.  Much of my practice has involved complex litigation.  For 10 years I practiced in the business litigation departments of major law firms, including the antitrust and securities litigation groups of Brobeck, Phlegler & Harrison and Shearman & Sterling.  In 1996 I opened a boutique litigation practice.  My practice since then has included intellectual property litigation, employment litigation, on behalf of both employers and employees, and insurance litigation, regarding coverage and insurance bad faith claims.  In 2010, I formed Affeld Grivakes Zucker LLP, with Gregg D. Zucker and Christopher Grivakes.  The firm is now Affeld Grivakes LLP.

22.    I have been recognized by my peers as a SuperLawyer in business litigation, a distinction that the SuperLawyer publication states is accorded to only 5% of attorneys in the practice area each year.  I have been recognized as such for the years 2009-2016 and 2019-2022.

23.    I have tried or arbitrated to a conclusion approximately 45 jury trials, bench trials, and

arbitrations, before federal and state courts and arbitral tribunals. I have won more than 90% of those matters. I have been the lead lawyer on numerous appeals in the Ninth Circuit, California Courts of Appeal, and the California and Nevada Supreme Courts.

24. I also have represented Michael Zeleny for more than 15 years in connection with his protests and disputes with the City and other entities. This has included responding to a defamation action by WebEx arising from Zeleny's protests, a trespass action by Stanford University, Zeleny's criminal prosecution in 2014, and direct communications with Min Zhu. I had an underlying familiarity with the facts and experience with the subject matter of this case as well as the legal issues involved in Zeleny's claims under the First Amendment.

25. I have also been with Zeleny and personally heard harassing and threatening phone calls directed at him that appeared to be connected to his dispute with Min Zhu.

26. A true copy of my biography is attached as **Exhibit 2**, setting forth my qualifications in more detail.

27. ***Brian R. England*** is Special Counsel at AG. A true copy of his firm biography is attached as **Exhibit 3**, setting forth his qualifications in more detail. Mr. England has worked on this matter since approximately October 2019.

28. Based on the firm's materials and my discussions with Mr. England, I am informed that he graduated magna cum laude from the University of Rochester in 1997 with a B.A. in Political Science and History (Honors in both) and from UCLA School of Law in 2000. After graduating, he was an associate at the national firm of Robins Kaplan LLP (formerly Robins, Kaplan, Miller & Ciresi LLP) from 2000-2004 and an associate and Of Counsel attorney at the international firm of Sullivan & Cromwell LLP where his practice focused on complex business, intellectual property, securities, and antitrust litigation, primarily in federal courts from 2004 - 2018.

29. Further, I am informed that Mr. England has significant experience in constitutional litigation and municipal-regulatory matters. For many years, Mr. England represented the owners of a large billboard company, challenging the City of Los Angeles' restrictions on billboarding on First Amendment grounds, and defending claims such as use of name and likeness, false light publicity, and the like.

30.      Mr. England was also counsel in David Bryant v. Federal Bureau of Prisons, et al., Central District of California, Case No. 11-00254, Ninth Circuit, Case No. 11-56371, successfully challenging prison conditions on behalf of a deaf inmate in federal custody in conjunction with the Washington Lawyers' Committee for Civil Rights and Urban Affairs.

31.      **Damion Robinson** is a partner of AG.  A true copy of his firm biography is attached as **Exhibit 4**, setting forth his qualifications in more detail.  He has worked on this matter since 2017 and was primarily responsible for the pre-trial case management.

32.      Based on the firm's materials and my discussions with Mr. Robinson, I am informed that he graduated from the University of Washington with B.A. in International Studies in 2003 and from UCLA School of Law with Order of the Coif honors in 2007.  After graduating he clerked for The Honorable David O. Carter of the United States District Court for the Central District of California from 2007-2008.  He then joined Sullivan & Cromwell LLP where he was an associate from 2008-2012.  Before joining AG in 2017, Mr. Robinson was a partner and named partner of litigation boutique Van Vleck Zaller & Robinson LLP (formerly Van Vleck Turner & Zaller LLP).  Mr. Robinson's practice has focused on complex civil litigation, including business and employment matters on plaintiff and defense sides in individual, class, derivative, and representative actions.

33.      Further, I am informed that Mr. Robinson has significant experience in constitutional and section 1983 litigation challenging governmental policies and processes.  Mr. Robinson was (a) lead counsel in *Galfer v. City of Los Angeles, et al.*, Central District of California, Case No. 13-0664, a putative class action challenging the administrative process governing parking ticket enforcement on due process grounds; (b) counsel in *Franco-Gonzalez v. Holder*, Central District of California, Case No. 10-2221, as a class action headed by the ACLU of Southern California which established the right of mentally disabled immigration detainees to counsel; and (c) counsel in *Rory Moroney v. City of Long Beach, et al.*, Central District of California Case No. 16-4577, challenging a long-standing, unconstitutional sting operation targeting gay men, in which he successfully opposed summary judgment on a selective-prosecution theory.

34.      **David Markevitch** is Special Counsel at AG and manages the firm's San Jose branch office.  A true copy of his firm biography is attached as **Exhibit 5**, setting forth his qualifications in

more detail.  He has worked on this matter since 2019.

35.     Based on the firm's materials and my discussions with Mr. Markevitch, I am informed that he graduated from the University of California, Berkeley with B.S. in Chemistry in 2001 and from UCLA School of Law in 2007.

36.     Further, I am informed that prior to joining AG, Mr. Markevitch was an attorney with the firm of Kaiser Gornick LLP (formerly Levin Simes Kaiser & Gornick LLP) where he managed large mass tort litigation in both state and federal courts.  Mr. Markevitch participated in several federal Multi-District Litigations where he had an active role in Plaintiffs' Steering Committees and other committees.

37.     Mr. Markevitch has been recognized by ThomsonReuters as a "Northern California Super Lawyer in 2019 and 2020" and a "Super Lawyers Rising Star in 2018," as well as having one of the Top 40 Product Liability Verdicts in the United States and Top 50 Verdicts in California in 2017.

38.     ***Peter Shimamoto*** was a partner of AG from 2014 through late 2016.  Based on the firm's materials and my discussions with Mr. Shimamoto, I am informed that he obtained his JD from Harvard Law School in 1985 and his B.A. from the University of California, Berkeley in 1982 with high honors.  Prior to joining AG, Mr. Shimamoto was a Senior Counsel with Irell & Manella from 2001 to 2009 and a partner of Brown George Ross LLP from 2009 to 2014.  Mr. Shimamoto's practice focused on intellectual property and entertainment law, including cases involving infringement, defamation, and business and financial disputes.

***Hourly Rates in this Case***

39.     Our firm is primarily a plaintiff contingency firm.  We handled this case on a pure contingency basis with our only recovery being in the form of attorney's fees if we ultimately prevailed on Zeleny's section 1983 claim.  We did not seek any money damages against the City from the outset of this case.

40.     Over the years, I have made many applications for an award of legal fees after a successful trial or arbitration.  I have consulted with colleagues at other firms, including major law firms and smaller litigation specialty practices, regarding prevailing hourly rates for lawyers in the

1  legal community in California.  I have been retained as an expert witness on legal fee issues.

2  　　　41.　　I am also a member of a roundtable group of managing partners of small and mid-

3  sized law firms.  In that context, I have conferred with many other partners of law firms regarding

4  prevailing hourly fee rates for lawyers of all ranges of experience, practice area, and ability.

5  　　　42.　　Based on my experience and familiarity with rates charged in the legal market, a

6  blended rate of $800.00 per hour is well within the range of market rates for my time as a 35-plus

7  year attorney; $695 per hour is within the range of market rates for partner Peter Shimamoto, a 35-

8  plus year attorney, and Special Counsel Brian R. England, a 20-year attorney; $595 per hour is

9  within the range of market rates for my partner Damion Robinson, a 14-year attorney; and $550 per

10  hour is within the range of market rates for Special Counsel David Markevitch, also a 14-year

11  attorney.

12  　　　43.　　While not dispositive, our firm has received fee awards at similar rates in other

13  matters.  In the case of *Dekin v. Attila, LLC, et al.*, L.A. Superior Court Case No. BC705912, Mr.

14  Robinson was awarded $550 per hour for work performed in 2019.  In *Geragos & Geragos v. Lew,*

15  *et al.*, L.A. Superior Court Case No. 19STCV00253, Mr. Robinson was awarded $550 per hour and

16  my partner Christopher Grivakes, a 35-year attorney, $750 per hour for work performed in 2019.  In

17  *O'Neil Digital Solutions, LLC v. Lucanish*, L.A. Superior Court Case No. BC 657947, we received a

18  fee award at rates of $750 per hour for my time and $595 per hour for Mr. Robinson's time for work

19  in 2019.  In *Abelyan v. Mark Geragos, et al.*, L.A. Superior Court Case No. 19STCV40558, Mr.

20  Robinson received $595 per hour for work performed in 2020.  Copies of the orders awarding these

21  fees are attached, collectively, as **Exhibit 6**.

22  　　　44.　　The Adjusted Laffey Matrix, a commonly-used benchmarking tool for legal rates,

23  also serves as a further check on the reasonableness of the rates sought.  Attached as **Exhibit 7** is a

24  true and correct copy of the current matrix.  Over the period of this litigation, the matrix benchmarks

25  the rates for attorneys with 20-plus years of experience between $864 per hour and $919 per hour

26  (myself and Mr. Shimamoto) and attorneys with 11 to 19 years of experience (Messrs. England,

27  Robinson, and Markevitch) at $717 to $764 per hour.  All of the rates sought are significantly less

28  than the benchmark rates provided by the Adjusted Laffey Matrix.

1        I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.  Executed this 12th day of November, 2021 at Los Angeles, California.

3

4                                        s/ David W. Affeld
                                    David W. Affeld

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECL. OF AFFELD ISO MOTION FOR ATTORNEY'S FEES



**EXHIBIT 1**

# AFFELD GRIVAKES LLP

2049 Century Park East, Suite 2460
Los Angeles, California  90067
(310)  979-8700 Telephone   (310) 979-8701 Fax

November 12, 2021
Invoice No. 211019-001

**Michael Zeleny - 1983 Action**

FOR PROFESSIONAL SERVICES RENDERED

| Hours | Description | |
|-------|-------------|--|
| 567.1 | Affeld Time, $800.00 per Hour | $453,680.00 |
| 12.0 | Shimamoto, $695.00 per Hour | $8,340.00 |
| 389.2 | England Time, $695.00 per Hour | $270,494.00 |
| 633.1 | Robinson Time, $595.00 per Hour | $376,694.50 |
| 118.0 | Markevitch Time, $550.00 per Hour | $64,900.00 |
| | **SUBTOTAL** | **$1,174,108.50** |
| | **TOTAL AMOUNT OF THIS BILL** | **$1,174,108.50** |

**AFFELD Time**

| Date | Description | Time |
|---|---|---|
| 12/15/2014 | Review email from Michael Zeleny re: legal doctrines supporting potential claims against Menlo Park, the State of California, et al. (0.5). | 0.5 |
| 2/25/2015 | Review email from Michael Zeleny (0.2). | 0.2 |
| 3/4/2015 | Review email from Michael Zeleny re: preemption of local laws restricting Second Amendment rights (0.2). | 0.2 |
| 3/30/2021 | Review email from Peter Shimamoto re: the Ninth Circuit reconsidering a ruling on concealed firearm restrictions in California (0.3). | 0.3 |
| 4/23/2015 | Review extensive analysis by Michael Zeleny of potential 1983 claims against state and local defendants (0.5). | 0.5 |
| 4/24/2015 | Review a revised extensive analysis by Michael Zeleny of potential 1983 claims against state and local defendants (0.5). | 0.5 |
| 5/4/2015 | Exchange email with Michael Zeleny re: preparation of a complaint for a 1983 civil rights action (0.3); email to Peter Shimamoto re: same (0.2). | 0.5 |
| 5/18/2015 | Meetings with Michael Zeleny, Peter Shimamoto, and Chris Grivakes re: analysis and strategy for potential claims to be asserted in a 1983 action (1.2). | 1.2 |
| 5/22/2015 | Tel. conf. with Michael Zeleny re: statute of limitation issues (0.4). | 0.4 |
| 5/23/2015 | Review email from Peter Shimamoto re: government claims processes (0.3). | 0.3 |
| 5/27/2015 | Review legal analyses from Peter Shimamoto re: 1983 claims (0.8); email to, from Michael Zeleny and Peter Shimamoto re: new authority holding a municipality liable for legal fees for an unlawful action (0.6); review and analyze new authority and email to, from Michael Zeleny re: same holding that an anti-SLAPP motion should have been granted in favor of a party that made a police report (0.6); review legal analysis by Peter Shimamoto re: unavailability of qualified immunity to private parties (0.6). | 2.6 |
| 6/2/2015 | Review additional legal research by Peter Shimamoto (0.4); review email from Michael Zeleny (0.2). | 0.6 |

| | | |
|---|---|---|
| 6/3/2015 | Review email from Michael Zeleny attaching a special event permit application for the City of Menlo Park (0.3). | 0.3 |
| 6/14/2015 | Review email from Michael Zeleny re: conditions of firearms to be described in his special event permit application (0.3); review email from Peter Shimamoto re: same (0.2). | 0.5 |
| 7/9/2015 | Review a final draft by Michael Zeleny of a special event permit application and a draft email to the city prepared by Michael (0.4). | 0.4 |
| 7/10/2015 | Review email from Peter Shimamoto to Michael Zeleny re: legal analysis of the permitting process and recent US Supreme Court authority striking down content-based discrimination of speech (0.4); review the filed version of Michael's special event permit application (0.2). | 0.6 |
| 7/24/2015 | Review email from Michael Zeleny to Menlo Park re: its tardy response to his special event application (0.2); review a response by the City Attorney (0.3); discuss same with Michael Zeleny (0.4). | 0.9 |
| 7/25/2015 | Review a draft response by Michael Zeleny to the city attorney for Menlo Park (0.3); strategize re: same with Peter Shimamoto (0.4); tel. conf. with Michael Zeleny re: same (0.4). | 1.1 |
| 7/26/2015 | Review additional case authority re: First Amendment rights prevailing against charges of breach of the peace etc. (0.8); review email from Peter Shimamoto to Michael Zeleny re: the draft reply to the city attorney (0.2). | 1.0 |
| 7/27/2015 | Review email from Michael Zeleny (0.2). | 0.2 |
| 7/28/2015 | Review the final version of Michael Zeleny's reply to the city attorney sent this day (0.2). | 0.2 |
| 9/3/2015 | Review email from Michael Zeleny to the Menlo Park city attorney (0.2). | 0.2 |
| 9/5/2015 | Review email from Michael Zeleny (0.2). | 0.2 |
| 9/21/2015 | Review a response by the Menlo Park city attorney (0.3); review email from Michael Zeleny re: same (0.2). | 0.5 |
| 10/11/2015 | Tel. conf. with Michael Zeleny re: developments and next steps (0.4). | 0.4 |
| 10/28/2015 | Tel. conf. with Michael Zeleny re: developments and next steps (0.4). | 0.4 |

| | | |
|---|---|---|
| 3/15/2016 | Review email from Michael Zeleny (0.3); review an appeal drafted by Michael Zeleny of denial of his application for a special event permit (0.3). | 0.6 |
| 3/16/2016 | Review comments by Peter Shimamoto on Michael Zeleny's draft of an appeal of denial of his application for a special event permit (0.2); review additional comments by Michael (0.2); meeting with Michael to strategize re: same (1.0). | 1.4 |
| 3/23/2016 | Review email from Michael Zeleny and Peter Shimamoto re: the appeal of denial of Michael's application for a special event permit (0.2). | 0.2 |
| 3/31/2016 | Meeting with Michael Zeleny to strategize re: his appeal of denial of an application for a special event permit and structure of claims to be pursued against Menlo Park (1.0). | 1.0 |
| 4/1/2016 | Review email from Michael Zeleny re: the structure of claims to be pursued against Menlo Park (0.3). | 0.3 |
| 4/6/2016 | Review email from Michael Zeleny (0.2). | 0.2 |
| 4/9/2016 | Meeting with Michael Zeleny to strategize re: exhaustion of administrative remedies and structure of potential claims against Menlo Park (1.5). | 1.5 |
| 4/11/2016 | Review and comment on a revised appeal prepared by Michael Zeleny (0.5). | 0.5 |
| 4/14/2016 | Review a timeline of facts prepared by Michael Zeleny concerning his protests against NEA and supporting exhibits, and comment thereon (1.0); comment on a latest version of an appeal of denial of a special event permit (0.3). | 1.3 |
| 4/15/2016 | Review and comment on a penultimate version of Michael Zeleny's appeal of denial of a special event permit (0.4); review the final version submitted to Menlo Park (0.2). | 0.6 |
| 4/16/2016 | Review email from Michael Zeleny (0.2). | 0.2 |
| 5/27/2016 | Review correspondence from William McClure for Menlo Park of May 4, 2016, denying again Michael Zeleny's application for a special event permit (0.3); review email from Michael Zeleny to the city attorney's office responding to same (0.3). | 0.6 |
| 6/9/2016 | Review new authority from the Ninth Circuit re: Second Amendment rights and forward same to Michael Zeleny (0.5). | 0.5 |
| 6/11/2016 | Review email from Michael Zeleny (0.2). | 0.2 |

| Date | Description | Hours |
|---|---|---|
| 6/15/2016 | Review email exchanged between William McClure and Michael Zeleny re: the appeal of denial of a permit. | 0.3 |
| 6/16/2016 | Review email from Michael Zeleny to William McClure re: the appeal of denial of a permit (0.2); review correspondence from Menlo Park and email attaching it from Matt Milde denying Michael's appeal of denial of his application for a special event permit | 0.5 |
| 6/17/2016 | Review email from Michael Zeleny to William McClure and Matt Milde re: most recent denial of Michael's the appeal of denial of a permit (0.2) | 0.2 |
| 6/26/2016 | Review correspondence of June 24, 2016, from Menlo Park again denying Michael Zeleny's appeal of denial of his application for a special events permit (0.2); review email from Michael re: same (0.2). | 0.4 |
| 6/28/2016 | Review email from Michael Zeleny re: a news report of Menlo Park incurring disproportionate legal fees resisting a civil rights claim (0.2). | 0.3 |
| 7/1/2016 | Review and comment on a response drafted by Michael Zeleny to the most recent denial by Menlo Park of his appeal (0.3); review the final version sent by Michael to Menlo Park (0.2). | 0.5 |
| 7/13/2016 | Review correspondence from Matt Milde re: Menlo Park's latest denial of Michael Zeleny's appeal (0.2); review email from Michael to Matt Midle responding to same and an attachment to same (0.3). | 0.5 |
| 7/20/2016 | Review correspondence and email from Greg Rubens giving notice of an administrative hearing on the appeal by Michael Zeleny of denial of his application for a special event permit (0.3). | 0.3 |
| 8/6/2016 | Review an extensive email by Michael Zeleny summarizing his efforts to obtain a special events permit (0.6); tel. conf. with Michael to prepare for the appeal re: a special event permit (0.6). | 1.2 |
| 8/7/2016 | Meeting with Michael Zeleny to prepare for next week's appeal (2.0). | 2.0 |
| 8/8/2016 | Legal research re: the Stilwell case and Section 1983 claims in the Ninth Circuit (2.0); meeting with Michael Zeleny to review file materials and strategize (1.5); tel. conf. with Greg Rubens re: the protocol for the hearing on August 11 (0.5); email to Greg Rubens confirming the conference call (1.0). | 5.0 |

| | | |
|---|---|---|
| 8/9/2016 | Review and reply email from Greg Rubens (0.3); review and reply to email from Michael Zeleny (0.3). | 0.6 |
| 8/10/2016 | Email from Michael Zeleny (0.2); prepare for the hearing before the City Manager, and meeting with Michael Zeleny re: same (3.0). | 3.2 |
| 8/11/2016 | Meeting with Michael Zeleny to prepare for the hearing before the City Manager for Menlo Park (subsumed); travel to, from and appear at the hearing (12.5); email EFP documents to Greg Rubens, counsel for the City Manager (subsumed); debrief with Michael Zeleny (subsumed). | 12.5 |
| 8/31/2016 | Review email from Greg Rubens re: a decision he will render by Sept. 9 (0.2); forward same to Michael Zeleny (0.1); exchange email with Michael re: same (0.2). | 0.5 |
| 9/7/2016 | Tel. conf. with Michael Zeleny to strategize re: potential claims against Menlo Park (0.5). | 0.5 |
| 9/9/2016 | Email from Greg Rubens (0.2); email to Michael Zeleny (0.2). | 0.4 |
| 9/12/2016 | Review a denial letter from the Menlo Park city manager (0.4); email to Michael Zeleny re: same (0.2). | 0.6 |
| 9/13/2016 | Review email from Michael Zeleny (0.2); meeting with Michael to strategize re: potential claims against Menlo Park (1.0). | 1.2 |
| 9/14/2016 | Review email from Michael Zeleny re: documents received from Menlo Park (0.2). | 0.2 |
| 9/16/2016 | Review email from Michael Zeleny to the city manager for Menlo Park re: further appeal of denial of a special event permit (0.2). | 0.2 |
| 9/28/2016 | Review email from Michael Zeleny re: whether claims against Menlo Park would withstand an anti-SLAPP motion (0.4); tel. conf. with Michael re: same (0.6). | 1.0 |
| 9/29/2016 | Review email from Michael Zeleny re: whether injunctive relief would be available against Menlo Park (0.4); tel. conf. with Michael re: same (0.4). | 0.8 |
| 10/12/2016 | Review notice from Menlo Park of a hearing on Michael Zeleny's appeal (0.2); review email from Michael re: same (0.2); email to the city re: Michael's medical unavailability (0.2). | 0.6 |
| 10/13/2016 | Review email from Menlo Park re: available hearing dates (0.2); exchange email with Michael Zeleny re: same (0.3). | 0.5 |

| | | |
|---|---|---|
| 10/18/2016 | Review email from Michael Zeleny re: the timing of resumption of protests (0.2); review email from Menlo Park re: postponement of the hearing on Michael's appeal (0.2); exchange email with Michael re: same (0.3).. | 0.7 |
| 10/19/2016 | Email to Michael Zeleny re: next steps and strategy (0.3). | 0.3 |
| 10/24/2016 | Email to Michael Zeleny (0.2). | 0.2 |
| 11/16/2016 | Review notice from Menlo Park re: available hearing dates for Michael Zeleny's appeal (0.2); review email from Michael re: same (0.2). | 0.4 |
| 12/12/2016 | Review email from Menlo Park re: scheduling a hearing on Michael Zeleny's appeal (0.2). | 0.2 |
| 12/15/2016 | Review email from Michael Zeleny (0.2); review email from Pamela Aguilar on behalf of Menlo Park re: scheduling an appeal of the city's permitting decision (0.2). | 0.4 |
| 1/2/2017 | Legal research re: application of the Anti-SLAPP exception to Michael Zeleny's case (1.0); email to Michael re: same (0.2). | 1.2 |
| 1/3/2017 | Review and reply to email from Michael Zeleny re: potential anti-SLAPP issues (0.4). | 0.4 |
| 1/4/2017 | Review email from Michael Zeleny (0.2); review email from Pamela Aguilar on behalf of Menlo Park re: scheduling an appeal of the city's permitting decision (0.2). | 0.4 |
| 1/11/2017 | Review email from Pamela Aguilar on behalf of Menlo Park (0.2). | 0.2 |
| 2/13/2017 | Review email from Michael Zeleny re: next steps (0.2). | 0.2 |
| 2/17/2017 | Review email from Michael Zeleny to Pamela Aguilar on behalf of Menlo Park re: scheduling an appeal of the city's permitting decision (0.2). | 0.2 |
| 2/23/2017 | Review email from Pamela Aguilar to Michael Zeleny (0.2). | 0.2 |
| 2/24/2017 | Review email from Michael Zeleny to Pamela Aguilar on behalf of Menlo Park re: scheduling an appeal of the city's permitting decision (0.2). | 0.2 |
| 3/1/2017 | Review extensive material from Michael Zeleny for potential inclusion in the complaint (0.6). | 0.6 |
| 3/13/2017 | Review email from Michael Zeleny (0.2). | 0.2 |

| | | |
|---|---|---|
| 3/15/2017 | Review email from Pamela Aguilar on behalf of Menlo Park re: scheduling an appeal of the city's permitting decision (0.2). | 0.2 |
| 3/20/2017 | Review email from Pamela Aguilar on behalf of Menlo Park re: scheduling an appeal of the city's permitting decision (0.2); review material drafted by Michael Zeleny re: allegations for the complaint (1.0). | 1.2 |
| 3/22/2017 | Review email from Pamela Aguilar on behalf of Menlo Park re: scheduling an appeal of the city's permitting decision (0.2). | 0.2 |
| 3/27/2017 | Review email from Michael Zeleny to the city re: an appeal of the denial of his permit application and a request for a copy of the recording of the prior level of appeal (0.2); review email from Michael re: a draft Section 1983 complaint (0.2); begin drafting a Section 1983 complaint (1.0). | 1.4 |
| 3/29/2017 | Review revised material from Michael Zeleny for the complaint (0.5). | 0.5 |
| 4/3/2017 | Review further revisions by Michael Zeleny to allegations for the complaint (0.6). | 0.6 |
| 4/5/2017 | Review final revisions by Michael Zeleny to allegations for the complaint (0.4). | 0.4 |
| 4/8/2017 | Exchange email with Michael Zeleny (0.4); meeting with Michael Zeleny to revise a draft complaint (1.5). | 1.9 |
| 4/9/2017 | Revise a draft complaint and email same to Michael Zeleny (1.2); meeting with Michael Zeleny to revise a draft complaint (4.0). | 5.2 |
| 4/10/2017 | Review email exchanged between Michael Zeleny and Pamela Aguilar on behalf of Menlo Park re: exchange of audio recordings of the hearing on the appeal of denial of his permit application, and tel. conf. with Michael re: same (0.5). | 0.5 |
| 4/11/2017 | Email to, from Michael Zeleny re: the city's recording of the hearing on appeal (0.5). | 0.5 |
| 4/14/2017 | Review comments by Michael Zeleny on the draft complaint and email from Michael re: same (1.2). | 1.2 |
| 4/30/2017 | Tel. message from Michael Zeleny (0.1). | 0.1 |
| 5/1/2017 | Review email from Pamela Aguilar re: scheduling an appeal on the city's permitting decision (0.2); review email from Michael Zeleny re: transcribing the August 2016 hearing (0.2). | 0.4 |
| 5/16/2017 | Review email from Michael Zeleny (0.2). | 0.2 |

| | | |
|---|---|---|
| 5/18/2017 | Review further edits by Michael Zeleny to the draft complaint and email from Michael re: same (0.5); tel. conf. with Michael re: same (0.4). | 0.9 |
| 5/20/2017 | Meeting with Michael Zeleny to identify issues for a final version of the complaint (1.5); revise the complaint (1.5); review and reply to email from Michael Zeleny re: additional issues (0.6); review an article in the Yale law journal re: second amendment | 4.0 |
| 5/21/2017 | Meeting with Michael Zeleny to identify additional issues for the complaint (2.0); revise the complaint (1.0); email a list of action items to Michael (0.4); review email from Michael Zeleny re: strategy for the case (0.3). | 3.7 |
| 5/22/2017 | Exchange email with Michael Zeleny re: acquiring transcripts of the trial in September 2014 (0.4); tel. conf. with Michael re: same (0.2). | 0.6 |
| 5/23/2017 | Review email from Michael Zeleny re: action items (0.4); tel. conf. with Michael Zeleny re: same (0.3); tel. calls to Ryan King and Ryan Okabe re: acquiring a transcript of the 2014 criminal trial (0.4). | 1.1 |
| 5/24/2017 | Tel. conf. with Ryan Okabe re: whether communications between the D.A.'s office and NEA are discoverable (0.3); tel. conf. with Sarkis Daghlian re: obtaining title reports on possible domiciles of Xavier Becerra (0.2); exchange email with Sarkis re: same (0.3); review a title report confirming 1633 Hill Road, LA CA as Becerra's domicile (0.2). | 1.0 |
| 5/25/2017 | Email to, from Michael Zeleny re: updates (0.6); review draft inserts prepared by Michael Zeleny for the complaint (0.5); tel. conf. with Michael Zeleny (0.4); meeting with Veritext re: preparation of a transcription of the appeal of Michael's application for a permit (0.2). | 1.7 |
| 5/26/2017 | Exchange email with Michael Zeleny, Catherine Tran, and Veritext re: preparation of a transcription of the appeal hearing (0.3). | 0.3 |
| 5/27/2017 | Tel. message from Michael Zeleny (0.1). | 0.1 |
| 5/30/2017 | Review and reply to email from Veritext re: preparation of a transcription of the hearing on the appeal (0.3); acquire and review the transcription (0.4). | 0.7 |
| 5/31/2017 | Exchange email with Michael Zeleny, Catherine Tran, and Veritext re: the transcription of the appeal hearing (0.3). | 0.3 |

| | | |
|---|---|---|
| 6/3/2017 | Meeting with Michael Zeleny to revise the draft complaint (1.1); review email from Michael Zeleny re: same (0.2); review file materials re: same (0.5); edit the draft complaint (0.4). | 2.2 |
| 6/9/2017 | Review an article re: defamation issues and forward same to Michael Zeleny (0.3). | 0.3 |
| 6/26/2017 | Review email from Michael Zeleny (0.2). | 0.2 |
| 7/13/2017 | Email to Michael Zeleny (0.2). | 0.2 |
| 7/15/2017 | Email to, from Michael Zeleny (0.3). | 0.3 |
| 7/26/2017 | Review email from Michael Zeleny (0.2). | 0.2 |
| 7/28/2017 | Review email from Michael Zeleny (0.2). | 0.2 |
| 8/3/2017 | Tel. conf. with Michael Zeleny (0.4) and review email from Michael Zeleny re: the litigation to be filed (0.2). | 0.6 |
| 8/6/2017 | Revise the draft complaint (4.0); email to Michael Zeleny re: same (0.2). | 4.2 |
| 8/7/2017 | Review email from Michael Zeleny (0.2). | 0.2 |
| 8/8/2017 | Further revise the draft complaint and forward it to Michael Zeleny (2.0). | 2.0 |
| 8/9/2017 | Exchange email with Michael Zeleny re: edits to the draft complaint (0.4). | 0.4 |
| 8/11/2017 | Exchange email with Michael Zeleny re: plans for finalizing the complaint (0.2). | 0.2 |
| 8/14/2017 | Email to Michael Zeleny (0.2); email pertinent legal authorities to Damion Robinson and Vicky McDermott (0.4). | 0.6 |
| 8/16/2017 | Review email from Curtin Clay on behalf of Menlo Park re: a hearing date on the appeal of the permit application (0.2). | 0.2 |
| 8/17/2017 | Email to, from Michael Zeleny re: public interest aspects of the litigation to be filed (0.2). | 0.2 |
| 8/19/2017 | Review email from Michael Zeleny re: the upcoming litigation (0.2). | 0.2 |
| 8/20/2017 | Exchange email with Michael Zeleny re: the upcoming litigation (0.3). | 0.3 |
| 8/24/2017 | Meeting with Damion Robinson and Vicky McDermott to strategize re: structuring the complaint and work on same (2.5); tel. conf. with Michael Zeleny re: same (0.5). | 3.0 |
| 8/25/2017 | Review a revised draft of the complaint (0.4); forward same to Michael Zeleny (0.1); exchange email with Michael Zeleny re: same (0.2). | 0.7 |

| | | |
|---|---|---|
| 8/26/2017 | Review comments by Michael Zeleny on the draft complaint and tel. conf. with Michael re: same (0.4); forward Michael's comments to Damion Robinson and Vicky McCermott (0.2); review an amicus brief concerning Second Amendment issues potentially impacting our case (0.3). | 0.9 |
| 8/30/2017 | Review a revised version of the complaint prepared by Damion Robinson and email attaching same (0.8). | 0.8 |
| 8/31/2017 | Review email from Michael Zeleny re: plans for applying for a film permit (0.2). | 0.2 |
| 9/6/2017 | Review another denial by the City of Michael Zeleny's appeal of denial of a permit (0.3); tel. conf. with Michael re: same (0.4); strategize re: same with Damion Robinson (0.4); exchange email with Vicky McDermott re: revisions to the complaint (0.2); forward a revised version of the complaint to Michael (0.2); review comments from Michael on same (0.2). | 1.7 |
| 9/7/2017 | Review email from Michael Zeleny to the city re: his film permit application (0.2); exchange email with Vicky McDermott re: revisions to a Fourteenth Amendment claim (0.3). | 0.5 |
| 9/13/2017 | Exchange email with Michael Zeleny re: a Fourteenth Amendment claim consistent with recent authority (0.3); exchange email with Vicky McDermott (0.2). | 0.5 |
| 9/14/2017 | Review email from Michael Zeleny re: the City's apparent creation retroactively of criteria for issuance of a permit (0.3); revise and finalize the latest draft of the complaint and email from Vicky McDermott re: same (1.2); circulate same to Michael Zeleny (0.2). | 1.7 |
| 9/15/2017 | Review comments from Michael Zeleny re: the most recent draft of a complaint and tel. conf. with Michael re: same (0.4). | 0.4 |
| 9/16/2017 | Review email from Michael Zeleny (0.2) and revise the draft complaint and meeting with Michael Zeleny to review same (1.0). | 1.2 |
| 9/17/2017 | Review a revised version of the complaint and forward same to Michael Zeleny (0.5). | 0.5 |
| 9/19/2017 | Review additional comments by Michael Zeleny on the draft complaint (0.3). | 0.3 |

| | | |
|---|---|---|
| 9/20/2017 | Review revisions to the complaint by Michael Zeleny (0.5); email to Michael commenting on same (0.4); forward same and meet with Vicky McDermott re: same (0.3); exchange email with Michael re: same (0.2). | 1.4 |
| 9/21/2017 | Review email from Vicky McDermott to Michael Zeleny (0.2). | 0.2 |
| 9/25/2017 | Email to Damion Robinson re: potential anti-SLAPP issues relating to our complaint (0.2). | 0.2 |
| 9/27/2017 | Review email from Nick Flegel for the city re: Michael Zeleny's film permit application (0.2). | 0.2 |
| 9/28/2017 | Review email from Ivan Toews re: supposed criteria by the city for permits (0.3); tel. conf. with Michael Zeleny re: same (0.4). | 0.7 |
| 10/6/2017 | Review an application by Michael Zeleny to the city for a film permit, and email attaching same (0.3); review email from William McClure re: same (0.2); meeting with Michael Zeleny to strategize (1.0). | 1.5 |
| 10/10/2017 | Review new second amendment authority from the Ninth Circuit and exchange email with Michael Zeleny re: same (0.5). | 0.5 |
| 10/12/2017 | Tel. conf. with Michael Zeleny (0.3). | 0.3 |
| 10/13/2017 | Email to Michael Zeleny re: Second Amendment research (0.3). | 0.3 |
| 11/3/2017 | Review email from Michael Zeleny to the city re: its failure to respond timely to his permit applications (0.2); review email from Michael Zeleny (0.1). | 0.3 |
| 11/6/2017 | Review email from Ivan Toews to Michael Zeleny re: additional information supposedly required for the city to process Michael's film permit application (0.3). | 0.3 |
| 11/10/2017 | Review email from Michael Zeleny responding to Ivan Toews' email on behalf of the city re: Michael's application for a permit (0.3); comment on same (0.1). | 0.4 |
| 11/13/2017 | Review email exchanged between Michael Zeleny and Ivan Toews re: Michael's permit request and delaying tactics by the city (0.4). | 0.4 |
| 11/16/2017 | Review email from Michael Zeleny re: the state of his permit application (0.2). | 0.2 |
| 11/18/2017 | Legal research re: a new *Pruneyard* decision (0.4); email same to Michael Zeleny (0.2). | 0.6 |
| 11/22/2017 | Review email from Nicolas Flegel re: Michael Zeleny's permit application (0.2); comment on same to Michael Zeleny (0.2); review email from Michael re: same (0.2). | 0.6 |

| | | |
|---|---|---|
| 11/26/2017 | Legal research re: a new anti-SLAPP decision denying a motion to dismiss a lawsuit challenging a city's decision on a permit application (0.4); forward same to Michael Zeleny (0.1). | 0.5 |
| 11/27/2017 | Review email from Michael Zeleny to Nick Flegel re: video exemptions to the concealed and open carry statutes (0.3). | 0.3 |
| 12/7/2017 | Review email from Nick Flegel re: yet more moving criteria for special event and film permits (0.4); review the new Ninth Circuit *Epona* decision and email same to Michael Zeleny (0.6); email the Flegel email and the *Epona* decision to Damion Robinson (0.2). | 1.2 |
| 12/8/2017 | Review email from Michael Zeleny and a proposed response to Nick Flegel's email (0.4); review email exchanged between Michael Zeleny and Damion Robinson re: qualified immunity issues (0.2); review Michael's response delivered to city representatives (0.2). | 0.8 |
| 12/18/2017 | Review email from Michael Zeleny re: whether to include permitting issues in the complaint, and review comments from Michael on the current draft of the complaint (0.3). | 0.3 |
| 12/20/2017 | Review email from Michael Zeleny to Nick Flegel re: a final effort to resolve permiting issues before Section 1983 litigation is filed (0.3). | 0.3 |
| 12/21/2017 | Review email from Nick Flegel responding to Michael Zeleny's recent emails (0.3) and a response thereto by Micahel (0.2); review email from Michael re: strategy for the upcoming litigation (0.3). | 0.8 |
| 12/22/2017 | Review additional comments by Michael Zeleny on the complaint (0.2); review email from Nick Flegel re: Michael's permit applications (0.2); review email exchanged between Damion Robinson and Michael re: possible injunctive relief to seek and further revisions to the complaint (0.4) | 0.8 |
| 12/25/2017 | Review final edits to the complaint by Michael Zeleny (0.2). | 0.2 |
| 12/28/2017 | Review email from Damion Robinson (0.1); finalize the complaint for filing (1.0). | 1.1 |
| 12/29/2017 | Review email from Michael Zeleny re: the filed version of the complaint (0.1); review the filed versions of the complaint on ECF (0.2). | 0.3 |

| | | |
|---|---|---|
| 1/23/2018 | Review and reply to email from Noreen Skelly on behalf of Gov. Brown and AG Becerra requesting an extension to respond to the complaint (0.3); review and reply to email from Nicolas Flegel re: same on behalf of the Ciyt of Menlo Park and Dave Bertini (0.3). | 0.6 |
| 1/1/2018 | Review email from Damion Robinson to Michael Zeleny (0.2). | 0.2 |
| 1/3/2018 | Review email from Damion Robinson with legal analysis re: service requirements for a complaint challenging the constitutionality of a statute, and tel. conf. with Damion re: same (0.4). | 0.4 |
| 1/11/2018 | Review email from Damion Robinson and Michale Zeleny (0.2). | 0.2 |
| 1/12/2018 | Review and reply to multiple email from Michael Zeleny and Damion Robinson (0.5). | 0.5 |
| 1/23/2018 | Review and reply to email from Noreen Skelly and from Nick Flegel granting requested extensions of time for the defendants to respond to the complaint. | 0.4 |
| 1/30/2018 | Review email from Noreen Skelly attaching a draft stipulation re: an extension of time for the governor and attorney general to respond to the complaint (0.2). | 0.2 |
| 1/31/2018 | Review email from Noreen Skelly following up on yesterday's email (0.2). | 0.2 |
| 2/2/2018 | Exchange email with Todd Master re: introductions to the case (0.2); review a notice of appearance by Noreen Skelly and related first-appearance filings (0.3); review certificates of service on the defendants (0.2). | 0.7 |
| 2/3/2018 | Review email from Michael Zeleny (0.2). | 0.2 |
| 2/4/2018 | Review an article in the Palo Alto Daily Post re: the lawsuit (0.2); exchange email with Michael Zeleny re: same (0.2); review email from Todd Master re: scheduling a tel. conf. (0.1). | 0.5 |
| 2/5/2018 | Review email from Michael Zeleny (0.2); review email from Damion Robinson responding to same (0.1); review a notice from the court of assignment to a new judge (0.2). | 0.5 |
| 2/6/2018 | Tel. message from Todd Master (0.2); review a notice of assignment of the case to Judge Seeborg and a notice of a case management conference  (0.3). | 0.5 |

| | | |
|---|---|---|
| 2/8/2018 | Tel. call from Todd Master re: introductory issues (0.4); exchange contact information with Todd Master (0.2); email to Michael Zeleny re: the call (0.4); review email from Damion Robinson and Michael (0.2). | 1.2 |
| 2/9/2018 | Review a proposed stipulation emailed by Todd Master (0.2). | 0.2 |
| 2/12/2018 | Review email from Michael Zeleny proposing settlement terms with the City and Dave Bertini (0.2); review email from Todd Master re: his proposed stipulation (0.2). | 0.4 |
| 2/15/2018 | Review and reply to email from Faith Kelly (0.2); review the filed version of the stipulation extending the time for Menlo Park and Dave Bertini to respond to the complaint (0.2); review an order from the court approving the stipulation (0.2). | 0.6 |
| 2/19/2018 | Review email from Noreen Skelly re: the upcoming status conference, a motion to dismiss she intends to file, and meeting and conferring to prepare a joint CMC statement (0.2); review email from Damion Robinson replying to same (0.1). | 0.3 |
| 2/20/2018 | Review email from Noreen Skelly and Todd Master re: meeting and conferring for the joint CMC statement (0.2); review email from Todd Master re: possible settlement negotiations and exchange email with Michael Zeleny re: same (0.4). | 0.6 |
| 2/22/2018 | Review multiple email between Damion Robinson, Noreen Skelly, and Todd Master to schedule a meet and confer call (0.3); review a motion to dismiss filed by Gov. Brown and AG Becerra (0.4); discuss same with Damion Robinson (0.4); email to Michael Zeleny attaching the motion to dismiss and analyzing same (0.3); review email from Michael (0.2). | 1.6 |
| 2/23/2018 | Exchange extensive email with Michael Zeleny (0.4); debrief with Damion Robinson re: a conference call with Todd Master and Noreen Skelly and review email from Damion Robinson re: same (0.4); forward same to Michael Zeleny (0.1). | 0.9 |

| | | |
|---|---|---|
| 2/26/2018 | Meeting with Michael Zeleny re: strategy and timing of next steps (0.6); review a notice filed by Noreen Skelly of ADR certification (0.2); review a draft ADR certification and email attaching same prepared by Damion Robinson (0.2); review email from Todd Master (0.2). | 1.2 |
| 3/1/2018 | Review a draft opposition to the motion to dismiss by Gov. Brown and AG Becerra (0.4). | 0.4 |
| 3/5/2018 | Review email from Todd Master re: negotiations over permitting (0.2); review email from Damion Robinson forwarding and discussing same to Michael Zeleny (0.2). | 0.4 |
| 3/6/2018 | Review and approve an opposition prepared by Damion Robinson to the State's motion to dismiss (0.4); review email from Michael Zeleny re: permit negotiations (0.2). | 0.6 |
| 3/7/2018 | Review and reply to email from Todd Master re: negotiations of T,P,M terms for Michael's protests (0.3); review ADR certifications filed by Todd Master (0.2); review an ADR certification filed by Damion Robinson (0.2). | 0.7 |
| 3/8/2018 | Exchange email with Todd Master re: negotiations of T, P, M terms for Michael Zeleny's protests (0.2); review email from Michael Zeleny re: same (0.2). | 0.4 |
| 3/9/2018 | Review a notice from the court of a need for an ADR conference (0.2). | 0.2 |
| 3/12/2018 | Review a notice from the court setting an ADR conference for March 28, 2018 (0.2). | 0.2 |
| 3/13/2018 | Review email from Todd Master re: negotiations over permitting (0.2). | 0.2 |
| 3/15/2018 | Review a reply filed by Gov. Brown and AG Becerra in support of their motion to dismiss (0.3); strategize re: same with Damion Robinson (0.3). | 0.6 |
| 3/16/2018 | Review email from Michael Zeleny re: terms for issuance of permits (0.2). | 0.2 |
| 3/23/2018 | Review an answer by the City and Dave Bertini to the complaint (0.3); strategize with Damion Robinson re: same (0.3); review email exchanged between Damion Robinson and Todd Master re: the timing of preparation of a case management statement (0.2). | 0.8 |

| | | |
|---|---|---|
| 3/27/2018 | Review notices from the court that the CMC is continued and the motion to dismiss will be decided without oral argument (0.2). | 0.2 |
| 3/28/2018 | Review a minute entry reflecting today's ADR conference (0.2); review email from Michael Zeleny (0.2). | 0.4 |
| 4/3/2018 | Review and edit subpoenas to be served on third party witnesses (0.6); email to Michael Zeleny and Damion Robinson re: same (0.2); review edits by Michael Zeleny (0.2). | 1.0 |
| 4/11/2018 | Review a stipulation prepared by Todd Master re: the parties' request that the matter be referred for settlement conference before a magistrate judge (0.2); review an order approving the stipulation (0.2). | 0.4 |
| 4/12/2018 | Meeting with Michael Zeleny re: service of subpoenas on third party witnesses (0.4); review an order referring this case to Magistrate Judge Cousins for a settlement conference (0.2). | 0.6 |
| 4/16/2018 | Review email exchanged between Damion Robinson and Michael Zeleny re: service of deposition subpoenas (0.3); meeting with Damion re: same (0.2). | 0.5 |
| 4/17/2018 | Review an order from the court granting in part and denying in part the motion to dismiss by Gov. Brown and AG Becerra (0.2); email a copy of same to Michael Zeleny (0.1); review email from Damion Robinson and Michael Zeleny re: same (0.3). | 0.6 |
| 4/18/2018 | Email to, from Michael Zeleny (0.3); review email from Todd Master objecting to our deposition notices of NEA personnel (0.2); meeting with Damion Robinson to strategize re: a response (0.4); review email exchanged between Damion and Todd Master re: same (0.3); forward same to Michael Zeleny (0.1). | 1.3 |
| 4/19/2018 | Review email from Noreen Skelly (0.2). | 0.2 |
| 4/25/2018 | Review an answer by A.G. Becerra to the complaint (0.2). | 0.2 |
| 4/27/2018 | Review a draft CMC statement prepared by Todd Master and email attaching same (0.3); review an order setting a settlement conference for May 17, 2018 (0.2); review email from Damion forwarding the order to Michael Zeleny (0.2). | 0.4 |

| | | |
|---|---|---|
| 5/1/2018 | Review email from Noreen Skelly and Damion Robinson re: preparing a joint CMC statement (0.2); review edits by Damion to the draft statement circulated by Todd Master last week (0.2) and email from Damion to Todd Master and Noreen Skelly re: same (0.1). | 0.5 |
| 5/2/2018 | Review a revised draft CMC statement circulated by Todd Master (0.2). | 0.2 |
| 5/3/2018 | Review email exchanged between Todd Master and Damion Robinson re: final edits to the CMC statement (0.2); review a final draft CMC statement curculated by Faith Kelly for Todd Master (0.2); review the filed version of the CMC statement (0.2). | 0.6 |
| 5/4/2018 | Review a notice from the court continuing the initial CMC (0.2). | 0.2 |
| 5/7/2018 | Review email exchanged between Damion Robinson and Todd Master re: deposition scheduling and the upcoming settlement conference and CMC (0.5); discuss same with Damion (0.3) | 0.8 |
| 5/8/2018 | Review a settlement conference statement by AG Becerra (0.3) and discuss same with Damion Robinson (0.3); tel. conf. with Michael Zeleny re: same (0.3). | 0.9 |
| 5/9/2018 | Review a draft settlement conference statement for Michael Zeleny prepared by Damion Robinson (0.3); strategize re: same with Damion and tel. conf. with Michael re: same (0.4). | 0.7 |
| 5/10/2018 | Review edits by Michael Zeleny to our settlement conference statement (0.3); discuss same with Damion Robinson (0.2). | 0.5 |
| 5/14/2018 | Review a new decision limiting availability of depositions of high ranking government officials absent direct personal knowledge of facts at issue (0.5). | 0.5 |
| 5/16/2018 | Prepare for tomorrow's settlement conference (2.0); tel. conf's with Michael Zeleny and exchange email with Michael re: same (0.6). | 2.6 |
| 5/17/2018 | Travel to, from and attend a settlement conference (9.0); meet and confer with defense counsel re: deposition scheduling (subsumed); strategize with Michael Zeleny (subsumed); review a minute entry by Magistrate Judge Cousins (0.2).. | 9.2 |

| | | |
|---|---|---|
| 5/18/2018 | Review email from Todd Master re: additional information purportedly needed for a permit application (0.2); email to Todd Master re: the *Epona v. County of Ventura* Ninth Circuit decision (0.4). | 0.6 |
| 5/20/2018 | Review email from Michael Zeleny (0.2). | 0.2 |
| 5/29/2018 | Review email from Michael Zeleny re: arranging for service of subpoenas on third parties (0.2). | 0.2 |
| 6/4/2018 | Legal research re: limits on territorial limits to a county DA's authority (0.4); review email from Todd Master re: film permitting requirements in Menlo Park (0.2). | 0.6 |
| 6/5/2018 | Review email from Todd Master re: an updated joint status conference report (0.2). | 0.2 |
| 6/6/2018 | Discuss edits with Damion Robinson to the latest version of a joint status conference report (0.3); review email from Damion to Todd Master re: same (0.2). | 0.5 |
| 6/7/2018 | Review a final version of an updated status conference statement and email from Todd Master re: same (0.2); review the filed version of the statement (0.2). | 0.4 |
| 6/12/2018 | Review email from Damion Robinson re: coverage for the CMC on June 14 (0.2); discuss same with Damion (0.2). | 0.4 |
| 6/13/2018 | Meeting with Damion Robinson to prepare for the case management conference tomorrow (0.5). | 0.5 |
| 6/14/2018 | Meeting with Damion Robinson to debrief re: the status conference this morning (0.4); review a scheduling order by the court (0.2). | 0.6 |
| 7/11/2018 | Review email from Magistrate Judge Cousins (0.2); tel. call to Magistrate Judge Cousins (0.2). | 0.4 |
| 7/12/2018 | Review a minute entry by Magistrate Judge Cousins re: yesterday's events (0.2). | 0.2 |
| 7/24/2018 | Review email from Michael Zeleny re: a new Second Amendment decision (0.2). | 0.2 |
| 8/1/2018 | Review email from Michael Zeleny re: recent articles on Second Amendment litigation (0.3). | 0.3 |
| 8/3/2018 | Review initial disclosures by defendants City of Menlo Park and Dave Bertini (0.3). | 0.3 |
| 8/6/2018 | Review email from Michael Zeleny re: deposition testimony to seek from Barak Engel (0.2); review email from Barak Engel re: same (0.1). | 0.3 |

| | | |
|---|---|---|
| 9/24/2018 | Exchange email with Michael Zeleny and meeting with Michael Zeleny re: preparation of Rule 26 initial disclosures (0.8); review materials assembled by Michael Zeleny re: same (0.8). | 1.6 |
| 9/25/2018 | Email to Michael Zeleny re: assembly of documents for our Rule 26 disclosure (0.2). | 0.2 |
| 9/27/2018 | Meeting with Michael Zeleny and Damion Robinson to discuss our Rule 26 voluntary disclosures and strategize re: depositions (1.0). | 1.0 |
| 10/3/2018 | Review timeline materials from Michael Zeleny (0.4). | 0.4 |
| 10/5/2018 | Review email from Michael Zeleny (0.2). | 0.2 |
| 10/6/2018 | Review email from Michael Zeleny (0.2). | 0.2 |
| 10/9/2018 | Review email from Michael Zeleny identifying witnesses for Rule 26 disclosure purposes, and prepare a spreadsheet re: same (0.4). | 0.4 |
| 10/11/2018 | Meeting with Michael Zeleny re: his Rule 26 initial disclosure requirements (1.0); meeting with Damion Robinson re: same (0.2). | 1.2 |
| 10/14/2018 | Tel. conf. with Michael Zeleny re: the state of the case and our Rule 26(a) disclosures (0.4). | 0.4 |
| 10/21/2018 | Review a draft set of initial disclosures prepared by Michael Zeleny (0.4). | 0.4 |
| 10/22/2018 | Meeting with Michael Zeleny re: his Rule 26 initial disclosures (0.8); meeting with Damion Robinson re: same (0.2); review revised disclosures prepared by Damion (0.3). | 1.3 |
| 10/23/2018 | Review revised Rule 26(a) disclosures drafted by Michael Zeleny and email from Michael relating thereto (0.3). | 0.3 |
| 10/27/2018 | Review email from Damion Robinson with the latest draft disclosures (0.3); approve same (0.2). | 0.5 |
| 11/2/2018 | Review email from Damion Robinson serving initial Rule 26(a) disclosures on defendants' counsel (0.2) | 0.2 |
| 11/6/2018 | Review email from Magistrate Judge Cousins' deputy re: a settlement status update (0.2); forward and exchange email with Michael Zeleny re: same (0.2); review a response by Michael Zeleny (0.1). | 0.5 |
| 11/16/2018 | Review email from Damion Robinson to defense counsel re: deposition scheduling (0.2). | 0.2 |
| 11/18/2018 | Review email from Todd Master re: deposition scheduling (0.2). | 0.2 |

| | | |
|---|---|---|
| 11/19/2018 | Review email from Noreen Skelly re: deposition scheduling (0.2). | 0.2 |
| 11/26/2018 | Review discovery propounded to Michael Zeleny by the City and by Bertini. | 0.3 |
| 11/29/2018 | Meeting with Michael Zeleny to strategize re: subpoenas to be propounded and discovery propounded by the City and by Bertini. | 2.0 |
| 11/30/2018 | Review text messages from Michael Zeleny and Barak Engel re: scheduling Barak's deposition. | 0.3 |
| 12/7/2018 | Review a notice by the City and Chief Bertini of taking the deposition of Michael Zeleny (0.2). | 0.2 |
| 12/12/2018 | Review email from Damion Robinson re: improper setting by defendants of the deposition of plaintiff and refusal by the defendants for months now to select dates for depositions of defendants' witnesses (0.2); review email from Todd Master responding to same (0.2). | 0.4 |
| 12/13/2018 | Review email from Michael Zeleny re: subpoenas to be served on third party witnesses (0.3) | 0.3 |
| 1/2/2019 | Review email from Todd Master re: our NEA subpoenas (0.2); review email from Damion Robinson re: same (0.2) and discuss same with Damion (0.2). | 0.6 |
| 1/3/2019 | Review email exchanged between Damion Robinson and Michael Zeleny re: the NEA depositions (0.3). | 0.3 |
| 1/4/2019 | Meeting with Damion Robinson to strategize re: upcoming depositions (0.4); review email exchanged between Damion and Todd Master re: the City's refusal to take a clear position on permitting requirements (0.5). | 0.9 |
| 1/7/2019 | Tel. conf. with Michael Zeleny re: scheduling depositions (0.4). | 0.4 |
| 1/8/2019 | Meetings with Damion Robinson to strategize re: deposition scheduling (0.5); review email exchanged between Damion and counsel for NEA (0.5); discuss language with Damion for an email to prepare a meet and confer conference call (0.3). | 1.3 |
| 1/9/2019 | Meetings with Damion Robinson re: deposition scheduling (0.4); review email exchanged between Damion and counsel for NEA (0.4). | 0.8 |

| | | |
|---|---|---|
| 1/10/2019 | Review email from counsel for NEA and objections by NEA to our subpoenas (0.4); review email exchanged between Todd Master's assistant and Damion Robinson re: the NEA depositions (0.2); review email from Todd Master re: deposition scheduling (0.2). | 0.8 |
| 1/11/2019 | Meet and confer with Roger Lane, Courney Worcester, and Damion Robinson re: the scope of our subpoena on NEA (0.5); review email from Damion Robinson confirming the conference (0.3); email to the participants re: same (0.2). | 1.0 |
| 1/14/2019 | Meeting with Michael Zeleny to strategize re: discovery and trial preparation (1.0); email to Michael re: same (0.2); review email from the City's counsel re: document production (0.2). | 1.4 |
| 1/16/2019 | Review and reply to email from Todd Master and Damion Robinson re: deposition scheduling (0.4); meeting with Michael Zeleny re: same, re: a FOIA request to the FBI, and re: preparation of briefing in support of our right to the depositions we seek (0.6). | 1.0 |
| 1/17/2019 | Review and reply to email from Michael Zeleny and Damion Robinson re: obtaining a corrected transcription from the reporter hired to transcribe the 2016 permit appeal (0.4); email to the court reporter re: same (0.2); review and reply to email from Michael re: a FOIA request to the FBI (0.3). | 0.9 |
| 1/18/2019 | Legal research confirming that an assistant D.A. acts as an agent of the People of the State of California, not as a local authority (0.8); review email from Michael Zeleny (0.2). | 1.0 |
| 1/21/2019 | Review email from Michael Zeleny re: a FOIA request (0.2) and email from the court reporter re: correcting the transcription of the recording of the August 2016 hearing (0.2). | 0.4 |
| 1/24/2019 | Email to Damion Robinson re: editing the categories of the NEA subpoenas (0.2). | 0.2 |
| 1/25/2019 | Revise the RFP attachment to third party subpoenas (0.6); email to Damion Robinson (0.3) and tel. conf. with Damion Robinson re: serving same (0.3); review a motion by NEA to quash our NEA subpoenas (0.5); review email from Michael Zeleny (0.2); email to, from Damion Robinson re: deposition scheduling (0.4); . | 1.2 |

| | | |
|---|---|---|
| 1/27/2019 | Review and approve updated WebEx subpoenas and arrangements for service of same (0.3) | 0.3 |
| 1/28/2019 | Review and approve written discovery propounded to the City of Menlo Park (0.6); review correspondence from Todd Master re: discovery propounded to us (0.2). | 0.8 |
| 1/29/2019 | Review email from Damion Robinson to Todd Master re: deposition scheduling (0.2). | 0.2 |
| 1/30/2019 | Review email from Todd Master re: scheduling Michael Zeleny's deposition (0.2); review email from Damion Robinson to Michael re: same (0.2); review email from Noreen Skelly and Todd Master re: deposition scheduling (0.2). | 0.6 |
| 2/4/2019 | Analyze NEA's motion to quash and strategize re: opposing it (0.5); review email from Damion Robinson (0.2); tel. conf. with Michael Zeleny re: deposition scheduling and preparation of an opposition to NEA's motion to quash (0.3); review multiple email from Michael (0.4). | 1.4 |
| 2/5/2019 | Review email from Damion Robinson to Michael Zeleny re: depositions to be taken and preparation of an opposition to NEA's motion to quash (0.3); legal research re: recent Ninth Circuit cases on the Second Amendment and seeking an injunction against enforcement of unconstitutional statues/ordinances (1.5); tel. conf. with Michael Zeleny re: discovery issues and preparation (0.5); review documents relating to pro hac vice admission of Roger Lane and Courtney Worcester (0.2); review email exchanged between Roger Lane and Damion re: NEA depositions (0.2); further tel. conf's with Michael re: discovery issues (0.3). | 3.0 |

| | | |
|---|---|---|
| 2/6/2019 | Review email exchanged between Michael and the court reporter re: the transcription of the hearing of August 2016, and transfer the audio files of the hearing to the court reporter (0.4); meetings with Michael Zeleny and Damion Robinson to identify factual issues and evidence for opposition to NEA's motion to quash and for deposition preparation (1.5); review materials prepared by Michael (0.5); strategize with Damion re: the opposition and discovery to seek (0.3); meeting with Larry Berliner re: his declaration in support of our opposition to the NEA motion (0.5); review email from Damion to Todd Master (0.1). | 3.7 |
| 2/7/2019 | Review email from Todd Master re: logistics for the deposition of Michael Zeleny (0.2); review additional materials prepared by Michael Zeleny (0.5); review email exchanged between Damion Robinson and Michael re: a draft declaration and finalizing same by tomorrow (0.4). | 1.1 |
| 2/8/2019 | Review email exchanged between Damion Robinson and Michael Zeleny re: Michael's declaration in opposition to NEA's motion to quash (1.0), revise, and finalize a declaration in support of our opposition to NEA's motion to quash (1.0); tel. conf. with Michael Zeleny re: the opposition papers (0.4); review the brief and Michael's declaration (0.5); meetings with Damion Robinson re: revising and finalizing the opposition papers (0.6); exchange email with Michael Zeleny re: arrangements for service of subpoenas (0.3). | 3.8 |
| 2/10/2019 | Review and approve a production of documents to the City (0.5); review email exchanged between Damion Robinson and Todd Master re: the City's overdue production of documents and deposition scheduling (0.4). | 0.9 |

| 2/11/2019 | Exchange email with Michael Zeleny re: making arrangements for service of subpoenas (0.2); tel. conf. with Michael re: same (0.2); review and reply to email exchanged between Damion Robinson and counsel for the City and the State re: continuing the discovery deadline and scheduling depositions (1.4); meeting with Damion re: same (0.3); exchange email with Damion and Michael re: the Barak Engel deposition (0.4); conf. call with Michael Zeleny and Barack Engel re: scheduling his deposition (0.5); review and reply to email from defense counsel re: discovery scheduling; review and reply to email from Noreen Skelly (0.4). | 3.4 |
| 2/12/2019 | Review email from Todd Master (0.2); email to, from opposing counsel re: the intended scope of Barak Engel's testimony (0.6); tel. conf. with Damion Robinson, Todd Master, and Noreen Skelly re: a stipulation to amend scheduling and deposition scheduling (0.5); review and reply to email from Todd Master confirming postponement of the deposition of Michael Zeleny and the City's PMQ (0.4); review email exchanged between Todd and Damion confirming an extension for Det. Bertini and the City to respond to written discovery (0.3); exchange email with Noreen Skelly (0.3). | 2.3 |
| 2/13/2019 | Review a proposed stipulation drafted by Damion Robinson to continue trial and related pretrial dates (0.3); review email exchanged between Damion and opposing counsel re: revisions to same (0.7); review email from Michael Zeleny (0.2). | 1.2 |
| 2/14/2019 | Tel. conf. with Todd Master to meet and confer re: deposition scheduling (0.5); tel. conf. with Michael Zeleny re: same (0.2); review email from Damion Robinson to opposing counsel (0.2). | 0.9 |
| 2/15/2019 | Review the filed finalized version of the stipulation to continue trial and related pretrial dates (0.2); review a reply by NEA in support of its motion to quash our subpoenas (0.4). | 0.6 |

| | | |
|---|---|---|
| 2/19/2019 | Review email from Todd Master re: deposition scheduling (0.2); review objections by the City to our notice of deposition of its PMQ (0.2); review an order by the court approving our stipulation to continue trial etc. (0.2); review an order referring the case to Magistrate Judge Hixon for discovery disputes (0.2); review an order setting a hearing date on the motion to quash (0.2); review email from Damion Robinson re: consultations with Eugene Volokh as to whether truth of content bears on its serious value under the *Miller* obscenity test (0.6); review additional legal analysis re: same (0.5); review email from Michael Zeleny (0.2); review email from Damion Robinson to Todd Master re: multiple meet and confer subjects (0.2); | 2.5 |
| 2/20/2019 | Strategize with Damion Robinson re: deposition scheduling (0.3); review email from Damion to Todd Master re: same (0.2); review email from Roger Lane, Damion Robinson, and Noreen Skelly re: rescheduling the hearing on NEA's motion to quash (0.4); review email from Roger Lane re: rescheduling the depositions of NEA individuals to correspond to a ruling on NEA's motion to quash (0.2). | 1.1 |
| 2/21/2019 | Review email from Todd Master re: deposition scheduling (0.3); review email from Roger Lane re: deposition scheduling and requesting a stipulation to reschedule NEA's motion to quash (0.2); review and reply to email from counsel re: same (0.4); review email exchanged between Todd Master and Damion Robinson re: the Engel and Zeleny depositions (0.3); review a minute order from the court rescheduling NEA's motion (0.2); revise a sur-reply in opposition to NEA's motion to quash (0.6); review and reply to email and correspondence from Roger Lane re: the subpoenas we served on Richard Kramlich and Scott Sandell (0.4); email to, from Michael Zeleny (0.4). | 2.8 |
| 2/22/2019 | Review an order from the court approving our application to file a sur-reply (0.2). | 0.2 |
| 2/24/2019 | Review email from Todd Master re: scheduling (0.2). | 0.2 |
| 2/27/2019 | Review email from Todd Master (0.2). | 0.2 |
| 3/1/2019 | Review email from Michael Zeleny re: deposition scheduling and strategy (0.2). | 0.2 |

| | | |
|---|---|---|
| 3/4/2019 | Review and reply to email from Todd Master re: scheduling Michael Zeleny's deposition (0.2); review discovery responses by Menlo Park and Chief Bertini (0.4); discuss same with Damion Robinson (0.3). | 0.9 |
| 3/6/2019 | Prepare for the hearing tomorrow on NEA's motion to quash (1.2); tel. conf. with Michael Zeleny re: same (0.2); email to Todd Master re: deposition scheduling (0.2). | 1.6 |
| 3/7/2019 | Attend the hearing on NEA's motion to quash (8.4); meeting with Todd Master (0.3); tel. calls and email to Michael Zeleny re: the hearing (0.5); review the court's order on the motion to quash and forward same to Michael (0.3). | 9.5 |
| 3/8/2019 | Review email from Todd Master re: deposition scheduling (0.2); tel. call from Michael Zeleny (0.2). | 0.4 |
| 3/12/2019 | Review and reply to email from Todd Master re: scheduling the depositions of Michael Zeleny and Chief Bertini (0.3); review email exchanged between Damion Robinson and Todd Master re: same (0.5); review email exchanged between Michael and Damion (0.2); review a letter from Damion to Todd Master re: deficiencies in the City's responses to written discovery (0.2). | 1.2 |
| 3/13/2019 | Review documents produced by Chief Bertini and the City (0.4); strategize with Damion Robinson re: use of the documents in depositions (0.4); review meet and confer email exchanged between Damion Robinson and Todd Master re: the City parties' discovery responses and a PMQ deposition of the City (0.4); tel. conf. with Michael Zeleny re: preparation for depositions next week (0.3); review email exchanged between Todd Master and Damion Robinson re: the scope and groundrules for the depositions (0.3). | 1.8 |
| 3/14/2019 | Review email exchanged between Todd Master and Damion Robinson re: depositions next week (0.6); strategize with Damion re: same (0.3). | 0.9 |
| 3/15/2019 | Review email exchanged between Damion Robinson and Todd Master re: the City's production of documents (0.4); review email from Michael Zeleny re: preparation for his deposition (0.2); review email from Todd Master re: arrangements and location for the depositions next week (0.2). | 0.8 |

| | | |
|---|---|---|
| 3/16/2019 | Tel. conf. with Michael Zeleny and Damion Robinson re: preparation for his deposition, and meetings with Damion re: same (0.5). | 0.5 |
| 3/17/2019 | Meeting with Michael Zeleny and Damion Robinson to prepare for Michael's deposition (1.5); exchange text messages with Michael re: same (0.1); tel. conf. with Michael re: same (0.4). | 2.0 |
| 3/18/2019 | Exchange text messages with Damion Robinson re: updates on the Zeleny deposition (0.4); telephonic debrief with Michael Zeleny and Damion re: the deposition (0.4); exchange email with Todd Master and the AG's office re: the AG's supposed lack of notice re: the depositions today and tomorrow (0.5). | 1.3 |
| 3/19/2019 | Review email from Michael Zeleny and Damion Robinson re: Michael's deposition (0.3); tel. conf. with Michael and Damion re: same and re: general strategy (0.5). | 0.8 |
| 3/20/2019 | Strategize with Damion Robinson re: amending the complaint to allege conspiracy between the City and NEA (0.6); review documents produced by the City for completeness re: the 2010-2011 NEA litigation (0.6); review email from Damion to Todd Master to meet and confer re: deposition misconduct by Todd Master (0.2); review an analysis by Damion Robinson re: amending our complaint and comments thereon by Michael Zeleny (0.4). | 1.8 |
| 3/21/2019 | Review, revise, and finalize a motion for reconsideration by the district court judge of the magistrate judge's ruling on NEA's motion to quash (1.0); strategize with Damion Robinson re: further depositions to take, a meet and confer email to Todd Master re: his misconduct at the Bertini deposition, and a motion to amend the complaint (0.8); meeting with Michael Zeleny (0.5); review meet and confer correspondence by Damion to defense counsel (0.2). | 2.5 |
| 3/22/2019 | Review a notice from the court continuing the hearing of April 25 to May 2, 2019 (0.2); review email from Noreen Skelly (0.2). | 0.4 |
| 3/25/2019 | Review email exchanged between Damion Robinson and opposing counsel re: topics for the deposition of the PMQ for the State of California (0.2); review email from Michael Zeleny (0.2). | 0.4 |

| | | |
|---|---|---|
| 3/26/2019 | Review email exchanged between Todd Master and Damion Robinson re: discovery issues (0.4); legal research re: discovery citations for motions and email same to Damion (1.0); tel. conf. with Damion Robinson to strategize re: discovery issues (0.4); review a draft first amended complaint and a draft status conference statement prepared by Damion Robinson (0.6) and email conveying same to opposing counsel (0.2); review email from Noreen Skelly (0.2). | 2.8 |
| 3/27/2019 | Review and edit a first amended complaint (0.5); strategize with Damion Robinson re: obtaining a stipulation from opposing counsel to allow the first amended complaint to be filed (0.4); review multiple email exchanged between Damion Robinson and opposing counsel re: same and re: edits to a draft joint status conference statement (1.2); debrief with Damion Robinson re: his effort to meet and confer with Todd Master re: Master's deposition misconduct (0.3). | 2.4 |
| 3/28/2019 | Review email from Noreen Skelly re: our proposed FAC and status conference statement (0.3); review email exchanged among Damion Robinson, Noreen Skelly, and Todd Master re: the stipulation to permit our amended complaint and the joint status conference statement (0.4); review email from Michael Zeleny (0.2).. | 0.9 |
| 3/29/2019 | Review email exchanged between Damion Robinson, Noreen Skelly, and Todd Master re: the stipulation for our amended complaint and the joint status report (0.4); review a district court decision forwarded by Michael Zeleny striking CA's ban on standard capacity magazines (0.3); review the final version of the stipulation and joint report filed with the court (0.2). | 0.9 |
| 3/30/2019 | Review email exchanged between Damion Robinson and David Markevitch re: motions to compel we plan to file (0.3). | 0.3 |
| 4/1/2019 | Review an order from the court authorizing our first amended complaint (0.2); discussion with Damion Robinson (0.2) and review email from Damion Robinson containing legal research re: identification of NEA in the first amended complaint (0.4). | 0.6 |

| | | |
|---|---|---|
| 4/2/2019 | Review email exchanged between Damion Robinson, Noreen Skelly, and Todd Master re: scheduling the defendants' depositions and scheduling the deposition of Sharron Kaufman in May to accommodate her personal circumstances (0.4); review a meet and confer letter and a privilege log from Todd Master (0.4). | 0.8 |
| 4/3/2019 | Review objections by NEA to our motion for review by the district court judge of Magistrate Judge Hixon's rulings on our NEA subpoena (0.3). | 0.3 |
| 4/4/2019 | Review discovery responses by Xavier Becerra (0.3; tel. conf. with Damion Robinson to strategize re: the hearing this morning (0.3); debrief with Damion after the hearing (0.3); review and reply to email exchanged between Damion and Michael Zeleny (0.4); review a stipulation drafted by Damion, email from Todd Master re: same, and proposed revisions to it by Noreen Skelly (0.5); revise the stipulation (0.2); review and reply to email from Damion Robinson and Michael Zeleny re: today's status conference, NEA's entrance into the case, and upcoming discovery (0.3); review orders by the Court from today's hearing (0.2). | 2.5 |
| 4/5/2019 | Review final revisions to a stipulation to continue discovery deadlines and email exchanged between Damion Robinson and opposing counsel re: same (0.4); review an order from the court setting a deadline for a confidential settlement statement (0.1). | 0.5 |
| 4/8/2019 | Review email exchanged between Damion Robinson, Noreen Skelly, and Todd Master re: their stipulation to permit a corrected First Amended Complaint and continue pretrial dates (0.2). | 0.2 |
| 4/9/2019 | Review a final version of a stipulation filed with the court and the court's order thereon, and a corrected first amended complaint (0.2); review the State's answer to the first amended complaint (0.2); review email exchanged among Damion Robinson and defense counsel confirming postponement of depositions pending resolution of NEA's role as a defendant in the case (0.2); review email from Damion to counsel for the San Mateo County D.A.'s office (0.2). | 0.8 |

| 4/10/2019 | Tel. conf. with Michael Zeleny re: corrections to the transcription of the August 2016 appeal and re: deposition scheduling (0.3); review email from counsel for the San Mateo County D.A.'s office (0.2); exchange email with Damion Robinson confirming withdrawal of our motion re: the NEA subpoenas in light of NEA's new status as a defendant and not a third party (0.2). | 0.7 |
| 4/11/2019 | Review email from Damion Robinson to counsel for the San Mateo County D.A.'s office confirming their meet-and-confer discussion (0.2). | 0.2 |
| 4/15/2019 | Review an answer to the First Amended Complaint by the City defendants (0.2). | 0.2 |
| 4/16/2019 | Review email from Michael Zeleny (0.2). | 0.2 |
| 4/17/2019 | Email to, from Michael Zeleny re: obtaining a corrected transcription of the August 2016 hearing with the City (0.2). | 0.2 |
| 4/18/2019 | Review and approve a settlement conference statement update prepared by Damion Robinson (0.3). | 0.3 |
| 4/22/2019 | Review a notice from the court confirming receipt from all parties of settlement conference statements (0.2). | 0.2 |
| 4/24/2019 | Review email from Todd Master, Magistrate Judge Cousins' deputy, and Roger Lane re: scheduling a settlement conference (0.4). | 0.4 |
| 4/25/2019 | Review email exchanged between Magistrate Judge Cousins' deputy and Roger Lane re: NEA's personal appearance at the settlement conference (0.3). | 0.3 |
| 4/30/2019 | Review and reply to email from defense counsel re: scheduling a settlement conference (0.3). | 0.3 |
| 5/1/2019 | Tel. conf. with Michael Zeleny re: strategy (0.2); review email from Todd Master and Magistrate Judge Cousins' deputy re: scheduling a settlement conference (0.2) and forward same to Michael Zeleny (0.1).. | 0.5 |
| 5/2/2019 | Review email exchanged between Damion Robinson and defense counsel re: scheduling a settlement conference (0.3); tel. conf. with Michael Zeleny (0.2). | 0.5 |
| 5/3/2019 | Review email from Michael Zeleny re: setting a date for a settlement conference and coordinating it with depositions (0.2); exchange email with defense counsel re: same (0.4). | 0.6 |
| 5/6/2019 | Review email from Roger Lane and Todd Master re: scheduling a settlement conference (0.2). | 0.2 |

| | | |
|---|---|---|
| 5/8/2019 | Review and reply to email from defense counsel re: scheduling a settlement conference (0.2). | 0.2 |
| 5/9/2019 | Research re: recent application of Second Amendment principles (0.2); email to, from Michael Zeleny re: same (0.2); review email from Roger Lane and an order from the court confirming a settlement conference date of July 11, 2019 (0.2); review a motion to dismiss filed by NEA (0.3). | 0.9 |
| 5/16/2019 | Review email from Michael Zeleny (0.2). | 0.2 |
| 5/23/2019 | Legal research in support of our opposition to NEA's motion to dismiss (3.0); prepare sections of the opposition brief (2.5); strategize with Damion Robinson re: same (0.5); edit, revise, and finalize the brief (2.0). | 8.0 |
| 5/30/2021 | Review a reply by NEA in support of its motion to dismiss and discuss same with Damion Robinson (0.6). | 0.6 |
| 6/3/2019 | Legal research re: requirements in the Ninth Circuit for establishing a justiciable controversy (0.6). | 0.6 |
| 6/10/2019 | Review a "notice of unavailability" by Todd Master (0.2). | 0.2 |
| 6/13/2019 | Debrief with Damion Robinson after the hearing on NEA's motion to dismiss (0.4); review email from Damion re: same and re: a possible settlement overture by Roger Lane (0.2); review a minute entry by the court (0.2). | 0.8 |
| 6/14/2019 | Review email from Michael Zeleny re: NEA (0.2). | 0.2 |
| 6/22/2019 | Tel. conf's with Michael Zeleny re: deposition scheduling and the status of claims against NEA (0.3). | 0.3 |
| 6/24/2019 | Review email from Damion Robinson to defense counsel re: the upcoming discovery cutoff and pending NEA discovery (0.2). | 0.2 |
| 6/26/2019 | Review and reply to email from Damion Robinson re: upcoming depositions (0.3); review and reply to email exchanged between Roger Lane, Noreen Skelly, and Damion Robinson re: upcoming deadlines and whether the parties can stipulate to modify the scheduling order (1.0); exchange multiple emails with Roger Lane (0.4); email to, from Michael Zeleny (0.3). | 2.0 |
| 6/27/2019 | Email to, from Damion Robinson (0.2); review email from Damion to counsel for the San Mateo County D.A.'s office (0.2). | 0.4 |

| | | |
|---|---|---|
| 6/28/2019 | Discuss deposition scheduling with Damion Robinson (0.3); review deposition notices and email from Damion re: same to opposing counsel (0.3); review motion papers filed by Damion Robinson to continue the discovery cutoff and trial dates (0.4); review a response by Roger Lane (0.2); review an opposition by Todd Master (0.2). | 1.4 |
| 7/1/2019 | Review an order from the court granting our application to continue trial and pretrial dates (0.2); email to, from Michael Zeleny (0.2); review email exchanged between Damion Robinson and defense counsel re: rescheduling depositions in light of the continuance of pretrial deadlines (0.3). | 0.7 |
| 7/5/2019 | Legal research re: constitutional prohibition against content-based discrimination by the state (0.8); review settlement conference statements by NEA (0.3) and the City defendants (0.3); review and approve Michael Zeleny's settlement statement (0.3); review email from Damion Robinson to defense counsel re: requiring NEA to attend the settlement conference personally (0.2). | 1.9 |
| 7/6/2019 | Legal research re: recovery of legal fees under 42 U.S.C. section 1988, the constitutional prohibition against content-based discrimination by the state, and a new 9th Cir. Decision re: same (1.2). | 1.2 |
| 7/8/2019 | Review an order from the court denying NEA's request that its principal be excused from attending the settlement conference (0.2); review a settlement conference statement by Chief Bertini and the City (0.4).. | 0.6 |
| 7/10/2019 | Prepare for a settlement conference tomorrow; meeting with Michael Zeleny and Damion Robinson re: same; review a settlement conference statement by the city and Chief Bertini. | 3.0 |
| 7/11/2019 | Further prepare for, travel to and from, and attend a settlement conference (10.0); meeting with Michael Zeleny to debrief (subsumed); review a minute entry by Magistrate Judge Cousins re: the settlement conference (subsumed). | 10.0 |
| 7/12/2019 | Review email from Michael Zeleny (0.2). | 0.2 |
| 7/17/2019 | Review email from Michael Zeleny (0.2). | 0.2 |

| | | |
|---|---|---|
| 7/27/2019 | Legal research re: new authority governing content-based restrictions on speech, issues concerning location of protest activity, and use of cameras to record passersby at a protest (0.6); email to Michael Zeleny and Damion Robinson re: same (0.2); review email from Michael (0.2). | 1.0 |
| 7/30/2019 | Review an order granting NEA's motion to dismiss (0.2); analyze same with Damion Robinson (0.3); review email from Damion to Michael Zeleny re: same (0.2). | 0.7 |
| 8/4/2019 | Review email from Damion Robinson to defense counsel re: deposition scheduling (0.2). | 0.2 |
| 8/9/2019 | Review email from defense counsel re: deposition scheduling. | 0.2 |
| 8/11/2019 | Email to defense counsel re: deposition scheduling. | 0.2 |
| 8/12/2019 | Review email exchanged among Damion Robinson, Noreen Skelly, Roger Lane, and Todd Master re: deposition scheduling (0.8). | 0.8 |
| 8/27/2019 | Review email from Michael Zeleny re: legal theories potentially supporting a second amended complaint (0.2); review email from Damion Robinson with legal analysis re: same (0.3). | 0.5 |
| 8/28/2019 | Review email from Michael Zeleny (0.2); review Bertini deposition testimony identified by Damion Robinson re: email exchanged between NEA and the City (0.3); review further email from Michael Zeleny (0.2); review email by Damion Robinson to defense counsel re: NEA's failure to comply with the court's discovery order of March 7, 2019 (0.2); review email from Roger Lane responding to same (0.1). | 1.0 |
| 8/29/2019 | Review a draft second amended complaint prepared by Damion Robinson (0.5) and a memo by Damion re: the Noerr-Pennington doctrine (0.5); meeting with Damion re: same (0.5); review email from Michael Zeleny (0.2). | 1.7 |
| 8/30/2019 | Strategize with Damion Robinson re: the second amended complaint (0.4); exchange email with Damion and Michael Zeleny re: same (0.3); review email from Roger Lane re: NEA's defective document production (0.2). | 0.9 |
| 9/11/2019 | Review email from Todd Master requesting an extension of time to respond to our amended complaint; reply to same granting the extension. | 0.3 |

| | | |
|---|---|---|
| 9/4/2019 | Review email exchanged between Michael Zeleny and Damion Robinson (0.4). | 0.4 |
| 9/5/2019 | Review and reply to email from Roger Lane in which NEA requests an extension of time to respond to our second amended complaint (0.3). | 0.3 |
| 9/10/2019 | Review an answer by the State to our second amended complaint (0.2); review and reply to email from Todd Master granting an extension of the City's time to respond to the second amended complaint (0.3); review email from Michael Zeleny (0.2). | 7.0 |
| 9/25/2019 | Review an answer by the City (0.3) and a motion to dismiss by NEA (0.4) re: our second amended complaint. | 0.7 |
| 10/2/2019 | Review email exchanged between Damion Robinson and Roger Lane re: an extension of our time to oppose NEA's motion to dismiss (0.4); review email by Todd Master and Damion Robinson re: same (0.1). | 0.5 |
| 10/3/2019 | Review email exchanged between Roger Lane and Damion Robinson re: a briefing schedule on NEA's latest motion to dismiss (0.3). | 0.3 |
| 10/4/2019 | Review email exchanged between Roger Lane and Damion Robinson re: a stipulation to modify the briefing schedule on NEA's motion to dismiss and review the stipulation filed with the court (0.4). | 0.4 |
| 10/7/2019 | Review an order from the Court extending the briefing schedule on NEA's motion to dismiss the second amended complaint (0.2). | 0.2 |
| 10/11/2019 | Review an order from the Court continuing a CMC to December 12, 2019 (0.2); review a request by the AG's office for leave to appear at the status conference telephonically (0.2). | 0.4 |
| 10/14/2019 | Review email from Damion Robinson to defense counsel proposing an amendment to the discovery schedule (0.2). | 0.2 |
| 10/15/2019 | Email to Damion Robinson and Michael Zeleny re: a new dispute in Sacramento over permitting for a video event (0.2); review multiple email exchanged between Damion Robinson and opposing counsel re: a stipulation to continue pretrial deadlines (0.8); discuss same with Damion (0.2). | 1.2 |

| Date | Description | Hours |
|---|---|---|
| 10/16/2019 | Review email exchanged between Damion Robinson and opposing counsel re: a proposed schedule for the case (0.6); review and comment on an opposition by Damion Robinson to NEA's motion to dismiss our second amended complaint (1.0). | 1.6 |
| 10/17/2019 | Review email from Michael Zeleny and Damion Robinson re: NEA's motion to dismiss and the recent LAT article re: permitting requirements for a TV production using fake firearms. | 0.3 |
| 10/18/2019 | Review email exchanged among Roger Lane and Damion Robinson (0.2); review a proposed stipulation prepared by Damion to continue pretrial dates (0.2) and comments thereon from Roger Lane (0.1) and Todd Master (0.1). | 0.6 |
| 10/19/2019 | Review email from Noreen Skelly approving the stipulation to continue pretrial dates (0.1). | 0.1 |
| 10/24/2019 | Review the final and filed version of the stipulation to continue pretrial dates (0.2). | 0.2 |
| 10/25/2019 | Review an order by the court approving as modified the parties' stipulation to continue pretrial dates (0.2); review a reply by NEA in support of its motion to dismiss the second amended complaint (0.4); discuss same with Damion Robinson (0.4). | 1.0 |
| 10/28/2019 | Review email from Michael Zeleny (0.2). | 0.2 |
| 10/29/2019 | Legal research re: new authority concerning retaliation by government for a person's exercise of First Amendment rights (0.5); email to Michael Zeleny and Damion Robinson re: same (0.2). | 0.7 |
| 11/5/2019 | Review an order dismissing our second amended complaint as to NEA (0.3); discuss same with Damion Robinson (0.4) and tel. conf. with Michael Zeleny re: same (0.3). | 1.0 |
| 11/29/2019 | Review email from Noreen Skelly re: the next joint status report due next week (0.2). | 0.2 |
| 12/2/2019 | Review email exchanged among Damion Robinson, Noreen Skelly, and Todd Master re: preparation of a joint status report (0.3). | 0.3 |

| | | |
|---|---|---|
| 12/3/2019 | Review a draft status report prepared by Damion Robinson (0.3); discuss same with Damion (0.3); review comments by Todd Master and Noreen Skelly (0.3); review revised versions of the report prepared by Damion and approval of same by Todd Master (0.3). | 1.2 |
| 12/5/2019 | Review email from Noreen Skelly and Todd Master approving the joint status report (0.2); review the final and filed version of the report (0.2). | 0.4 |
| 12/12/2019 | Debrief with Damion Robinson after this morning's status conference (0.2); review a minute entry by the court re: same (0.1). | 0.3 |
| 12/13/2019 | Review email from Michael Zeleny (0.2). | 0.2 |
| 12/18/2019 | Review email from Michael Zeleny (0.2). | 0.2 |
| 1/6/2020 | Email to, from Michael Zeleny (0.2). | 0.2 |
| 1/7/2020 | Review email from Michael Zeleny (0.2). | 0.2 |
| 1/8/2020 | Review email from Noreen Skelly (0.2). | 0.2 |
| 1/9/2020 | Review email exchanged between Damion Robinson and defense counsel re: deposition scheduling and exchange email with Damion re: same (0.4). | 0.4 |
| 1/14/2020 | Review email from Noreen Skelly re: deposition scheduling (0.2). | 0.2 |
| 1/15/2020 | Review email from Noreen Skelly and Todd Master re: deposition scheduling (0.2). | 0.2 |
| 1/18/2020 | Tel. conf. with Damion Robinson to strategize re: deposition scheduling (0.2); review email from Damion to defense counsel re: same (0.2). | 0.4 |
| 1/19/2020 | Review email from Damion Robinson to Alan Beck re: expert issues (0.2). | 0.2 |
| 1/20/2020 | Review email from Todd Master (0.1); review email from Noreen Skelly (0.2); review email from Damion Robinson (0.2) and tel. conf. with Damion re: the State's positions and their implications for the City (0.3); review email from Alan Beck and materials regarding *Heller* issues forwarded by Alan (0.5); review email from Damion Robinson to Michael Zeleny re: the State's positions (0.2). | 1.5 |
| 1/21/2020 | Review email from Todd Master's office (0.1); review email from Michael Zeleny (0.2). | 0.3 |
| 1/23/2020 | Review email from Michael Zeleny (0.2); review a minute order re: today's hearing (0.2). | 0.4 |

| | | |
|---|---|---|
| 1/29/2020 | Review email from Damion Robinson to defense counsel re: rescheduling depositions (0.2). | 0.2 |
| 1/30/2020 | Review email exchanged between Damion Robinson and opposing counsel re: deposition scheduling. | 0.3 |
| 2/3/2020 | Review email exchanged between Todd Master and Damion Robinson re: deposition scheduling (0.5). | 0.5 |
| 2/5/2020 | Review email exchanged between Damion Robinson and Todd Master (0.6) and between Roger Lane and Damion re: deposition scheduling (0.3); review email from Damion to Michael Zeleny (0.2); tel. conf. with Michael Zeleny (0.4). | 1.5 |
| 2/6/2020 | Review email from Michael Zeleny to Damion Robinson re: depositions to be taken and scheduling thereof (0.2). | 0.2 |
| 2/11/2020 | Review email exchanged between Michael Zeleny and Damion Robinson re: the Engel deposition (0.2). | 0.2 |
| 2/12/2020 | Review email exchanged between Michael Zeleny and Damion Robinson re: the Engel deposition (0.3); review meet-and-confer correspondence from Damion to defense counsel (0.2). | 0.5 |
| 2/13/2020 | Strategize with Damion Robinson re: upcoming depositions, staffing on the depositions, and preparation of a motion for summary judgment (0.4); review email exchanged between Michael Zeleny and Damion re: the Engel deposition (0.2); review email exchanged between Roger Lane and Damion (0.3); review email from Damion to Alan Beck (0.2); review email exchanged between Damion and defense counsel re: deposition scheduling and our motion to compel (0.5). | 1.6 |
| 2/14/2020 | Review email exchanged between Michael Zeleny and Damion Robinson and tel. conf's with Michael and Damion re: identification of expert witnesses to retain (0.8); review email from Alan Beck re: same (0.2); review email exchanged between Damion and Roger Lane re: the NEA deposition (0.3). | 1.3 |
| 2/18/2020 | Review email exchanged between Damion Robinson and Todd Master (0.5); discuss same with Damion (0.4). | 0.9 |

| | | |
|---|---|---|
| 2/19/2020 | Review email exchanged between Damion Robinson and opposing counsel re: deposition scheduling (0.3); review a letter brief by Damion re: defendants' assertion of an official information privilege (0.4); strategize with Damion and Brian England re: potential experts, depositions, and points for a motion for summary judgment (0.4). | 1.1 |
| 2/20/2020 | Review email exchanged between Damion Robinson and defense counsel re: deposition scheduling (0.5); review an order rejecting the City's assertion of official information privilege (0.3); strategize with Damion re: scheduling and the order (0.4). | 1.2 |
| 2/21/2020 | Review email from Roger Lane re: the NEA deposition (0.2); review email from Todd Master re: a timeline for responses by the City to written discovery (0.2). | 0.4 |
| 2/24/2020 | Review email exchanged between Damion Robinson and defense counsel re: deposition scheduling (0.5). | 0.5 |
| 2/25/2020 | Review email exchanged between Damion Robinson and Todd Master (0.5) and Roger Lane (0.3) re: deposition scheduling. | 0.8 |
| 2/26/2020 | Email to Damion Robinson and Brian England re: potential deposition questions to pose (0.5); meeting with Damion and Brian to strategize re: the upcoming depositions (0.5); tel. conf. with Michael Zeleny (0.3). | 1.3 |
| 2/28/2020 | Review email from Damion Robinson and Brian England re: deposition scheduling and whether this case is related to other second amendment cases pending in the Ninth Circuit (0.5); review a discovery order from the court (0.2); review email exchanged between Damion and Todd Master re: scheduling depositions of City-affiliated witnesses (0.4); review email exchanged between Damion and Michael Zeleny (0.3); strategize with Damion (0.4). | 1.8 |
| 3/1/2020 | Review and reply to email from Todd Master and Damion Robinson re: deposition scheduling and the failure of the City to meet and confer in good faith re: same (0.6); review email from Noreen Skelly (0.1). | 0.7 |

| | | |
|---|---|---|
| 3/2/2020 | Review email exchanged between Damion Robinson and opposing counsel (0.3); listen to an audio file produced by NEA (0.7); review an outline prepared by Damion for the deposition of Nick Flegel (0.3); review email from Michael Zeleny (0.2); conf. call with Damion and Michael Zeleny re: the deposition of Barack Engel (0.4). | 1.9 |
| 3/3/2020 | Conf. call with Barack Engel and Damion Robinson (0.4); strategize with Damion re: expert witness candidates and upcoming depositions (0.6); review email from Damion to opposing counsel proposing a protective order (0.3). | 1.3 |
| 3/4/2020 | Review email exchanged between Todd Master and Damion Robinson re: deposition scheduling and locations and a protective order to propose to the court (0.3); strategize with Damion re: same (0.3); strategize with Brian England re: upcoming depositions, selection of experts, and our motion for summary judgment (0.5). | 1.1 |
| 3/5/2020 | Review email exchanged among Damion Robinson, David Markevitch, and opposing counsel re: deposition scheduling and locations and stipulating to entry of a protective order (0.4). | 0.4 |
| 3/6/2020 | Email to Damion Robinson et al. re: coverage of depositions (0.4); review meet-and-confer email exchanged between Damion and Todd Master re: deposition conduct and re: the proposed protective order (0.4); review email from Brian England, David Markevitch, and Damion re: retention of Greg Block as an expert (0.4); review a notice of appearance and email by John Killeen (0.3). | 1.5 |
| 3/7/2020 | Review email from Michael Zeleny re: the Engel deposition (0.3). | 0.3 |
| 3/8/2020 | Exchange texts with Brian England and Damion Robinson re: upcoming depositions (0.3); tel. interview of Barak Engel (0.7); tel. conf's with Michael Zeleny (0.4); strategize with Damion Robinson (0.4); meeting with Michael Zeleny to strategize re: upcoming depositions (1.0). | 2.8 |
| 3/9/2020 | Review email from Todd Master's assistant and Damion Robinson re: the upcoming deposition schedule (0.2); review an order from the court adopting the proposed protective order (0.2). | 0.4 |

| | | |
|---|---|---|
| 3/10/2020 | Debrief with Brian England re: the deposition of Barak Engel and re: tomorrow's deposition of NEA; exchange email with Brian re: same (0.5). | 0.5 |
| 3/11/2020 | Exchange text messages with Brian England re: the deposition of NEA (0.3); tel. conf. with Brian re: same (0.3); review the discovery order re: NEA's motion to quash and discuss same with Brian re: the scope of today's deposition (0.4); debrief with Brian re: the deposition (0.3). | 1.3 |
| 3/12/2020 | Meeting with Brian England to evaluate the deposition testimony obtained over the past two days (0.3); exchange email/messages with Todd Master re: postponement of depositions (0.3). | 0.6 |
| 3/13/2020 | Review email exchanged between Damion Robinson and opposing counsel re: a stipulation to continue the discovery period and a draft stipulation prepared by Damion (1.0). | 1.0 |
| 3/16/2020 | Review email from Todd Master and John Killeen re: the stipulation to continue the discovery period and re: the deposition of Chief Bertini (0.3); review responses by the Attorney General to our second round of discovery requests (0.2); confer with Brian England re: same (0.2). | 0.7 |
| 3/17/2020 | Review an order by the court adopting the stipulation to continue the discovery period (0.2); review and reply to email from Todd Master re: the deposition of Chief Bertini (0.2). | 0.2 |
| 3/25/2020 | Review a draft meet and confer letter prepared by Brian England re: the NEA deposition (0.3). | 0.3 |
| 3/26/2020 | Review archived files to identify NEA personnel who interacted with MPPD in 2009-2010 regarding Michael Zeleny's protests (2.7); memo to file re: same (0.8); email to, from Brian England and Damion Robinson re: same (0.5); review the final version of a meet and confer letter from Brian to Roger Lane (0.2); review and reply to email from Roger Lane re: his refusal to meet and confer (1.0); email to Michael Zeleny et al. re: same (0.2). | 5.4 |
| 3/27/2020 | Review email from Roger Lane (0.2); review the rough transcript of Matt Milde (0.5); review email from Todd Master attaching a production of confidential documents (0.8). | 1.5 |

| Date | Description | Hours |
|---|---|---|
| 4/1/2020 | Review email from Michael Zeleny and forward same to the AG team (0.2); review email from Barak Engel and Damion Robinson (0.2); | |
| 4/4/2020 | Review the transcript of the deposition of Barak Engel (0.8); email to Michael Zeleny (0.2). | 1.0 |
| 4/6/2020 | Review and reply to email from Michael Zeleny (0.3). | 0.3 |
| 4/8/2020 | Review and reply to email from Michael Zeleny and Barak Engel re: the relationship between current videoconferenc technology and WebEx/NEA technology and its relationship to discovery issues in the 1983 case (0.4). | 0.4 |
| 4/30/2020 | Review email and correspondence from David Markevitch to defense counsel re: a deposition of the State and a continuance of the discovery period (0.3); review email from John Killeen and David re: the continuance (0.2). | 0.5 |
| 5/4/2020 | Review email from David Markevitch to John Killeen (0.2). | 0.2 |
| 5/5/2020 | Review email from David Markevitch to defense counsel re: continuance of the discovery period (0.2) and from Brian England to Roger Lane re: the NEA deposition (0.2). | 0.4 |
| 5/6/2020 | Review email exchanged among Damion Robinson, Todd Master, and John Killeen regarding a stipulation to continue discovery and related dates to cure scheduling problems arising from the pandemic. | 0.5 |
| 5/7/2020 | Review an order from the Court adopting modifications to the case management schedule stipulated to by the parties. | 0.2 |
| 5/7/2020 | Review the final version of the executed stipulation re: discovery period and an order approving same (0.2). | 0.2 |
| 5/8/2020 | Review email from Damion Robinson and David Markevitch re: stipulated continuances of deadlines and David's ongoing role in the case (0.3). | 0.3 |
| 5/11/2020 | Review the AG's position on our motion to compel a 30(b)(6) deposition of the State (0.3) and email exchanged between John Killeen and Damion Robinson re: same (0.2). | 0.5 |
| 5/12/2020 | Review a revised position by the AG's office on our motion to compel (0.2). | 0.2 |
| 5/17/2020 | Review Second Amendment research by Brian England and Damion Robinson (0.4). | 0.4 |

| | | |
|---|---|---|
| 5/18/2020 | Review a general order from the court re: a directive to explore settlement, and forward same to Michael Zeleny (0.3). | 0.3 |
| 5/27/2020 | Review new discovery responses by the City and strategize re: same with Damion Robinson (0.6). | 0.6 |
| 5/28/2020 | Review and reply to email from Brian England and Damion Robinson re: resumption of the deposition of NEA (0.5); review email exchanged between Roger Lane, Beth Boland, Damion, and Brian and discussions with Damion and Brian re: same (0.7). | 1.2 |
| 6/1/2020 | Tel. conf. with Michael Zeleny re: the status of the case, discovery issues, and scheduling issues arising from the pandemic (1.0); review internal email and email exchanged between David Markevitch and defense counsel re: deposition scheduling and a joint status statement to be filed with the court (0.6). | 1.6 |
| 6/2/2020 | Review meet and confer corresp. from counsel for NEA (0.2); tel. conf's with Damion Robinson re: scheduling depositions and revising the schedule in view of the pandemic (0.4); review multiple email from David Markevitch, Todd Master and Damion re: the joint status report and disagreements between the parties as to the content (0.7); review and approve the final draft status report of the day (0.2). | 1.5 |
| 6/3/2020 | Review multiple email from David Markevitch, Damion Robinson, and Todd Master re: deposition scheduling (0.6). | 0.6 |
| 6/4/2020 | Review email exchanged between David Markevitch and John Killeen re: the parties' joint report to be filed (0.2); review email exchanged between Todd Master and David re: deposition scheduling (0.2); review misc. filings with the court (0.2); review a stipulation to continue deadlines and email between the parties re: same (0.2). | 0.8 |

| | | |
|---|---|---|
| 6/9/2020 | Review an order from the court denying our motion to compel further deposition testimony from the AG's office (0.3); exchange multiple email with the team and Michael Zeleny re: same and re: next steps (0.4); review a scheduling order from the court (0.2); review email from opposing counsel for the city and the AG's office re: same (0.2); review and edit a draft meet and confer letter prepared by Damion Robinson (0.2); review and approve a proposed stipulation circulated by Damion to continue the trial and related dates (0.3). | 1.6 |
| 6/10/2020 | Review and approve a draft stipulation to continue deadlines (0.2); review email exchanged between Damion Robinson and David Markevitch and defense counsel (0.4). | 0.6 |
| 6/18/2020 | Review email from David Markevtich to John Killeen (0.2). | 0.2 |
| 6/19/2020 | Review email exchanged between David Markevitch and opposing counsel re: a stipulation to continue trial and related pretrial dates (0.3); review the stipulation (0.2). | 0.5 |
| 6/20/2020 | Review email from Brian England to counsel for NEA (0.2). | 0.2 |
| 6/22/2020 | Review an order approving the parties' stipulation to continue trial and related dates (0.2); review email from David Markevitch re: same (0.1); review email exchanged between Brian England and counsel for NEA re: a motion we intend to file to compel further deposition testimony (0.2). | 0.5 |
| 6/23/2020 | Strategize with Brian England re: resumption of the deposition of NEA (0.3). | 0.3 |
| 6/24/2020 | Review email from Brian England to counsel for NEA (0.2). | 0.2 |
| 6/29/2020 | Review email from Brian England to counsel for NEA (0.2). | 0.2 |
| 6/30/2020 | Review email from counsel for NEA to Brian England (0.2). | 0.2 |
| 7/2/2020 | Review email exchanged between Brian England and counsel for NEA re: meeting and conferring before we move to compel another session of the NEA deposition (0.2); email to Brian re: same (0.2); review additional email by Brian to NEA's counsel (0.1); tel. conf. with Brian re: same (0.4). | 0.9 |

| | | |
|---|---|---|
| 7/6/2020 | Review email from counsel for NEA re: resumption of the deposition (0.2); tel. conf. with Brian re: same (0.3). | 0.5 |
| 7/8/2020 | Tel. conf. with Brian England to strategize re: negotiations for resumption of the NEA deposition (0.2); review email exchanged between Brian and NEA's counsel (0.2). | 0.4 |
| 7/10/2020 | Review email from David Markevitch re: negotiations with John Killeen for discovery from the State (0.2); tel. conf. with David re: same (0.3). | 0.5 |
| 7/13/2020 | Review email exchanged between David Markevitch and Todd Master re: a social distancing protocol for upcoming depositions and email to Brian England, Damion Robinson, and David re: same (0.3) | 0.3 |
| 7/14/2020 | Review email from David Markevitch to Todd Master confirming deposition arrangements (0.2). | 0.2 |
| 7/16/2020 | Review email exchanged between Brian England and counsel for NEA re: resumption of the NEA deposition (0.2). | 0.2 |
| 7/22/2020 | Review an article by Prof. Volokh re: Constitutional prohibition of governmental suppression of private speech in public areas based on content of the speech (0.4); email to the team re: same (0.2); review email from Brian England to counsel for NEA re: resumption of the deposition of NEA (0.2). | 0.8 |
| 7/28/2020 | Review email from David Markevitch to Todd Master re: deposition arrangements (0.2). | 0.2 |
| 7/30/2020 | Review email among David Markevitch, Damion Robinson et al. re: arrangements for the deposition of Ivan Toews (0.4). | 0.4 |
| 7/31/2020 | Review email among David Markevitch, Damion Robinson et al. re: arrangements for the deposition of Ivan Toews (0.4). | 0.4 |
| 8/3/2020 | Review email exchanged between David Markevitch and Todd Master re: conducting the Bertini deposition remotely (0.3); email to David re: same (0.2); review additional email exchanged between David and Todd Master confirming deposition arrangements (0.2). | 0.7 |
| 8/4/2020 | Review email from Brian England to counsel for NEA re: the much-delayed resumption of the NEA deposition (0.2); tel. conf. with Brian re: same (0.2). | 0.4 |

| | | |
|---|---|---|
| 8/5/2020 | Review email exchanged between Brian England and counsel for NEA identifying dates for resumption of the NEA deposition (0.2). | 0.2 |
| 8/6/2020 | Tel. conf. with Brian England re: drafting a motion for summary judgment (0.2). | 0.2 |
| 8/7/2020 | Conf. call with Michael Zeleny and Damion Robinson re: today's session of the deposition of Bertini and strategy for summary judgment briefing (0.7); tel. conf. with Damion re: additional discovery to seek and preparation of expert reports including a prop master's report (0.3). | 1.0 |
| 8/10/2020 | Tel. conf. with Damion Robinson re: strategy for negotiating settlement with the State of California (0.3); review email exchanged between Damion and John Killeen re: same (0.2); review a status report from Damion to Michael Zeleny (0.3). | 0.8 |
| 8/11/2020 | Tel. conf. with Damion Robinson to prepare for a call with John Killeen and participate in a conference call with Damion and John to discuss possible resolution of the case as to the State (0.4); review email exchanged between Brian England and opposing counsel scheduling a resumption of the deposition of NEA, and a notice of deposition/subpoena propounded by us w/r/t NEA (0.3). | 0.7 |
| 8/12/2020 | Review email from Michael Zeleny re: strategy for claims against the State of California (0.2); review email from Gabby Bruckner re: the status of subpoenaing Ivan Toews (0.2). | 0.4 |
| 8/14/2020 | Email to Michael Zeleny, Damion Robinson et al. (0.2); review a reply by Damion (0.1). | 0.3 |
| 8/15/2020 | Review email from Brian England and Damion Robinson re: allegations in our complaint challenging the constitutionality of the state statutes and the City's permitting processes (0.4). | 0.4 |
| 8/20/2020 | Strategize with Damion Robinson and Brian England re: MSJs (0.6); review email and an outline re: same by Brian (0.4). | 1.0 |
| 8/21/2020 | Review email from David Markevitch re: negotiations with the State (0.2); review email exchanged between Brian England and counsel for NEA re: resumption of the NEA deposition (0.2). | 0.4 |

| 8/24/2020 | Review legal analysis by Damion Robinson re: when Second Amendment activity is expressive conduct under the First Amendment (0.5). | 0.5 |
|---|---|---|
| 8/25/2020 | Review and reply to email from the team re: preparations for the deposition tomorrow (0.8); research file materials from the NEA-Zeleny litigation re: NEA's production of documents in that case, and use of the documents in the deposition tomorrow (1.0); tel. conf. with Brian England re: preparation of MSJs (0.2). | 2.0 |
| 8/26/2020 | Strategize with Damion Robinson re: preparation of MSJs (0.4); review and approve qthe final version of the joint stipulation between Michael Zeleny and the State re: a deposition of the State's 30(b)(6) designee(s) (0.3). | 0.7 |
| 8/27/2020 | Tel. conf. with Damion Robinson re: our prop master expert and his anticipated testimony and re: negotiations with defendants to extend the expert disclosure date (0.3); review email from Damion Robinson and Michael Zeleny re: setting up an interview by the expert of Michael (0.2); tel. conf. with Michael re: same and re: the status of the case (1.2). | 1.7 |
| 8/28/2020 | Strategize with Brian England re: the NEA deposition and preparation of MSJs (0.6); review email from Damion Robinson re: preparation of our experts' reports (0.2). | 0.8 |
| 8/31/2020 | Conf. call with the team to strategize re: expert reports, an amended scheduling order, and the NEA deposition (0.3); tel. conf. with Damion Robinson re: coordinating an interview of Michael Zeleny with our expert (0.2); tel. conf. with Michael Zeleny and conf. call with Michael and Damion re: same (0.4); review numerous email exchanged between David Markevitch and opposing counsel re: a motion to amend the scheduling order (0.5). | 1.4 |
| 9/1/2020 | Review an order approving the parties' unopposed motion to continue case events (0.2); review an order re: the hearing on our motion to compel interrogatory responses (0.2); strategize with Damion Robinson re: same (0.2). | 0.6 |

| | | |
|---|---|---|
| 9/2/2020 | Review email from the AG's office declining to participate in the NEA deposition (0.2); review email exchanged between Brian England and counsel for NEA re: the 30(b)(6) witness' intention to use a memo for his testimony (0.2); tel. conf. with Brian re: lines of questioning for the deposition (0.4); debrief with Brian after the deposition re: testimony to be used in upcoming MSJ briefing (0.4); review email from Damion Robinson re: covering the hearing on our discovery motion against the State (0.2) and tel. conf. with Damion re: same (0.2). | 1.6 |
| 9/3/2020 | Tel. conf's with Brian England re: MSJ strategy and experts supporting same (0.3); tel. conf. with Damion Robinson re: same and re: tomorrow's discovery motion (0.3); review email from Brian re: national news coverage of First Amendment protests bolstered by Second Amendment activity (0.2). | 0.8 |
| 9/4/2020 | Tel. conf. with Damion Robinson to debrief re: today's discovery motion and re: preparing expert reports (0.3); review the court's order of today (0.2). | 0.5 |
| 9/8/2020 | Tel. conf. with Brian England to debrief re: the meeting between Brian, Michael Zeleny, and our gun safety expert (0.4); review email from Ron Kari re: prop master candidates to serve as an expert witness re: the protocol for using firearms in shooting feature films (0.2). | 0.6 |
| 9/11/2020 | Review email exchanged between David Markevitch and Damion Robinson for plaintiff and counsel for the defendants re: scheduling, meeting and conferring, and proposing continued dates to the Court (0.5). | 0.5 |
| 9/15/2020 | Tel. conf. with Michael Zeleny to strategize re: experts and MSJ's (1.0); review email exchanged between Damion Robinson and defense counsel re: tomorrow's conference call (0.3). | 1.3 |
| 9/16/2020 | Review a motion by the State for reconsideration of Judge Hixon's order compelling discovery responses (0.3); review email from Damion Robinson, Brian England and David Markevitch re: same (0.3); tel. conf. with Damion and Brian re: same (0.3). | 0.9 |

| | | |
|---|---|---|
| 9/17/2020 | Review email exchanged between Damion Robinson and opposing counsel re: a draft status report to be filed (0.4); review and approve the report (0.2); review the filed version (0.1). | 0.7 |
| 9/18/2020 | Tel. conf. with Michael Zeleny re: next steps (0.4); review and reply to email from Damion Robinson and Brian England re: strategy for a motion to amend the complaint (0.4). | 0.8 |
| 9/20/2020 | Review email from Damion Robinson to opposing counsel re: our intention to move for leave to amend the complaint (0.2). | 0.2 |
| 9/21/2020 | Review a request filed by David Markevitch for speedy denial of the AG's referral to the district court of Judge Dixon's ruling on our motion to compel responses to interrogatories (0.2); review email from John Killeen (0.2). | 0.4 |
| 9/22/2020 | Tel. conf. with Damion Robinson re: whether to retain an expert regarding permitting for firearms used in feature film shoots (0.3); review email from John Killeen refusing to stipulate to an amended complaint (0.2); exchange email with Damion Robinson and David Markevitch re: preparation of a motion to amend our complaint (0.6). | 1.1 |
| 9/23/2020 | Revise a motion for leave to amend our second amended complaint (1.5); tel. conf. with Damion Robinson re: finalizing same (0.2). | 1.7 |
| 9/25/2020 | Email to Michael Zeleny forwarding copies of our papers in support of a motion for leave to amend the complaint (0.2). | 0.2 |
| 9/27/2020 | Review email from Damion Robinson to Todd Master to meet and confer re: improper instructions not to answer at deposition (0.2). | 0.2 |
| 9/28/2020 | Tel. conf. with Brian England re: an additional expert as to the permitting process for use of firearms on the sets of feature films (0.3); tel. conf. with Damion Robinson re: same and re: preparation of a declaration of Michael Zeleny in support of MSJ's to be filed (0.3); tel. conf. with Michael Zeleny re: same (0.4). | 1.0 |
| 9/29/2020 | Meeting with Michael Zeleny to strategize re: MSJ briefing and final discovery loose ends (1.5). | 1.5 |
| 9/30/2020 | Review email from Brian England identifying another strong expert witness candidate (0.2). | 0.2 |

| | | |
|---|---|---|
| 10/1/2020 | Tel. conf. with Damion Robinson re: incorporation of interrogatory responses by the AG into our MSJ briefing (0.2). | 0.2 |
| 10/4/2020 | Meeting with Michael Zeleny to strategize re: upcoming deadlines, experts, and MSJ briefing. | 2.0 |
| 10/5/2020 | Review an order from the court denying the State's motion for reconsideration (0.2); review email from Damion Robinson and David Markevitch re: same (0.2). | 0.4 |
| 10/6/2020 | Review discovery responses by the State and forward same to Michael Zeleny (0.5); strategize re: same with Damion Robinson (0.3). | 0.8 |
| 10/7/2020 | Review email exchanged between Damion Robinson and Todd Master re: meeting and conferring over improper objections and instructions to deposition questions of City witnesses (0.5); review amended interrogatory responses by the State (0.3); strategize with Damion re: same (0.3). | 1.1 |
| 10/8/2020 | Tel. conf. with Damion Robinson to strategize re: follow-up motion practice based on insufficient amended interrogatory responses from the AG's office and use of same in our MSJ briefing (0.3); review email from Damion to the AG's office (0.2); exchange email with Damion re: same (0.2); review email from Michael Zeleny (0.2); review and reply to email from Brian England re: experts (0.5); review email from Damion to Todd Master (0.1); review email from John Killeen (0.1); review an opposition by the State to our motion for leave to amend the complaint (0.3). | 1.9 |
| 10/9/2020 | Review email exchanged between Damion Robinson and Todd Master re: meeting and conferring preliminary to a motion we will file re: improper objections and instructions at deposition (0.5); review and approve final versions of our experts' reports (0.8); review and approve a motion to compel further deposition answers by Chief Bertini (0.4); review email from John Killeen re: the State's improper amended interrogatory responses (0.2); review and reply to email from Damion Robinson and Brian England re: same (0.3). | 2.2 |

| | | |
|---|---|---|
| 10/10/2020 | Forward meet-and-confer correspondence between the parties to Michael Zeleny (0.2); review email from Brian England to Michael (0.2). | 0.4 |
| 10/12/2020 | Review email from John Killeen (0.1). | 0.1 |
| 10/13/2020 | Review email from Damion Robinson to the AG's office re: the AG's insufficient interrogatory responses, and tel. conf. with Damion re: same (0.3). | 0.3 |
| 10/14/2020 | Review and approve a reply in support of our motion for leave to amend/correct the complaint (0.5); legal research re: a new case concerning content-based discrimination of expressive activity, and email same to Damion Robinson et al. (0.5). | 1.0 |
| 10/15/2020 | Review email from Bob Gundert re: our expert disclosures (0.2); exchange email with Brian England and Damion Robinson re: same (0.2). | 0.4 |
| 10/20/2020 | Review a clerk's notice of continuance of the status conference from Oct. 29 to Jan. 14, 2001 (0.2); review email from Brian England to Bob Gundert re: our expert disclosures (0.2). | 4.0 |
| 10/22/2020 | Review a notice from the court (0.1); review an opposition by Chief Bertini to our motion to compel answers to deposition questions (0.3) and tel. conf. with Damion Robinson to strategize re: same (0.3). | 0.7 |
| 10/28/2020 | Review second amended interrogatory responses by the attorney general's office (0.4); review and reply to email from Damion Robinson re: their applicability to the City's refusal to issue permits to Michael Zeleny (0.2); forward same to Michael Zeleny (0.1); review email from Damion to Michael analyzing the respones (0.2). | 0.9 |
| 10/29/2020 | Review email from Michael Zeleny re: the State's amended interrogatory responses and their implications for the City (0.2). | 0.2 |
| 10/30/2020 | Review an expert opinion by Saul Cornell circulated by the AG's office (0.5); review and reply to email from Damion Robinson, Brian England, and Michael Zeleny re: responding to the opinion (0.5); review and approve a reply brief by Damion re: our motion to compel further deposition questioning of Chief Bertini (0.4). | 1.4 |
| 11/5/2020 | Review an opposition by the City to our motion to compel further deposition questions of Chief Bertini and discuss same with Damion Robinson (0.6). | 0.6 |

| | | |
|---|---|---|
| 11/10/2020 | Legal research re: First Amendment thematic material, and email to M. Zeleny, Damion Robinson et al. re: same (1.0); review an order from the court compelling further testimony by Chief Bertini, and strategize re: same with Damion (0.5). | 1.5 |
| 11/13/2020 | Review a deposition notice by the defense of David Hardy (0.2). | 0.2 |
| 11/19/2020 | Review academic analysis by Alan Beck of Saul Cornell's declaration (0.5); review email from defense counsel re: tomorrow's deposition (0.2). | 0.7 |
| 11/20/2020 | Debrief with Brian England re: the deposition of David Hardy and preparations for the next deposition of our experts (0.4); meeting with Damion Robinson to strategize re: the deposition (0.4). | 0.8 |
| 11/21/2020 | Review the rough transcript of the deposition of David Hardy (0.4). | 0.4 |
| 11/23/2020 | Debrief with Damion Robinson re: today's deposition of the AG's expert (0.2); tel. conf. with Brian England re: strategy for summary judgment motions (0.3). | 0.5 |
| 11/25/2020 | Tel. conf. with Michael Zeleny to strategize re: summary judgment motions (0.5). | 0.5 |
| 12/1/2020 | Meeting with Michael Zeleny to strategize re: MSJ's and eventual trial (1.0). | 1.0 |
| 12/3/2020 | Review email exchanged between Damion Robinson and Todd Master re: resumption of Chief Bertini's deposition (0.3). | 0.3 |
| 12/8/2020 | Review email exchanged between Damion Robinson and Todd Master re: resumption of Chief Bertini's deposition (0.3); review a 'notice of unavailability' by counsel for the City (0.2). | 0.5 |
| 12/9/2020 | Review email exchanged between Damion Robinson and Todd Master re: resumption of Chief Bertini's deposition (0.2). | 0.2 |
| 12/10/2020 | Review email from John Killeen re: the deposition of Bertini (0.1). | 0.1 |
| 12/23/2020 | Review notice from the court continuing the status conference next month (0.2). | 0.2 |
| 1/4/2021 | Tel. conf. with Brian England re: preliminary drafts of our motions for summary judgment (6). | 0.6 |

| | | |
|---|---|---|
| 1/7/2021 | Review email exchanged among Brian England and opposing counsel (0.3); review an order from the Court setting a new deadline for hearings on MSJs (0.2); email to the team re: the new briefing schedule (0.2). | 0.6 |
| 1/8/2021 | Email to BRE, DR, and DM re: allocation of workload to prepare our MSJs (0.2); research the docket re: same (0.2); review email from BRE re: same (0.1). | 0.5 |
| 1/9/2021 | Review email exchanged between Brian England and opposing counsel re: scheduling MSJs (0.3). | 0.3 |
| 1/11/2021 | Tel. conf. with Brian England to strategize re: our upcoming MSJs (0.5). | 0.5 |
| 1/12/2021 | Tel. conf. with Brian England re: preparation of our motions for summary judgment (0.2); review and prepare comments on the draft motion against the City and Chief Bertini (1.5). | 1.7 |
| 1/14/2021 | Tel. conf. with Brian England re: the status of drafts of the summary judgment briefing (0.3). | 0.3 |
| 1/15/2021 | Review email from Damion Robinson and tel. conf. with Damion re: the draft summary judgment motions (0.4). | 0.4 |
| 1/19/2021 | Review a draft MSJ motion directed at the City and email from Damion Robinson re: same (0.5). | 0.5 |
| 1/20/2021 | Prepare revisions to the MSJ briefing (2.5) and review and reply to email exchanged among the team re: same (0.6); tel. conf. with Gabby Brucker to prepare a clean transcription of the August 2016 hearing and exchange email with Gabby re: same (0.3); review a draft Zeleny declaration and email from the team re: same (0.4). | 3.8 |
| 1/21/2021 | Revise the briefing in support of our MSJs (4.5); tel. conf's with Brian England, Damion Robinson, and Gabby Bruckner re: finalizing the motions (0.4); review email from Michael Zeleny re: revisions to his declaration (0.2); review MSJs by the defendants (0.6). | 4.7 |
| 1/22/2021 | Review an order from the court (0.2). | 0.2 |
| 1/25/2021 | Tel. conf. with Michael Zeleny to update him re: the MSJ briefing and to strategize going forward (0.8). | 0.8 |
| 1/27/2021 | Review email from Damion Robinson and David Markevitch re: addressing an argument by the City and deposition testimony pertaining thereto (0.4) | 0.4 |

| 1/28/2021 | Review email from David Markevitch attaching deposition excerpts to be used in MSJ oppositions re: the city's factors defining 'encroachment' (0.2); strategize with Damion Robinson re: same (0.4). | 0.6 |
|---|---|---|
| 1/29/2021 | Review an order from the court continuing the parties' MSJs to March 18 (0.2). | 0.2 |
| 1/30/2021 | Tel. conf. with Damion Robinson re: preparation of oppositions to the defendants' MSJs (0.6). | 0.6 |
| 2/1/2021 | Tel. conf's with Brian England (0.2) and Damion Robinson (0.2) re: the status of draft oppositions to the defendants' MSJs. | 0.4 |
| 2/3/2021 | Tel. conf's with Brian England (0.4) and Damion Robinson (1.2) re: comments on and strategy for oppositions to the defendants' MSJs; review and reply to email from Damion Robinson re: objections to the City's compilation of deposition testimony from Chief Bertini, and legal research supporting same (0.5); review email to, from Michael Zeleny re: a supplemental declaration from him in opposition to the defendants' MSJs (0.5); tel. conf. with Michael re: same (0.4). | 3.0 |
| 2/4/2021 | Review email from Michael Zeleny and references attached thereto for possible inclusion in his supplemental declaration (0.6); review email from Brian England and Damion Robinson re: revisions to the briefing in opposition to the defendants' MSJs (0.3); revise our opposition to the State's MSJ (3.8); revise our opposition to the City's MSJ (4.0); review the State's opposition to our MSJ (.6); review the City's opposition to our MSJ (0.5); tel. conf. to debrief with Damion re: the State's opposition to our MSJ and the State's motion opposed by us (0.4). | 10.2 |
| 2/5/2021 | Exchange email with Michael Zeleny and Damion Robinson re: the MSJ briefing of yesterday (0.4). | 0.4 |
| 2/8/2021 | Review a draft reply brief as to the City prepared by Damion Robinson (0.6). | 0.6 |

| | | |
|---|---|---|
| 2/11/2021 | Exchange email with Damion Robinson and Brian England re: our reply briefs (0.5); revise and finalize our reply brief in support of our MSJ vs. the State (3.0); tel. conf's with Brian England and Damion Robinson re: same (0.4); revise and finalize the reply brief in support of our MSJ vs. the City Defendants (3.0); tel. conf's with Damion Robinson re: same (0.6); review reply briefs by the defendants in support of their MSJs (0.8). | 8.3 |
| 2/12/2021 | Email to Brian England re: the City's MSJ reply (0.2). | 0.2 |
| 2/15/2021 | Review a draft CMC statement prepared by Brian England and comment on same (0.5). | 0.5 |
| 2/16/2021 | Review email exchanged between Brian England and counsel for the City re: preparation of a CMC statement (0.3); review email exchanged between Damion Robinson, Brian, and counsel for the City re: the City's suggestion that private mediation might make sense (0.3); tel. conf. with Damion re: same (0.3). | 0.9 |
| 2/17/2021 | Review an order from the court continuing the status conference (0.2). | 0.2 |
| 2/21/2021 | Strategize with Damion Robinson re: objecting to material in the City's reply papers (0.3); review objections filed re: same (0.3). | 0.6 |
| 2/22/2021 | Email to Micahel Zeleny (0.2); tel. conf. with Michael Zeleny re: the status of the case (0.3). | 0.5 |
| 3/9/2021 | Review new authority potentially to cite in the MSJ briefing (0.6); legal research re: same (0.6); exchange email with Brian England (0.2) and strategize with Brian England re: submitting a supplemental filing to put recent new authority before the court (0.4); review an order from the court continuing the parties' MSJs | 2.0 |
| 3/10/2021 | Review a proposed supplemental filing prepared by Brian England under N.D. Cal. L.R. 7-3(d)(2) to put recent new authority before the court (0.2); review email from Damion Robinson and Brian England and tel. conf. with Brian re: same (0.4). | 0.6 |
| 3/11/2021 | Review the filed version of a supplemental brief prepared by Brian England (0.2). | 0.2 |
| 3/15/2021 | Tel. conf. with M. Zeleny re: the status of the MSJs (0.4). | 0.4 |
| 3/24/2021 | Review multiple email from Michael Zeleny, Brian England, and Damion Robinson re: the Young v. Hawaii decision and its impact on our case (0.5). | 0.5 |

| | | |
|---|---|---|
| 3/25/2021 | Review and reply to email from Michael Zeleny and Brian England re: the Young v. Hawaii case, whether to file a notice of recent decision, and whether to request supplemental briefing (0.4); review the notices of recent decision by the defendants (0.2). | 0.6 |
| 3/26/2021 | Strategize with Brian England re: potential briefing of the *Young v. Hawaii* case (0.2); review multiple rounds of email exchanged between Brian and opposing counsel re: same and a proposed stipuation prepared by Brian re: same (0.8); review multiple email from Damion Robinson and Brian re: same (0.4); tel. conf. with Brian re: same (0.2). | 1.6 |
| 3/29/2021 | Review and sign off on a motion for leave to file supplemental briefing (0.2). | 0.2 |
| 3/30/2021 | Strategize with Brian England re: filings by the parties seeking leave to file supplemental briefing on *Young v. Hawaii* etc. (0.2); review the defendants' filings (0.2); review an order from the court continuing the status conference (0.2); review email from Damion Robinson and Brian (0.3). | 0.9 |
| 4/6/2021 | Review and revise a supplemental brief prepared by Brian England re: the impact of recent 9th Cir. decisions (0.6). | 0.6 |
| 4/7/2021 | Review email from Brian England to Michael Zeleny re: our supplemental brief (0.2). | 0.2 |
| 4/9/2021 | Review supplemental briefing by the defendants (0.3). | 0.3 |
| 4/15/2021 | Review a notice from the court setting a hearing by remote (0.2). | 0.2 |
| 4/19/2021 | Tel. conf. with Brian England to strategize re: the MSJ hearing on Thursday and filing a notice of the new first amendment non-discrimination case (0.2); review the notice filed by Brian (0.2). | 0.4 |
| 4/21/2021 | Meeting with Damion Robinson and Brian England to prepare for tomorrow's hearing on the parties' cross-motions for summary judgment (3.0); tel. conf. with Michael Zeleny re: same (0.3); review additional legal authorities to cite regarding obcenity standards (0.4). | 3.7 |

| | | |
|---|---|---|
| 4/22/2021 | Further prepare with Damion Robinson and Brian England for the hearing this afternoon (3.5); appear at the hearing (1.8); send comments to Brian during the hearing (subsumed); debrief re: same with Michael Zeleny, Brian, and Damion (0.3); review a minute order from the court after the hearing (0.2). | 5.8 |
| 4/23/2021 | Review multiple email exchanged among Brian England, Damion Robinson, and Bob Gundert (0.5). | 0.5 |
| 4/26/2021 | Review and reply to email from Michael Zeleny and Brian England re: the Supreme Court's granting cert in New York State Rifle v. Corlet (0.3). | 0.3 |
| 4/27/2021 | Meeting with Michael Zeleny to debrief after last week's MSJ hearing and to strategize going forward (0.8). | 0.8 |
| 5/31/2021 | Review a notice from the court continuing the status conference (0.2). | 0.2 |
| 6/21/2021 | Review notice from the court continuing the status conference (0.2). | 0.2 |
| 7/13/2021 | Review the court's order on the parties' cross-motions for summary judgment (0.6); tel. call to Michael Zeleny re: same (0.2); debrief with Brian England and Damion Robinson re: same (0.5); exchange email with Michael, Brian, and Damion re: same (0.3). | 1.6 |
| 7/14/2021 | Strategize with Brian England and Damion Robinson re: a fee application against Menlo Park and a filing in advance of the next hearing re: same (0.4); tel. message for Todd Master (0.1); email to Todd re: next steps (0.2); tel. conf. with John Killeen re: possible resolution of the State's part of the case and its dependence on resolution of issues with Menlo Park first (0.2); review email from Michael Zeleny (0.2). | 1.1 |
| 7/15/2021 | Tel. conf. with Michael Zeleny re: next steps against the City (0.4); review email from Brian England, Damion Robinson, and Michael Zeleny re: same (0.3). | 0.7 |
| 7/16/2021 | Review email from Michael Zeleny re: possible additional grounds for an appeal vs. the State (0.2). | 0.2 |
| 7/17/2021 | Review a recent decision regarding who is a prevailing party and exchange email with MZ, DR, and BRE re: same (0.4). | 0.4 |
| 7/18/2021 | Meeting with MZ, BRE, and DR to strategize re: a fee application and the upcoming status conference to seek a judgment against Menlo Park (1.0). | 1.0 |

| Date | Description | Hours |
|------|-------------|-------|
| 7/20/2021 | Tel. conf. with Bob Gunder re: possible settlement negotiations (0.2); review email from Bob Gunder re: same (0.1); exchange email with DR and BRE re: same (0.4). | 0.7 |
| 7/21/2021 | Email to, from David Markevitch re: assembling time and records for a fee motion (0.2). | 0.2 |
| 8/1/2021 | Review a new decision regarding content-based discrimination (0.3); email to the team re: same (0.2 MP). | 0.5 |
| 8/5/2021 | Tel. conf. with Bob Gundert (0.2 MP). | 0.2 |
| 8/6/2021 | Revise and finalize a joint status report, and circulate same to opposing counsel (1.0 CA, 1.0 MP); review comments from John Killeen (0.2 CA); review comments from Bob Gundert (0.2 MP); incorporate same into the joint report (0.2MP); review email from Bob Gundert and make an additional edit (0.2MP); file the report (0.3MP). | 3.1 |
| 8/7/2021 | Review email from BRE re: preparation of a fee motion (0.2). | 0.2 |
| 8/10/2021 | Review a notice from the court of a further case management conference (0.2). | 0.2 |
| 8/23/2021 | Review email exchanged among the court's clerk, BRE, and Bob Gundert re: the upcoming status conference (0.4); review email from John Killeen re: same (0.1 CA). | 0.5 |
| 8/26/2021 | Strategize with BRE re: this morning's status conference (0.3MP/0.2CA); monitor the conference (0.2MP); debrief with BRE after the conference (0.2MP/0.2CA); review email from BRE to MZ (0.2MP). | 9.4 |
| 8/26/2021 | Review a minute order from the court (0.2); debrief with BRE re: this morning's case management conference (0.3); review an order from the court referring the matter to a settlement conference (0.2); review email from Michael Zeleny and BRE re: the case management conference of this morning, the obscenity issue and resolving issues with the City (0.5). | 1.2 |
| 8/28/2021 | Tel. conf. with Michael Zeleny re: our upcoming fee motion and potential negotiations with the City (0.3MP) and re: a potential appeal vs. CA (0.2). | 0.5 |
| 8/29/2021 | Assemble records for a motion for an award of legal fees against the City (2.0); email to, from DM re: same (0.3). | 2.3 |

| | | |
|---|---|---|
| 9/1/2021 | Review email from Michael Zeleny and BRE's response thereto re: the City's threatened obscenity charge (0.3); tel. conf. with Michael Zeleny re: same (0.2). | 0.5 |
| 9/14/2021 | Review email from Judge Seeborg's deputy (0.2) and email from BRE re: same (0.1). | 0.3 |
| 9/15/2021 | Review email from Michael Zeleny and BRE re: the City's threat to charge Michael with obscenity (0.3); tel. conf. with Michael Zeleny (0.2). | 0.5 |
| 9/16/2021 | Review email from opposing counsel and BRE re: scheduling a settlement conference (0.6). | 0.6 |
| 9/20/2021 | Review an order from the court setting a settlement conference (0.2); discuss same with DR and BRE (0.2). | 0.4 |
| 10/1/2021 | Review email from Bob Gundert and BRE re: settlement negotiations (0.2). | 0.2 |
| 10/2/2021 | Review email from Bob Gundert re: the upcoming settlement conference (0.3); review email from DR and JMB re: identification of an expert for our fee motion (0.2). | 0.5 |
| 10/3/2021 | Review email from DR and JMB re: identification of an expert re: lodestar fee rates for our motion for a fee award, and meet with DR and BRE re: same (0.2). | 0.2 |
| 10/7/2021 | Review email from DR and JMB re: identification of an expert re: lodestar fee rates for our motion for a fee award, and meet with DR and BRE re: same (1.0). | 1.0 |
| 9-Oct | Assemble time for a settlement conference brief and revise a motion for a fee award and the settlement conference brief (3.0); email to Michael Zeleny re: participation in the conference next week (0.2). | 3.2 |
| 11-Oct | Assemble time for a settlement conference brief and a motion for a fee award (3.5); meetings with BRE and DR re: the brief and motion (0.8); review email from DR and Bob Gundert (0.3). | 4.6 |
| 12-Oct | Meetings with BRE and DR re: the upcoming settlement conference, briefing re: same and re: our motion for fees, and negotiations with the City (1.0); revise a settlement conference brief (1.0); assemble time records for same (1.5); tel. conf. with Bob Gundert re: settlement negotiations (0.2); review the City's settlement conference brief (0.3); strategize with DR re: deterring the city from filing a frivolous motion for reconsideration (0.3); review correspondence from DR to Bob Gundert re: same (0.2). | 4.5 |

| | | |
|---|---|---|
| 13-Oct | Review email from Bob Gundert re: corrections to the City's settlement statement (0.2). | 0.2 |
| 17-Oct | Review file materials for possible inclusion in a motion for a fee award, and email same to DR and BRE (1.0). | 1.0 |
| 18-Oct | Review additional file materials for possible inclusion in a motion for a fee award, and email same to DR and BRE (1.0); review email from Judge Cousins' deputy and Bob Gundert re: Zoom coordinates for the settlement conference (0.2); review email from John Killeen re: settlement negotiations (0.2). | 1.4 |
| 19-Oct | Review more file materials for possible inclusion in a motion for a fee award, and forward same to DR and BRE (1.0); email to Michael Zeleny re: participation in the settlement conference (0.2); review and reply to email from BRE to John Killeen (0.4) and email (0.2) and tel. conf's with Michael Zeleny (0.3) re: the status of Michael's EFP application; email time records to Bob Gundert (subsumed); participate in a settlement conference (3.0); review a minute order by Judge Cousin (0.2). | 5.3 |
| 28-Oct | Review email from DR re: a prospective expert re: fee rates (0.2); meeting with DR re: same (0.3). | 0.5 |

**Total Affeld Time:** **567.1**

## SHIMAMOTO Time

| Date | Description | Time |
|---|---|---|
| 5/4/2015 | Legal research re potential 1983 action | 1.8 |
| 5/5/2015 | Legal research re potential 1983 action | 1.3 |
| 5/7/2015 | Legal research re potential 1983 action | 1.6 |
| 5/8/2015 | Legal research re potential 1983 action | 3.2 |
| 5/18/2015 | Meeting with Zeleny, Affeld | 0.4 |
| 5/27/2015 | Legal research re 1983 action, exhaustion requirements | 0.8 |
| 6/1/2015 | Legal research re potential claims against state, tolling, procedure | 0.8 |
| 6/2/2015 | Meeting with Affeld, Zeleny re strategy, potential claims; legal research re abuse of process; draft government claim form; research re whether mailing claim constitutes filing | 2.1 |

**Total Shimamoto Time:**                                    **12.0**

**ENGLAND Time**

| Date | Description | Time |
|---|---|---|
| 1/17/2020 | Discussions with DDR; begin reviewing materials | 1.5 |
| 1/21/2020 | Review complaint and backgroud materials and prep for deposition | 4.5 |
| 2/20/2020 | Attention to deposition and MSJ scheduling; call to potential expert; discussions with DDR | 1.0 |
| 2/21/2020 | Review complaint and background materials; discussions with DDR | 2.0 |
| 2/22/2020 | Continue review and analysis of complaint, background materials and legal research | 4.5 |
| 2/26/2020 | Attention to scheduling; discussions with DDR and DWA; emails and calls with potential experts | 1.5 |
| 3/7/2020 | Emails with Zeleny; discussions with DWA and DDR; continue review of documents | 1.5 |
| 3/8/2020 | Continue review of documents and depo prep; discussions with DDR | 3.6 |
| 6/2/2020 | Emails with Courtney Worchester re NEA depo (.3); emails with David Affeld and Damion Robinson (.2) | 0.5 |
| 6/22/2020 | Continue review of tramscript and materials; begin outlining  motion to compel; emails with Courtney Worcester | 5.7 |
| 6/23/2020 | Prep for and participate in meet and confer call with Courtney Worcester | 1.2 |
| 6/24/2020 | Draft further meet and confer letter (.8); discussions with Damion Robinson (.2) | 1.0 |
| 6/30/2020 | Emails with Courtney Worcester | 0.2 |
| 7/2/2020 | Review meet and confer correspondence re NEA deposition and draft response (1.6); emails with Damion Robinson re NEA (.2) | 1.8 |
| 7/8/2020 | Emails with Courtney Worcester (.2); review notes of prior deposition and meet and confer (.5) | 0.7 |
| 7/28/2020 | Attention to status of stayed cases and decisions in related cases; continue drafting and revising notice of pendency; begin outline of MSJ and legal research and analysis in support of same | 4.4 |

| | | |
|---|---|---|
| 7/29/2020 | Continue drafting and revise notice pendency of related action, including legal research and analysis into rewlated cases and status, and discussions with Damion Robinson about same (1.2); continue legal research and analysis re MSJ (2.7) | 3.9 |
| 8/15/2020 | Continue review of pleadings and law for MSJ briefing | 2.7 |
| 8/18/2020 | Review and revise letter brief re Beccerra Rog responses and messages with David Markevitch and Damion Robinson re same (1.7); | 1.7 |
| 8/24/2020 | Gather information about potential prop house expert and emails with expert (.6); continue prep for NEA deposition 2.5 | 3.1 |
| 8/25/2020 | | 7.3 |
| | Continue prep forNEA deposition and revise of transcripts and documents (5.8); discussions with Damion Robinson and David Affeld re same (.5); telephone calls and emails with Courtney Worchester re scheduling (.5); revise depo notice and subpoena (.3); attention to expert dealdines and email to Block (.2) | |
| 8/26/2020 | Prep for and participate in call with Greg Block and discussions with Damion Robinson about same (1.5); continue search for prop mater expert (1.2); review deposition transcripts and new case authority (3.4) | 6.1 |
| 9/4/2020 | Prepare for  meeting with Michael Zeleny and Greg Block in Hunting Beach re expert report; review background materials | 2.4 |
| 9/4/2020 | Prepare for and attend meeting with Michael Zeleny and Greg Block in Huntington Beach to discuss CCW obstacles and demonstrate gun safety | 5.5 |
| 9/9/2020 | Emails to potential experts Jason Davis and Anthony Einer re potential retention (.3) | 0.3 |
| 9/16/2020 | Attention to settlement negotiations and possiblities and Discussions with Damion Robinons re next steps | 0.3 |
| 9/17/2020 | Call with potential expert and discussions with Damion Robinson | 0.6 |
| 9/22/2020 | Draft expert retention agreement for Hardry (.5); online search for permiting expert and call wih Tony Eikner re same (1.7); discussions with Damion Robinson re experts (.2) | 2.4 |

| Date | Description | Hours |
|---|---|---|
| 9/23/2020 | Review and revise motion for leave to amend (.5); telephone calls to potential experts and research them online re permitting (1.3); discussions with Damion Robinson re same (.3) | 2.1 |
| 9/24/2020 | Email to Zeleny re videos of protests (.1); continue drafting and revising outlines for expert reports (2.3); further research and analysis into permitting process (1.4); Call with Doc Aiken (armorer expert) (.6) | 4.4 |
| 9/25/2020 | Discussions with David Affeld and Damion Robinson re additional experts needed and updates (.7); telephone call with Doc Aiken re permitting process (.7); continue efforts to locate potential expert including calls and emails with Film LA and CA Fil Commission (3.4) | 4.8 |
| 9/26/2020 | Continue efforts to locate potential experts and exchange messages with candidates | 0.5 |
| 9/28/2020 | Further research into potential experts; telephone calls with potential experts Springs and Schwartz (3.6); discussions with Damion Robinson and David Markevitch re experts (.2); draft and revise Schwartz retention agreement (.4) | 4.2 |
| 9/29/2020 | Telephone call with Jerram Swartz and review additional potential experts | 1.5 |
| 9/30/2020 | Telephone call with Robert Brown - potential expert (.7); draft retention agreement (.3); prepare expert declaration shells for experts (.8) | 1.8 |
| 10/1/2020 | Continue prepainrg materials for expert reports (1.7); telephone calls with experts re reports Block (.6) and Eikner (.5); emails with Hardy (.2) | 3.0 |
| 10/5/2020 | Review Block declaration (.7); call with Brown (.8); review order on motion to compel (.3); email to cousel re expert discovery (.1) | 1.9 |
| 10/6/2020 | Email to Counsel re expert stipulations | 0.1 |
| 10/6/2020 | Review supplemental discovery reponses (.6); meeting with Greg Block in Orange County to review and revise report (1.5); travel to and from OC (2) | 4.1 |
| 10/7/2020 | Further review and analysis of supplemental discovery responses and discussions with Damion Robinson re same (.6); emails with opposing counsel re expert discovery (.2); emails and telephone calls with experts re reports and scheduling (.5) | 1.3 |

| Date | Description | Hours |
|---|---|---|
| 10/8/2020 | Review and revise motion to compel re Bertini (.8); Zoom calls and emails with experts re reviewing and revising reports (6.3); | 7.1 |
| 10/9/2020 | Revise and finalize expert reports; zoom calls and emails with epxerts; discussions with Damion Robinson and David Affeld | 8.5 |
| 10/20/2020 | Emails with experts confirming information (.5); emails to Robert Gundert re expert disclosures and deposition scheduling (.5) | 1 |
| 10/21/2020 | Additional emails to experts re payments and scheduling | 0.3 |
| 10/30/2020 | Emails with Kileen and Hardy re deposition | 0.3 |
| 11/10/2020 | Draft and service notice of deposition (.7); review Cornell expert report and discussions with Damion Robinson re same (1.2) | 1.9 |
| 11/12/2020 | Attention to deposition notice and scheduling | 0.3 |
| 11/16/2020 | Attention to scheduling deadlines and upcoming depositions | 0.4 |
| 11/19/2020 | Review and analysis of Cornell declaration (1.6); prep for Hardy dpeosition and call with Hardy (1.8) | 3.4 |
| 11/20/2020 | Final prep for and defend Hardy deposition (3.8); discussions with Damion Robinson and David Affeld re same (.4) | 4.2 |
| 12/8/2020 | Attention to scheduling and emails with Damion Robinson re same | 0.3 |
| 1/7/2020 | Continue review and analysis of deposition transcripts and exhbits gathering evidence to support MSJ | 7.3 |
| 1/8/2021 | Continue review and analysis of depo transcripts and exhibits gathering evidence for MSJ and further legal research and analysis to support challenge to the City's permitting process (5.6); discussions with Damion Robinson re MSJ strategy and outlining some challenges to the claims (.5) | 6.1 |
| 1/9/2020 | Additional legal research and analysis re standards for unconstitutionality (1.4); continue drafting and revising MSJ against the City (5.5) | 6.9 |
| 1/10/2021 | Continue drafting and revising motion for summary judgment and gathering evidence cites | 8.6 |
| 1/11/2021 | Continue drafting and revising MSJ and gathering evidence therefore (9.4); discussions with David Affeld re same (.3) | 9.7 |

| Date | Description | Hours |
|---|---|---|
| 1/12/2021 | Discussions with Damion Robinson re MSJ (.4); continue drafting and revising MSJ and gathering evidence (6.5); attention to scheduling and status report deadlines (.3) | 7.2 |
| 1/13/2021 | Review Hardy depo errata (.2); emails with Kileen re signed depo transcripts (.1); continue review of deposition transcripts and exhibits for state MSJ (6.8) | 7.1 |
| 1/14/2021 | Continue review and and anlsyis of deposition transacats and exhibits for evidence to support MSJ against the State (4.8); further legal research and analysis supporting the MSJ and updating status of pending litigation (2.8) | 7.2 |
| 1/15/2021 | Further review and revisons to MSJ against MP and Bertini (.8); begin drafting and revising MSJ against AG | 4.8 |
| 1/16/2021 | Continue drafting and revising MSJ against the AG and gather additional evidence and citations in support | 6.8 |
| 1/18/2021 | Continue drafting and revsising motion for summary judgment against CA; gather addiiotnal evidence and legal citations in supoort; discussions with Damion Robinson re same | 6.9 |
| 1/19/2021 | Continue drafting and revising MSJ against the AG, including additional leagl research and analysis into vagueness statndards and due process and gathering additional evidence | 9.4 |
| 1/20/2021 | Continue review and revisions to motions for summary judgment; discussions with Damion Robinson re motions and supoort; gather additional evidence and legal citations for the briefs; emails with Zeleny re declarations | 9.7 |
| 1/21/2021 | Continue drafting and revising motions for summary judgment and supporting documents; gather addiitonal evidence in support; discussions with Damion Robinson re same; assist and coordinate filing | 10.4 |
| 1/26/2021 | Further review and analysis of Defendants' motions for summary judgment and pull additional case law for oppositions | 7.6 |
| 1/27/2021 | Further review and analysis of City MSJ and discussions with Damion Robinson re opposition and strategy | 5.2 |
| 1/29/2021 | Pull additional information for MSJ opposition brief | 1.8 |
| 1/30/2021 | Continue drafting and revising opposition brief and legal research and analysis re same | 7.4 |

| | | |
|---|---|---|
| 2/2/2021 | Continue drafting and revising opposition briefs and gather additional evidence cites | 9.4 |
| 2/3/2021 | Continue drafing and revising opposition briefs to motions for summary judgment; including additional legal research and anlaysis for same, and discussions with Damion  Robinson | 8.6 |
| 2/4/2021 | Continue reviewing and revising summary judgment oppositions and supporting documents; discussions with David Affeld and Damion Robinson re same; initial review of oppositions to our motions | 8.7 |
| 2/5/2021 | Review CA's opposition to MSJ and discussions with Damion Robinson re reply strategies and arguments | 5.6 |
| 2/6/2021 | Begin drafting reply briefs and gathering additional evidence cites | 7.9 |
| 2/7/2021 | Continue drafting and revising reply brief and discussions with Damion  Robinson | 8.5 |
| 2/8/2021 | Further review and revisions to reply brief in suoport of motion against the City and discussions with Damion Robinson re same | 4.8 |
| 2/9/2021 | Continue drafting and revising reply brief in suooort of MSJ against CA and reviewing and revising Reply against MP and Bertini and discussions with Damion Robinson re same | 8.3 |
| 2/10/2021 | Continue drafting and revising reply in support of motion for summary judgment against the state, including further legal research and analysis re industry standards and vagueness rules and discussions with Damion Robinson re same | 8.4 |
| 2/11/2021 | Further review and revisions to reply briefs and discussions with Damion Robinson re same and gather additional legal and record citations (6.2); review Defedants' reply briefs (1.6) | 7.8 |
| 2/15/2021 | Revise CMC statemement (.6); email reply briefs to Michael (.1); review docket (.2) | 0.9 |
| 3/25/2021 | Review additional analysis and commentary re Young v. Hawaii decision (2.3); emails with Michael, David, and Damion re same (.4) | 2.7 |
| 3/26/2021 | Emails with Bob Gundert re potential joint request for additional briefing | 0.5 |
| 3/29/2021 | Draft and revise request to file supplemental brief and discussions witrh Damion Robsinon re same | 1.4 |
| 4/15/2021 | Attention to scheduling | 0.1 |

| Date | Description | Time |
|------|-------------|------|
| 4/19/2021 | Attention to news about new potential cases, summarize rulings and arguments, and discussions with Damion Robinson re stratgy for hearing | 2.6 |
| 4/20/2021 | Continue gathering materials and prep for oral argument | 6.3 |
| 4/21/2021 | Prep for oral argument and discussions with Damion Robinson and David Affeld re same | 10.9 |
| 4/22/2021 | Final prep for oral argument (9.6); and participate in hearing (1.9); emails with Bob Gundert re potential mistatements druring argument (.4) | 11.9 |
| 4/23/2021 | Emails to and from Bob Gundert re orl argument and alleged misstatements (.8); discussions with Damion and David on responses (.3) | 1.1 |
| 4/26/2021 | Review new SCOTUS ruling and analysis (1.9); emails with Michael, Damion, and David re same and potential impact on Michael's claims (.4) | 2.3 |
| 7/13/2021 | Review and analysis of summary judment order and discussions with Damion Robinson and David Affeld about use (4.4); emails with Michael Zeleny re order and potential ramifications (.8) | 5.2 |
| 7/14/2021 | Review additional authority and analysis from Michael in support of First Amendment claims (1.8); emails with Micheal, Damion and David re possible arguments | 2.2 |
| 7/15/2021 | Review emails and additional authory from Micheal (.7); emeails with Michael, Damion and David re appeal arguments (.4) | 1.1 |
| 7/15/2021 | Review emails and additional authory from Micheal (.7); emeails with Michael, Damion and David re appeal arguments (.4) | 1.1 |
| 7/16/2021 | Emails with Michael Zeleny, David Affeld and Damion Robinson re potetnial arguments on appeal | 0.4 |
| 7/17/2021 | Emails with Michael Zeleny, David Affeld and Damion Robinson re potetnial arguments on appeal | 0.3 |
| 8/6/2021 | Review and revise joint status report (.5); discussions with Damion Robinson and David Affeled re next steps and arguments to make (.3) | 0.8 |

**Total England Time:**                                                **389.2**

**ROBINSON Time**

| Date | Description | Time |
|------|-------------|------|

| Date | Description | Hours |
|---|---|---|
| 8/9/2017 | Conference with David Affeld and Vicky McDermott regarding complaint; research regarding second amendment cases; research regarding notice procedures for challenging municipal ordinances under state and federal law; draft research memo regarding notice requirements | 1.7 |
| 8/14/2017 | Conference with David Affeld and Vicky McDermott regarding section 1983 action and discuss potential causes of action and legal theories | 1.1 |
| 8/16/2017 | Conference with Vicky McDermott regarding new complaint; research regarding similar 1983 cases; online research re: Zeleny protests and web presence | 0.4 |
| 8/18/2017 | Additional research regarding notice requirements for constitutional challenge; finalize memo regarding same | 0.5 |
| 8/24/2017 | Conference with David Affeld and Vicky McDermott; revise complaint for section 1983 action per discussion | 6.1 |
| 8/30/2017 | Revisions to Complaint; proofread same and make final changes; prepare for filing | 2.6 |
| 9/25/2017 | Discuss status with David Affeld and Zeleny's ongoing administrative exhaustion efforts | 0.2 |
| 9/25/2017 | Research regarding potential SLAPP and "public interest" exception to attorney-fee awards; discuss same with David Affeld | 1.4 |
| 12/7/2017 | Email Client regarding qualified immunity issues | 0.2 |
| 12/8/2017 | Review and comment on Michael Zeleny communication with City of Menlo Park | 0.3 |
| 12/22/2017 | Meeting with Michael Zeleny regarding case background, permitting efforts, and case filing | 2.5 |
| 12/22/2017 | Review emails from client; revise and update complaint for filing | 3.5 |
| 12/28/2017 | Finalize Complaint; Prepare summons and civil case cover sheet; file complaint and ancillary documents | 0.6 |
| 1/1/2018 | Email client re complaint filing | 0.1 |
| 1/3/2018 | Arrange for service of Complaint, including emails with Zeleny; call with Zeleny; call with Barhin (process server); email to Barhin re Service of Complaint | 0.6 |
| 1/11/2018 | Additional research regarding noticing procedures and prepare and serve notices of constitutional challenge | 1.6 |

| Date | Description | Hours |
|---|---|---|
| 1/12/2018 | Review Magistrate Judge assignment and Judge Spero biography and online information; make recommendation on consent to David Affeld and Michael Zeleny; discuss same with David Affeld; emails with client regarding pros and cons of consenting | 1 |
| 1/12/2018 | Further emails with client re: Magistrate Judge Assignment | 0.3 |
| 1/12/2018 | Prepare and file Magistrate Judge Consent | 0.3 |
| 1/*/2018 | Review and execute stipulation for extension [Becerra/Brown] | 0.2 |
| 2/1/2018 | Email Noreen Skelly re extension of time to respond to complaint | 0.2 |
| 2/1/2018 | Review and revise stipulation to extend time re State of California | 0.2 |
| 2/3/2018 | Emails with client regarding protests and news coverage | 0.2 |
| 2/4/2018 | Online research regarding Zeleny's dispute with NEA and Min Zhu and Zeleny's online presence; discuss with David W. Affeld | 0.7 |
| 2/14/2018 | Review and approve stip to extend time to answer [City of Menlo] | 0.2 |
| 2/19/2018 | Emails with Noreen Skelly re scheduling | 0.2 |
| 2/20/2018 | Emails with Noreen Skelly re: Motion to Dismiss | 0.2 |
| 2/22/2018 | Emails with Noreen Skelly and Todd Master re: scheduling conference matters | 0.2 |
| 2/22/2018 | Prepare for Rule 26(f) conference with City of Menlo, Bertini, and State of California | 0.2 |
| 2/23/2018 | Review news reports and administrative record re: City of Menlo Park prior cases under section 1983 | 0.5 |
| 2/23/2018 | Rule 26 conference with Becerra and City of Menlo Park; summary email to client | 0.7 |
| 2/26/2018 | Prepare ADR certificate and circulate to all counsel; emails with opposing counsel re same | 0.2 |
| 2/28/2018 | Emails with client regarding outgoing subpoenas to NEA, Settlement Conference; and strategy re 1983 claim | 0.2 |
| 3/4/2018 | Review State motion to dismiss; research regarding same | 3.5 |
| 3/5/2018 | Draft response to State Motion to Dismiss | 8.4 |
| 3/23/2018 | Review case orders and deadlines; email Todd Master and Noreen Skelly re: filing of joint statement | 0.2 |
| 3/25/2018 | Conference with David Affeld re settlement strategy with City of Menlo; emails with client regarding same | 0.3 |

| Date | Description | Hours |
|---|---|---|
| 3/6/2018 | Finalize response to State Motion to Dismiss | 3.8 |
| 3/6/2018 | Draft subpoenas to NEA re: First Amendment Issues and Conspiracy with City of Menlo | 1.1 |
| 3/8/2018 | Attention to emails between David Affeld and Todd Master (City of Menlo) re early settlement discussion | 0.1 |
| 3/9/2018 | Review and approve ADR certificate | 0.2 |
| 3/28/2018 | Attend ADR planning conference by phone | 0.6 |
| 3/28/2018 | Review email from client regarding *Pruneyard* analysis and First Amendment issues; research regarding same | 0.2 |
| 4/13/2018 | Emails regarding City filing stipulation without authorization from Plaintiff; discuss same with David Affeld | 0.4 |
| 4/5/2018 | Revise subpoenas to NEA regarding First Amendment issues and conspiracy with City of Menlo | 1 |
| 4/16/2018 | Revise and finalize subpoenas to NEA regarding First Amendment issues and conspiracy with City of Menlo; discuss same with David Affeld; prepare combined Notice of Depositions | 1.3 |
| 4/17/2018 | Review Minute Order Granting/Denying Motion to Dismiss; discuss same with David Affeld; emails with David Affeld and Michael Zeleny re impact of order | 0.6 |
| 4/18/2018 | Review email from Todd Master regarding subpoenas and send substantive response, including discussion of relevance of subpoenas to case against City of Menlo Park | 0.7 |
| 4/27/2018 | Review order setting Settlement Conference; email client re same | 0.2 |
| 5/1/2018 | Revisions to Joint Case Management Conference Statement, including substantive discussion of case facts, legal issues, relief sought, and pending discovery dispute with City of Menlo and State; email same to opposing counsel | 2.1 |
| 5/3/2018 | Further revisions to Joint Case Management Statement; circulate same | 0.3 |
| 5/7/2018 | Emails with opposing counsel regarding scheduling of NEA depositions | 0.3 |
| 5/8/2018 | Review and file Minute Orders re: Settlement Conference | 0.2 |
| 5/10/2018 | Prepare settlement conference statement | 5.1 |
| 5/18/2018 | Review emails from David Affeld and Todd Master re: potential settlement | 0.2 |

| Date | Description | Hours |
|---|---|---|
| 6/6/2018 | Review and Revise Joint Scheduling Conference Statement | 0.4 |
| 6/13/2018 | Discussion with David Affeld re: Scheduling Conference | 0.5 |
| 6/14/2018 | Review Minute Order re Case Scheduling; calendar deadlines; discuss Scheduling Conference with David Affeld | 0.9 |
| 8/3/2018 | Review initial disclosures | 0.2 |
| 9/27/2018 | Discussion with David Affeld regarding initial disclosures and discovery issues | 0.2 |
| 10/6/2018 | Review emails and web pages provided by Michael Zeleny for use in initial disclosures | 1.1 |
| 10/11/2018 | Further discussion with Affeld and Zeleny regarding collection of materials to disclose in initial disclosures | 0.6 |
| 10/19/2018 | Prepare Initial Disclosure [FRCP 26]; circulate draft Initial Disclosure to David Affeld and Michael Zeleny | 1.5 |
| 10/22/2018 | Revisions to Initial Disclosure, emails with client re same | 0.7 |
| 11/2/2018 | Finalize and serve Initial Disclosures | 0.4 |
| 11/16/2018 | Email all counsel to schedule depositions for NEA witnesses, City of Menlo Park, and Dave Bertini | 0.2 |
| 12/12/2018 | Review deposition notice to Michael Zeleny by City of Menlo; email opposing counsel regarding improper setting of deposition and refusal to cooperate in depo scheduling | 0.3 |
| 12/13/2018 | Update NEA subpoenas re: First Amendment issues and conspiracy with City of Menlo; prepare deposition notice re: same | 0.6 |
| 12/20/2018 | Prepare written responses to Requests for Production and Special Interrogatories from City of Menlo Park and Dave Bertini; review materials provided by Zeleny for production in connection with same; review and download materials from Zeleny website for inclusion with responses | 4.5 |
| 12/21/2018 | Prepare four sets of written discovery, including Special Interrogatories to City of Menlo Park and Dave Bertini; RFPs to City of Menlo Park and Dave Bertini | 3.1 |
| 1/2/2019 | Review email from Menlo Park re depositions; email client re same | 0.2 |
| 1/3/2019 | Emails with Michael Zeleny regarding service of subpoenas | 0.2 |

| Date | Description | Hours |
|---|---|---|
| 1/4/2019 | Email Todd Master regarding upcoming depositions and discovery issues; respond to issue raised about need for a permit; discussion with David Affeld regarding discovery and depositions | 1 |
| 1/8/2019 | Discussion with David Affeld re: upcoming depositions and objections; email exchange with counsel for NEA regarding upcoming depositions and objections to depositions | 0.6 |
| 1/9/2019 | Further emails with counsel for NEA regarding potential motion to quash and meet and confer; conference with David Affeld re discovery matters | 0.4 |
| 1/10/2019 | Review objections by NEA to deposition | 0.2 |
| 1/10/2019 | Email with counsel for Menlo Park regarding upcoming depositions off calendar | 0.2 |
| 1/11/2019 | Meet and confer call with Roger Lane, counsel for NEA; discuss same with David Affeld; send email summarizing discussion; review emails from Roger Lane | 1.4 |
| 1/14/2019 | Draft and revise deposition subpoena to Barak Engle; discuss same with David Affeld and Michael Zeleny | 1 |
| 1/16/2019 | Draft email to City of Menlo Park regarding deposition scheduling; timeline of efforts to coordinate depositions; and improper conduct by City of Menlo Park; attention to further emails between David Affeld and Todd Master regarding lack of deposition dates from the City of Menlo Park | 0.7 |
| 1/17/2019 | Emails regarding transcript of recorded hearing with City of Menlo Park and inaccurate/defective transcript; discuss same with David Affeld | 0.6 |
| 1/24/2019 | Draft two sets of written discovery:  Special Interrogatories and Requests for Production to Attorney General | 2.1 |
| 1/24/2019 | Draft Deposition Notice to Dave Bertini and Rule 30(b)(6) notice to City of Menlo Park | 1.7 |
| 1/24/2019 | Email Michael Zeleny with "to do" list, including open carry case; deposition scheduling; experts; and deposition of Engle | 0.2 |
| 1/25/2019 | Draft Objections to Deposition Notice from City of Menlo Park to Zeleny | 0.3 |
| 1/25/2019 | Review Motion to Quash by NEA; conference with David Affeld re response to same. | 0.6 |

| Date | Description | Hours |
|---|---|---|
| 1/25/2019 | Email Larry Berliner regarding NEA Motion to Quash and need for rebuttal declaration on document collection/review process | 0.3 |
| 1/25/2019 | Emails with David Affeld regarding deposition timing | 0.2 |
| 1/27/2019 | Update NEA subpoenas; email Bahrin regarding service | 0.3 |
| 1/28/2019 | Draft second set of written discovery to City of Menlo Park, including RFPs and Special Interrogatories | 1.1 |
| 1/30/2019 | Email David Affeld and Michael Zeleny regarding scheduling of City of Menlo Park deposition | 0.2 |
| 2/3/2019 | Research constitutional issues raised in NEA Motion to Quash, including redeeming value of speech; email constitutional expert re: same | 3.1 |
| 2/4/2019 | Draft Opposition to Motion to Quash by NEA; circulate same to Client for input with substantive discussion of needed information | 4.2 |
| 2/4/2019 | Follow up emails with Client and David Affeld regarding scheduling of Zeleny deposition and deposition of Menlo Park | 0.3 |
| 2/5/2019 | Emails with client regarding recent 9th Circuit decision rejected Equal Protection Challenge of firearms claim | 0.3 |
| 2/5/2019 | Call with Larry Berliner and draft Declaration of Larry Berliner for use in opposing NEA Motion to Quash | 1.1 |
| 2/6/2019 | Email assistant regarding documents to download for production | 0.2 |
| 2/6/2019 | Review email from Michael Zeleny regarding evidentiary support for each claim; discuss same with David Affeld for use in connection with opposing motion to quash | 0.6 |
| 2/6/2019 | Email Todd Master regarding document production and Zeleny deposition | 0.1 |
| 2/7/2019 | Further drafting of opposition to Motion to Quash by NEA; draft Declaration of Michael Zeleny; revise Declaration of Berliner; draft Declaration of Affeld | 5.1 |
| 2/8/2019 | Revisions to brief in opposition to Motion to Quash; finalize brief for filing | 5.6 |
| 2/8/2019 | Calls with Michael Zeleny and Larry Berliner; discussion with David Affeld; finalize exhibits to declarations; finalize Zeleny and Berliner Declarations in opposition to Motion to Quash | 2.3 |

| Date | Description | Hours |
|---|---|---|
| 2/10/2019 | Complete review of documents for production to City of Menlo Park in response to discovery requests; email Todd Master regarding discovery production and requested discovery extension by City | 2.8 |
| 2/11/2019 | Series of emails with Todd Master regarding deposition and discovery scheduling; City's proposal for extension of deadlines; discuss same with David Affeld | 0.7 |
| 2/12/2019 | Draft stipulation to continue discovery deadlines | 0.5 |
| 2/12/2019 | Conference with David Affeld, Todd Master, and Noreen Skelly regarding deposition and discovery scheduling; series of emails regarding deposition scheduling and discovery schedule and City position on depositions | 0.7 |
| 2/13/2019 | Revisions to stipulation to continue discovery deadlines | 0.3 |
| 2/13/2019 | Emails with counsel for City of Menlo Park and California regarding discovery scheduling and stipulation | 0.5 |
| 2/14/2019 | Emails with counsel for City of Menlo and California re: discovery scheduling; finalize stipulation to continue discovery deadlines for filing; call with Todd Master and discussion with David Affeld | 0.7 |
| 2/16/2019 | Review NEA reply in support of Motion to Quash; discuss same with David Affeld | 0.8 |
| 2/19/2019 | Attention to recent filings and direct staff to download and include in case file | 0.2 |
| 2/19/2019 | Email with Client and David Affeld regarding response from constitutional expert regarding significance of truthfulness of Zeleny's message to First Amendment analysis | 0.5 |
| 2/19/2019 | Email with constitutional expert regarding First Amendment issues and obscenity claim by City of Menlo | 0.3 |
| 2/20/2019 | Research regarding City's offered basis for denial that protests may be obscene as to minors per PC 313.1; emails regarding same | 1.3 |
| 2/20/2021 | Discussion with David Affeld regarding upcoming depositions | 0.2 |
| 2/20/2019 | Research re: issues raised in NEA's Reply brief in support of Motion to Quash, including value of truthful speech | 1.9 |
| 2/20/2019 | Begin drafting sur-reply to NEA Motion to Quash and Application for Leave to file same | 2.7 |

| | | |
|---|---|---|
| 2/20/2019 | Further emails with City of Menlo Park and State of California regarding deposition scheduling for Zeleny | 0.2 |
| 2/21/2019 | Emails with opposing counsel regarding deposition scheduling and scheduling of hearing on NEA Motion to Quash | 0.3 |
| 2/21/2019 | Revise and finalize sur-reply to NEA Motion to Quash and Application for Leave to file same | 1.7 |
| 2/21/2019 | Email to Client regarding NEA Motion to Quash and related correspondence | 0.2 |
| 3/4/2019 | Review objections/responses by City of Menlo Park and Dave Bertini to Interrogatories and Requests for Production | 0.4 |
| 3/6/2019 | Review motion papers on Motion to Quash and conference with David W. Affeld to prepare for Motion to Quash hearing | 0.8 |
| 3/7/2019 | Call with David Affeld following NEA Motion to Quash Hearing | 0.6 |
| 3/7/2019 | Review order Granting/Denying NEA Motion to Quash; discuss same with David Affeld | 0.5 |
| 3/11/2019 | Further review of City's written discovery responses; draft meet and confer letter regarding City's responses | 3.1 |
| 3/12/2019 | Emails with counsel regarding scheduling of Zeleny and Bertini depositions | 0.3 |
| 3/12/2019 | Finalize meet and confer letter regarding City's defective discovery responses; email same to opposing counsel | 0.4 |
| 3/13/2019 | Review of the City's discovery productions and discuss use of same at depositions with David Affeld | 5.3 |
| 3/13/2019 | Emails with Todd Master confirming Zeleny and Bertini depositions the following week | 0.3 |
| 3/14/2019 | Review Production from City of Menlo Park in preparation for combined deposition of City/Bertini; begin selecting exhibits and preparing deposition outline | 4.6 |
| 3/14/2019 | Email Todd Master with issues relating to discovery production, including missing documents and links to online sources rather than static copies of materials | 0.3 |
| 3/15/2019 | Further review of production from City of Menlo; select potential deposition exhibits for deposition of Bertini/City 30(b)(6) | 3.1 |
| 3/15/2019 | Prepare for and participate in discovery meet-and-confer with Todd Master | 0.5 |

| Date | Description | Hours |
|---|---|---|
| 3/16/2019 | Begin preparing deposition outline for Chief Bertini; incorporate discovery production and City website re: Special Events | 6.3 |
| 3/16/2019 | Conference call with Michael Zeleny re: deposition preparation | 0.5 |
| 3/17/2019 | Further preparation for deposition of Dave Bertini/City of Menlo; select exhibits for same | 6.3 |
| 3/17/2019 | Meeting with client to discuss case status and prepare for deposition of client; travel with client to attend depositon | 5.9 |
| 3/18/2019 | Attend deposition of Michael Zeleny by City of Menlo Park; prepare with client before deposition and on recesses; debrief with client and David Affeld | 8.3 |
| 3/18/2019 | Meeting with client and Barak Engle regarding case and potential testimony by Engle; travel to and from | 2 |
| 3/18/2019 | Preparation for deposition of Chief Bertini/City of Menlo 30(b)(6) | 1.4 |
| 3/19/2019 | Prepare for and take deposition of Chief Bertini / City of Menlo (session 1); travel to and from; conferences with client before deposition and on breaks; debrief with client and David Affeld | 9.3 |
| 3/19/2019 | Return travel from Menlo Park depositions; conference with client | 3.2 |
| 3/20/2019 | Review deposition exhibits and materials produced by City; research regarding conspiracy claims under 42 USC § 1983; substantive email to client regarding potential of adding conspiracy claims to section 1983 claim to bring in NEA | 2.1 |
| 3/20/2019 | Begin drafting First Amended Complaint | 1.8 |
| 3/21/2019 | Prepare list of potential witnesses to depose/interview; discuss same with Client to down select deponents | 1 |
| 3/21/2019 | Draft Motion for Review of Order on Motion to Quash and Proposed Order; discuss same with David Affeld and incorporate his comments; finalize for filing | 3.1 |
| 3/21/2019 | Research on remedies/sanctions for deposition misconduct by counsel for City of Menlo; draft meet and confer letter regarding disruptions to deposition process | 1.9 |
| 3/21/2019 | Email to opposing counsel regarding scheduling of depositions, amendment of complaint, and deposition misconduct | 0.4 |

| | | |
|---|---|---|
| 3/25/2019 | Draft proposed list of 30(b)(6) topics for State of California | 0.3 |
| 3/26/2019 | Begin drafting joint discovery Letter Brief regarding deposition misconduct by City of Menlo Park / Dave Bertini | 1.3 |
| 3/26/2019 | Further emails with Todd Master regarding deposition protocol and deposition scheduling and amended complaint; discuss discovery issues and plan with David Affeld | 0.9 |
| 3/27/2019 | Further drafting of First Amended Complaint | 2.3 |
| 3/27/2019 | Prepare for and attend meet-and-confer call with Todd Master (City of Menlo) regarding further deposition session, document production issues; emails with opposing counsel re same; discuss same with David Affeld | 0.8 |
| 3/27/2019 | Prepare stipulation to file First Amended Complaint; emails with opposing counsel re same | 0.6 |
| 3/27/2019 | Emails with Gabrielle Bruckner regarding proposed deposition schedule of Menlo Park witnesses, NEA, Engle, and State of CA | 0.3 |
| 3/27/2019 | Call with David Markevitch regarding assistance with discovery motions needing to be filed; send email to David Markevitch summarizing issues and providing key documents to prepare motions | 0.2 |
| 3/28/2019 | Emails with Noreen Skelly re stipulation for leave to amend; update stipulation to amend | 0.4 |
| 3/29/2019 | Draft subpoena to DA of San Mateo County for use in showing pattern of harassment/censorship | 0.8 |
| 3/29/2019 | Revisions to stipulation to file First Amended Complaint; emails with Todd Master re same; attention to filing of same | 0.4 |
| 3/29/2019 | Final revisions to First Amended Complaint | 1.6 |
| 3/29/2019 | Attention to filing of Joint Statement and Stipulation to file First Amended Complaint | 0.2 |
| 3/29/2019 | Consult with Zeleny regarding potential witnesses; prepare combined notice of deposition of further City of Menlo Park witnesses for deposition | 0.8 |
| 3/30/2019 | Emails with David Markevitch on Motion regarding improper deposition conduct by City of Menlo Park | 0.3 |
| 3/31/2019 | Emails with David Markevitch and David Affeld about Motion re improper deposition conduct | 0.2 |
| 4/1/2019 | Finalize and file First Amended Complaint | 0.3 |

| | | |
|---|---|---|
| 4/2/2019 | Emails with Todd Master regarding deposition of Commander Sharon Kaufman | 0.2 |
| 4/3/2019 | Review NEA response to Motion challenging MJ discovery order; circulate same to David Affeld and Michael Zeleny; emails regarding same and next steps; discuss with David Affeld | 0.5 |
| 4/3/2019 | Travel to attend Case Management Conference | 3.5 |
| 4/4/2019 | Attend Case Management Conference; local travel to and from; discuss same with David Affeld | 2.1 |
| 4/4/2019 | Return travel to Los Angeles after attending Case Management Conference | 3 |
| 4/4/2019 | Draft stipulation to continue discovery deadlines and proposed order; circulate same to all counsel via email; email correspondence re same | 0.3 |
| 4/5/2019 | Emails with Joseph Charles (San Mateo DA) re subpoena | 0.3 |
| 4/5/2019 | Incorporate comments by opposing counsel into stipulation to extend deadlines | 0.2 |
| 4/8/2019 | Emails with assistant re call from Sharon Kaufman | 0.1 |
| 4/8/2019 | Further emails with counsel regarding stipulation for extension of deadlines; attention to filing of stipulation | 0.3 |
| 4/9/2019 | Review First Amended Complaint and prepare corrections to same for filing | 0.4 |
| 4/9/2019 | Further emails with Joseph Charles (San Mateo DA) re subpoena concerning criminal prosecution | 0.4 |
| 4/10/2019 | Prepare and file withdrawal of Motion for Review of Order on Motion to Quash | 0.3 |
| 4/11/2019 | Telephonic Meet and Confer with San Mateo DA's office regarding deposition subpoena about Zeleny proseuction by City of Menlo / NEA; draft summary email to Joseph Charles | 0.4 |
| 4/18/2019 | Draft Confidential Settlement Status Update; circulate same to Judge Counsins | 0.4 |
| 4/25/2019 | Attention to emails from Lili Harrell and counsel regarding scheduling settlement conference | 0.1 |
| 5/8/2019 | Attention to emails regarding scheduling settlement conference; discuss same with David Affeld | 0.2 |
| 5/9/2019 | Review Motion to Dismiss of NEA; discuss with David Affeld | 1 |
| 5/9/2019 | Email status update to David Markevitch | 0.1 |
| 5/15/2019 | Research for Opposition to NEA Motion to Dismiss, including Noerr-Pennington and 1983 conspiracy claims | 3.5 |

| Date | Description | Hours |
|---|---|---|
| 5/15/2019 | Begin drafting Opposition to NEA Motion to Dismiss | 4.7 |
| 5/22/2019 | Further drafting of Opposition to NEA Motion to Dismiss | 7.1 |
| 5/23/2019 | Additional research and final drafting of Opposition to NEA Motion to Dismiss; review David Affeld comments re same; finalize same for filing | 8.6 |
| 6/12/2019 | Prepare for hearing on NEA Motion to Dismiss; travel to hearing | 5.7 |
| 6/13/2019 | Oral argument on NEA Motion to Dismiss; local travel to and from | 1.9 |
| 6/13/2019 | Return travel to Los Angeles following hearing on NEA Motion to Dismiss | 3.5 |
| 6/24/2019 | Email all counsel re scheduling matters | 0.2 |
| 6/26/2019 | Email with team regarding Todd Master unavailability to discuss scheduling; conference with David Affeld re same; call Todd Master office; send follow up email re scheduling and email exchange with all other counsel regarding scheduling and other matters | 1.6 |
| 6/27/2019 | Prepare further deposition subpoenas including City of Menlo Park witnesses and NEA witnesses due to City of Menlo unavailability to discuss modifying schedule; attempt to locate former City of Menlo employees for service | 1.7 |
| 6/27/2019 | Follow up email with Joseph Charles (San Mateo DA) regarding depo scheduling | 0.1 |
| 6/28/2019 | Draft Deposition Notices to NEA and State of California | 0.6 |
| 6/28/2019 | Email exchange with counsel regarding case scheduling and agree upon schedule with available parties; follow up email regarding outgoing deposition notices | 0.8 |
| 6/28/2019 | Prepare Motion to Continue and Motion to Shorten Time, Declaration of Damion Robinson; file same | 2.1 |
| 6/28/2019 | Review City of Menlo Park opposition to Motion to Shorten Time; discuss with David Affeld | 0.5 |
| 7/1/2019 | Review Order granting continuance of deadlines; discuss with David Affeld; emails with all counsel regarding revised deposition schedule in light of extension | 0.5 |
| 7/5/2019 | Draft updated Settlement Conference statement and cover email to Judge Cousins and staff | 2.3 |
| 7/8/2019 | Review order from MJ Cousins that NEA attend settlement conference | 0.2 |

| Date | Description | Hours |
|---|---|---|
| 7/10/2019 | Meeting with David Affeld and Michael Zeleny regarding preparation for settlement conference and our position for settlement | 1 |
| 7/11/2019 | Call with David Affeld following settlement conference | 0.2 |
| 7/30/2019 | Review Order granting Motion to Dismiss; circulate same to client with summary | 0.5 |
| 8/4/2019 | Follow up email with counsel regarding deposition scheduling | 0.2 |
| 8/12/2019 | Further emails with all counsel attempting to schedule depositions | 0.4 |
| 8/27/2019 | Research regarding sham exception to Noerr-Pennington immunity | 1.7 |
| 8/27/2019 | Substantive emails with client regarding NEA Motion to Dismiss and amended complaint; research regarding same | 0.8 |
| 8/28/2019 | Being drafting Second Amended Complaint to address Noerr-Pennington Argument; review of documents produced by NEA; further review of City of Menlo Park productions and Bertini deposition testimony | 2.9 |
| 8/28/2019 | Email David Affeld and Client regarding City of Menlo Park contradictions regarding definition of "special event" and Bertini testimony on point; review Bertini transcript regarding same | 0.5 |
| 8/28/2019 | Draft email to counsel regarding deficiencies in NEA production, including documents with "non-responsive" redactions and emails missing attachments | 0.2 |
| 8/29/2019 | Draft substantive memorandum to client regarding viability of claims against NEA and potential Noerr-Pennington immunity; possibility of pleading around immunity; emails with client re same | 2.3 |
| 8/29/2019 | Draft Second Amended Complaint; review document production and Dave Bertini testimony to incorporate | 2 |
| 8/29/2019 | Prepare detailed timeline with supporting documents regarding City efforts to stifle Zeleny protests and coordination with NEA | 1.3 |
| 8/30/2019 | Further drafting of Second Amended Complaint; discuss criminal proceeding with David Affeld; call with criminal counsel re proceeding and evidnece of NEA participation; emails with Michael Zeleny re same | 1.8 |
| 9/4/2019 | Emails with client regarding procedural issues | 0.2 |
| 10/2/2019 | Emails with opposing counsel regarding extension of Motion to Dismiss schedule | 0.2 |

| Date | Description | Hours |
|---|---|---|
| 10/3/2019 | Draft stipulation and proposed order to modify briefing schedule on NEA Motion to Dismiss; circulate to all counsel for approval | 0.3 |
| 10/4/2019 | Finalize and file stipulation to modify breifing schedule on NEA Motion to Dismiss | 0.2 |
| 10/4/2019 | Review Motion to Dismiss of NEA [2nd Amended Complaint]; discuss same with David Affeld | 1 |
| 10/14/2019 | Draft Opposition to Motion to Dismiss of NEA; additional research re: same | 3.8 |
| 10/14/2019 | Email all counsel regarding scheduling in light of pending Motion to Dismiss | 0.1 |
| 10/15/2019 | Further Drafting of Opposition to Motion to Dismiss of NEA; discuss same with Brian England | 6.3 |
| 10/15/2019 | Further emails with all counsel regarding scheduling | 0.3 |
| 10/16/2019 | Finalize Opposition to Motion to Dismiss; incorporate comments from Brian England; discuss same with Brian England; file same | 8.5 |
| 10/16/2019 | Further emails with all counsel regarding scheduling | 0.2 |
| 10/17/2019 | Emails with Michael Zelefy regarding amended pleading | 0.2 |
| 10/18/2019 | Draft stipulation to continue deadlines in light of further motion practice; circulate to all counsel | 0.3 |
| 10/24/2019 | Incorporate changes and finalize and file stip to continue deadlines | 0.3 |
| 10/25/2019 | Review reply of NEA in support of Motion to Dismiss; discuss same with David Affeld | 0.6 |
| 11/19/2019 | Emails with counsel re deposition scheduling | 0.1 |
| 11/27/2019 | Further meet-and-confer with counsel for City of Menlo re outstanding discovery issues | 0.3 |
| 12/2/2019 | Emails with all counsel re status report | 0.1 |
| 12/3/2019 | Prepare joint status report; circulate same; emails with opposing counsel regarding changes to status report | 0.5 |
| 12/5/2019 | Review order for telephonic conference; arrange CourtCall for same; attention to calendar | 0.3 |
| 12/5/2019 | Finalize status report for filing | 0.2 |
| 12/12/2019 | Emails with counsel re deposition scheduling | 0.2 |
| 12/12/2019 | Prepare for and attend telephonic status conference | 0.8 |
| 1/9/2020 | Email all counsel regarding case schedule and deposition scheduling | 0.3 |
| 1/17/2020 | Conference with Brian England regarding background on matter and materials for review | 1.5 |
| 1/18/2020 | Emails re State of California deposition | 0.2 |

| | | |
|---|---|---|
| 1/20/2020 | Review production from State of California and conduct online research to prepare for deposition of State of California | 5.5 |
| 1/20/2020 | Read dissenting opinion to denial of cert in *Perulta* | 0.3 |
| 1/20/2020 | Emails with counsel regarding proposed limitations on State of California deposition; confer with David Affeld regarding same | 0.5 |
| 1/21/2020 | Prepare for deposition of State of California; prepare outline and select exhibits | 4.3 |
| 1/21/2020 | Attention to scheduling of court reporter for State of California | 0.2 |
| 1/22/2020 | Further preparation for deposition of State of California; emails to opposing counsel regarding confirmation | 4.1 |
| 1/29/2020 | Review potential witnesses for deposition; email opposing counsel with list of prospective former/current City employees to depose | 0.6 |
| 2/3/2020 | Emails with opposing counsel regarding continued deposition of Menlo Park/Bertini, City fact witnesses; written discovery disputes; attempt at deferring depositions | 0.4 |
| 2/5/2020 | Email re deposition of NEA | 0.2 |
| 2/5/2020 | Email to Client regarding remaining witnesses for possible deposition relating to claims vs. City of Menlo Park, best candidates to depose, and strategy for depositions | 0.4 |
| 2/5/2020 | Emails with Todd Master re: scheduling fact witness depos of former Menlo Park employees and third parties | 0.5 |
| 2/7/2020 | Draft Plaintiff's portion of Joint Letter Brief re assertion of Official Privilege by City of Menlo; research regarding same | 3.3 |
| 2/10/2020 | Prepare deposition schedule for former City of Menlo Park employees, San Mateo DA, and other witnesses on section 1983 claim; circulate to Gabrielle Bruckner for reporter coverage; emails with Gabrielle Bruckner re same | 0.5 |
| 2/11/2020 | Review Defendant's portion of Joint Letter Brief re Official Privilege; minor modifications to letter brief; emails with Todd Master re same | 0.5 |
| 2/11/2020 | Emails with Michael Zeleny regarding deposition issues | 0.2 |

| | | |
|---|---|---|
| 2/11/2020 | Draft further deposition subpoenas to former City employees and NEA | 0.3 |
| 2/12/2020 | Review comments to Joint Letter Brief re Official Privilege | 0.2 |
| 2/12/2020 | Draft further written discovery to City of Menlo Park and Bertini, including RFPs and Special Interrogatories | 1.3 |
| 2/12/2020 | Draft further written discovery to State of California | 0.2 |
| 2/12/2020 | Research and draft letter to State of California demanding further deposition in light of witness's inability to answer questions | 0.5 |
| 2/12/2020 | Email with Michael Zeleny re: deposition of Engle | 0.2 |
| 2/13/2020 | Finalize written discovery to City of Menlo Park and Bertini | 0.5 |
| 2/13/2020 | Finalize Joint Letter Brief re Official Privilege for filing | 0.4 |
| 2/13/2020 | Prepare Declaration of Damion Robinson and exhibits for Joint Letter Brief re Official Privilege; emails with Todd Master re finalizing Letter Brief | 0.7 |
| 2/13/2020 | Draft summary of various City of Menlo Park witnesses for deposition prep; discuss depositions and motion filings with David Affeld; send email to David Markevitch regarding coverage for upcoming depositions | 0.8 |
| 2/13/2020 | Emails with Alan Beck regarding potential historical experts | 0.2 |
| 2/13/2020 | Emails with Michael Zeleny and all counsel regarding depositions | 0.5 |
| 2/17/2020 | Emails with Gabrielle Bruckner regarding tender of witness fees for deposition subpoenas | 0.2 |
| 2/18/2020 | Emails with Todd Master and Noreen Skelly regarding scheduling of fact witness depositions and City's refusal to make Bertini available as requested | 0.5 |
| 2/19/2020 | Further emails with Todd Master regarding refusal to make witnesses reasonably available for deposition; discuss same with David Affeld | 0.5 |
| 2/20/2020 | Attention to service of deposition subpoenas to City witnesses and NEA | 0.4 |
| 2/20/2020 | Further emails with Todd Master regarding refusal to make witnesses available; follow up with David Markevitch regarding his availability on dates proposed by City | 0.5 |
| 2/20/2020 | Review Order granting *in camera* review of City of Menlo Park files | 0.2 |

| Date | Description | Hours |
|---|---|---|
| 2/20/2020 | Review Order compelling disclosure of Menlo Park files; discuss same with David Affeld | 0.5 |
| 2/24/2020 | Confirm deposition scheduling with David Markevitch and send email to Todd Master re proposed deposition schedule for all remaining witnesses; follow up with Todd Master and Noreen Skelly re various scheduling and availability issues | 0.5 |
| 2/25/2020 | Further emails with all counsel regarding deposition scheduling and confirming availability and dates with City-affiliated witnesses | 0.2 |
| 2/26/2020 | Amend Combined Deposition Notice to City witnesses and NEA | 0.2 |
| 2/26/2020 | Discussion with Brian England and David Affeld regarding discovery matters and case strategy | 0.7 |
| 2/26/2020 | Email David Markevitch re upcoming depos of Foy, Milde, and Flegel; pull key documents to share with Markevitch for use in upcoming depositions and for case background | 2.1 |
| 2/26/2020 | Draft initial deposition outline for Matt Milde to discuss with David Markevitch | 1.2 |
| 2/26/2020 | Review audio recordings produced by City of Menlo Park for potential use in upcoming depositions | 1.9 |
| 2/27/2020 | Begin drafting deposition outline for former officer Jeremy Foy; collect documents for Jeremy Foy; discuss deposition with David Markevitch | 3.1 |
| 2/27/2020 | Research regarding potential experts for Second Amendment Issues | 1.5 |
| 2/27/2020 | Call with Sean Brady regarding potential expert reteniton | 0.5 |
| 2/28/2020 | Forward ruling on Official Privilege to Client with excerpt | 0.2 |
| 2/28/2020 | Emails regarding rescheduling Foy deposition due to witness unavailability; discuss same with D Markevitch; reschedule deposition | 0.7 |
| 2/29/2020 | Call with David Markevitch regarding preparation for upcoming depositions of Milde and Flegel | 0.6 |
| 2/29/2020 | Begin drafting letter brief re Deposition of State of California | 0.9 |
| 3/1/2020 | Multiple emails with Todd Master and David Markevitch regarding rescheduling Officer Foy deposition at Mr. Master's request and refusal to accept alternative dates proposed | 0.5 |

| Date | Description | Hours |
|---|---|---|
| 3/1/2020 | Complete review of City of Menlo Park audio files produced in discovery; collect potential deposition exhibits for Foy, Milde, and Flegel; email David Markevitch and David Affeld re 40 minute conference between NEA and City officials apparently recorded inadvertently | 3.2 |
| 3/2/2020 | Prepare initial draft of outline for Nicholas Flegel; pull sample film permit applications; email David Markevitch re same; Zoom call with David Markevitch re same | 1.6 |
| 3/2/2020 | Prepare Notice of Appearance for David Markevitch; emails re same | 0.3 |
| 3/2/2020 | Call with David Affeld and Michael Zeleny re: deposition of Engel | 0.2 |
| 3/3/2020 | Call with David Affeld and Barak Engle re deposition; update deposition subpoena to Barak Engle; draft amended Deposition Notice re same; discuss depositions and experts with D Affeld | 0.7 |
| 3/3/2020 | Calls with David Markevitch re Depositions of Milde and Flegel | 0.4 |
| 3/4/2020 | Call with David Markevitch regarding upcoming depositions of Milde, McIntyre, and Toews; emails with Todd Master re Depositions; discuss same with David Affeld | 1.5 |
| 3/5/2020 | Calls with David Markevitch during and after deposition of Matt Milde; discussion of ongoing deposition misconduct by Todd Master and our response; discuss City depositions with David Affed | 0.7 |
| 3/6/2020 | Review rough transcript of Milde deposition; email to Todd Master re deposition obstruction and groundrules going forward | 0.5 |
| 3/6/2020 | Draft Joint Status Report and stipulated Protective Order; attention to filing of same | 0.9 |
| 3/6/2020 | Emails with opposing counsel re protective order | 0.2 |
| 3/6/2020 | Emails with team regarding Second Amendment expert | 0.2 |
| 3/8/2020 | Discussion with Brian England regarding needed discovery and strategy; discussion with David Affeld re Same | 0.6 |
| 3/9/2020 | Review supplemental responses by City of Menlo to Special Interrogatories | 0.5 |
| 3/9/2020 | Emails with team regarding deposition coverage of City-affiliated witnesses and Engle | 0.2 |

| | | |
|---|---|---|
| 3/11/2020 | Conference with Brian England regarding NEA deposition | 0.3 |
| 3/12/2020 | Emails with David Markevitch re cancellation of McIntyre | 0.2 |
| 3/13/2020 | Emails with counsel regarding proposed continuance due to COVID-19; prepare Stipulation to Continue and Proposed Order; emails with all counsel regarding proposed continuance | 0.7 |
| 3/16/2020 | Finalize Stipulation and Proposed Order continuing dates | 0.2 |
| 3/16/2020 | Review City of Menlo Park and Bertini responses to Second and Third Sets of Written Discovery | 0.2 |
| 3/25/2020 | Draft status report to team with outstanding action items re depositions, City document productions, City interrogatory responses, and depo meet and confer | 0.2 |
| 3/25/2020 | Minor edits to meet-and-confer letter to NEA drafted by Brian England | 0.2 |
| 3/26/2020 | Emails with team regarding NEA deposition, potential motions, and emails from Roger Lane | 0.2 |
| 4/7/2020 | Review emails from David Markevitch re discovery disputes with City of Menlo; locate documents requested by David Markevitch and forward same | 0.3 |
| 4/8/2020 | Review meet and confer correspondence to City of Menlo Park | 0.1 |
| 4/15/2020 | Emails with David Markevitch re City discovery deficiencies and attempts to confer with Todd Master | 0.1 |
| 4/20/2020 | Review City of Menlo Park response to discovery meet-and-confer correspondence; discuss same with David Markevitch | 0.3 |
| 4/21/2020 | Further emails with team and Todd Master regarding City refusal to participate in discovery | 0.3 |
| 4/22/2020 | Follow up regarding City of Menlo Park discovery non-compliance | 0.1 |
| 4/23/2020 | Emails with team regarding City discovery materials and meet-and-confer discussion with Todd Master | 0.2 |
| 4/24/2020 | Call with David Markevitch; draft Requests for Production to City of Menlo re: ownership of Median; draft Special Interrogatories to Bertini re Ownership of Median; review discovery limitations and timing | 1 |
| 4/29/2020 | Phone conference with David Markevitch about Letter Brief re State of California Deposition; correspondence re same | 0.4 |

| Date | Description | Hours |
|---|---|---|
| 4/30/2020 | Review Joint Letter Brief prepared by David Markevitch re State of California Deposition and revise same; attention to emails circulating same | 0.8 |
| 5/4/2020 | Draft further stipulation to continue dates in light of COVID-19 Pandemic and proposed order; emails with David Markevitch re same | 0.3 |
| 5/6/2020 | Emails with opposing counsel regarding stipulation to continue | 0.2 |
| 5/7/2020 | Review and circulate order continuing dates | 0.2 |
| 5/11/2020 | Review State of California portion of joint discovery brief; email John Killeen re same | 0.2 |
| 5/18/2020 | Review Order requiring exploration of settlement and discuss settlement prospects with Brian England and David Affeld | 0.5 |
| 5/28/2020 | Emails with Brian England regarding NEA meet-and-confer; attempt to locate NEA counsel after receiving no response to contacts; email Beth Boland and Foley re: ongoing discovery issues | 0.3 |
| 6/1/2020 | Review and respond to email from Todd Master regarding discovery; email with David Markevitch re scheduling; | 0.4 |
| 6/1/2020 | Email with Todd Master regarding potential resolution | 0.1 |
| 6/2/2020 | Emails with Brian England and David Markevitch regarding NEA response to attempt to meet-and-confer and position regarding recording of meeting with City staff; research regarding recording | 0.5 |
| 6/2/2020 | Series of emails with Todd Master regarding illusory settlement proposal and discovery issues; emails with David Markevitch re same; call with David Markevitch re discovery issues; discuss with David Affeld | 1.5 |
| 6/2/2020 | Minor edits to discovery letter brief re State of California depo | 0.1 |
| 6/4/2020 | Review joint letter brief declaration; emails with DM re same; review emails from Todd Master and several court filings by NEA; update calendar to reflect continuance of CMC | 0.7 |
| 6/4/2020 | Emails with D Markevitch regarding final depo scheduling | 0.1 |
| 6/9/2020 | Review order re State of California Deposition, discuss same with David Affeld and Brian England; draft letter to counsel for State of California re updated rog responses | 1 |

| Date | Description | Hours |
|---|---|---|
| 6/9/2020 | Review prior stipulation re continued deadlines; circulate same to opposing counsel with email proposing extensions due to COVID-19 | 0.2 |
| 6/9/2020 | Emails with Client and David Affeld regarding entertainment permit and potential resolution with State of California through EFP | 0.2 |
| 6/9/2020 | Final revisions to letter to State of California requesting updated rog responses; email same to counsel | 0.3 |
| 6/10/2020 | Emails re modifying schedule and stipulation re same | 0.1 |
| 6/19/2020 | Draft stipulation to modify dates | 0.2 |
| 6/23/2020 | Finalize stipulation and proposed order modifying dates | 0.2 |
| 6/24/2020 | Discussion with Brian England re: motion to compel NEA | 0.2 |
| 6/26/2020 | Review correspondence from John Killeen; email to arrange call to discuss potential resolution | 0.3 |
| 7/2/2020 | Emails with Gabrielle Bruckner re locating Ivan Toews | 0.1 |
| 7/8/2020 | Attention to emails between David Markevitch and John Killeen regarding State of California interrogatory responses and position on EFP permits | 0.2 |
| 7/22/2020 | Update deposition notice for remaining City witnesses | 0.2 |
| 7/28/2020 | Emails with David Markevitch and Gabrielle Bruckner re coordinating McIntyre Deposition | 0.2 |
| 7/29/2020 | Discussion with Brian England regarding impact of pending Second Amendment cases on Zeleny matter | 0.2 |
| 7/30/2020 | Emails regarding deposition of Ivan Toews | 0.2 |
| 7/30/2020 | Call with David Markevitch regarding deposition of McIntyre | 0.7 |
| 7/31/2020 | Review and approve revised subpoena for Ivan Toews | 0.1 |
| 8/3/2020 | Attention to emails coordinating continued deposition of Chief Bertini | 0.1 |
| 8/4/2020 | Begin preparation for continued deposition of Chief Bertini; review City and Bertini further written discovery responses | 0.9 |
| 8/5/2020 | Continued preparation for Bertini deposition; review additional productions by City of Menlo Park; efforts to locate missing documents from City productions; review prior deposition transcript | 4.7 |
| 8/6/2020 | Final preparation for Bertini continued deposition | 5.1 |
| 8/7/2020 | Prepare for and attend continued deposition of Chief Dave Bertini via Zoom | 9 |

| Date | Description | Hours |
|---|---|---|
| 8/7/2020 | Strategy call with Michael Zeleny and David Affeld regarding new Bertini testimony; need for compelling further testimony; impact on claims; and strategy going forward | 1.3 |
| 8/10/2020 | Discuss case status with Brian England and possibility for settlement; discuss settlement prospects with D Affeld | 0.6 |
| 8/10/2020 | Send case status update to client and recommendation to explore settlement | 0.3 |
| 8/10/2020 | Emails with John Killeen (State of CA) re potential settlement | 0.3 |
| 8/10/2020 | Draft status update email to Client regarding potential settlement with State of California | 0.3 |
| 8/11/2020 | Update NEA subpoena and deposition notice | 0.2 |
| 8/11/2020 | Call with John Killeen (State of CA) re potential settlement; interrogatory responses; discuss with David Affeld | 0.6 |
| 8/15/2020 | Emails with Brian England regarding vagueness challenge | 0.2 |
| 8/17/2020 | Review and revise letter brief regarding interrogatory responses from State of California | 1.5 |
| 8/18/2020 | Incorporate comments from Brian R. England on Joint Letter Brief re Interrogatory Responses | 0.4 |
| 8/19/2020 | Emails with Brian England regarding experts | 0.2 |
| 8/19/2020 | Call with David Markevitch regarding upcoming discovery matters | 0.3 |
| 8/19/2020 | Review and revise Summary Judgment outline prepared by Brian England; discuss with Brian England | 1.1 |
| 8/20/2020 | Efforts to locate Ivan Toews (film permitting) | 0.4 |
| 8/21/2020 | Updated subpoena and depo notice re: Ivan Toews | 0.2 |
| 8/25/2020 | Review joint discovery motion re Interrogatory responses from State of California; revisions to same; emails with David Markevitch and John Killeen re same | 0.3 |
| 8/25/2020 | Review old litigation files regarding dispute with NEA; call with Brian England; email regarding documents missing from current productions | 1.1 |
| 8/25/2020 | Emails regarding locating Ivan Toews | 0.2 |
| 8/25/2020 | Call with Brian England regarding NEA deposition | 0.4 |
| 8/26/2020 | Attempts to locate potential entertainment industry experts; call with Brian England and Greg Block | 1.6 |
| 8/26/2020 | Call with David Affeld regarding MSJ strategy and arguments | 0.4 |

| | | |
|---|---|---|
| 8/27/2020 | Continue efforts to locate entertainment industry efforts; message team regarding same | 0.5 |
| 8/27/2020 | Attention to emails from D. Markevitch & Todd Master re extension; calls with David Markevitch re Extension; messages with team regarding timeline | 0.6 |
| 8/27/2020 | Call with Greg Block; send documents to Greg Block; discussions with Brian England re same; emails with Zeleny re meeting with Block | 1.8 |
| 8/27/2020 | Email Zeleny re meeting with Greg Block | 0.3 |
| 8/27/2020 | Email with Todd Master and John Killeen regarding extension request | 0.2 |
| 8/29/2020 | Emails with Adam Winkler (UCLA) re potential experts | 0.2 |
| 8/31/2020 | Email Zeleny and Greg Block | 0.2 |
| 8/31/2020 | Review and revise briefing in support of continuance; call with David Markevitch re same | 0.6 |
| 8/31/2020 | Emails from/to Todd Master and John Killeen re schedule | 0.2 |
| 8/31/2020 | Emails with David Markevitch and counsel regarding motion to continue deadlines | 0.3 |
| 8/31/2020 | Emails with Michael Zeleny and Greg Block to arrange meeting and firearm safety test | 0.2 |
| 9/1/2020 | Call with Adam Winkler and Brian England re expert testimony; discuss with Brian England | 0.5 |
| 9/2/2020 | Discussion and emails with Brian England regarding meeting with Greg Block and firearm safety examination | 0.6 |
| 9/3/2020 | Call with David Affeld regarding hearing tomorrow and MSJs | 0.3 |
| 9/4/2020 | Prepare for and attend hearing regarding compelling interrogatory responses from State of California; prepare notes re same; discuss with David Affeld | 2.1 |
| 9/4/2020 | Review Order compelling further responses to interrogatories from State of California; discuss same with Brian England, David Markevitch and David Affeld; email Client summary of order | 0.8 |
| 9/4/2020 | Conference with Brian England and David Affeld re summary judgment and First Amendment issues | 0.5 |
| 9/11/2020 | Emails with all counsel to arrange settlement discussion per Court's order to explore settlement | 0.3 |
| 9/15/2020 | Emails with all counsel confirming settlement discussion on 9/16 and providing Zoom info | 0.1 |

| | | |
|---|---|---|
| 9/16/2020 | Discuss settlement possibility with Brian England and David Affeld;  settlement discussion with opposing counsel; work on joint statement | 0.8 |
| 9/16/2020 | Review Motion to Challenge Order re: Interrogatory responses from State of California; discuss same with Brian England; email team re same | 0.6 |
| 9/17/2020 | Finalize joint status report re settlement discussion; emails with opposing counsel re same | 0.3 |
| 9/17/2020 | Call with Brian England and Doc Eikner regarding potential expert engagement; discuss same with Brian England | 0.5 |
| 9/18/2020 | Email with team regarding motion to amend complaint to add Vagueness challenge | 0.2 |
| 9/20/2020 | Email all counsel re Motion to Amend Complaint to add Vagueness Challenge | 0.3 |
| 9/21/2020 | Review and revise response to State of California Motion Challenging Discovery Order | 0.9 |
| 9/22/2020 | Draft Motion to Amend to add vagueness challenge to Penal Code Sections; emails to team re: State of California refusal to stipulate to leave | 3.5 |
| 9/22/2020 | Call with David Affeld regarding whether we need a permitting expert | 0.2 |
| 9/23/2020 | Email team re amendments to complaint; draft amended complaint; revise brief on leave to amend, including incorporating team comments | 0.9 |
| 9/24/2020 | Finalize amended complaint and motion for leave; attention to filing | 0.7 |
| 9/24/2020 | Emails regarding further efforts to locate  witness Ivan Toews | 0.2 |
| 9/25/2020 | Emails regarding State of California refusal to update discovery responses as ordered | 0.3 |
| 9/27/2020 | Review  Dave Bertini deposition transcripts for improper objections and questions not answered; send substnative email to Todd Master regarding potential Motion to Compel and ask to meet and confer | 1.7 |
| 9/28/2020 | Call with David Affeld regarding permitting process and necessary evidence from Zeleny | 0.3 |
| 10/1/2020 | Call with David Affeld regarding MSJ briefing vs. State | 0.2 |
| 10/2/2020 | Review orders regarding State of California challenge to discovery ruling; discuss same with Brian England; emails with David Markevitch regarding automatic briefing schedule; call with David Markevitch re same | 1.1 |

| Date | Description | Hours |
|---|---|---|
| 10/5/2020 | Review and circulate order denying State of California Motion for review of Judge Hixson's Order | 0.3 |
| 10/6/2020 | Review updated interrogatory responses from State of California regarding Entertainment Firearms Permit and statutory interpretation issues; emails with David Markevitch re same; call with David Markevitch re same | 0.8 |
| 10/7/2020 | Call with Brian England regarding State of California discovery responses and strategy to press interpretation issue | 0.3 |
| 10/7/2020 | Follow up emails with Todd Master regarding Bertini deposition and contemplated Motion to Compel | 0.3 |
| 10/7/2020 | Emails with team regarding City of Menlo response to proposed stipulation regarding expert discovery | 0.1 |
| 10/8/2020 | Call and emails with Todd Master regarding Bertini failure/refusal to answer deposition questions and contemplated motions | 0.6 |
| 10/8/2020 | Draft Motion to Compel City of Menlo Park / Dave Bertini to answer deposition questions; emails with team re same and incorporate Brian England comments | 4.6 |
| 10/8/2020 | Review updated interrogatory responses from State; discuss with team; email John Killeen regarding updated interrogatory responses and failure to comply with Judge Hixson's order; further emails with team and client regarding same | 0.6 |
| 10/9/2020 | Revise and finalize Motion to Compel City of Menlo Park to answer deposition questions; emails with Todd Master re same | 1.5 |
| 10/9/2020 | Review Opposition to Motion to Amend re Vagueness | 0.5 |
| 10/9/2020 | Call with Brian England and David Affeld regarding case strategy and impact of State of California interpretation of statutes on claims against City of Menlo Park | 0.7 |
| 10/9/2020 | Emails with John Killeen and team regarding state's position on statutory interpretation | 0.3 |
| 10/13/2020 | Draft reply to Motion to Amend to Add Vagueness Claim | 2.8 |
| 10/13/2020 | Emails with John Killeen setting up call to discuss responses to discovery | 0.1 |
| 10/16/2020 | Emails and call with John Killeen regarding state interpretation of firearm statutes | 0.5 |

| Date | Description | Hours |
|---|---|---|
| 10/22/2020 | Review Opposition to Motion to Compel deposition answers from City of Menlo Park; discuss same with David Affeld and David Markevitch | 0.7 |
| 10/28/2020 | Review and circulate amended responses to discovery by State of California; emails with team and client re same | 0.4 |
| 10/30/2020 | Draft Reply in support of Motion to Compel Depo Answers from City of Menlo Park; research in support of same | 4.5 |
| 10/30/2020 | Quick review of expert report of Saul Cornell and email team re same | 0.3 |
| 11/10/2020 | Review order granting Motion to Compel against City of Menlo Park; discussion with David Affeld and Brian England re same and expert disclosure of Saul Cornell | 0.6 |
| 11/10/2020 | Emails with Brian England to coordinate expert depos; attention to emails with John Killeen re same | 0.2 |
| 11/13/2020 | Prepare Amended Deposition Notice of Saul Cornell, Ph.D | 0.2 |
| 11/20/2020 | Discussions with Brian England and David Affeld regarding expert depositions | 0.3 |
| 11/21/2020 | Preparation for deposition of Saul Cornell; read articles regarding contrary position; detailed review of *Heller* opinion and scholarly materials cited; review case interpretations of *Heller* and historical analysis | 3.7 |
| 11/22/2020 | Prepare for Deposition of Saul Cornell, including consultation with our experts; review of available articles and prior testimony; review of expert report, and preparation of outline | 7 |
| 11/23/2020 | Final preparation for and take deposition of Saul Cornell; discuss same with team | 7.5 |
| 12/8/2020 | Emails with Todd Master regarding further deposition of Chief Bertini per Court's order; coordinate reporter coverage; review "Notice of Unavailability" | 0.4 |
| 12/9/2020 | Prepare for resumed deposition of Dave Bertini; update deposition outline; gather exhibits; email brian england re same | 2.1 |
| 12/10/2020 | Prep for and take final deposition of Bertini | 1.8 |
| 1/7/2020 | Emails with Brian England regarding MSJ scheduling | 0.1 |
| 1/8/2021 | Conference with Brian England regarding MSJ strategy and potential issues to address | 0.5 |

| Date | Description | Hours |
|---|---|---|
| 1/9/2021 | Review and provide feedback on revised outline of Motion for Summary Judgment prepared by Brian England | 0.5 |
| 1/12/2021 | Further discussion with Brian England regarding Motions for Summary Judgment in progress | 0.4 |
| 1/15/2021 | Initial review of MSJ vs. City of Menlo and Bertini; email BRE regarding same | 0.2 |
| 1/18/2021 | Discussion with Brian England regarding status of MSJ drafts and potential arguments | 0.3 |
| 1/18/2021 | Begin revising Motion for Summary Judgment vs. City of Menlo and Bertini | 4.5 |
| 1/19/2021 | Online research regarding 14th amendment challenges to gun statutes in California | 0.7 |
| 1/19/2021 | Substantive revisions to Motion for Summary Judgment vs. City of Menlo Park / Bertini; research regarding new cases following *Epona* ; review deposition transcripts for key testimony on SEP and film permitting processes | 11 |
| 1/20/2021 | Draft declaration of Michael Zeleny in Support of Motion for Summary Judgment vs. City of Menlo / Bertini; emails with Zeleny regarding same; | 2.7 |
| 1/20/2021 | Draft Robinson Declaration in Support of Motion for Summary Judgment vs. City of Menlo / Bertini; assist in compiling exhibits re same | 1.5 |
| 1/20/2021 | Edits to Motion for Summary Judgment vs. State of California | 2.3 |
| 1/20/2021 | Further revisions to Motion for Summary Judgment against City of Menlo Park and Bertini, Declaration of Zeleny, and Declaration of Robinson; draft Declaration of Bruckner; incorporate David Affeld Comments; finalize all moving papers for filing; discussions with Brian England re finalizing and filing | 7.1 |
| 1/21/2021 | Final revisions to MSJ v. City of Menlo and Bertini and supporting declarations; assist in preparation of same for filing; emails with client and team for final edits to documents | 8 |
| 1/21/2021 | Final revisions to MSJ vs. State of California and assist in compiling final documents | 1.5 |
| 1/22/2021 | Emails regarding filing of MSJ vs. City of Menlo | 0.1 |
| 1/22/2021 | Review Motion for Summary Judgment by Menlo Park and Bertini; discuss same with Brian England and David Affeld | 1.3 |

| Date | Description | Hours |
|---|---|---|
| 1/26/2021 | Substantive review of State of California MSJ and prepare markup and comments for use in opposition | 1.6 |
| 1/27/2021 | Review deposition testimony and written discovery on applicable permitting scheme; draft substantive email to team regarding City of Menlo change of position and reliance on encroachment permits | 2.1 |
| 1/27/2021 | Conferences with David Affeld and Brian England regarding response to MSJs | 0.8 |
| 1/27/2021 | Begin outlining Opposition to Motion for Summary Judgment by City of Menlo Park and Bertini; legal research regarding Caltrans ownership of roads; review City document production re Caltrans ownership; online research regarding Caltrans ownership | 2.5 |
| 1/29/2021 | Continue drafting Opposition to Motion for Summary Judgment by Menlo Park and Bertini; additional vehicle research regarding joint permitting of Caltrans and City of Menlo; research regarding standing; research regarding change of position from interrogatories/deposition testimony | 6.3 |
| 1/29/2021 | Attention to calendaring of MSJ hearing and status conference | 0.2 |
| 1/31/2021 | Draft Opposition to Motion for Summary Judgment by Menlo Park and Bertini | 5.1 |
| 2/1/2021 | Research regarding speaker-based discrimination under First Amendment; email Brian Engalnd re same | 0.6 |
| 2/1/2021 | Draft Opposition to Motion for Summary Judgment by Menlo Park and Bertini; collect record cites relating to permitting process; conference call with D Affeld regarding brief | 7.3 |
| 2/2/2021 | Revisions to Opposition to Motion for Summary Judgment by Menlo Park and  Bertini; locate deposition tesitmony regarding applicable permitting scheme; review email chains with City Attorney re: film permit | 3.1 |
| 2/2/2021 | Draft Zeleny Declaration in Opposition to Motion for Summary Judgment by City of Menlo and Bertini | 1.3 |
| 2/3/2021 | Draft Robinson Declaration in Opposition to Motion for Summary Judgment by City of Menlo / Bertini | 0.3 |
| 2/3/2021 | Discuss summary judgment opposition briefs with Brian England; feedback on opposition to Motion for Summary Judgment by State of California | 2.1 |

| | | |
|---|---|---|
| 2/3/2021 | Revisions to Zeleny Declaration in Opp to MSJ to incorporate BRE comments | 0.5 |
| 2/3/2021 | Work with David Markevitch on Evidentiary Objections in Opposition to City/Bertini Motion for Summary Judgment; emails to team regarding same | 1.1 |
| 2/3/2021 | Further edits to Opposition to MSJ by City and Bertini | 4 |
| 2/4/2021 | Revise and finalize all materials in Opposition to Motion for Summary Judgment of Menlo Park and Bertini; incorporate comments from Brian England and David Affeld; prepare all materials for filing | 7.9 |
| 2/5/2021 | Review State of Californi Opposition to Motion for Summary Judgment and discuss reply briefing with Brian England | 0.6 |
| 2/6/2021 | Review Opposition to Motion for Summary Judgment by Menlo Park and Bertini; discuss same with team | 0.7 |
| 2/7/2021 | Begin drafting Reply in Support of Motion for Summary Judgment vs. Menlo Park and Bertini; discuss same with Brina England | 5.1 |
| 2/8/2021 | Further revisions to Reply in Support of Motion for Summary Judgment vs. Menlo Park and Bertini; circulate same for review by team; discuss same with Brian England | 4 |
| 2/9/2021 | Incorporate Brian England comments on Reply in Support of Motion for Summary Judgment vs. City of Menlo Park and Bertini; further revisions to brief | 1.6 |
| 2/10/2021 | Discussion with Brian England re Motion for Summary Judmgent reply vs. State of California; revisions to brief | 1.1 |
| 2/11/2021 | Revise Reply brief on Motion for Summary Judgment vs. City and Bertini; incorporate David Affeld Comments; prepare evidentiary objections; finalize all documents for filing | 4.3 |
| 2/11/2021 | Minor edits to reply brief on MSJ vs. State of California | 0.3 |
| 2/12/2021 | Prepare initial outline for summary judgment hearing, including key points of dispute and arguments | 1.1 |
| 2/15/2021 | Review and circulate summary judgment briefing for potential hearing | 0.2 |
| 2/15/2021 | Review Case Management Statement prepared by BRE | 0.1 |
| 2/16/2021 | Call with Bob Gundert re potential mediation; email team re same | 0.3 |
| 3/4/2021 | Review new decision on "heckler's veto"; discuss same with Brian England | 0.5 |

| Date | Description | Hours |
|---|---|---|
| 3/9/2021 | Email with Brian England re briefing schedule and potential settlement | 0.1 |
| 3/11/2021 | Review notice of new authority; email with BRE re same | 0.3 |
| 3/24/2021 | Discussion with Brian England about potentially submitting additional new authority on Summary Judgment; review new authority | 0.6 |
| 3/26/2021 | Email with Brian England regarding request to submit new authority and refusal to stipulate by defendants | 0.2 |
| 3/29/2021 | Discussion with Brian England re supplemental brief | 0.3 |
| 4/19/2021 | Provide comments on supplemental brief re new authority in support of Summary Judgment | 0.5 |
| 4/19/2021 | Discussion with Brian England re strategy for Summary Judgment hearing | 0.3 |
| 4/20/2021 | Review Summary Judgment briefing in preparation for oral argument | 1.1 |
| 4/21/2021 | Strategy and preparation conferences with David Affeld and Brian England re hearing on Cross-Motions for Summary Judgment; draft bullet-point outline of key points and rebuttals for arguments and responses to anticipated questions | 4.5 |
| 4/22/2021 | Pre-argument preparation sessions with Brian England and David Affeld; attend Oral Argument on Motions for Summary Judgment; debrief with Affeld, England, and Zeleny | 5.6 |
| 4/22/2021 | Review emails from Bob Gundert re purported "misstatements" at Oral Argument; discuss same with Brian England and David Affeld | 0.4 |
| 4/23/2021 | Discussion with Brian England and David Affeld regarding response to emails from Bob Gundert; comments on proposed response to Bob Gundert; further response to Bob Gundert | 0.7 |
| 7/13/2021 | Review Order Granting in Part and Denying in Part Motions for Summary Judgment; discuss same and future strategy with David Affeld and Brian England | 0.7 |
| 7/14/2021 | Conference with David Affeld and Brian England regarding next steps in case | 0.4 |
| 7/15/2021 | Emails with Michael Zeleny regarding impact of Summary Judgment order and potential next steps | 0.2 |
| 7/18/2021 | Meet with Zeleny, Affeld, and England regarding fee application, status conference, and next steps | 1 |

| Date | Description | Time |
|---|---|---|
| 8/6/2021 | Review and provide feedback on Joint Report re case status; add support to legal fees section; discussion with Brian England re Same; attention to emails from counsel finalizing | 1.2 |
| 8/26/2021 | Attention to emails from Brian England and Client regarding case status and further action | 0.3 |
| 9/16/2021 | Attention to emails regarding settlement conference | 0.2 |
| 9/29/2021 | Discussion with Brian England and Adeline Black regarding research for Motion for Fees | 0.3 |
| 9/30/2020 | Review legal research compiled by Adeline Black regarding Motion for Fees; begin preparing Motion and supporting brief | 2.5 |
| 10/2/2020 | Discussion with Adeline Black regarding additional legal research needed | 0.2 |
| 10/2/2020 | Further drafting of Motion for Fees and additional research regarding same; review and incorporate new research by Adeline Black | 5.1 |
| 10/7/2020 | Further revisions to Motion for Fees; draft supporting declaration of David Affeld; incorporate citations to record | 4.6 |
| 10/7/2020 | Emails to various attorneys seeking expert declarations in support of fee applications; call with Alan Beck regarding potential declaration; draft summary of the case to circulate to potential declarants | 2.5 |
| 10/8/2020 | Revisions to draft of fee application and supporting declaration of David Affeld; follow up with England, Markevitch and Affeld regarding finalizing hours and providing hours; conference with David Affeld regarding strategy for making pre-Settlement Conference demand to City and steps for finalizing | 3.8 |

**Total Robinson Time:** **633.1**

**MARKEVITCH Time**

| Date | Description | Time |
|---|---|---|
| 2/25/2020 | Reviewed the file and produced documents. | 3.8 |
| 2/26/2020 | Continued to review the documents in the file. | 5.3 |

| | | |
|---|---|---|
| | Printed and reviewed exhibits to the Foy deposition. | |
| | Reviewed the Foy deposition outline from DR; revised | |
| 2/28/2020 | the same. Conference with DR. | 7.3 |
| 2/29/2020 | Prepared for the depositions of Milde and Flegel | 6.3 |
| | Final review of documents for the deposition of Nicolas | |
| 3/2/2020 | Flegel. | 3.2 |
| 3/3/2020 | Deposition of Nicolas Flegel. | 8.0 |
| 3/4/2020 | Prepared for the deposition of Matt Milde. | 4.2 |
| 3/5/2020 | Travel to and deposition of Matt Milde. | 10.0 |
| | Reviewed documents in preparation for the deposition | |
| 3/10/2020 | of Deputy Foy. | 2.8 |
| 3/11/2020 | Deposition of Deputy Foy. | 7.2 |
| | Reviewed responses to special interrogatories by Menlo | |
| | Park and Bertini; reviewed the file for prior meet and | |
| | confer history; drafted meet and confer correspondence | |
| | to opposing counsel re the same; correspondence to DR | |
| 4/7/2020 | re the same. | 4.5 |
| | Finalized and sent meet and confer correspondence re | |
| | responses to special interrogatories by Menlo Park and | |
| 4/8/2020 | Bertini. | 0.5 |
| | Reviewed meet and confer correspondence re: Menlo | |
| | Park and Bertini responses to special interrogatories | |
| | from opposing counsel; drafted a response; | |
| 4/20/2020 | correspondence to DR re the same. | 1.7 |
| | Reviewed meet and confer correspondence from | |
| | opposing counsel; sent a response re: a meet and confer | |
| 4/21/2020 | conference. | 0.2 |
| | Meet and confer conference with opposing counsel re: | |
| | Menlo Park and Bertini responses to special | |
| | interrogatories; memo correspondence to DR re the | |
| 4/22/2020 | same. | 0.9 |
| | Reviewed proposed supplemental interrogatory | |
| | responses (by Menlo Park); correspondence to DR re | |
| 4/23/2020 | the same. | 0.3 |
| | Correspondence to opposing counsel re: outstanding | |
| 4/24/2020 | discovery issues. | 0.5 |
| | Drafted Letter Brief re: DOJ/Becerra deposition; | |
| | correspondence to DR re: the same; conference with DR | |
| 4/29/2020 | re: the same. | 2.9 |
| | Correspondence to opposing counsel re: discovery cut- | |
| 4/29/2020 | off extension. | 0.2 |

| | | |
|---|---|---|
| 4/30/2020 | Revised and finalized Letter Brief re DOJ/Becerra deposition; correspondence to opposing counsel re the same. | 1.8 |
| 6/1/2020 | Correspondence to Todd Master re: deposition dates; reviewed his response; email to team re the same. | 0.4 |
| 6/2/2020 | Drafted joint CMC statement; exchanged correspondence with opposing counsel re: the same. | 1.1 |
| 6/3/2020 | Correspondence with opposing counsel re: deposition schedule; finalized the joint CMC statement. | 0.3 |
| 6/3/2020 | Drafted declaration of counsel in support of joint letter brief re: DOJ witness; compiled exhibits for the same. | 0.9 |
| 6/4/2020 | Exchanged correspondence with opposing counsel; filed DOJ brief letter and CMC Statement. | 0.7 |
| 6/18/2020 | Reviewed prior correspondence; email to counsel re stipulated continuance of trial and related dates. | 0.3 |
| 6/19/2020 | Call with John Killeen; drafted and distributed stipulation re pre-trial dates; filed the same stipulation. | 3.2 |
| 6/28/2020 | Reviewed the authority cited in Atty General's letter re responses to interrogatories; follow up research. | 1.7 |
| 6/29/2020 | Further research re compelling supplemental responses to interrogatories to Atty General. | 1.5 |
| 6/30/2020 | Email to Atty General counsel; email to GB. | 0.2 |
| 7/7/2020 | Follow up email to John Killeen. | 0.1 |
| 7/8/2020 | Emails with John Killeen. | 0.1 |
| 7/10/2020 | Prepared for call; call with John Killeen; memo to DR and DA re the same. | 1.8 |
| 7/13/2020 | Email to Todd Master re depositions. | 0.4 |
| 7/17/2020 | Reviewed and email from Todd Master and replied. | 0.2 |
| 7/21/2020 | Correspondence with GB; email to Todd Master re depositions. | 0.5 |
| 7/22/2020 | Email to John Killeen re depositions. | 0.1 |
| 7/26/2020 | Reviewed the file re prior deposition outlines and exhibits. | 4.9 |
| 7/30/2020 | Prepared for McIntyre deposition: call with DR; finalized the outline; prepared and reviewed the exhibits. | 10.0 |
| 7/31/2020 | Final review and preparation for the deposition and deposition of Alex McIntyre. | 9.0 |
| 8/7/2020 | Deposition of Chief Bertini. | 9.0 |
| | | |
| **Total Markevitch Time:** | | **118.0** |



**EXHIBIT 2**

 **AFFELD GRIVAKES LLP**

HOME     OUR FIRM     PRACTICE AREAS     OUTCOMES     CONTACT

< BACK



# DAVID AFFELD

**Partner**  |  Los Angeles  |  (310) 979-8700 ext. 232  |  dwa@agzlaw.com

David Affeld is a trial lawyer who represents plaintiffs and defendants in business, intellectual property, insurance coverage, employment, and legal malpractice disputes.

David has obtained numerous multi-million dollar judgments and defense verdicts at trial and arbitration for his clients. He has been the lead lawyer on multiple appeals in the U.S. Court of Appeals for the Ninth Circuit, the California Courts of Appeal, and the California and Nevada Supreme Courts.  His technology cases have involved patented laser systems, patented e-commerce systems, multi-point video conferencing methods, military flight simulation software, and the national missile defense system. David regularly tries cases when reasonable settlement value is not available.

## Biography

Before starting his own firm, David practiced in the business litigation departments of two national law firms, Brobeck, Phleger & Harrison and Shearman & Sterling. He has been recognized by his peers as a SuperLawyer in business litigation every year from 2009 through 2016 and 2019-2021.  He received a B.S. in physics from UCLA and a J.D. from Cornell University, where he was an editor on the International Law Review.

David is often brought into cases shortly before trial where experienced trial counsel is needed.  David has tried or arbitrated more than 45 cases to conclusion and won more than 90% of them.

- Significant breach of fiduciary duty case resolved on a confidential basis for 8 figures.
- Judgment for $16.8 million in favor of developers and against two insurance carriers after arbitration of an insurance coverage dispute regarding a mixed-use development project in Oakland, California.
- Settlement three days before trial of $6.5 million on behalf of an insured against her insurance carrier in settlement of bad faith claims arising out of damage to her residence. On behalf of the same insured, judgment after trial including an award of punitive damages against her public adjustor arising out of the same loss.
- Settlement of $4 million on behalf of an industrial property owner after winning all aspects of liability at arbitration, including entitlement to punitive damages. The case arose out of a catastrophic fire. Cause and origin of the fire, responsibility for obtaining insurance, and extent of damages were disputed.
- Judgment after trial for $3.4 million ($2.3 million in damages plus $1.1 million in legal fees) in a race discrimination case against the City of Riverside.
- Defense verdict after trial on behalf of two orthopedic surgeons accused of workplace disability discrimination and wrongful termination.
- Judgment after trial for $3.26 million on behalf of investors in a publicly traded company for non-delivery of stock.  Established alter ego liability against two officers/directors of the publicly traded company.
- On behalf of one of the same investors in a separate case, defense judgment after trial defeating alter ego allegations seeking to impose multi-million dollar liability.
- Judgment after trial in favor of two members of an LLC, ousting a third member and gaining full control of all the LLC's assets.
- Judgment after trial on behalf of two brothers against family members, unwinding a fraudulently created trust and restoring assets valued at $2.2 million to the brothers.
- Confidential settlement reached five days into a jury trial of a dispute over an investment in real estate projects.
- Settlement of a wrongful death claim for $2 million against an indigent defendant based on third-party insurance.
- Settlement on the eve of trial of $1,975,000 in a fiduciary duty case regarding interrelated LLCs, based on claims of minority interest-holder oppression.
- Judgment after trial in favor of a general partner against the other partner for $178 million, removing the other partner from the partnership.
- Determination after a mini-trial of the client's right to punitive damage discovery, paving the way for resolution of an employment battery case.
- Defense judgment after trial on behalf of a high-end antique dealer regarding an alleged consignment of antiques valued at $1.3 million.
- Judgment after trial for $975,000 on behalf of a military air craft parts supplier against a joint venture partner.
- Settlement of legal malpractice claims against prior counsel after substituting into a case on the eve of trial and salvaging the underlying case.

Business Litigation
Intellectual Property
Employment
Insurance Coverage
Legal Malpractice

United States Supreme Court
Ninth Circuit Court of Appeals
All California State Courts
Central District of California
Northern District of California
Southern District of California
Eastern District of California

Cornell University (1985) J.D.
UCLA (1982) B.S., Physics

< BACK

AFFELD GRIVAKES LLP
2049 CENTURY PARK EAST, SUITE 2460
LOS ANGELES, CA 90067
(310) 979-8700

NORTHERN CALIFORNIA OFFICE
1261 LINCOLN AVENUE, SUITE 208
SAN JOSE, CA 95125

Home     Our Firm     Our Work          Attorney Advertising     Contact     © 2020 AG Law



**EXHIBIT 3**

 AFFELD GRIVAKES LLP

HOME    OUR FIRM    PRACTICE AREAS    OUTCOMES    CONTACT

< BACK



# BRIAN ENGLAND

**Lawyer**  |  Los Angeles  |  (310) 979-8700 ext. 216  |  bre@agzlaw.com

Brian is a veteran litigator with a broad range of experience extended over a twenty-year career, including representing individual and business clients in complex disputes around the country.

Brian has broad experience in complex litigation. He has represented plaintiffs in patent and trademark enforcement actions at many stages, including Markman issues, and against antitrust claims arising from those enforcement actions, and has successfully argued an appeal in the Federal Circuit. He has represented both foreign and domestic companies, in licensing and commercial transaction matters.  More recently, Brian has represented intellectual property owners on legal malpractice claims against their former lawyers, and business owners in cases against their partners.

## Biography

Brian began his legal career in the Los Angeles office of Robins, Kaplan, Miller & Ciresi LLP.  He then joined the leading international law firm Sullivan & Cromwell LLP as an associate and was later promoted to special counsel.  During that time, Brian represented large, publicly-traded companies in high-stakes, complex litigation and regulatory matters.

Brian is admitted to practice before the U.S. Court of Appeals for the Eighth, Ninth and Federal Circuits, the U.S. District Courts for the Central, Eastern, Northern and Southern Districts of California, and the District Courts of Arizona and the District of Columbia.

Brian has in the past worked extensively with Public Counsel's Adoptions Project, finalizing numerous adoptions. He also represented a family in an administrative hearing against Los Angeles County regarding the County's failure to properly pay adoption assistance, resulting in a substantial increase in the monthly payments and significant lump sum payment for past deficiencies. Brian was honored as the Adoptions Project's Advocate of the Year for 2003. He has also participated, on a pro bono basis, in other family law and parental rights issues.  Finally, Brian was part of a team that litigated a significant prisoner's rights litigation that resulted in a favorable outcome for deaf prisoners in the federal prison system.

- Represented a patent owner and its subsidiaries in numerous patent and trademark enforcement actions pending in the Central District of California, Northern District of California, and Northern District of Georgia, obtaining settlements and licenses in excess of $30 million, including successfully defeating an appeal to the Federal Circuit.
- Successfully represented plaintiffs in a class action alleging fraud and unfair competition arising out of a scheme to sell alleged business franchises, obtaining significant financial settlements for the named class representatives.
- Represented a Fortune 100 company in a coordinated proceeding involving more than 25 nationwide and state class actions involving claims of fraud, violations of consumer protection statutes, and breaches of express and implied warranties arising out of the sale of polycarbonate baby bottles and products.
- Represented major investment banks in the Enron Securities class actions and University of California Regents, et al. v. AOL Time Warner Inc., et al, participating in all aspects of the defense of these actions.

| | | |
|---|---|---|
| Business Litigation | California | UCLA (2000) J.D. |
| Employment | District of Columbia | University of Rochester (1997) B.A. |
| Intellectual Property | Arizona (inactive) | |
| Antitrust / Unfair | Minnesota (inactive) | |
| Competition | | |
| False Advertising | | |

< BACK

AFFELD GRIVAKES LLP
2049 CENTURY PARK EAST, SUITE 2460
LOS ANGELES, CA 90067
(310) 979-8700

NORTHERN CALIFORNIA OFFICE
1261 LINCOLN AVENUE, SUITE 208
SAN JOSE, CA 95125

Home    Our Firm    Our Work        Attorney Advertising    Contact    © 2020 AG Law



**EXHIBIT 4**

 **AFFELD GRIVAKES LLP**

HOME    OUR FIRM    PRACTICE AREAS    OUTCOMES    CONTACT

< BACK



## DAMION ROBINSON

**Lawyer** | Los Angeles | (310) 979-8700 ext. 217 | dr@agzlaw.com

Damion is a tenacious litigator and trial lawyer who represents individuals and businesses in complex and high-stakes disputes around the country, including business, employment, and insurance cases.

He has recovered millions of dollars for investors, employees, and business owners in disputes in state and federal courts, often facing off against large companies and wealthy individuals. Damion's cases have involved commercial real estate and insurance disputes, complex investment schemes, accounting and fiduciary fraud, and cutting-edge technology. Damion frequently steps in to turn cases around when a successful outcome seems out of reach.

### Biography

Damion started his career at preeminent international firm Sullivan & Cromwell LLP, where he represented publicly-traded companies and large financial institutions in high-stakes litigation, involving multiple billions of dollars in exposure. Before joining Affeld Grivakes, he founded and managed the business and corporate practice of boutique litigation firm Van Vleck Turner & Zaller LLP, representing technology startups, investors, and entrepreneurs.

Damion continues to represent individuals and businesses in a broad range of disputes from entertainment, to corporate governance, to wrongful termination.

Damion clerked for the Honorable David O. Carter in the United States District Court for the Central District of California from 2007 to 2008.

He has devoted a significant part of his work to the public interest on pro bono matters, including representing Central American refugees who fled gang violence and domestic abuse, and helping to establish the right of mentally disabled immigrants to counsel in immigration proceedings. Damion's pro bono work has earned him the Equal Justice Advocacy Award from the ACLU of Southern California, among other recognition.

- Handled a significant breach of fiduciary duty case that was resolved on a confidential basis for eight figures.
- $1,975,000 settlement on behalf of investor and company executive in case involving corporate embezzlement and accounting fraud.
- Confidential seven-figure settlement on behalf of a real estate investor in complex real-estate investment scheme.
- Confidential seven-figure settlement for real-estate investor in bad faith case against insurance company after prior counsel withdrew from the case shortly before pre-trial deadlines.
- Confidential seven-figure settlement on behalf of a property owner against its tenant after finding of liability and bad faith against tenant.
- Sued a major government contractor on behalf of five Los Angeles residents challenging illegal practices, resulting in a settlement in excess of damages and significant municipal policy reforms.
- Pursued claims for a defrauded investor through civil litigation and three bankruptcy cases, securing a non-dischargeable judgment in excess of the investment.
- Parachuted into a civil case as lead trial counsel on the second day of jury selection and won a unanimous verdict in his client's favor.

Business Litigation
Employment
Intellectual Property
Unfair Competition
Professional Liability

California

UCLA (2007) J.D.
University of Washington (2003) B.A.

< BACK

AFFELD GRIVAKES LLP
2049 CENTURY PARK EAST, SUITE 2460
LOS ANGELES, CA 90067
(310) 979-8700

NORTHERN CALIFORNIA OFFICE
1261 LINCOLN AVENUE, SUITE 208
SAN JOSE, CA 95125

Home    Our Firm    Our Work    Attorney Advertising    Contact    © 2020 AG Law



**EXHIBIT 5**

 **AFFELD GRIVAKES LLP**

HOME    OUR FIRM    PRACTICE AREAS    OUTCOMES    CONTACT

< BACK



# DAVID MARKEVITCH

**Lawyer** | Los Angeles | (408) 463-6802 | dm@agzlaw.com

David Markevitch is an experienced civil litigator and trial attorney whose expertise spans a broad range of complex cases, involving catastrophic injuries, business contracts, and employment matters.

David has recovered tens of millions of dollars for his clients.  Whether advising on pre-empting a dispute or resolving an existing conflict, David's deep knowledge of litigation procedure and dynamic in federal and state courts puts his clients ahead of their competition.  David is the Managing Attorney of AG's Northern California office.

### Biography

Throughout his career, David has worked for the Nation's top plaintiffs' litigation firms, where he represented hundreds of clients from across the United States in complex injury cases.  Before joining AG, in April of 2018, David founded the Markevitch Law Firm to serve and represent the people of the San Francisco Bay Area and the State of California.  After over a year of fruitful collaboration, David joined Affeld Grivakes LLP as the firm's Managing Attorney for Northern California.

David's expertise includes both product liability and injury litigation as well as complex business disputes.  He has litigated high-profile products liability cases across industries from defective consumer products, to vehicle "rollover" cases, to defective medical devices.  In the process, he has gone up against some of the largest companies in the medical and pharmaceutical injury.  David's technical and science background makes him uniquely adept at these cases.  David also represents individuals in employment and consumer class actions, challenging unfair and illegal employment and business practices.

Prior to becoming an attorney, David was a research chemist in the pharmaceutical drug industry.  His work was featured in peer-reviewed articles and is protected in numerous patents where David is one of the inventors.

David has received regular accolades from his peers, including recognition as a Northern California Super Lawyer in 2019 and 2020 and a Super Lawyers Rising Star in 2018, America's Personal Injury Attorneys, Top 100, The National Trial Lawyers, Top 100.  One of his cases earned him Top 40 Products Liability Verdicts in the United States and Top 50 Verdicts in California in 2017.

- David co-chaired a jury trial resulting in a $13 million jury verdict in a product liability case.
- David has recovered millions of dollars for hundreds of clients from throughout the United States in nationwide and statewide coordinate products liability cases.
- $1,975,000 settlement on behalf of investor and company executive in case involving corporate embezzlement and accounting fraud by the company CEO.

| | | |
|---|---|---|
| Business Litigation | California | UCLA (2007) J.D. |
| Employment | USPTO | UC Berkeley, School of |
| Unfair Competition | | Chemistry (2001) B.S. |
| Catastrophic Injury | | |

< BACK

AFFELD GRIVAKES LLP
2049 CENTURY PARK EAST, SUITE 2460
LOS ANGELES, CA 90067
(310) 979-8700

NORTHERN CALIFORNIA OFFICE
1261 LINCOLN AVENUE, SUITE 208
SAN JOSE, CA 95125

Home    Our Firm    Our Work         Attorney Advertising    Contact    © 2020 AG Law



**EXHIBIT 6**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 12

BC705912                                                        October 15, 2019
SAM DEKIN ET AL VS ATTILA LLC ET AL                                      9:30 AM

Judge: Honorable Barbara A. Meiers           CSR: None
Judicial Assistant: J. Araujo                ERM: None
Courtroom Assistant: F. Estrada              Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Damion Robinson, Esq. for David William Affeld, Esq.

For Defendant(s): Deborah F. Sirias, Esq. for Jeffrey Scott Ranen, Esq.

**NATURE OF PROCEEDINGS:** Hearing on Motion to Compel Further Discovery Responses; Hearing on Motion to Compel Further Discovery Responses; Hearing on Motion to Compel Further Discovery Responses

The matters are called for hearing.

Plaintiff's Motion for Further Responses to Requests for Admissions is granted in its entirety to be responded to without objection. Plaintiff is to recover $,6,030.00 from Defendants as sanctions.

Plaintiff's Motion for the Production of Documents is granted in its entirety with all documents sought to be produced within 10 days without objections.

Plaintiff's Motion to Compel Further Responses to Form Interrogatories is granted and all answers are to be provided without objection within 10 days. The same is true for all other information ordered to be produced. Defendants are to pay Plaintiff $3,870.00 in sanctions to Plaintiffs.

The Plaintiff's Motion to Compel Further Discovery Responses filed by L.T.D. Solutions, LLC, Sam Dekin on 09/06/2019, Motion to Compel Further Discovery Responses filed by L.T.D. Solutions, LLC, Sam Dekin on 09/19/2019, and Motion to Compel Further Discovery Responses filed by L.T.D. Solutions, LLC, Sam Dekin on 09/19/2019 are Granted.

Clerk is to give notice.

Certificate of Mailing is attached.

Electronically Received 10/04/2019 03:30 PM

Damion Robinson, State Bar No. 262573
Affeld Grivakes LLP
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Tel. (310) 979-8700
Fax (310) 979-8701
dr@agzlaw.com

Attorneys for Defendant Charles Lew, Esq.

**FILED**
Superior Court of California
County of Los Angeles

10/07/2019

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Deputy
Jean Gurnee

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| GERAGOS & GERAGOS, a professional corporation, | Case No. **19STCV00253** |
| Plaintiff, | Assigned for All Purposes to: Anthony Mohr, Dept. 96 |
| vs. | ~~[PROPOSED]~~ **ORDER GRANTING DEFENDANTS' MOTIONS FOR ATTORNEY'S FEES AND COSTS** |
| CHARLES LEW, ESQ., an individual; GABRIEL H. AVINA, ESQ., an individual; and DOES 1-10, inclusive. | Date:   September 9, 2019<br>Time:   10:30 a.m.<br>Dept.:   96 |
| Defendants | |
| | Action Filed:  January 4, 2019<br>Trial Date:    None Set |

On September 9, 2019, the Court heard argument on the following motions:

1.      Motion for Attorney's Fees and Costs pursuant to CCP § 425.16(c) by defendant Gabriel Avina ("Avina");

2.      Motion for Attorneys' Fees and Costs of defendant Charles Lew ("Lew") The motions are referred to collectively herein as the "Fee Motions."

**Appearances and Stipulations**

Noah Geldberg, Esq. appeared for plaintiff Geragos & Geragos, APC.  Doug Reid, Esq. for defendant Avina.  Damion Robinson, Esq. for defendant Lew

On the record, counsel for defendants stipulated as follows:

1.      Counsel for Lew stipulated to reduce the hours requested by Damion Robinson by 5.5 hours to remove time spent on activities other than Lew's Special Motion to Strike and related activities pursuant to Code of Civil Procedure § 425.16 (the "Anti-SLAPP Statute").

2.      Counsel for Avina stipulated to reduce the hours requested by Doug Reid by 2.2 hours reflecting work on the retainer agreement and on Avina's answer to the complaint. Counsel for Avina also stipulated to waive $156.00 in costs representing legal research fees at $39.00 per month for four months.

**Order on Fee Motions**

On May 10, 2019, the Court granted the Special Motion to Strike of defendant Avina. On May 31, 2019, the Court granted the Special Motion to Strike of defendant Lew.  Lew and Avina both filed the Fee Motions thereafter.

Code of Civil Procedure, section 425.16(c) provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."  Fees are mandatory under the Anti-SLAPP Statute.  Awards of attorneys' fees should be "fully compensatory" for all hours reasonably worked by counsel at reasonable hourly rates.  *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1133.  The fee award should also include fees incurred in seeking an award of fees and costs.  *Id.*

Based on the evidence submitted and the Court's experience, the Court finds that the rates requested by counsel, $350.00 per hour for Mr. Reid, $550.00 per hour for Mr. Robinson,

- 1 -

and $750.00 per hour for Mr. Grivakes are reasonable and appropriate and within the reasonable range of rates charged by attorneys with similar experience for similar work.

The Court finds that the hours spent by counsel in connection with the Special Motions to Strike were reasonable in light of the complexity of this case and the scope of the proceedings, subject to the adjustments below:

1. The Court reduces counsel's total hours by the stipulated reductions above.

2. The Court reduces the hours of counsel for Avina and counsel for Lew by one hour each in the exercise of its discretion.

The Court does not find that a lodestar multiplier is appropriate in this case.

The Court finds the costs incurred reasonable and appropriate, subject to the stipulated reduction of costs for Avina by $156.00.

Based on the foregoing, the Court GRANTS the Fee Motions as follows:

1. Lew is hereby AWARDED fees and costs against plaintiff Geragos & Geragos APC in the total amount of $45,871.31, as follows:

| | |
|---|---|
| Fees of Christopher Grivakes[1] | $17,025.00 |
| Fees of Damion Robinson[2] | $28,105.00 |
| Costs | $741.31 |
| **Total:** | **$45,871.31** |

2. Avina is hereby AWARDED fees and costs against plaintiff Geragos & Geragos, APC in the total amount of $70,775.65, as follows:

| | |
|---|---|
| Fees of Doug Reid[3] | $68,250.00 |
| Costs[4] | $2,525.65 |
| **Total:** | **$70,775.65** |

**It is SO ORDERED.**

Dated:  10/07/2019

_____
The Honorable Anthony Mohr, Dept. 96
JUDGE OF THE SUPERIOR COURT

---

[1] 23.2 hours at $750.00 per hour, less one half of the one-hour reduction ordered above (0.5 hours).
[2] 57.1 hours at $550.00 per hour, less 5.5-hour stipulated reduction, and one half of the one-hour reduction ordered above (0.5 hours).
[3] 198.2 hours at $350.00 per hour, less 2.2-hour stipulated reduction, and one-hour reduction ordered above.
[4] Reduced by stipulated amount of $156.00.

ORDER GRANTING FEES AND COSTS

1    Hon. Richard Aldrich (ret.)
2    JAMS
     555 W. 5th St.
3    32nd Floor
     Los Angeles, CA 90013
4    Tel: 310-309-6201

5    REFEREE

6

7

8

9

10                      **SUPERIOR COURT OF CALIFORNIA**

11                        **COUNTY OF LOS ANGELES**

12

13   O'Neil Digital Solutions LLC,

14                                          CASE NO:  BC657947

15                    Plaintiff(s),         JAMS REF #:  1220063388

16   vs.
                                            **ORDER GRANTING RESPONDENT'S**
17                                          **MOTION TO (A) COMPEL COMPLIANCE**
     James Lucanish,                        **WITH AGREEMENT TO PRODUCE**
18                                          **DOCUMENTS; (B) COMPEL INSPECTION**
                     Defendant(s).          **PURSUANT TO INSPECTION DEMAND;**
19                                          **AND (C) REQUEST FOR SANCTIONS.**

20

21

22          The parties have been fighting about certain Demands to Produce Documents in this

23   case for over one year.  On September 11, 2019, Respondent and Cross-Claimant (hereafter

24   Respondent or Lucanish) filed its motion to compel compliance with an Agreement to Produce

25   Documents; to compel inspection pursuant to the Inspection Demand previously filed by

26   Respondent; and for Sanctions in the form of attorney fees and costs.  On September 19, 2019,

27   Claimant O'Neil Digital Solutions (hereafter Claimant, ODS, or O'Neil) filed its Opposition to

28   said Motion and on September 23, 2019, Respondent filed its Reply.  The Referee was appointed

                                          1

as Discovery Referee by Hon. Maureen Duffy-Lewis, Judge of the Los Angeles Superior Court. The Referee has read and considered all the papers and pleadings filed in support of and in opposition to this Motion, and the arguments of counsel during a telephonic hearing on September 23, 2019, and now makes the following Order.

## 1. Background

This dispute involves efforts of Lucanish, an ex-employee of Plaintiff O'Neil Digital Solutions (hereafter ODS)  to gain access to the accounting records of ODS in order to support his claim for a bonus he alleges was withheld from him by Plaintiff when Plaintiff changed its CEO, its accounting firm and accounting methods.  Although Lucanish is the Respondent/Cross-Complainant in this Action, he claims that he is entitled to a bonus or bonuses that were wrongly withheld from him and had he not been fired he would have received bonuses through 2018.  He claims that he was promised a bonus of $1,000.000 for the year 2015, but as a result of "creative accounting" ODS slashed Lucanish's bonus and demanded that he repay previous bonuses.  Lucanish challenged the new CEO's calculations and demanded an independent audit, which ODS refused.  He also claims that in response to his demands for an independent audit, the "new CEO, Scott O'Neil (hereafter O'Neil) attempted to retroactively revoke his bonus and then wrongfully fired him.  As the bonus structure at ODS seems to be founded on the company's net operating revenue the accounting records are directly relevant to both Lucasich's claim for a bonus and to ODS's claim that Lucasich was overpaid bonuses for certain years.

Lucanish caused requests for production to be served on plaintiff and cross-defendant O'Neil Digital Solutions, LLC (hereafter ODS) to produce accounting records for ODS and its parent and subsidiary companies in August 2018. ODS did not respond until January 2019. On February 19, 2019, the parties through their attorneys met in the court's jury room for four hours. During that extensive meeting an agreement was reached as reflected in a six page letter dated February 19, 2019 from Damion Robinson, Esq. to William Lancaster and a two page letter dated February 20, 2019 from Lancaster to Affeld and Robinson.  According to this correspondence the parties agreed that ODS would produce "financial statements and

general ledgers" for ODS and all affiliates from 2012 through 2016.  (See exhibits 1 and 2 to declaration of David W. Affeld).

In an email dated May 20, 2019, attorney Robinson (representing Lucanish) asked attorney Lancaster (representing ODS) to provide a response to the request to produce documents in their "native format".  "Native format" is the format and programs used by ODS when it created the files.  The reason given was that it is only in "native format" that the documents can be easily searched and verified by Lucanish's experts.  Further, Robinson pointed out that in a .pdf format, the experts would have to recreate the books and even then, the books would be inaccurate and incomplete as hidden data and unknown formulas would make the task impossible and very costly ($20,000 to $100,000 and potentially more) for just the data entry.  Whereas, producing the files in their "native format" would not only save time and expense, but would make the files easily searchable.

Again, on June 13, 2019, attorney Affeld (representing Lucanish) sent an email to attorney Lancaster, asking for the files to be produced in their "native format."  On June 14, 2019, Lancaster emailed Affeld confirming that ODS used Epicor from 2012-2014 and Microsoft Dynamic NAV in 2015-2016.  On June 17, 2019, attorney Affeld once again stressed to Lancaster the importance of producing the files in "native" format.  On June 20, 2019, it was necessary for Affeld to once again ask for the accounting documents in "native format", i.e., Epicor or Microsoft NAV.  On June 21, 2019, Affeld again emailed Lancaster asking for the documents in "native format".  Lucanish served a site inspection demand on ODS on June 21, 2019.  He asked for physical access to ODS' accounting system so that Lucanish's expert could download the data he needs directly.  ODS refused.  (Robinson Decl. para. 41-43; Affeld Decl. para. 24-25.) On June 27, 2019, Counsel for Lucanish again emailed Lancaster asking for the documents be provided in "native format."

In response to all of the requests, ODS never produced the documents in their "native format" meaning in either Epicor or Microsoft Dynamic NAV, and consistently provided only .pdf formatted documents.

Lucanish also complains that the documents that have been produced in printed hard-copy format are incomplete in that many are missing attachments and many of the

spreadsheets are unreadable and indecipherable.  They also failed to include formulas, comments, hidden cells, and underlying data.  As an example, Lucanish complains that ODS failed to produced financial statements for several of its affiliates, including its parent company Data Analysis, Inc. (DAI) and its sister companies such as Investors' Business Daily and O'Neil Capital Management; or the general ledgers for these sister companies in any format and the written accounting policies.  Lucanish argues that the financials from these companies must be examined to determine, for example, if expenses from any of these companies were included in the 2015 financial statements of ODS thereby affecting the earnings of ODS.

In response to the June 27, 2019 request above, on June 28, 2019, counsel for ODS delivered what it claimed were backup files from its Epicor and Microsoft NAV databases however, according to Lucanish, ODS stripped the underlying data so that the files cannot be loaded into the Epicor or NAV platforms.  Further, much of the data is coded and cannot be deciphered or used by an accountant.

Further, Lucanish agreed to limit the time period for the documents to 2012 through 2016 and further agreed that after the examination ODS can "claw-back" any documents outside those time parameters.  Lucanish has also agreed to keep the documents "confidential" or "attorneys' eyes only."

Lucanish also argues that ODS' production is incomplete in that it has failed to produce the following documents in any form: (a) Complete financial statements for ODS for 2012 to 2016; (b) Financial Statements or general ledgers of its affiliates.[1]  He also argues that ODS has not produced complete versions of its own general ledgers or financial statements.[2]

In opposition, ODS claims that Lucanish as CEO of ODS controlled the accounting department of ODS and controlled his own bonuses based upon his projections of net operating revenue rather than the actual revenue.  Stated another way, it is ODS's position that Lucanish

---

[1] Based on the records produced by ODS, these affiliates include Data Analysis, Inc.; O'Neil Capital Management Inc., formerly O'Neil Data Systems Incorporated; William O'Neil & Co. Incorporated; O'Neil Securities, Incorporated; Finadco; Xanada, LLC; Marketsmith, Inc.; O'Neil Data Systems, LLC; O'Neil DS, LLC; O'Neil Digital Solutions, LLC; Investor's Business Daily, Inc.; William O'Neil India Private Limited; Xanada N.C. Enterprise, LLC; and William O'Neil China Pvt. Limited.

2. ODS has not produced monthly financial statements. The annual financial statements it produced for 2012 and 2013 are only half-years. ODS acknowledges that the other months are in hidden cells not contained in the .pdf files it produced

owed ODS for the "exorbitant and undeserved bonuses he paid himself." (See ODS Opposition.) Further ODS claims that "the ODS financial statements and reporting was prepared by and the responsibility exclusively of the ODS accounting department for the period of (and before) 2014, throughout 2015, throughout 2016 and through and following Lucanish's employment termination in January 2017." (9/19/19 Beste Decl. at 14.) The Referee notes that none of these arguments justify ODS' refusal to produce the documents in the format demanded.

Also, ODS claims there is no missing $11 million and states that 2015 projections were overstated by Lucanish by approximately $10 million and that amount was never received in 2015. ODS admits that sales revenue increased in 2015 but maintains that the increase was only $2,865,016 or about 3% over 2014 revenues. ODS claims that Lucanish "improperly authorized payments to himself of bonus monies far in excess of his entitlement in 2015- hundreds of thousands more than the 4% of the monthly bonus pool he was allowed." (Opposition, p. 6.)

As to Lucanish's claim that ODS reduced revenue by $10 million, ODS explains that "Lucanish's $11 [sic.] million increase consists mainly of freight revenues of $8.7 million. Freight costs incurred to ship ODS customer product to its intended destination are and were in 2015 rebilled at cost to ODS customers. These rebilled amounts are dollar for dollar "pass-throughs" charged back to ODS customers, resulting in no net operating income to ODS. Generally Accepted Accounting Principles require these rebilled costs be displayed as both revenues and expenses in the Company financial statements." (ODS Opposition, p. 7-8.)

As further explanation for why there was no $10 million increase in revenue, ODS avers that Lucanish opened another printing plant in North Carolina and the costs to staff to run this new large printing facility added $4 million of expenses in 2015 that further reduced Company operating income. (9/19/19 Kumamoto Decl. at, S.) ODS claims "[I]n addition to added depreciation and amortization costs generated from the North Carolina printing facility, substantial purchases of capital expenditures comprised of fixed assets and leasehold improvements were also made in Texas and California by Lucanish during 2014 and 2015." ODS further claims that Lucanish has made "a baseless contention that a $16 million 'discrepancy' occurred in 2015 and 10 million in supposed revenue is missing is simply based on

1  self-serving math that ignores the true nature and pass-through treatment of freight revenues and

2  ignores operational cost increases. (9/19/19 Kumamoto Decl. at 10.)

3  **Discussion.**

4  It is beyond dispute that these arguments and counter-arguments can be resolved by

5  disclosure and evaluation of the accounting records sought.  Lucanish's counterclaim at its core

6  is an accounting matter that can only be resolved by the financial records Lucanish seeks in this

7  motion.  ODS has the accounting records and it would be unfair for Lucanish not to have access

8  to those same accounting records in their native format in order to defend himself from the

9  claims of ODS and to prove his case against ODS for a bonus he claims he is owed.

10  The moving party has shown sufficient need for the documents requested in their

11  "native form" and specified specifically that the form needed is Epicore or Microsoft NAV.  This

12  is the form that the records are maintained at ODS and the form in which the documents were

13  created.  It has further been demonstrated that ODS failed to comply with this document demand

14  producing instead documents in .pdf or Excel format. Lucanish has established through the

15  repeated demands on ODS and the declarations of his experts that in the format produced, the

16  documents are uninformative, unusable and incomplete.  *Section 2031.280 of the California*

    *Code of Civil Procedure* is instructive in this case.  It is part of the *Electronic Discovery Act,*

17  *stats. 2009* and provides in relevant part:

18  "Any document produced in response to a demand for inspection, copying, testing

19  or sampling shall either be produced as they are kept in the usual course of business, or be

20  organized and labeled to correspond with the categories in the demand." (*CCP sec.*

21  *20131.280(a)*.)  Here the demand and subsequent emails and phone calls between counsel made

22  it explicitly clear that Lucanish was demanding accounting documents in their native format in

23  order to enable him and his experts to search the records and obtain the information on

24  "operating income" to defend himself and to support his claim for a 2015 bonus.  The production

25  ODS made was not in the form that ODS kept the documents in the ordinary course of its

26  business.

27  Further, a party demanding inspection, copying, testing or sampling of

28  electronically stored information may specify the form or forms in which each type of

6

electronically stored information is to be produced.  (CCP sec. 2031.030(a)(1).)  The massive, unwieldy PDF files that ODS produced are not in the format that ODS ordinarily maintains its accounting data and are not reasonably usable. A .pdf production is not "reasonably usable" where it significantly degrades the ability of the requesting party to search through, sort, or manipulate the data.  (*Ellis v. Toshiba Am. Info. Sys.* (2013) 218 Cal.App.4th 853, 861.

### a. Waiver.

"Within 30 days after service of a demand for inspection, copying, testing or sampling, the party to whom the demand is directed shall serve the original of the response to it on the party making the demand. . ." (CCP sec. 2031.260.)  Here, the demand for production was served on ODS in August 2018.  No Response or Objection was made until January 2019, more than 120 days from the date of the demand.  The Responses provided only objections to a large number of requests.  "If a party to whom a demand for inspection, copying, testing or sampling is directed fails to serve a timely response to it, the following rules shall apply: (a) The party to whom the demand for inspection, copying, testing or sampling is directed waives any objection to the demand, including one based on privilege or on the protection for work product under Chapter 4 (commencing with Section 2018.010)."  (CCP sec. 2031.300(a).)

ODS waived its objections three times over. First, when ODS failed to timely respond to the requests, it waived all objections. Code Civ. Proc. § 2031.300(a). Second, when it did respond, it did not object to the specified format or propose another one. Code Civ. Proc. § 2031.280(c). Third, when it agreed to produce the accounting documents during the parties' February meet-and-confer, it again did not object to native format. It is too late for ODS to refuse to produce native files. *Deyo v. Kilbourne* (1978) 84 Cal. App. 3d 771, 785. ("Objections must be interposed in a timely fashion") (internal citations omitted). As the demand for production was made by Lucanish in August 2018, the time to respond expired 30 days from the date of service or in September 2018.  Instead, responses were not filed until January 2019, three months too late.  Any objection to this production has therefore been waived by ODS.

### Relevance.

The accounting records sought by Lucanish are clearly relevant to the subject matter of this litigation.  In fact, the records are relevant evidence to dispose of the cross-claim. To the

extent that ODS claims the records are private or confidential, ODS can designate them as "confidential" or "for attorney eyes only" pursuant to the parties' stipulated confidentiality agreement. Lucanish has already agreed that ODS staff and counsel may supervise the inspection.

**Burdensome and Oppressive.**

To the extent that ODS claims that the production of ODS's accounting records would be burdensome and oppressive, Lucanish only wants access to the accounting records that ODS maintains in the ordinary course of its business. Lucanish also avers that the burden upon ODS would be minimal as it would only require that Lucanish's experts be given access to those accounting records to conduct their examination and determine if Lucanish is entitled to a bonus or whether his past bonuses were legitimate.

Balancing Lucanish's need for this information, which is central to his cross-complaint, against any inconvenience to ODS, the equities clearly favor Lucanish. Further, while ODS claims that even allowing Lucanish's experts to examine the computer files at ODS would be burdensome, they have not met their burden of establish how giving someone else access to their native data would be either burdensome or oppressive. During oral argument on September 23, 2019, attorney Robinson indicated that the examination could be completed in two or three sessions. ODS does not dispute that it could easily make a backup of its accounting data. See Berliner Decl. ¶ 17. It could just as easily give Lucanish access to the data at ODS' site, simply by allowing his forensic accountant to log into ODS' accounting system as ODS personnel do every day. These procedures are routine in financial litigation. ODS does not claim that they are burdensome.

**Proprietary "Secret" Information**

ODS argues that allowing Lucanish's experts to review the original computer data of ODS would lead to the disclosure of its proprietary information of its customers. ODS's argument is not unlike the argument of *Hester Industries, Inc.* (*Hester*) in *Heat & Control, Inc. v. Hester Industries, Inc.* 785 F.2d 1017 (hereafter Hester). In that case *Heat & Control* had patented a design for a counterflow oven (CFO). *Hester* is a small corporation in West Virginia that processes chickens. Hester bought CFOs from Stein. Stein then sued *Heat & Control* for

8

1    patent infringement. *Heat & Control* counterclaimed for infringement and the case was

2    transferred to the United States District Court in San Francisco.  Stein sought to have *Heat &*

3    *Control's* patents declared invalid.  *Heat & Control* sought discovery from *Hester*.  Hester filed a

4    motion to quash and both in its memorandum in support and at the hearing on the motion argued

5    that (1) the information sought constitutes proprietary trade secrets, the disclosure of which

6    would seriously harm its business and (2) that the information sought was more conveniently

7    available from other sources.  The District Court granted the motion to quash.  On appeal, the

8    Circuit Court reversed.  In response to the argument that the discovery requested would divulge

9    trade secrets in the design of its CFOs, the Circuit Court, relying on Federal Rule 26(c)(7) stated

10   that the Rule permits the court "for good cause shown" to make "any order which justice requires

11   to protect a party. . .from annoyance, embarrassment, oppression, or undue burden. . .including. .

12   .that a trade secret . . not be disclosed or be disclosed only in a designated way.  When a court is

13   confronted with a motion to quash, its duty is not to deny discovery altogether, but to reduce the

14   demand to a reasonable level, considering the parties' concerns. (Citing *Deitchman v. E.R.*

15   *Squibb & Sons, Inc.*, 740 F.2d 556 at 560), (giving the court the responsibility and power to

16   fashion an order balancing the parties' interests.")  (*Heat & Control v. Hester Industries, Inc.*

17   785 F.2nd 1017.).

18            Here, Lucanish has established through the declarations of two experts that the

19   documents that have been produced by ODS in .pdf and Excel formats are unusable and are

20   missing cells, metadata and back-up information.  "[P]roduction of electronic stored information

21   in .pdf format may not be sufficient if the requesting party can show that the format is not

22   'reasonably usable' and that the native format, with accompanying metadata meet the criteria of

23   'reasonably usable' whereas the .pdf format doses not." (Ellis v. Toshiba Am. Info. Systems

24   (2013) 218 Cal.App.4th 853, 861 n.6.)  Here, Lucanish has met his burden.

     Therefore, in light of the premises, the Referee now makes the following Order:

25       1.  Within ten (10) days of the date of this Order, ODS shall permit an onsite inspection of

26            its books and records and make them available to Lucanish through his counsel and

27            experts, Larry Berliner and Jamie Holmes. All of the accounting records shall be in their

28            native format of Epicor or Microsoft Dynamic NAV as kept by ODS in the general

---

9

course of business as demanded by Lucanish. . The ODS accounting and financial documents will be available via computer from ODS's offices. (This will include the entire accounting system, including both the Epicor and NAV data, for each of ODS and its subsidiaries and divisions).

An ODS representative will be on site to provide data from the Epicor and NAV databases. The representative will export the data and reports requested by Lucanish's experts from the time period between 2012 and 2018[3]. Lucanish's representatives will be provided the data necessary to interpret the coded data in the databases, such as cross-reference tables and backup materials as needed.

2. Counsel and representatives for ODS will be permitted to be present but they shall not unreasonably interfere with the accounting work being performed.

3. ODS will make every effort to make the documents accessible in their native format and shall cooperate with the reasonable requests of the experts in completing their analysis.

4. All records produced from this inspection and examination shall be "CONFIDENTIAL" and shall be marked "COUNSEL EYES ONLY". All documents shall be subject to the confidentiality agreement previously drafted by counsel for the parties. Use of the records shall be limited to the confines of this lawsuit, Los Angeles Superior Court Action No. BC657947.

5. The documents to be examined shall be limited to the time period, 2012 through 2018.

6. ODS shall have the right to "claw-back" any data outside of the relevant time period.

7. Lucanish's accountants and experts will inspect the data on site, under ODS' supervision.

8. Lucanish shall have physical access to ODS' accounting system so that Lucanish's experts can download the data they need directly.

9. In addition to any documents specified in paragraph 1 above, among the documents ODS will make available to Lucanish's experts:

(a) complete financial statements for ODS for 2012 to 2018;

---

[3] While the agreement between counsel called for production of documents from 2012 through 2016, Lucanish claims in his motion that he needs 2017-2018 to prove his damages. He claims if he were not fired, he would have been entitled to a bonus for those years.

10

(b) Financial statements or general ledgers of all affiliates of ODS both parent; subsidiary and sister companies; (c) complete backup files provided to its auditors; and (d) ODS' complete written accounting policies.

### Sanctions.

This demand for production began more than one year ago in August 2018. Thereafter, as set out above, it was necessary for Lucanish's counsel to make repeated demands by letter, email and telephone. There were at least eight written demands and several telephone calls between August 2018 and June 27, 2019. There was a four hour in person meeting in Judge Duffy-Lewis's jury room at which Lucanish thought the discovery issues were resolved. Also, Lucanish's counsel made a demand for an onsite inspection only to be met with restrictions that Lucanish's experts said would make the inspection meaningless.

On July 20, 2019, still unable to resolve this discovery dispute, the Parties stipulated to the appointment of a Discovery Referee and the undersigned Referee was appointed.

The Referee finds that ODS knowingly failed and refused to produce the requested documents in their "native format" despite repeated requests to do so. The referee recognizes that ODS did produced voluminous documents, but they were all in an unusable .pdf or Excel formats and were told repeatedly that these productions were unusable. When counsel explained why these formats were unusable ODS continued to maintain that it had complied with the Production Demand. Had ODS produced the documents in their native format (Epicore and NAV) or allowed an onsite inspection as Lucanish requested on June 21, 2019, this matter could have been resolved long ago. ". . .[T]he court shall impose a monetary sanction under Chapter 7 (commencing with Section 2023.010) against any party, person or attorney who unsuccessfully makes or opposes a motion to compel compliance with a demand, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (CCP sec. 2031.320(a). (See also Affeld Decl. Para. 26-27; Robinson Decl. par. 44-46.)

The Referee finds that the failure of ODS to produce the documents requested was willful and without substantial justification. Therefore, the Referee Orders ODS and its counsel

---

11

ORDER GRANTING RESPONDENT'S MOTION

1

2

to pay Sanctions in the sum of four-thousand, nine-hundred and fifty ($4,950) for costs and

attorney fees to Lucanish within ten days of this order.

3

4

IT IS SO ORDERED.

5

6

SEPTEMBER 25, 2019

7

8

9

Hon. Richard Aldrich (ret.)
Referee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING RESPONDENT'S MOTION

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: O'Neil Digital Solutions LLC vs. Lucanish, James
Reference No. 1220063388

    I, Reggie Joseph, not a party to the within action, hereby declare that on  September 25, 2019, I served the attached ORDER GRANTING RESPONDENT'S MOTION TO (A) COMPEL COMPLIANCE WITH AGREEMENT TO PRODUCE DOCUMENTS; (B) COMPEL INSPECTION PURSUANT TO INSPECTION DEMAND; AND (C) REQUEST FOR SANCTIONS. on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at Los Angeles, CALIFORNIA, addressed as follows:

William H. Lancaster Esq.
Damon C. Anastasia Esq.
Lancaster & Anastasia LLP
12100 Wilshire Blvd
Eighth Floor
Los Angeles, CA  90025
Phone: 213-232-1352
wlancaster@lancaster-anastasia.com
danastasia@lancaster-anastasia.com
   Parties Represented:
   O'Neil Digital Solutions, LLC

David W. Affeld Esq.
Damion D. Robinson Esq.
Affeld Grivakes Zucker LLP
2049 Century Park E.
Suite 2460
Los Angeles, CA  90067
Phone: 310-979-8700
dwa@agzlaw.com
dr@agzlaw.com
   Parties Represented:
   James Lucanish

Hon. Maureen Duffy-Lewis
Los Angeles County Superior Court
Stanley Mosk Courthouse
111 N. Hill St.  Dept 38
Los Angeles, CA   90012
Phone: 213-974-5173
VIA ONE LEGAL
   Parties Represented:

    I declare under penalty of perjury the foregoing to be true and correct. Executed at Los Angeles, CALIFORNIA on  September 25, 2019.

Reggie Joseph
rjoseph@jamsadr.com



**Confirmation #:**  23109937
**Case Title:**  O'NEIL DIGITAL SOLUTIONS LLC VS JAMES LUCANISH

Thank you for choosing One Legal. If you have any questions about this order, please email us at support@onelegal.com.

## CASE INFORMATION

| | |
|---|---|
| **Court Name:** | Los Angeles County, Superior Court of California |
| **Court Branch:** | Central District |
| **Case Title:** | O'NEIL DIGITAL SOLUTIONS LLC VS JAMES LUCANISH |
| **Case Category:** | Civil Unlimited |
| **Case Type:** | Other Breach of Contract/Warranty (not fraud or negligence) |
| **Case #:** | BC657947 |

## ORDER DETAILS

| | |
|---|---|
| **Order Type:** | eFiling |
| **Filing order #:** | 13823049 |
| **Date/Time Submitted:** | 9/25/2019 4:48 PM PT |
| **Client Billing Code:** | None |
| **Contact Name:** | Reggie Joseph |
| **Attorney Name:** | Richard Aldrich |
| **Email Notification:** | Contact |
| **Special Instructions:** | JAMS Exception- This is being filed on behalf of Discovery Referee, Hon. Richard Aldrich of JAMS. |

## DOCUMENTS

| Document Type | Document Title | Pages Uploaded |
|---|---|---|
| Order | Order (ORDER GRANTING RESPONDENT'S MOTION TO (A) COMPEL COMPLIANCE WITH AGREEMENT TO PRODUCE DOCUMENTS; (B) COMPEL INSPECTION PURSUANT TO INSPECTION DEMAND; AND (C) REQUEST FOR SANCTIONS) | 13 |

Copyright © 2019 One Legal LLC • www.onelegal.com

Electronically Received 02/17/2021 09:58 AM

1  Damion D. D. Robinson, State Bar No. 262573
   dr@agzlaw.com
2  Affeld Grivakes LLP
   2049 Century Park East, Suite 2460
3  Los Angeles, California 90067
   Tel. (310) 979-8700
4  Fax (310) 979-8700

5  Attorneys for Cross-Defendants Elliott N. Tiomkin,
   and Law Offices of Elliott N. Tiomkin
6

7

**FILED**
Superior Court of California
County of Los Angeles

**02/18/2021**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ C. Wilson _____ Deputy

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **COUNTY OF LOS ANGELES**

10

11  ARMEN ABELYAN,                          | **Case No.: 19STCV40558**

12                        Plaintiff,        | *Assigned for All Purposes to:*
                                            | The Hon. Barbara M. Scheper, Dept. 30
13              vs.                          |
                                            | [PROPOSED] **ORDER GRANTING**
14  MARK GERAGOS; SETARA QASSIM;            | **CROSS-DEFENDANTS' MOTIONS FOR**
    GERAGOS & GERAGOS; AND DOES 1-          | **FEES AND COSTS**
15  10,                                     |
                                            | Date:  January 20, 2021
16                        Defendants.       | Time: 8:30 a.m.
                                            | Dept: 30
17  GERAGOS & GERAGOS, a professional       |
    corporation; MARK GERAGOS, an           | Action Filed: November 8, 2019
18  individual; and SETARA QASSIM, an       | Trial Date:    None Set
    individual,                             |
19                                          |
20                   Cross-Complainants,    |

21              vs.                          |

22  ELLIOTT N. TIOMKIN an individual; LAW   |
    OFFICES OF ELLIOTT N. TIOMKIN, a        |
23  business of unknown formation; ARMEN    |
    ABELYAN, an individual; and DOES 1      |
24  through 10, inclusive.                  |

25                   Cross-Defendants       |

26

27

28

- 1 -

ORDER AWARDING FEES AND COSTS

The motion of Cross-Defendants Elliott N. Tiomkin and Law Offices of Elliott N. Tiomkin (collectively, "Tiomkin") and of Plaintiff and Cross-Defendant Armen Abelyan ("Abelyan"; collectively "Cross-Defendants") for awards of attorney's fees and costs came on for hearing on February 2, 2021 at 8:30 a.m. in Department 30.

The Court, having considered the moving, opposing, and reply papers, the evidence submitted, and the arguments of all counsel, adopted its tentative ruling, attached as **Exhibit 1**, as its final ruling.  Accordingly, the Court hereby ORDERS as follows:

#### Findings

Cross-Defendants prevailed on their two special motions to strike pursuant to Code of Civil Procedure § 425.16 and are entitled to an award of attorney's fees and costs.

Based on the materials submitted and the Court's own experience, the Court finds that the following hourly rates submitted by counsel for Cross-Defendants, are fair, reasonable, and appropriate:

| | |
|---|---|
| Damion Robinson: | $595.00 per hour |
| Elliott N. Tiomkin: | $690.00 per hour |

The Court also founds that the hours submitted by counsel for Cross-Defendants are reasonable and appropriate in light of the work performed and the complexity of the issues, as follows:

| | |
|---|---|
| Damion Robinson: | 42.8 hours |
| Elliott N. Tiomkin | 61.7 hours |

The Court does not find a multiplier appropriate in this case.

Defendants and Cross-Complainants Mark Geragos, Setara Qassim and Geragos & Geragos (collectively, "Cross-Complainants") did not challenge the costs requests submitted by Cross-Defendants.

#### Order

Based on the foregoing, the Court ORDERS, ADJUDGES, and DECREES as follows:

1    Cross-Defendants Elliott N. Tiomkin and Law Offices of Elliott N. Tiomkin are

2  hereby awarded attorney's fees of $30,107.00 and costs of $553.81 (in the total amount of

3  $30,660.81) against Cross-Complainants Mark Geragos, Setara Qassim, and Geragos &

4  Geragos, jointly and severally.

5    Plaintiff and Cross-Defendant Armen Abelyan is hereby awarded attorney's fees

6  of $53,958 and costs of $670.82 (in the total amount of $54,628.82) against Cross-Complainants

7  Mark Geragos, Setara Qassim, and Geragos & Geragos, jointly and severally.

8    This order may be enforced as a judgment upon its issuance.

9

10    **It is SO ORDERED.**

11  Dated: 02/18/2021

12    The Honorable Barbara M. Scheper
   JUDGE OF THE SUPERIOR COURT

13    Barbara M. Scheper / Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER AWARDING FEES AND COSTS

**EXHIBIT 1**

**Case Number:** 19STCV40558    **Hearing Date:** February 02, 2021    **Dept:** 30

Dept. 30

Calendar No.

<u>Abelyan vs. Geragos, et. al.</u>, Case No. 19STCV40558

Tentative Ruling re:  Cross-Defendant's Motion for Attorney's Fees

Cross-Defendant Armen Abelyan (Abelyan) moves for an order awarding $97,215.97 in attorney fees and costs for prevailing on his Special Motion to Strike the cross-complaint of Mark Geragos, Geragos & Geragos, and Setara Qassim (Cross-Complainants or the Geragos Parties), which the Court granted on December 10, 2020. The motion is granted in part.

Code of Civil Procedure, section 425.16, subdivision (c) provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Fees are mandatory under the Anti-SLAPP Statute. Awards of attorneys' fees should be "fully compensatory" for all hours reasonably worked by counsel at reasonable hourly rates. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1133 (*Ketchum*.) The fee award should also include fees incurred in seeking an award of fees and costs. (*Ibid.*)

A defendant may only recover fees and costs related to the motion to strike. (*Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 39 Cal.App.4th 1379, 1383.) This includes fees associated with bringing the motion for fees. (*Ibid.*)

The attorney bears the burden of proof as to "reasonableness" of any fee claim. (Code Civ. Proc., § 1033.5(c)(5).) This burden requires competent evidence as to the nature and value of the services rendered. (*Martino v. Denevi* (1986) 182 Cal.App.3d 553, 559.) "Testimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records." (*Ibid.*) A plaintiff's verified billing invoices are prima facie evidence that the costs, expenses, and services listed were necessarily incurred. (See *Hadley v. Krepel* (1985) 167 Cal.App.3d 677, 682.)

"It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court, whose decision cannot be reversed in the absence of an abuse of discretion. [Citation.]" (*Melnyk v. Robledo* (1976) 64 Cal.App.3d 618, 623 624.) The fee setting inquiry in California ordinarily "begins with the 'lodestar' [method], i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." (*Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 154.) "[A] computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award." (*Margolin v. Reg'l Planning Comm'n* (1982) 134 Cal.App.3d 999, 1004.)

-

Abelyan requests attorney fees and costs in the amount of $97,215.97, reflecting a lodestar of $42,573.00 in fees with a 2.0 multiplier, plus $4,692.00 for the motion, $6,693.00 for the reply brief for this motion, and plus $670.82 in costs.

Abelyan, seeks an award of fees at his counsel, Mr. Tiomkin's, rate of $690 per hour. Mr. Tiomkin provides his declaration attesting to his skill and experience. Tiomkin has significant experience litigating complex matters, including anti-SLAPP cases. (See Tiomkin Decl., ¶¶ 2-7.)

Cross-Complainants argue that Abelyan does not justify his counsel's rate of $690 per hour. However, as discussed above, the verified billing invoices of counsel is prima facie evidence of the reasonableness of the rates and hours, and the burden is on the opposing party to offer evidence as to the unreasonableness of any fee. Cross-Complainants do not cite to any relevant evidence or authority challenging Abelyan's counsel's rates.

The Court finds that this rate is commensurate with the prevailing hourly rate for attorneys in the community.

Abelyan seeks to recover for 61.7 hours of attorney time on the anti-SLAPP motion and 6.8 hours of attorney time on this motion. (See Tiomkin Decl., Ex. 3.)

provided. Counsel also submits many declarations under penalty of perjury regarding the hours worked on the matter in support of the fee request. The Geragos Parties mere contention that the hours are excessive or improper is unsupported by any evidence or analysis. The Court finds the records submitted by Abelyan's counsel sufficient to support the claimed fees. (*Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 700 [time records are not required under California law and thus there is no required level of detail that must be achieved and general descriptions are accepted, including categorical breakouts of time expended by each attorney and paralegal and supporting declarations that state the hours spent and expended by each attorney for each category of service rendered].)

The stated entries appear both reasonable and necessary in light of the complexity of the issues presented by the anti-SLAPP. All of the billing entries are specific and focused on the anti-SLAPP motion, and none of the entries appear to be for any of the other matters in this case.

In opposition, the Geragos Parties argue that the fees are excessive based on the opinion of their counsel. This position is without merit. (See *Premier Medical Management Systems, Inc. v. California Ins. Guarantee Association* (2008) 163 Cal.App.4th 550, 564 (*Premier Medical*) ["In challenging attorney fees as excessive because too many hours of work are claimed, it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence. General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice."].) The Geragos Parties do not object to any specific time entries but instead merely conclude that a few entries were billed too high. (*Premier Medical, supra*, 163 Cal.App.4th at p. 560 [emphasizing that opposing parties "submitted no evidence that the hours claimed by counsel were excessive," and declining to "declare as a matter of law that the hours were unreasonable"]; *Villanueva v. City of Colton* (2008) 160 Cal.App.4th 1188, 1204 [opposing party "offered no evidence of any kind which might have warranted a reduced fee award."].)

Cross-Complainants claim that "many entries by Mr. Tiomkin do not pertain to the anti-SLAPP motion" but rather to the underlying complaint. Cross-Complainants do not identify these entries. Indeed, Tiomkin specifically declared under oath that he "omitted hours unrelated to the anti-SLAPP motion, such as by segregating and removing hours which involve time spent on the underlying case." (Tiomkin Decl., ¶ 10.)

-

Abelyan argues that a 2.0 times multiplier should be applied as a lodestar adjustment. Multipliers are appropriate in anti-SLAPP litigation because of the strong public policy encouraging the use of anti-SLAPP motions and discouraging SLAPP lawsuits. The seminal case on fee multipliers, *Ketchum, supra*, 24 Cal.4th 1122, was an anti-SLAPP case. The court held that fee multipliers are appropriate. (*Id.* at pp. 1136-1139.) As the court noted, applying a multiplier fosters the policy of "strengthen[ing] enforcement of certain constitutional rights," and "placing the financial burden" of defending such actions on the party bringing the SLAPP lawsuit. (*Id.* at p. 1136.) A contingency enhancement is necessary to incentive competent counsel to take these cases on because "lawyers generally will not provide legal representation on a contingent basis unless they receive a premium for taking that risk." (*Ibid.*)

The lodestar figure may be adjusted based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided. (See *Serrano v. Priest* (1977) 20 Cal.3d 25, 49 [discussing factors relevant to proper attorneys' fees award].) Such an approach anchors the trial court's analysis to an objective determination of the value of the attorney's services, ensuring that the amount awarded is not arbitrary. (*Id.* at p. 48, fn. 23.) The factors considered in determining the modification of the lodestar include "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." (*Mountjoy v. Bank of Am.* (2016) 245 Cal.App.4th 266, 271.)

The Court finds that a multiplier is not warranted in this case. To the extent the issues on the motion were somewhat complex, counsel is adequately compensated based on the number of hours worked.

The Geragos Parties do not specifically dispute any of the $670.82 in costs that Tiomkin seeks.

Based on the foregoing, the Court awards attorney's fees in the total amount of $53,958 and costs in the amount of $670.82.

Dept. 30

Calendar No.

<u>Abelyan vs. Geragos, et. al.</u>, Case No. 19STCV40558

Cross-Defendants Elliott N. Tiomkin (Tiomkin) and the Law Offices of Elliott N. Tiomkin (collectively, the Tiomkin Cross-Defendants) move for an order awarding attorney fees and costs on their Special Motion to Strike the cross-complaint of Mark Geragos, Geragos & Geragos, Setara Qassim (Cross-Complainants or the Geragos Parties), which the Court granted on December 10, 2020. The motion is granted in part.

Code of Civil Procedure, section 425.16, subdivision (c) provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Fees are mandatory under the Anti-SLAPP Statute. Awards of attorneys' fees should be "fully compensatory" for all hours reasonably worked by counsel at reasonable hourly rates. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1133 (*Ketchum*.) The fee award should also include fees incurred in seeking an award of fees and costs. (*Ibid.*)

A defendant may only recover fees and costs related to the motion to strike. (*Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 39 Cal.App.4th 1379, 1383.) This includes fees associated with bringing the motion for fees.

The attorney bears the burden of proof as to "reasonableness" of any fee claim. (Code Civ. Proc., § 1033.5(c)(5).) This burden requires competent evidence as to the nature and value of the services rendered. (*Martino v. Denevi* (1986) 182 Cal.App.3d 553, 559.) "Testimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records." (*Ibid.*) A plaintiff's verified billing invoices are prima facie evidence that the costs, expenses, and services listed were necessarily incurred. (See *Hadley v. Krepel* (1985) 167 Cal.App.3d 677, 682.)

"It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court, whose decision cannot be reversed in the absence of an abuse of discretion. [Citation.]" (*Melnyk v. Robledo* (1976) 64 Cal.App.3d 618, 623 624.) The fee setting inquiry in California ordinarily "begins with the 'lodestar' [method], i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." (*Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 154.) "[A] computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award." (*Margolin v. Reg'l Planning Comm'n* (1982) 134 Cal.App.3d 999, 1004.)

The Tiomkin Cross-Defendants request attorney fees and costs in the amount of $58,149.81, reflecting a lodestar of $25,466.00 in fees with a 2.0 multiplier, plus $2,023.00 for the reply brief for this motion, and plus $553.81 in costs.

Counsel for the Tiomkin Cross-Defendants, Damion Robinson, seeks an award of fees at a base rate of $595.00 per hour and provides his declaration attesting to his skill and experience. Robinson is a 12-year attorney with significant experience litigating complex matters, including anti-SLAPP cases. (See Robinson Decl., ¶¶ 7-14, Exs. 4, 5.)

Cross-Complainants argue that Robinson does not justify his hourly rate. However, as discussed above, the verified billing invoices of counsel are prima facie evidence of the reasonableness of the rates and hours, and the burden is on the opposing party to offer evidence as to the unreasonableness of any fee.

Here, Cross-Complainants do not cite to any relevant evidence or authority challenging Robinson's rate. The Court finds the rate reasonable.

The Tiomkin Cross-Defendants seek to recover for 42.8 hours of attorney time on the anti-SLAPP motion and 7.8 hours of attorney time on this motion. (See Robinson Decl., Ex. 6.) As to reasonableness of the fee award sought, courts have awarded anti-SLAPP fees higher than those requested in this case. (See e.g., *Rosenaur v. Scherer* (2001) 88 Cal.App.4th 260, 282 [upholding fee award of $65,386.61 in defamation action)].)

Mr. Robinson submits time records for each date worked on the matter and provides a description of the work provided. Counsel also provides his own declaration under penalty of perjury regarding the hours worked on the matter in support of the fee request.

In opposition, the Geragos Parties argue that the fees are excessive based on the opinion of Cross-Complainants' counsel. This argument is without merit. (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Association* (2008) 163 Cal.App.4th 550, 564 (*Premier Medical*)["In challenging attorney fees as excessive because too many hours of work are claimed, it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence. General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice."].) The Cross-Complainants merely conclude that a few entries were too high. (*Premier Medical, supra*, 163 Cal.App.4th at p. 560 [emphasizing that opposing parties "submitted no evidence that the hours claimed by counsel were excessive," and declining to "declare as a matter of law that the hours were unreasonable"]; *Villanueva v. City of Colton* (2008) 160 Cal.App.4th 1188, 1204 [opposing party "offered no evidence of any kind which might have warranted a reduced fee award."].)

In the absence of any specific challenge to any particular billing entry, the Court finds that the invoices submitted by moving party adequately support the claimed fees.

-

The Tiomkin Cross-Defendants argue that a 2.0 times multiplier should be applied as a lodestar adjustment. Multipliers are appropriate in anti-SLAPP litigation because of the strong public policy encouraging the use of anti-SLAPP motions and discouraging SLAPP lawsuits. The seminal case on fee multipliers, *Ketchum, supra*, 24 Cal. 4th 1122, was an anti-SLAPP case. The court held that fee multipliers are appropriate. (*Id.* at pp. 1136-1139.) As the court noted, applying a multiplier fosters the policy of "strengthen[ing] enforcement of certain constitutional rights," and "placing the financial burden" of defending such actions on the party bringing the SLAPP lawsuit. (*Id.* at p. 1136.) A contingency enhancement is necessary to incentive competent counsel to take these cases on because "lawyers generally will not provide legal representation on a contingent basis unless they receive a premium for taking that risk." (*Ibid.*)

The lodestar figure may be adjusted based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided. (See *Serrano v. Priest* (1977) 20 Cal.3d 25, 49 [discussing factors relevant to proper attorneys' fees award].) Such an approach anchors the trial court's analysis to an objective determination of the value of the attorney's services, ensuring that the amount awarded is not arbitrary. (*Id.* at p. 48, fn. 23.) The factors considered in determining the modification of the lodestar include "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." (*Mountjoy v. Bank of Am.* (2016) 245 Cal.App.4th 266, 271.)

The Court finds that a multiplier is not warranted in this case. To the extent the issues on the motion were complex, counsel will be adequately compensated based on the number of hours worked.

The Geragos Parties do not specifically dispute any of the $553.81 in costs that the Tiomkin Cross-Defendants seek.

Based on the foregoing, the Court awards attorney's fees in the amount of $30,107 and costs in the amount of $553.81.



**EXHIBIT 7**

# LAFFEY MATRIX

History

Case Law

See the Matrix

Contact us

Home

| Year | Adjustmt Factor** | Paralegal/ Law Clerk | Years Out of Law School * | | | | |
|---|---|---|---|---|---|---|---|
| | | | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
| 6/01/21- 5/31/22 | 1.006053 | $208 | $381 | $468 | $676 | $764 | $919 |
| 6/01/20- 5/31/21 | 1.015894 | $206 | $378 | $465 | $672 | $759 | $914 |
| 6/01/19- 5/31/20 | 1.0049 | $203 | $372 | $458 | $661 | $747 | $899 |
| 6/01/18- 5/31/19 | 1.0350 | $202 | $371 | $455 | $658 | $742 | $894 |
| 6/01/17- 5/31/18 | 1.0463 | $196 | $359 | $440 | $636 | $717 | $864 |
| 6/01/16- 5/31/17 | 1.0369 | $187 | $343 | $421 | $608 | $685 | $826 |
| 6/01/15- 5/31/16 | 1.0089 | $180 | $331 | $406 | $586 | $661 | $796 |
| 6/01/14- 5/31/15 | 1.0235 | $179 | $328 | $402 | $581 | $655 | $789 |
| 6/01/13- 5/31/14 | 1.0244 | $175 | $320 | $393 | $567 | $640 | $771 |
| 6/01/12- 5/31/13 | 1.0258 | $170 | $312 | $383 | $554 | $625 | $753 |
| 6/01/11- 5/31/12 | 1.0352 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/01/10- 5/31/11 | 1.0337 | $161 | $294 | $361 | $522 | $589 | $709 |
| 6/01/09- 5/31/10 | 1.0220 | $155 | $285 | $349 | $505 | $569 | $686 |
| 6/01/08- 5/31/09 | 1.0399 | $152 | $279 | $342 | $494 | $557 | $671 |
| 6/01/07-5/31/08 | 1.0516 | $146 | $268 | $329 | $475 | $536 | $645 |
| 6/01/06-5/31/07 | 1.0256 | $139 | $255 | $313 | $452 | $509 | $614 |
| 6/1/05-5/31/06 | 1.0427 | $136 | $249 | $305 | $441 | $497 | $598 |
| 6/1/04-5/31/05 | 1.0455 | $130 | $239 | $293 | $423 | $476 | $574 |
| 6/1/03-6/1/04 | 1.0507 | $124 | $228 | $280 | $405 | $456 | $549 |
| 6/1/02-5/31/03 | 1.0727 | $118 | $217 | $267 | $385 | $434 | $522 |
| 6/1/01-5/31/02 | 1.0407 | $110 | $203 | $249 | $359 | $404 | $487 |
| 6/1/00-5/31/01 | 1.0529 | $106 | $195 | $239 | $345 | $388 | $468 |
| 6/1/99-5/31/00 | 1.0491 | $101 | $185 | $227 | $328 | $369 | $444 |
| 6/1/98-5/31/99 | 1.0439 | $96 | $176 | $216 | $312 | $352 | $424 |
| 6/1/97-5/31/98 | 1.0419 | $92 | $169 | $207 | $299 | $337 | $406 |
| 6/1/96-5/31/97 | 1.0396 | $88 | $162 | $198 | $287 | $323 | $389 |
| 6/1/95-5/31/96 | 1.032 | $85 | $155 | $191 | $276 | $311 | $375 |
| 6/1/94-5/31/95 | 1.0237 | $82 | $151 | $185 | $267 | $301 | $363 |

The methodology of calculation and benchmarking for this Updated Laffey Matrix has been approved in a number of cases. See, e.g.,DL v. District of Columbia, 267 F.Supp.3d 55, 69 (D.D.C. 2017)

* "Years Out of Law School" is calculated from June 1 of each year, when most law students graduate. "1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1). "4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice. An attorney who graduated in May 1996 would be in tier "1-3" from June 1, 1996 until May 31, 1999, would move into tier "4-7" on June 1, 1999, and tier "8-10" on June 1, 2003.

** The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.

# TAB B

David W. Affeld, State Bar No. 123922
Brian R. England, State Bar No. 211335
Damion Robinson, State Bar No. 262573
Affeld Grivakes LLP
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone:     (310) 979-8700

Attorneys for Plaintiff Michael Zeleny

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZELENY, | Case No. CV 17-7357 JCS |
| Plaintiff, | |
| vs. | Assigned to: The Honorable Richard G. Seeborg |
| GAVIN NEWSOM, *et al.*, | Discovery Matters: The Honorable Thomas S. Hixson |
| Defendants. | **DECLARATION OF CARL E. DOUGLAS IN SUPPORT OF PLAINTIFF MICHAEL ZELENY'S MOTION FOR ATTORNEY'S FEES** |

- 1 -

DECLARATION OF CARL E. DOUGLAS

I, Carl E. Douglas, declare:

1.      I am a Founding Partner of Douglas / Hicks Law where my practice focuses on personal injury, civil rights, and criminal law matters.

2.      I have been a practicing attorney in the State of California since 1981.  I began my career at the Federal Communications Commission in Washington, D.C. and spent five years at the Federal Public Defender's Office in Los Angeles.  Before opening my own practice in 1998, I worked for 11 years at the Law Offices of Johnnie L. Cochran, Jr., where I was the Coordinator of the O.J. Simpson criminal defense team, and eventually became the Managing Attorney of the firm. Among other cases, I represented the lead plaintiff in *Patricia Anderson v. General Motors Corporation*, a product liability trial where the jury returned a $4.9 billion verdict, which was then the largest personal injury verdict in American history.  In both 1994 and 1999, I was honored as the "Loren Miller Lawyer of the Year" by the John M. Langston Bar Association, becoming the second attorney to win that award twice in the Association's 75-year history.  In 2006, I was named "Trial Lawyer of the Year" by the Consumer Attorneys Association of Los Angeles, the largest local association of plaintiffs' attorneys in the United States.

3.      Throughout my career, I have practiced both civil and criminal law in courts throughout the state of California, including the Northern District of California.  I have litigated many civil rights cases in this district, including cases under 42 U.S.C. § 1983.  I am readily familiar with the rates charged by and awarded to my firm and other peer firms practicing civil rights law in both Northern and Southern California.

4.      I have reviewed the experience and qualifications of the attorneys involved in this case as set forth in the Declaration of David W. Affeld.

DECLARATION OF CARL E. DOUGLAS

5.     Based on my experience and knowledge of rates charged by attorneys in the field, the rates of $800 per hour for Mr. Affeld, $695 per hour for Brian England, $595 per hour for Damion Robinson, and $550 per hour for David Markevitch are well within the range of rates charged by attorneys engaged in civil rights litigation throughout California, including in Northern California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Dated this 12th day of November, 2021 at Los Angeles, California.

s/ Carl E. Douglas
Carl E. Douglas

DECLARATION OF CARL E. DOUGLAS

**TAB C**

David W. Affeld, State Bar No. 123922
Brian R. England, State Bar No. 211335
Damion Robinson, State Bar No. 262573
Affeld Grivakes LLP
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone:     (310) 979-8700

Attorneys for Plaintiff Michael Zeleny

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZELENY,<br><br>      Plaintiff,<br><br>          vs.<br><br>GAVIN NEWSOM, *et al.*,<br><br>      Defendants. | Case No. CV 17-7357 JCS<br><br>Assigned to:<br>The Honorable Richard G. Seeborg<br><br>Discovery Matters:<br>The Honorable Thomas S. Hixson<br><br>**DECLARATION OF LINCOLN D. BANDLOW IN SUPPORT OF PLAINTIFF MICHAEL ZELENY'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES** |

DECLARATION OF LINCOLN D. BANDLOW

I, Lincoln D. Bandlow, declare:

1.      I am an attorney licensed to practice law in the State of California and am the founder and owner of the Law Offices of Lincoln Bandlow, P.C. in Los Angeles, California.  I have personal knowledge of the facts below and could and would testify competently to these facts if called upon to do so.

2.      Prior to forming my own law practice, I was a partner at the national law firm of Fox Rothschild.  I focus my practice on sophisticated media, First Amendment, intellectual property and other entertainment-related litigation matters.  My clients have included leading motion picture, television, publishing, broadcasting, internet and advertising companies.  I also served as counsel to the Carsey-Werner television production company.  From 1995 to 2018, I was a visiting professor at the Annenberg School of Journalism at the University of Southern California, teaching undergraduate and graduate courses in media law.

3.      Since my graduation *magna cum laude* from Boston University School of Law in 1993, I have practiced intellectual property, media, and First Amendment litigation in courts throughout California, including many cases in the Northern District of California. I have argued appeals in the California Courts of Appeal as well as the Ninth Circuit, Fifth Circuit and United States Court of Appeal for the District of Columbia Circuit.  I am admitted to practice in all of the courts of the State of California and the U.S. District Courts for the District of Colorado, the Southern District of California, the Central District of California, the Northern District of California, the Eastern District of California and District Court for the District of Columbia.

4.      Since 1994 when I first started practicing law as an associate at Gibson, Dunn & Crutcher in Los Angeles to the present day, I have been a member of, and actively involved in, the Media Law Resource Center, which is a group comprised of the nation's most prestigious First Amendment lawyers.  As part of my involvement in this organization, I have become close friends with dozens of the top First Amendment lawyers who practice in Los Angeles, around the nation and, in fact, around the world.  I am well-aware of the rates charged by those who practice in the area of the First Amendment.

5.      I have reviewed the Declaration of David W. Affeld to be submitted in connection

- 2 -

DECLARATION OF LINCOLN D. BANDLOW

with Plaintiff Michael Zeleny's Notice of Motion and Motion for Attorney's Fees.  I have also reviewed the moving and opposing papers in support of Mr. Zeleny's Motion for Summary Judgment.

6.     Based on the experience and qualifications of counsel set out in Mr. Affeld's declaration, the rates sought by Mr. Affeld ($800/hr), Brian R. England ($695/hr), Peter Shimamoto ($695/hr), Damion Robinson ($595/hr), and David Markevitch ($550/hr) are within the range of reasonable rates charged by attorneys in complex First Amendment matters throughout both Northern and Southern California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Dated this 11th day of November, 2021 at Los Angeles, California.

_____
Lincoln D. Bandlow

DECLARATION OF LINCOLN D. BANDLOW

**TAB D**

David W. Affeld, State Bar No. 123922
Brian R. England, State Bar No. 211335
Damion Robinson, State Bar No. 262573
Affeld Grivakes LLP
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone:     (310) 979-8700

Attorneys for Plaintiff Michael Zeleny

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZELENY,<br><br>            Plaintiff,<br><br>                  vs.<br><br>GAVIN NEWSOM, *et al.*,<br><br>            Defendants. | Case No. CV 17-7357 JCS<br><br><u>Assigned to</u>:<br>The Honorable Richard G. Seeborg<br><br><u>Discovery Matters</u>:<br>The Honorable Thomas S. Hixson<br><br>**DECLARATION OF BRIAN R. ENGLAND IN SUPPORT OF MOTION FOR ATTORENY'S FEES** |

DECL. OF ENGLAND ISO MOTION FOR ATTORNEY'S FEES

## <u>DECLARATION OF BRIAN R. ENGLAND</u>

I, Brian R. England, declare:

1.     My law firm and I are counsel of record to Plaintiff Michael Zeleny ("Zeleny") in this matter.  I have personal knowledge of the facts below or knowledge based on the records and files of my firm maintained in the ordinary course of business.  I could testify competently to these facts if called upon to do so.

2.     Part of my responsibilities in this case involved helping to develop Zeleny's constitutional arguments against both the City of Menlo Park and the State of California and locating historical experts on firearms regulation and experts on the use of firearms in connection with film and television productions.

3.     In connection with this project, we contacted both of the primary gun rights organizations in California, the California Rifle & Pistol Association and the Calguns Foundation, several prominent experts, and law firms that specialize in gun rights issues, including those handling major Second Amendment litigation currently before the United States Supreme Court.

4.     The consistent response was that these experts, law firms, and organizations were not interested in helping us.  This appeared to be due to the fact that Zeleny's protests detract from the pure Second Amendment focus of these groups, particularly given the provocative nature and subject matter of Zeleny's protests.  One well-known expert told us in no uncertain terms that he could not participate in a case that involved carrying firearms at protests in the current political climate.

5.     Based on my general experience as an attorney, and my specific experience in this case, I firmly believe that few other law firms, if any, would have taken on Zeleny's case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 12th day of November, 2021 at Los Angeles, California.

/s/ Brian R. England
Brian R. England
Declarant

- 2 -
DECL. OF ENGLAND ISO MOTION FOR ATTORNEY'S FEES

1

## **PROOF OF SERVICE**

2

     I hereby certify that on November 12, 2021, I electronically filed the foregoing document

3

using the Court's CM/ECF system.  I am informed and believe that the CM/ECF system will send a notice of electronic filing to the interested parties.

4

                               s/ Gabrielle Bruckner

5

                               Gabrielle Bruckner

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28