| | |
|---|---|
| 1 | David W. Affeld, State Bar No. 123922 |
| 2 | Brian R. England, State Bar No. 211335 |
| | Damion Robinson, State Bar No. 262573 |
| | Affeld Grivakes LLP |
| 3 | 2049 Century Park East, Ste. 2460 |
| 4 | Los Angeles, CA 90067 |
| | Telephone:   (310) 979-8700 |

Attorneys for Plaintiff Michael Zeleny

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZELENY, | Case No. CV 17-7357 JCS |
| Plaintiff, | Assigned to: |
| vs. | The Honorable Richard G. Seeborg |
| GAVIN NEWSOM, *et al.*, | Discovery Matters: |
| Defendants. | The Honorable Thomas S. Hixson |
| | **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |
| | [Filed concurrently: |
| | 1. Notice of Motion and Motion; |
| | 2. Compendium of Supporting Declarations] |
| | Date:       December 23, 2021 |
| | Time:       1:30 p.m. |
| | Courtroom: 3, 17th Floor |
| | Action Filed: December 28, 2017 |
| | Trial Date:   None Set |

The Motion of Plaintiff Michael Zeleny ("Zeleny") for an award of attorney's fees pursuant to 42 U.S.C. § 1988 came before the Court for regularly-noticed hearing on December 23, 2021. The Court has considered the moving, opposing and reply papers, the evidence submitted, and the arguments of all counsel, and issues the following order.

*Findings and Conclusions*

1. Absent special circumstances, the prevailing plaintiff in an action under 42 U.S.C. § 1983 is entitled to recover attorney's fees and costs. *See* 42 U.S.C. § 1988(b); *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968); *Blanchard v. Bergeron*, 489 U.S. 87, 89 n.1 (1989). A plaintiff prevails where he "succeeded on any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989).

2. Zeleny is the prevailing party as against Defendant City of Menlo Park (the "City") in this action. Zeleny prevailed on his Motion for Partial Summary Judgment against the City and the Court invalidated the City's processes for issuing film and special events permits as unconstitutional under the First Amendment to the United States Constitution. *See* Order (Dkt. No. 192).

3. In awarding fees, the Court awards "reasonable compensation, in light of all of the circumstances, for the time and effort expended by the attorney for the prevailing plaintiff." *Blanchard*, 489 U.S. at 93. This ordinarily means a "lodestar" fee equal to a reasonable rate for the reasonable hours worked on the case. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983); *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 286 (1989). The lodestar is subject to adjustment based on the factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262-63 (9th Cir. 1987).

4. Having reviewed the time records submitted by Zeleny's counsel, *see* Decl. of David W. Affeld ("Affeld Decl."), Ex. 1, and based on the Court's familiarity with the history of this case, the Court finds counsel's requested 1,727 hours of attorney time to be reasonable. Zeleny's claims against the City and the California Attorney General were interrelated and complex. In light of the results obtained, Zeleny should recover for substantially all of the hours expended on this case, although some of those hours were spent in connection with claims against the Attorney General.

*Hensley*, 461 U.S. at 436-38; *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003).

5.  The Court also finds the hourly rates sought by Zeleny's counsel to be reasonable, including: $800 per hour for lead trial counsel David W. Affeld; $695 per hour for senior attorneys Peter Shimamoto and Brian England; $595 per hour for Damion Robinson; and $550 per hour for David Markevitch.  In reaching this determination, the Court has considered the declarations submitted by Zeleny and the rates customarily awarded by this Court and other courts in this district in similar litigation.

6.  Finally, the Court determines that a 50% enhancement (1.5x multiplier) is warranted due to the unique facts and the "undesirability" of the litigation. *See Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 697 (9th Cir. 1996).  Zeleny's protests and his desire to carry unloaded firearms during his protests are polarizing and unpopular, making this case undesirable for most counsel.  This litigation was hard fought.  Few, if any, law firms would take on such litigation on behalf of an unpopular cause such as this one.

***Order***

Based on the foregoing, it is hereby ORDERED, ADJUDGED, and DECREED that:

Zeleny is hereby awarded $1,768,167 in attorney's fees against the City.

Dated: _____

_____
The Honorable Richard G. Seeborg
UNITED STATES DISTRICT JUDGE

## **PROOF OF SERVICE**

I hereby certify that on November 12, 2021, I electronically filed the foregoing document using the Court's CM/ECF system. I am informed and believe that the CM/ECF system will send a notice of electronic filing to the interested parties.

                                                      s/ Gabrielle Bruckner
                                                     Gabrielle Bruckner