**TODD H. MASTER [SBN 185881]**
tmaster@hrmrlaw.com
**ROBERT J. GUNDERT [SBN 104486]**
rgundert@hrmrlaw.com
**HOWARD ROME MARTIN & RIDLEY LLP**
1900 O'Farrell Street, Suite 280
San Mateo, CA  94403
Telephone:     (650) 365-7715
Facsimile:      (650) 364-5297

Attorneys for Defendants
CITY OF MENLO PARK and DAVE BERTINI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| MICHAEL ZELENY, an individual<br><br>Plaintiff,<br><br>vs.<br><br>GAVIN NEWSOM, et al.<br><br>Defendants. | Case No. 17-cv-07357-RS (TSH)<br><br>**DECLARATION OF ROBERT J. GUNDERT IN SUPPORT OF DEFENDANT CITY OF MENLO PARK'S MOTION FOR DISMISSAL OF PORTIONS OF THE FIRST, THIRD AND FOURTH CAUSES OF ACTION OF PLAINTIFF'S SECOND AMENDED COMPLAINT (F.R.C.P. 12(b)(1)), OR LEAVE TO FILE MOTION FOR RECONSIDERATION OF A PORTION OF THIS COURT'S ORDER DATED JULY 13, 2021 (LOCAL RULE 7-9); REQUEST FOR JUDICIAL NOTICE**<br><br>**Date:  January 6, 2022**<br>**Time: 1:30 p.m.**<br>**Courtroom: 3, 17th Floor**<br><br>**Action Filed: December 28, 2017**<br>**Trial Date: None Set** |

I, Robert Gundert, declare:

1. I am an attorney at law licensed to practice before this Court, and a member of the

---

DECLARATION OF ROBERT J. GUNDERT IN SUPPORT OF DEFT. CITY OF MENLO PARK'S MOTION FOR PARTIAL DISMISSAL OR FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; REQUEST FOR JUDICIAL NOTICE; Case No. 17-cv-07357-RS (TSH)

1

1 law firm Howard Rome Martin & Ridley LLP, counsel of record for defendants City of Menlo
2 Park and Dave Bertini, herein. I am a competent adult, with personal knowledge of the matters set
3 forth in this declaration. If called as a witness, I would competently testify to such matters.

4     2.    At the outset, I would like to explain why this motion is being presented as it is, i.e.,
5 as a Rule 12(b)(1) motion or, in the alternative, as a motion for leave to file a motion for
6 reconsideration.

7     3.    Initially, I had planned to file a motion for reconsideration and had drafted the
8 motion as such. I had also partially drafted a motion for leave pursuant to Rule 7-9.

9     4.    As I considered the matter further, it occurred to me that a Rule 12(b)(1) motion is
10 more appropriate since the threshold jurisdictional question of Plaintiff's constitutional standing to
11 challenge the City's Special Event Permit procedure in the manner prescribed by such cases as
12 *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016) had not previously been presented or ruled
13 upon.

14     5.    The Court had ruled on the standing issue to some extent in its July 13, 2021 Order
15 (at Page 13, Lines 15-19).  There, the Court addressed the City's mootness argument, which was
16 based on the assertion that there was no longer a live controversy between Plaintiff and the City
17 since it had been discovered that the median where Plaintiff wanted to protest is owned and
18 controlled by the State rather than the City.  The Court stated:

> This assertion, relied upon by Menlo Park to a surprising degree, does not warrant prolonged consideration. Because Zeleny challenges the permitting processes as facially invalid prior restraints, his standing is not a function of his having "appl[ied] for, and be[en] denied" any one particular permit. *See City of Lakewood v. Plain Dealer Pub. Co.,* 486 U.S. 750, 755-56 (citations omitted). So long as the processes remain in place and controlling over any future application he might submit,[fn 5.][1] his claims against Menlo Park are justiciable.

//

    6.    Although this portion of the Court's Order speaks to the issue of standing, it does

---

[1] Footnote 5 stated, "Zeleny has made clear to the City that "he would relocate" from the median "if needed." *See* Dkt. 173 at 7."

1  not address the issue of constitutional standing in the manner prescribed by the *Spokeo* decision.[2]

2      7.    I mention this in order to explain why this motion is presented as it is. It is submitted as a Rule 12(b)(1) motion since the issue of constitutional standing has not been previously addressed, or at least not in the manner prescribed by cases such as *Spokeo*. Defendant's motion raises this jurisdictional issue for the first time.

    8.    If the Court disagrees with this premise, and rules that this issue must be presented as a motion for reconsideration, Defendant City respectfully requests leave to file a motion for reconsideration. In that regard, Defendant's motion for reconsideration is presented in accordance with Rule 7-9(b)(3) since, as shown below and in the accompanying memorandum of points and authorities, material facts were presented to the Court that support the argument that Plaintiff lacks Article III standing but that particular legal issue has never been expressly ruled upon.

    9.    I would also like to address the question of why this standing issue was not presented earlier.

    10.    In all candor, I was so focused on the many other issues and arguments presented by Plaintiff's Second Amended Complaint and motion that the issue did not occur to me until the Court issued its order.

    11.    Defendant City's motion for summary judgment did mention the factual basis of the present motion, which is that Plaintiff was repeatedly and consistently informed that he did not need a Special Event Permit ("SEP") to protest and that the SEP process did not apply to what he was proposing to do.[3]  However, the point was not developed further as an issue of Article III

---

[2] In fact, this passage from the Court's Order supports the premise upon which Defendant's motion is based, i.e. that since the Special Event Permit process is not "controlling over any future application [Plaintiff] might submit" he does not have (and never had) standing to challenge it.

[3] See the numerous references in the accompanying memorandum of points and authorities to occasions in which Plaintiff was so advised. Evidence of those instances was presented with Defendant City's motion for summary judgment. Accordingly, Defendant presented the factual basis for the argument that Plaintiff lacks Article III standing, even though the legal issue was not specifically discussed.

*(Left margin: HOWARD ROME MARTIN & RIDLEY LLP, 1900 O'FARRELL STREET, SUITE 280, SAN MATEO, CA 94403, TELEPHONE (650) 365-7715)*

standing. Mootness was discussed, but the standing analysis of *Spokeo* and related cases was never presented.

12. As it happens, Plaintiff never addressed the issue either, even though he has the burden of establishing standing.

13. Accordingly, and because consideration of this issue is an important jurisdictional threshold, it is being presented at this time so that the Court may address it before issuing a final judgment.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed on this 29th day of November 2021, at San Mateo, California.

//

/s/ Robert J. Gundert
Robert J. Gundert

## REQUEST FOR JUDICIAL NOTICE

Defendant City of Menlo Park understands that judicial notice is generally not required as to pleadings and documents within the Court's file for the matter under consideration. Nevertheless, this request is made as a convenience for the Court and counsel and in the event such is deemed necessary.

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant City of Menlo Park hereby requests that the Court take judicial notice of the following pleadings and documents, which are contained in the Court's file in this matter:

a. Order Granting In Part & Denying In Part Plaintiff's Motions For Summary Judgment; Granting In Part & Denying In Part Defendants' Cross-Motions For Summary Judgment [Docket 192];

b. Declaration of Michael Zeleny in Support of Plaintiff's Motion for Partial Summary Judgment Against the City Of Menlo Park, Police Chief Dave Bertini, and the Attorney General of the State of California and exhibits thereto [Dkt. 162-2];

c. Declaration of Todd H. Master in Support of Motion of Defendants City of Menlo Park and Dave Bertini for Summary Judgment or, Alternatively, Partial Summary Judgment [Dkt. 160-3-160-6]; and

d. Declaration of Damion Robinson in Support of Plaintiff Michael Zeleny's Motion for Partial Summary Judgment Against the City of Menlo Park and Police Chief Dave Bertini and exhibits thereto [Dkt. 162-1].

Date: November 27, 2021                    **HOWARD ROME MARTIN & RIDLEY LLP**

By /s/ Robert J. Gundert
    Robert J. Gundert
    Attorneys for Defendants
    CITY OF MENLO PARK and
    DAVE BERTINI

DECLARATION OF ROBERT J. GUNDERT IN SUPPORT OF DEFT. CITY OF MENLO PARK'S MOTION FOR PARTIAL DISMISSAL OR FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; REQUEST FOR JUDICIAL NOTICE; Case No. 17-cv-07357-RS (TSH)

5