1  **TODD H. MASTER [SBN 185881]**
   tmaster@hrmrlaw.com
2  **ROBERT J. GUNDERT [SBN 104486]**
   rgundert@hrmrlaw.com
3  **HOWARD ROME MARTIN & RIDLEY LLP**
   1900 O'Farrell Street, Suite 280
4  San Mateo, CA  94403
   Telephone:     (650) 365-7715
5  Facsimile:     (650) 364-5297

6  Attorneys for Defendants
   CITY OF MENLO PARK and DAVE BERTINI
7

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| MICHAEL ZELENY, an individual<br><br>Plaintiff,<br><br>vs.<br><br>EDMUND G. BROWN, JR., an individual, in his official capacity, et al.<br><br>Defendants. | Case No. 17-cv-07357-RS (TSH)<br><br>**DEFENDANT CITY OF MENLO PARK'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF MICHAEL ZELENY'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES**<br><br>Date:  January 6, 2022<br>Time: 1:30 p.m.<br>Courtroom: 3, 17th Floor<br><br>Action Filed: December 28, 2017<br>Trial Date: None Set |

**SUMMARY OF DEFENDANT CITY'S POSITION**

Plaintiff filed suit against the City of Menlo Park ("City"), its former Police Chief Dave Bertini and the State of California ("State") (in the names of the Governor and the Attorney General). Plaintiff also named New Enterprise Associates, Inc. ("NEA") as a defendant in his Corrected First Amended Complaint for Declaratory and Injunctive Relief [Docket 80] and in the

---

DEFENDANT CITY OF MENLO PARK'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES; Case No. 17-cv-07357-RS (TSH)                                                                        1

Second Amended Complaint [Docket 90].

Plaintiff was unsuccessful at keeping defendant NEA involved in the action as said defendant prevailed on a motion to dismiss. *See* Order Granting Motion To Dismiss Defendant New Enterprise Associates dated November 5, 2019 [Dkt. 111].

Plaintiff was also ultimately unsuccessful with respect to its claims against the State. Those claims challenged the constitutional validity of two Penal Code sections that prohibit the open carry of firearms in certain public places. The State prevailed on its motion for summary judgment in that regard. *See* Order Granting in Part & Denying in Part Plaintiff's Motions for Summary Judgment; Granting in Part & Denying in Part Defendants' Cross-Motions for Summary Judgment [Dkt. 192].

As for the City, plaintiff prevailed on that portion of the Third Count of his Second Amended Complaint which alleged that the City's special event and film permitting processes were facially invalid. Per the Court's Order [Dkt. 192] the ruling in favor of Plaintiff on that facial challenge "obviate[ed] the need to reach the as-applied component" of Plaintiff's lawsuit against the City.

With regard to defendant Bertini, the Court ruled that prospective declaratory or injunctive relief against was no longer available against him in his official capacity, since he has retired.

Plaintiff now presents a motion seeking an award of ***all*** fees generated by his attorneys in this matter, including those that relate to claims asserted against the State and NEA. As mentioned, Plaintiff was unsuccessful as to those claims. In addition, those claims had nothing to do with the constitutional validity of the City's permitting processes. The claims asserted against the State related to the constitutional validity of two state statutes. The claims against NEA asserted that said company conspired with the City to deny Plaintiff a permit to protest, which was not a facial challenge to the City's permitting processes.

As stated in more detail herein, defendant City contends that it should not be required to pay for any attorneys' fees generated in prosecuting Plaintiff's claims against the State or NEA.

---

DEFENDANT CITY OF MENLO PARK'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES; Case No. 17-cv-07357-RS (TSH)   2

In addition, defendant City contends that it should not be required to pay for those attorneys' fees a) that are vague, ambiguous and inadequately described on counsel's billing records and/or b) that were unnecessarily double (or triple or quadruple) billed by Plaintiff's attorneys.

As the declaration of defendant City's counsel indicates, a thorough review and analysis of the billing records submitted by Plaintiff's counsel has been completed. Those bills are annotated with color highlights and attached to counsel's declaration. A key to the highlighting of various entries follows:

- ➢ A blue highlight reflects a fee entry unrelated to the claims that Plaintiff prevailed upon against the City (i.e. fee entries relating to Plaintiff's claims against the State or NEA);
- ➢ An orange/yellow highlight reflects a vague entry, such as "Email from Michael Zeleny," which appears multiple times and from which it cannot be determined if the email related to any claim asserted against the City;
- ➢ A pink highlight relates to work that was unnecessarily double-billed (or more) (most of which involved a review of routine work by another attorney);
- ➢ A red highlight reflects block-billing in which there appears to be work related to the City along with work related to the State or NEA but there is no apportionment for such work.

In all, there is a total of $588,398.50 in questioned charges. That figure is 50.11% of the $1,174,108.50 lodestar amount claimed by Plaintiff. Defendant did not plan to come up with a figure that is about half of what Plaintiff is claiming; it just turned out that way, as the Court will see from the highlighted entries.

A few additional notes:

Where an entire fee entry is challenged the date of that entry is highlighted.

Where portions of an entry are challenged the challenged part of the entry is highlighted.

It is not defendant's intention to unreasonably nitpick the billings that have been submitted. Defendant has endeavored to present a reasonable analysis of counsel's billing records. Having said that, the billing records themselves show that Plaintiff's counsel have known for years that they would be required to present their billing records if they were to prevail and seek an award of fees, yet a great deal of their time entries are very vague and it cannot be determined if they should be included in an award or not. It should not be left to the Court or to defendant to guess what an entry relates to, but this is the case in many instances in these billing records.

Finally, it should be mentioned that there is currently pending a motion made by defendant pursuant to F.R.C.P. 12(b)(1) for dismissal of Plaintiff's claim that the City's special event process was facially invalid. If the City prevails on that motion a further analysis of the billing records provided by Plaintiff's counsel would be warranted and/or an appropriate reduction in the lodestar figure should be made accordingly.

## LEGAL ANALYSIS & DISCUSSION

Plaintiff seeks an award of attorneys' fees pursuant to 42 U.S.C. § 1988, which provides that a court may, in its discretion, award a reasonable attorney's fee to a prevailing party in an action brought under certain federal statutes, such as 42 U.S.C. § 1983.

The allegations upon which Plaintiff prevailed are found at Paragraphs 209 and 212-214 of his Second Amended Complaint. *See* Dkt. 99, pages 36-37. Those paragraphs are found within the Third County of the Second Amended Complaint, which, according to its caption, was brought pursuant to the First and Second Amendments to the United States Constitution. The Fourth Count of Plaintiff's Second Amended Complaint purports to state a cause of action pursuant to 42 USC § 1983. Since it incorporates the allegations of the preceding counts it apparently has been deemed to include the aforementioned facial challenge to the City's permitting processes.

A plaintiff may be considered a prevailing party pursuant to Section 1988 if plaintiff succeeds on any significant issue in the litigation which achieves some of the benefit that plaintiff sought in bringing the action. *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S. Ct. 1933 (1983)

DEFENDANT CITY OF MENLO PARK'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES; Case No. 17-cv-07357-RS (TSH)    4

(quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)).

Courts in the Ninth Circuit utilize the "lodestar" method for determining the amount of a fee award. Under this method the award is determined by multiplying the number of hours reasonably expended in the matter by a reasonable hourly rate. *See Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1115 (C.D. Cal. 2012); *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The party seeking the award has the burden of submitting detailed time records to justify the hours claimed and fee requested. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), amended on other grounds, 808 F.2d 1373 (9th Cir. 1987). The moving party is required to prove that the hourly rate and the number of hours claimed for the lodestar calculation are reasonable. *Intel Corp. v. Terabyte Int'l*, 6 F.3d 614, 623 (9th Cir. 1993). The lodestar amount may be reduced if the hours are duplicative, excessive, or otherwise unnecessary. *Id.*; *Hensley*, 461 U.S. at 433.

In this case, the Plaintiff seeks the lodestar amount plus a very hefty enhancement. There is a strong presumption exists that the lodestar figure represents a reasonable fee. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 & n.4 (9th Cir. 2000) and enhancement may only be ordered for factors not already subsumed in the lodestar calculation. *Id.* In this case Plaintiff's counsel asserts that this was a long, difficult lawsuit, which justifies enhancement. However, the lodestar figure, which provides for substantial hourly fees for the activities undertaken by counsel already accounts for and compensates for the amount of work expended in this action.

In this action, Plaintiff prevailed on his facial challenges to the City's special event permit process and film permit process, although there is currently a motion pending with regard to his standing to challenge the former. He did not prevail on his other claims in the litigation. His as-applied claim was never dealt with specifically in view of the ruling on his facial challenge. But it is submitted that his insistence on openly carrying military grade firearms and ammunition would have been found adequate justification for denying him a permit, particularly in view of the Ninth Circuit's ruling in *Young v. Hawaii,* 992 F.3d 765 (9th Cir. 2021).

In any case, Plaintiff did prevail on his facial challenges and is thereby considered a prevailing party under Section 1988. That does not mean, however, that he is entitled to recover all fees generated by his attorneys in this matter. The City should not be required to pay for fees associated with claims unrelated to those upon which Plaintiff prevailed. *Hensley, supra* at p. 434.

Likewise, Plaintiff has the burden of submitting evidence that permits the Court to determine whether a claimed fee should be awarded. *Hensley, supra* at p. 433. As the following and the accompanying declaration of the City's attorney shows, in many instances Plaintiff has not done that. The billing records submitted to the Court themselves show that Plaintiff's counsel were well aware, long ago, that they could potentially make a motion for attorneys' fees. Yet, many of their billing entries are vague, ambiguous and simply inadequate to determine to what issues they related. It should not be left to the Court or to the defendant to guess what such billing entries mean or to what parties and issues they apply. At the very least, Plaintiff has the burden of showing a prima facie entitlement to that a particular fee claim. Otherwise he is asking the Court to speculate and potentially to impose an award on defendant that it should not be required to pay.

Additionally, a plaintiff is only entitled to recover fees that were "reasonably expended." As the Supreme Court has stated:

> Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. In the private sector, "billing judgment" is an important component in fee setting. It is no less important here.

(*Hensley, supra* at p. 434 (citation omitted))

Unfortunately, that did not happen here. Plaintiff's counsel has submitted all of the billings generated in this matter, whether related or not to the claims prevailed upon and whether reasonable or not. There are a number of fee entries in which Mr. Affeld in particular, reviewed a routine e-mail or letter generated by one of the other attorneys in this matter, as if that attorney were a first year associate. At $800 per hour and $550-$695 per hour, such double billing results in

an effective fee of $1,350 to $1,495 for such activities.  Plaintiff's counsel makes no effort to justify such an effective rate.  Mr. Affeld states in his declaration that "we have exercised billing judgment by eliminating hours deemed unnecessary or redundant. We have also not charged for insignificant 'soft hours' such as short conferences among attorneys or phone calls that were non-substantive."  That is not what the billing records show, however.  There are numerous entries in which more than one attorney charges for the same e-mail or letter and there are many entries that relate to attorney meetings and discussions.  The City has not challenged the latter for the most part.  More attention has been placed upon the former.  Given the qualifications indicated by the attorneys for Plaintiff it should not be necessary for Mr. Affeld to review **and bill** for so many of the e-mails and correspondence generated by other attorneys in the firm.  If he chooses to review such transmittals that is up to him.  The City, however, should not be required to pay for that, as the *Hensley* Court has stated.

The accompanying declaration of counsel contains the details regarding the challenged fee entries, including the bases for the objections.  In view of what it shows and the law applicable to such motions, it is submitted that the lodestar figure of $1,174,108.50 is appropriately reduced by $588,398.50 and further if defendant's FRCP 12(b)(1) motion is granted.

DATED:  December 3, 2021

HOWARD ROME MARTIN & RIDLEY LLP


By  /s/  Robert J. Gundert
    Robert J. Gundert
    Attorneys for Defendants
    CITY OF MENLO PARK and
    DAVE BERTINI