David W. Affeld, State Bar No. 123922
Brian R. England, State Bar No. 211335
Damion Robinson, State Bar No. 262573
Affeld Grivakes LLP
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone:     (310) 979-8700

Attorneys for Plaintiff Michael Zeleny

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL ZELENY,<br><br>    Plaintiff,<br><br>    vs.<br><br>GAVIN NEWSOM, *et al.*,<br><br>    Defendants. | Case No. CV 17-7357 JCS<br><br>Assigned to:<br>The Honorable Richard G. Seeborg<br><br>Discovery Matters:<br>The Honorable Thomas S. Hixson<br><br>**PLAINTIFF MICHAEL ZELENY'S OPPOSITION TO DEFENDANT CITY OF MENLO PARK'S MOTION TO DISMISS AND REQUEST FOR MONETARY SANCTIONS IN THE AMOUNT OF $9,192.**<br><br>Date:         January 6, 2022<br>Time:        1:30 p.m.<br>Courtroom: 3, 17th Floor<br><br>Action Filed:  December 28, 2017<br>Trial Date:    None Set |

## I. **INTRODUCTION**

This last-gasp ploy by Defendant City of Menlo Park (the "City") to void this Court's summary judgment decision must fail. Regardless of how the City styles its Motion, it is a motion for reconsideration—filed months late, after multiple failed settlement conferences, and after Zeleny moved for an award of fees.[1] The Court has already considered and properly rejected the City's argument. The City has offered no new facts or new law. Nor has it shown that the Court's decision was manifestly erroneous. It improperly rehashes the same arguments as before, claiming that it did not fully develop them last time. Failing to develop arguments is not a basis for reconsideration. The Court got it right. There is no basis for a do-over.

After stringing Plaintiff Michael Zeleny ("Zeleny") along *for years* in a nightmarish and seemingly never-ending bureaucratic process, the City now contends that Zeleny never needed the permit in the first place. Ignoring the hundreds of hours that Zeleny spent trying to comply with the City's Kafkaesque process, the City claims that Zeleny cannot challenge the constitutionality of the City's prior restraints, not because it passes constitutional muster— this Court properly found that it does not—but because Zeleny could have avoided the process altogether.

The City has raised this very same argument at various stages of the proceedings. When Zeleny first filed for a permit for his protests, the City told him that no permit was required for a protest, but also that the specifics of Zeleny's planned protests did require a permit. Knowing that Zeleny was seeking to openly carry unloaded firearms, the City claimed that its approval was necessary in order to comply with certain exemptions from California's open carry ban. ***This approval could only come in the form of a special event permit ("SEP") or film permit***. The City worked hand-in-hand with NEA to deny Zeleny a permit for his protests; not because he did not need one, but because they claimed he did not and could not meet the ever-shifting set of

---

[1] Notably, the City concedes that Zeleny has standing to challenge its film permit process, meaning that its Motion would not even eliminate Zeleny's entire claim under 42 U.S.C. § 1983. Given the timing, the apparent purpose of this Motion is a last-ditch effort to reduce Zeleny's request for fees. For the reasons stated in Zeleny's Motion for Attorney's Fees, he should be awarded all of the reasonable fees incurred in this action, including in responding to this frivolous and untimely Motion, which just further demonstrates the scorched-earth litigation tactics the City employed.

requirements. The parties fully briefed these issues at summary judgment.

After exhausting the administrative process, which took years, Zeleny brought this action including both facial and as-applied challenges to the City's permitting process. In the initial Complaint, which is where subject matter jurisdiction is measured, Zeleny brought claims under the First, Second, and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. § 1983, alleging that the City's SEP and film permitting processes were unconstitutional prior restraints. Prior to summary judgment, the City never challenged this Court's jurisdiction. And for good reason. As measured by Zeleny's well-pleaded Complaint, this Court plainly has jurisdiction over this dispute and authority to rule on the City's permit processes.

Having forced Zeleny to complete the permitting process and litigate his claims through summary judgment, and after this Court found that the City's processes were facially unconstitutional, the City now seeks a do-over (i) because the Court allegedly lacks subject-matter jurisdiction; and (ii) under a motion to reconsider that fails to meet any of the procedural or substantive requirements. The City is wrong on both accounts.

***First***, under well-settled Supreme Court and Ninth Circuit authority, when challenging a permitting process as an unconstitutional prior restraint, a plaintiff is not required to prove that she is subject to the permitting process and has been denied a permit. Such proof is needed for an as-applied challenge, but not for a facial challenge. This Court plainly had jurisdiction to consider Zeleny's claims and to rule on the constitutionality of the City's permitting process. Moreover, the City admitted in discovery that (a) the permitting process ***does apply*** to Zeleny by its plain terms; and (b) a SEP or film permit was the only way that Zeleny could secure the City's authorization to carry firearms as part of his events.

***Second***, the City's request for leave to file a motion for reconsideration is both procedurally and substantively defective. The Motion is untimely, fails to identify any new law or facts on which it is based, and repeats and rehashes the very same arguments that the City made at summary judgment. Each of these failures directly violates this Court's rules. Sanctions against the City are mandatory.

For all these reasons, and as demonstrated more fully below, this Motion should be denied

1  and the City should be sanctioned in the amount of $9,192 for violating this Court's rules.[2]

2  ## II.  BACKGROUND[3]

3  ### A.  Zeleny's Protests and the City's Efforts to Silence Him.

Zeleny has protested in Menlo Park since 2008.  The focus of his protests is the ongoing support by venture capital firm New Enterprise Associates ("NEA") of entrepreneur Min Zhu.  Min Zhu's daughter credibly accused Min Zhu of raping her when she was 14.  Min Zhu has never denied the allegations.  He fled to China when they became public.  Nonetheless, NEA has continued to financially sponsor Min Zhu and has not commented on the credible allegations of rape. Decl. of Zeleny in Sup. of Mot. for Summ. J. (Doc. No. 162-2) ("Zeleny Decl") at ¶¶ 2-11.

Zeleny has staged a series of protests outside of NEA's headquarters.  In addition to traditional protesting—*e.g.*, displaying posters and handing out leaflets—Zeleny has also carried unloaded firearms to draw emphasis to his protests.  He has been fully cooperative with the police at all times, even when he believed their requests were unconstitutional.  *Id.* ¶¶ 11-21.

Beginning in 2010, the City worked closely with NEA to find a "firm solution" to end Zeleny's protests.  Robinson Decl. in Sup. of Mot. for Summ. J. ("Robinson MSJ Decl.") (Doc. No. 162-1) at Ex. K.  Senior police personnel and NEA acknowledged that Zeleny was not breaking any laws and had a First Amendment right to protests.  But they worked to find ways to stop him anyway, ranging from restraining orders to spraying him with water and pointing rifles at him.

In 2012, the City had Zeleny prosecuted for carrying a concealed weapon in connection with his protests.  Zeleny was acquitted in 2014.  Zeleny Decl. at ¶¶ 24-30 & Exs. 2, 3.

### B.  The City's Unconstitutional Permitting Process.

While Zeleny's prosecution was ongoing, California adopted the "open carry" ban on handguns and rifles.  *See* Cal. Penal. Code §§ 26350, 26500.  The City lobbied for these bans, using

---

[2] In the attached Declaration of Brian R. England, Zeleny submits evidence that his lawyers incurred 16.5 hours reviewing the Motion, researching the applicable law, and drafting this Opposition. Zeleny respectfully requests that the Court issue a monetary sanction against the City in the amount of $9,192 as compensation.

[3] The Court is intimately familiar with the facts of this matter and a truncated version is presented here for purposes of this Opposition.

Zeleny's protests as an example. Robinson MSJ Decl., Ex. K. After Zeleny's acquittal, the City interpreted these new statutes to mean that Zeleny needed a City permit before he could carry firearms in his protests. Zeleny Decl. ¶¶ 32-33; Affeld Decl. ¶ 3.

In an effort to comply with the City's demands, starting in 2015, Zeleny applied for both an SEP and later a film permit. Zeleny Decl. ¶¶ 34-35. The City's processes for issuing these permits lacked objective standards or a definite time limit. 7/13/2021 Order (Dkt. No. 192) at pp. 13-16. Case in point, after more than two years, the City denied Zeleny's SEP application on ever-shifting grounds outside of its official policy, and then refused to process his film permit application. When the City would not articulate any constitutional-sound standards for its permitting processes, Zeleny filed suit on December 28, 2017. *See* Compl. (Dkt. No. 1).

### C. Procedural History.

Zeleny filed suit in December 2017 against the City and other defendants. He brought a single claim against the City for violation of 42 U.S.C. § 1983, challenging the City's processes for SEP and film permits both facially and as applied.

This case was heavily litigated for four years. On January 21, 2021, the parties cross-moved for summary judgment. Dkt. Nos. 160, 162. After oral argument, the Court granted summary judgment in Zeleny's favor and against the City on July 13, 2021. City. Dkt. No. 192.

In August, the parties attended a Status Conference. The City indicated that it was "contemplating a motion for reconsideration of an issue that was impliedly but not explicitly addressed by the Court's order." *See* Joint Status Report (Dkt. No. 193) at p. 3. The Court advised the City at that time that a motion for reconsideration was likely untimely already.

The City claimed that it intended to seek reconsideration of the Court's "implied ruling" that Zeleny had standing. Zeleny's counsel wrote to counsel for the City promptly, quoting the portion of the Court's summary judgment order expressly addressing this issue:

> Because Zeleny challenges the permitting processes as facially invalid prior restraints, his standing is not a function of his having "appl[ied] for, and be[en] denied" any one particular permit. *See City of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 755-56 (citations omitted). So long as the processes remain in place and controlling over any future application he might submit, his claims against Menlo Park are justiciable.

England Decl., Ex. B (quoting 7/13/2021 Order (Dkt. No. 192) at p. 13).

Undeterred, the City filed its Motion five months after the Court granted summary judgment.

## III.  LEGAL STANDARD

This is a disguised and legally-unsupportable motion for reconsideration.  The City tries to avoid the substantive obstacles to such a motion by styling it as a motion to dismiss.  This subterfuge is unavailing.  The time for a motion to dismiss passed years ago, and the Court has already granted Zeleny summary judgment on the claim that the City now seeks to dismiss.  The Court should reject the City's attempts to sidestep the procedural and substantive requirements for a motion for reconsideration, particularly since it has already ruled on the issue presented.

"The Court will not exalt form over substance and permit a party to circumvent the applicability of Local Rule 7–9 merely by avoiding the 'motion for reconsideration' label." *Lam Rsch. Corp. v. Schunk Semiconductor*, 65 F. Supp. 3d 863, 869 (N.D. Cal. 2014).  "Courts routinely look to the substance of the motion rather than how it is styled in determining the standard to apply." *Id*., *citing Semiconductor Energy Laboratory Co., Ltd. v. Chi Mei Optoelectronics Corp*., No. C04–04675 MHP, 2006 WL 2130866 (N.D.Cal. July 27, 2006) (recognizing that party's "motion for clarification" of a claim construction order was "in substance, a motion for reconsideration" and could "be denied on that basis alone").

Here, the City seeks to avoid a motion for reconsideration label precisely because it cannot possibly meet the standard for reconsideration.  The Motion, **which comes nearly five months after the Court granted summary judgment**: (i) is untimely; (ii) fails to identify any new law or facts; and (iii) violates the Local Rules by repeating arguments that were made and rejected at summary judgment.  Each failure independently mandates denying this Motion.  The City's persistence in rehashing the same arguments also warrants sanctions.  *See* Local Rule 7-9(c)

## IV.  ARGUMENT

### A.  Defendants' Request for Leave to Seek Reconsideration Must Be Denied.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000).  A party seeking leave to move for reconsideration must "specifically show reasonable

diligence in bringing the motion and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or a change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Local Rule 7-9(B). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id*. (*quoting 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999)).

### 1. The City Fails to Show Reasonable Diligence.

The City cannot possibly show reasonable diligence having waited ***five months*** to file its Motion. A lack of diligence has been found based on delays as little as four weeks. *See Largan Precision Co, Ltd v. Genius Elec. Optical Co.*, No. 13-CV-02502-JD, 2015 WL 2063988, at *2 (N.D. Cal. May 4, 2015) (waiting more than four weeks to file a motion for reconsideration does not constitute reasonable diligence); *Regents of Univ. of California v. Fed. Emergency Mgmt. Agency*, No. 17-CV-03461-LB, 2018 WL 10705313, at *1 (N.D. Cal. Apr. 10, 2018) (reasonable diligence not shown where motion for reconsideration filed two months after court's original order). The City was plainly aware of its argument by August, when it threatened a motion for reconsideration at the Status Conference. It cannot explain another three months of delay. It makes no difference that little additional litigation has happened. *Emblaze Ltd. v. Microsoft Corp*., No. 12-CV-05422-JST, 2015 WL 12952900, at *2 (N.D. Cal. Feb. 27, 2015).

The City ignores the diligence factor entirely and does not even attempt to show reasonably diligence. Its failure to address this factor in its moving papers alone mandates denial. *DeVries v. Experian Info Sols., Inc.*, No. 16-2953, 2017 WL 2377777, at *1 (N.D. Cal. June 1, 2017).

Indeed, the Court already informed the City ***in August***, that its Motion was likely untimely by that time. The Court admonished counsel to closely review the applicable standards in the Local

Rules before bringing such a motion, both substantively and procedurally.  By observing that a motion for reconsideration *was likely already untimely in August*, the Court foreshadowed this very issue.  Nonetheless, the City waited another three months, and failed to address the Local Rules.

### 2. There Is No Basis for Reconsideration.

Even if the Court were to look past the fact that the City's Motion is hopelessly late, it does not satisfy the standards for reconsideration.  The City does not even attempt to show new facts or new law.  It has not come close to showing that the Court's ruling was manifestly erroneous.

In order to justify reconsideration, the City was required to show "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."  Rule 7-9(b)(3).  The City argues, however, that although it presented "material facts" to the court supporting its standing argument, it failed fully develop its arguments because there was a lot going on at the time.  *See* Gundert Decl. ¶¶ 8, 10.  Failing to properly develop an argument is not grounds for reconsideration. *Citcon USA, LLC v. RiverPay Inc.*, No. 18-02585, 2019 WL 570752, at *3 (N.D. Cal. Feb. 12, 2019).  "Motions to reconsider 'may not be used to raise arguments or present evidence for the first time *when they could reasonably have been raised earlier in the litigation*.'" *Id*. at *2.

In reality, the City made its standing arguments and the Court properly rejected them.  As the City notes, the "Court had ruled on the standing issue to some extent in its July 13, 2021 Order." *Id*. at ¶ 5.  Though the City attempts to downplay the ruling, it was clear and explicit:  "Because Zeleny challenges the permitting processes as facially invalid prior restraints, *his standing is not a function of his having 'applied for, and been denied' any one particular permit*."  Summary Judgment Order at p. 13 (citation omitted; emphasis added).  The City is simply unhappy with the Court's Order.  Disagreement with the Court's ruling is also not a basis for reconsideration. *See Rose v. Stephens Inst.*, No. 09-CV-05966-PJH, 2016 WL 3919489, at *1 (N.D. Cal. June 24, 2016); *Iglesia Ni Cristo v. Cayabyab*, No. 18- 00561, 2020 WL 3833281, at *6 (N.D. Cal. July 8, 2020).[4]

---

[4] A party may attempt to show materially different law from that presented to the Court, but must also show that it exercised reasonable diligence and did not know of this law previously.  Local Rule 7-9(b)(2).  The City does not come close to making this showing either—leaving aside the fact that the City's argument fails on the merits.  It cites no recent authority or other basis for failing to recognize its argument earlier.  It does

### 3. The City's Motion for Leave to File Motion for Reconsideration Impermissibly Repeats Prior Arguments in Violation of 7-9(c)

Finally, the City's Motion is also fatally-flawed under Local Rule 7-9(c): "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered."  The City's entire Motion is a rehashing of arguments it made previously, and issues on which this Court has already ruled.  Plaintiff pled standing, and standing was found in the Court's grant of summary judgment.  This issue has also been raised repeatedly in oral argument.  The time for rehashing summary judgment argument passed long ago.

### B. Plaintiff Had Standing to Bring his Facial Challenge and Defendants' Motion to Dismiss Must be Denied.

Passing its myriad procedural defects, each of which alone is sufficient to deny the City's Motion, the City's argument is also substantively wrong.  Succinctly stated, the City's contention is that Zeleny lacked standing under Article III to challenge the validity of the City's SEP process because the City allegedly told him that no SEP permit was required for a protest.  Mot. at p. 3.  The City's argument is both legally and factually wrong.

### 1. The Court Has Subject Matter Jurisdiction.

Glaringly, the City concedes that Zeleny had Article III standing to challenge the City's film permitting process.  Mot. at p. 3.  This admission is dispositive.  There was indisputably a live case or controversy between Zeleny and the City regarding the constitutionality of the City's permitting process.  Zeleny brought a single claim for violation of 42 U.S.C. § 1983, challenging the City's film permit and SEP processes.   Federal subject matter jurisdiction must exist at the time the action is commenced.  *See Rockwell Int'l Corp.v. United States*, (2007) 549 U.S. 457, 473 (holding subject matter jurisdiction "depends on the state of things at the time of the action brought"); *Morongo Band of Mission Indians v. California State Bd. Of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) ("Subject matter jurisdiction must exist as of the time the action is commenced").

---

not claim that it was unaware of the basic law of standing, but simply that it did not recognize the supposed standing issue until after summary judgment—four years into this case.
- 8 -
OPPOSITION TO MOTION TO DISMISS

Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, (1987) 482 U.S. 386, 390.  Here, Zeleny's original Complaint, filed in December 2017, included federal questions claims against the City for (i) violations of the First Amendment; (ii) violations of the First and Fourteenth Amendments; (iii) violations of the First and Second Amendments; and (iv) violation of 42 U.S.C. § 1983.  *See* Complaint, Dkt. No. 1.  There can be no serious dispute that, at the time the Complaint was filed, there was subject matter jurisdiction over the dispute between Zeleny and the City.  Nothing further is required.

### 2. Zeleny Had Standing to Bring a Facial Challenge to the Validity of the SEP and Film Permit Processes.

Here, Zeleny alleged, and proved at summary judgment, that the City's SEP and film permitting processes were facially unconstitutional in that they lacked enumerated criteria so that the City officials had unbridled discretion in issuing the permits.  Apply well-settled Ninth Circuit law, this Court agreed and found that both permitting schemes are facially infirm and therefore unconstitutional.  Order at p.13.  And, because the permitting schemes ***could never be applied constitutionally***, Zeleny was not required to further substantiate his as-applied challenge.  *Id.*

A plaintiff who challenges a permitting scheme on the ground that it is an unconstitutional prior restraint has standing to challenge the process even if he or she has not applied for a permit.  Because "the very existence of some broadly written laws has the potential to chill the expressive activity of others not before the court," the Supreme Court has "established that in the area of freedom of expression an overbroad regulation may be subject to facial review and invalidation, even though its application in the case under consideration may be constitutionally unobjectionable," *Forsyth Cnty., Georgia v. Nationalist Movement*, (1992) 505 U.S. 123, 129, a relaxation of the "prudential requirement that a litigant raise [solely] his own rights and interests." *Serv. Emp. Int'l Union, Local 3 v. Municipality of Mt. Lebanon*, 446 F.3d 419, 423 (3d Cir.2006).

As the Court properly ruled, "when a licensing statute allegedly vests unbridled discretion in a government official over whether to permit or deny expressive activity, one who is subject to the

law may challenge it facially without the necessity of first applying for, and being denied, a license." *City of Lakewood v. Plain Dealer Publ'g Co.*, (1988) 486 U.S. 750, 755–56. "At the root of this long line of precedent is the time-tested knowledge that in the area of free expression a licensing statute placing unbridled discretion in the hands of a government official or agency constitutes a prior restraint and may result in censorship" and self-censorship. *Id*. at 757.

Under these longstanding principles, Zeleny has standing to challenge the facial validity of these permitting processes, on the ground that they are prior restraints. This is precisely what Zeleny alleged (Complaint at ¶ 121), argued (Opp. to City Mot. for Summary Judgment at p. 8-9), and proved at summary judgment (Order at p. 15). This Court had jurisdiction to consider these issues to and make its summary judgment findings, and nothing the City has raised herein changes this simple conclusion.

The City's own authorities make clear that a plaintiff may challenge an unconstitutional regulation even if it may not apply to him. A plaintiff has constitutional standing if the challenged regulation as long as it "arguably" applies to his planned activities. *See Lopez v. Candaele*, 630 F.3d 775, 790 (9th Cir. 2010) (citation omitted). As the City has admitted, the SEP process applies to Zeleny's activities by its plain terms. Mot. at p. 8. The City also put Zeleny through two years of the SEP process and denied his permit on several substantive grounds, not simply that the protests do not require a permit. It cannot seriously argue in litigation that the SEP process does not apply.

The City's argument that it has somehow "disavowed" enforcement is pure sophistry. None of the City's authorities relate to a permitting process granting unbridled discretion, which confers standing without ever applying for a permit. Moreover, the City has never disavowed an intention to arrest Zeleny. To the contrary, it has consistently maintained that Zeleny will be arrested if he conducts his protests as planned, including displaying firearms, without a permit. *See* England Decl., Ex. A.

Rather than disavow an intention to arrest him, the City has used the argument that he "does not need a permit" to exclude him from a generally-applicable permitting process that is necessary to conduct his protests. The City claims that Zeleny does not need a permit, "as long as [his protest] is conducted within the confines of the law and local ordinances, **including the Penal Code sections**

*regulating the display of firearms*." Mot. at p. 8 (emphasis added). The City also maintains, however, that Zeleny cannot comply with those Penal Code sections without a permit. The only available permits are an SEP or a film permit. *See* England Decl., Ex. A. The City cannot assert that Zeleny's protests are excluded from the SEP process while at the same time requiring him to radically change those protests in order to avoid arrest.

For these reasons, the Court properly rejected the City's argument at summary judgment. There, the City argued "plaintiff was told repeatedly that the SEP process did not apply to his proposed protest and that he did not need a permit to protest." Opp. to Mot. for Summ. J. (Dkt. No. 168) at p. 21. Zeleny noted in response that City's argument would require him to radically change his proposed protests in order to avoid the need for an SEP, and that the City could not both demand its authorization and exclude Zeleny from the process needed to secure that authorization. Reply ISO Mot. for Summ. J., Dkt. No. 173 at pp. 5-6. The Court rightly rejected the City's argument. It should do the same here.

**C.    Sanctions Are Mandatory.**

Under Local Rule 7-9(c), "[a]ny party who violates" the restriction on repeating arguments "*shall* be subject to sanctions." *Id.* That sanction makes sanctions mandatory.

The City should be sanctioned. As detailed above, its entire argument on this motion was made and rejected at summary judgment. Whether or not the City fully developed the argument, the Court considered and properly rejected it. The City seeks to relitigate the exact points that the parties already litigated once.

Zeleny has incurred in excess of $9,000 in fees responding to the City's belated Motion. He should recover those fees under the applicable Local Rules.

- 11 -
OPPOSITION TO MOTION TO DISMISS

## V. CONCLUSION

For all the foregoing reasons, Zeleny respectfully requests that this Court: (i) deny the City's Motion to Dismiss and Request for Leave to File a Motion for Reconsideration, (ii) issue monetary sanctions against the City in the amount of $9,192; and (iii) grant Plaintiff's pending Motion for Attorneys' Fees.

Dated:  December 13, 2021			Respectfully submitted,

					s/ Damion Robinson
					David W. Affeld
					Brian R. England
					Damion D. D. Robinson
					Affeld Grivakes LLP

					Attorneys for Plaintiff Michael Zeleny