Damion D. D. Robinson, SBN 262573
David Markevitch, SBN 256163
ROBINSON MARKEVITCH & PARKER LLP
8430 Santa Monica Blvd., Suite 200
West Hollywood, CA 90069
Tel.    (213) 757-7778
Email:  dr@robinsonmarkevitch.com
        dm@robinsonmarkevitch.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZELENY, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>            Defendants. | Case No.: 3:17-cv-7357-RS<br><br>Assigned for All Purposes to:<br>Hon. Richard Seeborg<br><br>**MOTION TO WITHDRAW AS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently:<br>1. Declaration of Damion Robinson;<br>2. Proposed Order]<br><br>Date:   May 1, 2025<br>Time:   1:30 p.m.<br>Crtrm.  3 |

- 1 -

MOTION TO WITHDRAW

**NOTICE OF MOTION AND MOTION**

**TO THIS HONORABLE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on May 1, 2025 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Richard Seeborg in Courtroom 3 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, undersigned counsel, Damion Robinson, David Markevitch, and Robinson Markevitch & Parker LLP ("Counsel"), will and hereby do move to withdraw from representing Plaintiff Michael Zeleny in this matter.

This Motion is made pursuant to Local Rule 11-5 on the grounds that Counsel has not represented Mr. Zeleny in this case for approximately two years and previously represented him through a different firm prior to his appeal. Due to an apparent clerical error, counsel's information has not been removed from the Court's docket, which has created ambiguity about the status of representation. Counsel files this Motion in an abundance of caution to clarify non-representation in this matter on remand.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of Damion Robinson, the records and files herein, and such other matters as the Court may consider.

Dated:  March 20, 2025

Respectfully submitted,
ROBINSON MARKEVITCH & PARKER LLP

By: /s/ Damion Robinson
    Damion D. D. Robinson
    David Markevitch

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Undersigned counsel Damion Robinson ("Robinson"), David Markevitch ("Markevitch"), and Robinson Markevitch & Parker LLP ("RMP") respectfully submit this Memorandum of Points and Authorities in support of their Motion to Withdraw as Counsel for Plaintiff Michael Zeleny.

## I. INTRODUCTION

Undersigned counsel files this Motion in an abundance of caution to clarify that they do not represent Mr. Zeleny in this case following its remand from the Ninth Circuit. Robinson and Markevitch have not represented Mr. Zeleny for two years. They previously represented him through a different law firm, Affeld Grivakes LLP ("Affeld Grivakes"), which has since withdrawn from representation while the case was on appeal. They have not been affiliated with Affeld Grivakes since 2022 and 2023, respectively, and have not represented Zeleny since that time. Their current firm, RMP, has never represented him in any capacity.

Unfortunately, due to an apparent oversight, Robinson and Markevitch were not removed from the Court's docket when the left Affeld Grivakes. It appears that the Pacer system has continued to automatically update their information, so that it now appears that they represent Mr. Zeleny. This Motion is intended to clarify that ambiguity.

Undersigned counsel does not and cannot represent Mr. Zeleny in this case. Counsel has no knowledge of the current issues, arguments, or procedural posture of the case, other than the fact that the case has been remanded after an appeal. In addition, counsel has not reached any agreement with Mr. Zeleny regarding the scope or terms of new representation.

## II. BACKGROUND

Mr. Zeleny originally filed suit against Governor Edmund G. Brown, Jr., Attorney General Xavier Becerra, the City of Menlo Park, and Police Chief Dave Bertini in December 2017. He alleged that certain California gun laws were unconstitutional, and that the City of Menlo Park had unconstitutionally prohibited him from protesting. *See* Dkt. No. 1.

At that time, and at all times prior to entry of judgment, Mr. Zeleny was represented by Affeld Grivakes. Damion Robinson ("Robinson") and David Markevitch ("Markevitch") were

attorneys at Affeld Grivakes during this representation. Robinson Decl. ¶ 2.

After four and a half years of litigation, the Court entered Judgment in favor of Zeleny on his claims against the City of Menlo Park, and against Mr. Zeleny on his claims against Attorney General Bonta and Chief Bertini.[1] Dkt. No. 224. Zeleny timely appealed. Dkt. No. 226.

While the case was on appeal, both Robinson and Markevitch left Affeld Grivakes. Robinson left in October of 2022. Markevitch left in November of 2023. Neither has had any substantive involvement in the case since that time.  Robinson Decl., ¶ 3.

Affeld Grivakes withdrew from representing Mr. Zeleny during the appeal.  At that time, Robinson learned that he was still listed as counsel in the Ninth Circuit, and filed a request to be removed from the case.[2]  *Id.*, ¶¶ 4-5 & Ex. 1.  He was also terminated in the Ninth Circuit. *Id.* Zeleny then retained new counsel, Alan Beck. Robison Decl. ¶ 6 & Ex. 1.

On September 19, 2024, the Ninth Circuit issued its mandate, remanding the case to this Court based on the decision in *New York Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). *See id.*, Ex. 1; *see also* Dkt. No. 234.

Shortly before the January 23, 2025 Case Management Conference, Affeld Grivakes emailed the clerk to be removed from the docket because it no longer represents Zeleny. Robinson made a similar request to be removed from the docket. The clerk advised that Mr. Zeleny believes that undersigned counsel still represents him, and that counsel would need to file a formal motion to withdraw. Robinson Decl. ¶ 7 & Ex. 2.

Undersigned counsel has corresponded with Mr. Zeleny about the status of representation but has not agreed on any terms of representation. Counsel cannot represent Mr. Zeleny effectively in this case. *Id.*, ¶¶ 8-9.

### III.    LEGAL STANDARD

Withdrawal is governed by Local Rule 11-5 and the California Rules of Professional Conduct.  Local Rule 11-5(a) provides, "Counsel may not withdraw from an action until relieved

---

[1] The claims against Governor Brown were dismissed early in the case, and Attorney General Bonta was substituted for Attorney General Becerra after he assumed office.

[2] Markevitch was not listed as counsel for Zeleney on the appeal.

by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." The Court may condition withdrawal on counsel continuing to receive papers "for forwarding purposes, unless and until the client appears by other counsel or pro se." Local Rule 11-5(b).

Under the California Rules of Professional Conduct, an attorney's representation terminates when the attorney completes the work for which he was hired. *See In re Allen*, 2010 WL 4812781, at *4 (State Bar Rev. Dept. Nov. 19, 2010) ("The duration of an attorney/client relationship is dependent upon the nature and scope of the relationship"). Thus, representation is generally deemed to end upon entry of judgment. *See Mizrahi v. Miscione*, 252 Cal.App.2d 673, 683 (1967) ("When a judgment has been entered the duties of an attorney are at an end unless the terms of his employment require him to take some action to collect the judgment"); *Panattoni v. Superior Court*, 203 Cal. App. 3d 1092, 1097 (1988). Further, a lawyer may withdraw where (a) it becomes "unreasonably difficult for the lawyer to carry out the representation effectively," or (b) "the lawyer believes in good faith … that the tribunal will find the existence of other good cause for withdrawal." Cal. R. Prof. C., rule 1.16(b)(4), (10).

Courts assessing a request for withdrawal balance the equities, considering such factors as "the reasons counsel seeks to withdraw; the possible prejudice that withdrawal may cause to other litigants; the harm that withdrawal might cause to the administration of justice; and the extent to which withdrawal will delay resolution of the case." *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing cases).

## II. ARGUMENT

It does not appear that formal withdrawal is necessary, but if it is, withdrawal is justified under the circumstances. Counsel has not represented Zeleny in two years, did not agree to represent him in post-remand proceedings, and cannot represent him effectively. Robinson and Markevitch are listed as counsel of record due to an inadvertent, clerical error after they left their prior law firm.  Withdrawal is appropriate both because representation ended long ago and because the standards for permissive withdrawal allow it. The equities also weigh strongly in favor of withdrawal.

Counsel's representation of Mr. Zeleny ended when the Court entered final judgment or, at the latest, when counsel (a) left the firm that previously represented Mr. Zeleny, and (b) that firm successfully moved to withdraw in the Ninth Circuit. *Mizrahi*, 252 Cal.App.2d at 683; *Panattoni*, 203 Cal. App. 3d at 1097. That representation ended long ago is confirmed by the fact that the Ninth Circuit terminated all counsel who previously represented Zeleny during the course of the appeal, including Affeld Grivakes and Robinson. At that time, Zeleny hired new counsel to represent him, underscoring that prior counsel no longer did so. Simply put, undersigned counsel did not agree to represent Mr. Zeleny in his constitutional challenge indefinitely through multiple proceedings.

Instead, Mr. Zeleny hired Affeld Grivakes to provide trial representation in his case. Affeld Grivakes did what it was hired to do – *i.e.*, securing a judgment in Mr. Zeleny's favor. That firm then withdrew. Robinson and Markevitch have never represented Mr. Zeleny since leaving that firm. No attorney-client relationship to represent Mr. Zeleny in future proceedings was ever created, and no agreement to represent Mr. Zeleny is in place.

Even if there were somehow an ongoing attorney-client relationship, however, there is ample cause to allow withdrawal. Having not been involved in this case for two years, undersigned counsel has no meaningful knowledge of the status of the case, the status of the evolving law on gun control, or the current posture of Zeleny's claims. Further, counsel has no agreement to represent Mr. Zeleny. Thus, counsel would be forced to represent Mr. Zeleny on complex, constitutional claims on a volunteer basis. Not only would this impose a serious financial burden, but counsel cannot undertake such representation consistent with its obligation to provide competent representation to Mr. Zeleny and other clients.

Finally, for the same reasons, the equities tip sharply in favor of allowing withdrawal. Counsel seeks to withdraw for proper reasons – *i.e.*, they do not and have not represented Mr. Zeleny for years and appear on the docket due only to an administrative error. Regardless of the apparent merit of his claims, requiring counsel to represent Mr. Zeleny on novel and complex constitutional issues would be extremely prejudicial. While the delay caused by withdrawal is an important consideration that should not be discounted, it does not justify forcing counsel to

represent a client whom they did not agree to represent.

**IV.  CONCLUSION**

For the foregoing reasons, Robinson, Markevitch and RMP respectfully request that the Court grant this Motion and allow them to formally withdraw to avoid any ambiguity about the status of representation.

Dated: March 20, 2025

Respectfully submitted,
ROBINSON MARKEVITCH & PARKER LLP

By: /s/ Damion Robinson
    Damion D. D. Robinson
    David Markevitch

MOTION TO WITHDRAW