UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ZELENY,

    Plaintiff,

v.

ROB BONTA, et al.,

    Defendants.

Case No. 17-cv-07357-RS

**ORDER GRANTING MOTION FOR JUDGEMENT ON THE PLEADINGS**

## I. INTRODUCTION

Defendants' unopposed motion for judgment on the pleadings is granted. Plaintiff's claims are dismissed without leave to amend because Plaintiff's First Amendment and self-defense arguments are waived and California's open-carry exemptions for movie and production sets do not violate the Equal Protection Clause. Moreover, Plaintiff's failure to prosecute warrants dismissal under Rule 41(b).

## II. BACKGROUND

As part of a protest in 2017, Plaintiff Michael Zeleny sought to carry unloaded firearms openly in public and to film the reaction of passerby. When the City of Menlo Park denied Plaintiff a permit to conduct his planned protest, he sued both the City and the Attorney General, alleging the open-carry restrictions violated the Equal Protection Clause and his First and Second Amendment right to carry openly unloaded firearms for expressive purposes.

In a summary judgment order issued in July 2021, this Court dismissed Plaintiff's First Amendment and tag-along Second Amendment claims, and rejected his Equal Protection Clause

argument, finding no suspect classification and finding rational basis satisfied. *See* Dkt. 192 at 8.

A few weeks later, the Supreme Court established a new text-and-history approach to Second Amendment claims in *New York State Rifle & Pistol Ass'n v. Bruen*. 587, U.S. 1, 142 S.Ct. 2111. Plaintiff appealed this Court's summary judgment order.

The appeal was administratively stayed to give Plaintiff time to resolve outstanding attorneys' fees issues. After four extensions of that stay and a change in counsel, Plaintiff filed his opening brief in June 2024, three years after the summary judgment order he was appealing. He appealed on Equal Protection Clause grounds and advanced a new self-defense Second Amendment argument, but abandoned his First Amendment and expressive Second Amendment arguments.

In August 2024, the Ninth Circuit vacated this Court's May 2022 judgment entered for the Defendant and remanded the case back to this Court. Over the last year since the case was remanded, Plaintiff was directed to retain counsel or be prepared to proceed *pro se*. He has failed to do either. In September 2025, Defendants filed the present motion for judgment on the pleadings, which Defendant failed to oppose.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the pleadings close but "early enough not to delay trial." Fed. R. Civ. P. 12(c). The legal standard governing a motion for judgment on the pleadings under Rule 12(c) is "substantially identical" to that governing a motion to dismiss under Rule 12(b)(6). *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). " 'A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true,' " there is no genuine issue of material fact in dispute and the movant "is entitled to judgment as a matter of law.' " *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (citation omitted); *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). In other words, the complaint does not allege sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Conclusory statements or formulaic recitations of the elements of a claim are not sufficient. *See Chavez*, 683 F.3d at 1108. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Assessing facial plausibility is a context-sensitive task that requires judicial experience and common sense. *Id.* at 679.

## IV. DISCUSSION

### A. Plaintiff's First Amendment and Second Amendment self-defense arguments are waived.

An issue " 'waived on appeal[] cannot be revived on remand.' " *Facebook Inc. v. Power Ventures Inc.,* 252 F. Supp. 3d 765, 775 (N.D. Cal. 2017) (quoting *Magnesystems v. Nikken, Inc.*, 933 F.Supp. 944, 949–950 (C.D. Cal. 1996) and also citing *Securities Investor Protection Corp v. Vigman*, 74 F.3d 932, 937 (9th Cir. 1996)). An issue is waived when a Plaintiff "cho[oses] not to argue an issue on appeal." *Freedom From Religion Found. v. Chino Valley Unified Sch. Dist. Bd. of Educ.,* 896 F.3d 1132, 1152 (9th Cir. 2018) (citing *Arizona v. Tohono O'odham Nation*, 818 F.3d 549, 559 (9th Cir. 2016)). An issue is also waived on appeal when a party "fails to engage with the district court's analysis" and instead makes additional arguments unrelated to thereto. *U.S. Sec. & Exch. Comm'n v. Schooler*, 905 F.3d 1107, 1114 (9th Cir. 2018).

Here, Plaintiff expressly waived his First Amendment claim on appeal, noting that the "trial court's dismissal of Mr. Zeleny's Equal Protection claim flowed from its Second Amendment ruling and *a First Amendment ruling Mr. Zeleny does not challenge on appeal*." Appellant's Opening Brief at 6 (emphasis added). Accordingly, his First Amendment argument is also waived on remand. *See, e.g.*, *Facebook*, 252 F. Supp. 3d at 774–75.

As to the Second Amendment argument, Plaintiff's Opening Brief focused only on self-defense under the Second Amendment, a theory not alleged in the operative complaint,[1] with no

---

[1] The Complaint does not discuss a Second Amendment right to carry an arm for the purpose of self-defense, nor does it allege the right to carry a loaded weapon for any purpose. *See* Dkt. 99.

discussion of his earlier "expressive" Second Amendment arguments. Accordingly, the Second Amendment argument is also waived.

### B. The Equal Protection Clause argument fails.

California Penal Code Sections 26350 and 26400 prohibit the open carrying in public of unloaded handguns and firearms, respectively. Cal. Penal Code §§ 26350, 26500. Sections 26375 and 26405(r) create exceptions for firearms used as props on certain movie and television sets. *Id.* §§ 26375, 26405(r). Plaintiff claims that these exceptions violate the Equal Protection Clause by treating differently those who seek to open carry on movie sets and similar productions and those who seek to do so in public for other reasons. For the reasons set forth when this matter was previously adjudicated, including that there is no suspect classification implicated and rational basis is satisfied, this argument fails. *See* Dkt. 192 at p. 12–13.

### C. Failure to Prosecute

Under Rule 41(b), if a "plaintiff fails to prosecute . . . a defendant may move to dismiss the action," and a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Under the rule, a plaintiff must prosecute the case with "reasonable diligence" to avoid dismissal, and a failure to prosecute with reasonable diligence, even in the absence of actual prejudice to a defendant, is enough to justify dismissal. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). *See also Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651–52 (9th Cir. 1991).

Here, Plaintiff has refused to prosecute his claims. In May 2025, Plaintiff was ordered to retain counsel or prepare to litigate the case *pro se* by July 17, 2025. He failed to retain counsel and has not proceeded *pro se* while he simultaneously refuses to discuss next steps in the case with Defendants. Consistent with his failure to prosecute, Plaintiff has not filed any opposition to the present motion. While this is not grounds alone for dismissal under Rule 12(c),[2] it is strong

---

[2] "Of the eight circuit courts to consider this issue, six have held that courts may not grant Rule 12(b)(6) motions solely because they are unopposed." *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021) (citing *Giummo v. Olsen*, 701 F. App'x 922, 924–25 (11th Cir. 2017) (per curiam); *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003); *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Carver v. Bunch*, 946 F.2d 451, 453–55 (6th Cir. 1991); *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980)).

evidence—cumulative with his repeated failure to follow this Court's orders to retain counsel and his delays on appeal—in support of Rule 41(b) dismissal.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's claims are dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: December 1, 2025

RICHARD SEEBORG
Chief United States District Judge